IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIE COLE,<br>parent and next friend of D.C., a minor<br>1200 North Capitol, St. NW, #104<br>Washington, D.C.  20002<br><br>and<br><br>LINDA DAVIS,<br>parent and next friend of J.D., a minor<br>1350 Talbert Terrace, SE<br>Washington, D.C.  20020<br><br>and<br><br>ANGELA HICKSON,<br>parent and next friend of L.H., a minor<br>3320 6th Street, SE #301<br>Washington, D.C.  20032<br><br>and<br><br>PAMELA LAWSON,<br>parent and next friend of S.L., a minor<br>1217 Eaton Rd., SE<br>Washington, D.C.  20020<br><br>and<br><br>NATASHA LEE,<br>parent and next friend of T.L., a minor<br>931 Longfellow St. NW<br>Washington, D.C.  20011<br><br>and<br><br>EVELYN PORTER,<br>parent and next friend of B.P., a minor<br>4020 First Street, SE, #204<br>Washington, D.C. 20036<br><br>and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

JOANN ELVIS                                          )
parent and next friend of D.E., a minor             )
2417 18th Place, SE.,                                )
Washington, D.C.  20020                              )
                                                     )
and                                                  )
                                                     )
CHERYL MAFUZ,                                        )
parent and next friend of R.M., a minor             )
2633 Stanton Rd., #302                               )
Washington, D.C.  20020                              )
                                                     )
and                                                  )
                                                     )
EDNA MCMANUS,                                        )
parent and next friend of V.R., a minor             )
3010 22nd Street, SE,                                )
Washington, D.C.  20020                              )
                                                     )
and                                                  )
                                                     )
HESTER JOHNSON,                                      )
parent and next friend of A.J., a minor             )
1326 Queen St., NE,                                  )
Washington, D.C.  20002                              )
                                                     )
and                                                  )
                                                     )
JAYELYNN MARTIN,                                     )
parent and next friend of K.M., a minor             )
449 Warner Street, NW, #4                            )
Washington, D.C. 20001                               )
                                                     )
and                                                  )
                                                     )
JOANNE PETERSON,                                     )
parent and next friend of R.P., a minor             )
537 27th Street, NE, #A                              )
Washington, D.C. 20002                               )
                                                     )
and                                                  )
                                                     )
JEANETTE WILLIAMS,                                   )
parents and next friend of K.W., a minor            )

1140 Eastern Ave., NE         )
Washington, D.C.  20019     )
                               )
and                         )
                               )
**FELICIA CHAMPION,**      )
**parent and next friend of K.Y., a minor**  )
**1211 Eaton Rd., SE**         )
Washington, D.C. 20020     )
                               )
and                         )
                               )
**SHARNA WILLIAMS,**      )
**parent and next friend of D.W., a minor**  )
**1302 Saratoga Ave., NE**     )
Washington, D.C.  20018     )
                               )
and                         )
                               )
**TAMARA FLANAGAN,**     )
**parent and next friend of B.F., a minor**  )
**3672 Hayes Street, NE, #102**   )
Washington, D.C. 20019     )
                               )
serve:                        )
**ADRIAN FENTY, Mayor**    )
**District of Columbia**      )
1350 Pennsylvania Avenue, N. W., 5th Fl.  )
Washington, D.C. 20002     )
                               )
**LINDA SINGER**        )
**Attorney General**        )
1350 Pennsylvania Avenue, N. W.,  )
Ste. 409                   )
Washington, D.C. 20004     )
         and             )
                               )
**MICHELLE RHEE (officially)**   )
**Chancellor, D.C. Public Schools**  )
**825 North Capitol St., N. E., Suite 9026**  )
Washington, D.C. 20002     )
                               )
<u>**Defendants**</u>         )

## COMPLAINT FOR DECLARATORY
## JUDGMENT, INJUNCTIVE AND OTHER RELIEF

**COMES NOW**, the Plaintiff, by and through their attorney, Roxanne D. Neloms and Domiento

C.R. Hill of the Law Offices of James E. Brown & Associates, P.L.L.C, and respectfully unto

this Honorable Court as follows that:

## PRELIMINARY STATEMENT

1.    This is an action for full reimbursement of attorneys' fees and costs incurred by

Plaintiffs in their claims against the Defendants pursuant to the Individuals with

Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendants have failed

to carry out their legal duty to fully reimburse those fees and costs to Plaintiffs, the

prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood

will be unable to obtain the full reimbursement due them.

## JURISDICTION

2.    This Court has jurisdiction pursuant to:

a.    The Individuals with Disabilities Education Improvement Act, 20 U.S.C.

§§1400-1461 ("IDEIA"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the

*Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§

3000.1 - 3701.3 (2003);

b.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiffs are children eligible to receive special education from the District of

Columbia as defined by the IDEIA and Section 504, her parent or guardian, who, at

all times relevant to this action, were residents of the District of Columbia, and who

prevailed in administrative hearings held pursuant to the IDEIA.

5.    The parents bring this action on behalf of their minor children and in their own right.

6.    Defendant, District of Columbia Government is a municipal corporation that receives

federal funds pursuant to the Individuals with Disabilities Education Improvement Act

("IDEIA"), to ensure access to a free and appropriate education ("FAPE") and is

obligated to comply with the applicable federal regulations and statutes including but

not limited to the IDEIA.

7.    Defendant, Michelle Rhee, being sued in her official capacity as the Acting Chancellor

of the District of Columbia Public School System ("DCPS") which is the State

Educational Agency ("SEA"), charged with responsibility of ensuring that all disabled

children in the District of Columbia receive access to a free and appropriate public

education "FAPE" and to ensure them equal protection and due process of law.

## **FACTUAL BACKGROUND**

1.    That Plaintiff D.C. is a child with disabilities, as defined by the IDEIA, who has

been resident of the District of Columbia at all times relevant to this action. At an

administrative due process hearing held on July 5,2007, D.C. and his parent,

prevailed by Hearing Officer's Determination ("HOD") dated July 16, 2007. As

prevailing parties within the meaning of the IDEIA, D.A. and his parent are

entitled to attorneys' fees and costs for the administrative action. On July 31, 2007,

Plaintiffs submitted all the necessary documentation and requested reimbursement

of attorneys' fees and cost from the District of Columbia for the administrative

action. To date, Defendant District of Columbia has not reimbursed these

Plaintiffs. *See Exhibit A (attached hearing request, hearing officer's determination, and invoice).*

2.    Plaintiff J.D. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on June 14, 2007, J.D. and his parents, prevailed by Hearing Officer's Determination ("HOD") dated July 16, 2007. As prevailing parties within the meaning of the IDEIA, J.D. and his parents are entitled to attorneys' fees and costs for the administrative action. On July 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit B (attached hearing request, hearing officer's determination, and invoice).*

3.    Plaintiff L.H. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding L.H. was held on July 10, 2007, he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated July 12, 2007. As prevailing parties within the meaning of the IDEIA, L.H. and his parents are entitled to attorneys' fees and costs for the administrative action. On July 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed

these Plaintiffs. *See Exhibit C (attached hearing request, hearing officer's determination, and invoice).*

4.     Plaintiff S.L. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding S.L. was held on July 6, 2007, and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated July 12, 2007. As prevailing parties within the meaning of the IDEIA, S.L. and his parents are entitle to attorneys' fees and costs for the administrative action. On July 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.    To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit D (attached hearing request, hearing officer's determination, and invoice).*

5.     Plaintiff T.L. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding T.L. was held on June 29, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated July 9, 2007.  As prevailing parties within the meaning of the IDEIA, T.L. and his parents are entitled to attorneys' fees and costs for the administrative action.  On July 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed

these Plaintiffs. *See Exhibit E (attached hearing request, hearing officer's determination, and invoice).*

6.      Plaintiff B.P. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.  An administrative due process hearing regarding B.P. was held on July 31, 2006 and he and her parents, prevailed by Hearing Officer's Determination ("HOD") dated July 18, 2007. As prevailing parties within the meaning of the IDEIA, B.P. and he parents are entitled to attorneys' fees and costs for the administrative action.  On July 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.   To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit F (attached hearing request, hearing officer's determination, and invoice).*

7.      Plaintiff D.E. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.  An administrative due process hearing regarding D.E. was held on July 19, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated July 26, 2007.  As prevailing parties within the meaning of the IDEIA, D.E. and his parents are entitled to attorneys' fees and costs for the administrative action.  On July 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not

reimbursed these Plaintiffs. *See Exhibit G (attached hearing request, hearing officer's determination, and invoice).*

8.    Plaintiff R.M.. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding R.M. was held on July 26, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated July 31, 2007. As prevailing parties within the meaning of the IDEIA, R.M. and his parents are entitled to attorneys' fees and costs for the administrative action. On August 16, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit H (attached hearing request, hearing officer's determination, and invoice).*

9.    Plaintiff V.R. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding V.R. was held on July 24, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated August 3, 2007, V.R. and his parents are prevailing parties as define in the IDEIA. As prevailing parties within the meaning of the IDEIA, V.R. and his parents are entitled to attorneys' fees and costs for the administrative action. On August 16, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed

these Plaintiffs. *See Exhibit I (attached hearing request, hearing officer's determination, and invoice).*

10.    Plaintiff A.J. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding A.J. was held on August 29, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated August 31, 2007. As prevailing parties within the meaning of the IDEIA, A.J. and his parents are entitled to attorneys' fees and costs for the administrative action.    On September 17, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit J (attached hearing request, hearing officer's determination, and invoice).*

11.    Plaintiff K.M. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.    An administrative due process hearing regarding K.M. was held on August 16, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated August 30, 2007. As prevailing parties within the meaning of the IDEIA, K.M. and his parent are entitled to attorneys' fees and costs for the administrative action.    On September 17, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of

Columbia has not reimbursed these Plaintiffs. *See Exhibits K (attached hearing request, hearing officer's determination, and invoice)*.

12.     Plaintiff R.P. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.   Two administrative due process hearings regarding R.P. were held on July 25th and August 24th, of 2007. He and his parent, prevailed by Hearing Officer's Determination ("HOD") dated September 4, 2007. As prevailing parties within the meaning of the IDEIA, R.P. and his parent are entitled to attorneys' fees and costs for the administrative action.  On September 17, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibits L (attached hearing request, hearing officer's determination, and invoice)*.

13.     Plaintiff K.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.   An administrative due process hearing regarding K.W. was held on September 6, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated September 13, 2007. As prevailing parties within the meaning of the IDEIA, K.W. and his parent are entitled to attorneys' fees and costs for the administrative action.   On September 17, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant

District of Columbia has not reimbursed these Plaintiffs. *See Exhibits M (attached hearing request, hearing officer's determination, and invoice)*.

14. Plaintiff K.Y. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding K.Y. was held on August 23, 2007 and she and her parent, prevailed by Hearing Officer's Determination ("HOD") dated August 31, 2007. As prevailing parties within the meaning of the IDEIA, K.Y. and her parent are entitled to attorneys' fees and costs for the administrative action. On September 17, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibits N (attached hearing request, hearing officer's determination, and invoice)*.

15. Plaintiff D.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding D.W. was held on August 30, 2007 and she and her parent, prevailed by Hearing Officer's Determination ("HOD") dated September 9, 2007. As prevailing parties within the meaning of the IDEIA, D.W. and her parent are entitled to attorneys' fees and costs for the administrative action. On September 17, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of

Columbia has not reimbursed these Plaintiffs. *See Exhibits O (attached hearing request, hearing officer's determination, and invoice)*.

16.    Plaintiff B.F. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.    An administrative due process hearing regarding B.F. was held on August 30, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated September 11, 2007. As prevailing parties within the meaning of the IDEIA, B.F.. and his parent are entitled to attorneys' fees and costs for the administrative action.    On September 17, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibits P (attached hearing request, hearing officer's determination, and invoice)*.


**FACTUAL ALLEGATIONS**

17.    Plaintiffs are all "prevailing parties" as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon Board and Care Home, Inc., v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), and are entitled to recover reasonable attorneys' fees and costs.

18.    That in each matter Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

19.    That according to Defendants' "Guidelines for the Payment of Attorney Fees in IDEIA Matters," invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 90 days of submission.

20.    That Defendants denied several invoices, offering several different explanations for refusing to reimburse the Plaintiffs for reasonable attorney fees. *See Exhibit Q.*

21.    That the remaining invoices were never acknowledged by the Defendant and more than 90 days have passed, and as a result, the Plaintiffs consider them denied.

22.    That in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs, the Defendants have knowingly, intentionally, and in contravention of settled law, substituted their own subjective standards for standards articulated by the IDEIA and this Court.

23.    That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegal/legal assistants.

24.    That a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and the defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Selected Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon*, 532 U.S. at 603-04).

25.    That the Plaintiffs herein are "prevailing parties" as this term is defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005).

26.    That *Moore v. District of Columbia* stands for the proposition that the courts may award parents' attorneys' fees when they prevail against the schools system in

administrative proceedings.  See *Moore v. District of Columbia*, 907 F. 2d 165 (D.C. Cir. 1990).

27.   That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

28.   That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

29.   That the current billing rates for the attorneys, as evidenced by the invoices attached as ***EXHIBITS 1 & A-Q*** hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

30.   That the Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

31.   That in the case *sub judice*, the refusal of the Defendants to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

32.   That IDEIA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs herein.

33.   That Defendants have summarily refused to pay Plaintiffs' applications for all costs and fees associated with their cases.

## COUNT I

34.   That Plaintiffs repeat and re-allege paragraphs 1 through 33, above.

35.  That Defendant's violated Plaintiffs right to reasonable fees under the IDEIA when it failed to reimburse Plaintiffs for reasonable attorneys' fees and cost for all of the submitted bills.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.  Issue a declaratory judgment that Defendants have violated Plaintiffs' rights under the IDEIA and DCMR.

2.  Order that Plaintiffs are entitled to reimbursement for their reasonable attorney fees.

3.  Award Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $153,485.59 .

4.  Award to Plaintiffs reasonable attorneys' fees and costs incurred in litigating this action.

5.  Grant other such relief that the Court deems just and proper.

Respectfully Submitted,

_____

Domiento C.R. Hill [MD14973]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
*Attorneys for Plaintiffs*

C07-1826
RWR

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

MARIE COLE, et., al

110 cl

## DEFENDANTS

DISTRICT OF COLUMBIA, et., al

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Domiento C.R. Hill, Esq.
Roxanne D. Neloms, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005
202-742-2000

Case: 1:07-cv-01826
Assigned To : Roberts, Richard W.
Assign. Date : 10/10/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust

- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ◉ C. Administrative Agency Review

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

③

○ **G. Habeas Corpus/ 2255**

☐ 530 Habeas Corpus-General
☐ 510 Motion/Vacate Sentence

○ **H. Employment Discrimination**

☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)

*(If pro se, select this deck)*

○ **I. FOIA/PRIVACY ACT**

☐ 895 Freedom of Information Act
☐ 890 Other Statutory Actions (if Privacy Act)

*(If pro se, select this deck)*

○ **J. Student Loan**

☐ 152 Recovery of Defaulted Student Loans (excluding veterans)

○ **K. Labor/ERISA (non-employment)**

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Labor Railway Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

○ **L. Other Civil Rights (non-employment)**

☐ 441 Voting (if not Voting Rights Act)
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights
☐ 445 American w/Disabilities-Employment
☐ 446 Americans w/Disabilities-Other

○ **M. Contract**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholder's Suits
☐ 190 Other Contracts
☐ 195 Contract Product Liability
☐ 196 Franchise

○ **N. Three-Judge Court**

☐ 441 Civil Rights-Voting (if Voting Rights Act)

**V. ORIGIN**

◉ 1 Original Proceeding
○ 2 Removed from State Court
○ 3 Remanded from Appellate Court
○ 4 Reinstated or Reopened
○ 5 Transferred from another district (specify)
○ 6 Multi district Litigation
○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

20 USC 1400-1491 as amended Federal Question review of agency decision involving rights to Free Appropriate Public Education

**VII. REQUESTED IN COMPLAINT**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ [_____]

JURY DEMAND: Check YES only if demanded in complaint

YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE 10/8/07

SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# Exhibit A



**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                          James Brown & Assoc., PLLC
    Attorney:                          James Brown
    Federal Tax ID No:                 52-1500760
    D.C. Bar No:                       61622

2.  **Student Information**
    Name:                              Cole, Deon
    DOB:                               9/12/95
    Date Hearing Request Filed:        5/4/07
    Date(s) of Hearing:                7/5/07
    Date of Determination (HOD/SA):    7/16/07
    Parent/Guardian Name:              Marie Cole
    Parent/Guardian Address:           1200 N. Capitol St., NW, #104
                                       Washington, DC 20002

3.  **Invoice Information**
    Invoice Number:                    07-218
    Date Request Submitted:            7/30/07
    Date(s) of Services Rendered:      4/18/07 to 7/5/07
    Attorney Hourly Rate:              $    365.00
    Total Attorney Fees:               $  5,436.75
    Total Attorney Costs:              $    307.93
    Total Experts:                     $  1,263.55
    Total Invoice:                     $  7,008.23

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;

    I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____   7/30/07
    Signature                          Date

    Revised Nov. 2004

# District of Columbia Public Schools

### State Enforcement and Investigation Division
### For Special Education Programs
Van Ness Elementary School
1150 5th St., S.E., Washington, D.C. 20003
Phone: (202) 698-3819
Facsimile: (202) 442-5556

## CONFIDENTIAL

| | | |
|---|---|---|
| **In Re the Matter of** | ) | |
| | ) | |
| **Deon Cole, ("Student")** | ) | |
| **Date of Birth: September 12, 1995** | ) | **DATE OF HEARING:** |
| | ) | **July 5, 2007** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| | ) | **MOTION FOR DEFAULT** |
| **v.** | ) | **JUDGEMENT** |
| | ) | |
| **The District of Columbia Public Schools** | ) | |
| **825 North Capitol Street, N.W.** | ) | |
| **Washington, D.C. 20002** | ) | |
| **(DCPS" or "District")** | ) | |
| | ) | **Attending School:** |
| **Respondent** | ) | **McFarland Middle School** |
| | ) | |

## FINAL DECISION

**Hearing Officer:**                          **Attorney Ramona Justice-Pegues**

**Counsel for Parent/Student:**        **Attorney Domiento Hill**
                                                        **1220 L Street, N.W., Suite 700**
                                                        **Washington, D.C. 20005**

**Counsel for DCPS:**                        **Attorney Tiffany Puckett**
                                                        **DCPS**
                                                        **Office of the Superintendent**
                                                        **Office of the General Counsel**
                                                        **825 North Capitol St., N.E.**
                                                        **9th Floor**
                                                        **Washington, D.C. 20002**

1

## INDEX

### <u>Deon Cole</u> v. <u>DCPS</u>

Hearing Officer:  Attorney Ramona Justice-Pegues
Hearing Date:  July 5, 2007

#### <u>Appearing on behalf of the Petitioner:</u>

1.  Attorney Domiento Hill
2.  Kevin Carter, Education Advocate

#### <u>Appearing on behalf of the Respondent:</u>

1.  Attorney Advisor, Tiffany Puckett

## I. INTRODUCTION

On May 4, 2007, Counsel, on behalf of the parent, Narie Cole, filed a due process complaint on behalf of the student, Deon Cole, alleging that D.C. Public Schools, denied the student a Free and Appropriate Public Education (FAPE), by failing to place the student in an appropriate special education program, in accordance with 34 C.F.R., Section 300.116 of the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA).

A due process hearing was held in this matter, on July 5, 2007, at 1:00 p.m., at Van Ness Elementary School, located at 1150 5th Street, S.E., Washington, D.C. 20003, pursuant to The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA). On June 27, 2007, Petitioner filed a Motion for Default Judgment, alleging DCPS failed to respond to the complaint.

## II. JURISDICTION

The due process hearing was held, and a decision rendered in the above-captioned matter, pursuant to the Individuals with Disabilities Education Act (IDEA), Public Law 101-476), reauthorized as the *Individuals with Disabilities Education Improvement Act of 2004 (IDEIA), Public Law 108-446*; and their current regulations, specifically at *Title 34 of the Code of Federal Regulations, Part 300*; the *Rules of the Board of Education of the District of Columbia*; the *D.C. Appropriations Act*, Section 145, effective October 21, 1998; and the *District of Columbia Municipal Regulations*, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

## III. DUE PROCESS RIGHTS

Counsel for Petitioner waived a formal reading of her due process rights.

## IV. ISSUES

The issue raised in the complaint is as follows:

Whether DCPS denied the student a Free and Appropriate Public Education (FAPE), by failing to place the student in an appropriate special education program, in violation of 34 C.F.R. Section 300.116, of the Individuals with Disabilities Education Improvement Act of 2004 (IDEA)?

## V.  PRELIMINARY ISSUES

On June 27, 2007, Petitioner's Counsel, filed a Motion for Default Judgment, alleging that the District of Columbia Public Schools (hereinafter referred to as "DCPS"), failed to issue a prior written notice or file a response to the complaint filed on May 4, 2007, in violation of 34 C.F.R. Section 300.508(e).  This Motion was reentered on the record.

As a preliminary matter, the Hearing Examiner heard arguments from both parties, on the Motion for Default Judgment.

DCPS argued that the Motion for Default Judgment should be denied, on the grounds that responses to complaints should not be treated as an Answer to a complaint; IDEIA provides no remedy for a failure to respond to a complaint; the Hearing Officer has authority to make decisions regarding alleged denial of FAPE, and failure to respond to a complaint is not a denial of FAPE.  DCPS also argued that the hearing should proceed on the merits because the student is not in immediate need of placement, because Extended School Year (ESY) services were not included in the student's recent IEP, and is at his residence, for the summer.

Petitioner responded that the student is in summer school, because of poor academics, during the school year; and the purpose of the burden of proof shifting to the school, is to level the playing field, by requiring DCPS to respond to the complaint.

The Hearing Officer granted Petitioner's the Motion for Default Judgment, ordering interim relief; and denying DCPS's request to proceed with the hearing, on the merits of the complaint.

## VI. DISCLOSURES

**On behalf of Petitioner:**

DC-1-DC-14

**On behalf of DCPS:**

None.

## VII.    FINDINGS OF FACT

1.  Petitioner, a resident of the District of Columbia, is a 12 year old student, attending MacFarland Middle School. The school offers special education instruction and related services, for students in the District of Columbia.

2.  On May 4, 2007, the Complainant, by and through her attorney, filed an administrative due process complaint notice, alleging that DCPS denied the student a Free and Appropriate Public Education by failing to place the student in an appropriate special education program, in accordance with 34 C.F.R., Section 300.116 of the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA).

3.  As of the date of this hearing, DCPS failed to convene an MDT meeting, or issue parent, a Prior Written Notice, or a response to the complained filed on May 4, 2007, as required by 34 C.F.R. Section 300.508(e) and (f), and the Individuals with Disabilities Education Improvement Act of 2004.

## VIII.   DISCUSSION AND CONCLUSIONS OF LAW

**Motion for Default Judgment**

**34 C.F.R. Section 300.508 (e) provides, in pertinent part:**

(1)  If the Local Education Agency (LEA) has not sent a prior written notice under Section 300.503 to the parent regarding the subject matter contained in the parent's due process complaint, the LEA *must*, within ten (10) days of receiving the due process complaint, send to the parent a response that includes---

(i)     An explanation of why the agency proposed or refused to take the action raised in the due process complaint;

(ii)    A description of other options that the IEP Team considered and the reasons why those options were rejected;

(iii)   A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and

(iv)    A description of the other factors that are relevant to the agency's proposed or refused action.

Furthermore, **34 C.F.R. Section 300.508(f)** provides:

"Except as provided in paragraph (e) of this section, the party receiving a due process complaint must, within 10 days of receiving the due process complaint, send to the other party a response that specifically addresses the issues raised in the due process complaint."

According to **Rule 55(a) of the Federal Rules of Civil Procedure**, a motion for default judgment is appropriate:

(a) "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk or the court *shall* enter the party's default."

The Notice of Complaint was filed in this matter, on May 4, 2007. According to 34 C.F.R. Section 300.508(e), DCPS was required to file a *prior written notice or written response* to the complaint, by May 14, 2007. As of the date of this hearing, DCPS failed to issue a prior written notice or a response, specifically addressing the issues raised in the complaint, within 10 days of receiving the due process complaint, in violation of 34 C.F.R. Section 300.508(e), and as required by the Individuals with Disabilities Education Improvement Act of 2004.

***Massey, et al., v. District of Columbia*** also provides that DCPS' failure to respond in a manner explicitly required by the statute failed to satisfy the statutory requirement of a written response.

Relief on behalf of Petitioner is also warranted, pursuant to 20 U.S.C. 1400(d)(1)(B), which requires that the Hearing Officer "ensure that the rights of children with disabilities and parents of such children are protected ".

Based on the aforementioned, an entry of default is appropriate in this matter, and Petitioner's Motion for Default Judgment is **GRANTED**, due to DCPS's failure to issue a prior written notice *or* file a response to the complaint, in accordance with 34 C.F.R. Section 300.508(e) and (f), and the Individuals with Disabilities Education Improvement Act of 2004.

## IX.  ORDER

Based upon the foregoing, the following interim relief is **ORDERD**:

1.  Within fifteen (15) business days of the hearing, DCPS shall convene and hold an MDT/Placement meeting, consisting of qualified professionals, to discuss and determine whether McFarland Middle School is an appropriate placement. If it is determined that McFarland Middle School is not an appropriate placement, and a change in placement is necessary, identify an appropriate placement, no later than August 15, 2007, and issue a Prior Notice of Placement to the parent, no later than August 17, 2007.

2.  All meetings shall be scheduled through counsel for the parent; and DCPS shall be provided day for day, for any delay or unavailability caused by the parent, advocate, or student.

3. The Hearing Officer retains jurisdiction in this matter, requesting that the parties submit status memorandums, to her attention, no later than August 17, 2007. The status memorandums shall include at a minimum, the results of the MDT/Placement meeting, the determination regarding the student's placement, the basis for said finding, documentation supporting the finding, dates for placement, and any modification to the student's IEP.

## X. APPEAL PROCESS

This is the **FINAL AMINISTRATIVE DECISION**. Appeals may be made to a court of competent jurisdiction within ninety (90) days from the date this decision was issued.

_Ramona Justice Pegues_                  Date Filed: _7-16-07_
Attorney Ramona Justice-Pegues
Hearing Officer

Date Issued: _7/16/07_

7

# District of Columbia Public Schools

## State Enforcement and Investigation Division
### For Special Education Programs
Van Ness Elementary School
1150 5th St., S.E., Washington, D.C. 20003
Phone: (202) 698-3819
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In Re the Matter of | ) | |
| | ) | |
| Deon Clay ("Student"), | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| | ) | **HEARING** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The District of Columbia Public Schools | ) | |
| | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S/C. Section 1400 et seq.

Case Information:                 Hearing Request Date:  May 4, 2007
                                  Hearing Dates: July 5, 2007
                                  Place of Hearing:  Van Ness Elementary School
                                                     1150 5th Street, S.E., Washington, D.C.
                                  Student's Birth Date:  September 12, 1995
                                  Attending School: MacFarland Middle School

### CERTIFICATION OF CASE RECORD SUBMITTAL

I, Attorney Ramona Justice-Pegues, Impartial Due Process Hearing Officer in the above-captioned matter, do hereby certify that on July 16, 2007, I returned the entire record to the Student Hearing Office, consisting of the following:

    a.   Documents and tangible things submitted to the Hearing Officer
        During the hearing, whether or not formally admitted into evidence,
        Along with an index of exhibits admitted;

    b.   Correspondence and pleadings filed with the Student Hearing Office
        (exhibits, letters, pleadings, files or orders); and

    c.   Interim Orders and the Hearing Officer's Determination.

I further certify that the materials included in the Student Hearing Office (SHO) file for this student represent the original documents, submitted by the parties in this matter, and provided to the Hearing Officer by the SHO in preparation for the hearing.

Executed this _16th_ day of ___July___, 2007.

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: July 16, 2007

To:  D. Hill

Re:  Cole, Deon

Total Number of Pages Including Cover: 9

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @  $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Deon Cole
DOB: 9/12/95

July 26, 2007

In Reference To:   Deon Cole
                   DOB: 9/12/95

Invoice #12671

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/18/2007 DH | Consultation with parent and legal assistant, research and case preparation. | | 1.50<br>365.00/hr | 547.50 |
| 4/19/2007 BC | Drafted letter to parent, prepared file jacket, disseminated information to various members of the legal team. | | 0.58<br>130.00/hr | 75.40 |
| 4/23/2007 KD | Drafted letter requesting records to MacFarland Middle School/faxed copy of Rqst to the OSE and Office of Mediation and Compliance with copy of General Authorization Form/filed confirmations in case file and added to case notes | | 0.33<br>115.00/hr | 37.95 |
| KD | Requested reevaluations to MacFarland Middle School/faxed copy of Rqst to the OSE and Office of Mediation and Compliance with copy of Consent Form/filed confirmations in case file and added to case notes | | 0.33<br>115.00/hr | 37.95 |
| KD | Drafted letter to parent/enclosed copy of Records Rqst and Re-eval Rqst to MacFarland MS/copy to file/added to case notes | | 0.33<br>115.00/hr | 37.95 |
| 5/3/2007 DD | Reviewed the students file | | 1.00<br>185.00/hr | 185.00 |
| DD | Attended MDT/IEP and conduct observation at the student's current school. | | 3.83<br>185.00/hr | 708.55 |
| 5/4/2007 DH | Discussion with the parent and the educational advocate regarding the advocate's recent observation of the student and DCPS informing the educational advocate that the student's current placement was not appropriate, conduct educational research, draft and file administrative due process complaint notice alleging DCPS denied the student a FAPE by failing to provide the student an appropriate placement. | | 2.50<br>365.00/hr | 912.50 |

Deon Cole                                                                                          Page    2

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/4/2007 JEB | Examined and certified hearing request filed by attorney | | 0.58<br>405.00/hr | 234.90 |
| 5/7/2007 KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | | 0.33<br>115.00/hr | 37.95 |
| 5/24/2007 KD | Drafted letter to parent/enclosed copy of Atty's 5-16-07 Ltr to MacFarland MS with mtng dates/copy to advc and file/added to case notes | | 0.33<br>115.00/hr | 37.95 |
| 6/19/2007 KD | Drafted letter to parent/enclosed copy of Hearing Notice with DCPS' Notice re new location/copy to advc and file/added to case notes | | 0.25<br>115.00/hr | 28.75 |
| 6/27/2007 KD | Prepared and sent placement package to Rock Creek Academy (includes reviewing case file, pulling current IEP and evaluations, and Consent Form; and making copies of same) re-filed original docs in case file and added to case notes | | 0.58<br>115.00/hr | 66.70 |
| KD | Prepared and sent placement package to SunRise Academy (includes reviewing case file, pulling current IEP and evaluations, and Consent Form; and making copies of same) re-filed original docs in case file and added to case notes | | 0.42<br>115.00/hr | 48.30 |
| KD | Drafted letter to parent/enclosed copy of Plcmnt Ref Ltrs to RCA, Accotink, and SunRise/copy to advc and file/added to case notes | | 0.33<br>115.00/hr | 37.95 |
| KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | | 1.00<br>115.00/hr | 115.00 |
| DH | Draft and send letter to DCPS regarding the status of the student's reevaluations. | | 0.25<br>365.00/hr | 91.25 |
| DH | Draft and file motion for default judgment. | | 0.25<br>365.00/hr | 91.25 |
| DH | Review the student's educational file, prepare and give five-day disclosures to the paralegal to complete for the student's upcoming administrative due process hearing. | | 0.75<br>365.00/hr | 273.75 |
| KD | Prepared and sent placement package to Accotink Academy (includes reviewing case file, pulling current IEP and evaluations, and Consent Form; and making copies of same) re-filed original docs in case file and added to case notes | | 0.42<br>115.00/hr | 48.30 |
| 7/4/2007 DH | Prepare for the student's administrative due process hearing by reviewing the student's educational file, reviewing the parent's and DCPS' five-day disclosures, conducting educational research regarding the issues in the parent's complaint such as DCPS' failure to comply with the MDT Team's request that the student be reevaluated and DCPS' failure to comply with the parent's request for an educational evaluation, prepare questions for direct examination of the parent and educational advocate, prepare | | 3.00<br>365.00/hr | 1,095.00 |

Deon Cole                                                                                          Page    3

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | questions for possible cross examination of DCPS witnesses, prepare opening and closing statements, and discussion with the parent and educational advocate regarding their upcoming testimony for the due process hearing. | | |
| 7/5/2007 | KC | Appearance at Van Ness ES for due process hearing | 1.00<br>185.00/hr | 185.00 |
| | DH | Receive Letter of Invitation from DCPS, discussion with the parent regarding possible dates and times to reconvene, draft and send letter to DCPS responding to Letter of Invitation. | 0.33<br>365.00/hr | 120.45 |
| | DH | Conduct last minute preparation for the student's administrative due process hearing by reviewing the student's educational file, conduct final review of the parent's and DCPS' five-day disclosures, conducting last minute educational research regarding the issues in the parent's complaint such as DCPS' failure to comply with the MDT Team's request that the student be reevaluated and DCPS' failure to comply with the parent's request for an educational evaluation, review questions for direct examination of the parent and educational advocate, review questions for possible cross examination of DCPS witnesses, review opening and closing statements, and discussion with the parent and educational advocate regarding their upcoming testimony for the due process hearing and appearance at the student's administrative due process hearing. | 4.00<br>365.00/hr | 1,460.00 |
| | KC | Reviewed the students file for hearing | 1.00<br>185.00/hr | 185.00 |
| | | For professional services rendered | 25.22 | $6,700.30 |
| | | Additional Charges : | | |
| 4/18/2007 | | copied; intake documents | | 3.00 |
| 4/19/2007 | | Copied documents for advocate and file | | 0.50 |
| | | Copied documents | | 0.50 |
| | | Postage; letter to parent | | 0.39 |
| 4/23/2007 | | Postage; Records and re-evaluations request to MacFarland MS. | | 0.63 |
| | | Facsimile; Records and reevaluations request to MacFarland MS. | | 6.00 |
| | | Facsimile; Records and reevaluations request to OSE and OMC. | | 18.00 |
| | | copied letter to parent re: records and reevals. request | | 2.75 |
| 5/4/2007 | | copied HR | | 7.00 |

Deon Cole                                                                          Page    4

|  |  | Amount |
|---|---|---|
| 5/4/2007 | Facsimile; HR to SHO. | 8.00 |
| 5/7/2007 | copied letter to parent re: HR | 2.25 |
|  | Postage; Letter to parent. | 0.63 |
| 5/24/2007 | copied atty's 5/16/07 letter and letter to parent | 1.25 |
|  | Postage; Letter to parent re: attorney's letter. | 0.41 |
| 6/19/2007 | Postage; Letter to parent. | 0.41 |
|  | Copied; Letter for parent re: HN | 0.50 |
| 6/27/2007 | copied evaluation reports for placement referrals | 4.50 |
|  | copied letter to parent re: placement referrals | 1.75 |
|  | copied disclosures | 35.00 |
|  | Postage; Letter to parent re: placement. | 0.58 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Faxed placement referral package to Accotink/SunRise/RCA | 72.00 |
| 7/5/2007 | Transportation service to and from  Van Ness ES for hearing | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Rec'd faxed HOD from SHO | 9.00 |
|  | Total additional charges | $307.93 |
|  | Total amount of this bill | $7,008.23 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.58 | 130.00 | $75.40 |
| Domiento Hill, Attorney | 12.58 | 365.00 | $4,591.70 |
| Donte Davis, Advocate | 4.83 | 185.00 | $893.55 |
| James E. Brown, Attorney | 0.58 | 405.00 | $234.90 |
| Kelly Dau, Paralegal | 4.65 | 115.00 | $534.75 |
| Kevin Carter, Advocate | 2.00 | 185.00 | $370.00 |



EXHIBIT
DC-2

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: _Deon Cole_ Date of Birth: September 12, 1995

Address: 1200 North Capitol Street, NW #C104, Washington, DC 20002

Present School of Attendance: McFarland Middle School

Parent/Guardian of the Student: ____Ms. Marie Cole___

**B.**    **Legal Representative/Attorney (if applicable):**

Name: __Domiento C.R. Hill, Esq.____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes         ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X** DCPS

☐ Charter     school     (name     of     the     charter     school     if     different     from     page one)_____

☐ Non-public     school     or     residential     treatment     facility     (name)
_____

☐ Parent

**D.**    **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.**    **Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.**    **Facts and Reasons for the Complaint:**

**I.    Nature of the Problem.**

1.    The student's name is Deon Cole (hereinafter "D.C." or "student").

2.    The student's date of birth is September 12, 1995.

3.    The student's address is 1200 North Capitol Street, NW #C104, Washington, DC 20002.

4.    Marie Cole is the parent of D.C. (hereinafter "Parent" or "Complainant").

5.    The parent and the student reside at the same address.

6.    The student currently attends McFarland Middle School.

2

7. The student's home school is Walker Jones Educational Center.

8. The student is eligible to receive special education and its related services as a result of his emotional disturbed.

9. The student's most recent IEP was developed on March 20, 2007. See IEP dated March 20, 2007.

10. According to the March 20, 2007 IEP, the student was to be in a 100% full-time special education setting and required 100% out of general education setting. Id.

11. The student, according to his most recent Report Card issued on or about March 23rd, 2007, received all F's in his academic subjects.

12. On or about May 3rd, 2007, the parent's educational advocate went to McFarland Middle School to conduct an observation on the student.

13. Upon entering the school to conduct an observation the student was located in a stairwell assaulting another classmate.

14. The parent's educational advocate met with several staff members at McFarland Middle School including the student's teacher, the school's special education coordinator, and administrative staff. During the informal conference the school agreed that the student's placement at McFarland Middle School was inappropriate for the student. Specifically, the educational advocate was informed by the staff at the school that the student is disruptive to the classroom environment, often runs out of class and hangs out in the hallways, the student is aggressive towards other students and staff, and the student is in need of a new placement.

## II. Issue(s) Presented.

### A. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with 34 C.F.R. § 300.116 the Individuals with Disabilities Education Improvement Act (2004) and Place the Student in an Appropriate Special Education Program.

15. The parent re-alleges paragraphs 1-14.

16. According to 34 C.F.R. § 300.116 of the Individuals with Disabilities Education Improvement Act of 2004, DCPS, as the local and state education agency, is to make certain that the educational placement, for each child with a disability within its jurisdiction, is able to implement the student's Individualized Educational Program. See also D.C. MUN. REGS. tit. 5, § 30013 (2003). In the instant matter, it is clear DCPS failed to do this.

3

17. Here, the student is eligible to receive special education and its related services as a student with emotional disturbance. The student, according to his most recent IEP requires placement in a full-time, special educational program.

18. Further, the student, according to his IEP, is to be out of special education, 100% percent of the time and to receive no interaction with his non-disabled peers.

19. On May 4th, 2007, the parent's educational advocate went to the school to conduct an observation on the student. During the advocate's observation of the student, an informal conference was held with staff at the school regarding, among other things, the appropriateness of the student's placement.

20. Specifically, the student is not progressing academically or behaviorally while at the school. Further there was no disagreement among the persons at the meeting that the student's placement at McFarland Junior High School was not appropriate.

## II. Issues presented.

1. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Place the Student in an appropriate special education program.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS Failed to Comply with the Individuals with Disabilities Education Improvement Act (2004) and place the student in an appropriate special education program;

2. DCPS, on an interim basis, agrees to place the student at one of the following programs, the Foundations School of Maryland, the Sunrise Academy, the Accotink Academy or other appropriate program on behalf of the student;

3. DCPS, within thirty (30) calendar days after the student's enrollment at his new placement, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, and discuss and determine placement;

4. DCPS agrees to provide the student with compensatory education, in the form of one-on-one tutoring, 1 (1) year of compensatory education, for four (4) hours a week, which shall be incorporated into the student's IEP;

5. Provide the student with a due process hearing within 20 calendar days of a

request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

6. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

7. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities</u>, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

8. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

9. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq. via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

10. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

11. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C),

respond to the parent's request alleging any insufficiency of notice;

12. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

16. A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

**5. Signature:**

_____        5/4/07
Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**

**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
                       ********************
                       ***  TX REPORT  ***
                       ********************


     TRANSMISSION OK

     TX/RX NO            0018
     RECIPIENT ADDRESS   92024425556
     DESTINATION ID
     ST. TIME            05/04 14:58
     TIME USE            01'05
     PAGES SENT          8
     RESULT              OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill | 1220 L Street, NW | John A. Straus |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Covington |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | Jani Tillery |
| | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# *FAX COVER SHEET*

**To:**     Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  May 4, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** D. Cole

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 8

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# Exhibit B



Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000       Fax: 202-442-5098
www.k12.dc.us

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:                                James Brown & Assoc., PLLC
   Attorney:                                James Brown
   Federal Tax ID No:                       52-1500760
   D.C Bar No:                              61622

2. **Student Information**
   Name:                                    Davis, Jaquay
   DOB:                                     7/29/94
   Date Hearing Request Filed:              4/13/07
   Date(s) of Hearing:                      6/14/07
   Date of Determination (HOD/SA)           7/16/07
   Parent/Guardian Name:                    Linda Davis
   Parent/Guardian Address:                 1350 Talbert Terrace SE
                                            Washington, DC 20020

3. **Invoice Information**
   Invoice Number:                          07-220
   Date Request Submitted:                  7/30/07
   Date(s) of Services Rendered:            8/21/06 to 7/10/07
   Attorney Hourly Rate:                    $      365.00
   Total Attorney Fees:                     $    5,467.70
   Total Attorney Costs:                    $      398.46
   Total Experts:                           $      555.00
   Total Invoice:                           $    6,421.16

4. Certification (must be signed by principal attorney)

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _signature_                    7/30/07
   Signature                      Date

   *Revised Nov. 2004*

# District of Columbia Public Schools

## Office of Management Services

**Tonya M. Butler-Truesdale, Due Process Hearing Officer**
1150 5th Street, SE
Washington, D.C. 20003
(202) 518-6867
Facsimile: (202) 698-3825

## Confidential

| | | |
|---|---|---|
| JAQUAY DAVIS, STUDENT | ) | |
| | ) | |
| Date of Birth: July 29, 1994 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: June 14, 2007 |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

2007 JUL 16 PM 2:01

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Linda Davis |
| | 1350 Talbert Terrace, SE |
| | Washington, D.C. 20020 |
| | |
| **Counsel for Petitioner:** | Domiento C. R. Hill, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W. |
| | Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000; Fax: (202) 742-2098 |
| | |
| **Counsel for DCPS:** | Karen Herbert Jones, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

*In the Matter of J.D.*

## I.    JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to Public Law 108-446, the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.),* 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURE

Petitioner: No witnesses were called to testify. Petitioner presented disclosures labeled JD1-JD13 were admitted by without objection.

Respondent: No witnesses were called to testify. Respondent presented a disclosure labeled as DCPS01.

## IV.    STATEMENT OF THE CASE

The Student Hearing Office of DCPS scheduled a Due Process Hearing for June 7, 2007 at 11:00am at 1150 5th Street, SE, Washington, DC 20003. The hearing convened as scheduled. Petitioner alleges that DCPS failed to comply with a September 7, 2006 Hearing Officer's Determination. Attorney Advisor Karen Herbert appeared in person for DCPS. Attorney Domiento Hill appeared in person on behalf of Petitioner.

## V.    FINDINGS OF FACT

1.    At the hearing counsel for DCPS responded that the Petitioner was not re-evaluated pursuant to the July 14, 2006 Hearing Officer's Determination because the school did not know where the Petitioner was.

No evidence was provided regarding any attempts to locate the Petitioner or to demonstrate why the school was unable to locate the Petitioner.

## VI.    CONCLUSIONS OF LAW

The failure to convene the MDT/IEP meeting within fifteen days of the receipt of the last evaluation was a denial of FAPE.

*In the Matter of J.D.*

## VII. ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 16th day of July 2007, it is hereby

**ORDERED,** that DCPS convene a MDT meeting to discuss the appropriate compensatory education for services missed as a result of the failure to comply with the September 7, 2006 Order requiring DCPS to convene a MDT meeting within fifteen business days of the last evaluation.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within thirty (30) days of this Order's issue date.**

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Date: July 16, 2007

Issued: 07/16/2007

Copies to:

Domiento C. R. Hill, Esquire

James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Karen Herbert, Esquire

3

*In the Matter of J.D.*

Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: July 16, 2007


To:  D. Hill


Re:  Davis, Jaquay


Total Number of Pages Including Cover: 5


**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Davis, Jaquay

July 24, 2007

In Reference To:  Davis, Jaquay
Invoice #12659

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/21/2006 | CMM | Prepared and sent evaluation referral to Interdynamics, Inc. | 1.00 115.00/hr | 115.00 |
| | CMM | Phone call to parent to discuss evaluations status | 0.25 115.00/hr | 28.75 |
| | CMM | Drafted letter to parent with evaluation referral information | 0.58 115.00/hr | 66.70 |
| 9/21/2006 | DH | Receive and review the student's psycho-educational evaluation from Interdynamics. | 0.58 365.00/hr | 211.70 |
| 9/26/2006 | KD | Drafted letter to parent/enclosed copy of Psycho-Ed eval report/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 10/6/2006 | DH | Receive and review the student's clinical psychological evaluation, draft and send letter to DCPS providing a copy of all evaluations and request to reconvene the student's MDT/IEP Meeting. | 0.75 365.00/hr | 273.75 |
| 10/11/2006 | KD | Drafted letter to parent/enclosed copy of Atty's 10-5-06 Ltr to DCPS with Clinical Psych and Psycho-Ed evals/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 12/4/2006 | KD | Phone call to Interdynamics, Inc. to inquire status of requested evaluations Psych) /call to Atty Hill re call results | 0.08 115.00/hr | 9.20 |
| 12/8/2006 | DH | Draft and send letter to DCPS responding to student enrollment inquiry from DCPS. | 0.25 365.00/hr | 91.25 |

Davis, Jaquay                                                                                        Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/8/2006 DH | Receive and review the student's psychiatric evaluation, send to DCPS. |  | 0.58 365.00/hr | 211.70 |
| 1/23/2007 DH | Draft and send letter to DCPS responding to accusations that the student's MDT/IEP Meeting had yet to be reconvened. |  | 0.33 365.00/hr | 120.45 |
| 1/24/2007 KD | Drafted letter to parent/enclosed copy of Atty's 1-23-07 Ltr to DCPS re HR to be filed/copy to advc and file/added to case notes |  | 0.33 115.00/hr | 37.95 |
| 3/2/2007 DH | Discussion with the mother regarding the student's case. |  | 0.17 365.00/hr | 62.05 |
| 3/6/2007 KD | Reviewed case file for independent clinical evaluation report and faxed to the parent per her telephone request/filed same in case file and added to case notes |  | 0.25 115.00/hr | 28.75 |
|  | KD | Phone call from parent requesting a copy of the Clinical Evaluation from Interdynamics | 0.08 115.00/hr | 9.20 |
| 3/8/2007 KD | Drafted letter to parent/enclosed copy of Atty's 3-3-07 Ltr to C.A.R.E. Ctr re enrollment at Kramer/copy to advc and file/added to case notes |  | 0.33 115.00/hr | 37.95 |
| 3/29/2007 DH | Draft and send letter to DCPS regarding the knowledge of the parent's intent to home school the student. |  | 0.33 365.00/hr | 120.45 |
| 4/11/2007 KD | Drafted letter to parent/enclosed copy of Atty's 3-29-07 Ltr to DCPS re status of home-schooling/copy to advc and file/added to case notes |  | 0.33 115.00/hr | 37.95 |
| 4/13/2007 DH | Review the student's educational file to determine compliance with the order of the impartial due process hearing officer, discussion with the parent and educational advocate to determine compliance, conduct educational research to determine remedies available to the parent, draft and file administrative due process complaint notice alleging DCPS denied the student FAPE by failing to do, inter alia, reconvene the student's MDT/IEP Meeting to review the student's evaluations. |  | 2.00 365.00/hr | 730.00 |
|  | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| 4/16/2007 KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes |  | 0.33 115.00/hr | 37.95 |
| 6/1/2007 KD | Drafted letter to parent/enclosed copy of HN and DCPS' Notice re new location/copy to advc and file/added to case notes |  | 0.42 115.00/hr | 48.30 |
| 6/7/2007 KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes |  | 1.25 115.00/hr | 143.75 |

Davis, Jaquay                                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/7/2007 DH | Review the student's educational file to determine whether or not DCPS filed a response to the parent's complaint, conduct educational research, draft and file motion for default judgment. | | 0.33<br>365.00/hr | 120.45 |
| DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing, give to paralegal fo her completion. | | 1.00<br>365.00/hr | 365.00 |
| 6/14/2007 DH | Conduct last minute educational research regarding the issues in the parent's complaint, conduct final review of the student's educational file and the parent's and DCPS' five-day disclosures, review questions for direct examination of the parent's witnesses, review questions for possible cross examination of DCPS' identified witnesses, review opening and closing statements, conduct witness preparation and appearance at the student's administrative due process hearing. | | 4.00<br>365.00/hr | 1,460.00 |
| DD | Reviewed the students file for upcoming hearing | | 1.00<br>185.00/hr | 185.00 |
| DD | Appearance at Van Ness ES for due process hearing | | 2.00<br>185.00/hr | 370.00 |
| 6/16/2007 DH | Review the student's educational file, prepare Petitioner's Proposed Findings of Fact and Conclusions of Law for the impartial due process hearing officer. | | 2.00<br>365.00/hr | 730.00 |
| 7/10/2007 KD | Drafted letter to parent/enclosed copy of Atty's 7-9-07 Ltr to SHO rqstng transcript from hearing on 6-14-07/copy to advc and file/added to case notes | | 0.42<br>115.00/hr | 48.30 |

For professional services rendered                                                22.30        $6,022.70

Additional Charges :

| 8/21/2006 | Facsimile; Eval. referral for Interdynamics. | 35.00 |
|---|---|---|
| | Facsimile; Disclosure for St. Johns Community. | 70.00 |
| | Facsimile; Disclosure for St. Johns Community. | 53.00 |
| | Postage; letter to parent | 0.39 |
| 8/22/2006 | copied letter to parent | 0.50 |
| 9/26/2006 | Postage; Psycho-ed eval to parent. | 0.87 |
| | Copied; letter for parent and advocate re: Psycho-ed evaluation | 5.00 |
| 10/11/2006 | copied; Letter for parent re: Attorney's letter. | 5.25 |

Davis, Jaquay                                                                                    Page    4

|  |  | Amount |
|---|---|---|
| 10/11/2006 | Postage; Letter to parent re: Attorney's letter and Clinical Psycho-ed evaluation. | 1.11 |
| 12/4/2006 | Received fax from OSE re: ltr | 3.00 |
| 12/8/2006 | Fax letter and eval. to OMC | 8.00 |
| 1/24/2007 | Postage; Letter to parent re: Attorney's letter. | 0.87 |
|  | Copied; Letter for parent and advocates re: Attorney's letter. | 3.75 |
| 3/6/2007 | Fax independent clinical eval. to Parent | 7.00 |
| 3/8/2007 | Copied; letter for parent and advocates re: attorney's letter. | 1.50 |
| 4/11/2007 | copied letter to parent | 1.00 |
|  | Postage: letter to parent re home schooling status | 0.39 |
| 4/13/2007 | Facsimile; HR to SHO. | 8.00 |
|  | copied HR | 7.00 |
| 4/16/2007 | copied letter to parent | 2.25 |
|  | Postage; HR-Complaint Notice to parent. | 0.63 |
| 6/1/2007 | copied letter to parent re: HN | 0.50 |
|  | Postage; Letter to parent re: HN | 0.41 |
| 6/7/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied; Disclosure for SHO and OGC. | 45.00 |
| 6/14/2007 | Transportation to and from Van Ness ES for hearing | 16.00 |
| 7/6/2007 | Faxed request for HOD to OGC/SHO | 4.00 |
| 7/10/2007 | postage; letter to SHO requesting hearing transcript | 0.41 |
|  | copied letter to SHO requesting hearing transcript | 0.75 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $398.46 |
|  | Total amount of this bill | $6,421.16 |

Davis, Jaquay

User Summary

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Claudia M.Martinez, Paralegal | 1.83 | 115.00 | $210.45 |
| Domiento Hill, Attorney | 12.32 | 365.00 | $4,496.80 |
| Donte Davis, Advocate | 3.00 | 185.00 | $555.00 |
| James E. Brown, Attorney | 0.58 | 405.00 | $234.90 |
| Kelly Dau, Paralegal | 4.57 | 115.00 | $525.55 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS
# COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: <u>Jaquay Davis</u>  Date of Birth: <u>July 29, 1994</u>

Address: <u>1350 Talbert Terrace, S.E., Washington, DC 20020</u>

Present School of Attendance: <u>(Currently Being Home Schooled)</u>

Parent/Guardian of the Student: ____Ms. Linda Davis___

**B.**   <u>**Legal Representative/Attorney (if applicable):**</u>

Name: __Domiento C.R. Hill, Esq.____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__ (e-mail) _____

Will attorney / legal representative attend the resolution session?      **X** Yes        ☐ No

**C.**   <u>**Complaint Made Against (check all that apply):**</u>

**X** DCPS school (name of the school if different from page one)
☐ Charter    school    (name    of    the    charter    school    if    different    from    page
one)_____
☐ Non-public        school        or        residential        treatment        facility        (name)
_____
☐ Parent

**D.**   <u>**Resolution Session Meeting Between Parent and LEA:**</u>

**X** I wish to waive the Resolution Session Meeting.

**E.**   <u>**Mediation Process:**</u>

**I am requesting an administrative due process hearing <u>only</u> at this time.**

**F.**   <u>**Facts**</u>

**A. <u>DCPS Denied the Student with a Free and Appropriate Public Education – By Failing to Comply with the Confidential Hearing Officer's Decision and Order of July 14, 2006, and do, *Inter Alia*, Convene the Student's MDT/IEP Meeting within fifteen (15) business days upon receipt of the last of the evaluations.</u>**

An administrative due process hearing was held for the student on or about July 12, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter, on or about July 14, 2006, issued an impartial due process hearing officer's decision in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, complete or fund the parent's independent psycho-educational, clinical psychological, and psychiatric evaluations, in the event DCPS failed to conduct the student's comprehensive psychological and psychiatric evaluations within 30 calendar days of the issuance of the Order. See Order dated July 14, 2006. DCPS failed to conduct the assessment, thus the parent obtained the evaluations independently.

2

On or about October 5, 2006, counsel for the parent provided the DCPS Office of Mediation and Compliance, copies of the student's clinical psychological and psycho-educational evaluations. See Correspondence dated October 5, 2006.

Counsel for the parent, in that same letter, requested that DCPS convene the student's MDT/IEP Meeting pursuant to the Order of September 7, 2006. DCPS did not respond.

On or about November 30, 2006, counsel for the parent wrote the Executive Director for the DCPS Office of Compliance and Dispute Resolution informing her that DCPS had yet to make any attempts to reconvene the student's MDT/IEP Meeting, and as a result thereof, the parent intended to file a due process complaint notice. See Correspondence dated November 30, 2006. DCPS did not respond.

To date, the student's MDT/IEP Meeting has yet to be reconvened.

**B. The Student, as a result of DCPS' noncompliance with the most recent Consent Order issued on or about September 7, 2006, is Entitled to Receive Compensatory Education Services.**

According to the Blackman, et al., v. District of Columbia, et al., 2006 WL 2456413 (D.D.C), Consent Decree [there] exists a rebuttable presumption of harm for students denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs." As a result thereof, the Consent Decree establishes a right to those students to receive compensatory education. "Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the

inappropriate placement or denial of services, measured in weeks, months or even years. In <u>Manchester</u>, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, because DCPS failed to comply with several administrative orders and settlement agreements, the most recent one being issued on or about October 20, 2006, the student is entitled to receive compensatory education.

 **<u>C. DCPS Denied the Student a Free and Appropriate Public Education by Failing to Conduct the Student's Psychiatric Evaluation</u>.**

DCPS, as the public agency, according to 34 C.F.R. § 300.304 of the IDEIA is to ensure that student's are evaluated in all areas of his or her suspected disabilities. In the instant matter, it is clear DCPS has failed to comply with the requirements of the statute.

Here, a clinical psychological evaluation was conducted on the student on or about September 25, 2006. In the clinical psychological it was recommended that the student receive a psychiatric evaluation. The parent, by and through counsel, on or about October 12, 2006, provided DCPS with a copy of the clinical psychological evaluation, along with the psycho-educational evaluations requesting that the student receive the recommended psychiatric evaluation. <u>See</u> Correspondence dated October 12, 2006. To date, DCPS has yet to conduct the recommended psychiatric evaluation. DCPS' failure to conduct the psychiatric evaluation amounts to a denial of a FAPE.

## II. Issues presented.

**1.** DCPS Failed to Comply with the September 7, 2006 Order of the impartial due process hearing officer;

 **2.** The student, as a result of DCPS' noncompliance with several administrative orders and settlement agreements, the most recent one being issued on October 18, 2006, is entitled to compensatory education; and

 **3.** DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Complete the student's Psychiatric Evaluation.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1.    A finding that DCPS Failed to Comply with September 7, 2006, Order of the

impartial due process hearing officer;

2. A finding that the student is entitled to receive compensatory education services;

3. A finding that the student requires a psychiatric evaluation;

4. DCPS, for the remainder of the 2006-2007 school year, agrees to place and fund the student, with transportation, at the High Roads School of Bowie, Maryland, the Phillips Academy or Laurel, or the Accotink Academy;

5. DCPS shall fund a laptop computer for the student, with software, the cost of which shall not exceed, $3,500.00;

6. DCPS shall fund five hundred hours of tutorial services;

7. DCPS agrees to fund the parent's independent psychiatric evaluation, and if necessary neuropsychological evaluation;

8. DCPS, within ten (10) school days upon receipt of the parent's independent evaluations, agrees to reconvene the student's MDT/IEP Meeting to review the evaluations and revise/update the student's IEP as necessary;

9. DCPS, agrees to schedule all meetings through the parent's counsel, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097;

10. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

11. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

12. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

13. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

5

14. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

15. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

16. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

17. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

19. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts

contained in the complaint. That the relevant members of the MDT/IEP
Team that shall be present at the Resolution Session Meeting for the student;

20. That DCPS' failure to timely schedule and convene the Resolution Session
Meeting within the timeframe identified according to the Individuals with
Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446,
Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent
to have such meeting and the forty-five (45) days timeline to schedule the
student's administrative due process hearing and receive a timely decision
will begin to run upon written notice, via facsimile, at 202-442-5556, to the
DCPS Office of Student Hearings, by the parent's counsel;

21. DCPS agrees to fund four (4) years of compensatory education, for four (4)
hours a week in the form of after school tutoring in math and reading; and

22. A finding that the parent is the prevailing party in this action.

## G.   **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session
Meeting/Mediation Conference/Due Process Hearing.

**H.**   ~~Signature:~~

_____          4/13/07
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

```
********************
***  TX REPORT  ***
********************


TRANSMISSION OK

TX/RX NO              4233
RECIPIENT ADDRESS    92024425556
DESTINATION ID
ST. TIME             04/13 19:11
TIME USE             01'13
PAGES SENT           8
RESULT               OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!
-----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Covington
Jani Tillery
-----------------------------

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**To:**   Office of Student Hearing, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  April 13, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** J. Davis, DOB: 7/29/94

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 8

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance in this matter.

---

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# Exhibit C



**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000     Fax: 202-442-5098
www.k12.dc.us

APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                         James Brown & Assoc., PLLC
    Attorney:                         James Brown
    Federal Tax ID No:                52-1500760
    D.C. Bar No:                      61622

2.  Student Information
    Name:                             Hickson, Leon
    DOB:                              2/10/90
    Date Hearing Request Filed:       5/7/07
    Date(s) of Hearing:               7/10/07
    Date of Determination (HOD/SA)    7/12/07
    Parent/Guardian Name:             Angela Hickson
    Parent/Guardian Address:          3320 6th St., SE, #301
                                      Washington, DC 20032

3.  Invoice Information
    Invoice Number:                   07-224
    Date Request Submitted:           7/30/07
    Date(s) of Services Rendered:     4/13/07 to 7/12/07
    Attorney Hourly Rate:             $    365.00
    Total Attorney Fees:              $  3,859.55
    Total Attorney Costs:             $    219.51
    Total Experts:                    $  1,356.05
    Total Invoice:                    $  5,435.11

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    • All services listed on the enclosed invoices were actually performed;
    • The entire amount requested on the enclosed invoice for payment of costs and expenses represents
      the actual amount of costs and expenses incurred;
    • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
      and expenses itemized on the enclosed invoice is requested;
    • No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
      benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
      interest, either through an attorney, officer, or employee of the firm, in any special education
      diagnostic services, schools, or other special education service providers;
    • I understand that the making of a false statement to an agency of the D.C. Government is
      punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____     7/30/07
    Signature                           Date

                                                        Revised Nov. 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division

**Kimm H. Massey, Esq., Due Process Hearing Officer**
**1150 5th Street, S.E., Washington, DC 20003**
**Facsimile:  (202) 689-3825**
**Phone:  (202) 698-3819**

### Confidential

| | | |
|---|---|---|
| HICKSON, LEON, Student | ) | |
| Date of Birth:  02/10/1990 | ) | |
| | ) | |
| Petitioner, | ) | **IMPARTIAL DUE** |
| | ) | **PROCESS HEARING** |
| vs. | ) | **OFFICER'S DECISION** |
| | ) | |
| The District of Columbia Public Schools, | ) | Complaint Date: May 7, 2007 |
| Attending:  Ballou Senior High School | ) | |
| | ) | Hearing Date: July 10, 2007 |
| Respondent. | ) | |
| | ) | Hearing Held: 1150 5th St., S.E. |
| | ) | Washington, DC 20003 |

Parent:

Ms. Angela Hickson
2001 Savannah Terrace, SE, Apt. F
Washington, DC  20032

Counsel for the Parent/Student:

John Straus, Esq.
James E. Brown and Assoc., PLLC
1220 L Street, NW, Suite 700
Washington, D.C.  20005

District of Columbia Public Schools:

Tiffany Puckett, Esq.
Attorney-Advisor
Office of the General Counsel
825 North Capitol Street, NE,
9th Floor
Washington, D.C.  20002

1

## JURISDICTION

The Due Process hearing was convened and this Decision and accompanying Order written pursuant to the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA), 20 U.S.C. §§ 1400 et. seq., the implementing regulations for IDEIA, 34 C.F.R. Part 300, and Title V, Chapter 30 of the District of Columbia Municipal Regulations (D.C.M.R.).

## INTRODUCTION

Student is seventeen years old, and he attended Ballou Senior High School for the 2006/2007 school year. On May 7, 2007, counsel for Parent and Student ("Petitioner's counsel") filed a Due Process Complaint ("Complaint") against the District of Columbia Public Schools ("DCPS"), alleging that DCPS violated a March 30, 2007 Hearing Officer Decision ("Prior HOD") by failing to convene an IEP team meeting for Student. DCPS did not respond to the Complaint. On May 29, 2007, Petitioner filed a Motion for Default Judgment.

The Student Hearing Office scheduled a Due Process Hearing for July 10, 2007. By letter dated July 3, 2007, Petitioner's Counsel disclosed four potential witnesses and eighteen documents labeled LH-1 through LH-18. DCPS transmitted its Five-Day Disclosure by facsimile on July 3, 2007. DCPS's disclosure consisted solely of a list of potential witnesses and did not include any documents.

The due process hearing was convened on July 10, 2007, as scheduled. As a preliminary matter, Petitioner's counsel renewed Petitioner's Motion for Default, which had been denied by the chief hearing officer as a pre-hearing matter. DCPS asserted that the motion had already been denied and there was no need to reopen the chief hearing officer's Order. The presiding hearing officer denied Petitioner's motion, ruling that it was in the Student's best interest for the hearing to proceed so that the hearing officer could be fully apprised of the Student's educational situation and the relief, if any, that should be awarded. Petitioner's counsel then requested that the hearing officer sanction DCPS for its failure to respond to the Complaint by placing the burden of proof on DCPS in this case. The hearing officer deferred ruling on this request until issuance of the HOD and directed the parties to proceed.

During the course of the due process hearing, the parties agreed to convene an MDT/IEP/Placement meeting on Monday, July 23, 2007 at 10:00 a.m.,[1] and Petitioner's counsel agreed to fax to the Special Education Coordinator at Ballou prior to the meeting a copy of the Authorization and Representation form Parent signed on June 15, 2004.

---

[1] In light of the parties' agreement, the hearing officer has determined that there is no need to decide whether the burden of proof should be shifted to DCPS in this case, because DCPS has essentially conceded that it did not hold an MDT/IEP meeting pursuant to the Prior HOD.

2

**WITNESSES**

**For Petitioner:**
1. Mr. William E. Daywalt, Jr., Educational Advocate
2. Ms. Angela Hickson (by telephone), Parent

**For DCPS:**
1. Mr. Benjamin M. Young (by telephone), Special Education Coordinator, Ballou Senior High School

**FINDINGS OF FACT**

1. Student is 17 years old and attends Ballou Senior High School.[2]

2. On March 30, 2007, an impartial due process hearing officer issued the Prior HOD, which provided, in part, as follows[3]:

> DCPS shall, within thirty (30) calendar days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review and/or revise the student's IEP as appropriate and review the appropriateness of the student's placement at Ballou.

3. By letter dated April 16, 2007 and addressed to the Special Education Coordinator at Ballou, Petitioner's counsel requested that DCPS convene an IEP team meeting pursuant to the Prior HOD.[4]

4. On May 7, 2007, Petitioner's counsel filed the instant Complaint, alleging that DCPS had violated the Prior HOD by failing to convene an IEP meeting within the 30-day time frame specified in the Prior HOD.[5]

5. After the Complaint was filed in this case, Petitioner's counsel and the Special Education Coordinators at Ballou attempted to schedule a resolution session, but were unable to agree upon a mutually convenient date and time.[6]

6. To date, neither an MDT/IEP meeting nor a resolution session has been held to discuss Student's current IEP and placement.

---

[2] *See* Complaint.
[3] Petitioner's Exhibit LH-14, p. 4.
[4] Petitioner's Exhibit LH-15.
[5] *See* Complaint.
[6] Petitioner's Exhibits LH-16 through LH-18; Testimony of Mr. Daywalt; Testimony of Mr. Young.

7. At the due process hearing in this case, the parties agreed to convene an MDT/IEP/Placement meeting on Monday, July 23, 2007 at 10:00 a.m. Both Parent and Mr. Young, the Special Education Coordinator at Ballou, agreed by telephone to attend the meeting on the date and at the time specified. In addition, Petitioner's counsel confirmed the availability of Student's educational advocate on the date and at the time specified.

8. Also at the due process hearing in this case, Petitioner's counsel agreed to fax to the Special Education Coordinator at Ballou prior to the agreed upon meeting a copy of the Authorization and Representation form Parent signed on June 15, 2004.

## CONCLUSIONS OF LAW

The hearing officer concludes (1) that DCPS violated the Prior HOD by failing to convene an MDT/IEP meeting within the 30-day time period specified in the Prior HOD, and (2) that such violation constituted a denial of a FAPE to Student. *See* Consent Decree entered in *Blackman v. District of Columbia*, Civil Action No. 97-1629 (D.D.C. Aug. 24, 2006) (establishing a rebuttable presumption of harm for DCPS students who fail to receive timely implementation of HODs and defining one subclass of Plaintiff students as those who were denied a FAPE because DCPS failed to fully and timely implement the determinations of hearing officers.)

In consideration of the foregoing, the hearing officer makes the following

## ORDER

1. On Monday, July 23, 2007 at 10:00 a.m., DCPS shall convene an MDT/IEP/ Placement meeting to review and revise, if appropriate, Student's IEP, and to review the appropriateness of Student's placement at Ballou Senior High School.

2. Parent, Student's educational advocate, and the Special Education Coordinator at Ballou shall attend the meeting convened pursuant to Paragraph 1, above. DCPS shall also ensure that any and all additional team members required to be present are in attendance at the meeting.

2. In the event the team decides that Student requires a different placement, DCPS shall issue a Notice of Placement within five business days if a DCPS placement is recommended, or within thirty calendar days if a non-public placement is recommended.

3. Prior to the meeting, and by no later than Wednesday, July 18, 2007, Petitioner's counsel shall fax to the Special Education Coordinator at Ballou a copy of the Authorization and Representation form Parent signed on June 15, 2004.

4. All communications made in connection with the execution of this Order shall be made through Petitioner's counsel.

**This is the FINAL ADMINISTRATIVE DECISION in this matter. Any party aggrieved by the findings and decision may APPEAL to a State court of competent jurisdiction or a district court of the United States, without regard to the amount in controversy, within 90 days from the date of the decision pursuant to 20 U.S.C. § 1415(i)(2).**

_____          _____7/12/2007_____
Kimm H. Massey, Esq.                                    Date
Impartial Hearing Officer


Issued: ___7/12/2007___
          Student Hearing Office, DCPS

5

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



### *FACSIMILE SHEET*

Date:  July 12, 2007

To:   John, Straus

Re:   Hickson, Leon

Total Number of Pages Including Cover: 6

**CONFIDENTIALITY NOTICE:** The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Leon Hickson

July 26, 2007

In Reference To:   Leon Hickson
Invoice #12679

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/13/2007 | DP | Drafted letter to DCPS / Attorney requesting meeting.  Includes faxing and copying to parties. | 0.50 115.00/hr | 57.50 |
| 4/16/2007 | JS | Reviewed letter to Ballou Senior High School, Office of General Counsel and parent | 0.08 365.00/hr | 29.20 |
| 5/1/2007 | JS | Review the student's educational file to determine DCPS compliance with the order, phone call to parent to determine compliance, conduct educational research to determine remedies available to the parent, prepared and filed request for due process hearing to address DCPS' failure to convene an IEP team meeting | 2.00 365.00/hr | 730.00 |
| 5/2/2007 | DP | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office; includes copying and mailed. | 0.58 115.00/hr | 66.70 |
| | JS | Reviewed letter to parent | 0.08 365.00/hr | 29.20 |
| 5/7/2007 | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| | JS | Revised and filed due process hearing request | 0.50 365.00/hr | 182.50 |
| 5/15/2007 | WD | Reviewed hearing request. | 0.25 185.00/hr | 46.25 |
| 5/17/2007 | WD | Phone call to parent.  Left message. | 0.08 185.00/hr | 14.80 |

Leon Hickson                                                                                    Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/18/2007 | WD | Reviewed file and document from DCPS. Called parent and left message. Drafted letter to DCPS. Faxed. | 1.17 185.00/hr | 216.45 |
| 5/29/2007 | JS | Draft motion for default decision | 0.33 365.00/hr | 120.45 |
| 6/7/2007 | WD | Reviewed records and prepared for meeting. | 0.75 185.00/hr | 138.75 |
| 6/15/2007 | WD | Draft letter to DCPS. Faxed. Reviewed file. | 0.75 185.00/hr | 138.75 |
| 6/21/2007 | WD | Reviewed file. Drafted letter to DCPS. Faxed. | 0.83 185.00/hr | 153.55 |
| 6/22/2007 | JS | Reviewed the student's educational file. Prepare disclosure documents for Office of General Counsel and Student Hearing Office in preparation for the student's administrative due process complaint hearing. Provided instructions to paralegal regarding filing documents. Send five-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.50 365.00/hr | 547.50 |
| 7/3/2007 | DP | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier. | 2.33 115.00/hr | 267.95 |
| 7/9/2007 | WD | Prepared for Due Process Hearing. | 1.00 185.00/hr | 185.00 |
| | JS | Conduct review of the parent's and DCPS' five-day disclosures and student's educational file, review questions for direct examination of parent witnesses, possible redirect, possible cross examination of DCPS witnesses, and conduct final witness preparation with the parent and educational advocate, review opening and closing statement; conduct educational research | 1.50 365.00/hr | 547.50 |
| 7/10/2007 | WD | Appearance at Van Ness ES for due process hearing. | 2.50 185.00/hr | 462.50 |
| | JS | Appearance at Van Ness ES for due process hearing administered by Hearing Officer Massey | 2.50 365.00/hr | 912.50 |
| 7/12/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| | | For professional services rendered | 20.14 | $5,215.60 |

Leon Hickson                                                                              Page      3

Additional Charges :

|  | | Amount |
|---|---|---|
| 5/2/2007 | Postage; Letter to parent. | 0.63 |
| | copied letter to parent | 0.50 |
| 5/7/2007 | Faxed HR to SHO | 8.00 |
| | copied hearing request | 7.00 |
| 5/8/2007 | Rec'd faxed sch. memo from SHO | 3.00 |
| 5/18/2007 | Facsimile; Letter to Ballou SHS. | 2.00 |
| 6/8/2007 | Faxed letter to Ballou SHS | 2.00 |
| 6/15/2007 | Faxed letter to Ballou SHS | 2.00 |
| 6/21/2007 | Faxed letter to Ballou SHS | 2.00 |
| 7/3/2007 | copied disclosures to DCPS | 55.50 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/10/2007 | Transportation service from Van Ness ES for hearing | 8.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| 7/12/2007 | Rec'd faxed HOD from SHO | 6.00 |
| | copied HOD | 6.00 |
| | Total additional charges | $219.51 |
| | Total amount of this bill | $5,435.11 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| David Proctor, Paralegal | 3.41 | 115.00 | $392.15 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| John Straus, Attorney | 8.49 | 365.00 | $3,098.85 |
| Williams Daywalt Jr., Advocate | 7.33 | 185.00 | $1,356.05 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  Leon Hickson  Date of Birth: February 10, 1990

Address: 3320 6th Street, S.E., Apartment #301, Washington, DC 20032

Present School of Attendance: Ballou Senior High School

Parent/Guardian of the Student: Angela Hickson

**B.    Legal Representative/Attorney (if applicable):**

Name: _____John Straus, Esq._____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__        (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.    Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**PLEASE SCHEDULE AN EXPEDITED HEARING FOR THIS MATTER**

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing _only_ at this time.**

**F.    Facts and Reasons for the Complaint:**

### I.    Nature of the Problem.

1. On May 27, 2004, the IEP team determined that the student required 25.5 hours of specialized instruction from a special education teacher, .5 hours of speech therapy from a speech therapist and 1.5 hours of psychosocial counseling from a psychologist/social worker. *See* IEP and meeting notes, dated May 27, 2004.

2

2. On February 1, 2006, the IEP team reviewed a speech and language assessment, dated May 6, 2005, and an incomplete clinical psychological assessment, dated December 14, 2005. The IEP team reduced the student's hours to 20 hours of specialized instruction from a special education teacher, 1 hour of psychological services from a psychological/social worker and 1 hour of occupational (consultation) services. *See* IEP and meeting notes, dated February 1, 2006.

3. The student remained at the Browne Center until the end of the 2005-2006 school year. The student enrolled at Ballou Senior High School at the beginning of the 2006-2007 school year. On October 16, 2006, the parent, through her educational advocate, requested an IEP team meeting to review the student's program at Ballou Senior High School. *See* correspondence, dated October 16, 2006.

4. On October 26, 2006, the parent, through counsel, requested that the IEP team convene to conduct a thirty day review of the student's program. *See* correspondence, dated October 26, 2006.

5. On November 13, 2006, the parent, through counsel, made a third request for an IEP team meeting to determine whether the student is making reasonable progress in a less restrictive setting. *See* correspondence, dated November 13, 2006.

6. DCPS cancelled a scheduled IEP team meeting on January 26, 2007. The parent proposed new dates to convene an IEP team meeting. *See* correspondence dated January 26, 2007.

7. On February 23, 2007, the parent, through counsel, requested that the IEP team convene an IEP meeting. *See* correspondence, dated February 23, 2007.

8. On March 5, 2007, counsel for the parent attempted to schedule an IEP team meeting via telephone. DCPS refused to convene an IEP team meeting. *See* correspondence, dated March 5, 2007.

9. The parent filed a due process hearing request to order DCPS to convene an IEP team meeting. A Hearing Officer's Determination (HOD), dated March 30, 2007, states "DCPS shall, within thirty (30) calendar days of the issuance of this Order, convene a multidisciplinary team/individualized educational program (MDT/IEP) meeting to review and/or revise the student's IEP as appropriate and review the appropriate of the student's placement at Ballou." *See* HOD, dated March 30, 2007.

10. On April 16, 2007, the parent, through counsel requested an IEP team meeting pursuant to the HOD. *See* correspondence, dated April 16, 2007.

11. The student is receiving failing grades in his classes. *See* report to parent on Student progress, dated January 19, 2007. To date, to the best of the parent's knowledge and understanding, DCPS has not convened an IEP team meeting since February 1, 2006.

## II. Issues presented

**1. DCPS failed to comply with the March 30, 2007 HOD.**

The HOD ordered DCPS to convene an IEP within 30 days. DCPS failed to convene an IEP team meeting.

**2. DCPS failed to convene an IEP team meeting upon the parent's request or an annual review of the student's IEP.**

Pursuant to 34 C.F.R. § 300.324(b)(1), DCPS

> must ensure that...the IEP Team reviews the child's IEP periodically, but not less than annually, to determine whether the annual goals for the child are being achieved; and revises the IEP, as appropriate, to address any lack of expected progress toward the annual goals...and in the general education curriculum, if appropriate; the results of any reevaluation conducted ...; information about the child provided to, or by, the parents...; the child's anticipated needs; or other matters.

The parent made several attempts to convene an IEP meeting to review the student's progress since his enrollment at Ballou Senior High School and review and revise the student's IEP. To date, to the best of the parent's knowledge and understanding, DCPS has yet to convene an IEP team meeting.

## III.    Relief Sought.

1.    A finding that DCPS denied the student a free and appropriate public education by failing to comply with the March 30, 2007 HOD.

2.    A finding that DCPS denied the student a free and appropriate public education by failing to convene an IEP team meeting upon the parent's request or an annual review of the student's IEP.

3.    DCPS shall convene an IEP meeting within five school days to conduct a 30 day review of the student's placement at Ballou Senior High School and an annual review of the student's IEP.

4.    DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

5.    All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6.    DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records

4

on the student no later than sixteen (16) business hours prior to the convening of any meeting.

7.    DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

8.    DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

9.    In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

10.    DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

11.    DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

12.    DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

13.    DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint.  The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority,

4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

14. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

15. D.C. Mun. Regs. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

16. Pursuant to D.C. Mun. Regs. tit. 5 § 3000 et. seq., DCPS shall ensure that BP's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

17. The hearing officer shall find that the complainant is the prevailing party in this action.

## G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H. **Signature:**

_John Fm_____ _May 7, 2007_
Legal Representative / Advocate (if applicable)      Date

6

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

# Exhibit D



Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                         James Brown & Assoc., PLLC
    Attorney:                         James Brown
    Federal Tax ID No:                52-1500760
    D.C Bar No:                       61622

2.  Student Information
    Name:                             Lawson, Saykwan
    DOB:                              9/4/93
    Date Hearing Request Filed:       5/7/07
    Date(s) of Hearing:               7/6/07
    Date of Determination (HOD/SA)    7/12/07
    Parent/Guardian Name:             Pamela Lawson
    Parent/Guardian Address:          1217 Eaton Rd., SE
                                      Washington, DC 20020

3.  Invoice Information
    Invoice Number:                   07-226
    Date Request Submitted:           7/30/07
    Date(s) of Services Rendered:     1/29/07 to 7/13/07
    Attorney Hourly Rate:             $    365.00
    Total Attorney Fees:              $  12,103.90
    Total Attorney Costs:             $    298.02
    Total Experts:                    $      0.00
    Total Invoice:                    $  12,401.92

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    *   All services listed on the enclosed invoices were actually performed;
    *   The entire amount requested on the enclosed invoice for payment of costs and expenses represents
        the actual amount of costs and expenses incurred;
    *   The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
        and expenses itemized on the enclosed invoice is requested;
    *   No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
        benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
        interest, either through an attorney, officer, or employee of the firm, in any special education
        diagnostic services, schools, or other special education service providers;

    I understand that the making of a false statement to an agency of the D.C. Government is
    punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____     7/30/07
    Signature                             Date

    Revised Nov. 2003

# District of Columbia Public Schools
## State Enforcement and Investigative Division

## <u>CONFIDENTIAL</u>

**Marsha Epps Edwards, Esquire**
*Due Process Hearing Officer*
1150 5th Street, S.E.
Washington, D.C. 20003
(202) 698-3819 (telephone)
(202) 698-3825 (facsimile)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | **HEARING OFFICER'S DECISION** |
| Saykwan Lawson, Student | ) | |
| Date of Birth:  4 September 1993 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Request Date: 7 May 2007 |
| | ) | Resolution Session Date: Waived |
| v. | ) | Hearing Date:  6 July 2007 |
| | ) | |
| District of Columbia Public Schools | ) | Held at:  1150 5th Street, S.E. |
| Home School:  Johnson Junior High | ) | Washington, D.C.  20003 |
| | ) | |
| Respondent. | ) | |

**Parent:**                                   Ms. Pamela Lawson
                                              1217 Eaton Road, S.E.
                                              Washington, D.C.  20020

**Parent's Counsel:**                         Miguel Hull, Esquire
                                              James E. Brown & Associates, PLLC
                                              1220 L Street, N.W., Suite 700
                                              Washington, D.C.  20005

**Counsel for District of Columbia Public Schools:**    Daniel McCall, Esquire
                                              Office of the General Counsel
                                              DCPS
                                              825 North Capitol Street, N.E.
                                              Washington, D.C.  20002

# District of Columbia Public Schools

## State Enforcement and Investigative Division

### INDEX OF NAMES

**Saykwan Lawson**

**6 July 2007**

| | |
|---|---|
| Assistant superintendent, Special Education  (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Student and Student's DCPS ID# or SSN | Saykwan Lawson (Absent) |
| Parent/Guardian (specific relationship) | Ms. Pamela Lawson (Absent) |
| Student's/Parent's Representative | Miguel Hull, Esquire |
| DCPS Representative | Daniel McCall, Esquire |
| Educational Advocate | Mr. Juan J. Fernandez |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## INTRODUCTION

This hearing was held on Friday, 6 July 2007 at 1150 5th Street. S.E., Washington, D.C. 20003. Miguel Hull, Esquire represented the parent and student, who were not present. Daniel McCall, Esquire represented DCPS. The parent waived review of due process rights.

## JURISDICTION

This hearing was held and this decision was written pursuant to P.L. 108-446, the *Individuals with Disabilities Education Improvement Act of 2004* ("IDEA"), Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT OF THE CASE AND BACKGROUND INFORMATION

The 13-year-old student is receiving special education services at Johnson Junior High School, where he enrolled in August of 2006. He previously attended Gibbs Elementary School, where he also received special education service.

The parent claims that DCPS has failed to fully implement the student's IEP.

## PRELIMINARY MATTERS

DCPS invoked the rule on witnesses.

DCPS, through counsel, moved for partial dismissal, arguing that on 3 January 2007, an HOD was issued, which was in actuality, a settlement on the record [SL-04]. By settling, counsel argued, the Petitioner cut off all claims based on FAPE that arose prior to that date. Consequently, any issue that arose prior to 3 January 2007 should be dismissed under the doctrine of *res adjudicata*.

Parent's counsel opposed the Motion on the ground of vagueness and ambiguity because DCPS stated in its motion that "many of the issues in the prior complaint are the same or similar [to] the issues alleged in the current complaint" without providing more specific grounds. Counsel also argued that even in the absence of ambiguity, the Motion should be denied because the doctrine of *res adjudicata* does not apply to any of the issues in the instant Complaint.

The parent's Opposition states that there are four components of *res adjudicata* but counsel listed and argued only three at the hearing: 1) whether the parties are the same, 2) whether a final judgment on the merits has been made, and 3) whether the causes of action in the prior and instant matters are the same. Although the first two components

1

are true, the third does not apply in instant case, because the matters to be determined are whether DCPS refused to evaluate the student, failed to implement the IEP, and failed to provide the parent with copies of the documents from the 25 April IEP meeting.. The issue as to whether DCPS failed to fully implement the IEP was not discovered until 25 April 2007, and the previous Complaint was filed in August of 2006, before the beginning of the school year. The failure to evaluate issue was withdrawn by the parent, because DCPS has now provided evaluations.

The Hearing Officer ordered counsel to each submit a Memorandum of Law on the issue of whether the parent has a duty to raise all issues ripe for determination at any given hearing rather than raising them at subsequent hearings, and whether the failure to raise said issues should by law result in a finding of *res adjudicata* should they be raised at a later hearing.

Ruling on the Motion was reserved until after counsel for the parties submitted Memoranda on the aforementioned issues.

## DUE PROCESS RIGHTS

Reading of due process rights was waived.

## DOCUMENTS

*Parent's counsel timely produced the following documents:*

| | |
|---|---|
| SL-01: | Administrative Due Process Hearing Complaint dated 7 May 2007; |
| SL-02: | Hearing Notice dated 20 June 2007; |
| SL-03: | Scheduling Memorandum dated 8 May 2007; |
| SL-04: | HOD dated 3 January 2007; |
| SL-05: | Psycho-Educational Evaluation dated 26 April 2005; |
| SL-06: | IEP dated 25 April 2007; |
| SL-07: | MDT Meeting Notes dated 25 April 2007; |
| SL-08: | Advocate's Meeting Notes dated 25 April 2007; |
| SL-09: | Report to Parents on Student Progress dated 23 March 2007; |
| SL-10: | Prior to Action Notice dated 25 April 2007; |
| SL-11: | IEP dated 6 June 2006; |
| SL-12: | IEP dated 8 June 2005; |
| SL-13: | IEP dated 14 September 2004; |
| SL-14: | IEP Meeting Notes dated 14 September 2004; |
| SL-15: | Social Work Evaluation dated 17 May 2005 ; |
| SL-16: | J.H. Johnson Junior High School Special Education Schedule dated 14 November 2006; |

*DCPS's counsel produced no documents.*

2

## ISSUES AND CONTENTIONS

*The parent, through counsel, raised the following issue:*

1.    Whether DCPS has failed to provide the student with a free appropriate public education ("FAPE") by failing to fully implement the student's IEP;

2.    Whether DCPS failed to provide the student with FAPE by refusing to evaluate.

## TESTIMONY

Mr. Juan Fernandez, the educational advocate, testified that he is familiar with the student, having conducted an observation and having attended the 25 April 2007 meeting, which was called to discuss the IEP, compensatory education, and other services. The student's IEP was changed from 15 hours to 20 hours a week of special education services. The student had been receiving 21 hours of special education services while at Gibbs Elementary School [SL-05]. During the meeting, the parent requested a new psycho-educational evaluation because of the student's low test scores. The parent and the educational advocate both felt that more data were needed in order to determine the reason for the student's low performance. Additionally, one of the teachers, Ms. Hull, had represented that the student's reading scores were low. The student's current services were also discussed at the meeting [SL-14]. Ms. Hull was the only teacher providing special education services to the student, which did not add up to the minimum number of required special education hours per week.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### *Preliminary Matters*

DCPS's Motion to dismiss was opposed by the parent, who contended that the present cause of action, i.e., failure to implement the IEP, is a totally new matter. The issues of whether the matter was ripe for adjudication at the last hearing, and whether the parent had the duty to raise the issue at the last hearing were discussed in parent's counsel's Memorandum.    Counsel for DCPS was also given the opportunity to submit a Memorandum on the same issue, but did not do so.

Parent's counsel timely filed the requested Memorandum on the issue of whether the issue of failure to implement the IEP could have been raised at the previous hearing, and if so, what duty did the parent have to raise the issue at the earlier hearing. Counsel for DCPS did not file a Memorandum.

3

A review of parent's counsel's Memorandum led to additional reviews of the file and hearing notes, during which time several timeline issues became more apparent, and substantially negated the need for further consideration of the Memorandum. Specifically, a closer examination of the operative dates has led to the conclusion that while the doctrine of *res adjudicata* may not apply, the parent's position is still in question.

### Case in Chief

The student is a child in need of special education services, and has been for some time. The 2005 psycho-educational report found that the student was "has a history of experiencing significant academic delays" and is "functioning significantly below grade level in all academic areas." At the time of that evaluation, the student was 11 years and seven months old, and in the fifth grade. The evaluation recommended that he continue to receive services as a Learning Disabled student [SL-05].

The student's most recent IEP states that he should be receiving 20 hours of special education services a week [SL-06], although the Meeting Notes indicated that he had been receiving 15 hours weekly [SL-07; SL-11; SL-12] since the 2003 IEP that indicated that he should receive 21.50 hours of special education services per week [SL-13]. There is nothing in the record to indicate that there had been reevaluations conducted on which to base a reduction in services.

The complaint alleges that DCPS failed to fully implement the student's IEP during the current school year. Both the aforementioned disclosure documents and witness testimony established that before the meeting, the student had been receiving 7.5 hours per week of special education services, and from only one teacher, Ms. Hull, instead of the 15 hours of special education services recommended on the 2006 IEP, which itself was challenged.

However, at the April 2007 MDT meeting, consensus was reached that the student needed more services, and his special education hours were increased to 20 per week [SL-07]. It appears that DCPS acknowledged its failure to implement the IEP and took measures to correct the shortcoming. The issue, therefore, is moot.

The issue as to whether DCPS refused to evaluate is also moot, as parent's counsel stated in the hearing that the issue was being withdrawn since the evaluations have now been provided.

### DECISION AND ORDER

There is no prevailing party status here. However, the Complaint alleges, and DCPS did not dispute that the parent requested compensatory education. The Hearing Officer finds that compensatory education is appropriate. It is hereby ordered that the IEP team reconvene within 10 business days immediately following the issuance of this Determination to discuss the form and amount of compensatory education to be provided

to the student. DCPS shall either provide or fund compensatory education on or before the commencement of SY2007-2008. The operative dates for determining the amount of compensatory education shall be from the date of the 6 June 2006 IEP until 25 April 2007.

## APPEAL PROCESS

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Marsha Epps Edwards, Esquire
Independent Hearing Officer

Date: 12 July 2007
Issued: 7/13/07

5

# District of Columbia Public Schools
## State Enforcement & Investigation Division

| | | |
|---|---|---|
| In the Matter of | ) | |
| **Saykwan Lawson** | ) | |
| Petitioner, | ) | **IMPARTIAL** |
| vs. | ) | **DUE PROCESS HEARING** |
| **District of Columbia Public Schools,** | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEA) 20 U.S.C.
§§ 1400 et seq.

Case Information:
**Hearing Request Date:**
**Hearing Date:**
**Held at:** 1150 5th Street, S.E.
Washington, D.C. 20003
**Student's Birth Date**: 4 September 1993
**Attending School:**

## CERTIFICATION OF RECORD

I, **Marsha Epps Edwards**, Impartial Due Process Hearing Officer in this matter,

do hereby certify the I have returned the entire record to the Student Hearing Office in

the above captioned matter consisting of all:

   a. documents and tangible things submitted to the Hearing Officer during the
      hearing, whether or not formally admitted into evidence, along with an index
      of exhibits admitted;
   b. correspondence and pleadings filed with the Student Hearing Office (exhibits,
      letters, pleadings, files or orders); and
   c. Interim Orders and the Hearing Officer's Determinations.

I further certify that the materials included in the SHO file for this student are

either the original or true copy of the original documents submitted in this matter.

*Executed this 12th day of July, 2007.*

*Marsha Epps Edwards*

Marsha Epps Edwards, Esquire
Due Process Hearing Officer

6

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date:  July 12, 2007

To:   Miguel, Hull

Re:   Lawson, Saykwan

Total Number of Pages Including Cover: 9

CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Saykwan Lawson




July 26, 2007

In Reference To:   Saykwan Lawson
Invoice #12670


Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/29/2007 | HR | Draft case status letter to parent regarding MDT Meeting. Copied/mailed and added to case notes. | 0.42 115.00/hr | 48.30 |
| 2/6/2007 | HR | Phone call to parent regarding resolution conference and confirming participation. | 0.08 115.00/hr | 9.20 |
| 2/27/2007 | HR | Draft letter to Murch Elementary School requesting MDT Meeting. Sent letter with evaluation via facsimile to the school, Office of Special Education, and Office of the General Counsel. Called the school to confirm receipt of fax and added to case notes. | 0.67 115.00/hr | 77.05 |
| | HR | Draft case status letter to parent regarding MDT meeting requested. Copied/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| | HR | Phone call to parent regarding coordinating MDT meeting | 0.25 115.00/hr | 28.75 |
| 3/13/2007 | MH | Reviewed file to determine case status and plan case strategy based on student's current needs. | 0.33 365.00/hr | 120.45 |
| 3/19/2007 | JF | Attended MDT/IEP @ Johnson JHS | 2.83 365.00/hr | 1,032.95 |
| 3/26/2007 | JF | Attended MDT/IEP @ Johnson JHS with parent | 4.50 365.00/hr | 1,642.50 |
| 4/3/2007 | HR | Team meeting:  reviewed file to determine case status and developed case strategy with team. | 0.25 115.00/hr | 28.75 |

Saykwan Lawson                                                          Page    2

|            |     |                                                                                                                                                          | Hrs/Rate | Amount |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------|----------|--------|
| 4/3/2007   | JF  | Team meeting: reviewed file to determine case status and developed case strategy with team.                                                                | 0.25 365.00/hr | 91.25 |
|            | MH  | Team meeting: reviewed file to determine case status and developed case strategy with team.                                                                | 0.25 365.00/hr | 91.25 |
| 4/24/2007  | MH  | Prepared strategy for MDT meeting. Includes research on issues for meeting and discussion with client.                                                     | 0.50 365.00/hr | 182.50 |
| 4/25/2007  | MH  | Research educational needs.                                                                                                                               | 0.42 365.00/hr | 153.30 |
|            | JF  | Attended MDT/IEP @ Johnson JHS                                                                                                                            | 2.83 365.00/hr | 1,032.95 |
| 4/27/2007  | MH  | Began drafting due process hearing request to DCPS. Includes research on issues raised, discussion with parent, and drafting of claims.                    | 1.67 365.00/hr | 609.55 |
| 5/2/2007   | MH  | Continued drafting due process hearing request to DCPS. Includes research on issues raised, discussion with parent, and drafting of claims.                | 1.08 365.00/hr | 394.20 |
| 5/4/2007   | RN  | Review of hearing request for quality assurance. Made suggested changes. Provided feedback to attorney.                                                    | 1.67 365.00/hr | 609.55 |
| 5/7/2007   | JEB | Examined and certified hearing request filed by attorney                                                                                                   | 0.58 405.00/hr | 234.90 |
|            | MH  | Prepared final draft due process hearing request to DCPS. Includes additional research on issues raised, and revising of claims.                           | 0.75 365.00/hr | 273.75 |
| 5/8/2007   | HR  | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on May 7, 2007; includes copying complaint/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| 5/23/2007  | MH  | Reviewed file to determine status and researched student's educational needs                                                                               | 0.33 365.00/hr | 120.45 |
| 6/21/2007  | HR  | Reviewed case status with educational advocate.                                                                                                            | 0.25 115.00/hr | 28.75 |
| 6/26/2007  | HR  | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing on July 6, 2007 at 3:00pm; includes copying and mailed | 0.50 115.00/hr | 57.50 |
| 6/28/2007  | HR  | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.08 115.00/hr | 124.20 |

Saykwan Lawson

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/28/2007 | MH | Prepare disclosure to DCPS with assistance from paralegal.  Reviewed entire file and identified potential exhibits and witnesses for hearing; prepared exhibit packet and cover letter; and supervised delivery to DCPS. | 1.58 365.00/hr | 576.70 |
| 6/29/2007 | HR | Phone call to parent regarding hearing and confirming participation. | 0.08 115.00/hr | 9.20 |
| 7/2/2007 | MH | Prepared parent's response to DCPS' Motion to Dismiss.  Includes research on issue and drafting and revising of response. | 1.92 365.00/hr | 700.80 |
| 7/5/2007 | MH | Prepared for Due Process Hearing | 1.17 365.00/hr | 427.05 |
| | JF | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
| 7/6/2007 | JF | Appearance at Van Ness ES for due process hearing | 2.92 365.00/hr | 1,065.80 |
| | MH | Appearance at Van Ness ES for due process hearing | 2.92 365.00/hr | 1,065.80 |
| 7/9/2007 | MH | Prepared post-hearing memorandum for hearing offier.  Includes legal research and drafting and revising of arguments. | 0.92 365.00/hr | 335.80 |
| 7/12/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| 7/13/2007 | HR | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on July 12, 2007; includes copying, mailed, and added to case notes. | 0.50 115.00/hr | 57.50 |
| | HR | Draft letter to Johnson Junior High School regarding Hearing Officer's Determination. Sent letter via fax to school, Office of Special Education, and Office of the General Counsel. Called the school to confirm receipt of fax and added to case notes. | 0.67 115.00/hr | 77.05 |
| | | For professional services rendered | 37.00 | $12,103.90 |

Additional Charges :

| | | |
|---|---|---|
| 1/29/2007 | Postage; Letter to parent. | 0.39 |
| | copied letter to parent | 0.50 |
| 2/27/2007 | copied case status letter to parent | 0.50 |
| | Fax letter requesting mtg to be reshceduled to Johnson JHS, OSE, OGC | 6.00 |

Saykwan Lawson                                                                          Page     4

|  |  | Amount |
|---|---|---|
| 2/28/2007 | Postage; Letter to parent. | 0.39 |
| 5/7/2007 | copied hearing request | 10.00 |
|  | Facsimile; HR to SHO. | 11.00 |
| 5/8/2007 | copied letter to parent re: due process hearing | 2.75 |
|  | Postage; Letter to parent. | 0.87 |
| 6/26/2007 | Postage; Letter to parent. | 0.41 |
|  | copied letter to parent re: NOH | 0.75 |
| 6/28/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | copied disclosures for SHO/OGC | 51.50 |
| 6/29/2007 | copied letter to parent re: placement | 0.50 |
| 7/2/2007 | copied Parent's Response to DCPS Motion to Dismiss | 5.00 |
| 7/3/2007 | Messenger Service to and from DCPS (Parent's Response to DCPS Motion to Dismiss) | 20.00 |
| 7/9/2007 | Messenger Service to and from DCPS (Parent's Post-Hearing Memorandum) | 20.00 |
|  | copied Parent's Post Hearing Memorandum | 6.00 |
| 7/12/2007 | Rec'd faxed HOD from SHO | 9.00 |
|  | copied HOD | 9.00 |
| 7/13/2007 | Messenger Service to and from DCPS (Parent's Motion to Reconsider) | 20.00 |
|  | Postage; letter to parent | 0.58 |
|  | copied letter to parent (HOD) | 2.50 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | copied letter to parent | 0.50 |
|  | copied Parent's Motion to Reconsider | 3.00 |
|  | Total additional charges | $298.02 |
|  | Total amount of this bill | $12,401.92 |

Saykwan Lawson

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Heidi Romero, Paralegal | 5.75 | 115.00 | $661.25 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| Juan Fernandez, Attorney | 14.83 | 365.00 | $5,412.95 |
| Miguel Hull, Attorney | 13.84 | 365.00 | $5,051.60 |
| Roxanne Neloms, Attorney | 1.67 | 365.00 | $609.55 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or** parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "**Resolution Session**") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Student Name:  _Saykwan Lawson_          DOB:  _September 4, 1993_

Address:        _1217 Eaton Rd., SE, Washington, D.C. 20020_

Present School of Attendance:        _Johnson Junior High School_

Home School:                        Johnson Junior High School _____
                                    (Neighborhood school where child is registered)

Parent/Guardian of the Student:     Pamela Lawson _____
                                    Person requesting hearing

## B.    Legal Representative/Attorney (if applicable):

Name:  Miguel A. Hull, Esq.        Phone: (W) 202 742-2015 ____  (Fax) 202 742-2098

Address: 1220 L St., NW, #700, Washington, D.C. 20005 _____

Will attorney / legal representative attend the resolution session?    X Yes            ☐ No

## C.    Complaint Made Against (check all that apply):

X DCPS

___ Charter school (name of the charter school if different from page one)___ _____

☐ Non-public school or residential treatment facility (name)

_____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that
I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution
meeting to avoid having this meeting.)

X I wish to waive the Resolution Session Meeting

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost
to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as
an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## I.    Relevant Facts

1. Saykwan Lawson is a thirteen-year-old special education student at Johnson Junior
   High School, which he began attending in August 2006. He previously attended
   Gibbs Elementary School also in the District of Columbia.

2. Pamela Lawson is Saykwan's mother and the person brining this claim.

3. Ms. Lawson suffers from Narcolepsy, a medical condition that causes her to fall asleep involuntarily. Because of this condition, Ms. Lawson has been limited in her ability to participate at MDT meetings.

4. According to his current Individualized Educational Program ("IEP"), dated June 6, 2006, Saykwan is currently classified as learning disabled and is entitled to 15 hours per week of specialized instruction in the resource classroom.

5. A previous IEP dated June 8, 2005, also entitled Saykwan to 15 hours of specialized instruction per week in the resource classroom.

6. Another previous IEP, dated September 4, 2005, entitled Saykwan to 19.5 hours of specialized instruction per week in the resource classroom and 2 hours for specialized instruction per week in the general education classroom.

7. A psychological-educational reevaluation dated May 12, 2005 and conducted when Saykwan was eleven years and seven months old found the following scores:

   a. On the Wechsler Intelligence Scale for Children, 4th Edition:

   | | | Composite | Percentile | Description |
   |---|---|---|---|---|
   | i. | Full Scale: | 92 | 30th | average |
   | ii. | Verbal Comprehension: | 87 | 19th | low average |
   | iii. | Perceptual Reasoning: | 98 | 45th | average |
   | iv. | Working Memory: | 99 | 47th | average |
   | v. | Processing Speed: | 94 | 34th | average |

   b. On the Wechsler Individual Achievement Test, 2nd Edition:

   | | | SS | GE | AE |
   |---|---|---|---|---|
   | i. | Word Reading: | 70 | 2-7 | 8-0 |
   | ii. | Reading Comprehension: | 83 | 3-5 | 9-0 |
   | iii. | Pseudoword Decoding: | 70 | 1-3 | 6-0 |
   | iv. | Numerical Operations: | 77 | 3-8 | 9-4 |
   | v. | Math Reasoning: | 71 | 3-1 | 8-4 |
   | vi. | Spelling: | 78 | 2-6 | 8-4 |
   | vii. | Written Expression: | 77 | 3-0 | 8-0 |
   | viii. | Listening Comprehension: | 82 | 3-2 | 8-4 |

8. Saykwan's report card dated March 23, 2007, reveals the following grades:

   | Subject | Advisory: | 1st | 2nd | 3rd | 4th | Final |
   |---|---|---|---|---|---|---|
   | a. | English Resource | B | C | C | | |
   | b. | Western Hemisphere Geography | D | D | F | | |
   | c. | Mathematics Resource | C | B | B | | |
   | d. | Life Science | C | D | D | | |
   | e. | Reading Resource | D | C | D | | |

3

| | | | | |
|---|---|---|---|---|
| f. | Study Skills Development | C | C | C |
| g. | Music 7 | D | F | D |
| h. | Reading | | | D |
| i. | Computer Applications MS | | | C |

9. On December 29, 2006, District of Columbia Public Schools ("DCPS") issued a Hearing Officer's Determination ("HOD") regarding a settlement agreement that had been placed on the record during a due process hearing that took place for Saykwan on December 18, 2006. In this HOD, DCPS was ordered to, among other things:

   a. Convene an MDT meeting on or before January 31, 2007;
   b. At the meeting, discuss and determine any reevaluations needed and if needed refer those out so that they are completed in a reasonable time
   c. Discuss and determine what if any compensatory education is warranted from August 28, 2006;
   d. Discuss and determine appropriate placement, a determination that is not to be contingent upon the receipt of any evaluations; and
   e. Issue placement within 30 days if for a public or non-public day school or 60 days if for a residential facility.

10. On April 25, 2007, DCPS convened an MDT meeting with the parent.

11. During the April 25th MDT meeting, the DCPS-members of the team agreed to raise the amount of hours of specialized instruction per week from 15 to 19.5. The DCPS-members of the team, however, apparently did not actually prepare a revised IEP, and if they did, they have not provided a copy of it to the parent .

12. During the April 25th MDT meeting, the parent's educational advocate requested a psychological-educational reevaluation in part because Saykwan's grades were low and that his most recent psychological-educational was close to two years old. The DCPS-members of the team rejected this request, refusing to conduct the reevaluation. The parent, through her advocate, responded to DCPS's rejection by insisting that the reevaluation be done.

13. Also during the April 25th MDT meeting, the advocate and parent learned that so far this school year, DCPS has only provided Saykwan with eleven hours of specialized instruction per week since the beginning of the school year. Based on this, the parent and advocate requested compensatory education, which was denied by DCPS.

## II.  DCPS Has Refused To Conduct A Psychological-Educational Re-evaluation As Requested By The Parent Pursuant To The IDEA

14. DCPS has refused to conduct a psychological-educational re-evaluation for Saykwan Lawson.

15. According to the IDEA, the parent of child "may initiate a request for an re-evaluation to determine if the child is a child with a disability" and even if the MDT team determines that assessments are not required to determine the child's educational needs, the public agency is still required to conduct assessments if requested to do so by the child's parents. 20 U.S.C. § 1414 (a) (1) (B); 20 U.S.C. § 1414 (c) (4) (B) ("if local education agency determines that assessments are not needed, the local education agency "shall not be required to conduct such an assessment unless requested to by the child's parents."); 34 C.F.R. § 300.301 (b); 34 C.F.R. § 300.305 (d) (2); ("The public agency is not required to conduct the assessment [ . . . ] unless requested to do so by the child's parents.") D.C. Mun. Regs. tit. 5 § 3004.1 (parent can make referral for evaluations); D.C. Mun. Regs. tit. 5 § 3005.2 ("The IEP team **shall** conduct an initial evaluation of a child within a reasonable time of receiving a **written referral and parental consent** to proceed and within timelines consistent with Federal Law and D.C. Code § 38-2501(a)"); DCPS Special Education Handbook (parent can forgo TAT process and demand evaluations); See also Cartwright v. District of Columbia, 267 F. Supp.2d 83, 87 (D.D.C. 2003) (holding that public agency must conduct reevaluations upon parental request and parent's not required to show justification for reevaluations and condition precedent); and Herbin vs. District of Columbia, 362 F. Supp2d. 254 (D. D.C. 2005) (finding that DCPS plain reading of IDEA regulation requires that DCPS conduct reevaluations upon parental request).

16. In addition, the IDEA also requires that the public agency ensure that the student is assessed in all areas of suspected disability, that the evaluation is sufficiently comprehensive to identify all of the student's special education needs, and that the evaluation includes all assessment tools that may assist in determining the content of the IEP. Individuals with Disabilities Education Improvement Act of 2004. 20 U.S.C. § 1414 (b) (1)-(3); § 1414 (a) (6) (B); § 1414 (b) (3) (C) ("each local education agency shall ensure that assessment tools and strategies that provide relevant information that directly assists persons in determining the educational needs of the child are provided."); § 1412 (a) (3) (state must have procedures in place to ensure that all students in the school district who may need special education services are identified, located, and *evaluated*); 34 C.F.R. Sec. 300.304 (b) and (c); 34 C.F.R. § 300.301 ("Each public shall ensure that a full and individual evaluation is conducted for each child being considered for special education"); 34 C.F.R. Sec. 300.111 (public agency must identify, locate and evaluate all students in the school district who may need special education services); D.C. Mun. Regs. tit. 5 § 3005.9 (g) ("The LEA shall ensure that: the child is assessed in all areas related to the suspected disability [ . . . ]"); D.C. Mun. Regs. tit. 5 § 3005.9 (h) (The LEA shall ensure that: in evaluating a child with a disability, the evaluation is sufficiently comprehensive to identify all of the child's special education and services needs, whether or not commonly linked to the disability category in which the child has been classified.").

17. In this case, DCPS has violated the parent and student's rights by refusing to conduct the psychological-educational re-evaluation as requested by the parent pursuant during the MDT on April 25, 2007. During the meeting, the DCPS-members of the

team determined that assessment was not warranted and refused to conduct the
assessment. The parent and advocate at the meeting rejected this position and
reasserted the parents' request for the psychological-educational pursuant to the
IDEA. Accordingly, DCPS has a legal obligation to conduct these re-evaluations.

## III. DCPS Has Failed To Fully Implement Saykwan's IEP This School Year

18. So far this school year, DCPS has not provided Saykawn with all of the specialized
instruction called for by his IEP dated June 6, 2006.

19. According to the Individuals with Disabilities Education Act ("IDEA"), a free
appropriate public education ("FAPE") consists of "special education and related
services that are *provided in conformity with the individualized education program* [
. . ]." Emphasis added. 20 U.S.C. § 1401 (9); 20 U.S.C. § 1401 (29) ("The term
'special education means specially designed instruction, at no cost to the parents, to
meet the unique needs of a child with a disability [. . . ]."); 34 C.F.R. § 300.17, 34 &
39; and D.C. Mun. Regs. tit. 5 § 3000.1.  See also Scott v. District of Columbia,
(D.C. Cir.) 03-1672 DAR (March 31, 2006); and Board of Education of the Hendrick
Hudson Central School District v. Westchester County, et al v. Rowley, 458 U.S. 276,
182 (1982) ("The free appropriate public education required by the Act is tailored to
the unique needs of the handicapped child by means of an Individualized Educational
Program ("IEP")).

20. Under the theory of compensatory education, courts and hearing officers may award
educational services . . . to be provided prospectively to compensate for a past
deficient program." Reid v District of Columbia, 401 F.3d 516 (D.C.Cir. 2005),
quoting G. ex rel. RG v Fort Bragg Dependent Schs., 343 F.3d 295, 308 (4th Cir.
2003).

21. As to how to calculate a proper amount of compensatory education, "[t]here is no
obligation to provide a day-for-day compensation for time missed. Appropriate relief
is relief designed to ensure that the student is appropriately educated within the
meaning of the IDEA." Reid, quoting Parents of Student W. v Puyallup Sch. Dist.
No. 3, 31 F.3d 1489 (9th Cir. 1994).

22. DCPS has denied Saykwan his right to a FAPE by not providing him with all of the
specialized instruction called for by his IEP dated June 6, 2006. According to that
IEP, Saykwan is entitled to fifteen hours per week of specialized instruction in the
special education setting. According to the class schedules that he has had this school
year, DCPS is only providing Saykwan with eleven hours of specialized instruction
per week. As a result, Saykwan has been harmed as evidenced by his poor grades on
his report card and he therefore requires that his IEP be fully implemented and that he
received appropriate compensatory education for these violations.

## IV. DCPS Has Failed To Provide The Parent Or Her Representatives With The Documents Produced By DCPS At The MDT Meeting On April 25, 2007.

23. Although DCPS apparently developed documents during the MDT meeting on April 25, 2007, DCPS has yet to provide these documents to the parent or her representatives thereby limited the parent's right to participate in the educational process.

24. According to the applicable statues and regulations, the parents of a child with a disability have a right to inspect all educational records relating to their children that are in the public agency's possession. Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1415 (b) (1); 34 C.F.R. § 300.501 (a) and § 300.613; and D.C. Mun. Regs. Tit. 5 § 3021.1. See also Hoing v. Doe, 484 U.S. 305. 327 (1988) (In Hoing the Supreme Court of the United States concluded that the clear intent of Congress was to make parental involvement the cornerstone of the process under the IDEA. In so finding, the Court stressed the importance of a parent's right to be notified of each step of a child's educational development: "Envisioning the IEP as the centerpiece of the statute's education system for disabled children, and aware that schools had all too often denied such children appropriate educations without in any way consulting the parents; Congress repeatedly emphasized through the Act the importance and indeed the necessity of parental participation in both the development of the IEP and any subsequent assessments of its effectiveness. Accordingly, the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate." Id. at 311-12); Burlington School Comm. v. Massachusetts Dept. of Education, 471 U.S. 359, 373 (1985); Zvl D. By Shirley D. v. District of Columbia Public Schools, 828 F. Supp. at 88-89; Nikita Petties. et. al. v. The District of Columbia Public Schools, Civil Action No. 95-0148

25. Here, the parent and her advocate participated at an MDT meeting on April 25, 2007, during which the advocate observed that DCPS was preparing documents including notes from the meeting, an IEP, and possibly a prior notice of placement. The DCPS-members of the team, however, did not provide copies of these documents to the parent or her advocate during this meeting and have yet to provide them at this time. As a result, the parent has been harmed because it has limited her ability to participate in Saykwan's educational planning.

## V. Relief Sought.

26. a finding in the parent's favor as to each of the issues raised here;

27. That DCPS be ordered, or agree, to:
   a) Within 24 hours provide all documents produced during the April 25, 2007 MDT meeting
   b) Convene an MDT meeting within ten business days to:
      i) Revise the IEP to reflect 19.5 hours per week of specialized instruction in the resource classroom;
      ii) determine appropriate placement with placement to be made within five

7

business days if for a public school or within 30 calendar days if for a non-public school.

c) Fund a reasonable amount of compensatory education for services not provided during the 2006-07 school year;

d) Fund an independent psychological-educational assessment;

e) Convene another MDT meeting, with the required participants, within ten days of receiving the student's independent testing to:

   i) Revise the IEP;

   ii) Determine any additional compensatory education that may be warranted; and

   iii) Determine placement if change in placement is warranted.

28. that DCPS provide any other relief deemed appropriate and relating to the violations committed here;

29. that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

30. All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

31. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

32. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

33. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and Other related services as are defined at 34 C.F.R. § 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

34. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

35. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the

complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

36. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

37. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

38. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

39. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting**.

40. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons:** 1) the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

41. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process

hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

42. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____          ._____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

1) **Signature:**

_____                    May 7, 2007____
Legal Representative / Advocate (if applicable)              Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
************************
***   TX REPORT   ***
************************


TRANSMISSION OK

TX/RX NO                0100
RECIPIENT ADDRESS       94425556
DESTINATION ID
ST. TIME                05/07 15:45
TIME USE                01'49
PAGES SENT              11
RESULT                  OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| ------------------------------ | e-mail: Admin@Jeblaw.biz | ------------------------------ |

¹ DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:       May 7, 2007

TO:         Student Hearing Office
            District of Columbia Public Schools

PHONE:      202-442-5000

FAX NO:     202 442-5556

FROM:       Miguel Hull, Esq.

SUBJECT:    **Saykwan Lawson, DOB: 9/4/93 – <u>Due Process Complaint</u>**

NUMBER OF PAGES INCLUDING COVER SHEET: ___**ELEVEN**_____

COMMENTS:

# Exhibit E

Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                              James Brown & Assoc., PLLC
    Attorney:                              James Brown
    Federal Tax ID No:                     52-1500760
    D.C Bar No:                            61622

2.  Student Information
    Name:                                  Lee, Tavon
    DOB:                                   5/4/99
    Date Hearing Request Filed:            3/26/07
    Date(s) of Hearing:                    6/29/07
    Date of Determination (HOD/SA)         7/9/07
    Parent/Guardian Name:                  Natasha Lee
    Parent/Guardian Address:               931 Longfellow St., NW, #106
                                           Washington, DC 20011

3.  Invoice Information
    Invoice Number:                        07-227
    Date Request Submitted:                7/30/07
    Date(s) of Services Rendered:          11/29/06 to 6/29/07
    Attorney Hourly Rate:             $        365.00
    Total Attorney Fees:              $     13,937.80
    Total Attorney Costs:             $        556.68
    Total Experts:                    $      3,707.40
    Total Invoice:                    $     18,201.88

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents
      the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
      and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
      benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
      interest, either through an attorney, officer, or employee of the firm, in any special education
      diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is
      punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____        7/30/07
    Signature                              Date

                                                        Revised Nov 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

*State Enforcement and Investigation Division*
### STUDENT HEARING OFFICE
1150 5th Street SE, 1st Floor
Washington, DC 20003
### CONFIDENTIAL[1]

| | | |
|---|---|---|
| **IN THE MATTER OF** | } | **IMPARTIAL DUE PROCESS** |
| **Tavon Lee,** DOB: 5/4/1999 | } | |
| **("Student")** | } | |
| | } | **HEARING OFFICER'S DECISION** |
| **Natasha Lee** | } | Complaint Filed: March 4, 2007 |
| **("Parent")** | } | Hearing Date:    June 29, 2007 |
| | } | |
| PETITIONER, | } | |
| | } | |
| v. | } | |
| | } | |
| | } | |
| **District of Columbia Public Schools** | } | |
| **("DCPS")** | } | |
| **School for Community Academy PCS** | } | |
| RESPONDENT. | } | |

Counsel for Student:                Kimberly Glassman, Esq.
                                    1220 L Street NW #700
                                    Washington, DC 20005

Counsel for DCPS:                   Tiffany Puckett
                                    Office of General Counsel
                                    825 North Capitol Street NE
                                    Washington, DC 20002

## HEARING OFFICER DETERMINATION

### I.    JURISDICTION

The above-captioned matter was scheduled for an Impartial Due Process Hearing pursuant to

the Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of

---

[1] An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

## II.    FIVE DAY DISCLOSURES

On or about May 23, 2007, Counsel for Petitioner submitted the five-day disclosure without objection that lists four (4) witnesses and attached twenty-six (26) exhibits labeled and identified as exhibits TL-1 through TL-26.   The original hearing date of May 31, 2007, was continued and Counsel for Petitioner resubmitted the five-day disclosure on June 22, 2007, without objection that lists three (3) witnesses and attached twenty-six (26) exhibits labeled and identified as exhibits TL-1 through TL-26

On or about June 25, 2007, Counsel for District of Columbia Public Schools ("DCPS") submitted the five-day disclosure without objection that lists five (5) witnesses and attached three (3) exhibits labeled and identified as exhibits DCPS-01 through DCPS-03.

## III.    STATEMENT OF THE CASE

Petitioner brought this case on behalf of her minor child, born May 4, 1999, (hereinafter referred to as "T.L." or the "student").   The students individualized educational program ("IEP") indicates that T.L. suffers from multiple disabilities including emotional disturbance ("ED"), learning disabled ("LD"), and other health impairments ("OHI").[2]  The most recent IEP recommends a combined 30.5 hours of specialized instruction, therapy and counseling per week.

On or about May 4, 2007, Counsel for Petitioner filed a Due Process Complaint asserting that DCPS denied the student a Free Appropriate Public Education ("FAPE").   The Due Process Complaint alleges in part that the student was denied FAPE when (1) DCPS failed to propose an appropriate educational placement in a timely manner, and when (2) DCPS placed the student in a school that cannot accommodate the student's IEP.

Petitioner's Complaint as supported by exhibits and testimony asserts that a multidisciplinary team ("MDT") meeting was held on February 1, 2007. During that meeting the MDT team agreed that a recommended increase in special education services required an appropriate placement.    The team further agreed that the meeting would have to be reconvened to determine placement because the placement specialist was not in attendance

---

[2] See Exhibit TL-6 and DCPS-03

on February 1, 2007.[3]    Counsel for DCPS asserts that the student was appropriately placed at the Hamilton Center in April 2007, and thus the issues raised are now moot.[4]

IV.    **ISSUES.**

1) Whether DCPS denied a free appropriate public education and failed to propose an appropriate educational placement in a timely manner.

2) Whether DCPS placed the student in a school that cannot accommodate the student's IEP.

V.    **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1) On or about February 1, 2007, the student's MDT team determined that the current placement was inappropriate and that the placement specialist would need to appropriately place the student to meet the newly revised IEP.

2) On or about April 13, 2007, the MDT team reconvened to discuss placement and resolution of the issues raised in the Complaint. As a result of the meeting, DCPS placement specialist sent a written notice to the Petitioner declaring that the student could be appropriately placed at Hamilton Center. Petitioner testified that she was not satisfied with a number of questions she raised regarding the Hamilton Center. Petitioner further testified that even after visiting the Hamilton Center she was not satisfied that it was an appropriate placement.

3) On or about April 16, 2007, Petitioner's Counsel sent notice to DCPS that the Petitioner invoked the stay put provision of the IDEA 2004, citing 20 U.S.C. 1415(j) and asserted that DCPS must refrain from any unilateral placement decision pending the resolution of the Complaint.

VI.    **ORDER**

Based on the aforementioned findings of fact and conclusions of law it is hereby **ORDERED**:

That DCPS shall fax written notice to the attention of Kimberly Glassman, within ten days (10) of receiving this Order proposing at least three separate dates and times to convene an MDT meeting to discuss any and all remaining placement issues. That absent reasonable scheduling conflicts, said proposed dates should be within fifteen (15) days of the faxed correspondence.

[3] See Exhibit TL-7
[4] See Exhibit TL-15

**APPEAL PROCESS:**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.**

_____
Date

_____
Will Purcell, Esq.
Hearing Officer

Student Hearing Office
Date Issued: _____

Copies to:

Kimberly Glassman, Esq.
1220 L Street NW #700
Washington, DC 20005

Tiffany Puckett, Esq.
Office of General Counsel
825 North Capitol Street NE, 9th Floor
Washington, DC 20002

**INDEX OF NAMES**
Tavon Lee v. DCPS

DCPS Asst. General Counsel:    Tiffany Puckett
Petitioner's Attorney:    Kimberly Glassman, Esq.
Mother:    Natasha Lee

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: July 9, 2007


To:   Kimberly, Glassman


Re:   Lee, Tavon


Total Number of Pages Including Cover: 6

**CONFIDENTIALITY NOTICE:** The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |
| CDS | Crystal D. Spruill |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| CBS | Dr. Carolynn D. Shumate, Ed. D. |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

7/20/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Tavon Lee




July 23, 2007

In Reference To:   Tavon Lee
                   DOB: 5/4/99

Invoice #12637


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/29/2006 | BDL | Conference with parent to discuss opening case and child's educational needs. | 1.50 115.00/hr | 172.50 |
|  | CFC | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
| 11/30/2006 | MT | Drafted letter to parent and prepared file jacket | 0.75 130.00/hr | 97.50 |
| 12/1/2006 | BDL | Draft letter requesting records to Community Academy Public Charter School, DCPS' Special Education Supervisor, Records Department, and Office of General Counsel; includes research of student's school information, gathering General Authorization and TAT form; fax to parties. | 0.50 115.00/hr | 57.50 |
|  | BDL | Draft letter requesting evaluations to Community Academy, DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request, gathered General Authorization and TAT form; fax to parties. | 0.58 115.00/hr | 66.70 |
|  | BDL | Draft letter to parent regarding request for records and evaluations were made on 12-1-06 to the student's school and DCPS administrative offices; includes copying and mailed. | 0.58 115.00/hr | 66.70 |
| 12/7/2006 | CFC | Records review of file | 0.25 365.00/hr | 91.25 |
| 12/12/2006 | BDL | Drafted letter to parent with copy records received. | 0.58 115.00/hr | 66.70 |

Tavon Lee                                                                                          Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/14/2006 | CFC | Records review | 1.00 365.00/hr | 365.00 |
| 12/21/2006 | CFC | Phone call to N Lee will send her letters of invite | 0.17 365.00/hr | 62.05 |
| | CFC | Phone call to C Patterson re: will send N. Lee letters of invite | 0.08 365.00/hr | 29.20 |
| 1/9/2007 | CS | Record review | 0.75 185.00/hr | 138.75 |
| 1/10/2007 | CS | Phone call to parent | 0.17 185.00/hr | 31.45 |
| | CFC | Discussion with the advocate re upcoming mdt mtg | 0.25 365.00/hr | 91.25 |
| | CS | Discussion with the child's attorney re upcoming mdt mtg | 0.25 185.00/hr | 46.25 |
| 1/19/2007 | CFC | Phone call from N Lee re:mtg invite | 0.17 365.00/hr | 62.05 |
| | BDL | Drafted letter to Special Education Coordinator proposing meeting dates. | 0.58 115.00/hr | 66.70 |
| 1/23/2007 | BDL | Drafted letter to parent with copy of letter sent to the Special Education Coordinator at Community Academy Public Charter School. | 0.58 115.00/hr | 66.70 |
| | CFC | Phone call from C Patterson re placement | 0.17 365.00/hr | 62.05 |
| 1/25/2007 | CFC | Phone call to N Lee re 2/1/07 date  DCPS has to be part of mtg | 0.17 365.00/hr | 62.05 |
| | CFC | Draft email to Cheron re  2/1/07 mtg | 0.17 365.00/hr | 62.05 |
| | CFC | Phone calls to C Patterson re Mom now wants placement and date is ok | 0.17 365.00/hr | 62.05 |
| | CS | Discussion with the child's attorney re mtg schedule | 0.25 185.00/hr | 46.25 |
| 1/26/2007 | CS | Draft letter to school re upcoming MDT mtg | 0.42 185.00/hr | 77.70 |
| | CFC | Phone calls to C Patterson re mtg for placement | 0.17 365.00/hr | 62.05 |

Tavon Lee

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/31/2007 | CS | Drafted letter to parent re intro | 0.42 185.00/hr | 77.70 |
| | CS | Prepared for upcoming MDT/IEP meeting | 0.50 185.00/hr | 92.50 |
| | BDL | Drafted letter to parent re, Confirmation of Meeting Notice. | 0.25 115.00/hr | 28.75 |
| 2/1/2007 | CS | Attended MDT/IEP @ CAPCS-Rand | 3.00 185.00/hr | 555.00 |
| | CS | Discussion with the child's attorney re MDT mtg | 0.17 185.00/hr | 31.45 |
| | CFC | Phone call from CSB re Mtg | 0.17 365.00/hr | 62.05 |
| 2/5/2007 | CS | Draft letter to attorney re case status | 0.42 185.00/hr | 77.70 |
| 2/24/2007 | CFC | update case status and filed new docs | 0.17 365.00/hr | 62.05 |
| 3/24/2007 | CFC | Reviewed student's file and prepared due process hearing request to DCPS | 3.17 365.00/hr | 1,157.05 |
| 3/26/2007 | CFC | Revised and filed due process hearing request to DCPS | 0.25 365.00/hr | 91.25 |
| | CFC | Discussion with R Neloms re placement | 0.42 365.00/hr | 153.30 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| 3/27/2007 | BDL | Drafted letter to parent with copy of HR. | 0.58 115.00/hr | 66.70 |
| 3/28/2007 | CFC | copy and distribute | 0.17 365.00/hr | 62.05 |
| | CFC | copy and fax law to Roots at Hendley re resolution | 0.33 365.00/hr | 120.45 |
| 3/30/2007 | BDL | Drafted letter to parent with copy of the schedule memorandum. | 0.33 115.00/hr | 37.95 |
| | CS | Telephone call from DCPS staff (Cogdell) | 0.17 185.00/hr | 31.45 |

Tavon Lee                                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/3/2007 | CS | Phone call to parent | 0.17 185.00/hr | 31.45 |
|  | CS | Discussion with DCPS staff (Cogdell) re scheduling asnd coordinating resolution session with the charter school | 0.25 185.00/hr | 46.25 |
| 4/4/2007 | CS | Conference with parent re mom participating at mtg via phone | 0.25 185.00/hr | 46.25 |
|  | CS | Discussion with DCPS staff (Cogdell) re Dr. Peaglar's ability to partcipate in resolution session if held at charter school. | 0.17 185.00/hr | 31.45 |
|  | CS | Draft letter to CAPCS re resolution session | 0.42 185.00/hr | 77.70 |
|  | CS | Draft letter to DCPS re resolution session | 0.42 185.00/hr | 77.70 |
|  | CS | Telephone call to CAPCS | 0.17 185.00/hr | 31.45 |
| 4/11/2007 | CS | Phone call to parent (2x) | 0.33 185.00/hr | 61.05 |
| 4/12/2007 | CS | Prepared for upcoming resolution meeting | 0.50 185.00/hr | 92.50 |
| 4/13/2007 | CS | Attended resolution session and placement mtg @ CAPCS | 3.00 185.00/hr | 555.00 |
|  | CS | Discussion with DCPS staff (Codgell) re resolution meeting notes | 0.25 185.00/hr | 46.25 |
| 4/16/2007 | CS | Draft letter to attorney re resolution session | 0.42 185.00/hr | 77.70 |
|  | CS | Phone call to DCPS (Cogdell) | 0.17 185.00/hr | 31.45 |
|  | CS | Draft letter to DCPS (Cogdell) re forwarding resolution meeting notes | 0.42 185.00/hr | 77.70 |
|  | CS | Discussion with the child's attorney re resolution session | 0.25 185.00/hr | 46.25 |
|  | CS | Drafted letter to parent along with MDT notes and Parent's Rights Manual | 0.58 185.00/hr | 107.30 |
|  | RN | Discussion with attorney concerning stay-put and strategy. | 0.58 365.00/hr | 211.70 |

Tavon Lee                                                                                      Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/16/2007 | CFC | Discussion with CSB re stay put | 0.25<br>365.00/hr | 91.25 |
|  | CFC | Draft stay put letter | 0.75<br>365.00/hr | 273.75 |
|  | CFC | Draft email to CSB | 0.25<br>365.00/hr | 91.25 |
| 4/17/2007 | BDL | Assisted attorney with sending a Stay Put notice to Acting Superintendent, Marla Oaks, and Community Academy. | 0.25<br>115.00/hr | 28.75 |
|  | BDL | Drafted letter to parent with copy sent to Acting Associates and Superintendent. | 0.50<br>115.00/hr | 57.50 |
| 4/19/2007 | CS | Conference with parent re her agreement to visit Hamilton Center | 0.25<br>185.00/hr | 46.25 |
| 4/20/2007 | CFC | Phone calls to and from N Lee re bus came to take child to Hamilton 2 days student still at Community stay put already filed | 0.25<br>365.00/hr | 91.25 |
|  | CS | Conference with parent re bus picked him up to take him to a school (Hamilton Center) that parent rejected. | 0.33<br>185.00/hr | 61.05 |
|  | BDL | Contacted Mr. Evan Murray and Dr. Peagler re: stay put left message. | 0.25<br>115.00/hr | 28.75 |
|  | BDL | Record reviewed and discussion with attorney re: stay put. | 0.25<br>115.00/hr | 28.75 |
|  | CS | Discussion with the child's attorney re Stay Put order and transportation sent to child's home | 0.25<br>185.00/hr | 46.25 |
| 4/26/2007 | CS | Discussion with DCPS staff (Ugoji) re Hamilton Center program description and parent's visit | 0.50<br>185.00/hr | 92.50 |
|  | CS | Phone call from Dr. Peaglar | 0.17<br>185.00/hr | 31.45 |
|  | CS | Conference with parent re her visit to DCPS's proposed placement | 0.50<br>185.00/hr | 92.50 |
| 5/7/2007 | BDL | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing; includes copying and mailed. | 0.58<br>115.00/hr | 66.70 |
| 5/8/2007 | CFC | Phone call to k McAuliffe re  Community  Academy as party | 0.17<br>365.00/hr | 62.05 |
|  | CFC | Discussion with R Neloms re Dalton's permission for SPEd coordiantor to testify re placement | 0.50<br>365.00/hr | 182.50 |

Tavon Lee                                                                                           Page     6

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/9/2007 BC | | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 5/15/2007 BDL | | Drafted letter to parent with copy of letter received from Kathryn T. McAuliffe, Esq. | 0.50 115.00/hr | 57.50 |
| | CFC | Discussion with R Neloms | 0.50 365.00/hr | 182.50 |
| 5/16/2007 CFC | | Draft letter to SHO re dismissal of Community as party | 0.42 365.00/hr | 153.30 |
| | CFC | Phone call to K McAuliffe re dismisssal Ni/Lm | 0.08 365.00/hr | 29.20 |
| | BDL | Assisted attorney with preparing fax coversheet and faxed it to Sharon Newsome. | 0.08 115.00/hr | 9.20 |
| 5/17/2007 BDL | | Drafted letter to parent with copy of letter sent to Ms. Sharon Newsome. | 0.33 115.00/hr | 37.95 |
| 5/18/2007 CFC | | Discussion with the advocate re possibly rescheduling of hearing | 0.25 365.00/hr | 91.25 |
| | CS | Discussion with the child's attorney re possibly rescheduling of hearing | 0.25 185.00/hr | 46.25 |
| 5/22/2007 CFC | | Prepare disclosure to DCPS | 1.42 365.00/hr | 518.30 |
| 5/23/2007 BDL | | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing; includes copying and mailed. | 0.50 115.00/hr | 57.50 |
| | BDL | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier. | 1.50 115.00/hr | 172.50 |
| 5/24/2007 BDL | | Drafted letter to parent with copy of MDT notes 4-13-07. | 0.50 115.00/hr | 57.50 |
| 5/29/2007 CFC | | Discussion with D Hill re stay put and continuance | 0.17 365.00/hr | 62.05 |
| | CFC | Discussion with Blanca re continuance and call parent to explain effect on stay put | 0.25 365.00/hr | 91.25 |
| | BDL | Contacted parent re, HR sent memo to attorney. | 0.25 115.00/hr | 28.75 |

Tavon Lee                                                                                    Page    7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/30/2007 | CFC | Phone calls to and from T Puckett re continuance and drafting and filing continuance | 0.50 365.00/hr | 182.50 |
| 5/31/2007 | CFC | Appearance to 825 North Capital for due process hearing for continunace | 1.17 365.00/hr | 427.05 |
| 6/13/2007 | BDL | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing; includes copying and mailed. | 0.50 115.00/hr | 57.50 |
| 6/18/2007 | CS | Discussion with the child's attorney re upcoming due process hearing | 0.33 185.00/hr | 61.05 |
|  | KG | Prepared for Due Process Hearing | 2.00 365.00/hr | 730.00 |
|  | KG | Reviewed file | 1.00 365.00/hr | 365.00 |
|  | KG | Discussion with Cheron re: due process complaint | 0.33 365.00/hr | 120.45 |
| 6/19/2007 | KG | Prepared for Due Process Hearing - reviewed disclosures, prepared opening statement, questions for witnesses | 2.50 365.00/hr | 912.50 |
| 6/20/2007 | KG | Phone call to Ms. Lee re: Hearing and witness preparation | 0.25 365.00/hr | 91.25 |
| 6/21/2007 | CS | Discussion with the child's attorney re hearing and my testimony | 0.25 185.00/hr | 46.25 |
|  | KG | Discussion with Cheron re: upcoming hearing | 0.67 365.00/hr | 244.55 |
|  | KG | Prepared for Due Process Hearing | 0.75 365.00/hr | 273.75 |
| 6/22/2007 | KG | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
|  | KG | Phone call to parent to review hearing testimony | 0.75 365.00/hr | 273.75 |
|  | HR | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing on 6/29/07; includes copying and mailed | 0.33 115.00/hr | 37.95 |
|  | KG | Discussion with Roxanne in preparation for hearing | 0.50 365.00/hr | 182.50 |

Tavon Lee                                                                                    Page    8

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/22/2007 | HR | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 0.33<br>115.00/hr | 37.95 |
| 6/25/2007 | KG | Reviewed disclosures for hearing provided by DCPS | 0.50<br>365.00/hr | 182.50 |
|  | KG | Prepared for Due Process Hearing - prepare opening statement, questions for parent and DCPS | 0.50<br>365.00/hr | 182.50 |
|  | KG | Prepared for Due Process Hearing (with Mr. Hill) | 1.00<br>365.00/hr | 365.00 |
| 6/26/2007 | KG | Phone call to Ms. Lee to confirm attendance at hearing | 0.08<br>365.00/hr | 29.20 |
|  | KG | Reviewed case law re: resolution meetings/hearings | 0.42<br>365.00/hr | 153.30 |
| 6/27/2007 | CS | Drafted letter to parent re litigation team change | 0.42<br>185.00/hr | 77.70 |
| 6/28/2007 | KG | Prepared for Due Process Hearing | 1.50<br>365.00/hr | 547.50 |
| 6/29/2007 | KG | Appearance at Van Ness ES for due process hearing | 2.50<br>365.00/hr | 912.50 |
|  | SD | Appearance at Van Ness ES for due process hearing | 2.50<br>185.00/hr | 462.50 |
|  |  | For professional services rendered | 67.46 | $17,645.20 |
|  |  | Additional Charges : |  |  |
| 11/29/2006 |  | Copied; Intake paperwork for parent |  | 2.25 |
|  |  | copied intake documents |  | 17.00 |
| 11/30/2006 |  | copied letter to parent |  | 0.50 |
|  |  | Postage; letter to parent. |  | 0.39 |
| 12/1/2006 |  | Faxed doc to OSE re: (records + eval req) |  | 7.00 |
|  |  | Faxed doc to Community Academy re: (records + eval req) |  | 7.00 |
|  |  | Copied letter to parent |  | 1.25 |

Tavon Lee                                                                                          Page     9

|  |  | Amount |
|---|---|---|
| 12/1/2006 | Faxed doc to OGC re: (records + eval req) | 7.00 |
|  | Postage; letter to parent re: records and reevaluations request. | 0.87 |
| 12/12/2006 | Copied; Records for parent. | 32.50 |
|  | Rec'd faxed IEp from Community Academy | 10.00 |
| 12/13/2006 | Postage; Records to parent. | 4.20 |
| 12/14/2006 | Rec'd fax from OSE; certificate of No Records | 2.00 |
| 1/22/2007 | copied letter with mtg notes | 0.50 |
| 1/23/2007 | copied letter to parent re: ltr sent to SEC | 1.00 |
|  | Postage; Letter to parent. | 0.39 |
| 1/26/2007 | Faxed doc to CAPCS-Rand re: ltr | 1.00 |
|  | Received fax from Community PCS re: ltr | 4.00 |
| 1/31/2007 | Postage; Letter to parent re: Meeting notice. | 0.39 |
|  | copied letter to parent re: confirmation meeting notice | 1.25 |
|  | Postage; letter to parent | 0.39 |
|  | copied IEP and evals. for advocate | 14.25 |
| 2/5/2007 | copied IEP notes | 4.25 |
| 3/26/2007 | copied HR | 7.00 |
|  | Faxed HR to SHO | 8.00 |
| 3/27/2007 | Copied letter to parent | 0.50 |
|  | postage HR to parent | 0.63 |
| 3/28/2007 | Copied doc for parent re: LOI | 0.50 |
|  | Rec'd faxed letter of invitation from Community PCS | 2.00 |
|  | Copied doc for adv re: LOI | 0.50 |
| 3/30/2007 | copied schedule memorandum for parent | 1.00 |
|  | postage | 0.39 |

Tavon Lee                                                                    Page    10

|  |  | Amount |
|---|---|---|
| 4/4/2007 | Faxed doc to DCPS re: mtg confirmation | 2.00 |
|  | Faxed doc to CAPCS re: mtg confirmation | 2.00 |
| 4/16/2007 | Postage; Letter to parent re: Meeting notes. | 1.35 |
|  | copied mtg notes for parent and attorney | 7.00 |
| 4/17/2007 | Postage; Letter to parent. | 0.63 |
| 4/18/2007 | copied letter to parent | 1.50 |
|  | Facsimile; Stay put to OSE. | 1.00 |
| 5/4/2007 | copied letter to parent and advocate re: hearing notice | 0.75 |
| 5/7/2007 | Postage; Letter to parent. | 0.39 |
|  | Copied; HN for parent. | 0.50 |
| 5/9/2007 | Postage; Letter to parent re: Case status. | 0.39 |
| 5/11/2007 | Facsimile; Letter from Dalton, Dalton & Houston. | 10.00 |
| 5/15/2007 | Copied; Letter for parent. | 1.00 |
|  | Postage; Letter to parent. | 0.58 |
| 5/16/2007 | Faxed letter to SHO/OGC/Attorney | 12.00 |
| 5/17/2007 | Postage; Letter to parent. | 0.58 |
|  | copied letter to parent | 2.50 |
| 5/22/2007 | copied 5 day disclosures | 99.00 |
| 5/23/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | copied 5 day disclosures | 48.50 |
|  | Postage; Letter to parent re: HN | 0.41 |
|  | copied letter to parent re: HN | 0.50 |
| 5/24/2007 | copied letter to parent re: MDT notes | 4.00 |
|  | Postage; Letter to parent re: MDT Meeting notes | 0.92 |
|  | Facsimile; Disclosure from OGC. | 2.00 |

Tavon Lee                                                                          Page    11

|  |  | Amount |
|---|---|---|
| 5/30/2007 | Faxed motion for cont. to SHO, OGC, T. Puckett | 6.00 |
|  | copied continuance motion for attorney | 1.25 |
| 5/31/2007 | taxi from DCPS | 8.00 |
| 6/13/2007 | copied letter to parent | 1.00 |
|  | Postage; Letter to parent re: HN | 0.41 |
| 6/22/2007 | copied letter to parent re: HR notice | 1.25 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Incoming Fax from OGC - 5 Day | 40.00 |
|  | Postage; Letter to parent. | 0.41 |
|  | Postage; Letter to parent. | 0.58 |
|  | Copy for SHO/OGC Disclosure | 4.00 |
| 6/27/2007 | copied letter to parent | 0.50 |
|  | copied letter to parent | 1.00 |
| 6/29/2007 | Transportation service to and from  Van Ness ES for hearing | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $556.68 |
|  | Total amount of this bill | $18,201.88 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.17 | 130.00 | $22.10 |
| Blanca De La Sancha, Paralegal | 12.05 | 115.00 | $1,385.75 |
| Cheron Sutton-Brock, Advocate | 17.54 | 185.00 | $3,244.90 |
| Christie Fontaine-Covington, Attorney | 15.88 | 365.00 | $5,796.20 |
| Heidi Romero, Paralegal | 0.66 | 115.00 | $75.90 |
| James E. Brown, Attorney | 0.58 | 405.00 | $234.90 |
| Kimberly Glassman, Esq. | 16.75 | 365.00 | $6,113.75 |
| Michele Torry, Paralegal | 0.75 | 130.00 | $97.50 |
| Roxanne Neloms, Attorney | 0.58 | 365.00 | $211.70 |
| Stephanie Denzel, Advocate | 2.50 | 185.00 | $462.50 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS* *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student:   Tavon Lee    Date of Birth: May 4, 1999

Address: 931 Longfellow Street NW, Washington, DC 20011

Present School of Attendance: Community Academy

Parent/Guardian of the Student:  Ms. Natasha Lee

**B.** **Legal Representative/Attorney (if applicable):**
Name:   Christie Fontaine-Covington, Esq.

Address: 1220 L Street, NW, Suite 700, Washington, DC 20005

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.** **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

**XX** Charter school (name of the charter school if different from page one) _
Community Academy CAPCS-Rand which is its own LEA_____

☐ Non-public    school    or    residential    treatment    facility    (name)

_____

☐ Parent

**D.** **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.** **Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.** **Facts and Reasons for the Complaint:**

### I. Nature of the Problem.

1. Tavon Lee (hereinafter, Tavon, T.L. or the student) is a seven year old first grade student at Community Academy Public Charter School- Rand Tech. He began school at Truesdale Elementary where he remained for pre-k and kindergarten.

2. He was retained in kindergarten but transferred to Ideal Academy where he completed a second year of kindergarten. While he was at Ideal he was evaluated and determined as eligible for special education services with a developmentally disabled classification.

3. He has had an IEP for two years. He is classified as MD, ED, LD, OHI, and SLI. He receives 30.5 hours of special education services each week.

4. Student has had a functional behavioral assessment and currently has a behavioral intervention program in place. Tavon struggles to keep up in his classes and his behavior is very disruptive in class.

5. An MDT meeting was held on February 1, 2007. The purpose of the meeting was to review the IEP and to discuss placement. The IEP was revised with an increase in service hours from 27 to 30.5. The parent and the MDT team agreed that the current placement was not appropriate and that the student needed an appropriate placement. The DCPS placement specialist, Dr. Peagler was not at the meeting. CAPCS said that they would forward the new IEP to Dr. Peagler the next morning so that a meeting with a DCPS placement specialist present could be held. Nearly two months later Dr. Peagler's office has failed to propose meeting dates to discuss placement or to even offer a notice of placement.

## II. Specific Allegations

### 1. DCPS' failure to propose an appropriate educational placement in a timely manner is a violation of DCMR, the IDEIA and a denial of FAPE which entitles the student to compensatory education

Title 5, 3013.1 DCMR reads: The LEA shall ensure that the educational placement decision for a child with a disability is (a) made by a group of persons, including the parent and the other persons, knowledgeable about the child, the meaning of the evaluation data, and the placement options, made in conformity with the Least Restrictive Environment (LRE) provision of the Act and section 3011 of this chapter; (c) made within timelines consistent with applicable local and Federal law;..."

Tavon was evaluated and the assessments were completed in November 2006. The IEP was completed in November 2006 and revised February 2007. The DCPS placement specialist did not attend the MDT meeting held to discuss placement. A placement should have been proposed by DCPS before the end of February 2007. However, as of this date DCPS has not proposed an adequate placement for the student.

20 U.S.C. 1414(7) (e) states that "Each local educational agency or State educational agency shall ensure that the parents of each child with a disability are members of any group that makes decisions on the educational placement of their child." The parent has requested placement meetings but DCPS has not cooperated and has not fulfilled its obligation.  DCPS must hold a meeting with the parent's participation to agree on the IEP goals and decide on a proposed appropriate placement for the student.

T.L... is being denied FAPE because his assessments show that his current placement is inappropriate but DCPS will not meet with the parent and propose an appropriate placement for the student. Each day that T.L. remains in an inappropriate placement results in a loss of educational benefits for the student. This loss of educational benefit then triggers the need for compensatory education to remedy and

3

compensate the student for the time he has lost when he was made to remain in an inappropriate placement.

## 2. DCPS current placement for the student is inappropriate and can not accommodate student's IEP

The student's most recent IEP's state that the placement for him would be out of general education. General Education placement was rejected as not restrictive enough as was the combination of resource and general placement. According to Section V on his IEP he is supposed to spend 100% of his time in specialized instruction and related services and 0% of time in the regular education setting. Crystal Patterson the special education coordinator and the MDT team completed a prior notice requesting a change in placement because Community Academy Rand Campus is not restrictive enough and can not address the student's multiple needs.

## III. Issues presented.

**1. Whether DCPS' failure to propose an appropriate educational placement in a timely is a violation of DCMR, the IDEIA and is a denial of FAPE that entitles the student to compensatory education?**
**2. Whether student's current placement is inappropriate and unable to address the student's IEP and his multiple needs**

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS violated the IDEIA when it failed to have a placement specialist attend the meeting held to review the IEP goals and to propose an appropriate placement for the student

2. A finding that that student is entitled to compensatory education for the loss of educational benefit caused by DCPS failure to propose an appropriate placement.

3. A finding that the student's current placement is inappropriate and can not implement his IEP.

3. DCPS, within ten (10) calendar days of the issuance of the HOD to convene the student's MDT/IEP meeting to review the student's evaluations and develop the student's IEP, and discuss and determine appropriate placement and compensatory education.

4

4. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

5. In the event that the DCPS shall fail to comply with the terms herein, then the parents shall have the authority to use self help  without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

6. DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities,</u> 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

7. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

8. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c) (2) (B), provide the parents' representative, Christie Fontaine-Covington, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the   following:  1) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

9. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

10. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

11. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

12. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f) (1) (B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

14. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f) (1) (B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receives a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

15. DCPS ordered to pay reasonable attorney fees and costs

G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

H. **Signature:**

_____    _____
Legal Representative / Advocate (if applicable)    Date

Mail, fax or deliver this complaint notice to:
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

7

# Exhibit F



Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                              James Brown & Assoc., PLLC
    Attorney:                              James Brown
    Federal Tax ID No:                     52-1500760
    D.C. Bar No:                           61622

2.  Student Information
    Name:                                  Porter, Brandon
    DOB:                                   4/27/94
    Date Hearing Request Filed:            5/30/06
    Date(s) of Hearing:                    7/31/06
    Date of Determination (HOD/SA):        7/18/07
    Parent/Guardian Name:                  Evelyn Porter
    Parent/Guardian Address:               4020 First St., SE, #204
                                           Washington, DC 20036

3.  Invoice Information
    Invoice Number:                        07-231
    Date Request Submitted:                7/30/07
    Date(s) of Services Rendered:          8/17/06 to 7/18/07
    Attorney Hourly Rate:                  $    365.00
    Total Attorney Fees:                   $  1,406.40
    Total Attorney Costs:                  $    209.18
    Total Experts:                         $    384.80
    Total Invoice:                         $  2,000.38

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    •  All services listed on the enclosed invoices were actually performed;
    •  The entire amount requested on the enclosed invoice for payment of costs and expenses represents
       the actual amount of costs and expenses incurred;
    •  The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
       and expenses itemized on the enclosed invoice is requested;
    •  No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
       benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
       interest, either through an attorney, officer, or employee of the firm, in any special education
       diagnostic services, schools, or other special education service providers;
    •  I understand that the making of a false statement to an agency of the D.C. Government is
       punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____  7/30/07
    Signature                       Date

    *Revised Nov 2004*

# District of Columbia Public Schools

### Office of Management Services
### Tonya M. Butler-Truesdale, Due Process Hearing Officer
### 825 North Capitol Street, N.E.; Room 8076
### Washington, D.C. 20002
### (202) 518-6867
### Facsimile: (202) 442-5556

## Confidential

| | | |
|---|---|---|
| **BRANDON PORTER, STUDENT** | ) | |
| | ) | |
| Date of Birth: April 27, 1994 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: July 31, 2006* |
| | ) | |
| v. | ) | |
| | ) | |
| **THE DISTRICT OF COLUMBIA** | ) | |
| **PUBLIC SCHOOLS** | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |

## FINAL AFTER INTERIM HEARING OFFICER'S DECISION

**Parents:**  Ms. Evelyn Porter, Mother
4020 First Street, SE.
Washington, D.C. 20032

**Counsel for Petitioner:**  Domiento C. R. Hill, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

**Counsel for DCPS:**  Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

*In the Matter of B.P.*

## I.   JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to Public Law 108-446, the *Individuals with Disabilities Education Improvement Act of 1997 (I.D.E.I.A.)*, 20 U.S.C.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.   DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.   FIVE-DAY DISCLOSURE

Petitioner: Presented a Disclosures Letter and untabbed disclosures. The disclosure letter states that the packet contains disclosures labeled BP1-BP12. Petitioner presented Evelyn Porter, Petitioner's mother, as a witness.

Respondent: Presented a disclosure letter and untabbed disclosures labeled DCPS01-DCPS02.

## IV.   STATEMENT OF THE CASE

The Student Hearing Office of DCPS received a hearing request on May 30, 2006 and, scheduled a Due Process Hearing for July 31, 2006 at 3:00pm at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. The Hearing convened as scheduled. Petitioner alleges that DCPS failed to adhere to a hearing officer's determination dated March 6, 2006 ordering that a MDT meeting be convened to review Petitioner's evaluations and discuss and determine placement. Attorney Advisor Tiffany Puckett appeared in person for DCPS. Attorney Domiento Hill appeared in person on behalf of Petitioner.

## V.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

Respondent DCPS does not refute Petitioner's allegation that the MDT team which convened on June 1, 2006 failed to identify a placement or agree on the appropriateness of compensatory education. The team redefined Petitioner's disability classification and that redefinition may have further obscured the identification of a placement. While it is probable that the team planned to reconvene at some time in order to complete compliance with the hearing officer's determination, DCPS has failed to meet the timeline for complete performance. Hence, DCPS has not complied with the March 6, 2006 hearing officer's determination and further relief is warranted.

*In the Matter of B.P.*

Since the 2006-2007 school year begins within three weeks, placement must be expeditiously identified. Petitioner's counsel proffers that Petitioner has an application pending at Prospect Academy and has also been accepted at High Roads. Petitioner's mother provided unrefuted testimony that after touring both High Roads and Prospect Academy she felt that Prospect Academy was a better academic environment for her son in which her son could achieve educational benefit. On August 10, 2006, it was held by this hearing officer that DCPS should:

1.  place and fund Petitioner at Prospect Academy for the 2006-2007 school year contingent upon acceptance. The placement shall include transportation; and,

2.  convene a placement meeting to determine placement and if the Petitioner is not accepted at Prospect Academy

**IT IS FURTHER ORDERED,** that since the Petitioner has now begun Prospect Learning Center, a Final Order is now appropriate.

**IT IS FURTHER ORDERED,** that DCPS shall assure that an MDT meeting is convened to review all of Petitioner's evaluations and update the Petitioner's IEP, discuss and determine placement and determine if any compensatory education is warranted. If this meeting is not convened by August 11, 2007, DCPS shall fund an interim placement at Prospect until the meeting is convened. The interim placement shall include transportation.

Tonya M. Butler-Truesdale
Hearing Officer

Date:  July 17, 2007
* Interim Order issued August 10, 2006. Proposed Findings of Fact provided 6/16/07.

Issued:  7/18/07

3

*In the Matter of B.P.*

Copies to:

Domiento C. R. Hill, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

4

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: July 18, 2007

To:  D. Hill

Re:  Porter, Brandon

Total Number of Pages Including Cover: 5

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and  LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |
| CDS | Crystal D. Spruill |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| CBS | Dr. Carolynn D. Shumate, Ed. D. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @  $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

7/20/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Brandon Porter
Evelyn Porter
4020 1st Street., SE
Apt # 204
Washington DC 20032

July 24, 2007
In Reference To:    Brandon Porter
                    DOB: 4/27/94
Invoice #12652

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/17/2006 | CMM | Draft letter to Prospect Learning Center with copy of HOD requesting funding | 0.58 115.00/hr | 66.70 |
|  | CMM | Drafted letter to parent/enclosded copy of letter sent to Prospect Learning Center regarding placement funding | 0.58 115.00/hr | 66.70 |
| 8/18/2006 | DD | Reviewed the student's file to locate the student's most current IEP to provide to the principal at Prospect Learning Center. | 0.50 185.00/hr | 92.50 |
|  | DD | Phone call from parent to check status of new school year placement | 0.50 185.00/hr | 92.50 |
| 8/21/2006 | DD | Phone call to Hart to get a copy of his most recent IEP | 1.00 185.00/hr | 185.00 |
| 8/29/2006 | CMM | Drafted letter to parent/enclosed advocate letter, IEP and resolution meeting notes | 0.58 115.00/hr | 66.70 |
| 9/1/2006 | KD | copies made of Status Report and Rqst for Final Determination for hand-delivery to DCPS (8th and 9th Floors)/filed confirmations in case file/added to case notes | 0.25 115.00/hr | 28.75 |
| 2/28/2007 | DD | Reviewed MDT invitation letter received from paralegal | 0.08 185.00/hr | 14.80 |
| 4/17/2007 | BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 6/6/2007 | DH | Draft and send letter to the impartial due process hearing officer requesting a status report on the student's final HOD. | 0.33 365.00/hr | 120.45 |

Brandon Porter                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/16/2007 DH |  | Review the student's educational file, prepare Petitioner's Proposed Findings of Fact and Conclusions of Law for the impartial due process hearing officer. | 2.00 365.00/hr | 730.00 |
| 7/12/2007 KD |  | Drafted letter to parent/enclosed copy of Atty's 6-6-07 Ltr to DCPS rqstng final HOD decision/copy to advc and file/added to case notes | 0.58 115.00/hr | 66.70 |
| 7/16/2007 KD |  | Reviewed case file for 2006 HN, Interim HOD, and HR-Complaint Notice; sent same via fax to SHO (Tonya Butler-Truesdale)/re-filed originals in case file and added to case notes | 0.33 115.00/hr | 37.95 |
| 7/18/2007 KD |  | Drafted letter to parent/enclosed copy of the 7-18-07 HOD/copy to advc and file/added to case notes | 0.58 115.00/hr | 66.70 |
|  | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
|  |  | For professional services rendered | 8.39 | $1,791.20 |
|  |  | Additional Charges : |  |  |

| | | |
|---|---|---|
| 8/17/2006 | Postage; letter to parent | 0.39 |
|  | Facsimile; letter w/HOD from Prospect LC. | 5.00 |
| 8/20/2006 | Facsimile Received from Kano Hudson re: IEP | 8.00 |
| 8/21/2006 | Copied; IEP for parent and attorney. | 3.75 |
| 8/29/2006 | Postage; IEP and MDT w/letter to parent. | 1.11 |
| 9/1/2006 | Messenger Service to and from DCPS (Parent's Report) | 20.00 |
|  | Copied; request for final determination to SHO and OGC. | 12.50 |
| 4/17/2007 | Postage; Letter to parent re; case status. | 0.39 |
| 6/6/2007 | Faxed letter to OGC/SHO | 26.00 |
| 6/16/2007 | Faxed motion to OGC | 5.00 |
| 7/12/2007 | copied letter to parent re: atty's 6/6/07 ltr to DCPS requesting final HOD decision | 4.25 |
|  | Postage; letter to parent | 0.41 |
| 7/16/2007 | Faxed interim HOD, HN, HR to SHO | 14.00 |
| 7/18/2007 | copied letter to parent re: HOD | 1.50 |

Brandon Porter                                                                    Page    3

|  |  | Amount |
|---|---|---|
| 7/18/2007 | Rec'd faxed HOD from SHO | 5.00 |
| | copied HOD | 5.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total additional charges | $209.18 |
| | Total amount of this bill | $2,000.38 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.17 | 130.00 | $22.10 |
| Claudia M.Martinez, Paralegal | 1.74 | 115.00 | $200.10 |
| Domiento Hill, Attorney | 2.33 | 365.00 | $850.45 |
| Donte Davis, Advocate | 2.08 | 185.00 | $384.80 |
| James E. Brown, Attorney | 0.33 | 405.00 | $133.65 |
| Kelly Dau, Paralegal | 1.74 | 115.00 | $200.10 |



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student:  _Brandon Porter_  Date of Birth: April 27, 1994

Address:  4020 First Street, SE #204, Washington, DC 20032

Present School of Attendance:  Hart Middle School

Is this a charter school? __No__        (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ___Ms. Evelyn Porter___

## B.  Legal Representative/Attorney (if applicable):

Name: _Domiento C.R. Hill, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

## C.  Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter   school   (name   of   the   charter   school   if   different   from   page one)_____

☐ Non-public      school      or      residential      treatment      facility      (name)

_____

☐ Parent

## D.  Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.  Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F.  Facts and Reasons for the Complaint:

### I.  Nature of the Problem.

1. DCPS Denied the Student With a Free and Appropriate Public Education by Failing to Comply with the Hearing Officer's Decision of March 6, 2006, and do, *Inter Alia*, Reconvene the Student's MDT/IEP Meeting to Review the Student's Evaluations, Revise His Individualized Educational Program and Discuss and Determine Placement.  An

administrative due process hearing was held for the student on or about February 13, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter issued an administrative due process order in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, fund the parent's independent social history, adaptive vineland assessment, and speech and language evaluations. See Order dated March 6, 2006. The Order went on to state that DCPS will convene an MDT/IEP Meeting within fifteen (15) days of receipt of the last of the evaluations. Id.

The student's speech and language evaluation was conducted on or about March 21, 2006. See Speech and Language Evaluation dated March 21, 2006.

The student's adaptive vineland assessment was completed on or about April 20, 2006. See Adaptive Vineland Assessment dated April 20, 2006.

Copies of the student's evaluation were provided to the special education coordinator at the student's current school on or about May 1, 2006. DCPS never responded.

Counsel for the parent, on or about May 12, 2006, wrote to the Director of Mediation and Compliance, informing them that DCPS had yet to make any attempts to comply with the Order of the independent hearing officer. DCPS, for a second time, failed to respond.

A third letter was sent to DCPS, by counsel for the parent, on or about May 17, 2005, requesting that the student's MDT/IEP Meeting be reconvened. DCPS, for a third time, failed to respond.

## II. Issues presented.

1.  Whether or not DCPS denied the student a Free and Appropriate Public Education by failing to comply with the March 6, 2006, Order of the independent hearing officer.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, pursuant to the Conciliation Agreement entered into on May 12th, 1981 between the U.S. Department of Education and the District of Columbia Public Schools, hereby requests the following relief:

1.  A finding that DCPS denied the student a Free and Appropriate Public Education by failing to comply with the March 6, 2006 Order of the independent hearing officer;

2.  DCPS agrees to place and fund the student, at the Phillips School of Laurel, the Chelsea School, the Monroe School, the Lab School, or any other appropriate program the parent locates, with transportation;

3.  DCPS, within five (5) business days of their receipt of the evaluation(s) agrees to convene the student's BLMDT/IEP Eligibility Meeting, to review all outstanding evaluations, revise and update the student's IEP to reflect the need for a full-time special education program, discuss and determine if a change in placement is

necessary, and, and discuss and determine placement;

4.  DCPS agrees to provide the student with four (4) hours of compensatory education services a week, in the form of one-on-one tutoring, for two (2) years;

5.  DCPS agrees to pay counsel for the parent reasonable attorney's fees;

6.  All meetings shall be scheduled through counsel for the parent, Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

7.  DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

8.  Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9.  In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

11. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's regular education teacher, 2) the school counselor, 3) a special education teacher, 4) a representative of the local education agency with decision making authority, 5) a person who can interpret the data, 6) any person(s) who conducted any assessments on the student, and 7) any service providers for the student;

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

## G.  **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please                        specify                    the type)____ _____ _____ _____ _____
- Special        Communication        (please            describe        the type)____ _____ _____ _____ ___ _____

5

- Special       Accommodations       for       Disability       (please       be
  specific)_____
- Other_____

## H.   Signature:

_____    5/30/06
Legal Representative / Advocate (if applicable)       Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              4668
RECIPIENT ADDRESS     92024425556
DESTINATION ID
ST. TIME              05/30 07:38
TIME USE              00'52
PAGES SENT            7
RESULT               OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Ann Kreske* |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne J. Neloms |
| | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**TO:**    Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE**:   May 30, 2006

**FAX NO**: 202-442-5556

**SUBJECT:** B.P., DOB: 4/27/94

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 7

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance.

---

**STATEMENT OF CONFIDENTIALITY:**

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E Brown and Associates, PLLC immediately at (202) 742-2000. and destroy all copies of this message and any attachments.

# Exhibit G



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

**Office of the Superintendent**
**Office of the General Counsel**
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                               James E. Brown & Assoc., PLLC
    Attorney:                               James E. Brown
    Federal Tax ID No:                      52-1500760
    D.C. Bar No:                            61622

2.  **Student Information**
    Name:                                   Elvis, Dayvonne
    DOB:                                    6/18/97
    Date Hearing Request Filed:             5/16/07
    Date(s) of Hearing:                     7/19/07
    Date of Determination (HOD/SA):         7/26/07
    Parent/Guardian Name:                   Joann Elvis
    Parent/Guardian Address:                2417 18th Place, SE
                                            Washington, D.C. 20020

3.  **Invoice Information**
    Invoice Number:                         07-244
    Date Request Submitted:                 7/30/07
    Date(s) of Services Rendered:           10/20/06 to 7/27/07
    Attorney Hourly Rate:                   $    365.00
    Total Attorney Fees:                    $  7,245.30
    Total Attorney Costs:                   $    483.16
    Total Experts:                          $  2,451.25
    Total Invoice:                          $ 10,179.71

4.  **Certification (must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    -   All services listed on the enclosed invoices were actually performed;
    -   The entire amount requested on the enclosed invoice for payment of costs and expenses represents
        the actual amount of costs and expenses incurred;
    -   The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
        and expenses itemized on the enclosed invoice is requested;
    -   No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
        benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
        interest, either through an attorney, officer, or employee of the firm, in any special education
        diagnostic services, schools, or other special education service providers;
    -   I understand that the making of a false statement to an agency of the D.C. Government is
        punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          _____7/30/07_____
    Signature                                Date

                                                    *Revised Nov. 2004*

# District of Columbia Public Schools
## State Enforcement and Investigation Division
### Kimm H. Massey, Esq., Due Process Hearing Officer
1150 5th Street, S.E., Washington, DC 20003
Facsimile: (202) 689-3825
Phone: (202) 698-3819

**Confidential**

| | |
|---|---|
| ELVIS, DAYVONNE, Student ) | |
| Date of Birth: 06/18/1997 ) | |
| ) | |
| Petitioner, ) | **IMPARTIAL DUE** |
| ) | **PROCESS HEARING** |
| vs. ) | **OFFICER'S DECISION** |
| ) | |
| The District of Columbia Public Schools, ) | Complaint Date: May 16, 2007 |
| Attending: Moten Elementary School ) | |
| ) | Hearing Date: July 19, 2007 |
| Respondent. ) | |
| ) | Hearing Held: 1150 5th St., S.E. |
| | Washington, DC 20003 |

Parent:

Ms. JoAnn Elvis
2417 18th Place, S.E.,
Washington, DC 20020

Counsel for the Parent/Student:

John Straus, Esq.
James E. Brown and Assoc., PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005

District of Columbia Public Schools:

Stephanie Ramjohn Moore, Esq.
Attorney-Advisor
Office of the General Counsel
825 North Capitol Street, NE,
9th Floor
Washington, D.C. 20002

**JURISDICTION**

The Due Process hearing was convened and this Decision and accompanying Order written pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §§ 1400 et. seq., the implementing regulations for IDEIA, 34 C.F.R. Part 300, and Title V, Chapter 30 of the District of Columbia Municipal Regulations ("D.C.M.R.").

**INTRODUCTION**

Student is ten years old, and he attends Moten Elementary School ("Moten"). On May 16, 2007, counsel for Parent and Student ("Petitioner's counsel") filed a Due Process Complaint ("Complaint") against the District of Columbia Public Schools ("DCPS"), alleging that DCPS denied Student a free appropriate public education ("FAPE") by failing to conduct an educational achievement assessment for Student in violation of 34 C.F.R. §§ 300.303(a), 300.304(c)(4) and (6). As relief for DCPS's alleged violation of IDEIA, Petitioner requested, *inter alia*, a finding that Student had been denied a FAPE, the funding of an independent reevaluation of Student, and an IEP meeting to be convened after completion of the reevaluation.

DCPS did not respond to the Complaint. On May 30, 2007, Petitioner filed a Motion for Default Judgment ("Default Motion"), which was based upon DCPS's violation of 34 C.F.R. § 300.508(e) as a result of its failure to respond to the Complaint within ten days of receipt of same. By Order issued June 11, 2007, the chief hearing officer denied Petitioner's Default Motion as a pre-hearing matter.

The Student Hearing Office scheduled a Due Process Hearing for July 19, 2007 at 11:00 a.m. By letter dated July 12, 2007, Petitioner's Counsel disclosed four potential witnesses and fifteen documents labeled DE-1 through DE-15. DCPS did not submit a Five-Day Disclosure.

The due process hearing was convened on July 19, 2007. As preliminary matters, (1) Petitioner renewed its Default Motion, or in the alternative, requested that the burden of persuasion be shifted to DCPS due to its failure to respond to the Complaint, and (2) DCPS made an oral motion to dismiss, for a finding that the complaint was frivolous, and for sanctions. DCPS asserted in support of its motion that DCPS had been under the impression that Petitioner was going to withdraw its Complaint prior to the due process hearing because the Complaint concerned an educational evaluation that had been completed on April 27, 2007, which was prior to the filing of the Complaint on May 16, 2007. Petitioner's counsel responded that Parent was unaware that the evaluation had already been completed when the Complaint was filed, because Petitioner's counsel did not receive the evaluation report until June 7, 2007, when it was faxed to him by a staff member at Moten. Parent's counsel further represented that Student's current IEP does not reflect the results of the evaluation because the evaluation was completed after the IEP was prepared on March 7, 2007, that DCPS's letter offering to hold a resolution

session to review evaluations had been faxed to the wrong attorney in Plaintiff's office, with the result that Petitioner's counsel did not timely receive the letter, and that Petitioner's counsel later responded to DCPS, suggesting new dates for holding the resolution session, but never heard anything back.

Upon consideration of the arguments and representations of counsel, the hearing officer denied Petitioner's Default Motion, ruling that DCPS had withstood the motion by directing the hearing officer to evidence sufficient to support its belief that the Complaint was going to be withdrawn because the assessment at issue had already been completed. The hearing officer also denied DCPS's motion to dismiss, for a finding that the complaint was frivolous, and for sanctions, on the ground that Petitioner had withstood the motion by presenting evidence sufficient to demonstrate that Petitioner's counsel did not receive the evaluation report until after the Complaint had been filed.

Thereafter, Petitioner requested an IEP meeting to review the evaluation and revise Student's IEP, as appropriate, to address the recommendations included in the evaluation report, and DCPS requested a finding that there had been no denial of a FAPE in this case. The hearing officer agreed to order an IEP meeting to review the evaluation and revise Student's IEP, as appropriate. With respect to the issue of whether Student had been denied a FAPE, the hearing officer deferred ruling until issuance of the instant Decision and Order so as to ensure sufficient time to thoroughly review the record.


**WITNESSES**

**For Petitioner:**
None

**For DCPS:**
None


**FINDINGS OF FACT**

1. Student is ten years old, and he attends Moten Elementary School.[1]

2. In the evaluation report for a clinical evaluation of Student that was conducted on December 14, 2006 and January 15, 2007, the evaluator recommended updated testing to determine Student's current academic functioning levels, including an evaluation of his cognitive processing abilities.[2]

3. At a March 7, 2007 MDT/IEP meeting, the MDT team recommended an updated academic evaluation for Student and prepared a Student Evaluation Plan so indicating,

---

[1] *See* Complaint.
[2] Petitioner's Exhibit DE-12.

Parent signed a Consent for Evaluation form, and the MDT team recommended an extended school year ("ESY") program for Student to prevent him from regressing during the summer.[3]

4. By letter to DCPS dated April 11, 2007, Petitioner's counsel requested a status report on the educational evaluation of Student, along with any completed assessment reports.[4]

5. On May 16, 2007, Petitioner's counsel filed the Complaint that initiated this case.

6. On May 25, 2007, DCPS sent a letter to Petitioner's counsel's law firm, but addressed the letter to an attorney other than Petitioner's counsel. In the letter, DCPS suggested May 29, 30 or 31, 2007 as potential dates for a resolution session to review Student's completed evaluations and address other outstanding issues.[5]

7. By letter dated May 30, 2007, Petitioner's counsel advised DCPS that its May 25, 2007 letter offering to hold a resolution session had been sent to the wrong attorney, and Petitioner's counsel proposed alternative dates for the resolution session.[6]

6. By letter to DCPS dated May 31, 2007, Petitioner's counsel sent a follow-up to its April 11, 2007 letter to DCPS, noting that it had not received a response to the previous letter, and once again requesting a status report regarding the educational evaluation along with any completed assessment reports.[7]

7. On June 7, 2007, DCPS faxed a copy of Student's educational evaluation report to Petitioner's counsel. The report revealed that the evaluation had been conducted on April 27, 2007.[8]

8. By letter dated June 8, 2007, Petitioner's counsel once again advised DCPS that its letter offering to hold a resolution session had been sent to the wrong attorney and proposed alternative dates for the resolution session.[9]

9. To date, no meeting has been convened to review Student's completed educational evaluation and to revise, if appropriate, his IEP.


## CONCLUSIONS OF LAW

The only issue remaining for decision is whether Student has been denied a FAPE. At the due process hearing, DCPS maintained that there has been no denial of a FAPE. Petitioner's counsel asserted, however, that DCPS's conduct in this case deprived Parent

---

[3] Petitioner's Exhibit DE-13.
[4] Petitioner's Exhibit DE-14.
[5] Petitioner's Exhibit DE-7.
[6] Petitioner's Exhibit DE-9.
[7] Petitioner's Exhibit DE-8.
[8] Petitioner's Exhibit DE-15.
[9] Petitioner's Exhibit DE-6.

of an opportunity to participate in the decision-making regarding Student's education, which constituted a denial of a FAPE.

IDEIA provides that in matters alleging a procedural violation, a hearing officer may find that a child did not receive a FAPE only if the procedural inadequacies impeded the child's right to a FAPE, significantly impeded the parent's opportunity to participate in the decision-making process regarding the provision of a FAPE to the child, or caused a deprivation of educational benefits. 34 C.F.R. § 300.513

The evidence in this case demonstrates that DCPS conducted the educational evaluation of Student approximately thirty-seven school days after the MDT team requested the evaluation, but failed to timely forward the evaluation report to Petitioner's counsel. The evidence further demonstrates that although DCPS attempted to convene a resolution session in May of 2007 to review Student's evaluation, the resolution session was never held because DCPS inadvertently sent its letter to the wrong attorney at Petitioner's counsel's firm. The hearing officer concludes that DCPS's procedural missteps in this case did not rise to the level of a denial of a FAPE in light of the standard set forth at 34 C.F.R. § 300.513. However, because it has been determined that Student is eligible for ESY services, the hearing officer further concludes that DCPS must promptly convene an MDT/IEP meeting to review Student's educational evaluation report and revise his IEP, as appropriate.

In consideration of the foregoing, the hearing officer makes the following

## ORDER

1. Within five business days of the issuance of this Decision and Order, DCPS shall convene an MDT/IEP meeting to review the results of Student's April 27, 2007 educational evaluation and to revise, as appropriate, Student's IEP.

2. All communications made in connection with the execution of this Order shall be made through Petitioner's counsel.

This is the FINAL ADMINISTRATIVE DECISION in this matter. Any party aggrieved by the findings and decision may APPEAL to a State court of competent jurisdiction or a district court of the United States, without regard to the amount in controversy, within 90 days from the date of the decision pursuant to 20 U.S.C. § 1415(i)(2).


_____          7/24/2007
Kimm H. Massey, Esq.                      Date
Impartial Hearing Officer


Issued: 7/26/07
        Student Hearing Office, DCPS

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: July 26, 2007

To: John, Straus

Re: Elvis, Dayvonne

Total Number of Pages Including Cover: 7

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |
| CDS | Crystal D. Spruill |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| CBS | Dr. Carolynn D. Shumate, Ed. D. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

7/20/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Dayvonne Elvis

July 31, 2007

In Reference To: Dayvonne Elvis
DOB: 6/18/97

Invoice #12694

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/20/2006 | JS | Reviewed letter to parent | 0.08 365.00/hr | 29.20 |
| 10/25/2006 | JS | Draft letter to Moten Center, Office of General Counsel and parent | 0.33 365.00/hr | 120.45 |
| 11/6/2006 | JS | Reviewed letter to Mediation and Compliance, Lenore Verra, Dr. Quinn, Moten and parent | 0.08 365.00/hr | 29.20 |
| 11/13/2006 | DP | Phone call to Dr. Mack regarding phone number to the parent so that she can contact her regarding Evaluation of the student. | 0.25 115.00/hr | 28.75 |
| 11/15/2006 | JS | Reviewed letter to parent | 0.08 365.00/hr | 29.20 |
| | DP | Drafted letter to parent regarding letter drafted to DCPS by this office. Providing her with a copy for record. | 0.58 115.00/hr | 66.70 |
| 2/2/2007 | DP | Drafted letter to DCPS / Attorney notifying of the completed independent evaluations and requesting a meeting pursuant to the HOD. | 0.58 115.00/hr | 66.70 |
| | DP | Drafted letter to parent regarding completion of the independent evaluations. | 0.58 115.00/hr | 66.70 |
| | JS | Reviewed letter to Mediation and Compliance, Moten Elementary School, Office of General Counsel and parent | 0.08 365.00/hr | 29.20 |

Dayvonne Elvis

Page    2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/28/2007 | JS | Review the student's educational file, phone call to parent, conduct educational research to determine remedies available to the parent, draft and file administrative due process complaint notice alleging DCPS denied the student FAPE by failing to implement the IEP | 2.00 365.00/hr | 730.00 |
| 3/5/2007 | WD | Reviewed file. Called parent. Left message. | 0.33 185.00/hr | 61.05 |
| 3/6/2007 | WD | Reviewed file and prepared for meeting. | 1.00 185.00/hr | 185.00 |
| 3/7/2007 | WD | Attended MDT/IEP @ Moten ES. | 4.50 185.00/hr | 832.50 |
| 3/27/2007 | WD | Reviewed hearing request. | 0.17 185.00/hr | 31.45 |
| 3/30/2007 | DP | Prepared placement packet to Chelsea School, Kingsbury, High Road, Pathways, Potomac Ridge; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; copied and mailed documents. | 2.00 115.00/hr | 230.00 |
| | WD | Reviewed file. Called parent and school meeting notice.   Left message. | 0.75 185.00/hr | 138.75 |
| | JS | Reviewed letter to Potomac Ridge, High Roads, Kingsbury, Pathways | 0.08 365.00/hr | 29.20 |
| 4/6/2007 | WD | Reviewed file. | 0.50 185.00/hr | 92.50 |
| 4/11/2007 | JS | Reviewed letter from SHO | 0.08 365.00/hr | 29.20 |
| 5/1/2007 | DP | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing on May 10, 2007; includes copying and mailed. | 0.50 115.00/hr | 57.50 |
| 5/3/2007 | DP | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier. | 1.75 115.00/hr | 201.25 |
| | JS | Reviewed the student's educational file. Prepare disclosure documents for Office of General Counsel and Student Hearing Office in preparation for the student's administrative due process complaint hearing. Provided instructions to paralegal regarding filing documents. Send five-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.00 365.00/hr | 365.00 |
| 5/7/2007 | JS | Draft answer to motion to dismiss | 2.00 365.00/hr | 730.00 |

Dayvonne Elvis                                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/9/2007 WD | Prepared for Due Process Hearing | | 1.00<br>185.00/hr | 185.00 |
| 5/10/2007 WD | Appearance to 825 North Capital for due process hearing | | 1.25<br>185.00/hr | 231.25 |
| JS | Conduct final review of the parent's and DCPS' five-day disclosures and student's educational file, review questions for direct examination of parent witnesses, possible redirect, possible cross examination of DCPS witnesses, and conduct final witness preparation with the parent and educational advocate, review opening and closing statements, conduct last minute educational research and appearance at the student's administrative due process complaint notice hearing | | 2.00<br>365.00/hr | 730.00 |
| 5/15/2007 JS | Prepared and filed request for due process hearing to address DCPS' failure to conduct a reevaluation; failure to provide an appropriate IEP; and request for compensatory education services | | 2.00<br>365.00/hr | 730.00 |
| 5/16/2007 JEB | Examined and certified hearing request filed by attorney | | 0.58<br>405.00/hr | 234.90 |
| JS | Filed due process hearing request | | 0.08<br>365.00/hr | 29.20 |
| WD | Reviewed hearing request. | | 0.25<br>185.00/hr | 46.25 |
| 5/30/2007 JS | Draft motion for default decision | | 0.33<br>365.00/hr | 120.45 |
| 5/31/2007 JS | Reviewed letter to Moten Elementary School, Office of General Counsel and parent | | 0.08<br>365.00/hr | 29.20 |
| DP | Drafted letter to DCPS / Attorney requesting status reports on DCPS progress in completed evaluations requested by the parent. | | 0.58<br>115.00/hr | 66.70 |
| 6/15/2007 CMM | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on 6-8-07; includes copying and mailed | | 0.58<br>115.00/hr | 66.70 |
| 7/6/2007 DP | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing on July 19, 2007; includes copying and mailed | | 0.50<br>115.00/hr | 57.50 |
| 7/12/2007 DP | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier. | | 1.75<br>115.00/hr | 201.25 |
| JS | Reviewed the student's educational file.  Prepare disclosure documents for Office of General Counsel and Student Hearing Office in preparation for the student's administrative due process complaint hearing.  Provided instructions to paralegal regarding filing documents.  Send five-day | | 1.50<br>365.00/hr | 547.50 |

Dayvonne Elvis                                                                                Page    4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | | |
| 7/18/2007 | WD | Prepared for Due Process Hearing | 1.50 185.00/hr | 277.50 |
| | JS | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
| 7/19/2007 | WD | Appearance at Van Ness ES for due process hearing | 2.00 185.00/hr | 370.00 |
| | JS | Conduct final review of the parent's and DCPS' five-day disclosures and student's educational file, review questions for direct examination of parent witnesses, possible redirect, possible cross examination of DCPS witnesses, and conduct final witness preparation with the parent and educational advocate, review opening and closing statements, conduct last minute educational research and appearance at the student's administrative due process complaint notice hearing before Hearing Officer Massey | 2.50 365.00/hr | 912.50 |
| 7/26/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| | | For professional services rendered | 39.61 | $9,696.55 |

Additional Charges :

| | | |
|---|---|---|
| 11/6/2006 | Postage; Letter to parent re: evaluation request. | 0.39 |
| 11/15/2006 | Postage; Letter to parent. | 0.39 |
| 2/2/2007 | Postage; letter to parent (independent evals) | 0.87 |
| | copied letter to parent | 0.50 |
| 3/30/2007 | postage placement packs to High Road | 3.75 |
| | postage placement packs to Kingsberry | 3.75 |
| | postage placement packs Pathways | 3.75 |
| | postage placement packs to Potomac Ridge | 3.75 |
| | copied placement packet to Potomac Ridge | 25.75 |
| | copied placement packet to Pathways | 25.75 |
| | copied placement packet to Kingsberry | 25.75 |

Dayvonne Elvis                                                                                    Page      5

|  |  | Amount |
|---|---|---|
| 3/30/2007 | copied placement packet to High Road | 25.75 |
| 4/11/2007 | Rec'd faxed notice from SHO | 1.00 |
| 4/13/2007 | Facsimile; Letter from Potomac Ridge. | 2.00 |
| 5/1/2007 | copied letter to parent | 0.50 |
|  | Postage; Letter to parent. | 0.39 |
| 5/3/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied; Disclosure for SHO, OGC and attorney. | 80.25 |
| 5/10/2007 | Taxi service to and from DCPS for hearing | 17.00 |
| 5/16/2007 | Faxed HR to SHO | 7.00 |
|  | copied HR | 6.00 |
| 5/25/2007 | Facsimile; Letter from Wilkinson. | 4.00 |
| 6/15/2007 | Postage; Letter to parent re: HOD. | 0.58 |
|  | copied letter to parent re: HOD | 2.25 |
| 7/6/2007 | Postage; letter to parent. | 0.41 |
|  | copied letter to parent | 0.50 |
| 7/12/2007 | copied disclosures | 74.25 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | -20.00 |
| 7/19/2007 | Transportation service to and from  Van Ness ES for hearing | 16.00 |
| 7/26/2007 | copied HOD | 7.00 |
|  | Rec'd faxed HOD from SHO | 7.00 |
| 7/27/2007 | File review preparation of bill and invoice audit | 96.88 |

|  | Total additional charges | $483.16 |
|---|---|---|
|  | Total amount of this bill | $10,179.71 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Claudia M.Martinez, Paralegal | 0.58 | 115.00 | $66.70 |

Dayvonne Elvis

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| David Proctor, Paralegal | 9.07 | 115.00 | $1,043.05 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| John Straus, Attorney | 15.80 | 365.00 | $5,767.00 |
| Williams Daywalt Jr., Advocate | 13.25 | 185.00 | $2,451.25 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student: _Dayvonne Elvis_ Date of Birth: June 18, 1997

Address: _2417 18th Place, S.E., Washington D.C. 20020_

Present School of Attendance: _Moten Elementary School_

Parent/Guardian of the Student: __Joann Elvis__

**B.**    **Legal Representative/Attorney (if applicable):**

Name: ____John Straus, Esq.____

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_    (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.**    **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**PLEASE SCHEDULE AN EXPEDITED HEARING FOR THIS MATTER**

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing _only_ at this time.**

**F.**    **Facts and Reasons for the Complaint:**

### I.    Nature of the Problem.

1.  On May 13, 2005, the student received a Clinical/Psychoeducational evaluation. The evaluation report states, in part, "Dayvonne should…receive special education services under 'Other Health Impaired'." *See* Clinical/Psycho-educational evaluation, dated May 17, 2005.

2

2. On May 31, 2005, the IEP team convened and determined that Dayvonne is a student with a disability under the Individuals with Disabilities Education Act.

3. On December 14, 2006 and January 15, 2007, the student received a Clinical Psychological assessment. Te evaluator reviewed the May 2005 Psychoeducational assessment and recommended updated testing to determine the student current academic functioning levels, including an evaluation of the student cognitive processing abilities. *See* Clinical Evaluation, dated December 14, 2006 and January 15, 2007.

4. On March 7, 2007 the team convened to review the Clinical Psychological Evaluation and Social History. The team determined the student requires an educational achievement assessment based on the recommendation in the clinical evaluation. *See* IEP and meeting notes, dated March 7, 2007.

5. On April 11, 2007, the parent, through counsel requested a status report regarding the student's educational evaluation. *See* correspondence, dated April 11, 2007.

6. To date, to the best of the parent's knowledge an understanding, DCPS has yet to complete the educational achievement assessment.

## II. Issue presented

**DCPS failed to provide a free and appropriate public education by failing to complete a reevaluation of the student.**

Pursuant to 34 C.F.R. § 300.303 (a), DCPS "must ensure that a reevaluation of each child with a disability is conducted…if [DCPS] determines that the educational or related services needs, including improved academic achievement and functional performance, of the child warrant a reevaluation; or if the child's parent or teacher requests a reevaluation." Pursuant to 34 C.F.R. § 300.304(c)(4) and (6), DCPS shall ensure that "the child is assessed in all areas related to the suspected disability…[and] in evaluating each child with a disability…the evaluation is sufficiently comprehensive to identify all of the child's special education and related services needs, whether or not commonly linked to the disability category in which the child has been classified."

On March 7, 2007, the IEP team determined the student requires an educational achievement assessment. There is nothing in the record that indicates DCPS completed an educational achievement assessment.

## III.    Relief Sought.

1. A finding that DCPS denied the student a free and appropriate public education by failing to complete a reevaluation of the student.

2. DCPS shall fund an independent reevaluation of the student; including an educational achievement assessment and any other assessments determined necessary by the evaluator.

3. DCPS shall convene an IEP Meeting within five days of receipt of the evaluations, to review the assessments, revise the IEP consistent with the assessments and determine an appropriate placement for the student where the IEP may be implemented. If the student is placed outside of the District of Columbia, DCPS shall complete the interstate compact and level of care within five days. All issues with respect to compensatory services are reserved.

4. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

5. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6. DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

7. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

8. In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

9. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

10. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

11. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the

complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

12. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

13. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

14. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

15. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that BP's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

16. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

**H.**    **Signature:**

_John Sha_  May 16, 2007_____
Legal Representative / Advocate (if applicable)            Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

# Exhibit H



Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                           James Brown & Assoc., PLLC
    Attorney:                           James Brown
    Federal Tax ID No:                  52-1500760
    D.C. Bar No:                        61622

2.  Student Information
    Name:                               Mafuz, Raphael
    DOB:                                12/16/97
    Date Hearing Request Filed:         5/25/07
    Date(s) of Hearing:                 7/26/07
    Date of Determination (HOD/SA)      7/31/07
    Parent/Guardian Name:               Cheryl Mafuz
    Parent/Guardian Address:            2633 Stanton Rd., SE, #302
                                        Washington, DC 20020

3.  Invoice Information
    Invoice Number:                     07-264
    Date Request Submitted:             3/16/07
    Date(s) of Services Rendered:       2/21/07 to 8/6/07
    Attorney Hourly Rate:               $    365.00
    Total Attorney Fees:                $  4,631.90
    Total Attorney Costs:               $    238.03
    Total Experts:                      $  1,418.95
    Total Invoice:                      $  6,288.88

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    *   All services listed on the enclosed invoices were actually performed;
    *   The entire amount requested on the enclosed invoice for payment of costs and expenses represents
        the actual amount of costs and expenses incurred;
    *   The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
        and expenses itemized on the enclosed invoice is requested;
    *   No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
        benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
        interest, either through an attorney, officer, or employee of the firm, in any special education
        diagnostic services, schools, or other special education service providers;
    *   I understand that the making of a false statement to an agency of the D.C. Government is
        punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____        8/16/07
    Signature                              Date

    Revised Nov 2004

# District of Columbia Public Schools
## State Enforcement and Investigative Division

## CONFIDENTIAL

**Marsha Epps Edwards, Esquire**
*Due Process Hearing Officer*
1150 5th Street, S.E.
Washington, D.C. 20003
(202) 698-3819 (telephone)
(202) 698-3825 (facsimile)

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | HEARING OFFICER'S DECISION |
| Raphael Mafuz, Student | ) | |
| Date of Birth: 16 December 1994 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Request Date: 25 May 2007 |
| | ) | Resolution Session Date: 11 June 2007 |
| v. | ) | Hearing Date: 26 July 2007 |
| | ) | |
| District of Columbia Public Schools | ) | Held at: 1150 5th Street, S.E. |
| Home School: Kendall Elementary | ) | Washington, D.C. 20003 |
| *Kimball †EE* | ) | |
| Respondent. | ) | |

Parent:

    Ms. Cheryl Mafuz
    123 Name of Street
    Washington, D.C.

Parent's Counsel:

    John Straus, Esquire
    James E. Brown & Associates PLLC
    1229 L Street, N.W., Suite 700
    Washington, D.C. 20005

Counsel for District of Columbia Public Schools:

    Tiffany Puckett, Esquire
    Office of the General Counsel
    DCPS
    825 North Capitol Street, N.E.
    Washington, D.C. 20002

# 𝔇istrict of 𝔆olumbia 𝔓ublic 𝔖chools
## 𝔖tate 𝔈nforcement and 𝔍nvestigative 𝔇ivision
## INDEX OF NAMES
### Raphael Mafuz
### 26 July 2007

| | |
|---|---|
| Assistant superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Student and Student's DCPS ID# or SSN | |
| Parent/Guardian (specific relationship) | |
| Student's/Parent's Representative | John Straus, Esquire |
| DCPS Representative | Tiffany Puckett, Esquire |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## INTRODUCTION

This hearing was held on Thursday, 26 July 2007 at 1150 5th Street. S.E., Washington, D.C. 20003. John Straus, Esquire represented the parent, who was present. Tiffany Puckett, Esquire represented DCPS. The educational advocate, Mr. William Daywalt, testified by telephone. The parent waived review of due process rights.

## JURISDICTION

This hearing was held and this decision was written pursuant to P.L. 108-446, the *Individuals with Disabilities Education Improvement Act of 2004* ("IDEA"), Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT OF THE CASE AND BACKGROUND INFORMATION

The child, who is nine years old and has been classified with multiple disabilities, is enrolled at Kimball Elementary School. He lives with his maternal grandmother. The Complaint alleges that on or about 9 June 2006, the IEP team determined that the student required psychological, speech-language and occupational therapy assessments.

The Complaint further alleges that on or about 21 September 2006, a psycho-educational assessment was completed by DCPS [RM-06]. The evaluator noted that the student was hospitalized at Children's Hospital in 2005 due to head trauma and that the student may be a student with Traumatic Brain Injury. The assessment recommended that the student be referred for a neurological assessment and potentially for neuropsychological testing. The same psycho-educational evaluation suggested that an occupational therapy evaluation may be useful.

On or about 28 November 2006, the Complaint alleges that the parent, through counsel, requested that DCPS conduct a neurological assessment, a neuropsychological assessment, and an occupational therapy assessment. To date, the Complaint states, DCPS has failed to conduct a neurological evaluation or a neuropsychological evaluation, and to convene an IEP meeting to review the evaluations.

## PRELIMINARY MATTERS

Parent's counsel made an oral motion for a default determination based on the notes from the Resolution Meeting, at which it is alleged that DCPS refused to conduct the requested evaluations. The refusal, counsel stated, prejudiced the parent's case, as does DCPS's failure to provide a timely response. The suspected disability that precipitated parent's request for the evaluations is Traumatic Brain Injury, which is recognized by *IDEA* as a disability.

DCPS's counsel opposed the motion, stating that it was not timely in that it was not filed five days prior to the hearing, as required by the Standard Operating Procedures. There is

1

no prejudice to the child, DCPS argued, because the parent already was aware of DCPS's position, since several meetings have been held and the parent has been notified of the agency's reason for not providing all of the requested evaluations.    There has been nothing presented by the parent to establish a need for neurological or neuropsychological evaluations, counsel stated.

Ruling was reserved until the final Determination is issued.

## DUE PROCESS RIGHTS

Reading of due process rights was waived.

## DOCUMENTS

*Parent's counsel timely produced the following documents:*

Documents identified as RM-01 through RM-11 were listed in parent's disclosure, and that index is incorporated herein by reference.

*DCPS's counsel produced the following documents following the disclosure deadline:*

Documents identified as DCPS-01 through DCPS-02 were listed in DCPS's disclosure, and that index is incorporated herein by reference.

DCPS-001 is the same as RM-01.  DCPS-02 is a computer generated version of  the student's most recent IEP, which lacks the handwritten notes.

*The Hearing Officer requested and hereby takes administrative notice of the following:*

IEP dated 14 June 2007.

## ISSUES AND CONTENTIONS

*The parent, through counsel, raised the following issues:*

1.      Whether DCPS denied the student a free appropriate public education ("FAPE") by failing to provide neurological and neuropsychological evaluations;

2.      Whether DCPS denied the student FAPE by refusing to review the evaluations.

*DCPS, through counsel raised the following defense:*

1.      DCPS conducted a neuropsychological evaluation of the student in August of 2005 and reviewed the evaluation at an October 2006 IEP meeting;

2.    An independent psycho-educational evaluation was completed in October of 2006.

## TESTIMONY

Ms. Cheryl Mafuz, the maternal grandmother and guardian of the child, testified that the child spent his first two and a half years in foster care before coming to live with her in 2001. She began the evaluation process after his behaviors began manifesting.

The student was found eligible for special education services while enrolled at Payne Elementary and Savoy Elementary Schools, before coming to Kimball. DCPS referred the child to Children's Hospital.

Ms. Mafuz testified that around the spring of 2006, the child had a flashback while being bathed and began screaming that he'd been hit on the head by the foster mother in his previous placement. Ms. Mafuz testified that she became aware of the head injury after the 2005 neuropsychological assessment.

Ms. Mafuz stated that she wants additional evaluations conducted because the child has a difficult time remembering and gets frustrated because he can't remember.

She is unaware of occupational therapy assessments having been done, although she state on cross examination that she recalled DCPS stating during the February 2007 meeting that she attended by telephone. that it would fund an occupational therapy evaluation

Ms. Mafuz was present at the 14 June 2007 IEP meeting. She was accompanied by her educational advocate, and signed off on the IEP.

Mr. William Daywalt, educational advocate, has been to several meetings at Kimball Elementary School regarding the student. He mentioned the February 2007 and June 2007 meetings in particular.    In February, the student's current IEP and current placement were reviewed.    The independent psycho-educational evaluation was not reviewed because the parent had failed to ensure that the evaluation was presented on the evaluator's letterhead.  He did not recall whether the psycho-educational assessment recommended any additional assessments, although there was a discussion concerning an outstanding occupational therapy assessment that was subsequently completed and reviewed at the June 2007 meeting. He verified that the IEP was adjusted in May 2007 to reflect the occupational therapist's findings and recommendations, and recalled a discussion about an existing and current neuropsychological evaluation

## FINDINGS OF FACT

The child has been in the legal custody of his guardian and maternal grandmother since April of 2001, when he was three years old [RM-06]. From birth until age three, the child was in foster care. *Id.* The child has attended DCPS since enrolling in kindergarten at age five. He was determined eligible for special education services on 18 May 2005

3

RM-05]. He has been diagnosed as OHI (Other Health Impaired) with Educational Disability, Emotional Disturbance.

He was living with his grandmother at the time he was hospitalized at Children's Hospital during 2005 due to head trauma. *Id.* The psycho-educational evaluation completed is September of 2006 indicated that "further testing for neurological indicators is likely to be beneficial." [RM-06] The parent requested additional evaluations under the belief that the child may possibly suffer from Traumatic Brain Injury in addition to the existing classifications of OHI with Educational Disability and Emotional Disturbance.

The neuropsychological evaluation was first requested in November of 2006 [RM-07]. However, a hearing was requested on this matter in February of 2007, and a Resolution Meeting held [RM-08]. Although the meeting notes do not indicate whether the evaluations that had been recommended in the psycho-educational evaluation were to be provided or funded by DCPS, the parent later notified the agency that the parent had obtained independent comprehensive occupational therapy and psycho-educational evaluations [RM-10], which begs the question as to why the parent chose not to obtain the other evaluations independently.

The Hearing Officer did not find the parent to be a particularly credible witness, and has heavily relied on the record, such as it is, in reaching a Determination in this matter.

## CONCLUSIONS OF LAW

*IDEA* requires that a child be evaluated in all areas of suspected disability. 34 C.F.R. § 300.301. It also states that a child with a disability must be reevaluated if the agency determines that circumstances warrant, or if the parent or teacher requests a reevaluation. 34 C.F.R. § 300.303 (a) (1), (2). Assuming that DCPS had provided a neuropsychological evaluation in 2005, the parent requested a new one after a 2006 psycho-educational evaluation recommended further evaluations as a result of the head trauma that the child experienced. DCPS, however, provided no documentary or testimonial evidence to support a finding that DCPS conducted evaluations after the student suffered the head trauma. The agency could have opted to request a due process hearing to prove that the evaluations were unnecessary, but it failed to do that as well.

DCPS has failed to establish that it has complied with the requirements of *IDEA* by evaluating the student in all areas of suspected disability.

## DECISION AND ORDER

DCPS shall immediately fund independent neuropsychological and neurological evaluations;

The parent shall provide DCPS with copies of the evaluations within 48 hours of receipt;

4

DCPS shall schedule a meeting within 10 business days of the receipt of the last evaluation, convene a meeting to discuss the findings, and adjust the student's IEP and placement, if warranted.

## APPEAL PROCESS

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

*Marsha Epps Edwards*

Marsha Epps Edwards, Esquire
Independent Hearing Officer

Date:   31 July 2007
Issued: 7/31/07

5

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| **Raphael Mafuz** | ) | |
| Petitioner, | ) | **IMPARTIAL** |
| v. | ) | **DUE PROCESS HEARING** |
| | ) | |
| **District of Columbia Public Schools,** | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEA) 20 U.S.C. §§ 1400 et seq.

**Case Information:**   **Hearing Request Date:** 25 May 2007
**Hearing Date:** 26 July 2007
**Held at:**   1150 5th Street, S.E.
Washington, D.C. 20003
**Student's Birth Date:**  16 December 1997
**Attending School:** Kimball Elementary

## CERTIFICATION OF RECORD

I, **Marsha Epps Edwards**, Impartial Due Process Hearing Officer in this matter,

do hereby certify that I have returned the entire record  to the Student Hearing Office in

the above captioned matter  consisting of all:

a. documents and tangible things submitted to the Hearing Officer during the hearing, whether or not formally admitted into evidence, along with an index of exhibits admitted;
b. correspondence and pleadings filed with the Student Hearing Office (exhibits, letters, pleadings, files or orders); and
c. Interim Orders and the Hearing Officer's Determinations.

I further certify that the materials included in the SHO file for this student are

either the original or true copy of the original documents submitted in this matter.

Executed this 31st day of July, 2007.       *Marsha Epps Edwards*

Marsha Epps Edwards, Esquire
Due Process Hearing Officer

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: July 31, 2007

To:  J. Straus

Re:  Mafuz, Raphael

Total Number of Pages Including Cover: 9

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |
| CDS | Crystal D. Spruill |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| CBS | Dr. Carolynn D. Shumate, Ed. D. |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Mafuz, Rapheal
Cheryl Mafuz
2633 Stanton Road, SE
#302
Washington DC 20020

August 08, 2007

In Reference To:  Rapheal Mafuz
DOB: 12/16/97

Invoice #12710

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/21/2007 | JS | Reviewed letter to Kimball Elementary School, Office of General Counsel and parent | 0.08 365.00/hr | 29.20 |
|  | DP | Drafted letter to DCPS / Attorney requesting a copy of the evaluations requested or a status report regarding the evaluations. | 0.58 115.00/hr | 66.70 |
| 2/28/2007 | DP | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on February 15, 2007; includes copying and mailed | 0.58 115.00/hr | 66.70 |
|  | JS | Reviewed letter to parent | 0.08 365.00/hr | 29.20 |
| 3/2/2007 | DP | Drafted letter to DCPS / Attorney notifying them of the intent of this office to secure independent evaluations regarding the students. | 0.58 115.00/hr | 66.70 |
|  | DP | Prepared independent evaluations/assessments referral packet to Cohn & Associates/etc; includes reviewing file, retrieving evaluations, IEP, school records and draft letter; fax. | 1.00 115.00/hr | 115.00 |
| 3/12/2007 | WD | Attended MDT/IEP @ Kimball ES | 3.00 185.00/hr | 555.00 |
| 4/5/2007 | WD | Discussion with the child's attorney. | 0.17 185.00/hr | 31.45 |
|  | JS | Discussion with advocate | 0.17 365.00/hr | 62.05 |

Mafuz, Rapheal                                                                                         Page    2

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/16/2007 | DP | Drafted letter to DCPS / Attorney notifying of the completion of the independent evaluations recieved by this office. | 0.50 115.00/hr | 57.50 |
|  | DP | Drafted letter to parent providing her with a copy of the independent evaluations recieved by this office.  Also provided her with a copy of the letter sent to DCPS. | 0.50 115.00/hr | 57.50 |
| 4/17/2007 | WD | Reviewed file. | 0.50 185.00/hr | 92.50 |
| 5/22/2007 | JS | Prepared and filed request for due process hearing to address DCPS' failure to conduct reevaluations; failure to provide an appropriate IEP; and request for compensatory education services | 2.00 365.00/hr | 730.00 |
| 5/25/2007 | JEB | Examined and certified hearing request filed by attorney | 0.50 405.00/hr | 202.50 |
|  | JS | Filed due process hearing request | 0.08 365.00/hr | 29.20 |
| 6/8/2007 | WD | Reviewed file and prepared for meeting | 1.00 185.00/hr | 185.00 |
| 6/11/2007 | WD | Attended MDT/IEP @ Kimball ES | 3.00 185.00/hr | 555.00 |
| 7/19/2007 | JS | Reviewed the student's educational file.  Prepare disclosure documents for Office of General Counsel and Student Hearing Office in preparation for the student's administrative due process complaint hearing.  Provided instructions to paralegal regarding filing documents.  Send five-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.50 365.00/hr | 547.50 |
|  | DP | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier. | 2.00 115.00/hr | 230.00 |
|  | DP | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing on July 27, 2007; includes copying and mailed. | 0.50 115.00/hr | 57.50 |
| 7/26/2007 | JS | Conduct final review of the parent's and DCPS' five-day disclosures and student's educational file, review questions for direct examination of parent witnesses, possible redirect, possible cross examination of DCPS witnesses, and conduct final witness preparation with the parent and educational advocate, review opening and closing statements, conduct last minute educational research and appearance at the student's administrative due process complaint notice hearing before Hearing Officer Edwards | 4.00 365.00/hr | 1,460.00 |

Mafuz, Rapheal                                                                                    Page     3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/1/2007 | DP | Prepared independent evaluations/assessments referral packet to Interdynamics; includes reviewing file, retrieving evaluations, IEP, school records and draft letter; copied documents and faxed. | 1.00 115.00/hr | 115.00 |
| | DP | Drafted letter to DCPS / Attorney notifying them of the referral for independent evaluations sent by this office pursuant to the HOD. | 0.58 115.00/hr | 66.70 |
| | DP | Drafted letter to parent regarding independent evaluation referral sent by this office. | 0.58 115.00/hr | 66.70 |
| | DP | Prepared independent evaluations/assessments referral packet to Interdynamics; includes reviewing file, retrieving evaluations, IEP, school records and draft letter; copied documents and faxed. | 1.00 115.00/hr | 115.00 |
| | JS | Reviewed letter to Mediation and Compliance, Office of General Counsel, Kimball Elementary School and parent | 0.08 365.00/hr | 29.20 |
| | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| 8/2/2007 | JS | Phone call from parent regarding HOD | 0.33 365.00/hr | 120.45 |
| 8/3/2007 | DP | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on July 31, 2007; includes copying and mailed. | 0.50 115.00/hr | 57.50 |
| 8/6/2007 | JS | Phone call from parent regarding Interdynamics | 0.33 365.00/hr | 120.45 |
| | | For professional services rendered | 27.05 | $6,050.85 |

Additional Charges :

| | | | |
|---|---|---|---|
| 2/28/2007 | Postage; Letter to parent re: HOD. | | 0.63 |
| | copied letter to parent | | 0.50 |
| 4/9/2007 | Rec'd faxed OT from Conaboy | | 10.00 |
| 4/16/2007 | Postage; Evalautions to parent. | | 1.11 |
| | copied letter to parent | | 0.50 |
| 5/25/2007 | copied hearing request | | 6.00 |
| | Faxed hearing request to SHO | | 7.00 |
| 7/19/2007 | copied disclosures | | 60.50 |

Mafuz, Rapheal                                                                    Page      4

|            |                                                        | Amount |
|------------|--------------------------------------------------------|--------|
| 7/19/2007  | copied letter to parent                                | 0.50   |
|            | Postage; letter to parent                              | 0.41   |
|            | Messenger Service to and from DCPS (5-day Disclosures)  | 20.00  |
| 7/26/2007  | Transportation service to and from  Van Ness ES for hearing | 16.00 |
| 7/31/2007  | Rec'd faxed HOD from SHO                                | 9.00   |
|            | copied HOD                                             | 9.00   |
| 8/6/2007   | File review preparation of bill and invoice audit      | 96.88  |
|            | Total additional charges                               | $238.03 |
|            | Total amount of this bill                              | $6,288.88 |

## User Summary

| Name                        | Hours | Rate   | Amount    |
|-----------------------------|-------|--------|-----------|
| David Proctor, Paralegal    | 9.90  | 115.00 | $1,138.50 |
| James E. Brown, Attorney    | 0.83  | 405.00 | $336.15   |
| John Straus, Attorney       | 8.65  | 365.00 | $3,157.25 |
| Williams Daywalt Jr., Advocate | 7.67 | 185.00 | $1,418.95 |

*State Education Agency for the District of CQ*
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child.  **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.   Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a **"Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.   You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   **INFORMATION ABOUT THE STUDENT:**

Name of the Student: <u>Raphael Mafuz</u> Date of Birth: December 16, 1997

Address: 2633 Stanton Road, S.E., Apartment #302, Washington, DC 20020

Present School of Attendance: Kimball Elementary School

Parent/Guardian of the Student: Cheryl Mafuz

## B.   <u>**Legal Representative/Attorney:**</u>

Name: John Straus, Esq.

Address: 1220 L Street, N.W., Suite 700

Washington, DC 20002

Phone: (w) (202) 742-2000 (Fax) (202) 742-2098

Will attorney / legal representative attend the resolution session?  X Yes        ☐ No

## C.    Complaint Made Against (check all that apply):

X DCPS school (name of the school if different from page one)_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.    Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

## I am requesting an administrative due process hearing only.

## F.    Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

### I. Nature of the problem.

1. On June 9, 2006, the IEP team determined that the student required a Psychological Assessment, Speech and Language assessment and an Educational assessment. *See* IEP and meeting notes, dated June 9, 2006.

2. On September 21, 2006, the student received a psychoeducational assessment from DCPS. The evaluator noted the student was hospitalized at Children's Hospital, Washington, DC in 2005 due to head trauma and that the student may be a student with a Traumatic Brain Injury. The assessment recommended the student be referred for neurological assessment and potentially neuropsychological testing. An occupational

2

*See* Psychoeducational Evaluation, dated October 5, 2006.

3. On November 28, 2006, the parent, through counsel, requested DCPS conduct a Neurological assessment, Neuropsychological assessment and an Occupational Therapy assessment. *See* correspondence, dated November 28, 2006.

4. On February 26, 2007, the IEP team determined that DCPS will fund an independent Occupational Therapy evaluation. The team agreed to determine the need for a Neurological assessment and a Neuropsychological assessment after the team reviews the October 5, 2006 Psychoeducational assessment. *See* resolution meeting notes, dated February 26, 2007. *See* Resolution meeting notes, dated February 26, 2007.

5. On March 22, 2007, the student received an independent Occupational Therapy evaluation. The evaluator recommended the student receive thirty minutes of Occupational Therapy per week and provided specific recommendations regarding occupational therapy services and classroom accommodations. *See* Comprehensive Occupational Therapy Evaluation, dated March 22, 2007.

6. On April 16, 2007, the parent, through counsel, sent a copy of the October 5, 2006 psychoeducational assessment and the March 22, 2007 Occupational Therapy assessment and requested an IEP team meeting. *See* correspondence, dated April 16, 2007.

7. To date, to the best of the parent's knowledge, DCPS has not conducted Neurological assessment or a Neuropsychological assessment of the student or convene an IEP team to review the assessments.

**II. Issues presented.**

    **1. DCPS failed to evaluate the student in all areas of suspected disability to determine the student's special education and related services needs.**

Pursuant to 34 C.F.R. § 300.304(c)(4) and (6), DCPS shall ensure that "the child is assessed in all areas related to the suspected disability…[and] in evaluating each child with a disability…the evaluation is sufficiently comprehensive to identify all of the child's special education and related services needs, whether or not commonly linked to the disability category in which the child has been classified." Pursuant to 34 C.F.R. § 300.303(a)(2), DCPS shall ensure "a reevaluation of each child with a disability is conducted…if the child's *parent* or teacher requests a reevaluation. [emphasis added]"

The psychoeducational evaluation recommends that the student receive a Neurological assessment and a Neuropsychological assessment to rule out Traumatic Brain Injury. The parent, through counsel, requested a Neurological assessment and Neuropsychological assessment. DCPS failed to conduct any of the assessments.

    **2. DCPS failed to provide a free and appropriate public education by failing to review the student's independent evaluations.**

qualified professionals, as appropriate, must review existing data on the child, including evaluations and information provided by the parents of the child…and on the basis of that review, and input from the child's parents…determine…the educational needs of the child…" Further, pursuant to 34 C.F.R. § 300.502(c)(1),

> If the parent obtains an independent educational evaluation at public expense or shares with the public agency an evaluation obtained at private expense, the results of the evaluation must be considered by the public agency, if it meets agency criteria, in any decision made with respect to the provision of FAPE to the child.

The parent provided DCPS a copy of the psycho-educational evaluation that states the student may be a student with a traumatic brain injury and a copy of the occupational therapy evaluation that states the student needs occupational therapy services. The IEP team has not reviewed the independent evaluations.

### III. **To the extent known to you at this time, how can this problem be resolved?**

1. The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to evaluate the student in all areas of suspected disability to determine the student's special education and related services needs.

2. The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to review the student's independent evaluations

3. DCPS shall fund an independent neurological assessment and neuropsychological assessment.

4. DCPS shall convene an IEP Meeting within five school days, to review the assessments, revise the IEP consistent with the assessments and determine an appropriate placement for the student where the IEP may be implemented. All issues with respect to compensatory education are reserved.

5. DCPS agrees to pay counsel for the parent reasonable attorney's fees and related costs incurred in the matter.

6. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

7. DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

8. DCPS shall send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

9. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of

4

rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

10. In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

11. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

12. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

13. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

14. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

15. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

16. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the complainant with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations

5

hereunder, or any agreement that the parent may have to the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

17. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that the student's rights and the complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

18. The hearing officer shall find that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    Signature:

_____    May 25, 2007
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

# Exhibit I



DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:            James Brown & Assoc., PLLC
   Attorney:            James Brown
   Federal Tax ID No:   52-1500760
   D.C. Bar No:         61622

2. **Student Information**
   Name:                        Rowe, Vernon
   DOB:                         5/23/95
   Date Hearing Request Filed:  5/21/07
   Date(s) of Hearing:          7/24/07
   Date of Determination (HOD/SA): 8/3/07
   Parent/Guardian Name:        Edna McManus
   Parent/Guardian Address:     3010 22nd St., SE
                                Washington, DC 20020

3. **Invoice Information**
   Invoice Number:              07-265
   Date Request Submitted:      8/16/07
   Date(s) of Services Rendered: 4/5/07 to 8/6/07
   Attorney Hourly Rate:        $      365.00
   Total Attorney Fees:         $   15,113.30
   Total Attorney Costs:        $      428.09
   Total Experts:               $    5,192.95
   Total Invoice:               $   20,734.34

4. **Certification (must be signed by principal attorney)**

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____        8/16/07
   Signature                              Date

   Revised Nov. 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>
### Charles R. Jones, Jr., Esq., Due Process Hearing Officer
### Van Ness Elementary School
### 1150 5th Street, S.E.
### Washington, D.C.  20003
### Facsimile:  (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| **VERNON ROWE,**        **Student,** | ) | **HEARING OFFICER'S DECISION** |
| **Date of Birth:  05-23-95** | ) | |
| | ) | |
| **Petitioner,** | ) | Hearing Date: July 24, 2007 |
| | ) | |
| **vs.** | ) | |
| | ) | Held at:  Van Ness Elementary School |
| **The District of Columbia Public Schools,** | ) | 1150 5th Street, SE |
| **Attending: Phillips School of Laurel** | ) | Washington, D.C. 20003 |
| | ) | |
| **Respondent.** | ) | |

## <u>DECISION AND ORDER</u>

RECEIVED
JUL 3 1 2007
STUDENT HEARING OFFICE

| | |
|---|---|
| **Parent:** | Ms. Edna McManus<br>3010 22nd Street, SE<br>Washington, DC 20020 |
| **Counsel for Parent:** | Jani Tillery, Esq.<br>James Brown and Associates, PLLC<br>1220 L Street, N.W.<br>Suite 700<br>Washington, D.C.  20005 |
| **Counsel for School:** | Saurabh Gupta. Attorney- Advisor<br>Office of the Attorney General<br>825 North Capitol Street, NE<br>Washington, D.C. 20002 |

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I.  INTRODUCTION

On May 21, 2007 an initial Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Jani Tillery, Esq. The request alleges, *inter alia,* that DCPS failed to provide triennial evaluations for the student.

A Due Process Hearing was convened on July 24, 2007, at the District of Columbia Public Schools, ("DCPS"), 1150 5th Street, S.E., 1st Floor, Washington, D.C. 20002.  Saurabh Gupta, Esq., Attorney-Advisor, represented DCPS.  Jani Tillery, Esq., represented the parent.  Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent:  Disclosure Letter dated July 16, 2007: VR-1 through VR-10. On behalf of DCPS:  Disclosure Letter dated July 17, 2007: Exhibit-1 and Exhibit-2 was entered into the record.  Parent's counsel waived a formal reading of the Due Process Rights.  Counsel for the parties did not call any witnesses in this matter.

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004,* 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

1.    **Whether DCPS denied the student FAPE by failing to provide triennial evaluations for the student?**

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

In this case, petitioner by and through parent's counsel alleges that the District of Columbia Public Schools (hereinafter "DCPS") failed to provide the student a free and appropriate public education (FAPE). According to parent's counsel, it is alleged that the student is presently attending a private placement at the Phillips School of Laurel, Maryland. Notwithstanding, it is alleged that the student has not receive current evaluations. Specifically, it is alleged that the student's Clinical Psychological Evaluation is outdated, as the last Clinical Psychological Evaluation was performed in 2001. DCPS asserts that the student has not been denied a free and appropriate public education, as the student's placement at the private school is providing educational benefit and any new services warranted by a new Clinical Psychological Evaluation could be resolved by a compensatory education plan. It is further alleged that there is no showing education injury; consequently, this complaint should be dismissed.

At the outset of the due process hearing, counsel for the petitioner entered a motion for default judgment due to DCPS' failure to file a response to the complaint. While it is noted that the 2004 amendment to IDEA clearly enunciates the responsibility of the LEA to prepare a written response to the complaint pursuant to 34 C.F.R. § 300.508 (e), the new amendment (IDEIA) does not expressly authorize a hearing officer to enter a default judgment against a LEA. Absent the express authority to provide this relief, this hearing officer shall allow the respondent to provide evidence to rebut the allegations of the petitioner, as there is no substantive evidence presented by parent's counsel to show how this failure is a denial of FAPE. Parent's counsel motion for default judgment is denied.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    V.R. is a fourteen – (14) year old District of Columbia resident and a student presently enrolled at the Phillips School of Laurel, Maryland for the 2006-2007 school years.[1]

3.

---

[1] Exhibit: VR-7.

2.      V.R. is eligible for special education and related services. According to the student's most recent Individualized Educational Program ("IEP") dated May 8, 2007, the student's disability classification is Emotional Disturbance (ED).[2]

3.      The student's present private placement at the Phillips School is an appropriate educational placement and the student is receiving educational benefit, as the student has progressed in several areas.[3]

4.      The Clinical Psychological Evaluation for V.R. is not current, as the last evaluation was conducted in the year 2000. A new Clinical Psychological is warranted, as the MDT/ IEP team requested this new reevaluation to determine if the student required a less restrictive educational environment.[4] This fact was not disputed.

## VI.    DISCUSSION AND CONCLUSION OF LAW

In this matter, petitioner by and through parent's counsel has failed to satisfy the burden of proof concerning the issue of whether DCPS' failure to conduct a Clinical Psychological Evaluation is a denial of FAPE, as there is undisputed evidence in the record that the student has made substantial educational progress at the student's present private educational placement. Moreover, parent's counsel failed to provide evidence on the issue of educational harm. Notwithstanding, the MDT/IEP clearly stated in the MDT meeting notes that the evaluation was warranted to determine if the student could benefit from a less restrictive education environment.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Petitioner's request for relief is GRANTED in part and DENIED in part.**

2) **Petitioner is the prevailing party.**

4.

---

[2] Exhibit: JB-14.
[3] Exhibit: JB-14 —IEP meeting notes.
[4] Exhibit: JB-10.

3) Petitioner's request to find a denial of FAPE for DCPS' failure to conduct a Clinical Psychological Evaluation is DENIED.

4) Petitioner's request to have a Clinical Psychological Evaluation performed *is* GRANTED.

5) The parent is authorized to obtain a Clinical Psychological Evaluation at DCPS expense pursuant to the Superintendent's Directive on the cost of outside consultant fees.

6) The Phillips School in conjunction with DCPS shall, within fifteen- (15) business days of the issuance of the HOD, convene a MDT/IEP to review all current evaluations and to review and revise the student's IEP as warranted. DCPS shall participate in this meeting,

VII.    APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION. Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Date Filed: 07-31-07

Charles R. Jones, Esq., Hearing Officer

Date Issued: 8/3/07

5.

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date:  August 3, 2007

To:   Jani, Tillery

Re:   Rowe, Vernon

Total Number of Pages Including Cover: 6

**CONFIDENTIALITY NOTICE:** The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |
| CDS | Crystal D. Spruill |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| CBS | Dr. Carolynn D. Shumate, Ed. D. |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

7/20/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Rowe, Vernon
DOB: 5/23/95

August 13, 2007

In Reference To: Vernon Rowe

Invoice #12719

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/5/2007 | DH | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
| | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
| 4/6/2007 | JT | Records review | 1.00 365.00/hr | 365.00 |
| | BC | Drafted letter to parent, prepared file jacket, disseminated information to various members of the legal team. | 0.58 130.00/hr | 75.40 |
| | CSH | Discussion with attorney + Dom | 0.25 130.00/hr | 32.50 |
| 4/9/2007 | JT | Telephone call to private school-Phillips | 0.17 365.00/hr | 62.05 |
| | JT | Telephone call to private school-Phillips (2nd time) | 0.03 365.00/hr | 10.95 |
| | JT | Reviewed the student's file, conduct educational research. | 1.33 365.00/hr | 485.45 |
| | JT | Discussion with paralegal | 0.17 365.00/hr | 62.05 |

Rowe, Vernon                                                                                 Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/9/2007 | CSH | Draft letter requesting records to student's school, DCPS' Special Education Supervisor, Records Department, and Office of General Counsel; includes research of student's school information, gathering General Authorization and TAT form; fax to parties | 0.75 130.00/hr | 97.50 |
| | CSH | Draft letter requesting evaluations to student's school, DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request, gathered General Authorization and TAT form; fax to parties | 0.75 130.00/hr | 97.50 |
| 4/10/2007 | JT | Phone call to parent, Ms. McManus and reviewed notes | 0.75 365.00/hr | 273.75 |
| | JT | Phone call to Ms. Thompson at Phillips | 0.08 365.00/hr | 29.20 |
| | JT | Records review | 1.00 365.00/hr | 365.00 |
| | JT | Phone call from Ms. Thompson | 0.08 365.00/hr | 29.20 |
| | JT | Discussion with Mr. Hill regarding records request | 0.08 365.00/hr | 29.20 |
| | CSH | Discussion with attorney | 0.08 130.00/hr | 10.40 |
| | JT | Phone call to Ms. McManus | 0.08 365.00/hr | 29.20 |
| | JT | Phone call to Ms. Lee regarding complaint | 0.08 365.00/hr | 29.20 |
| | JT | Drafted letter to private school-Phillips | 0.42 365.00/hr | 153.30 |
| | JT | Phone call to Ms. Braswell | 0.08 365.00/hr | 29.20 |
| | JT | Phone call to Ms. McManus | 0.08 365.00/hr | 29.20 |
| | JT | Telephone call to private school | 0.05 365.00/hr | 18.25 |
| | JT | Discussion with paralegal | 0.08 365.00/hr | 29.20 |
| 4/11/2007 | CSH | Filing for parent | 0.08 130.00/hr | 10.40 |

Rowe, Vernon

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/11/2007 | JT | Discussion with paralegal | 0.08 365.00/hr | 29.20 |
|  | JT | Phone call to Ms. McManus | 0.17 365.00/hr | 62.05 |
|  | JT | Phone call to parent, Ms. McManus | 0.05 365.00/hr | 18.25 |
|  | JT | Records review | 1.50 365.00/hr | 547.50 |
|  | JT | Drafted letter to private school-Phillips | 0.50 365.00/hr | 182.50 |
|  | CSH | Letter to school requesting evaluations, sent request via fax | 0.50 130.00/hr | 65.00 |
|  | CSH | Draft letter to the school requesting educational records, sent the request via fax | 0.58 130.00/hr | 75.40 |
| 4/12/2007 | JT | Draft letter to Ms. Braswell at Phillips School | 0.50 365.00/hr | 182.50 |
|  | JT | Discussion with paralegal (2X) | 0.17 365.00/hr | 62.05 |
|  | CSH | Discussion with attorney | 0.08 130.00/hr | 10.40 |
|  | JT | Phone call from Ms. Braswell at Phillips | 0.03 365.00/hr | 10.95 |
|  | JT | Records review | 1.00 365.00/hr | 365.00 |
|  | CSH | Phone call from Ms Braswell from Phillips | 0.08 130.00/hr | 10.40 |
| 4/13/2007 | JT | Reviewed more records recently received. | 1.00 365.00/hr | 365.00 |
|  | CSH | Drafted letter to private school | 0.25 130.00/hr | 32.50 |
| 4/18/2007 | JT | Draft letter to LEA Moses Roberts | 0.42 365.00/hr | 153.30 |
| 4/19/2007 | JT | Discussion with paralegal | 0.08 365.00/hr | 29.20 |

Rowe, Vernon                                                                      Page    4

|            |     |                                                                          | Hrs/Rate      | Amount   |
|------------|-----|--------------------------------------------------------------------------|---------------|----------|
| 4/19/2007  | CSH | Phone call from parent (case status)                                     | 0.08 130.00/hr | 10.40   |
|            | CSH | Phone call to parent (IEP mtg)                                           | 0.08 130.00/hr | 10.40   |
|            | CSH | Asst atty with ltr on MDT meeting                                       | 0.33 130.00/hr | 42.90   |
|            | JT  | Prepared and drafted due process hearing request to DCPS                | 3.00 365.00/hr | 1,095.00 |
| 5/2/2007   | KC  | Record reviewed and discussion with D. Pinckney (advocate) regarding upcoming MDT/IEP meeting at Phillips School of Laurel, Maryland. | 0.58 185.00/hr | 107.30 |
|            | JT  | Discussion with advocate                                                 | 0.50 365.00/hr | 182.50  |
|            | JT  | Phone call from parent                                                   | 0.08 365.00/hr | 29.20   |
|            | DC  | Discussion with attorney                                                 | 0.50 185.00/hr | 92.50   |
| 5/7/2007   | KC  | Reviewed client's file in preparation for MDT/IEP meeting at Phillips School | 1.00 185.00/hr | 185.00 |
|            | DC  | Reviewed records in preparation for upcoming meeting                     | 1.00 185.00/hr | 185.00  |
| 5/8/2007   | DC  | Attended IEP at Phillips School                                          | 3.50 185.00/hr | 647.50  |
|            | JT  | Case review and discussion with advocate                                 | 0.50 365.00/hr | 182.50  |
|            | KC  | Attended MDT/IEP @ Phillips School                                      | 3.50 185.00/hr | 647.50  |
|            | KC  | Reviewed client file in preparation for MDT/IEP meeting at Phillips School. | 0.75 185.00/hr | 138.75 |
| 5/9/2007   | JT  | Discussion with Dom regarding most recent meeting                        | 0.08 365.00/hr | 29.20   |
| 5/10/2007  | DC  | Records review                                                           | 2.00 185.00/hr | 370.00  |
| 5/11/2007  | CSH | Draft letter to OSE                                                      | 0.75 130.00/hr | 97.50   |

Rowe, Vernon

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/11/2007 | JT | Draft letter to LEA regarding evals | 0.42<br>365.00/hr | 153.30 |
| | CSH | Draft letter to parent | 0.75<br>130.00/hr | 97.50 |
| 5/15/2007 | DC | Reviewed school records received | 2.00<br>185.00/hr | 370.00 |
| 5/16/2007 | CSH | Draft letter to LEA Monitor | 0.75<br>130.00/hr | 97.50 |
| 5/17/2007 | JT | Records review and started drafting complaint | 0.50<br>365.00/hr | 182.50 |
| 5/18/2007 | JT | Prepared and drafted due process hearing request to DCPS | 3.00<br>365.00/hr | 1,095.00 |
| 5/21/2007 | JEB | Examined and certified hearing request filed by attorney | 0.58<br>405.00/hr | 234.90 |
| | CSH | Asst atty w/complaint | 1.00<br>130.00/hr | 130.00 |
| | CSH | Drafted letter to parent | 0.75<br>130.00/hr | 97.50 |
| | JT | Reviewed final draft of hearing request to DCPS | 0.17<br>365.00/hr | 62.05 |
| 5/22/2007 | BC | File Review and sent letter to parent/student | 0.17<br>130.00/hr | 22.10 |
| 6/6/2007 | CSH | Draft motion for default | 0.75<br>130.00/hr | 97.50 |
| | CSH | Drafted letter to parent | 0.75<br>130.00/hr | 97.50 |
| 6/8/2007 | CSH | Draft letter to school | 0.42<br>130.00/hr | 54.60 |
| 6/12/2007 | DC | Team Meeting: Discussion with attorney over complaint and scheduling resolution mtg. | 0.33<br>185.00/hr | 61.05 |
| | JT | Team Meeting: Discussion with advocate about resolution mtg. | 0.33<br>365.00/hr | 120.45 |
| 6/13/2007 | DC | Phone call to vernon rowe's mom to set up resolution mtg | 0.42<br>185.00/hr | 77.70 |

Rowe, Vernon

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/13/2007 | DC | Records review files for Vernon Rowe | 2.00 185.00/hr | 370.00 |
| 6/28/2007 | DC | Records review for vernon rowe | 2.00 185.00/hr | 370.00 |
| | DC | Phone call to ms mcmanus for vernon rowe's resolution mtg | 0.50 185.00/hr | 92.50 |
| | DC | Conference with attorney for vernon rowe to prepare for upcoming meeting | 0.50 185.00/hr | 92.50 |
| | JT | Conference with advocate | 0.50 365.00/hr | 182.50 |
| 6/29/2007 | DC | Attended resolution mtg for vernon rowe | 3.00 185.00/hr | 555.00 |
| 7/11/2007 | CSH | Drafted letter to parent | 0.75 130.00/hr | 97.50 |
| 7/16/2007 | CSH | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50 130.00/hr | 195.00 |
| | JT | Discussion with paralegal over disclosure | 0.17 365.00/hr | 62.05 |
| | JT | Reviewed the student's disclosure in prep for hearing | 0.50 365.00/hr | 182.50 |
| 7/17/2007 | CSH | Drafted letter to parent | 0.33 130.00/hr | 42.90 |
| | CSH | Draft letter to school | 0.33 130.00/hr | 42.90 |
| 7/18/2007 | CSH | Drafted letter to parent | 0.42 130.00/hr | 54.60 |
| | CSH | Draft letter to school | 0.42 130.00/hr | 54.60 |
| 7/23/2007 | JT | Discussion with advocate regarding upcoming hearing | 0.33 365.00/hr | 120.45 |
| | JT | Phone call to parent in prep for hearing | 0.33 365.00/hr | 120.45 |

Rowe, Vernon                                                                    Page    7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/23/2007 JT | | Prepared for Due Process Hearing-prepare questions for testimony parent/advocate | 0.67 365.00/hr | 244.55 |
| | JT | Prepared for Due Process Hearing-research/read case law | 2.00 365.00/hr | 730.00 |
| | JT | Prepared for Due Process Hearing-draft opening/closing-reviewed ideia | 3.50 365.00/hr | 1,277.50 |
| 7/24/2007 DC | | Prepared for Due Process Hearing | 1.33 185.00/hr | 246.05 |
| | DC | Appearance at Van Ness ES for due process hearing for vernon rowe | 2.50 185.00/hr | 462.50 |
| | CSH | Phone call from OSE | 0.08 130.00/hr | 10.40 |
| | JT | Appearance at Van Ness ES for due process hearing | 2.50 365.00/hr | 912.50 |
| | JT | Prepared for Due Process Hearing-redrafted and revised opening | 2.00 365.00/hr | 730.00 |
| 8/1/2007 JT | | Phone call to parent | 0.33 365.00/hr | 120.45 |
| | JT | Phone call from school | 0.17 365.00/hr | 62.05 |
| 8/2/2007 DC | | Phone call to ms hedley to try to schedule mtg for vernon rowe | 0.33 185.00/hr | 61.05 |
| | DC | Phone call to ms mcmanus to set up mtg with school | 0.33 185.00/hr | 61.05 |
| 8/3/2007 JEB | | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| 8/6/2007 JT | | review HOD | 0.33 365.00/hr | 120.45 |
| | CSH | Drafted letter to parent | 0.75 130.00/hr | 97.50 |
| | | For professional services rendered | 80.09 | $20,306.25 |

Rowe, Vernon                                                                    Page    8

      Additional Charges :

| | | Amount |
|---|---|---:|
| 4/5/2007 | Copied documents; intake documents | 5.50 |
| 4/6/2007 | Postage; letter to parent | 0.39 |
| | Copied documents, letter to parent | 0.50 |
| 4/9/2007 | Fax request for records and reevals. to Anacostia SHS, OSE, OGC | 24.00 |
| | Fax request for records to Phillips School | 5.00 |
| | Fax request for reeval. to Moses Robert | 6.00 |
| 4/10/2007 | Facsimile Phillips MDT proposed date | 2.00 |
| 4/11/2007 | Rec'd faxed records from Phillips | 40.00 |
| | Postage: letter to parent re case status | 0.39 |
| | Facsimile to Winston Educational Center re request of records and evals | 8.00 |
| | Facsimile to Phillips re letter | 2.00 |
| | copied letter to parent | 1.25 |
| 4/12/2007 | Facsimile; Records from Phillips. | 21.00 |
| | Facsimile; Records from Phillips. | 60.00 |
| 4/13/2007 | Facsimile; Letter to Phillips. | 2.00 |
| 4/17/2007 | Rec'd faxed letter of invitation from Phillips | 2.00 |
| 5/7/2007 | copied IEP and notes | 17.00 |
| 5/11/2007 | Postage; Letter to parent. | 0.39 |
| | copied letter to parent | 0.50 |
| | Facsimile; Letter to Phillips School. | 4.00 |
| | Facsimile; Letter to Moses Robert. | 2.00 |
| 5/21/2007 | copied hearing request | 7.00 |
| | copied letter to parent | 0.50 |
| | Facsimile; Complaint to SHO. | 8.00 |

Rowe, Vernon

|  |  | Amount |
|---|---|---:|
| 5/21/2007 | Postage; Letter to parent. | 0.58 |
| 5/22/2007 | Rec'd faxed scheduling memorandum from DCPS | 3.00 |
|  | Postage; letter to parent | 0.41 |
| 6/6/2007 | Faxed motion for default to SHO | 3.00 |
|  | Postage;  Letter to parent. | 0.41 |
|  | copied letter to parent with copy of motion | 0.75 |
| 6/8/2007 | Faxed letter to Moses Robert/OSC/OSE | 6.00 |
| 7/11/2007 | Postage; letter to parent | 0.41 |
|  | copied letter to parent | 0.50 |
| 7/16/2007 | copied disclosures | 53.00 |
| 7/17/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | copied letter to parent | 0.50 |
|  | Postage; letter to parent | 0.41 |
| 7/18/2007 | Postage; letter to parent | 0.41 |
|  | copied letter to parent | 0.50 |
| 7/24/2007 | Transportation service to  Van Ness ES for hearing | 8.00 |
| 8/3/2007 | copied HOD | 6.00 |
|  | Rec'd faxed HOD from SHO | 6.00 |
| 8/6/2007 | File review preparation of bill and invoice audit | 96.88 |
|  | copied letter to parent w/HOD | 1.50 |
|  | Postage; letter to parent | 0.41 |

|  |  | |
|---|---|---:|
| | Total additional charges | $428.09 |
| | Total amount of this bill | $20,734.34 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---:|---:|---:|
| Blair Copeland, Paralegal | 2.25 | 130.00 | $292.50 |

Rowe, Vernon

| Name | Hours | Rate | Amount |
|------|------:|-----:|-------:|
| Clarence S. Hayes, Paralegal | 14.39 | 130.00 | $1,870.70 |
| Diane Crews-Pinkney, Advocate | 22.24 | 185.00 | $4,114.40 |
| Domiento Hill, Attorney | 1.50 | 365.00 | $547.50 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| Jani S. Tillery, Attorney | 32.97 | 365.00 | $12,034.05 |
| Kevin Carter, Advocate | 5.83 | 185.00 | $1,078.55 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA)** and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    <u>INFORMATION ABOUT THE STUDENT:</u>

Name of the Student: <u>Vernon Rowe</u>   Date of Birth: <u>May 23, 1995</u>

Address: <u>3010 22nd Street, SE Washington, D.C.  20020</u>

Present School of Attendance: <u>Phillips-Laurel</u>

Parent/Guardian of the Student: __Ms. Edna McManus__

## B.   Legal Representative/Attorney (if applicable):

Name: _____Jani S. Tillery, Esq.____

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2098/97_     (e-mail) _____

Will attorney / legal representative attend the resolution session?     **X** Yes        ☐ No

## C.   Complaint Made Against (check all that apply):

**X** DCPS

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.   Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**PLEASE SCHEDULE AN EXPEDITED HEARING FOR THIS MATTER**

## E.   Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing _only_ at this time.**

## F.   Facts and Reasons for the Complaint:

### I.   Background

1. The student's name is Vernon Rowe (hereinafter "student" or "V.R").

2. The student's address is 3010 22nd Street, SE Washington D.C. 20020.

2

3. On July 25, 2002, a Hearing Officer Determination was issued wherein it was ordered that V.R. be placed at an interim placement until a new placement was agreed upon. (See Hearing Officer Determination, issued July 25, 2002.)

4. On September 13, 2002, an IEP meeting was held the student. The MDT team agreed to place V.R. at Phillips of Laurel Maryland. (See IEP and IEP/MDT Meeting Notes dated September 13, 2002.)

5. The student is currently attending Phillips School of Laurel, Maryland at DCPS expense.

6. On October 25, 2006, an MDT/SEP meeting was held and the MDT team agreed to complete clinical psychological evaluation for the student. The last psychological evaluation was completed in 2001. (See MDT Meeting Notes and SEP, dated October 25, 2006.)

7. On October 25, 2006, the parent signed the Consent for Reevaluation form. (See DCPS Parental Consent to Evaluate, dated October 25, 2006.)

8. On May 8, 2007, an IEP meeting was held for the student. The student is identified as Emotionally Disturbed. According to the IEP the student counseling services were reduced from one (1) hour to forty-five (45) minutes a week. The team considered Learning Disability programs for the student. (See IEP and MDT Meeting Notes dated, May 8, 2007.)

9. It was determined at the May 8, 2007 IEP that V.R. had "grown behaviorally and emotionally" and did not need the "behavioral component". (See IEP and MDT Meeting Notes dated, May 8, 2007.)

10. As of the May 8, 2007, IEP meeting, the clinical psychological evaluation had not been completed for the student. (See IEP and MDT Meeting Notes dated, May 8, 2007.)

11. On May 11, 2007, parent's counsel sent a letter via facsimile to the LEA Monitor Moses Roberts. Parent's counsel requested that Mr. Roberts sent a copy of the clinical psychological evaluation by no later than May 15, 2007. (See Letter from Parent's Counsel to Moses Roberts, dated May 11, 2007.)

12. To date, to the best of the parent's knowledge and understanding, there is nothing in the record to indicate that DCPS has completed the clinical psychological evaluation for the student.

## II. Issue presented

**DCPS Failed to Provide the Student with a Free and Appropriate Public Education by Failing to Timely Reevaluate the Student.**

Pursuant to 34 C.F.R. § 300.303(a), DCPS shall ensure "a reevaluation of each child with a disability is conducted…if the public agency determines that the educational or related services needs, including improved academic achievement and functional performance, of the child warrant a reevaluation; or if the child's parent or teacher requests a reevaluation…"

In this case, DCPS has failed to comply with IDEIA. V.R. is a student classified with the disability of Emotional Disturbance. The last clinical psychological evaluation was completed in 2001. On October 25, 2006, an MDT/SEP meeting was held wherein the MDT team agreed that a clinical psychological reevaluation was warranted due to V.R.'s growth since he was last tested. The parent signed the consent for reevaluation the same day. However, as of May 8, 2007, IEP meeting, a clinical psychological evaluation had not been completed. Although the MDT team agreed that V.R. has grown behaviorally and emotionally, he does not have a current psychological assessment on file to address his current social emotional level. Until a clinical psychological assessment is completed, V.R.'s social emotional goals on his IEP remain inappropriate because they are not based on current data.

At the May 8, 2007 meeting, the MDT Team felt that V.R. no longer needs a behavior component to his IEP. The team also considered Learning Disabled programs but DCPS has still failed to reevaluate the student. On May 11, 2007, parent's counsel sent a letter via facsimile to Moses Roberts requesting a copy of the evaluation by May 15, 2007. More than six months have passed since the MDT agreed to do the clinical evaluation. To date, there is nothing in the record to indicate that a clinical psychological evaluation has been completed for the student thus V.R. has been denied FAPE.

## III.    Relief Sought.

1. The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to evaluate the student in all areas related to the suspected disability to identify all of the child's special education and related services needs.

2. DCPS shall fund an independent clinical psychological assessment and any other assessments recommended by the evaluators.

3. DCPS shall convene an IEP Meeting, to review the assessment and review and revise the student's IEP in accordance with findings of the assessment.

4. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

5.  All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6.  DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

7.  DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

8.  DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

9.  In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

10. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

11. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

12. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

13. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special

education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

14. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

15. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

16. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that V.R.'s rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

17. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    Signature:

_____    S-21-07

Legal Representative / Advocate (if applicable)        Date

6

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

# Exhibit J



Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000       Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                                James Brown & Assoc., PLLC
    Attorney:                                James Brown
    Federal Tax ID No:                       52-1500760
    D.C Bar No:                              61622

2.  Student Information
    Name:                                    Johnson, Antonio
    DOB:                                     11/4/93
    Date Hearing Request Filed:              6/29/07
    Date(s) of Hearing:                      8/29/07
    Date of Determination (HOD/SA)           8/31/07
    Parent/Guardian Name:                    Hester Johnson
    Parent/Guardian Address:                 1326 Queen St., NE
                                             Washington, DC 20002

3.  Invoice Information
    Invoice Number:                          07-297
    Date Request Submitted:                  9/17/07
    Date(s) of Services Rendered:            5/29/07 to 8/31/07
    Attorney Hourly Rate:                    $      365.00
    Total Attorney Fees:                     $    8,534.75
    Total Attorney Costs:                    $      265.94
    Total Experts:                           $    2,003.55
    Total Invoice:                           $   10,804.24

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____        9/17/07
    Signature                                Date

                                                          Revised Nov 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division

**Kimm H. Massey, Esq., Due Process Hearing Officer**
**1150 5th Street, S.E., Washington, DC 20003**
Facsimile: (202) 698-3825
Phone: (202) 698-3819

### Confidential

| | |
|---|---|
| **JOHNSON, ANTONIO, Student** ) | |
| **Date of Birth: 11/04/1993** ) | |
| ) | |
| Petitioner, ) | **IMPARTIAL DUE** |
| ) | **PROCESS HEARING** |
| vs. ) | **OFFICER'S DECISION** |
| ) | |
| **The District of Columbia Public Schools,** ) | Complaint Date: June 29, 2007 |
| **Attending: Browne Junior High School** ) | |
| ) | Hearing Date: August 29, 2007 |
| Respondent. ) | |
| _____ ) | Hearing Held: 1150 5th St., S.E. |
| | Washington, DC 20003 |

Parent:

Ms. Hester Johnson
1326 Queen Street, N.E.
Washington, DC  20002

Counsel for the Parent/Student:

Jani S. Tillery, Esq.
James E. Brown and Assoc., PLLC
1220 L Street, NW, Suite 700
Washington, D.C.  20005

District of Columbia Public Schools:

Daniel McCall, Esq.
Attorney-Advisor
Office of the General Counsel
825 North Capitol Street, NE,
9th Floor
Washington, D.C.  20002

1

## JURISDICTION

The Due Process hearing was convened and this Decision and accompanying Order written pursuant to the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA), 20 U.S.C. §§ 1400 et. seq., the implementing regulations for IDEIA, 34 C.F.R. Part 300, and Title V, Chapter 30, of the District of Columbia Municipal Regulations ("D.C.M.R.").

## INTRODUCTION

Student is thirteen years old, and he attends Browne Junior High School ("Browne"). On June 29, 2007, counsel for Parent and Student ("Petitioner's counsel") filed a Due Process Complaint ("Complaint") against the District of Columbia Public Schools ("DCPS"), alleging that DCPS improperly determined Student ineligible for special education and related services at a June 7, 2006 MDT/Eligibility meeting, thereby denying Student a FAPE and entitling him to compensatory education.

By notice dated August 1, 2007, the Student Hearing Office scheduled a Due Process Hearing for August 29, 2007 at 9:00 a.m. On August 20, 2007, Petitioner filed its Five-Day Disclosure, which listed four potential witnesses and included fourteen documents labeled AJ-1 through AJ-14.

On or about August 22, 2007, DCPS served Petitioner's counsel with District of Columbia Public School's Response to Parent's Administrative Due Process Complaint Notice ("Response"). In the Response, DCPS asserted, *inter alia*, that it had previously issued a Letter of Invitation to Parent, proposing September 6, 7, and 8 at 11:00 a.m. as possible dates for an MDT/IEP meeting, but Parent has failed to respond to the letter. Also on August 22, 2007, DCPS filed a Letter Motion for Continuance, seeking a continuance to allow the parties time to schedule an MDT/Resolution meeting, and its Five-Day Disclosure, which listed thirty-eight potential witness and included four documents labeled DCPS-1 through DCPS-4.

The due process hearing was convened at 9:00 a.m. on August 29, 2007, as scheduled. The parties' respective documents were admitted into evidence without objection, with the exception of DCPS-1, which the hearing officer admitted into evidence over objection by Petitioner's counsel.

As a preliminary matter, DCPS stated that its Letter of Invitation was still outstanding and Petitioner's counsel had not yet responded to the Letter. DCPS also pointed out that it had not received a ruling on its written Motion for Continuance, and DCPS made an oral Motion for a Ruling on Protraction, alleging that Petitioner's counsel was unnecessarily protracting the instant case by failing to respond to the Letter of Invitation.

With respect to DCPS's written Letter Motion for Continuance, Petitioner's counsel represented that it had not received the Motion and doubted that the Motion had actually

2

been served on Petitioner's counsel. The hearing officer stated that the Motion was contained in the file, without an accompanying ruling from the chief hearing officer, but the Motion had never been forwarded to the hearing officer for a pre-hearing ruling. The hearing officer then denied the Motion as moot, on the ground that the hearing had already been convened and all parties were in attendance.

With respect to DCPS's oral Motion for a Ruling on Protraction, Petitioner's counsel asserted that the Letter of Invitation was issued by DCPS at a resolution meeting that was unresolved, and there was no point of having an MDT meeting on something that was unresolved. Petitioner's counsel also pointed out that DCPS's Response is misleading and unsupported by DCPS's disclosure, because the Response states that the special education coordinator for Browne determined Student might be eligible for special education services upon Student's arrival at Browne and "immediately sent a letter of invitation" to schedule an MDT/IEP meeting, whereas the facts and documents reveal that Student arrived at Browne in September of 2006 and the Letter of Invitation was not given until the July 18, 2007 Resolution session.

The hearing officer asked DCPS's counsel to supply case law supporting its Motion for a Ruling on Protraction by the close of business on August 30, 2007, and the hearing officer thereafter deferred ruling on the Motion until issuance of the instant Hearing Officer Decision ("HOD").[1]

After opening statements, Petitioner's counsel attempted to present testimony from an educational advocate who had never met Student and had only read Student's file, including his evaluations, report cards and suspension notices. DCPS objected to the advocate's testimony on relevance grounds, pointing out that the documents speak for themselves. The hearing officer sustained the objection on the ground that the advocate had neither met with Student nor attended any of the meetings in this case, and therefore, could not add anything to documents which had already been admitted into evidence.

After the parties had presented their respective cases and Petitioner's counsel had made closing argument, the hearing officer stated an intention to order Parent and Student's educational advocate to attend the MDT meeting that DCPS offered to convene in its Letter of Invitation. Petitioner's counsel was afforded an opportunity to consult in private with her client and the educational advocate, and thereafter indicated that Parent and Student's educational advocate would be able to attend an MDT meeting on September 7, 2007, at 11:00 a.m., in accordance with DCPS's Letter of Invitation.

The hearing officer then stated that in the Order accompanying this Hearing Officer Decision ("HOD"), the parties would be ordered to convene an MDT/Eligibility meeting for Student on September 7, 2007 at 11:00 a.m. Shortly thereafter, the hearing was concluded.

---

[1] As far as the hearing officer is aware, DCPS's counsel has not provided the requested case law.

3

**WITNESSES**

**For Petitioner:**
Ms. Hester Johnson, Parent

**For DCPS:**
Ms. Tanisha Mason, Special Education Coordinator, Browne Junior High School (by telephone)

**FINDINGS OF FACT**

1. Student is thirteen years old. He resides with his grandmother ("Parent"), and he presently attends Browne Junior High School.[2]

2. For the 2005/2006 school year, Student attended sixth grade at Webb Elementary School. Student was suspended from Webb for behavioral problems on at least four occasions during the 2005/2006 school year. [3]

3. On March 1, 2006, Student received an independent psychoeducational evaluation. The resulting March 8, 2006 psychoeducational evaluation report stated that Student was functioning in the Borderline Range of intelligence, that there was an indication of a learning disability because Student's cognitive abilities were not commensurate with his academic achievement skills, and that Student's documented emotional lability appeared to impeded his academic performance.[4]

4. On March 1, 2006, an independent clinical evaluation was administered to Student. The resulting March 8, 2006 clinical evaluation report recommended, *inter alia*, a full-time therapeutic educational placement and counseling for Student.[5]

5. On June 7, 2006, DCPS conducted an MDT/Eligibility meeting and determined that Student was ineligible for special education and related services and did not meet the criteria for Emotional Disturbance or Learning Disability. The Meeting Notes reflect that the persons in attendance at the meeting included Parent, a special education teacher, Student's general education teacher, an LEA representative, the school Principal, the school psychologist, and Student's educational advocate.[6]

6. Student entered Browne Junior High School at the beginning of the 2006/2007 school year. Student's year-end report card from Browne, which was issued on June 14, 2007,

---

[2] Testimony of Parent; Complaint at pp. 1-2.
[3] *See* Petitioner's Exhibits AJ-8, AJ-9, AJ-10, AJ-12, AJ-13.
[4] Petitioner's Exhibit AJ-4.
[5] Petitioner's Exhibit AJ-5.
[6] Petitioner's Exhibit AJ-6.

4

reflected that Student had received four grades of "F," two grades of "D," one grade of "U," and grades of "B" and "C" in Health and Physical Education.[7]

7. On June 29, 2007, Petitioner filed the instant complaint. A resolution session concerning the Complaint was held on July 18, 2007, at which time DCPS issued a Letter of Invitation that proposed September 6, September 7, or September 10 as potential dates for convening another MDT/Eligibility meeting for Student. As of the date of the due process hearing in this case, Petitioner's counsel had failed to respond to the Letter of Invitation.[8]

## DISCUSSION AND CONCLUSIONS OF LAW

As the party seeking relief, Petitioner bears the burden of proof in this case. *See* 5 D.C.M.R. § 3030.3; *Schaffer v. Weast*, 546 U.S. 49, 126 S.Ct. 528 (2005). The hearing officer concludes that although Petitioner presented evidence tending to suggest that DCPS may have improperly determined at the June 7, 2006 MDT/Eligibility meeting that Student was ineligible for special education and related services, because DCPS has offered to conduct another MDT/Eligibility meeting for Student and to discuss compensatory education for him at that time, the appropriate course of action in this case is to require the parties to convene another MDT/Eligibility meeting for Student on Friday, September 7, 2007 at 11:00 a.m.

In consideration of the foregoing, the hearing officer makes the following

## ORDER

1. DCPS shall convene, and Parent and Student's educational advocate shall attend, an MDT/Eligibility meeting for Student on Friday, September 7, 2007 at 11:00 a.m. At this meeting, the persons present shall review Student's evaluations and other relevant data and determine whether Student is eligible for special education and related services pursuant to IDEIA. If it is determined that Student is eligible to receive special education and related services, an IEP shall be developed for him, and there shall be a discussion and determination of the form, amount and delivery of compensatory education to Student.

2. If Student is determined eligible for special education and related services, but the parties are unable to agree upon the proper form, amount and delivery of compensatory education to Student, Petitioner's counsel may bring the dispute before the instant hearing officer by means of a timely filed Motion for Reconsideration.

---

[7] Testimony of Ms. Mason; Petitioner's Exhibit AJ-7.
[8] Petitioner's Exhibit AJ-2; DCPS's Exhibits DCPS-1, DCPS-2.

3. DCPS's Letter Motion for Continuance is denied as moot.

4. DCPS's Motion for a Ruling on Protraction is hereby denied.

This is the **FINAL ADMINISTRATIVE DECISION** in this matter. Any party aggrieved by the findings and decision may APPEAL to a State court of competent jurisdiction or a district court of the United States, without regard to the amount in controversy, within 90 days from the date of the decision pursuant to 20 U.S.C. § 1415(i)(2).

Kimm H. Massey, Esq.
Impartial Hearing Officer

8/31/2007
Date

Issued: _8/31/07_
Student Hearing Office, DCPS

6

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: August 31, 2007

To: J. Tillery

Re: Johnson, Antonio

Total Number of Pages Including Cover: 7

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Antonio Johnson

September 11, 2007

In Reference To: Antonio Johnson
Invoice #12805

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/29/2007 | BC | Drafted letter to parent, prepared file jacket, disseminated information to varius members of the legal team | 0.58<br>130.00/hr | 75.40 |
|  | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50<br>130.00/hr | 195.00 |
|  | JT | Consultation with parent and legal assistant, research and case preparation. | 1.50<br>365.00/hr | 547.50 |
| 6/12/2007 | CSH | asst atty w/ltr to parent | 0.50<br>130.00/hr | 65.00 |
|  | JT | Discussion with paralegal regarding letter for parent | 0.17<br>365.00/hr | 62.05 |
| 6/18/2007 | JT | Reviewed the student's file. | 1.00<br>365.00/hr | 365.00 |
| 6/20/2007 | JT | Phone call to parent | 0.17<br>365.00/hr | 62.05 |
| 6/27/2007 | JT | Phone call to parent | 0.08<br>365.00/hr | 29.20 |
|  | CSH | Draft letter requesting records to student's school, DCPS' Special Education Supervisor, Records Department, and Office of General Counsel; includes research of student's school information, gathering General Authorization and TAT form; fax to parties | 0.75<br>130.00/hr | 97.50 |

Antonio Johnson

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/27/2007 JT | Prepared 1st draft of due process hearing request to DCPS | | 3.00<br>365.00/hr | 1,095.00 |
| 6/29/2007 CSH | Drafted letter to parent | | 0.75<br>130.00/hr | 97.50 |
| CSH | Asst atty w/complaint | | 0.50<br>130.00/hr | 65.00 |
| 7/9/2007 DC | Phone call to ms jonson for antonio johnson | | 0.50<br>185.00/hr | 92.50 |
| DC | Draft letter to school for antonio johnson | | 0.50<br>185.00/hr | 92.50 |
| 7/12/2007 DC | Phone call to ms hester for antonio johnson | | 0.33<br>185.00/hr | 61.05 |
| 7/13/2007 CSH | Drafted motion to dismiss | | 0.33<br>130.00/hr | 42.90 |
| DC | Draft letter to ms johnson for antonio johnson. | | 0.50<br>185.00/hr | 92.50 |
| CSH | Drafted letter to parent | | 0.33<br>130.00/hr | 42.90 |
| 7/17/2007 DC | Phone call to ms johnson for antonio johnson | | 0.50<br>185.00/hr | 92.50 |
| 7/18/2007 JT | Team Meeting spoke with advocate about resolution mtg | | 0.50<br>365.00/hr | 182.50 |
| DC | Attended resolution mtg for antonio johnson @ browne. | | 2.00<br>185.00/hr | 370.00 |
| DC | Conference with parent and school concerning suspentions notices. | | 0.50<br>185.00/hr | 92.50 |
| DC | Draft letter for antonio johnson | | 0.50<br>185.00/hr | 92.50 |
| 8/8/2007 DC | Draft letter to school for antonio johnson for a MDT/IEP mtg | | 0.50<br>185.00/hr | 92.50 |
| 8/16/2007 JT | Phone call to parent | | 0.17<br>365.00/hr | 62.05 |
| 8/17/2007 JT | Reviewed disclosure materials | | 1.00<br>365.00/hr | 365.00 |

Antonio Johnson                                                                                    Page    3

|              |      |                                                                                                                                                                                                                                          | Hrs/Rate          | Amount   |
|--------------|------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------|----------|
| 8/20/2007    | CSH  | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50 130.00/hr    | 195.00   |
|              | CSH  | Asst atty w/motion                                                                                                                                                                                                                            | 0.50 130.00/hr    | 65.00    |
| 8/21/2007    | JT   | Reviewed the students disclosure materials                                                                                                                                                                                                    | 0.67 365.00/hr    | 244.55   |
| 8/22/2007    | JT   | Prepared for Due Process Hearing                                                                                                                                                                                                              | 2.00 365.00/hr    | 730.00   |
|              | DC   | Phone call to ms johnson for antonio johnson                                                                                                                                                                                                  | 0.50 185.00/hr    | 92.50    |
|              | CSH  | Asst atty w/motion                                                                                                                                                                                                                           | 0.50 130.00/hr    | 65.00    |
| 8/23/2007    | JT   | Reviewed disclosure submitted by DCPS/review                                                                                                                                                                                                  | 0.50 365.00/hr    | 182.50   |
| 8/27/2007    | DC   | Pre-hearing conference with attorney for antonio johnson                                                                                                                                                                                      | 1.00 185.00/hr    | 185.00   |
|              | JT   | Discussion with parent                                                                                                                                                                                                                        | 1.00 365.00/hr    | 365.00   |
|              | JT   | Prepared for Due Process Hearing                                                                                                                                                                                                              | 2.50 365.00/hr    | 912.50   |
| 8/28/2007    | JT   | Prepared for Due Process Hearing                                                                                                                                                                                                              | 1.50 365.00/hr    | 547.50   |
| 8/29/2007    | DC   | Appearance at Van Ness ES for due process hearing                                                                                                                                                                                             | 3.00 185.00/hr    | 555.00   |
|              | JT   | Prepared for Due Process Hearing                                                                                                                                                                                                              | 1.50 365.00/hr    | 547.50   |
|              | JT   | Appearance at Van Ness ES for due process hearing                                                                                                                                                                                             | 3.00 365.00/hr    | 1,095.00 |
|              | DC   | Conference with atorney and parent for upcoming hearing                                                                                                                                                                                       | 0.50 185.00/hr    | 92.50    |
| 8/31/2007    | JEB  | Examined HOD; contacted parent; instructed paralegal to send to parent                                                                                                                                                                        | 0.33 405.00/hr    | 133.65   |

Antonio Johnson                                                                                    Page     4

|  |  | Hours | Amount |
|---|---|---|---|
| | For professional services rendered | 39.16 | $10,538.30 |
| | Additional Charges : | | |
| 5/29/2007 | Postage; letter to parent | | 0.41 |
| | Copied; Intake paperwork for parent. | | 2.50 |
| | Copied; Letter for parent. | | 0.25 |
| 6/12/2007 | copied letter to parent | | 0.50 |
| | Postage; Letter to parent. | | 0.41 |
| 6/27/2007 | Faxed records request to Browne JHS/OGC/OSE | | 15.00 |
| 6/29/2007 | copied complaint | | 2.00 |
| | Postage; letter to parent | | 0.58 |
| | Faxed complaint to SHO/OGC | | 18.00 |
| | copied hearing request | | 6.00 |
| 7/10/2007 | Faxed letter response to IEP mtg to Browne Center | | 2.00 |
| 7/11/2007 | Faxed letter to Brown JHS | | 2.00 |
| 7/13/2007 | Postage; letter to parent | | 0.41 |
| | Faxed letter for res. to Browne JHS | | 2.00 |
| | copied letter to parent | | 0.50 |
| 7/18/2007 | Facsimile; Letter to Browne. | | 2.00 |
| 8/22/2007 | copied disclosures | | 60.50 |
| | Faxed motion to recuse to OGC | | 11.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | | 20.00 |
| 8/28/2007 | Copies: case law | | 9.00 |
| 8/31/2007 | copied HOD | | 7.00 |
| | Rec'd faxed HOD from SHO | | 7.00 |
| | File review preparation of bill and invoice audit | | 96.88 |
| | Total additional charges | | $265.94 |

Antonio Johnson                                                                    Page      5

|  | Amount |
|---|---|
| Total amount of this bill | $10,804.24 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 2.08 | 130.00 | $270.40 |
| Clarence S. Hayes, Paralegal | 5.66 | 130.00 | $735.80 |
| Diane Crews-Pinkney, Advocate | 10.83 | 185.00 | $2,003.55 |
| James E. Brown, Attorney | 0.33 | 405.00 | $133.65 |
| Jani S. Tillery, Attorney | 20.26 | 365.00 | $7,394.90 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# <u>ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE</u>

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    <u>INFORMATION ABOUT THE STUDENT:</u>

Name of the Student:   Antonio Johnson   Date of Birth: 11/04/1993

Address:   1326 Queen Street, N.E. Washington, D.C. 20002

Present School of Attendance:    Browne Junior High School

Parent/Guardian of the Student:  __Ms. Hester Johnson____

**B.**    <u>**Legal Representative/Attorney (if applicable):**</u>

Name:  ___  __Jani S. Tillery, Esq.__

Address:  ____  1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_  (Fax) _202-742-2097__  (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.**    <u>**Complaint Made Against (check all that apply):**</u>

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.**    <u>**Resolution Session Meeting Between Parent and LEA:**</u>

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.**    <u>**Mediation Process:**</u>

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

**F.**    <u>**Facts and Reasons for the Complaint:**</u>

**I.  Background Information**

1.  The student's name is Antonio Johnson (hereinafter "Student" or "A.J.").

2.  The student's date of birth is November 4, 1993.

3.  The student's address is 1326 Queen Street, N.E., Washington, D.C. 20002.

2

4. The student currently attends Brown Junior High School in the District of Columbia.

5. The student is not currently in special education.

6. On March 1, 2006, an independent psycho-educational was completed by Interdynamics. He was referred to assess his current level of cognitive, academic and social-emotional functioning.

7. In the March 1, 2006, evaluation, the examiner stated that overall in reading and mathematics A.J. exhibited below average skills. The evaluation also stated that A.J. is functioning in the Borderline Range of intelligence and has achieved a Full Scale IQ of 78. The examiner also stated that there was an indication of the presence of a learning disability and that his emotional disability "appears to impede his academic performance."

8. In the March 1, 2006, psycho-educational evaluation, the examiner recommended that psychological counseling be addressed after the completion of the evaluations and that "a behavior management plan should be implemented after the completion of the Clinical Evaluation." Lastly, the evaluation stated that A.J. may "benefit from educational interventions using intensive one-on-one instruction and small groups in an environment suitable for a child who has learning issues complicated by emotional issues." (See Psycho-educational Evaluation, Report Dated March 8, 2006)

9. On March 1, 2006, an independent clinical psychological evaluation was completed by Interdynamics. A.J. was referred for testing to assess his current level of social an emotional functioning.

10. In the March 1, 2006, clinical psychological evaluation, the examiner stated that A.J. is "experiencing mild depression accompanied with low self-esteem." Further the evaluation states that A.J. "presents with significant emotional disabilities that are likely to make him mentally available for class instructions."

11. In the March 1, 2006, clinical psychological evaluation, the examiner also stated that A.J.'s "negative behavior interferes with his academic achievement." The examiner further stated that A.J. is "in need of academic remediation and psychological support…"

12. In the March 1, 2006, clinical psychological evaluation, the examiner recommended "full-time therapeutic placement in a school where his academic deficiencies can be addressed in a small class setting." The examiner goes on to say that "his current academic setting does not appear to be appropriately addressing his deficiencies, and are further contributing to his emotional difficulties."

13. In the March 1, 2006, clinical psychological evaluation, the examiner recommended that A.J. have counseling for 45 minutes twice a week to address his depression and low self-esteem, and his concerns about academic functioning.

3

14. On June 7, 2006, an Eligibility/MDT meeting was held for the student. The MDT team determined that the student was ineligible for special education because he did not meet the criteria for an Emotional Disturbance disability or for a Learning Disability. However, the notes go on to state that a behavior intervention plan should be developed and that A.J. needs a "school setting that is highly structured with consistent positive behavioral support..."

15. The MDT team agreed that A.J. is performing below expected grade level and stated that the team was concerned that A.J. had been suspended for three 10 day suspensions.

16. Although a clinical psychological evaluation was completed, and present for review, DCPS failed to have a clinical psychologist present at the meeting to review the evaluations.

17. To date, the student has not been determined eligible for special education.

## II. Issues presented.

### 1. Denial of a Free and Appropriate Public Education and Violation of 34 C.F.R. §300.306 by Failing to Appropriately Determine the Student's Eligibility for Special Education and Its Related Services.

Pursuant to 34 C.F.R. 300.306,

In interpreting evaluation data for the purpose of determining if a child is a child with a disability...each public agency must (i) draw upon information from a variety of sources...(ii) ensure that information obtained from all of these sources is documented and carefully considered. (2) If a determination is made that a child has a disability and needs special education and related services, an IEP must be developed for the child..."

Here, assessments were completed in February and March of 2006. The assessments clearly state that A.J. requires a full-time therapeutic placement and counseling services to address his negative social behavior. Furthermore, the assessments state that he is below level in his academics, that his behavior interferes with his academic achievement, and that a behavior intervention plan is necessary. However, at the June 7 2006, MDT/Eligibility meeting the team determined him ineligible for special education. In this case the school failed to find the student eligible for special education and related services although the evaluations indicated that he is a student with possible Multiple Disabilities, specifically a disability of Emotional Disturbance and Learning Disabled. Further at the MDT meeting on June 7, 2006, the team agreed that A.J. was performing below expected grade level. Further the MDT team noted that A.J. was suspended on

4

three 10 day suspension. Therefore, in addition to the results of the assessments the the team also was recognized his poor behavior and poor academics. Nevertheless, the team found him ineligible for special education services thereby denying him FAPE.

**2.  DCPS failure to Determine the Student Eligible for Special Education and Related Services under IDEIA amounts to a denial of FAPE and entitles the student to compensatory education.**

*Harris v. District of Columbia* states that students with disabilities are entitled to compensatory services where they have been "deprived of special education in violation of the IDEA." Pursuant to *Reid v. District of Columbia*, "the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." *See also, School Committee of the Town of Burlington Massachusetts v. Department of Education of Massachusetts*, 471 U.S. 359 (1985) (In *Burlington*, the United States Supreme Court concluded that retroactive reimbursement is available to parents. This led to courts allowing compensatory services to parents as an equitable remedy.) *Reid v. District of Columbia*, No. 02cv01611 (2005) (In Reid, the Circuit Court for the District of Columbia Circuit determined that "courts and hearing officers may award 'educational services…to be provided prospectively to compensate for a past deficient program.'" *See Id.* at 9 (quoting G. *ex rel. RG v. Fort Bragg Dependent Schs.*, 343 F.3d 295, 308 (4th Cir. 2003).

A.J. has suffered a loss of educational benefit because he was not determined eligible for special education and related services. Due to DCPS failure to fulfill it's obligation under the IDEIA, the student has missed out on at least a year of specialized instruction and related services that he desperately needs. The student is entitled to compensatory education for the time and services he has lost.

### III.    Relief Sought.

1. The hearing officer shall find that DCPS violated 34 C.F.R. §300.306 by failing to determine if the student meets the criteria for special education eligibility.

2. The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to provide the student with an appropriate IEP.

3. DCPS shall within ten (10) days of the Hearing Officer's Determination convene an IEP meeting. DCPS shall develop an IEP reflecting his eligibility as a student with a Learning Disability and Emotional Disturbance.

4. DCPS shall fund the student's compensatory education plan.

√5. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

6. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

7. DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

8. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through Jani S. Tillery, Esq., via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

9. In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

10. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

11. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

12. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

13. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a

6

person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

14. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

15. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

16. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that the student's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

17. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.  **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.  **Signature:**

_____     6-29-07
Legal Representative / Advocate (if applicable)            Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

# Exhibit K



Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. Attorney Information
   Law Firm:             James Brown & Assoc., PLLC
   Attorney:             James Brown
   Federal Tax ID No:    52-1500760
   D.C. Bar No:          61622

2. Student Information
   Name:                          Martin, Khalil
   DOB:                           8/26/93
   Date Hearing Request Filed:    6/18/07
   Date(s) of Hearing:            8/16/07
   Date of Determination (HOD/SA) 8/30/07
   Parent/Guardian Name:          Jayelynn Martin
   Parent/Guardian Address:       449 Warner St., NW, #4
                                  Washington, DC 20001

3. Invoice Information
   Invoice Number:               07-298
   Date Request Submitted:       9/17/07
   Date(s) of Services Rendered: 4/15/07 to 8/30/07
   Attorney Hourly Rate:         $     365.00
   Total Attorney Fees:          $   6,154.55
   Total Attorney Costs:         $     548.69
   Total Experts:                $   2,573.35
   Total Invoice:                $   9,276.59

4. Certification (must be signed by principal attorney)

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____     9/17/07
   Signature                           Date

   Revised Nov. 2004

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
State Enforcement and Investigative Division
Cherylen M. Long, Esq.
Independent Due Process Hearing Officer
1150 5th Street, SE
Washington DC 20003
Phone (202) 518-6867
Fax (202) 442-5556

**CONFIDENTIAL**

| | |
|---|---|
| In the Matter of | ) **IMPARTIAL DUE PROCESS** |
| | ) **HEARING** |
| | ) |
| KHALIL MARTIN, Student | ) |
| Date of Birth: 8/26/1993 | ) **DECISION AND ORDER** |
| | ) |
| Petitioner, | ) |
| | ) Hearing Date: August 16, 2007 |
| vs. | ) |
| | ) Held at: 1150 5th Street, SE |
| The District of Columbia Public Schools | ) Washington DC 20003 |
| | ) Room 4A |
| Respondent | ) |
| | ) |
| Home School: Meyers Elementary | ) |
| | ) |

**DECISION AND ORDER**

Counsel for Parent:   Domiento C.R. Hill, Esq.
                      James Brown & Associates
                      1220 L Street, NW
                      Suite 700
                      Washington DC 20005

Counsel for DCPS:     Tiffany Puckett, Esq.
                      Attorney Advisor
                      Office of the Attorney General
                      825 North Capitol Street, NE
                      9th Floor
                      Washington DC 20002

## INTRODUCTION

A hearing was held at the 1150 5th Street, SE, Washington, DC on August 16, 2007 at the request of D. Hill, counsel for the parent and the student. DCPS was represented by Tiffany Puckett, Esq.

## JURISDICTION

The hearing was held and this decision was written pursuant to the *Indiv. With Disab. Act* (IDEA) (P.L. 101-476), reauthorized as the *IDEA Improvement Act of 1997*(IDEIA) (P.L. 105-17) 20 U.S.C. 1400 Et. Seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the *IDEA Improvement Act of 2004* (P.L. 108-446) and Title 5 of the DCMR and section 145 of the D.C Appropriations Act, effective October 21, 1998.

## DUE PROCESS RIGHTS

Parent's counsel waived formal reading of the due process rights.

## 5 DAY DISCLOSURE

Petitioner presented and called the following witnesses:

1.    Kevin Carter, Advocate
2.    Jayelynn Martin, Parent
3.    Julia Oaks, Accotink Alternative Acadamy

Respondent presented and called the following witnesses:

1.    Tara King-Jackson, Asst. Principal Village Academy

## ISSUES PRESENTED

Whether DCPS denied the student FAPE by:

1.    Failing to provide appropriate placement for student;
2.    Failure to provide parent meaningful participation in determining student's IEP.

## PRELIMINARY MATTER

Petitioner filed a Motion for Default Judgment on August 9, 2007, on the basis that DCPS failed to file a timely response to the Complaint. Undersigned denied the Petitioner's motion however, finding no procedural violation that warranted a default or a finding that FAPE was denied under 20 USC 1415(f)(3)(E)(ii).

FINDINGS OF FACT

The hearing Officer makes the following findings of fact:

1.  Khalil Martin was born 8/26/1993.
2.  K.M. has been diagnosed with learning disability, and is eligible for services under IDEA.
3.  K.M.'s IEP meeting notes of 1/10/07 (KM 9) indicate that he needs one on one attention at a separate full time setting at a school for students with learning disabilities.
4.  MDT meeting notes of 6/11/07 (KM 10) indicate that K.M. needs alternate placement outside of the general educating setting.
5.  DCPS offered two options for K.M.'s placement, Hardy Middle School or Village Learning Academy. (KM 10)
6.  Parent was present at the MDT meeting, and rejected both placements indicating that she wanted an opportunity to visit the schools. *(Testimony of Carter)*
7.  Parent did visit Village Learning Academy, but only looked around. She did not speak with any administrators, teachers or students, and did not request a tour of the school or otherwise make her presence known. *(Testimony of J. Martin)*
8.  DCPS conceded that Hardy Middle School allows routine interactions with regular students, making it an inappropriate placement for K.M.
9.  Village Learning Academy is a non-public day school in which L.D. students are housed in the same building with other students on different floors. *(Testimony of King-Jackson)*
10. Non disabled students do not generally co-mingle with disabled students at Village Learning Academy. They have separate building entrances. However, students may co-mingle occasionally with other students during certain joint functions. *(Testimony of King-Jackson)*
11. K.M. has been accepted at Accotink Alternative Academy, a school exclusively for children with disabilities. *(Testimony of Oaks)*

DECISION AND CONCLUSIONS OF LAW

Petitioner asserts that DCPS failed to provide K.M. with a "continuum of alternative placements" as required under *34 CFR 300.115(a),* by offering only two options for placement. Hardy Middle School, the first option, allows for routine interaction with general education students, and hence DCPS conceded was inappropriate. Hence, the only real option to be considered in K.M.'s placement was Village Learning Academy.

By definition, the word continuum means range or variety. Clearly offering one option that both parties recognize is not an appropriate placement and only one additional option for placement does not satisfy the requirement set forth in *34 CFR 300.115(a).* I find that parent is entitled to at least one additional option for placement of her child at a

3

school that offers a separate full time placement for students with learning disabilities, per K.M.'s IEP.

As to the Petitioner's claim that parent was denied meaningful participation in determining her child's IEP, I find that while parent disagreed with the placement options provided, there is no evidence that she disagreed at all with the IEP itself. She did not indicate that she felt the educational plan set forth was inappropriate, or that her son was improperly evaluated, nor was any evidence presented to that effect. The issue presented was solely a matter of the lack of placement options offered by DCPS. Where the IEP offers student a FAPE, parent is not entitled to reimbursement for private placement. Paoella v. D.C, 46 IDELR 271 (US Court of Appeals, DC Circuit (2006)). Hence, I do not find that the parent was denied meaningful participation in the development of her child's IEP.

While DCPS violated the IDEA procedural safeguards by making a "de facto" placement, the record facts show that DCPS made a strong showing that it could provide K.M. with the special education and related services that he was entitled to at the Village Academy. As to whether this violation rises to the level of a FAPE denial, IDEA states:

> "[i]n matters alleging a procedural violation, a hearing officer may find that a child did not receive a free appropriate public education only if the procedural inadequacies -- (I) impeded the child's right to a free appropriate public education; (II) significantly impeded the parents' opportunity to participate in the decision making process regarding the provision of a free appropriate public education to the parents' child; or (III) caused a deprivation of educational benefits." 20 U.S.C. § 1415(f)(3)(E)(ii) (2005 supp.) (2004 amendment).

In the instant matter, the most recent MDT meeting was held in June. Hence, the child's placement determination was being made for the following school year. At this point, there has been no substantial deprivation of educational benefits to K.M., nor has the procedural violation by DCPS resulted in any of the consequences indicated above. Hence, there has been no denial of FAPE.

Based upon the foregoing, it is hereby ORDERED:

1. Petitioner has met its burden of proof as to DCPS failure to provide appropriate placement options to the child, as required under *34 CFR 300.15*.

2. However, Petitioner has not met its burden as to its claim that student was denied FAPE by DCPS' de-facto placement, nor that parent was not provided a meaningful opportunity to participate in determining the student's IEP.

4

3. A new IEP meeting is to be set within 20 school days of this Order to determine other alternative schools that would provide the services indicated in student's IEP.

4. Should DCPS fail to provide two alternative schools, besides Village Academy, where the IEP can successfully be implemented (where a separate full time setting at a school for students with learning disabilities is offered), parent will be entitled to place K.M. in the Accotink Alternative Academy, where he has already been accepted, at the expense of DCPS.

## APPEAL PROCESS

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

_____          ___8-30-07_____
CHERYLEN LONG                             Date Filed
Impartial Hearing Officer


_____
Date Issued

5

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Khalil Martin

September 16, 2007

In Reference To:  Khalil Martin
                  DOB: 8/26/93

Invoice #12819

Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 4/15/2007 DH | Draft and file notice of withdrawal with DCPS after receiving and executing settlement agreement with the parent and DCPS. | 0.33 365.00/hr | 120.45 |
| 4/27/2007 KD | Drafted letter to parent/enclosed copy of IEP Mtng Cnfrmtn/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 5/14/2007 KC | Reviewed most recent IEP and evaluations. | 0.75 185.00/hr | 138.75 |
| KC | Attended MDT/IEP @ 825 North Capital St., N.E. D.C. (Met with Dr. Peagler who informed writer that MDT/Placement will be scheduled to occur before end of the school year but isn't going to occur today. | 1.50 185.00/hr | 277.50 |
| KC | Conference with parent , Ms. Martin. Ms. Martin and Khalil arrived at 825 40 minutes after scheduled meeting time and were informed that meeting wouldn't proceed. Writer subsequently met with parent and discussed schools that parent has visited to date. Parent says that she isnt' interested in Rock Creek but would like to visit Accotinck Academy. | 0.58 185.00/hr | 107.30 |
| KC | Draft letter to Ms. Martin re: proposal of an admissions interview date and time for Khalil at Accotink Academy. Ms. Oaks is receptive to visit being any weekday at 10:00 a.m.  School will provide van transportation to and from nearest subway station (Springfield/Franconial) once Ms. Martin calls from the station. (Once parent informs writer of time, writer will apprise school of day of visit. Mail and file letter. | 0.83 185.00/hr | 153.55 |
| 5/15/2007 DH | Review the student's educational file to determine DCPS compliance with the expressed written terms of the settlement agreement, discussion with the parent and educational advocate to determine compliance, conduct educational research to determine remedies available to the parent in the | 2.50 365.00/hr | 912.50 |

Khalil Martin                                                                                                    Page    2

| | | Hrs/Rate | Amount |
|---|---|---|---|
| | event of a breach by DCPS, draft and file administrative due process complaint notice. | | |
| 5/18/2007 KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 6/1/2007 KC | Draft letter to Ms. Martin re: visit to Accotink Academy on Tuesday, June 5, 2007 at 10:00 a.m.  School staff will meet parent at Springfield/Franconia subway station at 9:30 a.m. Mail and file letter. | 0.75 185.00/hr | 138.75 |
| KD | Drafted letter to parent/enclosed copy of IEP Mtng Cnfrmtn/copy to advc and file/added to case notes/posted same to desk calendar | 0.42 115.00/hr | 48.30 |
| 6/7/2007 KC | Phone call from parent informing writer that visit to Accotink had to be postponed.  When parent arrived at Springfield subway station with student and her twins, Accotink sent a van and informed parent that they didn't have a baby seat.  Visit is being rescheduled for next week. Parent will leave the twins at home. | 0.42 185.00/hr | 77.70 |
| 6/11/2007 KC | Reviewed client file in preparation for placement meeting at DCPS Admin. Offices. | 0.75 185.00/hr | 138.75 |
| KC | Attended MDT/IEP/Placement meeting @ 825 North Capital St., N.E> (DCPS) | 2.00 185.00/hr | 370.00 |
| KC | Research educational needs/prepared meeting summary for D. Hill, Esq. | 0.67 185.00/hr | 123.95 |
| 6/18/2007 KD | Drafted letter to parent/enclosed copies of Plcmnt Ref Ltrs to Katherine Thomas School, Commonwealth Academy, Ivymount School, Noble School, Palavin Academy, and to the Lab School/copy to advc and file/added to case notes | 0.25 115.00/hr | 28.75 |
| KD | Prepared and sent placement package to the Lab School (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.25 115.00/hr | 28.75 |
| KD | Prepared and sent placement package to Palavin Academy @ Chesterbrook Academy in Chantilly, VA (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.33 115.00/hr | 37.95 |
| DH | Review the student's educational file, draft and file notice of stay-put. | 0.33 365.00/hr | 120.45 |
| DH | Review the student's educational file and the MDT Meeting Notes, review advocates meeting notes, discussion with the parent and educational advocate regarding the outcome of the recent MDT Meeting, conduct educational research regarding issues in the case, specifically, as to whether or not DCPS' failure to place the student in an appropriate special education program and failing to give the parent meaningful | 3.00 365.00/hr | 1,095.00 |

Khalil Martin                                                                                              Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | participation in the placement decision for her minor child, draft and file administrative due process complaint notice. | | |
| 6/18/2007 | KD | Prepared and sent placement package to Noble School (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.33 115.00/hr | 37.95 |
| | KD | Prepared and sent placement package to Ivymount School (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.42 115.00/hr | 48.30 |
| | KD | Prepared and sent placement package to Commonwealth Academy (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.33 115.00/hr | 37.95 |
| | KD | Prepared and sent placement package to Katherine Thomas School (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.33 115.00/hr | 37.95 |
| 6/19/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 6-18-07 Ltr to DCPS rqstng Stay-Put/copy to advc and file/added to case notes | 0.17 115.00/hr | 19.55 |
| | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.17 115.00/hr | 19.55 |
| 6/28/2007 | KD | Phone call to parent re upcoming Resolution Session Meeting | 0.08 115.00/hr | 9.20 |
| 7/9/2007 | KC | Phone call from Ms Martin inquiring about whether student will be funded at Accotink in time to attend ESY. Parent advised that student won't be funded at Accotink or another placement until hearing occurs on July 20, 2007. Student likely won't begin new placement until the fall of SY 2007-08. | 0.50 185.00/hr | 92.50 |
| 7/16/2007 | KD | Drafted letter to parent/enclosed copy of Interim Order re hearing on 7-31-07 @ 1:00 p.m./copy to advc and file/added to case notes | 0.25 115.00/hr | 28.75 |
| | KD | Drafted letter to parent/enclosed copy of Plcmnt Accptnc from Accotink/copy to advc and file/added to case notes | 0.17 115.00/hr | 19.55 |
| | KD | Drafted letter to parent/enclosed copy of Plcmnt Denial from Commonwealth/copy to advc and file/added to case notes | 0.17 115.00/hr | 19.55 |
| | KD | Drafted letter to parent/enclosed copy of Atty's 7-3-07 Ltr to DCPS rqstng continuance/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |

Khalil Martin                                                                                      Page    4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/17/2007 DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process complaint notice hearing. Give to paralegal for completion. | | 1.00 365.00/hr | 365.00 |
| 7/18/2007 DH | Discussion with the parent regarding the status of the student's case. | | 0.25 365.00/hr | 91.25 |
| DH | Review the student's educational file to determine whether or not DCPS filed a response to the parent's administrative due process complaint notice, draft and file motion for default judgment. | | 0.25 365.00/hr | 91.25 |
| 7/24/2007 KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | | 2.00 115.00/hr | 230.00 |
| 7/27/2007 KD | Drafted letter to parent/enclosed copy of Hearing Notice and DCPS' Notice re new location/copy to advc and file/added to case notes | | 0.42 115.00/hr | 48.30 |
| KD | Drafted letter to parent/enclosed copy of Placement Denial from Katherine Thomas School/copy to advc and file/added to case notes | | 0.25 115.00/hr | 28.75 |
| 8/9/2007 KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | | 1.58 115.00/hr | 181.70 |
| DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing. | | 1.00 365.00/hr | 365.00 |
| 8/15/2007 KC | Prepared for Due Process Hearing/prep with D. Hill | | 0.50 185.00/hr | 92.50 |
| DH | Prepared for Due Process Hearing | | 1.50 365.00/hr | 547.50 |
| 8/16/2007 KC | Prepared for Due Process Hearing/case review with D. Hill. | | 0.50 185.00/hr | 92.50 |
| KC | Appearance at Van Ness ES for due process hearing | | 2.50 185.00/hr | 462.50 |
| DH | Conduct last minute preparation for hearing and appearance at the student's administrative due process hearing | | 3.50 365.00/hr | 1,277.50 |
| 8/24/2007 KC | Phone call from Ms. Martin inquiring about whether HOD had been issued. | | 0.33 185.00/hr | 61.05 |
| 8/28/2007 KC | Phone call from Ms. Martin inquiring about whether firm has received the HOD. | | 0.25 185.00/hr | 46.25 |

Khalil Martin                                                                                      Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/29/2007 KC | Phone call from Ms. Martin. Parent is again inquiring about whether HOD has been issued. | | 0.25 185.00/hr | 46.25 |
| 8/30/2007 JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | | 0.33 405.00/hr | 133.65 |
| 8/31/2007 KC | 2nd phone call from Ms. Martin regarding inquiry about receipt of the HOD | | 0.25 185.00/hr | 46.25 |
| 9/7/2007 KC | Conference with parent . Parent unexpectedly stopped by office to discuss HOD. | | 0.58 185.00/hr | 107.30 |
| | For professional services rendered | | 36.90 | $8,727.90 |
| | Additional Charges : | | | |
| 4/18/2007 | copied HR and SA auth form | | | 2.00 |
| 4/23/2007 | Postage; Letter to parent re: Attorney's letter. | | | 0.87 |
| | copied letter to parent re: SA | | | 1.75 |
| | copied letter to parent re: Atty's ltr to DCPS | | | 1.25 |
| 4/27/2007 | Postage; Letter to parent. | | | 0.39 |
| | copied letter to parent | | | 0.50 |
| 5/14/2007 | Postage; Letter to parent. | | | 0.41 |
| | Facsimile; E-mail correspondence from SAIL. | | | 2.00 |
| | copied letter to parent | | | 0.50 |
| 5/18/2007 | copied letter to parent | | | 0.50 |
| | Faxed HR to SHO | | | 8.00 |
| | copied HR | | | 2.25 |
| | Postage; Letter to parent re: HR-Complaint Notice. | | | 0.58 |
| 5/31/2007 | Rec'd faxed notice from OSE | | | 1.00 |
| 6/1/2007 | Postage; Letter to parent re: meeting confirmation. | | | 0.41 |
| | Postage; Letter to parent. | | | 0.41 |
| | copied letter to attorney and file | | | 0.50 |

Khalil Martin                                                                                    Page    6

|  |  | Amount |
|---|---|---|
| 6/1/2007 | copied letter to parent re: IEP conf. | 0.50 |
| 6/18/2007 | copied hearing request | 8.00 |
|  | Faxed HR to SHO | 9.00 |
|  | Copied; Letter for parent re: Placement. | 1.75 |
|  | Copied; Placement package for Palavin. | 14.50 |
|  | Copied; Placement package for Noble School. | 14.50 |
|  | Copied; Placement package for Katherine Thomas. | 14.50 |
|  | Copied; Placement package for Lab School. | 14.50 |
|  | Postage; Placement package to Lab School. | 2.50 |
|  | Postage; Placement package to Katherine Thomas. | 2.50 |
|  | Postage; Placement package to Ivymount. | 2.50 |
|  | Postage; Placement package to Commonwealth. | 2.50 |
|  | Copied; Placement package for Ivymount. | 14.50 |
|  | Postage; Letter to parent. | 0.58 |
|  | Postage; Placement package to Palavin Academy. | 2.50 |
|  | Postage; Placement package to Noble School. | 2.50 |
|  | Copied; Placement package for Commonwealth. | 14.50 |
| 6/19/2007 | copied letter to parent re: HR | 2.50 |
|  | Postage; Letter to parent re: HR-Complaint notice. | 0.75 |
|  | copied letter to parent re: stay put | 2.50 |
| 7/16/2007 | copied letter to parent re: interim order | 1.00 |
|  | copied letter to parent re: placement acceptance | 1.00 |
|  | copied letter to parent re: placement denial | 0.50 |
|  | copied letter to parent re: atty's 7/3/07 ltr to DCPS | 1.25 |
|  | Postage; letter to parent | 0.75 |

Khalil Martin                                                                Page    7

| | | Amount |
|---|---|---:|
| 7/24/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | copied disclosures | 48.00 |
| 7/27/2007 | Copied; HN for parent. | 0.50 |
| | Postage: letter to parent | 0.41 |
| 7/31/2007 | Copied; Disclosure for advocate | 52.00 |
| 8/9/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied; 5 Day Disclosure | 50.50 |
| 8/10/2007 | Copied; 5 Day Disclosure | 47.50 |
| | Copied; 5 Day Disclosure | 47.50 |
| 8/30/2007 | Rec'd faxed HOD from SHO | 5.00 |
| | copied HOD | 5.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total additional charges | $548.69 |
| | Total amount of this bill | $9,276.59 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---:|---:|---:|
| Domiento Hill, Attorney | 13.66 | 365.00 | $4,985.90 |
| James E. Brown, Attorney | 0.33 | 405.00 | $133.65 |
| Kelly Dau, Paralegal | 9.00 | 115.00 | $1,035.00 |
| Kevin Carter, Advocate | 13.91 | 185.00 | $2,573.35 |

EXHIBIT
**KM-3**

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202-442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student: _Khalil Martin_  Date of Birth: August 26, 1993

Address: _449 Warner Street, NW #4, Washington, DC 20001

Present School of Attendance: SAIL Public Charter School

Parent/Guardian of the Student: ___Ms. Jayelynn Martin___

**B.** ## Legal Representative/Attorney (if applicable):

Name: ___Domiento C.R. Hill, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.** ## Complaint Made Against (check all that apply):

**X DCPS**

☐Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐Non-public    school    or    residential    treatment    facility    (name) _____

☐Parent

**D.** ## Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

**E.** ## Mediation Process:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

**F.** ## Facts and Reasons for the Complaint:

### I. Nature of the Problem.

1. The student's name is Khalil Martin (hereinafter "K.M." or "student").

2. The student's date of birth is August 26, 1993.

3. The student's address is 449 Warner Street, NW #4, Washington, DC 20001.

4. Jayelynn Martin is the parent of L.W. (hereinafter "Parent" or "Complainant").

5. The parent and the student reside at the same address.

6. The student currently attends Sail Public Charter School located in the District of Columbia.

2

7.  The student is eligible to receive special education and its related services as a result of his learning disability. See Individualized Educational Program dated January 10, 2007.

8.  An MDT/EP Meeting was held for the student on or about January 10, 2007. Id.

9.  At the MDT/IEP Meeting, the MDT Team determined that the student required a move to a more restrictive full-time, separate, special education program for students with a learning disability because he is significantly behind in his reading and math. *Id.*

10. On or about January 25, 2007, counsel for the parent, forwarded to DCPS a copy of the student's IEP along with a letter requesting that the student's MDT Meeting be reconvened to locate and appropriate special education program. *See* Correspondence dated January 25, 2007. DCPS did not respond. As a result, an administrative due process complaint notice was filed.

11. On or about April 13th, 2007, a settlement agreement was executed between the parent and the District of Columbia Public Schools ("DCPS") in which DCPS agreed to do, inter alia, convene a multidisciplinary team meeting on or before May 15th, 2007 for the purpose of discussing a Placement for the upcoming school year. See Settlement Agreement dated April 13th, 2007.

12. An MDT Meeting was scheduled to take place for the student on or about May 14th, 2007. *See* Email Correspondence dated April 25th, 2007.

13. The day of the meeting, the parent and her educational advocate appeared for the student's MDT Meeting at the stated time, however, DCPS stated that they were unaware of the MDT Meeting despite their earlier confirmation. To date, DCPS has yet to comply with the settlement agreement and reconvene the student's MDT Meeting to determine placement for the upcoming school year.

14. An MDT Meeting was held for the student on or about June 11, 2007.

15. Specifically, the student requires twenty-six (26) hours of specialized instruction as a student with a learning disability, the MDT Team also agreed that the student would receive a half hour a week of psychological counseling. *Id.*

16. The MDT Team further reiterated its determination that SAIL Public Charter School could not implement the student's IEP as written, and that the student was in need of a new placement.

17. At that point, during this meeting, DCPS informed the parent and her educational advocate that the student could be placed at the Hardy Middle School, a regular education school/program, or the Village Learning Academy.

3

18. The parent and her educational advocate rejected the program at Hardy Middle School because Hardy Middle School is a regular education program and not a separate, special education, full-time day program as his IEP requires.

19. The parent and her educational advocate rejected the placement at the Village Learning Academy because the student would interact with children emotionally disturbed, is housed in a regular education school, thereby providing interaction with nondisabled peers, and further the representative from the Village Learning Academy had reviewed no information on the student prior to stating they could implement the student's IEP.

## II. Issues presented.

### 1. DCPS failed to provide a free and appropriate public education by failing to provide an appropriate placement.

DCPS, as the local and state education agency, is to make certain that the educational placement, for each child with a disability within its jurisdiction, is able to implement the student's Individualized Educational Program. Pursuant to 34 C.F.R. § 300.17,

> Free appropriate public education or FAPE means special education and related services that are provided at public expense, under public supervision and direction, and without charge; meet the standards of the SEA...include an appropriate preschool, elementary school, or secondary school education in the State involved; and are provided in conformity with the individualized education program (IEP)..."

DCPS shall implement an IEP for each student with a disability. *See id.* at § 614(d)(2). Pursuant to D.C. MUN. REGS. tit. 5, § 3010.2 (2003), DCPS "shall implement an IEP as soon as possible after the meeting where the IEP is developed..." Pursuant to 34 C.F.R. § 300.115(a). DCPS "must ensure that a continuum of alternative placements is available to meet the needs of children with disabilities for special education and related services."

On June 15, 2007, the MDT Team continued to state that the student requires placement in a separate, full-time, special education program. DCPS, at the MDT Meeting only offered the parent placement at Hardy Middle School, a regular education school/program, and placement at the Village Learning Academy where the student, in addition to his interacting with nondisabled peers, would be housed with children who are emotionally disturbed. Neither of these programs, based on the foregoing, is appropriate for this student.

  

**2. DCPS failed to provide a free and appropriate public education by failing to follow proper procedures in determining the student's educational placement and program by failing the provide the parent with meaningful participation in determining the student's educational placement and program.**

According to 34 C.F.R. Sec. 300.116(a)(1), "in determining the educational placement of a child with a disability…each public agency must ensure that the placement decision is made by a group of persons, including the parents, and other persons *knowledgeable about the child*, the meaning of the evaluation data, and the placement options." [emphasis added]  DCPS is to make certain that the parent's or complainants are a part of the decision making process when it comes to the student's educational placement. See also Hoing v. Doe, 484 U.S. 305, 327 (1988) (In Hoing the Supreme Court of the United States concluded that the clear intent of Congress was to make parental involvement the cornerstone of the placement process under the IDEA. In so finding, the Court stressed the importance of a parent's right to be not only notified of each step of a child's educational development, but also involved in the placement decision making process: "Envisioning the IEP as the centerpiece of the statute's education system for disabled children, and aware that schools had all too often denied such children appropriate educations without in any way consulting the parents; Congress repeatedly emphasized through the Act the importance and indeed the necessity of parental participation in both the development of the IEP and any subsequent assessments of its effectiveness. Accordingly, the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate." Id. at 311-12; Burlington School Comm. v. Massachusetts Dept. of Education, 471 U.S. 359, 373 (1985); Zvl D. By Shirley D. v. District of Columbia Public Schools, 828 F. Supp. at 88-89; and Nikita Petties, et. al. v. The District of Columbia Public Schools, Civil Action No. 95-0148.

DCPS denied the parent a meaningful opportunity to participate in the placement process by offering the student placement in a regular education school, which is not what the student's IEP requires, or, placement in a program for children who are emotionally disturbed, which the child is not, or in a program where the student would have interaction with children who are emotionally disturbed, and non-disabled, and indeed, had never met the student, had not reviewed any assessments. These actions by DCPS denied the parent the right to have meaningful participation in the decision making process for her minor child.

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1.    The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to provide an appropriate placement.

2.  The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to follow proper procedures in determining the student's educational placement and program by failing the provide the parent with meaningful participation in determining the student's educational placement and program.

3.  DCPS shall issue prior notice to a school of the parent's choice, thereby funding the student's placement and transportation.

4.  DCPS agrees to pay counsel for the parent reasonable attorney's fees and related costs incurred in the matter.

5.  All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6.  DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

7.  DCPS shall send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

8.  DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through Domiento C.R. Hill, via facsimile, at 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

9.  In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

10. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

11. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

12. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

13. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

14. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

15. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the complainant with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

16. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that Brian's rights and the complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST

INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

17. The hearing officer shall find that the parent is the prevailing party in this action.

18. All issues with regards to compensatory education are reserved to the parent.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

5.  Signature:

_____    6/18/07
Legal Representative / Advocate (if applicable)    Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
                    *********************
                    ***   TX REPORT   ***
                    *********************


     TRANSMISSION OK

     TX/RX NO                2549
     RECIPIENT ADDRESS       92026983825
     DESTINATION ID
     ST. TIME                06/18 18:52
     TIME USE                01'18
     PAGES SENT              9
     RESULT                  OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus
Omar Karram
-------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, D.C. 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
Roxanne D. Neloms
Christie Fontaine-Covington
Jani Tillery
Kimberly Glassman

-------------------------------
! DC Bar Special Legal Consultant
+ Admitted in Bolivia Only

# FAX COVER SHEET

**DATE:**     June 18, 2007

**TO:**       Office of Student Hearings, DCPS

**FAX NO:**   202-698-3825

**FROM:**     Domiento C.R. Hill, Esq.

**SUBJECT:**  K.M., DOB: 8/26/93

**NUMBER OF PAGES INCLUDING COVER SHEET:** 9

**COMMENTS:**  Administrative due process complaint notice. Thank you for your assistance with this matter.

# Exhibit L


Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000     Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:
    Attorney:
    Federal Tax ID No:
    D.C. Bar No:

    James Brown & Assoc., PLLC
    James Brown
    52-1500760
    61622

2.  Student Information
    Name:
    DOB:
    Date Hearing Request Filed:
    Date(s) of Hearing:
    Date of Determination (HOD/SA)
    Parent/Guardian Name:
    Parent/Guardian Address:

    Peterson, Ronald
    8/7/97
    5/22/07
    7/25/07 to 8/24/07
    9/4/07
    Joanne Peterson
    537 27th St., NE, Apt. A
    Washington, DC 20002

3.  Invoice Information
    Invoice Number:
    Date Request Submitted:
    Date(s) of Services Rendered:
    Attorney Hourly Rate:
    Total Attorney Fees:
    Total Attorney Costs:
    Total Experts:
    Total Invoice:

    07-299
    9/17/07
    12/28/06 to 8/24/07
    $      365.00
    $   10,959.20
    $      304.89
    $        0.00
    $   11,264.09

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _9/17/07_
    Signature                                    Date

    Revised Nov. 2004

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### Confidential

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
Van Ness Elementary School
1150 5th Street, S.E.
Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Ronald Peterson (RP)** | ) | |
| Date of Birth: 08/07/97 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: May 22, 2007 |
| | ) | **Cont. Hearing Date: August 24, 2007** |
| **The District of Columbia Public Schools,** | ) | Held at: Van Ness Elementary School |
| **Home School: Gibbs Elementary School** | ) | 1150 5th Street, S.E., 1st Floor |
| **Attending: Birney Elementary School** | ) | Washington, D.C. 20003 |
| | ) | |
| Respondent. | ) | |

Parent/Student:

JoAnne Peterson, Mother
537 27th Street, N.E.
Washington, D.C. 20002

Counsel for the Parent/Student:

Miguel A. Hull, Esq.
James E. Brown & Associates, PLLC
Attorneys at Law
1220 L Street N.W., Suite 700
Washington, D.C. 20005

District of Columbia Public Schools:

Aaron E. Price, Sr., Esq.
Assistant Attorney General
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

1

## I.    JURISDICTION

This Decision and Order is written pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Public Law No. 108-446, codified at 20 U.S.C. §§ 1400 – 1482, 118 Stat 2647; implementing regulations codified at 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 327 of the D.C. Appropriations Act of 2005.

## II.    DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed on 07/18/07 that lists five witnesses and attached eleven exhibits sequentially labeled RP-01 through RP-11. Two witnesses were called to testify: (1) R.P.'s mother; and (2) Juan Fernandez, educational advocate.

Respondent:    Admitted, without objection, a disclosure letter filed on 07/18/07 that lists ten witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify. DCPS rested its case on the testimony of parent's witnesses and the admitted exhibits.

## IV.    STATEMENT OF THE CASE

R.P., born 08/07/97, age 10, is a student with a disability receiving a special education and related services, as a Multiple Disabled (MD)—Emotional Disturbed (ED) and Specific Learning Disabled (SLD) student who attended Birney Elementary School (Birney ES) in the District of Columbia for the 2006-07 school year. (R. at RP-01, 10)

Parent's counsel Miguel A. Hull alleged in the student's 05/22/07 Due Process Hearing Request that DCPS violated the IDEIA and denied R.P. a Free Appropriate Public Education (FAPE) by failing to complete his Educational Assessment as part of his 05/08/07 Psycho-Education Assessment. (R. at RP-01, 10) The parties' agreed that all other issues in the parent's 05/22/07 hearing request were no longer at issue so they are dismissed. (R. at RP-01)

The DCPS Student Hearing Office scheduled the Due Process Hearing for 9:00 a.m., Wednesday, July 24, 2007 that the parties' continued until Friday, August 24, 2007, at 11:00 a.m. The hearings convened as scheduled at Van Ness Elementary School, 1150 5th Street, S.E., 1st Floor, Washington, D.C. 20003.

Attorney Advisor Aaron E. Price, Sr., appeared in-person for DCPS. Attorney Miguel A. Hull appeared in-person representing R.P. and his mother who were both present.

## V.    SUMMARY OF THE EVIDENCE

The parent's five-day disclosure exhibits and the testimony of two (2) witnesses are relied upon in reaching the decision.

### Two Witnesses:

(1) R.P.'s Mother; and
(2) Juan Fernandez, education advocate.

### Five Exhibits:

| | | |
|---|---|---|
| 1. | RP-01 | The 05/22/07 Parent's Due Process Hearing Request |
| 2. | RP-05 | The 01//08/07 Counsel Ltr. To DCPS Requesting Revals |
| 3. | RP-07 | The 03/20/07 R.P. Social History Evaluation Report |
| 4. | RP-08 | The 03/21/07 R.P. Speech-Language Evaluation Report |
| 5. | RP-10 | The 05/08/07 R.P. Psychological Evaluation Report |

### Issue

Did DCPS violate the Individuals with Disabilities Education Improvement Act (IDEIA) codified at 20 U.S.C. §§ 1400 - 1482 and deny R.P. a Free Appropriate Public Education (FAPE) by failing to perform his Educational Assessment as part of his 05/08/07 Psychological Assessment?

### Answer

No. Although DCPS has not performed the Education Assessment there was no evidence presented about how the delayed evaluation, a procedural violation of the IDEIA, resulted in a FAPE denial as required by the IDEIA.

## VI.    FINDINGS OF FACT

1.    R.P., born 08/07/97, age 10, is a student with a disability who was receiving a special education and related services, as a Multiple Disabled (MD)—Emotional Disturbed (ED) and Specific Learning Disabled (SLD) student at Birney Elementary School (Birney ES) in the District of Columbia during the 2006-07 school year. (R. at RP-01)

3

2.    On 01/08/07, the parent through counsel sent a letter to the Birney ES
      Principal requesting a reevaluation and these four (4) assessments:

      a.  Clinical,
      b.  Speech-Language,
      c.  Social History, and
      d.  Occupational Therapy (OT).

3.    The following assessments are completed and admitted as evidence in
      this hearing record:

      a.  The 05/08/07 Psychological Reevaluation Report:
      b.  The 03/21/07 Speech-Language Report: and
      c.  The 03/20/07 Social History Report.
      (R. at RP-07, 08, 10)

4.    There was no evidence presented about the need for an OT Assessment
      so that claim is dismissed.

5.    The parent's only claim is that although DCPS performed R.P.'s
      Psychological Assessment on 05/08/07 it did not complete the
      Educational part of that assessment. In fact that assessment report states
      that "the educational assessment will be performed by the special
      education teacher." (R. at RP-10)

6.    There is no evidence that the Educational Assessment has been
      performed. Nor any evidence that it was requested by the parent in the
      parent's 01/08/07 letter to DCPS requesting reevaluations. (R. at RP-05)

7.    According to this credited testimony of R.P.'s mother whose testimony
      was found credible because of her direct, thoughtful, measured
      responses to all question asked; and because of her calm demeanor
      throughout her testimony, she said that —

      a.  R.P. attended Birney ES during the 2006-07 school year where he had
          problems with his school work and behavior.

      b.  In October 2006 R.P. was admitted to PIW. After his discharge on
          October 30, 2006, he returned to school; took medication; and did fine
          in school during November and December 2006.

      c.  In January 2007, he was not doing his work and got into fights at
          school and on the school bus. And she, via counsel, requested that he
          be reevaluated [on January 8, 2007].

4

d. From February to June 2007, R.P. got better; continued to take his medicine; and some of his grades improved.

e. She believes the missing test [the Educational Assessment] "will tell about his SLD and if the school can meet his needs [for the 2007-08] school year."

8. There was no credible evidence offered by the parent about how the delay in performing the Educational Assessment impacted R.P.'s education for the 2007-08 school year that had not started at the time of the due process hearing.

9. So there is a finding that the delayed Educational Assessment is a procedural violation of the IDEIA but there is no denial of a FAPE because there is no evidence that demonstrates how the unperformed Educational Assessment affected R.P. for the 2007-08 school year, now only one week old, as required by the IDEIA and D.C. common law.

## VII.  DISCUSSION and CONCLUSIONS OF LAW:
### I
**DCPS is required to make a FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

The IDEIA at 20 U.S.C. §§ 1400 - 1482 and 5 D.C.M.R. § 3000.1 (2003) requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

1. Pursuant to 5 D.C.M.R. § 3002.1, LEA Responsibility, "[t]he services provided to the child must address all of the child's identified special education and related services needs and must be based on the child's unique needs and not on the child's disability."

2. Pursuant to 5 D.C.M.R. § 3013.1(c), Placement, "[t]he LEA shall ensure that the educational placement decision for a child with a disability is …based on the child's IEP."

3. Pursuant to 5 D.C.M.R. § 3025, Procedural Safeguards—Prior Written Notice, DCPS shall provide written notice to the parent of a child with a disability before it proposes…an educational placement of the child.

4. Pursuant to the IDEIA at 20 U.S.C. § 1414 (d) (A), (B) Requirement that Program be in Effect—

5

1. At the beginning of each school year, each local educational agency … shall have in effect for each child with a disability in the agency's jurisdiction an IEP.

5. DCPS complied, in-part, with these cited IDEIA obligations based on the parents 05/22/07 hearing request because R.P.'s BLMDT/IEPT agreed to perform specified assessments; those assessments were performed except the Educational Assessment as part of the Psychological Assessment. (R. at RP-07, 08, 10)

6. Pursuant to 34 C.F.R. §§ 300.303(a)(1), (b)(2) Reevaluations, "[a] public agency must ensure that a reevaluation of each child with a disability is conducted … if the public agency determines that the educational or related services needs of the child … warrant a reevaluation. A reevaluation under this section must occur once every three years unless the parent and public agency agree that a reevaluation is unnecessary."

7. On January 8, 2007, the parent requested a reevaluation. Unhelpful is the parties' provided no evidence about when R.P.'s BLMDT/SEP Meeting convened; who attended that meeting; what the team agreed to perform; and when the parent signed a Parental Consent to Evaluate. All assessments requested in parent's 01/08/07 letter to DCPS requesting reevaluations were performed. (R. at RP-05, 07, 08, 10)

8. Although the requested Psychological Assessment was performed on 05/08/07, it did not contain an Educational Assessment. (R. at RP-10) So there is a procedural violation of the IDEIA. But that did not rise to a denial of a FAPE. Here is why.

9. Pursuant to the IDEIA at 20 U.S.C. § 1414 (E) (ii), and 34 C.F.R. § 300.513 (a) Decision of hearing officer on procedural issues, states that, "[i]n matters alleging a procedural violation, a hearing officer may find that a child did not receive a free appropriate public education [FAPE] only if the procedural inadequacies—

    (I)    impeded the child's right to a free appropriate public education;

    (II)    significantly impeded the parent's opportunity to participate in the decision making process regarding the provisions of a FAPE to the parent's child; or the

(III)    caused a deprivation of educational
        benefits."

10. And pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions, "[n]othing in
    paragraph (a) of this section shall be construed to preclude a hearing officer
    from ordering an LEA to comply with procedural requirements."

11. R.P. was not denied a FAPE because the alleged procedural inadequacy did
    impede his right to a FAPE nor deprive him of educational benefit since the
    parent made no effort to demonstrate—much less demonstrated—that R.P.'s
    education was affected by any procedural violation that DCPS may have
    committed.

12. And the D.C. Circuit held that: "only those procedural violations of the
    IDEIA which result in a loss of educational opportunity or seriously deprive
    parents of their participation rights are actionable." Lesesne v. District of
    Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006) (citing Kruvant v. District of
    Columbia, 99 F. App'x 232, 233 (D.C. Cir. 2004) (holding that although
    DCPS admits it failed to satisfy its responsibility to assesses the student
    within 120 days of the parents' request, the parents have not shown harm
    resulted from that error).

13. So based on this hearing record, there does not exist evidence supporting the
    parent's claim that R.P. was denied a FAPE because a delayed evaluation
    does not alone result in a denial of a FAPE—which is precisely the claim
    the parent presented at the due process hearing.

14. Pursuant to 5 D.C.M.R. § 3030.3, "The burden of proof shall be the
    responsibility of the party seeking relief; either the parent/guardian of the
    child or the LEA. Based solely upon the evidence presented at the hearing,
    an impartial hearing officer shall determine whether the party seeking relief
    presented sufficient evidence to meet the burden of proof that the action
    and/or inaction or proposed placement is inadequate or adequate to provide
    the student a Free Appropriate Public Education (FAPE)."

15. The parent, who filed the hearing request, had and did not meet their burden
    of proof in this case because the parent:

    a.   Proved DCPS did not perform R.P.'s Educational Assessment as part
         of his reevaluation Psychological Assessment.

    b.   But failed to prove harm resulted from that error.

So in consideration of the hearing record, there is no finding that R.P. was denied
a FAPE based on a delayed evaluation because the parent did not meet their burden of
proof under the IDEIA by proving that the procedural violation of the IDEIA rose to the

level of a FAPE denial. But R.P. still needs DCPS to conduct his Education Assessment. Therefore, based on the findings of facts and the governing law the hearing officer issues this—

## ORDER

1. The parent's 05/22/07, due process hearing request is dismissed, with prejudice.

2. There is no finding that R.P. was denied a FAPE.

3. DCPS shall, however, pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions complete R.P.'s Educational Assessment on or before September 21, 2007. After which the parties shall mutually agree to a date and time to participate in an IEPT Meeting to review the assessment results.

4. If DCPS fails to comply with paragraph three, the parent shall obtain an independent Educational Assessment on or before November 22, 2007.

5. Schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel written notice of all meetings by facsimile at (202) 742-2098.

6. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

7. The 45-day time limit, from filing the Due Process Hearing Request after the expiration of the 30-day period under § 300.510(b)—receipt of the final Hearing Officer's Decision (HOD), pursuant 34 C.F.R. §§ 300.515(a) (1), (2) was waived by the parents; and the time for disposition was extended, in accord with this Order, to accommodate the one continuance.

8. And the hearing officer made no additional findings.

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90)-days from the date of this Decision and Order pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B); 34 C.F.R. § 300.516 (b).**

Frederick E. Woods                                                  9/4/07
Hearing Officer                                                     Date

Issued: _9/4/07_

**DCPS Student Hearing Office**

8

# District of Columbia Public Schools
### State Enforcement & Investigation Division

In the Matter of                   )
                                  )

R.P.                           )
         Petitioner,          )          **IMPARTIAL**
         vs.                   )     **DUE PROCESS HEARING**
                                    )

The District of Columbia Public Schools, )
**Birney Elementary School**         )
         Respondent.        )

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 – 1482.

Case Information:        Hearing Request Date: May 22, 2007
                                 **Continued Hearing Date: August 24, 2007**
                                 Held at:   Van Ness Elementary School
                                           1150 5th Street, S.E., 1st Floor
                                           Washington, D.C. 20003
                                 SETS Case Number: _____
                                 Student's Birth Date: August 7, 1997
                                 Attending School: Birney Elementary School
                                 Managing School: Birney Elementary School

## CERTIFICATION OF RECORD

       I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do

hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes

the entire record in the above captioned matter as of this date, consisting of all letters,

pleadings, orders, exhibits, depositions, and tapes.

       I further certify that the materials placed in the SHO file for this student are

either the original or true copy of the original documents submitted in this matter.

       Executed this _4th_ day of _September_, 2007.

                                               Due Process Hearing Officer

Re: MATTER OF
<u>R.P. v. DCPS, BIRNEY ELEMENTARY SCHOOL</u>

# <u>RECORD OF PROCEEDINGS</u>

## <u>DATE:</u>          <u>DESCRIPTION:</u>

| | |
|---|---|
| 05/22/07 | **Due Process Hearing Request Filed By Parent** |
| 07/10/07 | **Notice of Due Process Hearing Date Sent to Parties** |
| 07/25/07 | **Due Process Hearing Scheduled to Convene; Did not Convene; and the Cases was Continued until Aug. 24, 2007.** |
| 07/25/07 | **Hearing Officer's Interim Decision Filed with the SHO** |
| 07/25/07 | **Hearing Officer's Interim Decision Issued by the SHO** |
| 08/24/07 | **Due Process Hearing Convened; Completed; Recorded in HR-4A Start Time 11:00 a.m. and End Time 1:15 p.m.** |
| 09/04/07 | **Hearing Officer's Decision Filed with the SHO** |
| 09/04/07 | **Hearing Officer's Decision Issued by the SHO** |

_signature_          9/4/07

**Frederick E. Woods**
**Due Process Hearing Officer**                    **Date**

10

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: September 4, 2007

To: Miguel Hull

Re: Peterson, Ronald

Total Number of Pages Including Cover: 11

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Ronald Peterson
DOB: 8/7/97



September 11, 2007

In Reference To:   Ronald Peterson
                   DOB: 8/7/97

Invoice #12806


        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/28/2006 | MH | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
|  | BC | Drafted letter to parent, prepared file jacket, disseminated information to various members of the legal team. | 0.58 130.00/hr | 75.40 |
|  | BDL | Conference with parent to discuss opening case and child's educational needs. | 1.50 115.00/hr | 172.50 |
| 1/8/2007 | HR | Draft letter requesting reevaluations to student's school, DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request, gathered General Authorization and TAT form; (faxed to parties, called the school to confirm receipt of fax, and added to case notes. | 0.83 115.00/hr | 95.45 |
|  | HR | Draft letter requesting educational documents to student's school, DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request, gathered General Authorization and TAT form; (faxed to parties, called the school to confirm receipt of fax, and added to case notes. | 0.67 115.00/hr | 77.05 |
| 1/9/2007 | HR | Draft case status letter to parent regarding records/evaluations requested. Copied/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| 2/8/2007 | HR | Draft letter to Birney Elementary School requesting status of evaluations requested January 8, 2007. Sent letter via facsimile to the school, Office of Special Education, and Office of the General Counsel. Called the school to confirm receipt of fax and added to case notes. | 0.67 115.00/hr | 77.05 |

Ronald Peterson

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 2/8/2007 HR | Draft case status letter to parent regarding letter sent to DCPS requesting status of evaluations requested. Copied/mailed and added to case notes. | 0.50<br>115.00/hr | 57.50 |
| 4/16/2007 MH | Reviewed social history report received from DCPS this week. Developed case strategy and made notes to file regarding findings in the report. | 0.42<br>365.00/hr | 153.30 |
| 4/17/2007 HR | Draft case status letter to parent regarding Social History Evaluation. Copied/mailed and added to case notes. | 0.33<br>115.00/hr | 37.95 |
| 5/15/2007 MH | Reviewed psychological-educational evaluation report | 0.83<br>365.00/hr | 302.95 |
| 5/17/2007 MH | Prepared draft due process hearing request to DCPS.  Includes research on issues raised, discussion with parent, and drafting of claims. | 2.17<br>365.00/hr | 792.05 |
| 5/18/2007 RN | Review of hearing request under quality assurance review. Made edits and suggestions to attorney. Provided feedback and reviewed documents mentioned in case file. | 1.33<br>365.00/hr | 485.45 |
| 5/22/2007 MH | Revised and filed due process hearing request | 0.50<br>365.00/hr | 182.50 |
| HR | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on May 22, 2007; includes copying complaint, mailed, and added to case notes | 0.50<br>115.00/hr | 57.50 |
| 5/31/2007 MH | Reviewed file to determine status and researched student's educational needs | 0.25<br>365.00/hr | 91.25 |
| 6/5/2007 HR | Draft letter to parent regarding confirmation of meeting notice. Copied, mailed, added to calendar and case notes. | 0.50<br>115.00/hr | 57.50 |
| 6/7/2007 JF | Attended MDT/IEP @ Birney ES with parent | 3.83<br>365.00/hr | 1,397.95 |
| 6/14/2007 JF | School visit; classroom observation Birney ES | 2.33<br>365.00/hr | 850.45 |
| 7/12/2007 HR | Review and draft letter to parent with a copy of the due process hearing notice date sent on July 10, 2007 by the Student Hearing Office for due process hearing on July 25, 2007; includes copying and mailed and added to case notes. | 0.50<br>115.00/hr | 57.50 |
| 7/18/2007 MH | Prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retrieved documents that are relevant; includes researching witnesses information | 1.50<br>365.00/hr | 547.50 |
| HR | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived all exhibit documents that are relevant from file; includes researching witnesses information; searching for missing documents, drafting 5-day disclosure letter, tab | 1.50<br>115.00/hr | 172.50 |

Ronald Peterson                                                                          Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | documents for Hearing Officer's and attorney, making copies and package for courier. | | |
| 7/24/2007 | JF | Prepared for due process hearing by reviewing all educational data available in file, contacted parent and child's attorney to discuss case and strategy | 1.50 365.00/hr | 547.50 |
| | MH | Prepared for Due Process Hearing.  Reviewed DCPS' and parent's disclosure materials, discussion with parent, conducted research on issues raised, and prepared possible witness questions and legal arguments for hearing. | 1.08 365.00/hr | 394.20 |
| 7/25/2007 | MH | Appearance at Van Ness ES for part one of due process hearing. | 0.58 365.00/hr | 211.70 |
| 7/31/2007 | HR | Review and draft letter to parent with a copy of the due process hearing notice date sent on July 30, 2007 by the Student Hearing Office for due process hearing on August 24, 2007; includes copying and mailed | 0.50 115.00/hr | 57.50 |
| 8/10/2007 | BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 8/16/2007 | JF | Assisted attorney to prepare disclosure to DCPS | 1.50 365.00/hr | 547.50 |
| 8/23/2007 | MH | Prepared for Due Process Hearing.  Reviewed DCPS and parent's disclosure materials; conducted research on issues raised; discussed case with parent; and prepared possible witness questions and legal arguments. | 1.42 365.00/hr | 518.30 |
| 8/24/2007 | JF | Appearance at Van Ness ES for due process hearing | 3.17 365.00/hr | 1,157.05 |
| | MH | Appearance at Van Ness ES for part two of due process hearing. | 3.17 365.00/hr | 1,157.05 |
| | | For professional services rendered | 36.33 | $10,959.20 |
| | | Additional Charges : | | |
| 12/28/2006 | | Copied documents, letter | | 0.50 |
| | | Postage; letter to parent | | 0.39 |
| | | Made copies for file; documents brought in by parent | | 17.75 |
| | | copied intake documents | | 3.00 |
| 1/8/2007 | | Faxed doc to Birney ES re: records + reeval rqst | | 8.00 |

Ronald Peterson                                                                    Page    4

|  |  | Amount |
|---|---|---|
| 1/8/2007 | Faxed doc to OSE re: records + reeval rqst | 8.00 |
|  | Faxed doc to OGC re: records + reeval rqst | 8.00 |
| 1/9/2007 | Copied; Records and evaluation request w/letter for parent. | 1.25 |
| 1/10/2007 | Postage; letter to parent. | 0.39 |
| 2/8/2007 | Fax letter requesting status of evals. requested to Birney ES, OSE, OGC | 6.00 |
|  | copied letter to parent with case status | 0.50 |
|  | Postage; letter to parent. | 0.39 |
| 4/17/2007 | Postage; Letter to parent. | 0.63 |
|  | copied letter to parent | 1.75 |
| 5/22/2007 | Faxed HR to SHO | 9.00 |
|  | copied letter to parent re: due process hearing | 2.25 |
|  | Postage; Letter to parent re: DPH-Complaint. | 0.58 |
|  | copied hearing request | 6.00 |
| 6/4/2007 | Rec'd faxed mtg notice from Birney ES | 6.00 |
| 6/5/2007 | Copied; letter for parent. | 0.75 |
|  | Postage; Letter to parent. | 1.65 |
| 7/12/2007 | Postage; letter to parent | 0.41 |
|  | copied letter to parent re: NOH | 0.50 |
| 7/18/2007 | copied disclosures | 61.50 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/23/2007 | copied letters | 1.50 |
| 7/25/2007 | Rec'd Faxed order to SHO | 2.00 |
|  | Rec'd order from SHO | 2.00 |
|  | Transportation service to  Van Ness ES for hearing | 12.00 |
| 7/31/2007 | copied; NOH w/ltr | 0.50 |

Ronald Peterson
Page    5

| | | Amount |
|---|---|---|
| 7/31/2007 | Postage; letter to parent | 0.41 |
| 8/10/2007 | Postage; letter to parent | 0.41 |
| 8/24/2007 | Transportation service to and from Van Ness ES for hearing | 24.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total additional charges | $304.89 |
| | Total amount of this bill | $11,264.09 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.75 | 130.00 | $97.50 |
| Blanca De La Sancha, Paralegal | 1.50 | 115.00 | $172.50 |
| Heidi Romero, Paralegal | 7.00 | 115.00 | $805.00 |
| Juan Fernandez, Attorney | 12.33 | 365.00 | $4,500.45 |
| Miguel Hull, Attorney | 13.42 | 365.00 | $4,898.30 |
| Roxanne Neloms, Attorney | 1.33 | 365.00 | $485.45 |

***State Education Agency for the District of Columbia***
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. **INFORMATION ABOUT THE STUDENT:**

Student Name: _Ronald Peterson_          DOB: _August 7, 1997_

Address:    _537 27th St., NE, Apt. A, Washington, D.C. 20002_

Present School of Attendance: Birney Elementary School

Home School:          Gibbs Elementary School

(Neighborhood school where child is registered)

Parent/Guardian of the Student: ___Joanne Peterson___

**B.    Legal Representative/Attorney (if applicable):**

Name: _Miguel A. Hull, Esq.___        Phone: (W) _202 742-2015_        (Fax) _202 742-2098_

Address: 1220 L St., NW, #700, Washington, D.C. 20005 _____

Will attorney / legal representative attend the resolution session?    X Yes                  ☐ No

**C.    Complaint Made Against (check all that apply):**

___X__ DCPS
___Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.    Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

**F.    Facts and Reasons for the Complaint:**

**I.    Relevant Facts**

1. Ronald Peterson is a nine-year-old special education student in the fourth grade at Birney Elementary School in the District of Columbia. His home school is Gibbs Elementary.

2. Joanne Peterson is Ronald's mother and the person bringing this claim.

3. According to his most recent Individualized Educational Program ("IEP"), dated June 1, 2005, Ronald is classified as learning disabled and entitled to receive 15 hours of specialized

2

instruction per week in the special education setting, and one hour of counseling per week.

4. At Birney, Ronald has had behavioral problems that consist of his running out of his classroom trying to escape from the school.

5. In October 2006, Ronald was hospitalized for psychiatric reasons at the Psychiatric Institute of Washington. While there, he was diagnosed with ADHD and Oppositional Defiance Disorder among other things.

6. On January 8, 2007, the parent through counsel, made a formal written request and consent form to the administration at Birney ES and District of Columbia Public Schools ("DCPS") for comprehensive re-evaluations pursuant to the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1400 et. seq. The request included a specific request for, among other things:

   a. a psychological-educational, to address academic concerns;
   b. a clinical-psychological, to address concerns regarding behavior;
   c. a speech and language, to address concerns regarding communication;
   d. a social history, to address concerns regarding behavior; and
   e. and occupational therapy assessment, to address concerns regarding fine motor skills.

7. On February 8, 2007, the parent, through counsel, sent a letter to DCPS requesting a status of the re-evaluations requested.

8. On March 20, 2007, DCPS completed a Social History assessment for Ronald.

9. On March 21, 2007, DCPS completed a Speech and Language assessment for Ronald. That assessment recommended classroom intervention, but not direct therapy. The report also found the following scores:

   a. Core Language:                84, borderline range;
   b. Receptive Language Index:     76, low range;
   c. Expressive Language Index:    92, average range;
   d. Language Content Index:       78, borderline range;
   e. Language Memory Index:        84, borderline range

10. On May 8, 2007, DCPS completed a so-called "Psychological Reevaluation" that found the following scores:

   a. On the Behavior Assessment System for Children 2nd Edition, the evaluator found Ronald to be "at risk" with regards to depression, school problems, study skills, overall adaptability, overall externalizing skills, attention problems, anxiety, social skills, ad activities of daily living.

   b. On the Scale for Assessing Emotional Disturbance, the evaluator found no significant concerns.

3

    c.  On the Developmental Test of Visual-Motor Integration, the evaluator found standard score of 80 "which indicates below average ability in this area. (Percentile rank = 9)"

    d.  On the Woodcock-Johnson Test of Cognitive Abilities, 3rd Edition:

|  |  | Age Equiv | Stand Score | Grade Equiv |
|---|---|---|---|---|
| i. | GIA | 7-5 | 79 | 2-0 |
| ii. | Verbal Ability | 7-10 | 87 | 2-5 |
| iii. | Thinking Ability | 7-3 | 81 | 1-8 |
| iv. | Cognitive Efficiency | 7-6 | 80 | 2-2 |

11. The May 8, 2007 psychological assessment states that "[t]he educational assessment will be done by the special education teacher."

12. To date, it has been more than a 120 days since the parent's request for reevaluation assessments and DCPS has yet to complete the educational and occupational therapy assessments that where requested by the parent, nor has DCPS convened an MDT meeting to review any assessments.

## II.    DCPS Has Failed To Conduct All Re-evaluation Assessments Requested By The Parent

13. DCPS has failed to complete the educational and occupational therapy assessments as requested by the parent.

14. A public agency is required to conduct reevaluation assessments if requested to do so by the child's parents. 20 U.S.C. § 1414 (a) (2); 34 C.F.R. § 300.303 (a) (2); D.C. Mun. Regs. tit. 5 § 3004 and 3005; Cartwright v. District of Columbia, 267 F. Supp.2d 83, 87 (D.D.C. 2003) (Court found that the language of the regulation was unambiguous and required that DCPS conduct assessments upon parental request without any other conditions); Herbin vs. District of Columbia, 362 F. Supp2d. 254 (D. D.C. 2005) (Court overturned hearing officer's determination affirming reasoning Cartwright); and Kingsberry v. District of Columbia.CA No.: 03-2378 (2005) (Court overturned another hearing officer and again affirmed reasoning in Cartwright).

15. A public agency must ensure that the student being evaluated is assessed in all areas of suspected disability, that the evaluation is sufficiently comprehensive to identify all of the student's special education needs, and that the evaluation includes all assessment tools that may assist in determining the content of the IEP. 20 U.S.C. § 1414 (b) (1)-(3); § 1414 (a) (6) (B); § 1414 (b) (3) (C) ("each local education agency shall ensure that assessment tools and strategies that provide relevant information that directly assists persons in determining the educational needs of the child are provided."); § 1412 (a) (3) (state must have procedures in place to ensure that all students in the school district who may need special education services are identified, located, and *evaluated*); 34 C.F.R. Sec. 300.304 (b) and (c); 34 C.F.R. § 300.301 ("Each public shall ensure that a full and individual evaluation is conducted for each child being considered for special education"); 34 C.F.R. Sec. 300.111 (public agency

must identify, locate and evaluate all students in the school district who may need special education services); D.C. Mun. Regs. tit. 5 § 3005.9 (g) ("The LEA shall ensure that: the child is assessed in all areas related to the suspected disability [ . . . ]"); D.C. Mun. Regs. tit. 5 § 3005.9 (h) (The LEA shall ensure that: in evaluating a child with a disability, the evaluation is sufficiently comprehensive to identify all of the child's special education and services needs, whether or not commonly linked to the disability category in which the child has been classified.").

16. Evaluation assessments are to be completed within a reasonable of the parent's request consistent with Federal Law and D.C. Code § 38-2501(a). D.C. Mun. Regs. tit. 5 § 3004.1 (parent can make referral for evaluations); D.C. Mun. Regs. tit. 5 § 3005.2 ("The IEP team **shall** conduct an initial evaluation of a child within a reasonable time of receiving a **written referral and parental consent** to proceed and within timelines consistent with Federal Law and D.C. Code § 38-2501(a)"); and D.C. Code § 38-2501 (initial evaluations to be completed within 120 days of referral).

17. Also, even if the public agency determines that certain assessments are not necessary, the public agency must still do them if requested to do so by the parents. 20 U.S.C. § 1414 (c) (4) (B) ("if local education agency determines that assessments are not needed, the local education agency "shall not be required to conduct such an assessment unless requested to by the child's parents."); 34 C.F.R. § 300.305 (d) (2); ("The public agency is not required to conduct the assessment [ . . . ] unless requested to do so by the child's parents."). See also Cartwright; Herbin; and Kingsberry.

18. In this case, DCPS has violated the parent and student's rights by failing to conduct re-evaluation assessments within a timely manner. The parent made a formal request to DCPS for re-evaluation assessments pursuant to the IDEA on January 8, 2007. To date, DCPS has failed to complete the educational and occupational therapy assessments requested by the parent and has failed to convene an MDT meeting to review all assessments requested. The student's low cognitive and visual integration scores in the psychological report indicate a pressing need for these other two assessments that have yet to be completed and much less reviewed.

## III.    Relief Sought

19. a finding in the parent and student's favor as to each of the issues raised above;

20. that DCPS be ordered, or agree, to:

   a. complete a: 1) **educational;** 2) **occupational therapy;** and 3) **any other evaluations recommended by those specified** within 15 days or else fund these evaluations independently.

   b. convene an MDT meeting within 10 business days of receiving or completing the evaluations specified above to: review the re-evaluations revise the IEP, and determine appropriate placement with placement to be made within 5 days if for a public school, or 30 days if for a non-public school;

    c.  that DCPS provide any other relief deemed appropriate and relating to the violations committed here; and

    d.  pay parent's reasonable attorney's fees and costs.

21. All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

22. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

23. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

24. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. Tit. 5 § 3000.3, and other related services as are defined at 34 C.F.R. § 300.34 designed to meet this student's unique needs and preparation for employment and independent living;

25. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. Tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

26. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (c) (2) (B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

27. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

28. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (c) (2) (C), respond to the parent's request alleging any insufficiency of notice;

29. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (c) (2) (C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

30. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting.**

31. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons:** 1) the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

32. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

33. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    Signature:

_____          May 22, 2007
Legal Representative / Advocate (if applicable)          Date


**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              0080
CONNECTION TEL                      94425556
CONNECTION ID
ST. TIME             05/22 08:49
USAGE T              01'25
PGS. SENT            9
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Christie Fontaine-Covington |
| Christopher L. West | Telephone: (202) 742-2000 | Jani Tillery |
| John A. Straus | Facsimile: (202) 742-2098 | Kimberly Glassman |
| Omar Karram | e-mail: Admin@Jeblaw.biz | |

-------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:       May 22, 2007

TO:         Student Hearing Office
            District of Columbia Public Schools

FROM:       Miguel A. Hull, Esq.

PHONE:      (202) 442-5432

FAX NO:     (202) 442-5556

SUBJECT:    **Ronald Peterson, DOB: 8/7/97 –Due Process Complaint**

NUMBER OF PAGES INCLUDING COVER SHEET: <u>NINE</u>

COMMENTS:

# Exhibit M

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   | | |
   |---|---|
   | Law Firm: | James Brown & Assoc., PLLC |
   | Attorney: | James Brown |
   | Federal Tax ID No: | 52-1500760 |
   | D.C. Bar No: | 61622 |

2. **Student Information**
   | | |
   |---|---|
   | Name: | Yancey, Kethmanie |
   | DOB: | 12/30/95 |
   | Date Hearing Request Filed: | 6/25/07 |
   | Date(s) of Hearing: | 8/23/07 |
   | Date of Determination (HOD/SA) | 8/31/07 |
   | Parent/Guardian Name: | Felicia Champion |
   | Parent/Guardian Address: | 1211 Eaton Rd., SE |
   | | Washington, DC 20020 |

3. **Invoice Information**
   | | |
   |---|---|
   | Invoice Number: | 07-302 |
   | Date Request Submitted: | 9/17/07 |
   | Date(s) of Services Rendered: | 6/5/07 to 8/23/07 |
   | Attorney Hourly Rate: | $ 365.00 |
   | Total Attorney Fees: | $ 4,175.65 |
   | Total Attorney Costs: | $ 284.02 |
   | Total Experts: | $ 1,666.85 |
   | Total Invoice: | $ 6,126.52 |

4. **Certification (must be signed by principal attorney)**

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;

   I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____    9/17/07
   Signature                                             Date

   Revised Nov 2004

# District of Columbia Public Schools

*State Enforcement and Investigation Division*

## *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
1150 Fifth Street, SE, Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **KEIHMANIE YANCEY**, student | ) | |
| Date of Birth: December 30, 1995 | ) | |
| | ) | **DECISION & ORDER** |
| Petitioner, | ) | |
| | ) | Request Date: June 26, 2007 |
| versus | ) | Hearing Date: August 23, 2007 |
| | ) | |
| **The District of Columbia Public Schools,** | ) | |
| Attending: Birney Elementary School, | ) | Held at: Student Hearing Office, DCPS |
| | ) | 1150 Fifth Street, SE |
| Respondent. | ) | First Floor- Hearing Room 4A |
| | ) | Washington, D.C. 20003 |

| | |
|---|---|
| **Parent:** | Felicia Champion |
| | 1211 Easton Road, SE |
| | Washington, D.C. 20020 |
| **Counsel for the Parent/Student:** | Omar Z. Karram, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220 L Street, NW   Suite 700 |
| | Washington, D.C. 20005 |
| **District of Columbia Public Schools:** | Stephanie Ramjohn Moore, Esq., Asst. Atty Gen'l |
| | **Office of the General Counsel, DCPS** |
| | 825 North Capitol Street, NE - 9th Floor |
| | Washington, D.C. 20002 |

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

i

## **INDEX of NAMES** for **Keihmanie Yancey**

**Hearing Date:** August 23, 2007

Appearing on behalf of the parent/student:

1. Felicia Champion, parent (via telephone)
2. Cheron Sutton-Brock, educational advocate  *

Appearing on behalf of DCPS:

1. Aaron E. Price, Jr., Assistant Attorney General
2. Christal Mims Williams, Assistant Attorney General
3. Deborah Lyons, Special Education Coordinator, Birney Ele. School  **

*   Gave testimony.
**  Gave testimony via telephone.

ii

## STATEMENT of the CASE

On June 26, 2007, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of violation on the part of DCPS of the Hearing Officer's Determination/Decision (HOD) issued in this matter May 31, 2007.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 11:00 A.M., Thursday, August 23, 2007 at the Student Hearing Office, DCPS, 1150 Fifth Street, SE- First Floor, Hearing Room 4A, Washington, D.C. 20003. The hearing convened as scheduled.

At the hearing, Counsel for the Parent pointed out that DCPS had not filed a response to the complaint as required by *IDEIA 2004* and moved for a default. The motion was taken under advisement.

Here, the hearing officer notes that nowhere in *IDEIA 2004* is a Due Process hearing officer granted authority to enter defaults, and further notes at 34 CFR 300.513(a)(2) that a procedural violation is to become a Denial of FAPE only if the violation impeded the child's right to a FAPE, impeded the parent's opportunity to participate in FAPE decisions or caused a deprivation of educational benefit. Counsel for the Parent's motion is DENIED.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

**ISSUE:**     **Did DCPS violate the May 31, 2007 HOD by not convening an MDT meeting for the student as was ordered in Paragraph 1 of the ORDER in the said HOD?**

## SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated August 16, 2007, the parent disclosed 4 witnesses and 12 documents.

By facsimile dated August 16, 2007, DCPS disclosed 5 witnesses.

The documents were placed into the record and are referenced/footnoted herein where relevant.

The Educational Advocate referenced the July 9, 2007 letter[1] from the Special Education

1 of 4 pages

---

[1] Parent Document No 5

Coordinator (SEC) at Birney Elementary School and testified that by letter dated July 9, 2007,[2] July 24, 2007 at 10:00 A.M. was selected as the MDT meeting date for the student. The Advocate went on to testify that she went to Birney ES at 10:00 A.M. on July 24, 2007 and could not find anyone concerning the agreed upon meeting; that she spoke with someone from Birney ES about the meeting about noon on July 24, 2007 and received an apology for the failure of the MDT to convene.

The parent rested.

The SEC testified via telephone that she sent a facsimile to the Counsel for the Parent on May 16, 2007. The SEC testified that June 13, 2007 was the last date she offered to Counsel for the Parent as a possible MDT meeting date but that July 24, 2007 was confirmed as an MDT meeting date; that she did not later hear anything about the scheduled July 24, 2007 MDT meeting. In response to a question from the hearing officer, the SEC testified that she confirmed an MDT meeting for the student at 10:00 A.M., June 13, 2007. The SEC testified that she was testifying from her calendar, not the student's file. (No document concerning the June 13, 2007 meeting was in the record.)

DCPS rested.

Argument.

In consideration of the testimony, documents and arguments herein, the hearing officer found the following facts:

1. The May 31, 2007 HOD required DCPS to have convened an MDT meeting for the student within 15 schooldays or by June 22, 2007. The May 31, 2007 HOD was based on a violation on the part of DCPS of the February 15, 2007 HOD wherein DCPS had been ordered to convene the same MDT meeting for the student.

2. To date, the February 15, 2007 HOD and May 31, 2007 HOD ordered MDT meeting for the student had not convened.

3. The first attempt by Birney ES to arrange an MDT meeting for the student pursuant to the May 31, 2007 HOD was July 9, 2007.

4. On July 9, 2007, Counsel for the Parent accepted 10:00 A.M., July 24, 2007 as date for the MDT meeting. Per the SEC, Birney ES accepted July 24, 2007 as the date for the MDT meeting for the student.

5. When the Educational Advocate arrived at Birney ES for the MDT meeting at 10:00 A.M., July 24, 2007, no one from DCPS to convene the MDT meeting was present at Birney ES.

2 of 4 pages

---

[2] ibid

## DISCUSSION and CONCLUSIONS of LAW

### DCPS violated the May 31, 2007 HOD.

HODs ordering DCPS to complete procedures under *IDEIA 2004* are routinely issued. Moreover, failure on the part of DCPS to comply with an order constitutes a Denial of FAPE to the concerned student.

Herein, DCPS was twice ordered to convene an MDT meeting for the student and twice failed to comply. The documentary record showed that DCPS did not attempt to convene the MDT meeting for the student until July 9, 2007, 16 days after June 22, 2007.

In consideration of the foregoing, the hearing officer made the following

### ORDER

1. Within 30 days hereof, DCPS will convene an MDT/IEP/Placement meeting during which evaluations will be reviewed, the IEP reviewed and revised as appropriate and placement discussed and determined. If a DCPS placement is recommended, a Notice of Placement will be issued within 5 school days of the said meeting; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

2. At the said MDT/IEP/Placement meeting, the form, amount and delivery of compensatory education from February 15, 2007 until the end of the 2006-07 School Year, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

3. For the said MDT/IEP/Placement meeting scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph,

3 of 4 pages

documentation of the parties will be relied upon to
determine the good faith of each party.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of
competent jurisdiction within ninety (90) days of the issue date of this decision.**

Date: _August 31, 2007_

_____
H. St. Clair, Esq., Hearing Officer

Issued: _8|31|07_
_____
Student Hearing Office, DCPS

4 of 4 pages

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



### *FACSIMILE SHEET*

Date: August 31, 2007

To:  Omar Karram

Re:  Yancey, Keihmanie

Total Number of Pages Including Cover: 7

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Keihmanie Yancey
DOB: 12/30/95

September 11, 2007

In Reference To: Keihmanie Yancey
DOB: 12/30/95

Invoice #12802

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/5/2007 | OK | drafting of letter re: MDT meeting and review of HOD | 0.75 365.00/hr | 273.75 |
| 6/8/2007 | WB | Drafted letter to parent with an enclosed copy of the HOD issued on 5/31/07 | 0.58 115.00/hr | 66.70 |
| 6/19/2007 | WB | Drafted letter to parent with an enclosed copy of the correspondence sent on 6/19/07 to Deborah Lyons, Special Education Coordinator, Birney Elementary School | 0.58 115.00/hr | 66.70 |
|  | OK | drafting of due process complaint re: violation of HOD and review and revision | 2.50 365.00/hr | 912.50 |
| 6/25/2007 | WB | Review and draft letter to parent regarding the due process complaint notice that was filed by the attorney on 6/25/07; includes copying complaint and mailed | 0.58 115.00/hr | 66.70 |
|  | OK | Filed due process hearing request | 0.08 365.00/hr | 29.20 |
|  | WB | Conference with parent re: Administrative Due Process Complaint Notice filed on 6/25/07 | 0.25 115.00/hr | 28.75 |
| 7/9/2007 | WB | Drafted letter to parent with an enclosed copy of the correspondence sent on 7/9/07 to Ms. Deborah Lyons, Special Education Coordinator, Birney Elementary School responding to MDT Meeting Notice Letter of Invitation | 0.58 115.00/hr | 66.70 |
|  | WB | Drafted letter to Ms. Deborah Lyons, Special Education Coordinator, Birney Elementary School responding to MDT Meeting Notice Letter of Invitation | 0.50 115.00/hr | 57.50 |

Keihmanie Yancey                                                                                      Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/23/2007 | CS | Phone call from mother | 0.17 185.00/hr | 31.45 |
| | CS | Prepared for upcoming MDT/IEP meeting | 0.67 185.00/hr | 123.95 |
| 7/24/2007 | CS | Discussion with DCPS staff (Gloster) | 0.33 185.00/hr | 61.05 |
| | CS | Draft letter to DCPS re meeting | 0.42 185.00/hr | 77.70 |
| | CS | Attended MDT/IEP @ Birney ES (team not available) | 2.25 185.00/hr | 416.25 |
| 7/31/2007 | WB | Review and draft letter to parent with a copy of the hearing notice date sent on 7/31/07 by the Student Hearing Office for due process hearing on 8/23/07 @ 11:00 AM; includes copying and mailing | 0.58 115.00/hr | 66.70 |
| 8/1/2007 | WB | Telephone call (TWICE) from DCPS staff Ms. Lyons re: receipt of correspondence and possible meeting scheduling | 0.33 115.00/hr | 37.95 |
| 8/14/2007 | CS | Prepared for Due Process Hearing | 1.00 185.00/hr | 185.00 |
| 8/16/2007 | WB | Conference with parent re: upcoming hearing on 8/23/07 @ 11:00 AM | 0.17 115.00/hr | 19.55 |
| | OK | prepartion of 5 day disclosure and review of doucemtements and drafting of motion for default judgement | 1.33 365.00/hr | 485.45 |
| | WB | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50 115.00/hr | 172.50 |
| 8/23/2007 | OK | preparation for due process hearing and and drafting of opening and closing and preparation with advocate and review of documents | 2.00 365.00/hr | 730.00 |
| | OK | attended due process hearing | 3.00 365.00/hr | 1,095.00 |
| | CS | Pre-hearing conference with attorney | 0.67 185.00/hr | 123.95 |
| | CS | Appearance at Van Ness ES for due process hearing | 3.00 185.00/hr | 555.00 |
| | CS | Discussion with the child's attorney after the due process hearing | 0.50 185.00/hr | 92.50 |

Keihmanie Yancey                                                                    Page    3

|  |  | Hours | Amount |
|---|---|---|---|
|  | For professional services rendered | 24.32 | $5,842.50 |
|  | Additional Charges : |  |  |
| 6/8/2007 | copied letter to parent |  | 0.50 |
|  | Postage; Letter to parent. |  | 0.41 |
| 6/19/2007 | Postage; Letter to parent. |  | 0.41 |
|  | Faxed letter to Birney ES and OGC |  | 4.00 |
|  | copied letter to parent |  | 0.50 |
| 6/25/2007 | Faxed HR to SHO/OGC |  | 16.00 |
|  | copied HR |  | 7.00 |
| 6/26/2007 | Postage; Letter to parent. |  | 0.58 |
| 7/9/2007 | Postage; letter to parent |  | 0.58 |
|  | Faxed MDT mtg response to Birney ES |  | 7.00 |
|  | copied letter to parent |  | 0.50 |
| 7/23/2007 | copied records |  | 15.75 |
| 7/24/2007 | Faxed letter to School |  | 1.00 |
| 7/31/2007 | copied letter to parent |  | 0.50 |
|  | Postage; Letter to parent. |  | 0.41 |
| 8/16/2007 | copied disclosures |  | 78.00 |
|  | Faxed motion for default to SHO |  | 5.00 |
|  | Faxed motion for default to OGC |  | 5.00 |
|  | Messenger Service to and from DCPS (5-day Disclosures) |  | 20.00 |
| 8/23/2007 | File review preparation of bill and invoice audit |  | 96.88 |
|  | Transportation service to and from  Van Ness ES for hearing |  | 24.00 |
|  | Total additional charges |  | $284.02 |
|  | Total amount of this bill |  | $6,126.52 |

Keihmanie Yancey                                                                     Page      4

User Summary

| Name | Hours | Rate | Amount |
|------|------:|-----:|-------:|
| Cheron Sutton-Brock, Advocate | 9.01 | 185.00 | $1,666.85 |
| Omar Karram, Attorney | 9.66 | 365.00 | $3,525.90 |
| Williams Bautista, Paralegal | 5.65 | 115.00 | $649.75 |

*State Education Agency for the District of Columbia*
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**





### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  **INFORMATION ABOUT THE STUDENT:**

Name of the Student: <u>Keihmanie Yancey</u>     Date of Birth: <u>12/30/95</u>

Address: <u>1211 Eaton Road, SE, Washington, DC 20020</u>

Present School of Attendance: <u>Birney Elementary School</u>

Is this a charter school? <u>No.</u>    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Felicia Champion

Address (if different from the student's above): <u>Same as above</u>

**B.**    **Legal Representative/Attorney:**

Name: <u>Omar Karram, Esq.</u>

Address: <u>James E. Brown and Associates</u>

<u>1220 L. Street NW, #700, Washington, DC 20005</u>

Phone: (w) <u>202.742.2098</u>  (Fax) <u>202.742.2098</u>    (e-mail) _____

Will attorney / legal representative attend the resolution session?   <u>X</u> Yes        ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X**    DCPS    school    (name    of    the    school    if    different    from    page one)_____

☐Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐Non-public    school    or    residential    treatment    facility    (name) _____

☐Parent

**D.**    **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**    **Facts and Reasons for the Complaint:**

2

In accordance with the Ind. ...uals with Disabilities Education Imp. ...ement Act (IDEIA), please complete the following questions (attach additional pages if needed):

## I. Nature of the problem.

### I. Denial of a Free and Appropriate Public Education - Failure to Convene a MDT Meeting within 15 School Days and update the Child's IEP and allow the Parent to Participate and Determine Placement.

1) Keihmanie Yancey (hereinafter K.Y.) is a 12-year-old student who Birney Elementary School in the District of Columbia. She is in special education.

2) Keihmanie Yancey (K.Y.) is classified as Other Health Impaired (OHI) on the May 6, 2006 IEP. She is supposed to receive 12.50 hours of specialized instruction and 1 hour of psychological services.

3) A due process hearing was held on January 25, 2006. Subsequent to this hearing, and on February 15, 2007, Hearing Officer Ruff order was issued requiring that DCPS convene a meeting within fifteen (15) school days of the issuance of hearing officer's determination (HOD).

4) Over fifteen (15) days have lapsed and DCPS has not held a MDT meeting. DCPS has not made any effort to procure the parent or her counsel's participation prior to the lapse of the fifteen (15) days.

5) On March 13, 2007, parent's counsel requested that the Special Education Coordinator produce any attempts to convene a MDT meeting. The Special education coordinator has not made any attempt and has not produced any documents showing attempts were made.

6) On April 4, 2007 a due process hearing was held where Hearing Officer Smith determined that DCPS denied the student FAPE by failing to convene an MDT meeting as ordered from the old February 15, 2007. Hearing Officer Smith again ordered on May 31, 2007 for DCPS to convene "an MDT meeting within 15 school days of the issuance of this Order to update the Student's IEP as appropriate; discuss and determine placement options and discuss and determine entitlement to compensatory education, if any, from February 15, 2007 up to and including the date of the holding of the MDT meeting."

7) On June 12, 2007, parent's counsel requested a meeting and for DCPS to respond by the close of business on June 13, 2007. DCPS has not responded to parent's counsel June 12, 2007 letter and DCPS has not convene a MDT meeting.

8) Over 15 school days have passed and for a second time, DCPS has failed to convene an MDT meeting.

### II. Denial of a Free and Appropriate Public Education – Failure to Comply with the Hearing Officer Determination and do, *inter alia*, Develop an appropriate Individualized Educational Program.

3

9) The Complainant re̱ ̱ges paragraphs 1-8.

10) Pursuant to the *Blackman/Jones Consent Decree*, it stands for the proposition that untimely or failure to fully comply with a hearing officer's determination is a direct denial of FAPE.

11) Keihmanie Yancey (hereinafter K.Y.) is a 12-year-old student who Birney Elementary School in the District of Columbia. She is in special education.

12) A due process hearing was held on January 25, 2006. Subsequent to this hearing, and on February 15, 2007, Hearing Officer Ruff order was issued requiring that DCPS convene a meeting within fifteen (15) school days of the issuance of hearing officer's determination (HOD).

13) Over fifteen (15) days have lapsed and DCPS has not held a MDT meeting. DCPS has not made any effort to procure the parent or her counsel's participation prior to the lapse of the fifteen (15) days.

14) On March 13, 2007, parent's counsel requested that the Special Education Coordinator produce any attempts to convene a MDT meeting. The Special education coordinator has not made any attempt and has not produced any documents showing attempts were made.

15) On April 4, 2007 a due process hearing was held where Hearing Officer Smith determined that DCPS denied the student FAPE by failing to convene an MDT meeting as ordered from the old February 15, 2007. Hearing Officer Smith again ordered on May 31, 2007 for DCPS to convene "an MDT meeting within 15 school days of the issuance of this Order to update the Student's IEP as appropriate; discuss and determine placement options and discuss and determine entitlement to compensatory education, if any, from February 15, 2007 up to and including the date of the holding of the MDT meeting."

16) On June 12, 2007, parent's counsel requested a meeting and for DCPS to respond by the close of business on June 13, 2007. DCPS has not responded to parent's counsel June 12, 2007 letter.

17) Over 15 school days have passed and for a second time, DCPS has failed to convene an MDT meeting.

## II.    Denial of a Free and Appropriate Public Education  - Failure to Provide The Student with His Necessary Special Education and Its Related Services.

18) The Complainant re-alleges paragraphs 1-17.

19) Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under

4

20 U.S.C. § 1415 (I) ,B)(ii) to "grant such relief as the cou termines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985). Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

20) The child is entitled to compensatory education because of DCPS' failure to timely act and convene a meeting and comply with the May 31, 2007 HOD, for a second time and since the child was not receiving special educational instruction and services.

### III. Issues presented.

1) DCPS failed / refused to convene a MDT/IEP meeting in a timely manner; and

2) DCPS denied the student with a Free and Appropriate Public Education by failing to comply, for a second time with the May 31, 2007 HOD and provide the child with special educational instruction and related services.

### IV. Relief Sought

1) A finding that DCPS failed / refused to comply the HOD dated May 31, 2007 and convene a MDT/IEP meeting in a timely manner;

2) DCPS failed / refused to convene a MDT/IEP meeting in a timely manner;

3) A finding that DCPS failed to provide the child provide the child with special educational instruction and related services;

4) Convene an MDT meeting within five (5) business days of receiving the last of the parent's independent evaluations to:
   i) Review the assessments;
   ii) Develop an IEP, determine compensatory education, and determine appropriate placement with placement to be made within five business days if for a public school or within 30 calendar days if for a non-public school.

5) That DCPS shall provide or fund compensatory education for all denials of a

FAPE by timely and fully complying with Hearing Office. HOD and any other relief, the hearing officer may deem appropriate.

6) DCPS, agrees to reconvene the student's MDT/IEP Meeting within seven (7) calendar days. DCPS further agrees to schedule all meetings through the parent's counsel, Omar Karram, Esq., via facsimile, at 202-742-2097 or 2098;

7) Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8) In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self-help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9) The DCPS shall ensure that this student has available a Free and Appropriate Public Education, including special education, transportation and other related services as defined at 34 C.F.R. § 300.7; Assistance to States for the Education of Children with Disabilities;

10) Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

11) That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004 and 34 C.F.R. 300.508 (e) , provide the parents' representative, Omar Karram Esq., via facsimile, at 202-742-2000 or 202-742-2016, the following an explanation of why DCPS (i)proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12) That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA. Furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

13) That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education

6

Improvement Act of    04, respond to the parent's request all    g any insufficiency of notice;

14) That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004 and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 34 C.F.R. 300.508 (d) within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2000 or 202-742-2016, to schedule and convene a Resolution Session Meeting;

16) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004 and 34 C.F.R. 300.508 (d) convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

17) That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, 34 C.F.R. 300.508 (d ) constitutes joint waiver between DCPS and the parent to have such meeting, and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel;

18) A finding that the parent is the prevailing party in this action.

## H.    <u>Accommodations and Assistance Needed</u>:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

## I.    Signature:

_____     June 25, 2007
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

SEID DPCN Rev'd. 7/01/05

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0566 |
| CONNECTION TEL | 96983825 |
| CONNECTION ID | |
| ST. TIME | 06/25 17:24 |
| USAGE T | 01'28 |
| PGS. SENT | 8 |
| RESULT | OK |

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus
----------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Omar Karram
Juan J. Fernandez!+
Tilman L. Gerald
Roxanne D. Neloms
Jani Tillery
Kimberly Glassman
----------------------
! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:       June 25, 2007

TO:         Sharon Newsome, Hearing Coordinator, DCPS Student Hearing Office

FAX NO.:    202-698-3825

FROM:       Williams Bautista

SUBJECT:    **Keihmanie Yancey / DOB: 12-30-95**

NUMBER OF PAGES INCLUDING COVER SHEET:    **8**

COMMENTS:    **DUE PROCESS COMPLAINT NOTICE**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              0567
CONNECTION TEL                    94425098
CONNECTION ID
ST. TIME             06/25 17:26
USAGE T              01'22
PGS. SENT               8
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Omar Karram |
| Domiento C.R. Hill | 1220 L Street, NW | Juan J. Fernandez!+ |
| Roberta Gambale | Suite 700 | Tilman L. Gerald |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Jani Tillery |
| John A. Straus | Facsimile: (202) 742-2098 | Kimberly Glassman |

e-mail: Admin@Jeblaw.biz

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:           June 25, 2007

TO:             Office of the General Counsel

FAX NO.:        202-442-5097 / 202-442-5098

FROM:           Williams Bautista

SUBJECT:        **Keihmanie Yancey / DOB: 12-30-95**

NUMBER OF PAGES INCLUDING COVER SHEET:    **8**

COMMENTS:       **DUE PROCESS COMPLAINT NOTICE**

# Exhibit N



Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                         James Brown & Assoc., PLLC
    Attorney:                         James Brown
    Federal Tax ID No:                52-1500760
    D.C. Bar No:                      61622

2.  Student Information
    Name:                             Williams, Kenneth
    DOB:                              10/3/94
    Date Hearing Request Filed:       7/10/07
    Date(s) of Hearing:               9/6/07
    Date of Determination (HOD/SA)    9/13/07
    Parent/Guardian Name:             Jeanette Williams
    Parent/Guardian Address:          1440 Eastern Ave., NE
                                      Washington, DC 20019

3.  Invoice Information
    Invoice Number:                   07-305
    Date Request Submitted:           9/17/07
    Date(s) of Services Rendered:     7/8/07 to 9/13/07
    Attorney Hourly Rate:             $      365.00
    Total Attorney Fees:              $    3,890.42
    Total Attorney Costs:             $      245.28
    Total Experts:                    $      462.50
    Total Invoice:                    $    4,598.20

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    • All services listed on the enclosed invoices were actually performed;
    • The entire amount requested on the enclosed invoice for payment of costs and expenses represents
      the actual amount of costs and expenses incurred;
    • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
      and expenses itemized on the enclosed invoice is requested;
    • No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
      benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
      interest, either through an attorney, officer, or employee of the firm, in any special education
      diagnostic services, schools, or other special education service providers;
    • I understand that the making of a false statement to an agency of the D.C. Government is
      punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____  9/17/07
    Signature                              Date

                                           Revised Nov. 2004

# District of Columbia Public Schools

## *State Enforcement and Investigation Division*
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
1150 Fifth Street, SE, Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **KENNETH WILLIAMS**, student | ) | |
| Date of Birth: October 3, 1994 | ) | |
| | ) | **DECISION & ORDER** |
| Petitioner, | ) | |
| | ) | |
| versus | ) | Request Date:  July 10, 2007 |
| | ) | Hearing Date:  September 6, 2007 |
| **The District of Columbia Public Schools,** | ) | |
| Attending:  Phillips School, Laurel, Md., | ) | Held at:  Student Hearing Office, DCPS |
| | ) | 1150 Fifth Street, SE |
| Respondent. | ) | First Floor- Hearing Room 5A |
| | ) | Washington, D.C. 20003 |

| | |
|---|---|
| **Parent:** | Jeannette Williams |
| | 1440 Eastern Avenue, NE |
| | Washington, D.C. 20019 |
| **Counsel for the Parent/Student:** | Domiento C.R. Hill, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220 L Street, NW    Suite 700 |
| | Washington, D.C. 20005 |
| **District of Columbia Public Schools:** | Christal Mims Williams, Esq., Attorney-Advisor |
| | Aaron E. Price, Jr., Attorney-Advisor |
| | **Office of the General Counsel, DCPS** |
| | 825 North Capitol Street, NE - 9th Floor |
| | Washington, D.C. 20002 |

An <u>INDEX of NAMES</u> is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this <u>DECISION & ORDER</u> as a public record.

i

## **INDEX of NAMES** for **Kenneth Williams**

**Hearing Date:**   September 6, 2007

Appearing on behalf of the parent/student:

1. Kevin Carter, educational advocate

Appearing on behalf of DCPS:  None.

No testimony was received.

ii

## STATEMENT of the CASE

On July 10, 2007, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of violation on the part of DCPS of the Hearing Officer's Determination/Decision (HOD) issued in this matter June 28, 2007 wherein DCPS was ordered to reimburse the parent for the cost of student transportation in the amount of $194.93.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 3:00 P.M., Thursday, September 6, 2007 at the Student Hearing Office, DCPS, 1150 Fifth Street, SE- First Floor, Hearing Room 5A, Washington, D.C. 20003. The hearing convened as scheduled.


## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.


**ISSUE:**    **Did DCPS violate the June 28, 2007 HOD by not paying the parent $194.93?**


## SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated August 29, 2007, the parent disclosed 8 witnesses and 14 documents.

The parent's documents were placed into the record and are referenced/footnoted herein where relevant.

Counsel for the Parent referenced the five (5) previous HODs[1] ordering DCPS to pay the parent $194.93 and complained that, to date, DCPS had not paid the parent $194.93.

The Attorney-Advisor referenced paragraph 1 of the ORDER in the February 28, 2006 HOD[2], the first HOD:

> "1. DCPS shall immediately reimburse the parent for the student's transportation cost based on the requirement reimbursement documentation submitted by the parent."

The Attorney-Advisor represented that the parent had not submitted " . . . required reimbursement documentation . . ." and argued that DCPS had not violated the HOD.

The hearing officer noted paragraph 3 under the FINDINGS OF FACT in the


1 of 2 pages


---

[1] Parent Documents Nos 5, 6, 9, 10 & 11
[2] page 3, Parent Document No 11

February 28, 2006 HOD where it reads, "The parent's counsel has submitted the required documentation to DCPS but the parent has yet to be reimbursed. (DCPS 2)." With the Finding of Fact, the hearing officer determined that the "required documentation defense" had merged into the February 28, 2006 HOD and, consequently, was no longer available to DCPS for the herein 194.93 student transportation cost.

In consideration of the documents and arguments herein, the hearing officer found that DCPS had not reimbursed the parent $194.93 as ordered in 4 previous HODs, and that, as complained by the parent herein, DCPS had violated the fifth and latest HOD, the June 28, 2007 HOD, again, by failing to pay the parent $194.93 as ordered.

In consideration of the foregoing, the hearing officer made the following

## ORDER

Within 30 days hereof, DCPS will pay the $194.93
to the parent with 6% interest accruing from July 3, 2006[3].

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**

_____    Date: _September 13, 2007_
H. St. Clair, Esq., Hearing Officer

Issued: ___9|13|07___
Student Hearing Office, DCPS

2 of 2 pages

---

[3] At paragraph 4 of the ORDER in the June 28, 2007 HOD, Parent Document No 5, 6% interest from July 3, 2006 was added to the $194.93. The July 3, 2006 Discharge Summary, Parent Document No 13, showed July 3, 2006 as the discharge date for the student.

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: September 13, 2007

To: D. Hill

Re: Willaims, Kenneth

Total Number of Pages Including Cover: 5

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Kenneth Williams

September 16, 2007

In Reference To:   Kenneth Williams
Invoice #12835

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/8/2007 | DH | Draft and send letter to DCPS notifying them of their noncompliance. | 0.25 365.00/hr | 91.25 |
|  | DH | Review the student's educational file to determine whether or not DCPS complied with the previous order issued by the impartial due process hearing officer, call to the parent to see if she received the check, conduct educational research, draft and file administrative due process complaint notice. | 2.00 365.00/hr | 730.00 |
| 7/10/2007 | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 236.25 |
| 7/12/2007 | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.50 115.00/hr | 57.50 |
| 7/17/2007 | KD | Drafted letter to parent/enclosed copy of the 6-28-07 HOD/copy to advc and file/added to case notes | 0.50 115.00/hr | 57.50 |
|  | KD | Drafted letter to parent/enclosed copy of Atty's 7-8-07 Ltr to DCPS rqstng reimbursement per HOD/copy to advc and file/added to case notes | 0.50 115.00/hr | 57.50 |
| 8/29/2007 | WB | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.75 115.00/hr | 201.25 |
|  | WB | Conference with parent re: upcoming hearing on 9/6/07 @ 3:00 PM | 0.17 115.00/hr | 19.17 |

Kenneth Williams

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/29/2007 | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing. | 1.00 365.00/hr | 365.00 |
| 8/31/2007 | WB | Review and draft letter to parent with a copy of the hearing notice date sent on 8/23/07 by the Student Hearing Office for due process on 9/6/07 @ 3:00 PM; includes copying and mailing | 0.50 115.00/hr | 57.50 |
| 9/4/2007 | KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes/posted same to Desk Calendar | 0.50 115.00/hr | 57.50 |
| 9/5/2007 | DH | Conduct preparation for the student's administrative due process complaint notice hearing by conducting educational research, conduct review of the student's educational file, review DCPS' five-day disclosures, review the parent's five-day disclosures, prepare questions for direct, prepare questions for possible cross examination of DCPS witnesses, prepare opening and closing statements, and conduct witness preparation with the parent and her identified witnesses. | 2.00 365.00/hr | 730.00 |
| 9/6/2007 | KC | Reviewed the students file for upcoming hearing | 1.00 185.00/hr | 185.00 |
| | KC | Appearance at Van Ness ES for due process hearing | 1.50 185.00/hr | 277.50 |
| | DH | Appearance at Van Ness ES for due process hearing | 1.50 365.00/hr | 547.50 |
| | DH | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
| 9/13/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 135.00 |
| | | For professional services rendered | 16.08 | $4,352.92 |

Additional Charges :

| | | |
|---|---|---|
| 6/28/2007 | copied HOD | 6.00 |
| | Rec'd faxed HOD from SHO | 6.00 |
| 7/6/2007 | copied HR complaint | 2.00 |
| 7/10/2007 | copied HR | 6.00 |
| | Outgoing Fax to SHO, Hearing Request | 7.00 |
| | Faxed HR to SHO | 7.00 |

Kenneth Williams                                                                    Page    3

|  |  | Amount |
|---|---|---|
| 7/12/2007 | copied HR complaint | 2.00 |
|  | Postage; letter to parent | 0.58 |
| 7/16/2007 | Postage; ltr to parent | 0.75 |
| 7/17/2007 | Postage; Atty's 7-8-07 ltr to DCPS rqstng reimbursment & 6-28-07 HOD to parent | 0.75 |
|  | copied letter to parent | 1.75 |
|  | copied letter to parent | 2.25 |
| 8/24/2007 | Rec'd faxed HN from SHO | 1.00 |
| 8/29/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | copied disclosures | 61.50 |
| 8/31/2007 | Postage; letter and HDN | 0.41 |
|  | copied letter to parent | 0.50 |
| 9/4/2007 | Copied; Hn and ltr | 0.50 |
|  | Postage; ltr to parent | 0.41 |
| 9/6/2007 | Transportation service from  Van Ness ES for hearing | 12.00 |
| 9/13/2007 | File review preparation of bill and invoice audit | 96.88 |
|  | Rec'd faxed HOD from SHO | 5.00 |
|  | copied HOD | 5.00 |
|  | Total additional charges | $245.28 |
|  | Total amount of this bill | $4,598.20 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Domiento Hill, Attorney | 8.25 | 365.00 | $3,011.25 |
| James E. Brown, Attorney | 0.91 | 405.00 | $371.25 |
| Kelly Dau, Paralegal | 2.00 | 115.00 | $230.00 |
| Kevin Carter, Advocate | 2.50 | 185.00 | $462.50 |
| Williams Bautista, Paralegal | 2.42 | 115.00 | $277.92 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    <u>INFORMATION ABOUT THE STUDENT:</u>

Name of the Student: __Kenneth Williams__  Date of Birth: __October 3rd, 1994__

Address: __1440 Eastern Avenue, NE, Washington, DC 20019__

Present School of Attendance: __The Phillps School of Contemporary Education - Laurel__

Is this a charter school?    No        (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student:     Ms. Jeanette Williams

## B.    Legal Representative/Attorney (if applicable):

Name:     Domiento C.R. Hill, Esq.

Address:     1220 L Street, NW, Suite 700, Washington, DC 20005

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ❑ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

❑ Charter school (name of the charter school if different from page one)_____

❑ Non-public school or residential treatment facility (name)_____

❑ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.    Mediation Process:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.   Nature of the Problem.

1.   <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the terms of the June 28, 2007 Order of the Impartial Due Process Hearing Officer and Reimburse the Parent.</u> The student, at all relevant times prior to the filing of this complaint, was a resident of the District of Columbia, and eligible to receive special education and its related services due to his emotional disturbance and a learning disability.  The student currently attends the Phillips School of Contemporary Education in Laurel, Maryland.

An administrative due process hearing was held for the student on or about June 4, 2007. As a result of that hearing, the impartial due process hearing officer presiding over the matter, on or about June 28, 2007, issued a hearing officer's decision in

which DCPS was ordered to do, among other things, reimburse the parent $194.93 cents within five (5) business days of the issuance of the HOD, for cost incurred for travel to the Pines Residential Treatment Program (hereinafter "Pines"). See Order dated June 28, 2007.

The order went on to require DCPS to do, inter alia, in the event the parent was not timely reimbursed by DCPS, that a rate of 6% interest will begin accruing from the date of the student's discharge from Pines. *Id.* The student's was discharged from the Pines on or about June 2, 2006.

On or about July 8, 2007, the parent, by and through counsel, wrote to DCPS informing them that DCPS had yet to make any attempts to comply with the order and reimburse the parent. *See* Correspondence dated July 8, 2007. Counsel for the parent, in that same letter, wrote to DCPS notifying them of the parent's intent to file a due process compliant notice in the event payment was not received. *Id.* DCPS did not respond.

To date, over five (5) business days have passed and DCPS has yet to reimburse the parent the monies. DCPS' failure to comply with the order of June 28, 2007 Order amounts to a denial of a free and appropriate public education.

## II. Issues presented.

1. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the June 28, 2007 Order of the impartial due process hearing officer.

### IV.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS denied the student a Free and Appropriate Public Education by failing to Comply with the expressed written terms of the June 28, 2007 Order of the impartial due process hearing officer;

2. DCPS, within five (5) business days, agrees to reimburse the parent $210.00, plus .03 cents a day in interest payments from the date of the parent's filing this complaint until the check is received by the parent;

3. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

4. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use

3

self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

5.  The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

6.  Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

7.  That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

9.  That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

10. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

11. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

12. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

14. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

15. A finding that the parent is the prevailing party in this action.

## G.  **Accommodations and Assistance Needed**:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter _____ (please _____ specify _____ the type)_____
- Special _____ Communication _____ (please _____ describe _____ the type)_____
- Special _____ Accommodations _____ for _____ Disability _____ (please _____ be specific)_____
- Other_____

## H.  **Signature**:

_____

5

7/10/07

Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
                    ********************
                    ***  TX REPORT   ***
                    ********************


   TRANSMISSION OK

   TX/RX NO            0564
   RECIPIENT ADDRESS   92026983825
   DESTINATION ID
   ST. TIME            07/09 19:20
   TIME USE            00'58
   PAGES SENT          7
   RESULT              OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus
Omar Karram

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, D.C. 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!+
Tilman L. Gerald
Roxanne D. Neloms
Christie Fontaine-Covington
Jani Tillery
Kimberly Glassman

e-mail: Admin@Jeblaw.biz

! DC Bar Special Legal Consultant
+ Admitted in Bolivia Only

# *FAX COVER SHEET*

**DATE:**    July 10th, 2007

**TO:**    Office of Student Hearings, DCPS

**FAX NO:**    202-698-3825

**FROM:**    Domiento C.R. Hill, Esq.

**SUBJECT:**    K.W., DOB: 10/3/94

**NUMBER OF PAGES INCLUDING COVER SHEET: 7**

**COMMENTS:**  Administrative due process complaint notice. Thank you for your assistance with this matter.

# Exhibit O



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                        James Brown & Assoc., PLLC
    Attorney:                        James Brown
    Federal Tax ID No:               52-1500760
    D.C. Bar No:                     61622

2.  **Student Information**
    Name:                            Williams, Diamond
    DOB:                             1/31/01
    Date Hearing Request Filed:      6/29/07
    Date(s) of Hearing:              8/30/07
    Date of Determination (HOD/SA):  9/9/07
    Parent/Guardian Name:            Sharna Williams
    Parent/Guardian Address:         1302 Saratoga Ave., NE
                                     Washington, DC 20018

3.  **Invoice Information**
    Invoice Number:                  07-306
    Date Request Submitted:          9/17/07
    Date(s) of Services Rendered:    6/21/07 to 8/30/07
    Attorney Hourly Rate:            $       365.00
    Total Attorney Fees:             $     4,762.00
    Total Attorney Costs:            $       242.53
    Total Experts:                   $     1,171.05
    Total Invoice:                   $     6,175.58

4.  **Certification (must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          9/17/07
    Signature                                  Date

                                               Revised Nov. 2004

# District of Columbia Public Schools

## State Enforcement & Investigation Division

### Confidential

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
Van Ness Elementary School
1150 5th Street, S.E., 1st Floor
Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Diamond Williams (DW)** | ) | |
| Date of Birth: 01/31/01 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: June 29, 2007 |
| | ) | **Hearing Date: August 30, 2007** |
| **The District of Columbia Public Schools,** | ) | Held at: Van Ness Elementary School |
| **Home School: Not Stated** | ) | 1150 5th Street, S.E., 1st Floor |
| **Attending: The William E. Doar, Jr. PCS** | ) | Washington, D.C. 20003 |
| | ) | |
| Respondent. | ) | |

| | |
|---|---|
| **Parent:** | **Sharna Williams, Mother**<br>**1302 Saratoga Ave., N.E.**<br>**Washington, D.C. 20018** |
| **Counsel for the Parent/Student:** | **Jani Tillery, Esq.**<br>**James E. Brown & Associates, PLLC**<br>**Attorneys at Law**<br>**1220 L Street N.W., Suite 700**<br>**Washington, D.C. 20005** |
| **District of Columbia Public Schools:** | **Crystal Williams, Esq.**<br>**Asst. Attorney General**<br>**Office of the General Counsel, DCPS**<br>**825 North Capitol Street, N.E., 9th Floor**<br>**Washington, D.C. 20002** |

1

## I.    JURISDICTION

This Decision and Order is written pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Public Law No. 108-446, codified at 20 U.S.C. §§ 1400 -1482, 118 Stat 2647; implementing regulations codified at 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 327 of the D.C. Appropriations Act of 2005.

## II.    DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed on 08/23/07 that lists four witnesses and attached nine exhibits sequentially labeled and tabbed DW-01 through DW-09. One witness was present and called to testify: (1) D.W.'s mother.

Respondent:    Admitted, without objection, a disclosure letter filed on 08/21/07 that lists forty-one witnesses. No exhibits were offered into evidence. One witness was present and called to testify: Maia McKinney, The William E. Doar, Jr., P.C.S.' Special Education Coordinator.

## IV.    STATEMENT OF THE CASE

D.W., born 01/31/01, age 6-years 8-months, is a first grade, general education student at The William E. Doar, Jr. Public Charter School (Doar P.C.S.) located in the District of Columbia. (R. at DW-02, 09) DCPS is the LEA for Doar P.C.S.

Parent's counsel Jani Tillery alleged in the student's 06/29/07 Due Process Hearing Request that DCPS violated the IDEIA and denied D.W. a Free Appropriate Public Education (FAPE) by failing to perform specified assessment pursuant to D.W.'s 06/14/07 Hearing Officer's Determination (HOD). (R. at DW-02, 04) As relief, the parent wants D.W. to receive an initial evaluation to determine her eligibility for special education services; and a finding that DCPS' failure to comply with D.W.'s 06/14/07 HOD is a denial of a FAPE. (R. at DW-02)

The DCPS Student Hearing Office scheduled the Due Process Hearing for 9:00 a.m., Thursday, August 30, 2007 at Van Ness Elementary School, 1150 5th Street, S.E., 1st Floor, Washington, D.C. 20003.

Assistant Attorney General Crystal Williams, appeared in-person for DCPS. Attorney Jani Tillery appeared in-person representing D.W. and her mother who were both present.

2

## V.   SUMMARY OF THE EVIDENCE

The parties' five-day disclosure exhibits and the testimony of two (2) witnesses are relied upon in reaching the decision.

### Two Witnesses:

(1) D.W.'s Mother; and
(2) Maia McKinney, William E. Doar P.C.S.' Special Education Coordinator.

### Five Exhibits:

| | | |
|---|---|---|
| 1. | DW-02 | The 06/29/07 Parent's Due Process Hearing Request |
| 2. | DW-04 | The 06/14/07 HOD |
| 3. | DW-08 | The 02/27/07 Signed Parental Consent to Evaluate |
| 4. | DW-09 | The 02/05/07 2006-2007 Mid-Trimester Report |
| 5. | HO-01 | The 08/27/07 HOD Denying Petitioner's Mot. To Recuse Hearing Officer |

## PRELIMINARY MATTER

On August 23, 2007, parent's counsel filed a Motion to Recuse Hearing Officer Woods.  On August 27, 2007 an HOD was issued denying the Motion with prejudice because, inter alia, parent's counsel gave no reasons why or how this hearing officer was biased or prejudiced against D.W., D.W.'s parent, or the factual issues raised in D.W.'s case since none of those things were ever discussed in the Motion. (R. at HO-01)

That 08/27/07 HOD is incorporated, in its entirety, into this order by reference as if it was part of this decision and order. (R. at HO-01.)

And when the due process hearing convened, neither parent nor parent's counsel raised any objection to this hearing officer presiding. So this hearing officer took and completed the evidence in this case and issued this HOD.

3

## Issue

Did DCPS violate the Individuals with Disabilities Education Improvement Act (IDEIA) codified at 20 U.S.C. §§ 1400 - 1482 and deny D.W. a Free Appropriate Public Education (FAPE) by failing to perform the specified educational assessment ordered in D.W.'s 06/14/07 HOD?

## Answer

No. Although DCPS has not performed the ordered assessment, a procedural violation of the IDEIA, there was no evidence presented about how the delayed evaluation resulted in a FAPE denial as required by the IDEIA.

## VI.    FINDINGS OF FACT

1.    D.W., born 01/31/01, age 6-years 8-months, is a first grade, general education student at The William E. Doar, Jr. Public Charter School (Doar P.C.S.) located in the District of Columbia. (R. at DW-02, 09) DCPS is the LEA for Doar P.C.S.

2.    On 06/14/07, another hearing officer issued an HOD ordering DCPS to perform these assessments by June 27, 2007, with a finding that DCPS had not denied D.W. a FAPE:

    a.  Psycho-Educational,
    b.  Speech-Language, and
    c.  Social History.
    (R. at DW-04)

3.    On June 29, 2007, two days after the June 27, 2007 deadline for DCPS to perform the assessments, the parent filed a second due process hearing request on the exact same issue.

4.    There is, however, no evidence proffered that DCPS performed the assessments.

5.    According to the credited testimony of D.W.'s mother, whose calm demeanor while testifying and throughout the hearing was noted by this hearing officer albeit she was only asked about a few things. And here's what she said:

    a.  D.W. is in the first grade, not reading and writing well.

    b.  D.W. was to attend 2007 summer school.

    c.  She has not received D.W.'s assessment reports.

4

6.      According to the credited and unrebutted testimony of Maia McKinney, The William E. Doar, Jr., P.C.S.' Special Education Coordinator (Doar SEC):

   a.   She has been the Doar SEC since March 2007.

   b.   D.W. is behind in Reading and Math.

   c.   D.W. was to attend the six-week 2007 summer school but she only attended two-weeks. No reason was given about why she attended only two weeks.

   d.   D.W. had excessive absences and that impacts her ability to build a foundation for learning.

   e.   D.W. [Kindergarten] attendance record is as follows—she had 51-tardies; 8-days when she left school before dismissal time; and 28-unexcused absence.

   f.   The school has not refused to assess D.W.

7.      D.W.'s 02/05/07, Doar P.C.S.' 2006-2007 Mid-Trimester Report says, in sum, "in English, Math, Science, and Social Studies D.W. is making progress and with some extra support she will be ready for first grade." (R. at DW-09)

8.      There is absolutely no evidence about what D.W.'s suspected disability may be, if any—keeping in mind she's only a 6-year old first grader who missed a significant amount of her Kindergarten class time.

9.      And there was absolutely no evidence proffered by the parent about how the delayed assessments caused educational harm.

10.     So there is a finding that the delayed assessment of D.W. is a procedural violation of the IDEIA but there is no denial of a FAPE because there is no evidence that demonstrates how the unperformed initial assessments affected D.W. for the 2007-08 school year, now only two weeks old, as required by the IDEIA and D.C. common law.

## VII.   DISCUSSION and CONCLUSIONS OF LAW:

### I

**DCPS is required to make a FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

The IDEIA at 20 U.S.C. §§ 1400 - 1482 and 5 D.C.M.R. § 3000.1 (2003) requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

1. Pursuant to 5 D.C.M.R. § 3002.1, LEA Responsibility, "[t]he services provided to the child must address all of the child's identified special education and related services needs and must be based on the child's unique needs and not on the child's disability."

2. Pursuant to 5 D.C.M.R. § 3013.1(e), Placement, "[t]he LEA shall ensure that the educational placement decision for a child with a disability is ...based on the child's IEP."

3. Pursuant to 5 D.C.M.R. § 3025, Procedural Safeguards—Prior Written Notice, DCPS shall provide written notice to the parent of a child with a disability before it proposes...an educational placement of the child.

4. Pursuant to the IDEIA at 20 U.S.C. § 1414 (d) (A), (B) Requirement that Program be in Effect—

   1. At the beginning of each school year, each local educational agency ... shall have in effect for each child with a disability in the agency's jurisdiction an IEP.

5. D.W. has not been found eligible for special education services so she has no IEP or related services.

6. The only issue is that on June 14, 2007, another hearing officer issued an HOD ordering specified assessment by June 27, 2007; and there is no evidence they were performed. So two days later, on June 29th, parent's counsel filed another hearing request seeking the same relief—getting D.W. evaluated for an eligibility determination. (R. at DW-02, 04) That failure results in a FAPE denial, according to parent's counsel. (R. at DW-02)

7. However, although the ordered assessments were not performed by 06/27/07, that is a procedural violation of the IDEIA. But it did not rise to a denial of a FAPE. Here is why.

8. Pursuant to the IDEIA at 20 U.S.C. § 1414 (E) (ii), and 34 C.F.R. § 300.513 (a) Decision of hearing officer on procedural issues, states that, "[i]n matters alleging a procedural violation, a hearing officer may find that a child did not receive a free appropriate public education [FAPE] only if the procedural inadequacies—

6

(I)    impeded the child's right to a free appropriate public education;

(II)    significantly impeded the parent's opportunity to participate in the decision making process regarding the provisions of a FAPE to the parent's child; or

(III)    caused a deprivation of educational benefits."

9. And pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions, "[n]othing in paragraph (a) of this section shall be construed to preclude a hearing officer from ordering an LEA to comply with procedural requirements."

10. D.W. was not denied a FAPE because the alleged procedural inadequacy did not impede her right to a FAPE nor deprive her of educational benefit since parent's counsel made no effort to demonstrate—much-less demonstrated— that D.W.'s education was affected by any procedural violation that DCPS may have committed. Particularly in light of D.W.'s attendance record; not attending four weeks of 2007 summer school yet still passing to the first grade; and the 2007-08 school year is now only two weeks old.

11. And the D.C. Circuit held that: "only those procedural violations of the IDEIA which result in a loss of educational opportunity or seriously deprive parents of their participation rights are actionable." Lesesne v. District of Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006) (citing Kruvant v. District of Columbia, 99 F. App'x 232, 233 (D.C. Cir. 2004) (holding that although DCPS admits it failed to satisfy its responsibility to assesses the student within 120 days of the parents' request, the parents have not shown harm resulted from that error). That's exactly D.W.'s case facts.

12. So based on this hearing record, there does not exist evidence supporting the parent's claim that D.W. was denied a FAPE because a delayed evaluation does not alone result in a denial of a FAPE—which is precisely the claim the parent's counsel presented at the due process hearing.

13. Pursuant to 5 D.C.M.R. § 3030.3, "The burden of proof shall be the responsibility of the party seeking relief; either the parent/guardian of the child or the LEA. Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student a Free Appropriate Public Education (FAPE)."

14. The parent, who filed the hearing request, had and did not meet their burden of proof in this case because the parent:

    a. Proved DCPS did not perform D.W.'s assessment ordered in her 06/14/07 HOD.

    b. But failed to prove harm resulted from that error.

So in consideration of the hearing record, there is no finding that D.W. was denied a FAPE based on a delayed evaluation because the parent did not meet their burden of proof under the IDEIA by proving that the procedural violation of the IDEIA rose to the level of a FAPE denial. But D.W. still needs DCPS to conduct her initial assessment. Therefore, based on the findings of facts and the governing law the hearing officer issues this—

## ORDER

1. The parent's 06/29/07, due process hearing request is dismissed, with prejudice.

2. There is no finding that D.W. was denied a FAPE.

3. DCPS shall, however, pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions complete on or before September 25, 2007, these assessments ordered in her 06/14/07 HOD:

    a. Psycho-Educational,
    b. Speech-Language, and
    c. Social History.
    (R. at DW-04)

4. After which the parties shall mutually agree to a date and time to participate in an IEPT Meeting to review the assessment results.

5. If DCPS fails to comply with paragraph three, the parent shall obtain an Independent Educational Evaluations (IEEs) on or before November 27, 2007. After which the parties shall mutually agree to a date and time to participate in an IEPT Meeting to review the assessment results.

6. DCPS shall schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel written notice of all meetings by facsimile at (202) 742-2098.

7. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

8.  And the hearing officer made no additional findings.

This is the FINAL ADMINISTRATIVE DECISION.  An Appeal can be made to a court of competent jurisdiction within ninety (90)-days from the date of this Decision and Order pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B); 34 C.F.R. § 300.516 (b).

_____          _____
Frederick E. Woods                                          9/9/07
Hearing Officer                                               Date

Issued: _____
            DCPS Student Hearing Office

9

# District of Columbia Public Schools

## *State Enforcement & Investigation Division*

| | | |
|---|---|---|
| **In the Matter of** | ) | |
| | ) | |
| **D.W.** | ) | |
| Petitioner, | ) | **IMPARTIAL** |
| vs. | ) | **DUE PROCESS HEARING** |
| | ) | |
| **The District of Columbia Public Schools,** | ) | |
| **The William E. Doar, Jr. P.C.S.** | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C.
§§ 1400 – 1482.

Case Information:   Hearing Request Date: June 29, 2007
                    **Hearing Date: August 30, 2007**
                    Held at:   Van Ness Elementary School
                               1150 5th Street, S.E., 1st Floor
                               Washington, D.C. 20003
                    SETS Case Number: _____
                    Student's Birth Date: January 31, 2001
                    Attending School: The William E. Doar, Jr. PCS
                    Managing School: The William E. Doar, Jr. PCS

## **CERTIFICATION OF RECORD**

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do

hereby certify that the referenced Record of Proceedings and Index of Exhibits itemizes

the entire record in the above captioned matter as of this date, consisting of all letters,

pleadings, orders, exhibits, depositions, and audio recordings.

I further certify that the materials placed in the SHO file for this student are

either the original or true copy of the original documents submitted in this matter.

Executed this ___9th___ day of ___September___, 2007.

_____
Due Process Hearing Officer

10

Re: MATTER OF
D.W. v. DCPS, THE WILLIAM E. DOAR, JR. P.C.S.

# RECORD OF PROCEEDINGS

## DATE:          DESCRIPTION:

06/29/07          Due Process Hearing Request Filed By Parent

08/11/07          Notice of Due Process Hearing Date Sent to Parties

08/30/07          Due Process Hearing Convened; Completed; Recorded
                  in HR-5A Start Time 9:00 a.m. and End Time 11:00
                  a.m.

09/10/07          Hearing Officer's Decision Filed with the SHO

09/10/07          Hearing Officer's Decision Issued by the SHO


_____                    9/9/07
Frederick E. Woods                         _____
Due Process Hearing Officer                     Date

11

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: September 10, 2007

To:   Jani Tillery

Re:  Williams, Diamond

Total Number of Pages Including Cover: 12

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Diamond Williams
DOB: 1/31/01



September 16, 2007

In Reference To:    Diamond Williams
                    DOB: 1/31/01
Invoice #12828


        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/21/2007 | CSH | Request for HOD | 0.33 130.00/hr | 42.90 |
| 6/25/2007 | CSH | Draft letter to school | 0.42 130.00/hr | 54.60 |
|  | JT | Phone call to parent regarding HOD | 0.17 365.00/hr | 62.05 |
|  | JT | Draft letter to school requesting evals | 0.42 365.00/hr | 153.30 |
| 6/27/2007 | JT | Prepared 1st draft due process hearing request to DCPS | 2.00 365.00/hr | 730.00 |
| 6/29/2007 | CSH | Asst atty w/complaint | 0.50 130.00/hr | 65.00 |
|  | CSH | Drafted letter to parent | 0.75 130.00/hr | 97.50 |
|  | CSH | Drafted letter to parent | 0.50 130.00/hr | 65.00 |
| 7/13/2007 | CSH | Drafted letter to parent | 0.33 130.00/hr | 42.90 |
|  | CSH | Drafted motion to dismiss | 0.33 130.00/hr | 42.90 |

Diamond Williams                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/6/2007 | DC | Records review for Diamond Williams | 2.00 185.00/hr | 370.00 |
| 8/16/2007 | JT | Phone call to parent | 0.17 365.00/hr | 62.05 |
| 8/20/2007 | JT | Phone call to parent | 0.17 365.00/hr | 62.05 |
| 8/21/2007 | JT | Reviewed the student's file for disclosure documents | 1.00 365.00/hr | 365.00 |
| 8/22/2007 | DC | Phone call to ms williams for Diamond williams | 0.50 185.00/hr | 92.50 |
| 8/23/2007 | CSH | Draft motion to recuse | 0.67 130.00/hr | 87.10 |
|  | CSH | Asst atty w/motion | 0.42 130.00/hr | 54.60 |
|  | DC | Phone call to schedule office visits for upcoming hearing | 0.33 185.00/hr | 61.05 |
|  | CSH | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50 130.00/hr | 195.00 |
| 8/24/2007 | CSH | Drafted letter to parent | 0.67 130.00/hr | 87.10 |
| 8/27/2007 | DC | Pre-hearing conference with attorney and parent for Diamond Williams | 0.50 185.00/hr | 92.50 |
|  | JT | Prepared for Due Process Hearing with advocate and parent | 1.50 365.00/hr | 547.50 |
| 8/28/2007 | JT | Draft letter to Director of SHO | 0.58 365.00/hr | 211.70 |
|  | JT | Discussion with Director of SHO | 0.25 365.00/hr | 91.25 |
| 8/30/2007 | DC | Appearance at Van Ness ES for due process hearing | 3.00 185.00/hr | 555.00 |
|  | JT | Appearance at Van Ness ES for due process hearing | 3.00 365.00/hr | 1,095.00 |

Diamond Williams                                                                        Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/30/2007 JT | Prepared for Due Process Hearing | . | 1.50<br>365.00/hr | 547.50 |
|  | For professional services rendered |  | 23.51 | $5,933.05 |
|  | Additional Charges : |  |  |  |
| 6/21/2007 | Faxed request for HOD to SHO/OGC |  |  | 3.00 |
| 6/25/2007 | copied letter to parent re: HOD |  |  | 1.50 |
|  | Faxed letter to Doar PCS, OMC |  |  | 4.00 |
|  | Postage; Letter to parent. |  |  | 0.58 |
| 6/29/2007 | Postage; letter to parent |  |  | 0.41 |
|  | Postage; letter to parent |  |  | 0.58 |
|  | copied letter to parent re: complaint |  |  | 1.75 |
|  | Faxed complaint to SHO/OGC |  |  | 14.00 |
|  | copied letter to parent |  |  | 0.50 |
|  | copied hearing request |  |  | 13.00 |
| 7/13/2007 | copied letter to parent |  |  | 1.00 |
|  | Faxed motion for default to SHO/OGC |  |  | 8.00 |
|  | Postage; letter to parent |  |  | 0.41 |
| 8/23/2007 | Messenger Service to and from DCPS (5-day Disclosures) |  |  | 20.00 |
|  | Copied; Disclosures to SHO, OSC |  |  | 29.25 |
|  | Faxes; motion to recuse |  |  | 12.76 |
| 8/24/2007 | Postage; ltr |  |  | 0.41 |
|  | copied letter to parent |  |  | 0.50 |
| 8/28/2007 | Faxes; ltr to sho |  |  | 22.00 |
| 8/30/2007 | Transportation service to  Van Ness ES for hearing |  |  | 12.00 |
|  | File review preparation of bill and invoice audit |  |  | 96.88 |
|  | Total additional charges |  |  | $242.53 |

Diamond Williams                                                                                    Page     4

|  | Amount |
|---|---|
| Total amount of this bill | $6,175.58 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Clarence S. Hayes, Paralegal | 6.42 | 130.00 | $834.60 |
| Diane Crews-Pinkney, Advocate | 6.33 | 185.00 | $1,171.05 |
| Jani S. Tillery, Attorney | 10.76 | 365.00 | $3,927.40 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child.  **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:   Diamond Williams Date of Birth: January 31, 2001

Address:   1302 Saratoga Avenue, N.E. Washington, D.C.  20018

Present School of Attendance:    William E Doar PCS

Parent/Guardian of the Student:  _Ms. Sharna Williams____

**B.**  **Legal Representative/Attorney (if applicable):**

Name:  ___ _Jani S. Tillery, Esq.____

Address:  ___1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**C.**  **Complaint Made Against (check all that apply):**

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.**  **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.**  **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing _only_ at this time.**

**F.**  **Facts and Reasons for the Complaint:**

### I.  Background Information

1.  The student's name is Diamond Williams (hereinafter "D.W." or "student".)

2.  The student's date of birth is January 31, 2001.

3.  On May 16, 2007, an Administrative Due Process Complaint Notice was filed.

4.  In the Due Process Complaint, the parent alleged the following:

      i.      DCPS violated the "child find" provisions of IDEIA when it failed to identify, locate and evaluate the student for special education services thereby causing a loss of educational benefit and denial of FAPE; and

      ii.    DCPS failed to evaluate the student in a timely manner after repeated requests from the parent.

5. On June 4, 2007, an Impartial Due Process Hearing was held on behalf of D.W.

6. At the hearing the Hearing Officer ordered *inter alia*, DCPS to conduct a speech-language, psycho-educational, social history and comprehensive evaluations of the student by June 27, 2007.

7. On June 25, 2007, parent, by and through counsel, requested a copy of the evaluations to by close of business June 27, 2007. DCPS failed to respond.

8. To date, DCPS has failed to provide a copy of the evaluations and further the parent has stated, to the best of her knowledge and belief, that the evaluations have yet to be conducted.

## II. Issues presented.

### 1. DCPS Denied the Student FAPE by Failing to Comply With the June 14, 2007, Hearing Officer's Determination.

On June 4, 2007, an Impartial Due Process Hearing was held on behalf of D.W. At the hearing the Hearing Officer ordered *inter alia*, DCPS to conduct a speech-language, psycho-educational, social history and comprehensive evaluations of the student by June 27, 2007. On June 25, 2007, parent, by and through counsel, requested a copy of the evaluations to by close of business June 27, 2007. DCPS failed to respond. Further the parent has stated that DCPS has not contacted her to conduct the evaluations. Therefore, DCPS has failed to Comply with the Hearing Officer's Determination denying D.W. FAPE.

## III.    Relief Sought.

1. The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to comply with the Hearing Officer's Determination issued June 14, 2007.

2. DCPS shall fund independent evaluations, specifically a speech and language, psycho-educational, social history and any other evaluations deemed necessary by evaluators.

3. DPCS shall within ten (10) business days of receipt of the last evaluation, convene an MDT/IEP meeting to review and revise the IEP. DCPS shall then determine an appropriate placement for the student where the IEP may be implemented. The issue of compensatory education is reserved.

4. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

5. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6. DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

7. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through Jani S. Tillery, Esq., via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

8. In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

9. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

10. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

11. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

12. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all

necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

13. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

14. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

15. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that the student's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

16. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.    <u>Accommodations and Assistance Needed</u>:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

5

**H.**    **Signature:**

_____        6-29-07
Legal Representative / Advocate (if applicable)          Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

# Exhibit P



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm: James Brown & Assoc., PLLC
    Attorney: James Brown
    Federal Tax ID No: 52-1500760
    D.C. Bar No: 61622

2.  Student Information
    Name: Flanagan, Byron
    DOB: 5/2/93
    Date Hearing Request Filed: 6/29/07
    Date(s) of Hearing: 8/30/07
    Date of Determination (HOD/SA): 9/11/07
    Parent/Guardian Name: Tamara Flanagan
    Parent/Guardian Address: 3672 Hayes St., NE, #102
    Washington, DC 20019

3.  Invoice Information
    Invoice Number: 07-307
    Date Request Submitted: 9/17/07
    Date(s) of Services Rendered: 4/25/07 to 8/30/07
    Attorney Hourly Rate: $ 365.00
    Total Attorney Fees: $ 12,517.70
    Total Attorney Costs: $ 352.91
    Total Experts: $ 3,698.15
    Total Invoice: $ 16,568.76

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _signature_                              9/17/07
    Signature                                Date

    Revised Nov. 2004

# District of Columbia Public Schools

## State Enforcement & Investigation Division

### Confidential

**FREDERICK E. WOODS,** Esq., Due Process Hearing Officer
Van Ness Elementary School
1150 5th Street, S.E., 1st Floor
Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Byron Flanagan (BF)** | ) | |
| Date of Birth: 05/02/93 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: July 2, 2007 |
| | ) | **Hearing Date: August 30, 2007** |
| **The District of Columbia Public Schools,** | ) | Held at: Van Ness Elementary School |
| **Home School: Not Stated In Hr'g Request)** | | 1150 5th Street, S.E., 1st Floor |
| **Attending: Cesar Chavez P.C.S.** | ) | Washington, D.C. 20003 |
| | ) | |
| Respondent. | ) | |
| | ) | |

| | |
|---|---|
| **Parent:** | **Tamara Flanagan, Mother**<br>**3672 Hayes Street, N.E.**<br>**Apt. # 102**<br>**Washington, D.C. 20019** |
| **Counsel for the Parent/Student:** | **Jani Tillery, Esq.**<br>**James E. Brown & Associates, PLLC**<br>**Attorneys at Law**<br>**1220 L Street N.W., Suite 700**<br>**Washington, D.C. 20005** |
| **District of Columbia Public Schools:** | **Daniel McCall, Esq.**<br>**Asst. Attorney General**<br>**Office of the General Counsel, DCPS**<br>**825 North Capitol Street, N.E., 9th Floor**<br>**Washington, D.C. 20002** |

1

## I.    JURISDICTION

This Decision and Order is written pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Public Law No. 108-446, codified at 20 U.S.C. §§ 1400 -1482, 118 Stat 2647; implementing regulations codified at 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 327 of the D.C. Appropriations Act of 2005.

## II.    DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed on 08/23/07 that lists four witnesses and attached fourteen exhibits sequentially labeled and tabbed BF-01 through BF-14. One witness was present and called to testify: (1) B.F.'s mother.

Respondent:    Admitted, without objection, a disclosure letter filed on 08/23/07 that lists forty-four witnesses and attached one exhibit labeled DCPS-01. No witnesses were present or called to testify. DCPS rested its case on the admitted exhibits and the parent's testimony.

## IV.    STATEMENT OF THE CASE

B.F., born 05/02/93, age 14-years 4-months, is a sixth grade, general education student with a Section 504 Plan at Cesar Chavez Public Charter School (Chavez P.C.S.) located in the District of Columbia. (R. at BF-02, 08) DCPS is the LEA for Chavez P.C.S.

Parent's counsel Jani Tillery alleged in the student's 07/02/07 Due Process Hearing Request that DCPS violated the IDEIA and denied B.F. a Free Appropriate Public Education (FAPE) by failing to identify, locate, and evaluate him pursuant to its child find obligations codified at 34 C.F.R. § 300.111. No time period, however, is specified in the hearing request as to when B.F. should have been identified. (R. at BF-02)

As relief the parent wants B.F. evaluated to determine his eligibility for special education services; and a finding that B.F. was denied a FAPE based on DCPS' failure to comply with its child find obligation. (R. at BF-02)

The DCPS Student Hearing Office scheduled the Due Process Hearing for 11:00 a.m., Thursday, August 30, 2007 at Van Ness Elementary School, 1150 5th Street, S.E., 1st Floor, Washington, D.C. 20003.

2

Assistant Attorney General Daniel McCall, appeared in-person for DCPS.
Attorney Jani Tillery appeared in-person representing B.F. who was not present; and his
mother who was present.

## V.    SUMMARY OF THE EVIDENCE

The parties' five-day disclosure exhibits and the testimony of one (1)
witness is relied upon in reaching the decision.

### One Witness:

(1) B.F.'s Mother.

### Eight Exhibits:

| 1. | BF-02 | The 07/02/07 Parent's Due Process Hearing Request |
|----|-------|----------------------------------------------------|
| 2. | BF-07 | The 05/26/05 TAT Referral Form |
| 3. | BF-08 | The 05/26/05 Section 504 Plan |
| 4. | BF-09 | The 2005-06 School Year Report Card |
| 5. | BF-10 | The 2006-07 School Year Report Card |
| 6. | BF-11 | The 02/02/06 Suspension Notice |
| 7. | BF-13 | The 04/30/07 Chavez P.C.S.' Expulsion Letter to Parent |
| 8. | HO-01 | The 08/28/07 HOD Denying Petitioner's Mot. To Recuse Hearing Officer |

## PRELIMINARY MATTER

On August 23, 2007, parent's counsel filed a Motion to Recuse
Hearing Officer Woods. On August 28, 2007 an HOD was issued
denying the Motion with prejudice because, inter alia, parent's
counsel gave no reasons why or how this hearing officer was biased
or prejudiced against B.F., B.F.'s parent, or the factual issues raised
in B.F.'s case since none of those things were ever discussed in
the Motion. (R. at HO-01)

That 08/28/07 HOD is incorporated, in its entirety, into this
order by reference as if it was part of this decision. (R. at HO-01.)

And when the due process hearing convened, neither parent nor
parent's counsel raised any objection to this hearing officer presiding.
So this hearing officer took and completed the evidence in this case
and issued this HOD.

3

## Issue

Did DCPS violate the Individuals with Disabilities Education Improvement Act (IDEIA) codified at 20 U.S.C. §§ 1400 - 1482 and deny B.F. a Free Appropriate Public Education (FAPE) by failing to identify, locate, and evaluate him pursuant to its child find obligations codified at 34 C.F.R. § 300.111 (a)(1) when no time period, is specified in the hearing request as to when B.F. should have been identified?

## Answer

No. DCPS had identified B.F. for evaluation and assessment. Even if did not, that would be a procedural violation of the IDEIA. And there was no evidence presented about when the evaluation and assessment should have occurred and how the delayed evaluation resulted in a FAPE denial as required by the IDEIA.

## VI.    FINDINGS OF FACT

1.      B.F., born 05/02/93, age 14-years 4-months, is a sixth grade, general education student with a Section 504 Plan at Cesar Chavez Public Charter School (Chavez P.C.S.) located in the District of Columbia. (R. at BF-02, 08) DCPS is the LEA for Chavez P.C.S.

2.      The parent's 07/02/07 hearing request raised a child find violation but did not specify the precise school year (s) and time period within the school year (s) when the parent believes DCPS should have identified, located, and evaluated B.F. pursuant to its child find obligations. (R. at BF-02)

3.      According to the only witness in this case, B.F.'s mother, she said:

    a.  B.F. is unfocused, disruptive, and his school work is not up to par.

    b.  She expressed concerns to DCPS about it at the end of April 2007.

    c.  B.F. was retained twice in both the 5th and 6th grade.

    d.  B.F. received an in-school expulsion for carrying a pocket knife [on April 30, 2007.] (R. at BF-13)

    e.  And she is willing to participate in a Student Evaluation Plan (SEP) Meeting for B.F. to discuss her concerns.

4

4.   There is no record evidence that the parent provided DCPS with a
     signed a Parental Consent to Evaluate.

5.   The parties' agreed to an August 3, 2007, SEP Meeting, however, an
     SEP was not admitted into evidence; and there were conflicting reasons
     about why the August 3rd meeting was not held. (R. at BF-14; DCPS-
     01)

6.   B.F.'s 2006-07, 6th grade, Final Report Card shows he had seven (7)-
     classes—failed five of them, received a "C" grade in two, and was
     retained in the 6th grade for the 2007-08 school year. (R. at BF-10)

7.   The Teacher Comments on his third quarter Report Card state in sum,
     "B.F. is missing project grades; does not finish his assignments; talks or
     whispers all the time; and pretends to read while sometimes sleeping."
     (R. at BF-10)

8.   According to B.F.'s 05/26/05 TAT Referral From, it states that "B.F.
     has met the objectives set forth in his IEP and has been determined to
     not need special education services at this time but could benefit from
     counseling during his transition into a regular education setting." But
     also on 05/26/05 DCPS found him eligible for a Section 504 Plan and
     developed a 504 Plan.

9.   Neither parent's counsel nor DCPS presented any evidence whatsoever
     about the Section 504 Plan, its efficacy, and whether it's still in place.

10.  There is absolutely no evidence about what B.F.'s suspected disability
     may be.

11.  And there was absolutely no evidence proffered by the parent about
     how the delayed assessments caused educational harm.

12.  So there is no child find violation; and even if there was, it's a
     procedural violation of the IDEIA. But there is no denial of a FAPE
     because there is no evidence that demonstrates how the unperformed
     assessments affected B.F. for the 2007-08 school year, now only two
     weeks old, as required by the IDEIA and D.C. common law.

## VII.  DISCUSSION and CONCLUSIONS OF LAW:
### I

**DCPS is required to make a FAPE available to all children with disabilities
within the jurisdiction of the District of Columbia.**

The IDEIA at 20 U.S.C. §§ 1400 - 1482 and 5 D.C.M.R. § 3000.1  requires DCPS
to fully evaluate every child suspected of having a disability within the jurisdiction of the

District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

1. Pursuant to 5 D.C.M.R. § 3002.1, LEA Responsibility, "[t]he services provided to the child must address all of the child's identified special education and related services needs and must be based on the child's unique needs and not on the child's disability."

2. Pursuant to 5 D.C.M.R. § 3013.1(e), Placement, "[t]he LEA shall ensure that the educational placement decision for a child with a disability is ...based on the child's IEP."

3. Pursuant to 5 D.C.M.R. § 3025, Procedural Safeguards—Prior Written Notice, DCPS shall provide written notice to the parent of a child with a disability before it proposes...an educational placement of the child.

4. Pursuant to the IDEIA at 20 U.S.C. § 1414 (d) (A), (B) Requirement that Program be in Effect—

    1. At the beginning of each school year, each local educational agency ... shall have in effect for each child with a disability in the agency's jurisdiction an IEP.

5. Pursuant to 20 U.S.C. § 1412 (a) (3) (A), Child Find, states, in pertinent part, "[a] State must ensure that all children with disabilities residing in the State ... who are in need of special education and related services are identified, located, and evaluated."

6. Pursuant to 34 C.F.R. § 300.111 (a)(1), Child Find, states, in pertinent part, that "[t]he State must have in effect policies and procedures to ensure that all children with disabilities residing in the State ...who are in need of special education and related services are identified, located, and evaluated."

7. Pursuant to 5 D.C.M.R. § 3002.1(d), LEA Responsibility, states "[t]he LEA shall ensure procedures are implemented to identify, locate, and evaluate all children in the District of Columbia who are in need of special education and related services."

8. According to a sister state's case law cited here as informed persuasive guidance, "in order to establish that the school violated the identification requirements of IDEA, a [Petitioner] must show that the school officials overlooked clear signs of a disability and were negligent in ordering testing, or that that there was no rationale justification for deciding not to evaluate."

6

Clay T. v. Walton County School District, 952 F. Supp. 817, 823 (M. D. Ga. 1997).

9.  The record evidence supports a finding that DCPS did not overlook clear signs of a disability and was not negligent in ordering testing because:

   a.  On 05/26/05, DCPS referred B.F. to the TAT process for academic and behavior interventions when he was in the 5th grade. DCPS found him eligible for a Section 504 Plan and determined he met his then IEP goals so he no longer needed special education services. (R. at BF-07)

   b.  Also on 05/26/05, DCPS developed his Section 504 Plan. (R. at BF-08).

   c.  To date based on this hearing record; the parent has not provided DCPS written Parental Consent to Evaluate B.F. for special education services.

10. It appears, therefore, B.F. had been found eligible for special education services at some point. And later those services were discontinued and replaced with a Section 504 Plan.

11. And though B.F. was retained in the 6th grade, there is no record evidence about why and if that reason is related to an IDEIA suspected disability. And if so, what is that disability; and what evaluation and assessments are required to determine if the suspected disability actually exists? This information would have been helpful in parent's case-in-chief.

12. So even when viewing the evidence and unanswered questions in a light if most favorable to the parent here is the sequence of events that mitigate against finding a child find violation.

   a.  B.F. has been identified, located, and evaluated for special education services.

   b.  In fact, according to his 05/26/05 TAT Referral Form he had an IEP, met his IEP goals, and was determined no longer in need of special education services. (R. at BF-07)

   c.  But despite being exited from special education services, accommodations were put in place for B.F. under is 05/26/05 Section 504 Plan. (R. at BF-08)

13. Moreover, even if there was a child find violation it would be a procedural violation of the IDEIA that did not rise to a denial of a FAPE. Here is why.

7

14. Pursuant to the IDEIA at 20 U.S.C. § 1414 (E) (ii), and 34 C.F.R. § 300.513 (a) Decision of hearing officer on procedural issues, states that, "[i]n matters alleging a procedural violation, a hearing officer may find that a child did not receive a free appropriate public education [FAPE] only if the procedural inadequacies—

  (I)     impeded the child's right to a free appropriate public education;

  (II)    significantly impeded the parent's opportunity to participate in the decision making process regarding the provisions of a FAPE to the parent's child; or

  (III)   caused a deprivation of educational benefits."

15. And pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions, "[n]othing in paragraph (a) of this section shall be construed to preclude a hearing officer from ordering an LEA to comply with procedural requirements."

16. B.F. was not denied a FAPE because there was no evidence presented by the parent that the procedural inadequacy impeded B.F.'s right to a FAPE nor deprived him of educational benefit since parent's counsel made no effort to demonstrate—much-less demonstrated—that B.F.'s education was affected by any procedural violation that DCPS may have committed. Particularly in light of the teacher comments on B.F.'s 2006-07 Report Card stating why he was performing poorly in their class. (R. at BF-10).

17. And the D.C. Circuit held that: "only those procedural violations of the IDEIA which result in a loss of educational opportunity or seriously deprive parents of their participation rights are actionable." Lesesne v. District of Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006) (citing Kruvant v. District of Columbia, 99 F. App'x 232, 233 (D.C. Cir. 2004) (holding that although DCPS admits it failed to satisfy its responsibility to assesses the student within 120 days of the parents' request, the parents have not shown harm resulted from that error).

18. So based on this hearing record, there does not exist evidence supporting the parent's claim that B.F. was denied a FAPE because a delayed evaluation, if true, does not alone result in a denial of a FAPE—which is precisely the claim the parent's counsel presented at the due process hearing.

19. Pursuant to 5 D.C.M.R. § 3030.3, "The burden of proof shall be the responsibility of the party seeking relief; either the parent/guardian of the

8

child or the LEA. Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student a Free Appropriate Public Education (FAPE)."

20. The parent, who filed the hearing request, had and did not meet their burden of proof in this case because the parent:

    a. Failed to prove a child find violation.

    b. And failed to prove harm resulted from that error even if there was a child find violation.

So in consideration of the hearing record, there is no finding that B.F. was denied a FAPE based on a delayed evaluation because the parent did not meet their burden of proof under the IDEIA by proving that the procedural violation of the IDEIA rose to the level of a FAPE denial. But DCPS should afford that parent an SEP meeting that the parent is encouraged to pursue with DCPS to conduct a reevaluation of B.F. Therefore, based on the findings of facts and the governing law the hearing officer issues this—

## ORDER

1. The parent's 07/02/07, due process hearing request is dismissed, with prejudice.

2. There is no finding that B.F. was denied a FAPE.

3. DCPS shall, however, pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions schedule on or before September 25, 2007, reschedule B.F.'s Student Evaluation Plan (SEP) Meeting that the parties tried to convene on August 3, 2007. DCPS shall next convene the scheduled meeting at the parties' agreed to date and time with the parent's participation in-person to discuss the parent's concerns about B.F. and to develop a reevaluation plan specifying a date to complete the assessments.

4. After which the parties shall mutually agree to a date and time to participate in an IEPT Meeting to review the agreed to assessment results.

5. If DCPS fails to comply with paragraph three by performing the assessments within the parties' agreed time period, then the parent shall obtain an Independent Educational Evaluations (IEEs) of all assessments listed in the SEP within 75-days after the agreed time period for DCPS to perform the assessments expired. After which the parties shall mutually agree to a date and time to participate in an IEPT Meeting to review the parent's IEEs.

6. DCPS shall schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel written notice of all meetings by facsimile at (202) 742-2098.

7. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

8. And the hearing officer made no additional findings.

This is the **FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90)-days from the date of this Decision and Order pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B); 34 C.F.R. § 300.516 (b).**

**Frederick E. Woods**
**Hearing Officer**

9 |10/07
**Date**

Issued: 9|11|07
**DCPS Student Hearing Office**

10

# District of Columbia Public Schools

### *State Enforcement & Investigation Division*

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| B.F. | ) | |
|     Petitioner, | ) | **IMPARTIAL** |
|     vs. | ) | **DUE PROCESS HEARING** |
| | ) | |
| The District of Columbia Public Schools, | ) | |
| Cesar Chavez Public Charter School | ) | |
|     Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 – 1482.

**Case Information:**    Hearing Request Date: July 2, 2007
          **Hearing Date: August 30, 2007**
          Held at:  Van Ness Elementary School
                  1150 5th Street, S.E., 1st Floor
                  Washington, D.C. 20003
          SETS Case Number: _____
          Student's Birth Date: May 2, 1993
          Attending School: Cesar Chavez Public Charter School
          Managing School: Cesar Chavez Public Charter School

## <u>CERTIFICATION OF RECORD</u>

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the referenced Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and audio recordings.

I further certify that the materials placed in the SHO file for this student are either the original or true copy of the original documents submitted in this matter.

Executed this  10 th  day of  September, 2007.

                                     Due Process Hearing Officer

Re: MATTER OF
__B.F. v. DCPS, CESAR CHAVEZ PUBLIC CHARTER SCHOOL__

# __RECORD OF PROCEEDINGS__

## __DATE:__              __DESCRIPTION:__

| | |
|---|---|
| 07/02/07 | Due Process Hearing Request Filed By Parent |
| 08/13/07 | Notice of Due Process Hearing Date Sent to Parties |
| 08/30/07 | Due Process Hearing Convened; Completed; Recorded in HR-5A Start Time 11:00 a.m. and End Time 1:00 p.m. |
| 09/10/07 | Hearing Officer's Decision Filed with the SHO |
| 09/10/07 | Hearing Officer's Decision Issued by the SHO |

_____          9/10/07
Frederick E. Woods                      _____
Due Process Hearing Officer                   Date

12

**District of Columbia Public Schools**
*State Enforcement Investigative Division*
**STUDENT HEARING OFFICE**
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



### *FACSIMILE SHEET*

Date: September 11, 2007


To:   Jani Tillery


Re:  Flanagan, Byron


Total Number of Pages Including Cover: 13


**CONFIDENTIALITY NOTICE:** The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Byron Flanagan
DOB: 5/2/93

September 16, 2007

In Reference To:   Byron Flanagan
                   DOB: 5/2/93

Invoice #12827

       Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/25/2007 | RN | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
|  | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
| 4/26/2007 | BC | Drafted letter to parent | 0.17 130.00/hr | 22.10 |
| 4/27/2007 | BC | Prepared file jacket, disseminated information to various members of the legal team. | 0.42 130.00/hr | 54.60 |
| 4/30/2007 | CSH | Draft letter requesting records to student's school, DCPS' Special Education Supervisor, Records Department, and Office of General Counsel; includes research of student's school information, gathering General Authorization and TAT form; fax to parties | 0.75 130.00/hr | 97.50 |
|  | CSH | Draft letter requesting evaluations to student's school, DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request, gathered General Authorization and TAT form; fax to parties | 0.75 130.00/hr | 97.50 |
| 5/3/2007 | JT | Phone call to parent | 0.42 365.00/hr | 153.30 |
|  | JT | Records review | 1.00 365.00/hr | 365.00 |
| 5/4/2007 | JT | Records review | 1.00 365.00/hr | 365.00 |

Byron Flanagan                                                                                    Page    2

|            |     |                                                                                      | Hrs/Rate          | Amount |
|------------|-----|--------------------------------------------------------------------------------------|-------------------|--------|
| 5/4/2007   | JT  | Draft letter to scgiik                                                                | 0.33<br>365.00/hr | 120.45 |
|            | JT  | Phone call to parent                                                                 | 0.17<br>365.00/hr | 62.05  |
|            | JT  | Conference with parent                                                               | 0.17<br>365.00/hr | 62.05  |
| 5/7/2007   | JT  | Records/file review                                                                  | 1.00<br>365.00/hr | 365.00 |
|            | JT  | Draft letter to school regarding expulsion hearing                                   | 0.42<br>365.00/hr | 153.30 |
|            | JT  | Discussion with Atty D. Hill regarding case                                          | 0.25<br>365.00/hr | 91.25  |
| 5/8/2007   | CSH | Assisted atty with expulsion hearing ltr                                             | 0.50<br>130.00/hr | 65.00  |
|            | CSH | Drafted letter to parent                                                             | 0.75<br>130.00/hr | 97.50  |
| 5/9/2007   | BC  | File Review and sent letter to parent/student                                        | 0.17<br>130.00/hr | 22.10  |
| 5/14/2007  | CSH | Filing for parent                                                                    | 0.08<br>130.00/hr | 10.40  |
|            | CSH | Phone call to Mr Gonzalez (Hearing Commission)                                       | 0.17<br>130.00/hr | 22.10  |
|            | CSH | Draft letter to Hearing Commission (expulsion hearing status)                        | 0.75<br>130.00/hr | 97.50  |
|            | JT  | Reviewed correspondence regarding expulsion hearing                                  | 0.17<br>365.00/hr | 62.05  |
|            | JT  | Discussion with paralegal regarding recently received correspondence on expulsion hearinig | 0.17<br>365.00/hr | 62.05  |
| 5/15/2007  | CSH | Phone call to parent                                                                 | 0.17<br>130.00/hr | 22.10  |
|            | CSH | Draft letter to school                                                               | 0.75<br>130.00/hr | 97.50  |
|            | JT  | Records review and research for expulsion hearing                                    | 1.00<br>365.00/hr | 365.00 |

Byron Flanagan                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/15/2007 | JT | Phone call to parent regarding upcoming hearing | 0.17 365.00/hr | 62.05 |
|  | JT | Discussion with paralegal about drafting letter to school regarding expulsion hearing-confirming attendance | 0.17 365.00/hr | 62.05 |
| 5/16/2007 | JT | Records review and research and prep for upcoming expulsion hearing | 2.83 365.00/hr | 1,032.95 |
| 5/17/2007 | JT | Appearance for expulsion hearing at school | 2.00 365.00/hr | 730.00 |
| 5/30/2007 | CSH | Draft letter to school | 0.42 130.00/hr | 54.60 |
|  | JT | Discussion with advocate regarding going to observe studen | 0.50 365.00/hr | 182.50 |
|  | DC | School visit; classroom observation attempt for Byron Flanagan at Cesar Chavez. | 0.50 185.00/hr | 92.50 |
| 6/5/2007 | CSH | Phone call to parent | 0.25 130.00/hr | 32.50 |
| 6/6/2007 | JT | Reviewed correspondence from school | 0.17 365.00/hr | 62.05 |
| 6/7/2007 | JT | Draft letter to school regarding SEP meeting and evaluations | 0.42 365.00/hr | 153.30 |
|  | DC | Phone call to ms Flanagan for Byron Flanagan | 0.33 185.00/hr | 61.05 |
|  | DC | Draft and faxed letter for Byron Flanagan. | 0.50 185.00/hr | 92.50 |
|  | CSH | Asst atty w/ltr to school | 0.33 130.00/hr | 42.90 |
| 6/13/2007 | DC | Records review for Byron Flanagan | 2.00 185.00/hr | 370.00 |
| 6/15/2007 | RN | Discussion with attorney. | 0.67 365.00/hr | 244.55 |
|  | JT | Discussion with RN | 0.50 365.00/hr | 182.50 |
|  | JT | Reviewed the student's file, conduct educational research. | 2.00 365.00/hr | 730.00 |

Byron Flanagan                                                                      Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/18/2007 | DC | Phone call to to ms flanagan for byron flanagan | 0.42<br>185.00/hr | 77.70 |
|  | CSH | Phone call from parent | 0.08<br>130.00/hr | 10.40 |
| 6/19/2007 | JT | Reviewed the student's file in preparation for drafting a complaint/discussed with advocate | 2.00<br>365.00/hr | 730.00 |
|  | JT | Team Meeting: Discussion with advocate | 0.33<br>365.00/hr | 120.45 |
|  | DC | Phone call to ms flanagan concerning meeting | 0.42<br>185.00/hr | 77.70 |
|  | DC | Records review Byron Flanagan and discussion with attorney | 1.00<br>185.00/hr | 185.00 |
|  | CSH | Draft letter to school | 0.75<br>130.00/hr | 97.50 |
| 6/20/2007 | DC | Draft letter to parent | 0.42<br>185.00/hr | 77.70 |
| 6/21/2007 | CSH | Asst adv w/ltr | 0.08<br>130.00/hr | 10.40 |
| 6/27/2007 | JT | Reviewed the student's file in prep for complaint | 0.58<br>365.00/hr | 211.70 |
|  | CSH | Draft letter to OSE | 0.42<br>130.00/hr | 54.60 |
| 6/28/2007 | CSH | Drafted letter to parent | 0.75<br>130.00/hr | 97.50 |
|  | DC | Draft letter to school for byron flanagan | 0.50<br>185.00/hr | 92.50 |
| 6/29/2007 | JT | Prepared and drafted due process hearing request to DCPS | 2.00<br>365.00/hr | 730.00 |
|  | DC | Conference with attorney for byron flanagan | 1.00<br>185.00/hr | 185.00 |
| 7/2/2007 | DC | Phone call to ms flanagan for byron flanagan | 0.33<br>185.00/hr | 61.05 |
| 7/12/2007 | DC | Phone call to ms flanagan for byron flanagan | 0.33<br>185.00/hr | 61.05 |

Byron Flanagan                                                                                        Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/13/2007 | CSH | Drafted motion to dismiss | 0.33 130.00/hr | 42.90 |
|  | DC | Reviewed school records received for Byron flanagan. | 1.00 185.00/hr | 185.00 |
|  | CSH | Drafted letter to parent | 0.33 130.00/hr | 42.90 |
| 7/17/2007 | DC | Phone call to ms flanagan for Byron flanagan | 0.33 185.00/hr | 61.05 |
| 7/25/2007 | DC | Phone call to ms flanagan concerning byron flanagan behavior and programs for him after summer school. | 0.58 185.00/hr | 107.30 |
| 7/26/2007 | CSH | Filing for parent | 0.08 130.00/hr | 10.40 |
| 7/27/2007 | CSH | Draft letter to parent | 0.75 130.00/hr | 97.50 |
| 7/31/2007 | DC | Records review for Byron Flanagan | 2.00 185.00/hr | 370.00 |
| 8/3/2007 | DC | Attended MDT/IEP @ for byron flanagan | 2.83 185.00/hr | 523.55 |
|  | DC | phoned ms flanagan concerning mtg | 0.50 185.00/hr | 92.50 |
|  | DC | Draft letter to school concerning mtg notification | 0.50 185.00/hr | 92.50 |
| 8/16/2007 | JT | Phone call to parent | 0.17 365.00/hr | 62.05 |
| 8/22/2007 | DC | Phone call to ms flanagan for byron flanagan | 0.50 185.00/hr | 92.50 |
| 8/23/2007 | JT | Reviewed the disclosure | 1.00 365.00/hr | 365.00 |
|  | JT | Discussion with paralegal | 0.25 365.00/hr | 91.25 |
|  | CSH | Assist attorney prepare disclosure to DCPS | 2.00 130.00/hr | 260.00 |
|  | CSH | Asst atty w/motion | 0.42 130.00/hr | 54.60 |

Byron Flanagan                                                                                     Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/24/2007 | CSH | Draft motion to recuse | 0.67 130.00/hr | 87.10 |
|  | CSH | Drafted letter to parent | 0.67 130.00/hr | 87.10 |
| 8/27/2007 | DC | Pre-hearing conference with attorney and parent for Byron Flanagan. | 1.00 185.00/hr | 185.00 |
|  | JT | Discussion with parent and advocate in preparation for hearing | 1.00 365.00/hr | 365.00 |
| 8/30/2007 | DC | Appearance at Van Ness ES for due process hearing | 3.00 185.00/hr | 555.00 |
|  | JT | Appearance at Van Ness ES for due process hearing | 3.00 365.00/hr | 1,095.00 |
|  | JT | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
|  |  | For professional services rendered | 64.11 | $16,215.85 |

Additional Charges :

| | | |
|---|---|---|
| 4/25/2007 | copied intake documents | 3.00 |
| 4/26/2007 | Copied documents | 34.25 |
|  | Postage; letter to parent | 0.39 |
| 4/30/2007 | Faxed request for records and evals. to Cesar Chavez, OGC, OSE | 24.00 |
| 5/7/2007 | copied letter to parent | 0.50 |
|  | copied letter to parent | 1.25 |
| 5/8/2007 | Copied; Letter for parent. | 0.50 |
|  | Postage; Letter to parent. | 0.39 |
| 5/9/2007 | Postage; Letter to parent. | 0.39 |
| 5/10/2007 | Postage; Letter to parent re: Case status. | 0.39 |
| 5/14/2007 | Facsimile; Letter to Cesar Chavez. | 2.00 |
| 5/15/2007 | Facsimile; Expulsion Hearing to Cesar Chavez. | 4.00 |

Byron Flanagan                                                                                    Page     7

|  |  | Amount |
|---|---|---|
| 5/24/2007 | Facsimile; Letter to Cesar Chavez. | 2.00 |
| 5/30/2007 | Faxed letter of status of eval. to Chavez, OGC, OSE | 6.00 |
| 6/1/2007 | Faxed obs. letter to Cesar Chavez | 2.00 |
| 6/7/2007 | copied letter to parent | 0.75 |
|  | Postage;  Letter to parent. | 0.41 |
|  | Facsimile; Letter to Cesar Chavez. | 3.00 |
| 6/19/2007 | Faxed letter from Cesar Chavez/OGC/OSE | 9.00 |
| 6/20/2007 | Postage; Letter to parent. | 0.41 |
|  | copied letter to parent | 0.50 |
| 6/26/2007 | Faxed authorization form to OSE | 3.00 |
| 6/27/2007 | Faxed letter to Record Dept/Cesar Chavez | 12.00 |
| 6/28/2007 | copied letter to parent | 0.50 |
|  | Postage; Letter to parent. | 0.41 |
|  | Faxed letter of invitation to Cesar Chavez | 5.00 |
| 6/29/2007 | copied HR | 6.00 |
|  | Faxed HR to SHO | 7.00 |
|  | Faxed records and eval status to Cesar Chavez/OGC/OSE | 6.00 |
| 7/13/2007 | Postage; letter to parent | 0.41 |
|  | Faxed motion for default to SHO/OGC | 6.00 |
|  | Faxed letter of invitation to Cesar Chavez | 2.00 |
|  | copied letter to parent | 1.00 |
| 7/27/2007 | copied letter to parent | 0.50 |
|  | Postage; letter to parent | 0.41 |
| 8/3/2007 | Faxed letter regarding cancelled mtg to Cesar Chavez | 2.00 |
| 8/23/2007 | Faxes; motion to recuse | 12.76 |

Byron Flanagan                                                                                    Page     8

|  |  | Amount |
|---|---|---|
| 8/23/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | copied disclosures | 53.00 |
| 8/24/2007 | Postage; ltr | 0.41 |
|  | copied letter to parent | 0.50 |
| 8/28/2007 | Faxes; ltr to sho | 22.00 |
| 8/30/2007 | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $352.91 |
|  | Total amount of this bill | $16,568.76 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 2.26 | 130.00 | $293.80 |
| Clarence S. Hayes, Paralegal | 13.00 | 130.00 | $1,690.00 |
| Diane Crews-Pinkney, Advocate | 19.99 | 185.00 | $3,698.15 |
| Jani S. Tillery, Attorney | 26.69 | 365.00 | $9,741.85 |
| Roxanne Neloms, Attorney | 2.17 | 365.00 | $792.05 |

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student:  _Byron Flanagan_ Date of Birth: _May 2, 1993_

Address:  _3672 Hayes Street, Apt 102, NE., Washington D.C. 20019_

Present School of Attendance:  __Cesar Chavez Public Charter School__

Parent/Guardian of the Student:   Ms. Tamara Flanagan

**B.    Legal Representative/Attorney (if applicable):**

Name:       Jani S. Tillery, Esq.

Address:       1220 L Street, NW, Suite 700, Washington, DC 20005

Phone: (w)  202-742-2000  (Fax)  202-742-2097   (e-mail) _____

Will attorney / legal representative attend the resolution session?      **X** Yes          ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.    Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

**F.    Facts and Reasons for the Complaint:**

### I.  Background Information

1.  The student's name is Byron Flanagan (hereinafter "Student" or "B.F.").

2.  The student's date of birth is May 2, 1993.

3.  The student's address is 3672 Hayes Street, NE, Apt 102 Washington, D.C.  20019

4.  The student currently attends Cesar Chavez Public Charter School in the District of Columbia.

5.  The student is not currently receiving specialized services.

6.  The student was below level in all his advisories and ultimately retained in 5th grade in 2003-2004 year.

7.  During the student's second time in 5th grade he received special education services based on an IEP. However, he was still below level in reading on his 5th grade report card for the 2004-2005 school year.

8.  On May 26, 2005, a Teacher Assistance Team Referral Form (TAT) was conducted. In that meeting it was determined that B.F. had met all his objective set forth in his IEP and therefore special education services were not needed. The team determined that B.F. "could benefit from counseling during his transition into regular education setting…"

9.  The student received poor grades in 6th grade specifically, receiving failing grades in mathematics and reading. In addition the student exhibited poor behavior in class. It should be noted that the teachers' comments stated that he is frequently out of his seat, and has disruptive behavior in class.

10. According to B.F's suspension notices, on February 2, 2006, the student was suspended until February 6, 2006.

11. According to B.F. suspension notices, on February 7, 2006, the student was suspended until February 12, 2006.

12. The student was retained in 6th grade for the 2006-2007 school year.

13. On April 30, 2007, the school proposed expulsion for B.F. for carrying a knife to school, however he was not expelled.

14. The student has been retained again for the 2007-2008 school year.

## II. Issues presented.

**DCPS failed to identify the student as a student eligible for special education pursuant to the "child find" provisions of IDEIA.**

Pursuant to 34 C.F.R. § 300.111, DCPS as the local and state education agency,

shall ensure all children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the State, and children with disabilities attending private schools, regardless of the severity of their disability, and who are in need of special education and related services, are identified, located and, evaluated.

The child find obligation is affirmative, and DCPS is not relieved of its duty by the parents' failure to request an identification or evaluation. *Lincoln County Sch. Dist.* *.A .A.*, 39 IDELR 185 (D.Or. 2003). *Wise vs. Ohio Dept of Education*, 80 F.3d. 177, 181 (6th Cir. 1996); *Robertson County School System vs. King*, 24 IDELR 1036 (6th Cir. 1996) (affirmative obligation on states and local school districts—not parents-to identify, locate and evaluate all children, including migrants and the homeless, with disabilities residing within the jurisdiction who have disabilities and are in need of special education or related services.) DCPS' unawareness of a student's possible disability and need for special education likewise will not relieve it of its obligation, if it should have suspected the student might have such a disability. *Reid vs. District of Columbia*, 310 F. Supp 2d 137 (D.D.C. 2004); 30 DCMR Sec. 3004.1(a) (child with a suspected disability to be referred to IEP team by school staff.) The regulation at 34 C.F.R. 300.111 restate the statutory requirement and make it applicable to all children who are "suspected of being a child with a disability under Section 300.8 and in need of special education, even though they are advancing from grade to grade." The IDEIA's sweeping child find requirement applies to all children residing in the District of Columbia regardless of:

(a) The severity of the disability.
(b) Whether the child is in the custody or under the jurisdiction of any public or private agency or institution.
(c) Whether the child has never attended or will  never attend public school;
(d) Whether the District of Columbia serves infants and toddlers under Part C or preschool children under Part B.

Here, DCPS failed to comply with its **affirmative obligation** to identify, locate and evaluate the student pursuant to the "child find" requirements of IDEIA.    As a result of the failure to timely evaluate this student continues to struggle academically and student has been denied a Free and Appropriate Public Education ("FAPE"). See *School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts*, 471 U.S. 359 (1985); *Diatta v. District of Columbia* 319 F. Supp.2d 57, 65 D.D.C. *2004 Kerkam I*, 862 F.2d 84 (D.C. Cir. 1991).

In this case, the student has been retained in the 5th grade and now twice in the 6th grade. Although he has been suspended several times, almost expelled and received failing grades this entire school year, DCPS has failed to comply with the "child find" statute. As a result, the student continues to be denied a Free and Appropriate Public Education.

### III.    Relief Sought.

1. A finding that DCPS failed to comply with its child find obligations and determine the student's eligibility for special education and its related services, thereby resulting in a denial of FAPE to this student.

2. DCPS shall fund an independent psycho-educational, clinical psychological, social history, and functional behavior assessment and any other assessments recommended by the evaluators.

3. DCPS shall within ten (10) business days of receipt of the last evaluation, convene an MDT meeting to review the evaluations, determine eligibility and if eligible, develop an appropriate IEP consistent with the evaluations, determine an appropriate placement for the student where the IEP may be implemented, and discuss developing a compensatory education plan if warranted.

4. That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child.

5. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

6. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through Jani S. Tillery, Esq., via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.


7. In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

8. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

9. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

10. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

11. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint.  The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

12. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

13. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties.  Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line.  DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement.  Such issue will be raised at the hearing with or without an amended hearing request.

14. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that the student's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

15. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.    <u>Accommodations and Assistance Needed:</u>

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    <u>Signature:</u>

_____        6-2(-0)
Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

# Exhibit Q

# Invoices Denied

## James E. Brown & Associates, PLLC

| OGC Control | Date Received | Student First Name | Student Last Name | HOD Date | Type of Invoice | Attorney Invoice | Invoiced Amount | Date Process | Denial Reason | Prior HOD |
|---|---|---|---|---|---|---|---|---|---|---|
| 7285 | 7/31/2007 | Cole | | 7/16/2007 | HOD | 07-218 | $7,008.23 | 8/16/2007 | No Substantive Relief | |
| 7287 | 7/31/2007 | Davis | | 7/16/2007 | HOD | 07-220 | $6,421.16 | 8/16/2007 | No Substantive Change from Prior HOD | 9/7/2006 |
| 7291 | 7/31/2007 | Hickson | | 7/12/2007 | HOD | 07-224 | $5,435.11 | 8/16/2007 | No Substantive Change from Prior HOD | 3/20/2007 |
| 7293 | 7/31/2007 | Lawson | | 7/12/2007 | HOD | 07-226 | $12,401.92 | 8/16/2007 | No Prevailing Party | |
| 7294 | 7/31/2007 | Lee | | 7/9/2007 | HOD | 07-227 | $18,201.88 | 8/16/2007 | No Substantive Relief | |
| 7298 | 7/31/2007 | Porter | | 7/18/2007 | HOD | 07-231 | $2,000.38 | 8/16/2007 | No Substantive Change from Prior HOD | 8/10/2006 |
| 7311 | 7/31/2007 | Elvis | | 7/26/2007 | HOD | 07-244 | $10,179.71 | 8/16/2007 | No FAPE Denial | |

# Invoices Denied

## James E. Brown & Associates, PLLC

| OGC Control | Date Received | Student First Name | Student Last Name | HOD Date | Type of Invoice | Attorney Invoice | Invoiced Amount | Date Processe | Denial Reason | Prior HOD |
|---|---|---|---|---|---|---|---|---|---|---|
| 7356 | 8/16/2007 | | Matuz | 7/31/2007 | HOD | 07-264 | $6,288.88 | | No FAPE Denial | |
| 7357 | 8/16/2007 | | Rowe | 8/5/2007 | HOD | 07-265 | $20,734.34 | | No FAPE Denial | |
| 7534 | 9/17/2007 | | Johnson | 8/31/2007 | HOD | 07-297 | $10,804.24 | | No FAPE Denial | |
| 7525 | 9/17/2007 | | Martin | 8/30/2007 | HOD | 07-298 | $9,276.59 | | No FAPE Denial | |
| 7526 | 9/17/2007 | | Peterson | 9/4/2007 | HOD | 07-299 | $11,264.09 | | No FAPE Denial | |
| 7539 | 9/17/2007 | | Yancey | 8/31/2007 | HOD | 07-302 | $6,126.52 | | No Substantive Change from Prior HOD | 5/31/2007 |
| 7532 | 9/17/2007 | | Williams | 9/13/2007 | HOD | 07-305 | $4,598.20 | | No Substantive Change from Prior HOD | 6/28/2007 |
| 7533 | 9/17/2007 | | Williams | 9/9/2007 | HOD | 07-306 | $6,175.58 | | No FAPE Denial | |
| 7534 | 9/17/2007 | Flanagan | | 9/11/2007 | HOD | 07-307 | $16,568.76 | | No FAPE Denial | |

# Cole Attorney Fee Suit

| Name | Invoice No. | Date Submitted | Total |
|------|-------------|----------------|-------|
| Cole, D. | 07-218 | 7/31/2007 | $7,008.23 |
| Davis, J. | 07-220 | 7/31/2007 | $6,421.16 |
| Hickson, L | 07-224 | 7/31/2007 | $5,435.11 |
| Lawson, S. | 07-226 | 7/31/2007 | $12,401.92 |
| Lee, T. | 07-227 | 7/31/2007 | $18,201.88 |
| Porter, B. | 07-231 | 7/31/2007 | $2,000.38 |
| Elvis, D. | 07-244 | 7/31/2007 | $10,179.71 |
| Mafuz, R. | 07-264 | 8/16/2007 | $6,288.88 |
| Rowe, V. | 07-265 | 8/16/2007 | $20,734.34 |
| Johnson, A. | 07-297 | 9/17/2007 | $10,804.24 |
| Martin, K. | 07-298 | 9/17/2007 | $9,276.59 |
| Peterson, R. | 07-299 | 9/17/2007 | $11,264.09 |
| Yancey, K. | 07-302 | 9/17/2007 | $6,126.52 |
| Williams, K. | 07-305 | 9/17/2007 | $4,598.20 |
| Williams, D. | 07-306 | 9/17/2007 | $6,175.58 |
| Flanagan, B. | 07-307 | 9/17/2007 | $16,568.76 |
| **Total** | | | **$153,485.59** |

# Cole Attorney Fee Suit

| Name | Invoice No. | Date Submitted | Total |
|------|-------------|----------------|-------|
| Cole, D. | 07-218 | 7/31/2007 | $7,008.23 |
| Davis, J. | 07-220 | 7/31/2007 | $6,421.16 |
| Hickson, L | 07-224 | 7/31/2007 | $5,435.11 |
| Lawson, S. | 07-226 | 7/31/2007 | $12,401.92 |
| Lee, T. | 07-227 | 7/31/2007 | $18,201.88 |
| Porter, B. | 07-231 | 7/31/2007 | $2,000.38 |
| Elvis, D. | 07-244 | 7/31/2007 | $10,179.71 |
| Mafuz, R. | 07-264 | 8/16/2007 | $6,288.88 |
| Rowe, V. | 07-265 | 8/16/2007 | $20,734.34 |
| Johnson, A. | 07-297 | 9/17/2007 | $10,804.24 |
| Martin, K. | 07-298 | 9/17/2007 | $9,276.59 |
| Peterson, R. | 07-299 | 9/17/2007 | $11,264.09 |
| Yancey, K. | 07-302 | 9/17/2007 | $6,126.52 |
| Williams, K. | 07-305 | 9/17/2007 | $4,598.20 |
| Williams, D. | 07-306 | 9/17/2007 | $6,175.58 |
| Flanagan, B. | 07-307 | 9/17/2007 | $16,568.76 |
| **Total** | | | **$153,485.59** |

# Exhibit A



**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                          James Brown & Assoc., PLLC
    Attorney:                          James Brown
    Federal Tax ID No:                 52-1500760
    D.C. Bar No:                       61622

2.  Student Information
    Name:                              Cole, Deon
    DOB:                               9/12/95
    Date Hearing Request Filed:        5/4/07
    Date(s) of Hearing:                7/5/07
    Date of Determination (HOD/SA)     7/16/07
    Parent/Guardian Name:              Marie Cole
    Parent/Guardian Address:           1200 N. Capitol St., NW, #104
                                       Washington, DC 20002

3.  Invoice Information
    Invoice Number:                    07-218
    Date Request Submitted:            7/30/07
    Date(s) of Services Rendered:      4/18/07 to 7/5/07
    Attorney Hourly Rate:              $    365.00
    Total Attorney Fees:               $  5,436.75
    Total Attorney Costs:              $    307.93
    Total Experts:                     $  1,263.55
    Total Invoice:                     $  7,008.23

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    *   All services listed on the enclosed invoices were actually performed;
    *   The entire amount requested on the enclosed invoice for payment of costs and expenses represents
        the actual amount of costs and expenses incurred;
    *   The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
        and expenses itemized on the enclosed invoice is requested;
    *   No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
        benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
        interest, either through an attorney, officer, or employee of the firm, in any special education
        diagnostic services, schools, or other special education service providers;
    *   I understand that the making of a false statement to an agency of the D.C. Government is
        punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _signature_                    7/30/07
    Signature                          Date

                                                        Revised Nov 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division
### For Special Education Programs
Van Ness Elementary School
1150 5th St., S.E., Washington, D.C. 20003
Phone: (202) 698-3819
Facsimile: (202) 442-5556

## CONFIDENTIAL

| | | |
|---|---|---|
| In Re the Matter of | ) | |
| | ) | |
| Deon Cole, ("Student") | ) | |
| Date of Birth: September 12, 1995 | ) | **DATE OF HEARING:** |
| | ) | **July 5, 2007** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | **MOTION FOR DEFAULT** |
| v. | ) | **JUDGEMENT** |
| | ) | |
| The District of Columbia Public Schools | ) | |
| 825 North Capitol Street, N.W. | ) | |
| Washington, D.C. 20002 | ) | |
| (DCPS" or "District") | ) | |
| | ) | **Attending School:** |
| Respondent | ) | **McFarland Middle School** |
| | ) | |

## FINAL DECISION

| | |
|---|---|
| **Hearing Officer:** | **Attorney Ramona Justice-Pegues** |
| | |
| **Counsel for Parent/Student:** | **Attorney Domiento Hill**<br>1220 L Street, N.W., Suite 700<br>Washington, D.C. 20005 |
| | |
| **Counsel for DCPS:** | **Attorney Tiffany Puckett**<br>**DCPS**<br>**Office of the Superintendent**<br>**Office of the General Counsel**<br>**825 North Capitol St., N.E.**<br>**9th Floor**<br>**Washington, D.C. 20002** |

1

**INDEX**

**Deon Cole** v. **DCPS**
Hearing Officer:  Attorney Ramona Justice-Pegues
Hearing Date:  July 5, 2007

**Appearing on behalf of the Petitioner:**

    1.  Attorney Domiento Hill
    2.  Kevin Carter, Education Advocate

**Appearing on behalf of the Respondent:**

    1.  Attorney Advisor, Tiffany Puckett

# I. INTRODUCTION

On May 4, 2007, Counsel, on behalf of the parent, Narie Cole, filed a due process complaint on behalf of the student, Deon Cole, alleging that D.C. Public Schools, denied the student a Free and Appropriate Public Education (FAPE), by failing to place the student in an appropriate special education program, in accordance with 34 C.F.R., Section 300.116 of the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA).

A due process hearing was held in this matter, on July 5, 2007, at 1:00 p.m., at Van Ness Elementary School, located at 1150 5th Street, S.E., Washington, D.C. 20003, pursuant to The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA). On June 27, 2007, Petitioner filed a Motion for Default Judgment, alleging DCPS failed to respond to the complaint.

# II. JURISDICTION

The due process hearing was held, and a decision rendered in the above-captioned matter, pursuant to the Individuals with Disabilities Education Act (IDEA), Public Law 101-476), reauthorized as the *Individuals with Disabilities Education Improvement Act of 2004 (IDEIA), Public Law 108-446*; and their current regulations, specifically at *Title 34 of the Code of Federal Regulations, Part 300*; the *Rules of the Board of Education of the District of Columbia*; the *D.C. Appropriations Act*, Section 145, effective October 21, 1998; and the *District of Columbia Municipal Regulations*, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

# III. DUE PROCESS RIGHTS

Counsel for Petitioner waived a formal reading of her due process rights.

# IV. ISSUES

The issue raised in the complaint is as follows:

Whether DCPS denied the student a Free and Appropriate Public Education (FAPE), by failing to place the student in an appropriate special education program, in violation of 34 C.F.R. Section 300.116, of the Individuals with Disabilities Education Improvement Act of 2004 (IDEA)?

## V.  PRELIMINARY ISSUES

On June 27, 2007, Petitioner's Counsel, filed a Motion for Default Judgment, alleging that the District of Columbia Public Schools (hereinafter referred to as "DCPS"), failed to issue a prior written notice or file a response to the complaint filed on May 4, 2007, in violation of 34 C.F.R. Section 300.508(e).  This Motion was reentered on the record.

As a preliminary matter, the Hearing Examiner heard arguments from both parties, on the Motion for Default Judgment.

DCPS argued that the Motion for Default Judgment should be denied, on the grounds that responses to complaints should not be treated as an Answer to a complaint; IDEIA provides no remedy for a failure to respond to a complaint; the Hearing Officer has authority to make decisions regarding alleged denial of FAPE, and failure to respond to a complaint is not a denial of FAPE.  DCPS also argued that the hearing should proceed on the merits because the student is not in immediate need of placement, because Extended School Year (ESY) services were not included in the student's recent IEP, and is at his residence, for the summer.

Petitioner responded that the student is in summer school, because of poor academics, during the school year; and the purpose of the burden of proof shifting to the school, is to level the playing field, by requiring DCPS to respond to the complaint.

The Hearing Officer granted Petitioner's the Motion for Default Judgment, ordering interim relief; and denying DCPS's request to proceed with the hearing, on the merits of the complaint.

## VI. DISCLOSURES

**On behalf of Petitioner:**

DC-1-DC-14

**On behalf of DCPS:**

None.

## VII.    FINDINGS OF FACT

1.  Petitioner, a resident of the District of Columbia, is a 12 year old student, attending MacFarland Middle School. The school offers special education instruction and related services, for students in the District of Columbia.

2.  On May 4, 2007, the Complainant, by and through her attorney, filed an administrative due process complaint notice, alleging that DCPS denied the student a Free and Appropriate Public Education by failing to place the student in an appropriate special education program, in accordance with 34 C.F.R., Section 300.116 of the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA).

3.  As of the date of this hearing, DCPS failed to convene an MDT meeting, or issue parent, a Prior Written Notice, or a response to the complained filed on May 4, 2007, as required by 34 C.F.R. Section 300.508(e) and (f), and the Individuals with Disabilities Education Improvement Act of 2004.

## VIII.   DISCUSSION AND CONCLUSIONS OF LAW

### Motion for Default Judgment

**34 C.F.R. Section 300.508 (e) provides, in pertinent part:**

(1)  If the Local Education Agency (LEA) has not sent a prior written notice under Section 300.503 to the parent regarding the subject matter contained in the parent's due process complaint, the LEA *must*, within ten (10) days of receiving the due process complaint, send to the parent a response that includes---

(i)     An explanation of why the agency proposed or refused to take the action raised in the due process complaint;

(ii)    A description of other options that the IEP Team considered and the reasons why those options were rejected;

(iii)   A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and

(iv)    A description of the other factors that are relevant to the agency's proposed or refused action.

Furthermore, **34 C.F.R. Section 300.508(f)** provides:

"Except as provided in paragraph (e) of this section, the party receiving a due process complaint must, within 10 days of receiving the due process complaint, send to the other party a response that specifically addresses the issues raised in the due process complaint."

According to **Rule 55(a) of the Federal Rules of Civil Procedure**, a motion for default judgment is appropriate:

(a) "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk or the court *shall* enter the party's default."

The Notice of Complaint was filed in this matter, on May 4, 2007. According to 34 C.F.R. Section 300.508(e), DCPS was required to file a *prior written notice or written response* to the complaint, by May 14, 2007. As of the date of this hearing, DCPS failed to issue a prior written notice or a response, specifically addressing the issues raised in the complaint, within 10 days of receiving the due process complaint, in violation of 34 C.F.R. Section 300.508(e), and as required by the Individuals with Disabilities Education Improvement Act of 2004.

*__Massey, et al., v. District of Columbia__* also provides that DCPS' failure to respond in a manner explicitly required by the statute failed to satisfy the statutory requirement of a written response.

Relief on behalf of Petitioner is also warranted, pursuant to 20 U.S.C. 1400(d)(1)(B), which requires that the Hearing Officer "ensure that the rights of children with disabilities and parents of such children are protected".

Based on the aforementioned, an entry of default is appropriate in this matter, and Petitioner's Motion for Default Judgment is **GRANTED**, due to DCPS's failure to issue a prior written notice *or* file a response to the complaint, in accordance with 34 C.F.R. Section 300.508(e) and (f), and the Individuals with Disabilities Education Improvement Act of 2004.

## IX. ORDER

Based upon the foregoing, the following interim relief is **ORDERD**:

1. Within fifteen (15) business days of the hearing, DCPS shall convene and hold an MDT/Placement meeting, consisting of qualified professionals, to discuss and determine whether McFarland Middle School is an appropriate placement. If it is determined that McFarland Middle School is not an appropriate placement, and a change in placement is necessary, identify an appropriate placement, no later than August 15, 2007, and issue a Prior Notice of Placement to the parent, no later than August 17, 2007.

2. All meetings shall be scheduled through counsel for the parent; and DCPS shall be provided day for day, for any delay or unavailability caused by the parent, advocate, or student.

3. The Hearing Officer retains jurisdiction in this matter, requesting that the parties submit status memorandums, to her attention, no later than August 17, 2007. The status memorandums shall include at a minimum, the results of the MDT/Placement meeting, the determination regarding the student's placement, the basis for said finding, documentation supporting the finding, dates for placement, and any modification to the student's IEP.

## X. APPEAL PROCESS

This is the **FINAL AMINISTRATIVE DECISION**.  Appeals may be made to a court of competent jurisdiction within ninety (90) days from the date this decision was issued.


_____          Date Filed:  ___7-16-07___
Attorney Ramona Justice-Pegues
Hearing Officer


Date Issued:  ___7\|6\|07_____

7

# District of Columbia Public Schools
## State Enforcement and Investigation Division
### For Special Education Programs
Van Ness Elementary School
1150 5th St., S.E., Washington, D.C. 20003
Phone: (202) 698-3819
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In Re the Matter of | ) | |
| | ) | |
| Deon Clay ("Student"), | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| | ) | **HEARING** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The District of Columbia Public Schools | ) | |
| | ) | |
| Respondent. | ) | |

---

The Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S/C. Section 1400 et seq.

Case Information:        Hearing Request Date: May 4, 2007
                         Hearing Dates: July 5, 2007
                         Place of Hearing: Van Ness Elementary School
                                          1150 5th Street, S.E., Washington, D.C.
                         Student's Birth Date: September 12, 1995
                         Attending School: MacFarland Middle School

## CERTIFICATION OF CASE RECORD SUBMITTAL

I, Attorney Ramona Justice-Pegues, Impartial Due Process Hearing Officer in the above-captioned matter, do hereby certify that on July 16, 2007, I returned the entire record to the Student Hearing Office, consisting of the following:

   a.   Documents and tangible things submitted to the Hearing Officer
        During the hearing, whether or not formally admitted into evidence,
        Along with an index of exhibits admitted;

   b.   Correspondence and pleadings filed with the Student Hearing Office
        (exhibits, letters, pleadings, files or orders); and

   c.   Interim Orders and the Hearing Officer's Determination.

I further certify that the materials included in the Student Hearing Office (SHO) file for this student represent the original documents, submitted by the parties in this matter, and provided to the Hearing Officer by the SHO in preparation for the hearing.

Executed this 16th day of _July_, 2007.

8

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: July 16, 2007


To:  D. Hill


Re:  Cole, Deon


Total Number of Pages Including Cover: 9


**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the
use of the individual or entity named above.  If you are not the intended recipient, you are hereby
notified that any disclosure, copying, distribution or the taking of any action in reliance on the
content of this true copy is strictly prohibited.**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Deon Cole
DOB: 9/12/95



July 26, 2007

In Reference To:   Deon Cole
                   DOB: 9/12/95

Invoice #12671


        Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/18/2007 | DH | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
| 4/19/2007 | BC | Drafted letter to parent, prepared file jacket, disseminated information to various members of the legal team. | 0.58 130.00/hr | 75.40 |
| 4/23/2007 | KD | Drafted letter requesting records to MacFarland Middle School/faxed copy of Rqst to the OSE and Office of Mediation and Compliance with copy of General Authorization Form/filed confirmations in case file and added to case notes | 0.33 115.00/hr | 37.95 |
| | KD | Requested reevaluations to MacFarland Middle School/faxed copy of Rqst to the OSE and Office of Mediation and Compliance with copy of Consent Form/filed confirmations in case file and added to case notes | 0.33 115.00/hr | 37.95 |
| | KD | Drafted letter to parent/enclosed copy of Records Rqst and Re-eval Rqst to MacFarland MS/copy to file/added to case notes | 0.33 115.00/hr | 37.95 |
| 5/3/2007 | DD | Reviewed the students file | 1.00 185.00/hr | 185.00 |
| | DD | Attended MDT/IEP and conduct observation at the student's current school. | 3.83 185.00/hr | 708.55 |
| 5/4/2007 | DH | Discussion with the parent and the educational advocate regarding the advocate's recent observation of the student and DCPS informing the educational advocate that the student's current placement was not appropriate, conduct educational research, draft and file administrative due process complaint notice alleging DCPS denied the student a FAPE by failing to provide the student an appropriate placement. | 2.50 365.00/hr | 912.50 |

Deon Cole                                                                                              Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/4/2007 | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| 5/7/2007 | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 5/24/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 5-16-07 Ltr to MacFarland MS with mtng dates/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 6/19/2007 | KD | Drafted letter to parent/enclosed copy of Hearing Notice with DCPS' Notice re new location/copy to advc and file/added to case notes | 0.25 115.00/hr | 28.75 |
| 6/27/2007 | KD | Prepared and sent placement package to Rock Creek Academy (includes reviewing case file, pulling current IEP and evaluations, and Consent Form; and making copies of same) re-filed original docs in case file and added to case notes | 0.58 115.00/hr | 66.70 |
|  | KD | Prepared and sent placement package to SunRise Academy (includes reviewing case file, pulling current IEP and evaluations, and Consent Form; and making copies of same) re-filed original docs in case file and added to case notes | 0.42 115.00/hr | 48.30 |
|  | KD | Drafted letter to parent/enclosed copy of Plcmnt Ref Ltrs to RCA, Accotink, and SunRise/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
|  | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.00 115.00/hr | 115.00 |
|  | DH | Draft and send letter to DCPS regarding the status of the student's reevaluations. | 0.25 365.00/hr | 91.25 |
|  | DH | Draft and file motion for default judgment. | 0.25 365.00/hr | 91.25 |
|  | DH | Review the student's educational file, prepare and give five-day disclosures to the paralegal to complete for the student's upcoming administrative due process hearing. | 0.75 365.00/hr | 273.75 |
|  | KD | Prepared and sent placement package to Accotink Academy (includes reviewing case file, pulling current IEP and evaluations, and Consent Form; and making copies of same) re-filed original docs in case file and added to case notes | 0.42 115.00/hr | 48.30 |
| 7/4/2007 | DH | Prepare for the student's administrative due process hearing by reviewing the student's educational file, reviewing the parent's and DCPS' five-day disclosures, conducting educational research regarding the issues in the parent's complaint such as DCPS' failure to comply with the MDT Team's request that the student be reevaluated and DCPS' failure to comply with the parent's request for an educational evaluation, prepare questions for direct examination of the parent and educational advocate, prepare | 3.00 365.00/hr | 1,095.00 |

Deon Cole

| | | Hrs/Rate | Amount |
|---|---|---|---|

| | | questions for possible cross examination of DCPS witnesses, prepare opening and closing statements, and discussion with the parent and educational advocate regarding their upcoming testimony for the due process hearing. | | |
|---|---|---|---|---|
| 7/5/2007 | KC | Appearance at Van Ness ES for due process hearing | 1.00<br>185.00/hr | 185.00 |
| | DH | Receive Letter of Invitation from DCPS, discussion with the parent regarding possible dates and times to reconvene, draft and send letter to DCPS responding to Letter of Invitation. | 0.33<br>365.00/hr | 120.45 |
| | DH | Conduct last minute preparation for the student's administrative due process hearing by reviewing the student's educational file, conduct final review of the parent's and DCPS' five-day disclosures, conducting last minute educational research regarding the issues in the parent's complaint such as DCPS' failure to comply with the MDT Team's request that the student be reevaluated and DCPS' failure to comply with the parent's request for an educational evaluation, review questions for direct examination of the parent and educational advocate, review questions for possible cross examination of DCPS witnesses, review opening and closing statements, and discussion with the parent and educational advocate regarding their upcoming testimony for the due process hearing and appearance at the student's administrative due process hearing. | 4.00<br>365.00/hr | 1,460.00 |
| | KC | Reviewed the students file for hearing | 1.00<br>185.00/hr | 185.00 |
| | | For professional services rendered | 25.22 | $6,700.30 |
| | | Additional Charges : | | |
| 4/18/2007 | | copied; intake documents | | 3.00 |
| 4/19/2007 | | Copied documents for advocate and file | | 0.50 |
| | | Copied documents | | 0.50 |
| | | Postage; letter to parent | | 0.39 |
| 4/23/2007 | | Postage; Records and re-evaluations request to MacFarland MS. | | 0.63 |
| | | Facsimile; Records and reevaluations request to MacFarland MS. | | 6.00 |
| | | Facsimile; Records and reevaluations request to OSE and OMC. | | 18.00 |
| | | copied letter to parent re: records and reevals. request | | 2.75 |
| 5/4/2007 | | copied HR | | 7.00 |

Deon Cole                                                                                    Page     4

|  |  | Amount |
|---|---|---|
| 5/4/2007 | Facsimile; HR to SHO. | 8.00 |
| 5/7/2007 | copied letter to parent re: HR | 2.25 |
|  | Postage; Letter to parent. | 0.63 |
| 5/24/2007 | copied atty's 5/16/07 letter and letter to parent | 1.25 |
|  | Postage; Letter to parent re: attorney's letter. | 0.41 |
| 6/19/2007 | Postage; Letter to parent. | 0.41 |
|  | Copied; Letter for parent re: HN | 0.50 |
| 6/27/2007 | copied evaluation reports for placement referrals | 4.50 |
|  | copied letter to parent re: placement referrals | 1.75 |
|  | copied disclosures | 35.00 |
|  | Postage; Letter to parent re: placement. | 0.58 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Faxed placement referral package to Accotink/SunRise/RCA | 72.00 |
| 7/5/2007 | Transportation service to and from  Van Ness ES for hearing | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Rec'd faxed HOD from SHO | 9.00 |
|  | Total additional charges | $307.93 |
|  | Total amount of this bill | $7,008.23 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.58 | 130.00 | $75.40 |
| Domiento Hill, Attorney | 12.58 | 365.00 | $4,591.70 |
| Donte Davis, Advocate | 4.83 | 185.00 | $893.55 |
| James E. Brown, Attorney | 0.58 | 405.00 | $234.90 |
| Kelly Dau, Paralegal | 4.65 | 115.00 | $534.75 |
| Kevin Carter, Advocate | 2.00 | 185.00 | $370.00 |



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    <u>INFORMATION ABOUT THE STUDENT:</u>

Name of the Student: <u>Deon Cole</u> Date of Birth: <u>September 12, 1995</u>

Address: <u>1200 North Capitol Street, NW #C104, Washington, DC 20002</u>

Present School of Attendance: <u>McFarland Middle School</u>

Parent/Guardian of the Student: ___ Ms. Marie Cole __

**B.    Legal Representative/Attorney (if applicable):**

Name: __ Domiento C.R. Hill, Esq. ___

Address: ____ 1220 L Street, NW, Suite 700, Washington, DC 20005 ____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.    Complaint Made Against (check all that apply):**

**X DCPS**

☐ Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐ Non-public    school    or    residential    treatment    facility    (name) _____

☐ Parent

**D.    Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.    Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.    Facts and Reasons for the Complaint:**

**I.    Nature of the Problem.**

1.  The student's name is Deon Cole (hereinafter "D.C." or "student").

2.  The student's date of birth is September 12, 1995.

3.  The student's address is 1200 North Capitol Street, NW #C104, Washington, DC 20002.

4.  Marie Cole is the parent of D.C. (hereinafter "Parent" or "Complainant").

5.  The parent and the student reside at the same address.

6.  The student currently attends McFarland Middle School.

2

7. The student's home school is Walker Jones Educational Center.

8. The student is eligible to receive special education and its related services as a result of his emotional disturbed.

9. The student's most recent IEP was developed on March 20, 2007. See IEP dated March 20, 2007.

10. According to the March 20, 2007 IEP, the student was to be in a 100% full-time special education setting and required 100% out of general education setting. Id.

11. The student, according to his most recent Report Card issued on or about March 23rd, 2007, received all F's in his academic subjects.

12. On or about May 3rd, 2007, the parent's educational advocate went to McFarland Middle School to conduct an observation on the student.

13. Upon entering the school to conduct an observation the student was located in a stairwell assaulting another classmate.

14. The parent's educational advocate met with several staff members at McFarland Middle School including the student's teacher, the school's special education coordinator, and administrative staff. During the informal conference the school agreed that the student's placement at McFarland Middle School was inappropriate for the student. Specifically, the educational advocate was informed by the staff at the school that the student is disruptive to the classroom environment, often runs out of class and hangs out in the hallways, the student is aggressive towards other students and staff, and the student is in need of a new placement.

## II. Issue(s) Presented.

### A. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with 34 C.F.R. § 300.116 the Individuals with Disabilities Education Improvement Act (2004) and Place the Student in an Appropriate Special Education Program.

15. The parent re-alleges paragraphs 1-14.

16. According to 34 C.F.R. § 300.116 of the Individuals with Disabilities Education Improvement Act of 2004, DCPS, as the local and state education agency, is to make certain that the educational placement, for each child with a disability within its jurisdiction, is able to implement the student's Individualized Educational Program. See also D.C. MUN. REGS. tit. 5, § 30013 (2003). In the instant matter, it is clear DCPS failed to do this.

17. Here, the student is eligible to receive special education and its related services as a student with emotional disturbance. The student, according to his most recent IEP requires placement in a full-time, special educational program.

18. Further, the student, according to his IEP, is to be out of special education, 100% percent of the time and to receive no interaction with his non-disabled peers.

19. On May 4th, 2007, the parent's educational advocate went to the school to conduct an observation on the student. During the advocate's observation of the student, an informal conference was held with staff at the school regarding, among other things, the appropriateness of the student's placement.

20. Specifically, the student is not progressing academically or behaviorally while at the school. Further there was no disagreement among the persons at the meeting that the student's placement at McFarland Junior High School was not appropriate.

## II. Issues presented.

1. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Place the Student in an appropriate special education program.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS Failed to Comply with the Individuals with Disabilities Education Improvement Act (2004) and place the student in an appropriate special education program;

2. DCPS, on an interim basis, agrees to place the student at one of the following programs, the Foundations School of Maryland, the Sunrise Academy, the Accotink Academy or other appropriate program on behalf of the student;

3. DCPS, within thirty (30) calendar days after the student's enrollment at his new placement, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, and discuss and determine placement;

4. DCPS agrees to provide the student with compensatory education, in the form of one-on-one tutoring, 1 (1) year of compensatory education, for four (4) hours a week, which shall be incorporated into the student's IEP;

5. Provide the student with a due process hearing within 20 calendar days of a

request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

6. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

7. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

8. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

9. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq. via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

10. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

11. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C),

respond to the parent's request alleging any insufficiency of notice;

12. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

16. A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

**5. Signature:**

_____     5/4/07
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**

6

**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
                          *********************
                          ***   TX REPORT   ***
                          *********************


        TRANSMISSION OK

        TX/RX NO              0018
        RECIPIENT ADDRESS     92024425556
        DESTINATION ID
        ST. TIME             05/04 14:58
        TIME USE             01'05
        PAGES SENT              8
        RESULT               OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandezl

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Covington
Jani Tillery

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**To:**     Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  May 4, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** D. Cole

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 8

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# Exhibit B



**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:  James Brown & Assoc., PLLC
   Attorney:  James Brown
   Federal Tax ID No:  52-1500760
   D.C. Bar No:  61622

2. **Student Information**
   Name:  Davis, Jaquay
   DOB:  7/29/94
   Date Hearing Request Filed:  4/13/07
   Date(s) of Hearing:  6/14/07
   Date of Determination (HOD/SA):  7/16/07
   Parent/Guardian Name:  Linda Davis
   Parent/Guardian Address:  1350 Talbert Terrace SE
   Washington, DC 20020

3. **Invoice Information**
   Invoice Number:  07-220
   Date Request Submitted:  7/30/07
   Date(s) of Services Rendered:  8/21/06 to 7/10/07
   Attorney Hourly Rate:  $  365.00
   Total Attorney Fees:  $  5,467.70
   Total Attorney Costs:  $  398.46
   Total Experts:  $  555.00
   Total Invoice:  $  6,421.16

4. Certification (must be signed by principal attorney)

   I certify that all of the following statements are true and correct:

   • All services listed on the enclosed invoices were actually performed;
   • The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   • No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;

   I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _signature_                    7/30/07
   Signature                         Date

   *Revised Nov. 2004*

# District of Columbia Public Schools

## Office of Management Services

Tonya M. Butler-Truesdale, Due Process Hearing Officer

1150 5th Street, SE

Washington, D.C. 20003

(202) 518-6867

Facsimile: (202) 698-3825

## Confidential

| | | |
|---|---|---|
| JAQUAY DAVIS, STUDENT | ) | |
| | ) | |
| Date of Birth: July 29, 1994 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: June 14, 2007 |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Linda Davis |
| | 1350 Talbert Terrace, SE |
| | Washington, D.C. 20020 |
| | |
| **Counsel for Petitioner:** | Domiento C. R. Hill, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W. |
| | Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000; Fax: (202) 742-2098 |
| | |
| **Counsel for DCPS:** | Karen Herbert Jones, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

*In the Matter of J.D.*

### I.    JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to Public Law 108-446, the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.),* 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

### II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

### III.    FIVE-DAY DISCLOSURE

Petitioner: No witnesses were called to testify. Petitioner presented disclosures labeled JD1-JD13 were admitted by without objection.

Respondent; No witnesses were called to testify. Respondent presented a disclosure labeled as DCPS01.

### IV.    STATEMENT OF THE CASE

The Student Hearing Office of DCPS scheduled a Due Process Hearing for June 7, 2007 at 11:00am at 1150 5th Street, SE, Washington, DC 20003. The hearing convened as scheduled. Petitioner alleges that DCPS failed to comply with a September 7, 2006 Hearing Officer's Determination. Attorney Advisor Karen Herbert appeared in person for DCPS. Attorney Domiento Hill appeared in person on behalf of Petitioner.

### V.    FINDINGS OF FACT

1.    At the hearing counsel for DCPS responded that the Petitioner was not re-evaluated pursuant to the July 14, 2006 Hearing Officer's Determination because the school did not know where the Petitioner was.

No evidence was provided regarding any attempts to locate the Petitioner or to demonstrate why the school was unable to locate the Petitioner.

### VI.    CONCLUSIONS OF LAW

The failure to convene the MDT/IEP meeting within fifteen days of the receipt of the last evaluation was a denial of FAPE.

*In the Matter of J.D.*

### VII. ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 16th day of July 2007, it is hereby

**ORDERED,** that DCPS convene a MDT meeting to discuss the appropriate compensatory education for services missed as a result of the failure to comply with the September 7, 2006 Order requiring DCPS to convene a MDT meeting within fifteen business days of the last evaluation.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within thirty (30) days of this Order's issue date.**

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Date: July 16, 2007

Issued: 07|16|2007

Copies to:

Domiento C. R. Hill, Esquire

James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Karen Herbert, Esquire

3

*In the Matter of J.D.*

Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



### *FACSIMILE SHEET*

Date: July 16, 2007

To: D. Hill

Re: Davis, Jaquay

Total Number of Pages Including Cover: 5

**CONFIDENTIALITY NOTICE:** The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Davis, Jaquay

July 24, 2007

In Reference To:   Davis, Jaquay
Invoice #12659

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/21/2006 | CMM | Prepared and sent evaluation referral to Interdynamics, Inc. | 1.00 115.00/hr | 115.00 |
|  | CMM | Phone call to parent to discuss evaluations status | 0.25 115.00/hr | 28.75 |
|  | CMM | Drafted letter to parent with evaluation referral information | 0.58 115.00/hr | 66.70 |
| 9/21/2006 | DH | Receive and review the student's psycho-educational evaluation from Interdynamics. | 0.58 365.00/hr | 211.70 |
| 9/26/2006 | KD | Drafted letter to parent/enclosed copy of Psycho-Ed eval report/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 10/6/2006 | DH | Receive and review the student's clinical psychological evaluation, draft and send letter to DCPS providing a copy of all evaluations and request to reconvene the student's MDT/IEP Meeting. | 0.75 365.00/hr | 273.75 |
| 10/11/2006 | KD | Drafted letter to parent/enclosed copy of Atty's 10-5-06 Ltr to DCPS with Clinical Psych and Psycho-Ed evals/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 12/4/2006 | KD | Phone call to Interdynamics, Inc. to inquire status of requested evaluations Psych) /call to Atty Hill re call results | 0.08 115.00/hr | 9.20 |
| 12/8/2006 | DH | Draft and send letter to DCPS responding to student enrollment inquiry from DCPS. | 0.25 365.00/hr | 91.25 |

Davis, Jaquay                                                                                    Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/8/2006 DH | Receive and review the student's psychiatric evaluation, send to DCPS. | 0.58<br>365.00/hr | 211.70 |
| 1/23/2007 DH | Draft and send letter to DCPS responding to accusations that the student's MDT/IEP Meeting had yet to be reconvened. | 0.33<br>365.00/hr | 120.45 |
| 1/24/2007 KD | Drafted letter to parent/enclosed copy of Atty's 1-23-07 Ltr to DCPS re HR to be filed/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 3/2/2007 DH | Discussion with the mother regarding the student's case. | 0.17<br>365.00/hr | 62.05 |
| 3/6/2007 KD | Reviewed case file for independent clinical evaluation report and faxed to the parent per her telephone request/filed same in case file and added to case notes | 0.25<br>115.00/hr | 28.75 |
| KD | Phone call from parent requesting a copy of the Clinical Evaluation from Interdynamics | 0.08<br>115.00/hr | 9.20 |
| 3/8/2007 KD | Drafted letter to parent/enclosed copy of Atty's 3-3-07 Ltr to C.A.R.E. Ctr re enrollment at Kramer/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 3/29/2007 DH | Draft and send letter to DCPS regarding the knowledge of the parent's intent to home school the student. | 0.33<br>365.00/hr | 120.45 |
| 4/11/2007 KD | Drafted letter to parent/enclosed copy of Atty's 3-29-07 Ltr to DCPS re status of home-schooling/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 4/13/2007 DH | Review the student's educational file to determine compliance with the order of the impartial due process hearing officer, discussion with the parent and educational advocate to determine compliance, conduct educational research to determine remedies available to the parent, draft and file administrative due process complaint notice alleging DCPS denied the student FAPE by failing to do, inter alia, reconvene the student's MDT/IEP Meeting to review the student's evaluations. | 2.00<br>365.00/hr | 730.00 |
| JEB | Examined and certified hearing request filed by attorney | 0.58<br>405.00/hr | 234.90 |
| 4/16/2007 KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 6/1/2007 KD | Drafted letter to parent/enclosed copy of HN and DCPS' Notice re new location/copy to advc and file/added to case notes | 0.42<br>115.00/hr | 48.30 |
| 6/7/2007 KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.25<br>115.00/hr | 143.75 |

Davis, Jaquay                                                                                     Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/7/2007 | DH | Review the student's educational file to determine whether or not DCPS filed a response to the parent's complaint, conduct educational research, draft and file motion for default judgment. | 0.33 365.00/hr | 120.45 |
| | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing, give to paralegal fo her completion. | 1.00 365.00/hr | 365.00 |
| 6/14/2007 | DH | Conduct last minute educational research regarding the issues in the parent's complaint, conduct final review of the student's educational file and the parent's and DCPS' five-day disclosures, review questions for direct examination of the parent's witnesses, review questions for possible cross examination of DCPS' identified witnesses, review opening and closing statements, conduct witness preparation and appearance at the student's administrative due process hearing. | 4.00 365.00/hr | 1,460.00 |
| | DD | Reviewed the students file for upcoming hearing | 1.00 185.00/hr | 185.00 |
| | DD | Appearance at Van Ness ES for due process hearing | 2.00 185.00/hr | 370.00 |
| 6/16/2007 | DH | Review the student's educational file, prepare Petitioner's Proposed Findings of Fact and Conclusions of Law for the impartial due process hearing officer. | 2.00 365.00/hr | 730.00 |
| 7/10/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 7-9-07 Ltr to SHO rqstng transcript from hearing on 6-14-07/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |

| | | Hrs/Rate | Amount |
|---|---|---|---|
| For professional services rendered | | 22.30 | $6,022.70 |

Additional Charges :

| | Amount |
|---|---|
| 8/21/2006 Facsimile; Eval. referral for Interdynamics. | 35.00 |
| Facsimile; Disclosure for St. Johns Community. | 70.00 |
| Facsimile; Disclosure for St. Johns Community. | 53.00 |
| Postage; letter to parent | 0.39 |
| 8/22/2006 copied letter to parent | 0.50 |
| 9/26/2006 Postage; Psycho-ed eval to parent. | 0.87 |
| Copied; letter for parent and advocate re: Psycho-ed evaluation | 5.00 |
| 10/11/2006 copied; Letter for parent re: Attorney's letter. | 5.25 |

Davis, Jaquay                                                                                      Page    4

|  |  | Amount |
|---|---|---|
| 10/11/2006 | Postage; Letter to parent re: Attorney's letter and Clinical Psycho-ed evaluation. | 1.11 |
| 12/4/2006 | Received fax from OSE re: ltr | 3.00 |
| 12/8/2006 | Fax letter and eval. to OMC | 8.00 |
| 1/24/2007 | Postage; Letter to parent re: Attorney's letter. | 0.87 |
|  | Copied; Letter for parent and advocates re: Attorney's letter. | 3.75 |
| 3/6/2007 | Fax independent clinical eval. to Parent | 7.00 |
| 3/8/2007 | Copied; letter for parent and advocates re: attorney's letter. | 1.50 |
| 4/11/2007 | copied letter to parent | 1.00 |
|  | Postage: letter to parent re home schooling status | 0.39 |
| 4/13/2007 | Facsimile; HR to SHO. | 8.00 |
|  | copied HR | 7.00 |
| 4/16/2007 | copied letter to parent | 2.25 |
|  | Postage; HR-Complaint Notice to parent. | 0.63 |
| 6/1/2007 | copied letter to parent re: HN | 0.50 |
|  | Postage; Letter to parent re: HN | 0.41 |
| 6/7/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied; Disclosure for SHO and OGC. | 45.00 |
| 6/14/2007 | Transportation to and from Van Ness ES for hearing | 16.00 |
| 7/6/2007 | Faxed request for HOD to OGC/SHO | 4.00 |
| 7/10/2007 | postage; letter to SHO requesting hearing transcript | 0.41 |
|  | copied letter to SHO requesting hearing transcript | 0.75 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $398.46 |
|  | Total amount of this bill | $6,421.16 |

Davis, Jaquay

## User Summary

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Claudia M.Martinez, Paralegal | 1.83 | 115.00 | $210.45 |
| Domiento Hill, Attorney | 12.32 | 365.00 | $4,496.80 |
| Donte Davis, Advocate | 3.00 | 185.00 | $555.00 |
| James E. Brown, Attorney | 0.58 | 405.00 | $234.90 |
| Kelly Dau, Paralegal | 4.57 | 115.00 | $525.55 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS
# COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  <u>Jaquay Davis</u>  Date of Birth: <u>July 29, 1994</u>

Address: <u>1350 Talbert Terrace, S.E., Washington, DC 20020</u>

Present School of Attendance: <u>(Currently Being Home Schooled)</u>

Parent/Guardian of the Student:  ___Ms. Linda Davis___

**B.    Legal Representative/Attorney (if applicable):**

Name:  __Domiento C.R. Hill, Esq.___

Address:  _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_  (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

☐ Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐ Non-public    school    or    residential    treatment    facility    (name) _____

☐ Parent

**D.    Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.    Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.    Facts**

### A. DCPS Denied the Student with a Free and Appropriate Public Education – By Failing to Comply with the Confidential Hearing Officer's Decision and Order of July 14, 2006, and do, *Inter Alia*, Convene the Student's MDT/IEP Meeting within fifteen (15) business days upon receipt of the last of the evaluations.

An administrative due process hearing was held for the student on or about July 12, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter, on or about July 14, 2006, issued an impartial due process hearing officer's decision in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, complete or fund the parent's independent psycho-educational, clinical psychological, and psychiatric evaluations, in the event DCPS failed to conduct the student's comprehensive psychological and psychiatric evaluations within 30 calendar days of the issuance of the Order. See Order dated July 14, 2006. DCPS failed to conduct the assessment, thus the parent obtained the evaluations independently.

On or about October 5, 2006, counsel for the parent provided the DCPS Office of Mediation and Compliance, copies of the student's clinical psychological and psycho-educational evaluations. See Correspondence dated October 5, 2006.

Counsel for the parent, in that same letter, requested that DCPS convene the student's MDT/IEP Meeting pursuant to the Order of September 7, 2006. DCPS did not respond.

On or about November 30, 2006, counsel for the parent wrote the Executive Director for the DCPS Office of Compliance and Dispute Resolution informing her that DCPS had yet to make any attempts to reconvene the student's MDT/IEP Meeting, and as a result thereof, the parent intended to file a due process complaint notice. See Correspondence dated November 30, 2006. DCPS did not respond.

To date, the student's MDT/IEP Meeting has yet to be reconvened.

**B. The Student, as a result of DCPS' noncompliance with the most recent Consent Order issued on or about September 7, 2006, is Entitled to Receive Compensatory Education Services.**

According to the Blackman, et al., v. District of Columbia, et al., 2006 WL 2456413 (D.D.C), Consent Decree [there] exists a rebuttable presumption of harm for students denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs." As a result thereof, the Consent Decree establishes a right to those students to receive compensatory education. "Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the

inappropriate placement or denial of services, measured in weeks, months or even years. In <u>Manchester</u>, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, because DCPS failed to comply with several administrative orders and settlement agreements, the most recent one being issued on or about October 20, 2006, the student is entitled to receive compensatory education.

**C. DCPS Denied the Student a Free and Appropriate Public Education by Failing to Conduct the Student's Psychiatric Evaluation**.

DCPS, as the public agency, according to 34 C.F.R. § 300.304 of the IDEIA is to ensure that student's are evaluated in all areas of his or her suspected disabilities. In the instant matter, it is clear DCPS has failed to comply with the requirements of the statute.

Here, a clinical psychological evaluation was conducted on the student on or about September 25, 2006. In the clinical psychological it was recommended that the student receive a psychiatric evaluation. The parent, by and through counsel, on or about October 12, 2006, provided DCPS with a copy of the clinical psychological evaluation, along with the psycho-educational evaluations requesting that the student receive the recommended psychiatric evaluation. <u>See</u> Correspondence dated October 12, 2006. To date, DCPS has yet to conduct the recommended psychiatric evaluation. DCPS' failure to conduct the psychiatric evaluation amounts to a denial of a FAPE.

## II. Issues presented.

1. DCPS Failed to Comply with the September 7, 2006 Order of the impartial due process hearing officer;

2. The student, as a result of DCPS' noncompliance with several administrative orders and settlement agreements, the most recent one being issued on October 18, 2006, is entitled to compensatory education; and

3. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Complete the student's Psychiatric Evaluation.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1.    A finding that DCPS Failed to Comply with September 7, 2006, Order of the

impartial due process hearing officer;

2. A finding that the student is entitled to receive compensatory education services;

3. A finding that the student requires a psychiatric evaluation;

4. DCPS, for the remainder of the 2006-2007 school year, agrees to place and fund the student, with transportation, at the High Roads School of Bowie, Maryland, the Phillips Academy or Laurel, or the Accotink Academy;

5. DCPS shall fund a laptop computer for the student, with software, the cost of which shall not exceed, $3,500.00;

6. DCPS shall fund five hundred hours of tutorial services;

7. DCPS agrees to fund the parent's independent psychiatric evaluation, and if necessary neuropsychological evaluation;

8. DCPS, within ten (10) school days upon receipt of the parent's independent evaluations, agrees to reconvene the student's MDT/IEP Meeting to review the evaluations and revise/update the student's IEP as necessary;

9. DCPS, agrees to schedule all meetings through the parent's counsel, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097;

10. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

11. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

12. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

13. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

5

14. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

15. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

16. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

17. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

19. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts

contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

20. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel;

21. DCPS agrees to fund four (4) years of compensatory education, for four (4) hours a week in the form of after school tutoring in math and reading; and

22. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

**H.**    ~~Signature:~~

_____          4/13/07
Legal Representative / Advocate (if applicable)         Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

```
                      ********************
                      ***  TX REPORT  ***
                      ********************


      TRANSMISSION OK

      TX/RX NO            4233
      RECIPIENT ADDRESS   92024425556
      DESTINATION ID
      ST. TIME            04/13 19:11
      TIME USE            01'13
      PAGES SENT          8
      RESULT              OK
```

## James E. Brown & Associates, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!
--------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Covington
Jani Tillery
------------------------------

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**To:**   Office of Student Hearing, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:** April 13, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** J. Davis, DOB: 7/29/94

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 8

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# Exhibit C



Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                           James Brown & Assoc., PLLC
    Attorney:                           James Brown
    Federal Tax ID No:                  52-1500760
    D.C. Bar No:                        61622

2.  **Student Information**
    Name:                               Hickson, Leon
    DOB:                                2/10/90
    Date Hearing Request Filed:         5/7/07
    Date(s) of Hearing:                 7/10/07
    Date of Determination (HOD/SA)      7/12/07
    Parent/Guardian Name:               Angela Hickson
    Parent/Guardian Address:            3320 6th St., SE, #301
                                        Washington, DC 20032

3.  **Invoice Information**
    Invoice Number:                     07-224
    Date Request Submitted:             7/30/07
    Date(s) of Services Rendered:       4/13/07 to 7/12/07
    Attorney Hourly Rate:               $      365.00
    Total Attorney Fees:                $    3,859.55
    Total Attorney Costs:               $      219.51
    Total Experts:                      $    1,356.05
    Total Invoice:                      $    5,435.11

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____   7/30/07
    Signature                          Date

                                                        Revised Nov. 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division

**Kimm H. Massey, Esq., Due Process Hearing Officer**
1150 5th Street, S.E., Washington, DC 20003
Facsimile:  (202) 689-3825
Phone:  (202) 698-3819

### Confidential

|  |  |  |
|---|---|---|
| HICKSON, LEON, Student | ) |  |
| Date of Birth:  02/10/1990 | ) |  |
|  | ) |  |
| Petitioner, | ) | **IMPARTIAL DUE** |
|  | ) | **PROCESS HEARING** |
| vs. | ) | **OFFICER'S DECISION** |
|  | ) |  |
| The District of Columbia Public Schools, | ) | Complaint Date: May 7, 2007 |
| Attending:  Ballou Senior High School | ) |  |
|  | ) | Hearing Date: July 10, 2007 |
| Respondent. | ) |  |
| _____ | ) | Hearing Held: 1150 5th St., S.E. |
|  |  | Washington, DC 20003 |

| | |
|---|---|
| Parent: | Ms. Angela Hickson<br>2001 Savannah Terrace, SE, Apt. F<br>Washington, DC  20032 |
| Counsel for the Parent/Student: | John Straus, Esq.<br>James E. Brown and Assoc., PLLC<br>1220 L Street, NW, Suite 700<br>Washington, D.C.  20005 |
| District of Columbia Public Schools: | Tiffany Puckett, Esq.<br>Attorney-Advisor<br>Office of the General Counsel<br>825 North Capitol Street, NE,<br>9th Floor<br>Washington, D.C.  20002 |

1

## JURISDICTION

The Due Process hearing was convened and this Decision and accompanying Order written pursuant to the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA), 20 U.S.C. §§ 1400 et. seq., the implementing regulations for IDEIA, 34 C.F.R. Part 300, and Title V, Chapter 30 of the District of Columbia Municipal Regulations (D.C.M.R.).

## INTRODUCTION

Student is seventeen years old, and he attended Ballou Senior High School for the 2006/2007 school year. On May 7, 2007, counsel for Parent and Student ("Petitioner's counsel") filed a Due Process Complaint ("Complaint") against the District of Columbia Public Schools ("DCPS"), alleging that DCPS violated a March 30, 2007 Hearing Officer Decision ("Prior HOD") by failing to convene an IEP team meeting for Student. DCPS did not respond to the Complaint. On May 29, 2007, Petitioner filed a Motion for Default Judgment.

The Student Hearing Office scheduled a Due Process Hearing for July 10, 2007. By letter dated July 3, 2007, Petitioner's Counsel disclosed four potential witnesses and eighteen documents labeled LH-1 through LH-18. DCPS transmitted its Five-Day Disclosure by facsimile on July 3, 2007. DCPS's disclosure consisted solely of a list of potential witnesses and did not include any documents.

The due process hearing was convened on July 10, 2007, as scheduled. As a preliminary matter, Petitioner's counsel renewed Petitioner's Motion for Default, which had been denied by the chief hearing officer as a pre-hearing matter. DCPS asserted that the motion had already been denied and there was no need to reopen the chief hearing officer's Order. The presiding hearing officer denied Petitioner's motion, ruling that it was in the Student's best interest for the hearing to proceed so that the hearing officer could be fully apprised of the Student's educational situation and the relief, if any, that should be awarded. Petitioner's counsel then requested that the hearing officer sanction DCPS for its failure to respond to the Complaint by placing the burden of proof on DCPS in this case. The hearing officer deferred ruling on this request until issuance of the HOD and directed the parties to proceed.

During the course of the due process hearing, the parties agreed to convene an MDT/IEP/Placement meeting on Monday, July 23, 2007 at 10:00 a.m.,[1] and Petitioner's counsel agreed to fax to the Special Education Coordinator at Ballou prior to the meeting a copy of the Authorization and Representation form Parent signed on June 15, 2004.

---

[1] In light of the parties' agreement, the hearing officer has determined that there is no need to decide whether the burden of proof should be shifted to DCPS in this case, because DCPS has essentially conceded that it did not hold an MDT/IEP meeting pursuant to the Prior HOD.

2

**WITNESSES**

**For Petitioner:**
1. Mr. William E. Daywalt, Jr., Educational Advocate
2. Ms. Angela Hickson (by telephone), Parent

**For DCPS:**
1. Mr. Benjamin M. Young (by telephone), Special Education Coordinator, Ballou
Senior High School

**FINDINGS OF FACT**

1. Student is 17 years old and attends Ballou Senior High School.[2]

2. On March 30, 2007, an impartial due process hearing officer issued the Prior HOD,
which provided, in part, as follows[3]:

> DCPS shall, within thirty (30) calendar days of the issuance
> of this Order, convene a multi-disciplinary
> team/individualized educational program (MDT/IEP)
> meeting to review and/or revise the student's IEP as
> appropriate and review the appropriateness of the student's
> placement at Ballou.

3. By letter dated April 16, 2007 and addressed to the Special Education Coordinator at
Ballou, Petitioner's counsel requested that DCPS convene an IEP team meeting pursuant
to the Prior HOD.[4]

4. On May 7, 2007, Petitioner's counsel filed the instant Complaint, alleging that DCPS
had violated the Prior HOD by failing to convene an IEP meeting within the 30-day time
frame specified in the Prior HOD.[5]

5. After the Complaint was filed in this case, Petitioner's counsel and the Special
Education Coordinators at Ballou attempted to schedule a resolution session, but were
unable to agree upon a mutually convenient date and time.[6]

6. To date, neither an MDT/IEP meeting nor a resolution session has been held to discuss
Student's current IEP and placement.

---

[2] *See* Complaint.
[3] Petitioner's Exhibit LH-14, p. 4.
[4] Petitioner's Exhibit LH-15.
[5] *See* Complaint.
[6] Petitioner's Exhibits LH-16 through LH-18; Testimony of Mr. Daywalt; Testimony of Mr. Young.

7.  At the due process hearing in this case, the parties agreed to convene an MDT/IEP/Placement meeting on Monday, July 23, 2007 at 10:00 a.m.  Both Parent and Mr. Young, the Special Education Coordinator at Ballou, agreed by telephone to attend the meeting on the date and at the time specified.  In addition, Petitioner's counsel confirmed the availability of Student's educational advocate on the date and at the time specified.

8.  Also at the due process hearing in this case, Petitioner's counsel agreed to fax to the Special Education Coordinator at Ballou prior to the agreed upon meeting a copy of the Authorization and Representation form Parent signed on June 15, 2004.

## CONCLUSIONS OF LAW

The hearing officer concludes (1) that DCPS violated the Prior HOD by failing to convene an MDT/IEP meeting within the 30-day time period specified in the Prior HOD, and (2) that such violation constituted a denial of a FAPE to Student.  *See* Consent Decree entered in *Blackman v. District of Columbia*, Civil Action No. 97-1629 (D.D.C. Aug. 24, 2006) (establishing a rebuttable presumption of harm for DCPS students who fail to receive timely implementation of HODs and defining one subclass of Plaintiff students as those who were denied a FAPE because DCPS failed to fully and timely implement the determinations of hearing officers.)

In consideration of the foregoing, the hearing officer makes the following

## ORDER

1.  On Monday, July 23, 2007 at 10:00 a.m., DCPS shall convene an MDT/IEP/ Placement meeting to review and revise, if appropriate, Student's IEP, and to review the appropriateness of Student's placement at Ballou Senior High School.

2.  Parent, Student's educational advocate, and the Special Education Coordinator at Ballou shall attend the meeting convened pursuant to Paragraph 1, above.  DCPS shall also ensure that any and all additional team members required to be present are in attendance at the meeting.

2.  In the event the team decides that Student requires a different placement, DCPS shall issue a Notice of Placement within five business days if a DCPS placement is recommended, or within thirty calendar days if a non-public placement is recommended.

3.  Prior to the meeting, and by no later than Wednesday, July 18, 2007, Petitioner's counsel shall fax to the Special Education Coordinator at Ballou a copy of the Authorization and Representation form Parent signed on June 15, 2004.

4. All communications made in connection with the execution of this Order shall be made through Petitioner's counsel.

**This is the FINAL ADMINISTRATIVE DECISION in this matter. Any party aggrieved by the findings and decision may APPEAL to a State court of competent jurisdiction or a district court of the United States, without regard to the amount in controversy, within 90 days from the date of the decision pursuant to 20 U.S.C. § 1415(i)(2).**

Kimm H. Massey, Esq.
Impartial Hearing Officer

7/12/2007
Date

Issued: 7/12/2007
Student Hearing Office, DCPS

5

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
1150 5th Street, S.E.

Room 3

Washington, D.C. 20003

FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date:  July 12, 2007

To:   John, Straus

Re:   Hickson, Leon

Total Number of Pages Including Cover: 6

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Leon Hickson

July 26, 2007

In Reference To:    Leon Hickson
Invoice #12679

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 4/13/2007 DP | Drafted letter to DCPS / Attorney requesting meeting. Includes faxing and copying to parties. | 0.50 115.00/hr | 57.50 |
| 4/16/2007 JS | Reviewed letter to Ballou Senior High School, Office of General Counsel and parent | 0.08 365.00/hr | 29.20 |
| 5/1/2007 JS | Review the student's educational file to determine DCPS compliance with the order, phone call to parent to determine compliance, conduct educational research to determine remedies available to the parent, prepared and filed request for due process hearing to address DCPS' failure to convene an IEP team meeting | 2.00 365.00/hr | 730.00 |
| 5/2/2007 DP | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office; includes copying and mailed. | 0.58 115.00/hr | 66.70 |
| JS | Reviewed letter to parent | 0.08 365.00/hr | 29.20 |
| 5/7/2007 JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| JS | Revised and filed due process hearing request | 0.50 365.00/hr | 182.50 |
| 5/15/2007 WD | Reviewed hearing request. | 0.25 185.00/hr | 46.25 |
| 5/17/2007 WD | Phone call to parent. Left message. | 0.08 185.00/hr | 14.80 |

Leon Hickson                                                                                              Page     2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/18/2007 | WD | Reviewed file and document from DCPS. Called parent and left message. Drafted letter to DCPS. Faxed. | 1.17 185.00/hr | 216.45 |
| 5/29/2007 | JS | Draft motion for default decision | 0.33 365.00/hr | 120.45 |
| 6/7/2007 | WD | Reviewed records and prepared for meeting. | 0.75 185.00/hr | 138.75 |
| 6/15/2007 | WD | Draft letter to DCPS. Faxed. Reviewed file. | 0.75 185.00/hr | 138.75 |
| 6/21/2007 | WD | Reviewed file. Drafted letter to DCPS. Faxed. | 0.83 185.00/hr | 153.55 |
| 6/22/2007 | JS | Reviewed the student's educational file. Prepare disclosure documents for Office of General Counsel and Student Hearing Office in preparation for the student's administrative due process complaint hearing. Provided instructions to paralegal regarding filing documents. Send five-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.50 365.00/hr | 547.50 |
| 7/3/2007 | DP | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier. | 2.33 115.00/hr | 267.95 |
| 7/9/2007 | WD | Prepared for Due Process Hearing. | 1.00 185.00/hr | 185.00 |
| | JS | Conduct review of the parent's and DCPS' five-day disclosures and student's educational file, review questions for direct examination of parent witnesses, possible redirect, possible cross examination of DCPS witnesses, and conduct final witness preparation with the parent and educational advocate, review opening and closing statement; conduct educational research | 1.50 365.00/hr | 547.50 |
| 7/10/2007 | WD | Appearance at Van Ness ES for due process hearing. | 2.50 185.00/hr | 462.50 |
| | JS | Appearance at Van Ness ES for due process hearing administered by Hearing Officer Massey | 2.50 365.00/hr | 912.50 |
| 7/12/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| | | For professional services rendered | 20.14 | $5,215.60 |

Leon Hickson                                                                  Page     3

Additional Charges :

|  |  | Amount |
|---|---|---|
| 5/2/2007 | Postage; Letter to parent. | 0.63 |
|  | copied letter to parent | 0.50 |
| 5/7/2007 | Faxed HR to SHO | 8.00 |
|  | copied hearing request | 7.00 |
| 5/8/2007 | Rec'd faxed sch. memo from SHO | 3.00 |
| 5/18/2007 | Facsimile; Letter to Ballou SHS. | 2.00 |
| 6/8/2007 | Faxed letter to Ballou SHS | 2.00 |
| 6/15/2007 | Faxed letter to Ballou SHS | 2.00 |
| 6/21/2007 | Faxed letter to Ballou SHS | 2.00 |
| 7/3/2007 | copied disclosures to DCPS | 55.50 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/10/2007 | Transportation service from Van Ness ES for hearing | 8.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
| 7/12/2007 | Rec'd faxed HOD from SHO | 6.00 |
|  | copied HOD | 6.00 |
|  | Total additional charges | $219.51 |
|  | Total amount of this bill | $5,435.11 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| David Proctor, Paralegal | 3.41 | 115.00 | $392.15 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| John Straus, Attorney | 8.49 | 365.00 | $3,098.85 |
| Williams Daywalt Jr., Advocate | 7.33 | 185.00 | $1,356.05 |

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# ADMINISTRATIVE DUE PROCESS
# COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student:  Leon Hickson  Date of Birth: February 10, 1990

Address: 3320 6th Street, S.E., Apartment #301, Washington, DC 20032

Present School of Attendance: Ballou Senior High School

Parent/Guardian of the Student: Angela Hickson

## B.  Legal Representative/Attorney (if applicable):

Name:  ____John Straus, Esq.____

Address:  ___ 1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__       (e-mail) _____

Will attorney / legal representative attend the resolution session?   **X** Yes         ☐ No

## C.  Complaint Made Against (check all that apply):

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

## D.  Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**PLEASE SCHEDULE AN EXPEDITED HEARING FOR THIS MATTER**

## E.  Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F.  Facts and Reasons for the Complaint:

### I.  Nature of the Problem.

1. On May 27, 2004, the IEP team determined that the student required 25.5 hours of specialized instruction from a special education teacher, .5 hours of speech therapy from a speech therapist and 1.5 hours of psychosocial counseling from a psychologist/social worker. *See* IEP and meeting notes, dated May 27, 2004.

2

2. On February 1, 2006, the IEP team reviewed a speech and language assessment, dated May 6, 2005, and an incomplete clinical psychological assessment, dated December 14, 2005. The IEP team reduced the student's hours to 20 hours of specialized instruction from a special education teacher, 1 hour of psychological services from a psychological/social worker and 1 hour of occupational (consultation) services. *See* IEP and meeting notes, dated February 1, 2006.

3. The student remained at the Browne Center until the end of the 2005-2006 school year. The student enrolled at Ballou Senior High School at the beginning of the 2006-2007 school year. On October 16, 2006, the parent, through her educational advocate, requested an IEP team meeting to review the student's program at Ballou Senior High School. *See* correspondence, dated October 16, 2006.

4. On October 26, 2006, the parent, through counsel, requested that the IEP team convene to conduct a thirty day review of the student's program. *See* correspondence, dated October 26, 2006.

5. On November 13, 2006, the parent, through counsel, made a third request for an IEP team meeting to determine whether the student is making reasonable progress in a less restrictive setting. *See* correspondence, dated November 13, 2006.

6. DCPS cancelled a scheduled IEP team meeting on January 26, 2007. The parent proposed new dates to convene an IEP team meeting. *See* correspondence dated January 26, 2007.

7. On February 23, 2007, the parent, through counsel, requested that the IEP team convene an IEP meeting. *See* correspondence, dated February 23, 2007.

8. On March 5, 2007, counsel for the parent attempted to schedule an IEP team meeting via telephone. DCPS refused to convene an IEP team meeting. *See* correspondence, dated March 5, 2007.

9. The parent filed a due process hearing request to order DCPS to convene an IEP team meeting. A Hearing Officer's Determination (HOD), dated March 30, 2007, states "DCPS shall, within thirty (30) calendar days of the issuance of this Order, convene a multidisciplinary team/individualized educational program (MDT/IEP) meeting to review and/or revise the student's IEP as appropriate and review the appropriate of the student's placement at Ballou." *See* HOD, dated March 30, 2007.

10. On April 16, 2007, the parent, through counsel requested an IEP team meeting pursuant to the HOD. *See* correspondence, dated April 16, 2007.

11. The student is receiving failing grades in his classes. *See* report to parent on Student progress, dated January 19, 2007. To date, to the best of the parent's knowledge and understanding, DCPS has not convened an IEP team meeting since February 1, 2006.

## II. Issues presented

**1. DCPS failed to comply with the March 30, 2007 HOD.**

The HOD ordered DCPS to convene an IEP within 30 days. DCPS failed to convene an IEP team meeting.

**2. DCPS failed to convene an IEP team meeting upon the parent's request or an annual review of the student's IEP.**

Pursuant to 34 C.F.R. § 300.324(b)(1), DCPS

> must ensure that...the IEP Team reviews the child's IEP periodically, but not less than annually, to determine whether the annual goals for the child are being achieved; and revises the IEP, as appropriate, to address any lack of expected progress toward the annual goals...and in the general education curriculum, if appropriate; the results of any reevaluation conducted ...; information about the child provided to, or by, the parents...; the child's anticipated needs; or other matters.

The parent made several attempts to convene an IEP meeting to review the student's progress since his enrollment at Ballou Senior High School and review and revise the student's IEP. To date, to the best of the parent's knowledge and understanding, DCPS has yet to convene an IEP team meeting.

## III.    Relief Sought.

1.    A finding that DCPS denied the student a free and appropriate public education by failing to comply with the March 30, 2007 HOD.

2.    A finding that DCPS denied the student a free and appropriate public education by failing to convene an IEP team meeting upon the parent's request or an annual review of the student's IEP.

3.    DCPS shall convene an IEP meeting within five school days to conduct a 30 day review of the student's placement at Ballou Senior High School and an annual review of the student's IEP.

4.    DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

5.    All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6.    DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records

4

on the student no later than sixteen (16) business hours prior to the convening of any meeting.

7.  DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

8.  DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

9.  In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

10. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

11. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

12. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

13. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority,

4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

14. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

15. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

16. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that BP's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

17. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    Signature:

_____  May 7, 2007
Legal Representative / Advocate (if applicable)        Date

6

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

# Exhibit D



Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                          James Brown & Assoc., PLLC
    Attorney:                          James Brown
    Federal Tax ID No:                 52-1500760
    D.C Bar No:                        61622

2.  Student Information
    Name:                              Lawson, Saykwan
    DOB:                               9/4/93
    Date Hearing Request Filed:        5/7/07
    Date(s) of Hearing:                7/6/07
    Date of Determination (HOD/SA)     7/12/07
    Parent/Guardian Name:              Pamela Lawson
    Parent/Guardian Address:           1217 Eaton Rd., SE
                                       Washington, DC 20020

3.  Invoice Information
    Invoice Number:                    07-226
    Date Request Submitted:            7/30/07
    Date(s) of Services Rendered:      1/29/07 to 7/13/07
    Attorney Hourly Rate:              $    365.00
    Total Attorney Fees:               $  12,103.90
    Total Attorney Costs:              $    298.02
    Total Experts:                     $      0.00
    Total Invoice:                     $  12,401.92

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents
      the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
      and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
      benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
      interest, either through an attorney, officer, or employee of the firm, in any special education
      diagnostic services, schools, or other special education service providers;

    I understand that the making of a false statement to an agency of the D.C. Government is
    punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____   7/30/07
    Signature                         Date

                                                          Revised Nov. 2003

# District of Columbia Public Schools
## State Enforcement and Investigative Division

## CONFIDENTIAL

**Marsha Epps Edwards, Esquire**
*Due Process Hearing Officer*
1150 5th Street, S.E.
Washington, D.C. 20003
(202) 698-3819 (telephone)
(202) 698-3825 (facsimile)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | **HEARING OFFICER'S DECISION** |
| Saykwan Lawson, Student | ) | |
| Date of Birth:  4 September 1993 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Request Date: 7 May 2007 |
| | ) | Resolution Session Date: Waived |
| v. | ) | Hearing Date:  6 July 2007 |
| | ) | |
| District of Columbia Public Schools | ) | Held at:  1150 5th Street, S.E. |
| Home School:  Johnson Junior High | ) |             Washington, D.C.  20003 |
| | ) | |
| Respondent. | ) | |

Parent:                                    Ms. Pamela Lawson
                                           1217 Eaton Road, S.E.
                                           Washington, D.C.  20020

Parent's Counsel:                          Miguel Hull, Esquire
                                           James E. Brown & Associates, PLLC
                                           1220 L Street, N.W., Suite 700
                                           Washington, D.C.  20005

Counsel for District of Columbia Public Schools:    Daniel McCall, Esquire
                                                    Office of the General Counsel
                                                    DCPS
                                                    825 North Capitol Street, N.E.
                                                    Washington, D.C.  20002

# District of Columbia Public Schools
## State Enforcement and Investigative Division
### INDEX OF NAMES
**Saykwan Lawson**
**6 July 2007**

| | |
|---|---|
| Assistant superintendent, Special Education  (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Student and Student's DCPS ID# or SSN | Saykwan Lawson (Absent) |
| Parent/Guardian (specific relationship) | Ms. Pamela Lawson (Absent) |
| Student's/Parent's Representative | Miguel Hull, Esquire |
| DCPS Representative | Daniel McCall, Esquire |
| Educational Advocate | Mr. Juan J. Fernandez |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## INTRODUCTION

This hearing was held on Friday, 6 July 2007 at 1150 5th Street. S.E., Washington, D.C. 20003. Miguel Hull, Esquire represented the parent and student, who were not present. Daniel McCall, Esquire represented DCPS. The parent waived review of due process rights.

## JURISDICTION

This hearing was held and this decision was written pursuant to P.L. 108-446, the *Individuals with Disabilities Education Improvement Act of 2004* ("IDEA"), Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT OF THE CASE AND BACKGROUND INFORMATION

The 13-year-old student is receiving special education services at Johnson Junior High School, where he enrolled in August of 2006. He previously attended Gibbs Elementary School, where he also received special education service.

The parent claims that DCPS has failed to fully implement the student's IEP.

## PRELIMINARY MATTERS

DCPS invoked the rule on witnesses.

DCPS, through counsel, moved for partial dismissal, arguing that on 3 January 2007, an HOD was issued, which was in actuality, a settlement on the record [SL-04]. By settling, counsel argued, the Petitioner cut off all claims based on FAPE that arose prior to that date. Consequently, any issue that arose prior to 3 January 2007 should be dismissed under the doctrine of *res adjudicata.*

Parent's counsel opposed the Motion on the ground of vagueness and ambiguity because DCPS stated in its motion that "many of the issues in the prior complaint are the same or similar [to] the issues alleged in the current complaint" without providing more specific grounds. Counsel also argued that even in the absence of ambiguity, the Motion should be denied because the doctrine of *res adjudicata* does not apply to any of the issues in the instant Complaint.

The parent's Opposition states that there are four components of *res adjudicata* but counsel listed and argued only three at the hearing: 1) whether the parties are the same, 2) whether a final judgment on the merits has been made, and 3) whether the causes of action in the prior and instant matters are the same. Although the first two components

1

are true, the third does not apply in instant case, because the matters to be determined are whether DCPS refused to evaluate the student, failed to implement the IEP, and failed to provide the parent with copies of the documents from the 25 April IEP meeting.. The issue as to whether DCPS failed to fully implement the IEP was not discovered until 25 April 2007, and the previous Complaint was filed in August of 2006, before the beginning of the school year. The failure to evaluate issue was withdrawn by the parent, because DCPS has now provided evaluations.

The Hearing Officer ordered counsel to each submit a Memorandum of Law on the issue of whether the parent has a duty to raise all issues ripe for determination at any given hearing rather than raising them at subsequent hearings, and whether the failure to raise said issues should by law result in a finding of *res adjudicata* should they be raised at a later hearing.

Ruling on the Motion was reserved until after counsel for the parties submitted Memoranda on the aforementioned issues.

## DUE PROCESS RIGHTS

Reading of due process rights was waived.

## DOCUMENTS

*Parent's counsel timely produced the following documents:*

| | |
|---|---|
| SL-01: | Administrative Due Process Hearing Complaint dated 7 May 2007; |
| SL-02: | Hearing Notice dated 20 June 2007; |
| SL-03: | Scheduling Memorandum dated 8 May 2007; |
| SL-04: | HOD dated 3 January 2007; |
| SL-05: | Psycho-Educational Evaluation dated 26 April 2005; |
| SL-06: | IEP dated 25 April 2007; |
| SL-07: | MDT Meeting Notes dated 25 April 2007; |
| SL-08: | Advocate's Meeting Notes dated 25 April 2007; |
| SL-09: | Report to Parents on Student Progress dated 23 March 2007; |
| SL-10: | Prior to Action Notice dated 25 April 2007; |
| SL-11: | IEP dated 6 June 2006; |
| SL-12: | IEP dated 8 June 2005; |
| SL-13: | IEP dated 14 September 2004; |
| SL-14: | IEP Meeting Notes dated 14 September 2004; |
| SL-15: | Social Work Evaluation dated 17 May 2005 ; |
| SL-16: | J.H. Johnson Junior High School Special Education Schedule dated 14 November 2006; |

*DCPS's counsel produced no documents.*

## ISSUES AND CONTENTIONS

*The parent, through counsel, raised the following issue:*

1.   Whether DCPS has failed to provide the student with a free appropriate public education ("FAPE") by failing to fully implement the student's IEP;

2.   Whether DCPS failed to provide the student with FAPE by refusing to evaluate.

## TESTIMONY

Mr. Juan Fernandez, the educational advocate, testified that he is familiar with the student, having conducted an observation and having attended the 25 April 2007 meeting, which was called to discuss the IEP, compensatory education, and other services. The student's IEP was changed from 15 hours to 20 hours a week of special education services. The student had been receiving 21 hours of special education services while at Gibbs Elementary School [SL-05]. During the meeting, the parent requested a new psycho-educational evaluation because of the student's low test scores. The parent and the educational advocate both felt that more data were needed in order to determine the reason for the student's low performance. Additionally, one of the teachers, Ms. Hull, had represented that the student's reading scores were low. The student's current services were also discussed at the meeting [SL-14]. Ms. Hull was the only teacher providing special education services to the student, which did not add up to the minimum number of required special education hours per week.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Preliminary Matters

DCPS's Motion to dismiss was opposed by the parent, who contended that the present cause of action, i.e., failure to implement the IEP, is a totally new matter. The issues of whether the matter was ripe for adjudication at the last hearing, and whether the parent had the duty to raise the issue at the last hearing were discussed in parent's counsel's Memorandum.   Counsel for DCPS was also given the opportunity to submit a Memorandum on the same issue, but did not do so.

Parent's counsel timely filed the requested Memorandum on the issue of whether the issue of failure to implement the IEP could have been raised at the previous hearing, and if so, what duty did the parent have to raise the issue at the earlier hearing. Counsel for DCPS did not file a Memorandum.

A review of parent's counsel's Memorandum led to additional reviews of the file and hearing notes, during which time several timeline issues became more apparent, and substantially negated the need for further consideration of the Memorandum. Specifically, a closer examination of the operative dates has led to the conclusion that while the doctrine of *res adjudicata* may not apply, the parent's position is still in question.

### Case in Chief

The student is a child in need of special education services, and has been for some time. The 2005 psycho-educational report found that the student was "has a history of experiencing significant academic delays" and is "functioning significantly below grade level in all academic areas." At the time of that evaluation, the student was 11 years and seven months old, and in the fifth grade. The evaluation recommended that he continue to receive services as a Learning Disabled student [SL-05].

The student's most recent IEP states that he should be receiving 20 hours of special education services a week [SL-06], although the Meeting Notes indicated that he had been receiving 15 hours weekly [SL-07; SL-11; SL-12] since the 2003 IEP that indicated that he should receive 21.50 hours of special education services per week [SL-13]. There is nothing in the record to indicate that there had been reevaluations conducted on which to base a reduction in services.

The complaint alleges that DCPS failed to fully implement the student's IEP during the current school year. Both the aforementioned disclosure documents and witness testimony established that before the meeting, the student had been receiving 7.5 hours per week of special education services, and from only one teacher, Ms. Hull, instead of the 15 hours of special education services recommended on the 2006 IEP, which itself was challenged.

However, at the April 2007 MDT meeting, consensus was reached that the student needed more services, and his special education hours were increased to 20 per week [SL-07]. It appears that DCPS acknowledged its failure to implement the IEP and took measures to correct the shortcoming. The issue, therefore, is moot.

The issue as to whether DCPS refused to evaluate is also moot, as parent's counsel stated in the hearing that the issue was being withdrawn since the evaluations have now been provided.

### DECISION AND ORDER

There is no prevailing party status here. However, the Complaint alleges, and DCPS did not dispute that the parent requested compensatory education. The Hearing Officer finds that compensatory education is appropriate. It is hereby ordered that the IEP team reconvene within 10 business days immediately following the issuance of this Determination to discuss the form and amount of compensatory education to be provided

to the student. DCPS shall either provide or fund compensatory education on or before the commencement of SY2007-2008. The operative dates for determining the amount of compensatory education shall be from the date of the 6 June 2006 IEP until 25 April 2007.

## APPEAL PROCESS

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

*Marsha Epps Edwards*

Marsha Epps Edwards, Esquire
Independent Hearing Officer

Date:   12 July 2007
Issued: 7|13|07

# District of Columbia Public Schools

### State Enforcement & Investigation Division

In the Matter of                              )
Saykwan Lawson                                )
        Petitioner,                  )          **IMPARTIAL**
        vs.                          )          **DUE PROCESS HEARING**
District of Columbia Public Schools,          )
        Respondent.                  )

The Individuals with Disabilities Education Improvement Act (IDEA) 20 U.S.C.
§§ 1400 et seq.

Case Information:        **Hearing Request Date:**
                     **Hearing Date:**
                     **Held at:**  1150 5th Street, S.E.
                                   Washington, D.C. 20003
                     **Student's Birth Date**: 4 September 1993
                     **Attending School:**

## CERTIFICATION OF RECORD

I, **Marsha Epps Edwards**, Impartial Due Process Hearing Officer in this matter,

do hereby certify the I have returned the entire record to the Student Hearing Office in

the above captioned matter consisting of all:

    a.  documents and tangible things submitted to the Hearing Officer during the
        hearing, whether or not formally admitted into evidence, along with an index
        of exhibits admitted;
    b.  correspondence and pleadings filed with the Student Hearing Office (exhibits,
        letters, pleadings, files or orders); and
    c.  Interim Orders and the Hearing Officer's Determinations.

I further certify that the materials included in the SHO file for this student are

either the original or true copy of the original documents submitted in this matter.

*Executed this 12th day of July, 2007.*

*Marsha Epps Edwards*
Marsha Epps Edwards, Esquire
Due Process Hearing Officer

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date:  July 12, 2007

To:   Miguel, Hull

Re:   Lawson, Saykwan

Total Number of Pages Including Cover: 9

CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

5/15/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Saykwan Lawson

July 26, 2007

In Reference To:   Saykwan Lawson
Invoice #12670

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/29/2007 | HR | Draft case status letter to parent regarding MDT Meeting. Copied/mailed and added to case notes. | 0.42 115.00/hr | 48.30 |
| 2/6/2007 | HR | Phone call to parent regarding resolution conference and confirming participation. | 0.08 115.00/hr | 9.20 |
| 2/27/2007 | HR | Draft letter to Murch Elementary School requesting MDT Meeting. Sent letter with evaluation via facsimile to the school, Office of Special Education, and Office of the General Counsel. Called the school to confirm receipt of fax and added to case notes. | 0.67 115.00/hr | 77.05 |
| | HR | Draft case status letter to parent regarding MDT meeting requested. Copied/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| | HR | Phone call to parent regarding coordinating MDT meeting | 0.25 115.00/hr | 28.75 |
| 3/13/2007 | MH | Reviewed file to determine case status and plan case strategy based on student's current needs. | 0.33 365.00/hr | 120.45 |
| 3/19/2007 | JF | Attended MDT/IEP @ Johnson JHS | 2.83 365.00/hr | 1,032.95 |
| 3/26/2007 | JF | Attended MDT/IEP @ Johnson JHS with parent | 4.50 365.00/hr | 1,642.50 |
| 4/3/2007 | HR | Team meeting:  reviewed file to determine case status and developed case strategy with team. | 0.25 115.00/hr | 28.75 |

Saykwan Lawson

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/3/2007 | JF | Team meeting: reviewed file to determine case status and developed case strategy with team. | 0.25 365.00/hr | 91.25 |
| | MH | Team meeting: reviewed file to determine case status and developed case strategy with team. | 0.25 365.00/hr | 91.25 |
| 4/24/2007 | MH | Prepared strategy for MDT meeting. Includes research on issues for meeting and discussion with client. | 0.50 365.00/hr | 182.50 |
| 4/25/2007 | MH | Research educational needs. | 0.42 365.00/hr | 153.30 |
| | JF | Attended MDT/IEP @ Johnson JHS | 2.83 365.00/hr | 1,032.95 |
| 4/27/2007 | MH | Began drafting due process hearing request to DCPS. Includes research on issues raised, discussion with parent, and drafting of claims. | 1.67 365.00/hr | 609.55 |
| 5/2/2007 | MH | Continued drafting due process hearing request to DCPS. Includes research on issues raised, discussion with parent, and drafting of claims. | 1.08 365.00/hr | 394.20 |
| 5/4/2007 | RN | Review of hearing request for quality assurance. Made suggested changes. Provided feedback to attorney. | 1.67 365.00/hr | 609.55 |
| 5/7/2007 | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| | MH | Prepared final draft due process hearing request to DCPS. Includes additional research on issues raised, and revising of claims. | 0.75 365.00/hr | 273.75 |
| 5/8/2007 | HR | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on May 7, 2007; includes copying complaint/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| 5/23/2007 | MH | Reviewed file to determine status and researched student's educational needs | 0.33 365.00/hr | 120.45 |
| 6/21/2007 | HR | Reviewed case status with educational advocate. | 0.25 115.00/hr | 28.75 |
| 6/26/2007 | HR | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing on July 6, 2007 at 3:00pm; includes copying and mailed | 0.50 115.00/hr | 57.50 |
| 6/28/2007 | HR | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.08 115.00/hr | 124.20 |

Saykwan Lawson                                                                             Page    3

|              |     |                                                                                                                                                                              | Hrs/Rate          | Amount      |
|--------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------|-------------|
| 6/28/2007    | MH  | Prepare disclosure to DCPS with assistance from paralegal.  Reviewed entire file and identified potential exhibits and witnesses for hearing; prepared exhibit packet and cover letter; and supervised delivery to DCPS. | 1.58 365.00/hr    | 576.70      |
| 6/29/2007    | HR  | Phone call to parent regarding hearing and confirming participation.                                                                                                                          | 0.08 115.00/hr    | 9.20        |
| 7/2/2007     | MH  | Prepared parent's response to DCPS' Motion to Dismiss.  Includes research on issue and drafting and revising of response.                                                                     | 1.92 365.00/hr    | 700.80      |
| 7/5/2007     | MH  | Prepared for Due Process Hearing                                                                                                                                                              | 1.17 365.00/hr    | 427.05      |
|              | JF  | Prepared for Due Process Hearing                                                                                                                                                              | 1.50 365.00/hr    | 547.50      |
| 7/6/2007     | JF  | Appearance at Van Ness ES for due process hearing                                                                                                                                             | 2.92 365.00/hr    | 1,065.80    |
|              | MH  | Appearance at Van Ness ES for due process hearing                                                                                                                                             | 2.92 365.00/hr    | 1,065.80    |
| 7/9/2007     | MH  | Prepared post-hearing memorandum for hearing offier.  Includes legal research and drafting and revising of arguments.                                                                         | 0.92 365.00/hr    | 335.80      |
| 7/12/2007    | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent                                                                                                                       | 0.33 405.00/hr    | 133.65      |
| 7/13/2007    | HR  | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on July 12, 2007; includes copying, mailed, and added to case notes.                            | 0.50 115.00/hr    | 57.50       |
|              | HR  | Draft letter to Johnson Junior High School regarding Hearing Officer's Determination. Sent letter via fax to school, Office of Special Education, and Office of the General Counsel. Called the school to confirm receipt of fax and added to case notes. | 0.67 115.00/hr    | 77.05       |
|              |     | For professional services rendered                                                                                                                                                            | 37.00             | $12,103.90  |
|              |     | Additional Charges :                                                                                                                                                                          |                   |             |
| 1/29/2007    |     | Postage; Letter to parent.                                                                                                                                                                    |                   | 0.39        |
|              |     | copied letter to parent                                                                                                                                                                       |                   | 0.50        |
| 2/27/2007    |     | copied case status letter to parent                                                                                                                                                          |                   | 0.50        |
|              |     | Fax letter requesting mtg to be reshceduled to Johnson JHS, OSE, OGC                                                                                                                         |                   | 6.00        |

Saykwan Lawson                                                                    Page    4

|  |  | Amount |
|---|---|---|
| 2/28/2007 | Postage; Letter to parent. | 0.39 |
| 5/7/2007 | copied hearing request | 10.00 |
|  | Facsimile; HR to SHO. | 11.00 |
| 5/8/2007 | copied letter to parent re: due process hearing | 2.75 |
|  | Postage; Letter to parent. | 0.87 |
| 6/26/2007 | Postage; Letter to parent. | 0.41 |
|  | copied letter to parent re: NOH | 0.75 |
| 6/28/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | copied disclosures for SHO/OGC | 51.50 |
| 6/29/2007 | copied letter to parent re: placement | 0.50 |
| 7/2/2007 | copied Parent's Response to DCPS Motion to Dismiss | 5.00 |
| 7/3/2007 | Messenger Service to and from DCPS (Parent's Response to DCPS Motion to Dismiss) | 20.00 |
| 7/9/2007 | Messenger Service to and from DCPS (Parent's Post-Hearing Memorandum) | 20.00 |
|  | copied Parent's Post Hearing Memorandum | 6.00 |
| 7/12/2007 | Rec'd faxed HOD from SHO | 9.00 |
|  | copied HOD | 9.00 |
| 7/13/2007 | Messenger Service to and from DCPS (Parent's Motion to Reconsider) | 20.00 |
|  | Postage; letter to parent | 0.58 |
|  | copied letter to parent (HOD) | 2.50 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | copied letter to parent | 0.50 |
|  | copied Parent's Motion to Reconsider | 3.00 |
|  | Total additional charges | $298.02 |
|  | Total amount of this bill | $12,401.92 |

Saykwan Lawson                                                                        Page      5

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Heidi Romero, Paralegal | 5.75 | 115.00 | $661.25 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| Juan Fernandez, Attorney | 14.83 | 365.00 | $5,412.95 |
| Miguel Hull, Attorney | 13.84 | 365.00 | $5,051.60 |
| Roxanne Neloms, Attorney | 1.67 | 365.00 | $609.55 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or** parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "**Resolution Session**") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Student Name:  Saykwan Lawson                    DOB:  September 4, 1993

Address:        1217 Eaton Rd., SE, Washington, D.C. 20020

Present School of Attendance:        Johnson Junior High School

Home School:                Johnson Junior High School
                                         (Neighborhood school where child is registered)

Parent/Guardian of the Student:    Pamela Lawson
                                           Person requesting hearing

## B.    Legal Representative/Attorney (if applicable):

Name:    Miguel A. Hull, Esq.      Phone:  (W) _202 742-2015_____    (Fax) _202 742-2098_

Address: 1220 L St., NW, #700, Washington, D.C. 20005

Will attorney / legal representative attend the resolution session?   X Yes            ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS

___ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name)
_____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## I.    Relevant Facts

1.  Saykwan Lawson is a thirteen-year-old special education student at Johnson Junior High School, which he began attending in August 2006. He previously attended Gibbs Elementary School also in the District of Columbia.

2.  Pamela Lawson is Saykwan's mother and the person brining this claim.

3. Ms. Lawson suffers from Narcolepsy, a medical condition that causes her to fall asleep involuntarily. Because of this condition, Ms. Lawson has been limited in her ability to participate at MDT meetings.

4. According to his current Individualized Educational Program ("IEP"), dated June 6, 2006, Saykwan is currently classified as learning disabled and is entitled to 15 hours per week of specialized instruction in the resource classroom.

5. A previous IEP dated June 8, 2005, also entitled Saykwan to 15 hours of specialized instruction per week in the resource classroom.

6. Another previous IEP, dated September 4, 2005, entitled Saykwan to 19.5 hours of specialized instruction per week in the resource classroom and 2 hours for specialized instruction per week in the general education classroom.

7. A psychological-educational reevaluation dated May 12, 2005 and conducted when Saykwan was eleven years and seven months old found the following scores:

   a. On the Wechsler Intelligence Scale for Children, 4th Edition:

   |  | Composite | Percentile | Description |
   |---|---|---|---|
   | i. Full Scale: | 92 | 30th | average |
   | ii. Verbal Comprehension: | 87 | 19th | low average |
   | iii. Perceptual Reasoning: | 98 | 45th | average |
   | iv. Working Memory: | 99 | 47th | average |
   | v. Processing Speed: | 94 | 34th | average |

   b. On the Wechsler Individual Achievement Test, 2nd Edition:

   |  | SS | GE | AE |
   |---|---|---|---|
   | i. Word Reading: | 70 | 2-7 | 8-0 |
   | ii. Reading Comprehension: | 83 | 3-5 | 9-0 |
   | iii. Pseudoword Decoding: | 70 | 1-3 | 6-0 |
   | iv. Numerical Operations: | 77 | 3-8 | 9-4 |
   | v. Math Reasoning: | 71 | 3-1 | 8-4 |
   | vi. Spelling: | 78 | 2-6 | 8-4 |
   | vii. Written Expression: | 77 | 3-0 | 8-0 |
   | viii. Listening Comprehension: | 82 | 3-2 | 8-4 |

8. Saykwan's report card dated March 23, 2007, reveals the following grades:

   | Subject          Advisory: | 1st | 2nd | 3rd | 4th | Final |
   |---|---|---|---|---|---|
   | a. English Resource | B | C | C | | |
   | b. Western Hemisphere Geography | D | D | F | | |
   | c. Mathematics Resource | C | B | B | | |
   | d. Life Science | C | D | D | | |
   | e. Reading Resource | D | C | D | | |

|   |   |   |   |   |
|---|---|---|---|---|
| f. | Study Skills Development | C | C | C |
| g. | Music 7 | D | F | D |
| h. | Reading |   |   | D |
| i. | Computer Applications MS |   |   | C |

9. On December 29, 2006, District of Columbia Public Schools ("DCPS") issued a Hearing Officer's Determination ("HOD") regarding a settlement agreement that had been placed on the record during a due process hearing that took place for Saykwan on December 18, 2006. In this HOD, DCPS was ordered to, among other things:

   a. Convene an MDT meeting on or before January 31, 2007;
   b. At the meeting, discuss and determine any reevaluations needed and if needed refer those out so that they are completed in a reasonable time
   c. Discuss and determine what if any compensatory education is warranted from August 28, 2006;
   d. Discuss and determine appropriate placement, a determination that is not to be contingent upon the receipt of any evaluations; and
   e. Issue placement within 30 days if for a public or non-public day school or 60 days if for a residential facility.

10. On April 25, 2007, DCPS convened an MDT meeting with the parent.

11. During the April 25th MDT meeting, the DCPS-members of the team agreed to raise the amount of hours of specialized instruction per week from 15 to 19.5. The DCPS-members of the team, however, apparently did not actually prepare a revised IEP, and if they did, they have not provided a copy of it to the parent .

12. During the April 25th MDT meeting, the parent's educational advocate requested a psychological-educational reevaluation in part because Saykwan's grades were low and that his most recent psychological-educational was close to two years old. The DCPS-members of the team rejected this request, refusing to conduct the reevaluation. The parent, through her advocate, responded to DCPS's rejection by insisting that the reevaluation be done.

13. Also during the April 25th MDT meeting, the advocate and parent learned that so far this school year, DCPS has only provided Saykwan with eleven hours of specialized instruction per week since the beginning of the school year. Based on this, the parent and advocate requested compensatory education, which was denied by DCPS.

## II. DCPS Has Refused To Conduct A Psychological-Educational Re-evaluation As Requested By The Parent Pursuant To The IDEA

14. DCPS has refused to conduct a psychological-educational re-evaluation for Saykwan Lawson.

4

15. According to the IDEA, the parent of child "may initiate a request for an re-evaluation to determine if the child is a child with a disability" and even if the MDT team determines that assessments are not required to determine the child's educational needs, the public agency is still required to conduct assessments if requested to do so by the child's parents. 20 U.S.C. § 1414 (a) (1) (B); 20 U.S.C. § 1414 (c) (4) (B) ("if local education agency determines that assessments are not needed, the local education agency "shall not be required to conduct such an assessment unless requested to by the child's parents."); 34 C.F.R. § 300.301 (b); 34 C.F.R. § 300.305 (d) (2); ("The public agency is not required to conduct the assessment [. . . ] unless requested to do so by the child's parents.") D.C. Mun. Regs. tit. 5 § 3004.1 (parent can make referral for evaluations); D.C. Mun. Regs. tit. 5 § 3005.2 ("The IEP team **shall** conduct an initial evaluation of a child within a reasonable time of receiving a **written referral and parental consent** to proceed and within timelines consistent with Federal Law and D.C. Code § 38-2501(a)"); DCPS Special Education Handbook (parent can forgo TAT process and demand evaluations); See also Cartwright v. District of Columbia, 267 F. Supp.2d 83, 87 (D.D.C. 2003) (holding that public agency must conduct reevaluations upon parental request and parent's not required to show justification for reevaluations and condition precedent); and Herbin vs. District of Columbia, 362 F. Supp2d. 254 (D. D.C. 2005) (finding that DCPS plain reading of IDEA regulation requires that DCPS conduct reevaluations upon parental request).

16. In addition, the IDEA also requires that the public agency ensure that the student is assessed in all areas of suspected disability, that the evaluation is sufficiently comprehensive to identify all of the student's special education needs, and that the evaluation includes all assessment tools that may assist in determining the content of the IEP. Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1414 (b) (1)-(3); § 1414 (a) (6) (B); § 1414 (b) (3) (C) ("each local education agency shall ensure that assessment tools and strategies that provide relevant information that directly assists persons in determining the educational needs of the child are provided."); § 1412 (a) (3) (state must have procedures in place to ensure that all students in the school district who may need special education services are identified, located, and *evaluated*); 34 C.F.R. Sec. 300.304 (b) and (c); 34 C.F.R. § 300.301 ("Each public shall ensure that a full and individual evaluation is conducted for each child being considered for special education"); 34 C.F.R. Sec. 300.111 (public agency must identify, locate and evaluate all students in the school district who may need special education services); D.C. Mun. Regs. tit. 5 § 3005.9 (g) ("The LEA shall ensure that: the child is assessed in all areas related to the suspected disability [ . . . ]"); D.C. Mun. Regs. tit. 5 § 3005.9 (h) (The LEA shall ensure that: in evaluating a child with a disability, the evaluation is sufficiently comprehensive to identify all of the child's special education and services needs, whether or not commonly linked to the disability category in which the child has been classified.").

17. In this case, DCPS has violated the parent and student's rights by refusing to conduct the psychological-educational re-evaluation as requested by the parent pursuant during the MDT on April 25, 2007. During the meeting, the DCPS-members of the

team determined that assessment was not warranted and refused to conduct the assessment. The parent and advocate at the meeting rejected this position and reasserted the parents' request for the psychological-educational pursuant to the IDEA. Accordingly, DCPS has a legal obligation to conduct these re-evaluations.

## III. DCPS Has Failed To Fully Implement Saykwan's IEP This School Year

18. So far this school year, DCPS has not provided Saykawn with all of the specialized instruction called for by his IEP dated June 6, 2006.

19. According to the Individuals with Disabilities Education Act ("IDEA"), a free appropriate public education ("FAPE") consists of "special education and related services that are *provided in conformity with the individualized education program* [ . . ]." Emphasis added. 20 U.S.C. § 1401 (9); 20 U.S.C. § 1401 (29) ("The term 'special education means specially designed instruction, at no cost to the parents, to meet the unique needs of a child with a disability [. . . ]."); 34 C.F.R. § 300.17, 34 & 39; and D.C. Mun. Regs. tit. 5 § 3000.1. See also Scott v. District of Columbia, (D.C. Cir.) 03-1672 DAR (March 31, 2006); and Board of Education of the Hendrick Hudson Central School District v. Westchester County, et al v. Rowley, 458 U.S. 276, 182 (1982) ("The free appropriate public education required by the Act is tailored to the unique needs of the handicapped child by means of an Individualized Educational Program ("IEP")).

20. Under the theory of compensatory education, courts and hearing officers may award educational services . . . to be provided prospectively to compensate for a past deficient program." Reid v District of Columbia, 401 F.3d 516 (D.C.Cir. 2005), quoting G. ex rel. RG v Fort Bragg Dependent Schs., 343 F.3d 295, 308 (4th Cir. 2003).

21. As to how to calculate a proper amount of compensatory education, "[t]here is no obligation to provide a day-for-day compensation for time missed. Appropriate relief is relief designed to ensure that the student is appropriately educated within the meaning of the IDEA." Reid, quoting Parents of Student W. v Puyallup Sch. Dist. No. 3, 31 F.3d 1489 (9th Cir. 1994).

22. DCPS has denied Saykwan his right to a FAPE by not providing him with all of the specialized instruction called for by his IEP dated June 6, 2006. According to that IEP, Saykwan is entitled to fifteen hours per week of specialized instruction in the special education setting. According to the class schedules that he has had this school year, DCPS is only providing Saykwan with eleven hours of specialized instruction per week. As a result, Saykwan has been harmed as evidenced by his poor grades on his report card and he therefore requires that his IEP be fully implemented and that he received appropriate compensatory education for these violations.

## IV. DCPS Has Failed To Provide The Parent Or Her Representatives With The Documents Produced By DCPS At The MDT Meeting On April 25, 2007.

6

23. Although DCPS apparently developed documents during the MDT meeting on April 25, 2007, DCPS has yet to provide these documents to the parent or her representatives thereby limited the parent's right to participate in the educational process.

24. According to the applicable statues and regulations, the parents of a child with a disability have a right to inspect all educational records relating to their children that are in the public agency's possession. Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1415 (b) (1); 34 C.F.R. § 300.501 (a) and § 300.613; and D.C. Mun. Regs. Tit. 5 § 3021.1. See also Hoing v. Doe, 484 U.S. 305. 327 (1988) (In Hoing the Supreme Court of the United States concluded that the clear intent of Congress was to make parental involvement the cornerstone of the process under the IDEA. In so finding, the Court stressed the importance of a parent's right to be notified of each step of a child's educational development: "Envisioning the IEP as the centerpiece of the statute's education system for disabled children, and aware that schools had all too often denied such children appropriate educations without in any way consulting the parents; Congress repeatedly emphasized through the Act the importance and indeed the necessity of parental participation in both the development of the IEP and any subsequent assessments of its effectiveness. Accordingly, the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate." Id. at 311-12); Burlington School Comm. v. Massachusetts Dept. of Education, 471 U.S. 359, 373 (1985); Zvl D. By Shirley D. v. District of Columbia Public Schools, 828 F. Supp. at 88-89; Nikita Petties. et. al. v. The District of Columbia Public Schools. Civil Action No. 95-0148

25. Here, the parent and her advocate participated at an MDT meeting on April 25, 2007, during which the advocate observed that DCPS was preparing documents including notes from the meeting, an IEP, and possibly a prior notice of placement. The DCPS-members of the team, however, did not provide copies of these documents to the parent or her advocate during this meeting and have yet to provide them at this time. As a result, the parent has been harmed because it has limited her ability to participate in Saykwan's educational planning.

## V. Relief Sought.

26. a finding in the parent's favor as to each of the issues raised here;

27. That DCPS be ordered, or agree, to:
    a) Within 24 hours provide all documents produced during the April 25, 2007 MDT meeting
    b) Convene an MDT meeting within ten business days to:
        i) Revise the IEP to reflect 19.5 hours per week of specialized instruction in the resource classroom;
        ii) determine appropriate placement with placement to be made within five

business days if for a public school or within 30 calendar days if for a non-public school.

c) Fund a reasonable amount of compensatory education for services not provided during the 2006-07 school year;

d) Fund an independent psychological-educational assessment;

e) Convene another MDT meeting, with the required participants, within ten days of receiving the student's independent testing to:

i) Revise the IEP;

ii) Determine any additional compensatory education that may be warranted; and

iii) Determine placement if change in placement is warranted.

28. that DCPS provide any other relief deemed appropriate and relating to the violations committed here;

29. that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

30. All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

31. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

32. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

33. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and Other related services as are defined at 34 C.F.R. § 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

34. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

35. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004. Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the

complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

36. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

37. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

38. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

39. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting**.

40. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons:** 1) the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

41. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process

hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

42. A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____            .       _____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

1) **Signature:**

May 7, 2007_____
Legal Representative / Advocate (if applicable)            Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
***********************
***   TX REPORT   ***
***********************


TRANSMISSION OK

TX/RX NO              0100
RECIPIENT ADDRESS     94425556
DESTINATION ID
ST. TIME              05/07 15:45
TIME USE              01'49
PAGES SENT           11
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| ------------------------------- | e-mail: Admin@Jeblaw.biz | ------------------------------- |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:     May 7, 2007

TO:       Student Hearing Office
          District of Columbia Public Schools

PHONE:    202-442-5000

FAX NO:   202 442-5556

FROM:     Miguel Hull, Esq.

SUBJECT:  **Saykwan Lawson, DOB: 9/4/93 – Due Process Complaint**

NUMBER OF PAGES INCLUDING COVER SHEET: __**ELEVEN**_____

COMMENTS:

# Exhibit E



Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000        Fax: 202-442-5098
www.k12.dc.us

APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                         James Brown & Assoc., PLLC
    Attorney:                         James Brown
    Federal Tax ID No:                52-1500760
    D.C Bar No:                       61622

2.  Student Information
    Name:                             Lee, Tavon
    DOB:                              5/4/99
    Date Hearing Request Filed:       3/26/07
    Date(s) of Hearing:               6/29/07
    Date of Determination (HOD/SA)    7/9/07
    Parent/Guardian Name:             Natasha Lee
    Parent/Guardian Address:          931 Longfellow St., NW, #106
                                      Washington, DC 20011

3.  Invoice Information
    Invoice Number:                   07-227
    Date Request Submitted:           7/30/07
    Date(s) of Services Rendered:     11/29/06 to 6/29/07
    Attorney Hourly Rate:             $      365.00
    Total Attorney Fees:              $   13,937.80
    Total Attorney Costs:             $      556.68
    Total Experts:                    $    3,707.40
    Total Invoice:                    $   18,201.88

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    • All services listed on the enclosed invoices were actually performed;
    • The entire amount requested on the enclosed invoice for payment of costs and expenses represents
      the actual amount of costs and expenses incurred;
    • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
      and expenses itemized on the enclosed invoice is requested;
    • No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
      benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
      interest, either through an attorney, officer, or employee of the firm, in any special education
      diagnostic services, schools, or other special education service providers;

    I understand that the making of a false statement to an agency of the D.C. Government is
    punishable by criminal penalties pursuant to D.C Code § 22-2405.

    _____        7/30/07
    Signature                              Date

Revised Nov 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

*State Enforcement and Investigation Division*
### STUDENT HEARING OFFICE
1150 5th Street SE, 1st Floor
Washington, DC 20003
### CONFIDENTIAL[1]

| | |
|---|---|
| IN THE MATTER OF } <br> **Tavon Lee**, DOB: 5/4/1999 } <br> ("Student") } <br> } <br> **Natasha Lee** } <br> ("Parent") } <br> } <br>       PETITIONER, } <br> } <br>         v. } <br> } <br> } <br> **District of Columbia Public Schools** } <br> ("DCPS") } <br> **School for Community Academy PCS** } <br>     RESPONDENT. } | **IMPARTIAL DUE PROCESS** <br><br> **HEARING OFFICER'S DECISION** <br> Complaint Filed: March 4, 2007 <br> Hearing Date:   June 29, 2007 |

Counsel for Student:                   Kimberly Glassman, Esq.
                                       1220 L Street NW #700
                                       Washington, DC 20005

Counsel for DCPS:                      Tiffany Puckett
                                       Office of General Counsel
                                       825 North Capitol Street NE
                                       Washington, DC 20002

## HEARING OFFICER DETERMINATION

### I.    JURISDICTION

The above-captioned matter was scheduled for an Impartial Due Process Hearing pursuant to
the Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of

---

[1] An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify
specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision
as a public record.

Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

## II.    FIVE DAY DISCLOSURES

On or about May 23, 2007, Counsel for Petitioner submitted the five-day disclosure without objection that lists four (4) witnesses and attached twenty-six (26) exhibits labeled and identified as exhibits TL-1 through TL-26.    The original hearing date of May 31, 2007, was continued and Counsel for Petitioner resubmitted the five-day disclosure on June 22, 2007, without objection that lists three (3) witnesses and attached twenty-six (26) exhibits labeled and identified as exhibits TL-1 through TL-26

On or about June 25, 2007, Counsel for District of Columbia Public Schools ("DCPS") submitted the five-day disclosure without objection that lists five (5) witnesses and attached three (3) exhibits labeled and identified as exhibits DCPS-01 through DCPS-03.

## III.    STATEMENT OF THE CASE

Petitioner brought this case on behalf of her minor child, born May 4, 1999, (hereinafter referred to as "T.L." or the "student").    The students individualized educational program ("IEP") indicates that T.L. suffers from multiple disabilities including emotional disturbance ("ED"), learning disabled ("LD"), and other health impairments ("OHI").[2]    The most recent IEP recommends a combined 30.5 hours of specialized instruction, therapy and counseling per week.

On or about May 4, 2007, Counsel for Petitioner filed a Due Process Complaint asserting that DCPS denied the student a Free Appropriate Public Education ("FAPE").    The Due Process Complaint alleges in part that the student was denied FAPE when (1) DCPS failed to propose an appropriate educational placement in a timely manner, and when (2) DCPS placed the student in a school that cannot accommodate the student's IEP.

Petitioner's Complaint as supported by exhibits and testimony asserts that a multidisciplinary team ("MDT") meeting was held on February 1, 2007. During that meeting the MDT team agreed that a recommended increase in special education services required an appropriate placement.    The team further agreed that the meeting would have to be reconvened to determine placement because the placement specialist was not in attendance

---

[2] See Exhibit TL-6 and DCPS-03

on February 1, 2007.[3]    Counsel for DCPS asserts that the student was appropriately placed at the Hamilton Center in April 2007, and thus the issues raised are now moot.[4]

IV.    **ISSUES.**

1)  Whether DCPS denied a free appropriate public education and failed to propose an appropriate educational placement in a timely manner.

2)  Whether DCPS placed the student in a school that cannot accommodate the student's IEP.

V.    **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1)          On or about February 1, 2007, the student's MDT team determined that the current placement was inappropriate and that the placement specialist would need to appropriately place the student to meet the newly revised IEP.

2)          On or about April 13, 2007, the MDT team reconvened to discuss placement and resolution of the issues raised in the Complaint.  As a result of the meeting, DCPS placement specialist sent a written notice to the Petitioner declaring that the student could be appropriately placed at Hamilton Center.  Petitioner testified that she was not satisfied with a number of questions she raised regarding the Hamilton Center. Petitioner further testified that even after visiting the Hamilton Center she was not satisfied that it was an appropriate placement.

3)          On or about April 16, 2007, Petitioner's Counsel sent notice to DCPS that the Petitioner invoked the stay put provision of the IDEA 2004, citing 20 U.S.C. 1415(j) and asserted that DCPS must refrain from any unilateral placement decision pending the resolution of the Complaint.

VI.    **ORDER**

Based on the aforementioned findings of fact and conclusions of law it is hereby **ORDERED**:

That DCPS shall fax written notice to the attention of Kimberly Glassman, within ten days (10) of receiving this Order proposing at least three separate dates and times to convene an MDT meeting to discuss any and all remaining placement issues.  That absent reasonable scheduling conflicts, said proposed dates should be within fifteen (15) days of the faxed correspondence.

_____

[3] See Exhibit TL-7
[4] See Exhibit TL-15

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Date

Student Hearing Office
Date Issued:

Will Purcell, Esq.
Hearing Officer

Copies to:

Kimberly Glassman, Esq.
1220 L Street NW #700
Washington, DC 20005

Tiffany Puckett, Esq.
Office of General Counsel
825 North Capitol Street NE, 9th Floor
Washington, DC 20002

**INDEX OF NAMES**
Tavon Lee v. DCPS

DCPS Asst. General Counsel:      Tiffany Puckett
Petitioner's Attorney:           Kimberly Glassman, Esq.
Mother:                          Natasha Lee

### District of Columbia Public Schools
*State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
1150 5ᵗʰ Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: July 9, 2007


To:    Kimberly, Glassman


Re:   Lee, Tavon


Total Number of Pages Including Cover: 6

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |
| CDS | Crystal D. Spruill |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| CBS | Dr. Carolynn D. Shumate, Ed. D. |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Tavon Lee



July 23, 2007

In Reference To:  Tavon Lee
                  DOB: 5/4/99

Invoice #12637


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/29/2006 | BDL | Conference with parent to discuss opening case and child's educational needs. | 1.50 115.00/hr | 172.50 |
|  | CFC | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
| 11/30/2006 | MT | Drafted letter to parent and prepared file jacket | 0.75 130.00/hr | 97.50 |
| 12/1/2006 | BDL | Draft letter requesting records to Community Academy Public Charter School, DCPS' Special Education Supervisor, Records Department, and Office of General Counsel; includes research of student's school information, gathering General Authorization and TAT form; fax to parties. | 0.50 115.00/hr | 57.50 |
|  | BDL | Draft letter requesting evaluations to Community Academy, DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request, gathered General Authorization and TAT form; fax to parties. | 0.58 115.00/hr | 66.70 |
|  | BDL | Draft letter to parent regarding request for records and evaluations were made on 12-1-06 to the student's school and DCPS administrative offices; includes copying and mailed. | 0.58 115.00/hr | 66.70 |
| 12/7/2006 | CFC | Records review of file | 0.25 365.00/hr | 91.25 |
| 12/12/2006 | BDL | Drafted letter to parent with copy records received. | 0.58 115.00/hr | 66.70 |

Tavon Lee                                                                                Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/14/2006 | CFC | Records review | 1.00<br>365.00/hr | 365.00 |
| 12/21/2006 | CFC | Phone call to N Lee will send her letters of invite | 0.17<br>365.00/hr | 62.05 |
|  | CFC | Phone call to  C Patterson re:  will send N. Lee letters of invite | 0.08<br>365.00/hr | 29.20 |
| 1/9/2007 | CS | Record review | 0.75<br>185.00/hr | 138.75 |
| 1/10/2007 | CS | Phone call to parent | 0.17<br>185.00/hr | 31.45 |
|  | CFC | Discussion with the advocate re upcoming mdt mtg | 0.25<br>365.00/hr | 91.25 |
|  | CS | Discussion with the child's attorney re upcoming mdt mtg | 0.25<br>185.00/hr | 46.25 |
| 1/19/2007 | CFC | Phone call from N Lee re:mtg invite | 0.17<br>365.00/hr | 62.05 |
|  | BDL | Drafted letter to Special Education Coordinator proposing meeting dates. | 0.58<br>115.00/hr | 66.70 |
| 1/23/2007 | BDL | Drafted letter to parent with copy of letter sent to the Special Education<br>Coordinator at Community Academy Public Charter School. | 0.58<br>115.00/hr | 66.70 |
|  | CFC | Phone call from C Patterson re placement | 0.17<br>365.00/hr | 62.05 |
| 1/25/2007 | CFC | Phone call to N Lee re 2/1/07 date  DCPS has to be part of mtg | 0.17<br>365.00/hr | 62.05 |
|  | CFC | Draft email to Cheron re  2/1/07 mtg | 0.17<br>365.00/hr | 62.05 |
|  | CFC | Phone calls to C Patterson re Mom now wants placement and date is ok | 0.17<br>365.00/hr | 62.05 |
|  | CS | Discussion with the child's attorney re mtg schedule | 0.25<br>185.00/hr | 46.25 |
| 1/26/2007 | CS | Draft letter to school re upcoming MDT mtg | 0.42<br>185.00/hr | 77.70 |
|  | CFC | Phone calls to C Patterson re mtg for placement | 0.17<br>365.00/hr | 62.05 |

Tavon Lee

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/31/2007 | CS | Drafted letter to parent re intro | 0.42 185.00/hr | 77.70 |
| | CS | Prepared for upcoming MDT/IEP meeting | 0.50 185.00/hr | 92.50 |
| | BDL | Drafted letter to parent re, Confirmation of Meeting Notice. | 0.25 115.00/hr | 28.75 |
| 2/1/2007 | CS | Attended MDT/IEP @ CAPCS-Rand | 3.00 185.00/hr | 555.00 |
| | CS | Discussion with the child's attorney re MDT mtg | 0.17 185.00/hr | 31.45 |
| | CFC | Phone call from CSB re Mtg | 0.17 365.00/hr | 62.05 |
| 2/5/2007 | CS | Draft letter to attorney re case status | 0.42 185.00/hr | 77.70 |
| 2/24/2007 | CFC | update case status and filed new docs | 0.17 365.00/hr | 62.05 |
| 3/24/2007 | CFC | Reviewed student's file and prepared due process hearing request to DCPS | 3.17 365.00/hr | 1,157.05 |
| 3/26/2007 | CFC | Revised and filed due process hearing request to DCPS | 0.25 365.00/hr | 91.25 |
| | CFC | Discussion with R Neloms re placement | 0.42 365.00/hr | 153.30 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| 3/27/2007 | BDL | Drafted letter to parent with copy of HR. | 0.58 115.00/hr | 66.70 |
| 3/28/2007 | CFC | copy and distribute | 0.17 365.00/hr | 62.05 |
| | CFC | copy and fax law to Roots at Hendley re resolution | 0.33 365.00/hr | 120.45 |
| 3/30/2007 | BDL | Drafted letter to parent with copy of the schedule memorandum. | 0.33 115.00/hr | 37.95 |
| | CS | Telephone call from DCPS staff (Cogdell) | 0.17 185.00/hr | 31.45 |

Tavon Lee

| Date | | Description | Hrs/Rate | Amount |
|------|---|-------------|----------|--------|
| 4/3/2007 | CS | Phone call to parent | 0.17 185.00/hr | 31.45 |
| | CS | Discussion with DCPS staff (Cogdell) re scheduling asnd coordinating resolution session with the charter school | 0.25 185.00/hr | 46.25 |
| 4/4/2007 | CS | Conference with parent re mom participating at mtg via phone | 0.25 185.00/hr | 46.25 |
| | CS | Discussion with DCPS staff (Cogdell) re Dr. Peaglar's ability to partcipate in resolution session if held at charter school. | 0.17 185.00/hr | 31.45 |
| | CS | Draft letter to CAPCS re resolution session | 0.42 185.00/hr | 77.70 |
| | CS | Draft letter to DCPS re resolution session | 0.42 185.00/hr | 77.70 |
| | CS | Telephone call to CAPCS | 0.17 185.00/hr | 31.45 |
| 4/11/2007 | CS | Phone call to parent (2x) | 0.33 185.00/hr | 61.05 |
| 4/12/2007 | CS | Prepared for upcoming resolution meeting | 0.50 185.00/hr | 92.50 |
| 4/13/2007 | CS | Attended resolution session and placement mtg @ CAPCS | 3.00 185.00/hr | 555.00 |
| | CS | Discussion with DCPS staff (Codgell) re resolution meeting notes | 0.25 185.00/hr | 46.25 |
| 4/16/2007 | CS | Draft letter to attorney re resolution session | 0.42 185.00/hr | 77.70 |
| | CS | Phone call to DCPS (Cogdell) | 0.17 185.00/hr | 31.45 |
| | CS | Draft letter to DCPS (Cogdell) re forwarding resolution meeting notes | 0.42 185.00/hr | 77.70 |
| | CS | Discussion with the child's attorney re resolution session | 0.25 185.00/hr | 46.25 |
| | CS | Drafted letter to parent along with MDT notes and Parent's Rights Manual | 0.58 185.00/hr | 107.30 |
| | RN | Discussion with attorney concerning stay-put and strategy. | 0.58 365.00/hr | 211.70 |

Tavon Lee                                                                     Page     5

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/16/2007 | CFC | Discussion with CSB re stay put | 0.25 365.00/hr | 91.25 |
| | CFC | Draft stay put letter | 0.75 365.00/hr | 273.75 |
| | CFC | Draft email to CSB | 0.25 365.00/hr | 91.25 |
| 4/17/2007 | BDL | Assisted attorney with sending a Stay Put notice to Acting Superintendent, Marla Oaks, and Community Academy. | 0.25 115.00/hr | 28.75 |
| | BDL | Drafted letter to parent with copy sent to Acting Associates and Superintendent. | 0.50 115.00/hr | 57.50 |
| 4/19/2007 | CS | Conference with parent re her agreement to visit Hamilton Center | 0.25 185.00/hr | 46.25 |
| 4/20/2007 | CFC | Phone calls to and from N Lee re bus came to take child to Hamilton 2 days student still at Community stay put already filed. | 0.25 365.00/hr | 91.25 |
| | CS | Conference with parent re bus picked him up to take him to a school (Hamilton Center) that parent rejected. | 0.33 185.00/hr | 61.05 |
| | BDL | Contacted Mr. Evan Murray and Dr. Peagler re: stay put left message. | 0.25 115.00/hr | 28.75 |
| | BDL | Record reviewed and discussion with attorney re: stay put. | 0.25 115.00/hr | 28.75 |
| | CS | Discussion with the child's attorney re Stay Put order and transportation sent to child's home | 0.25 185.00/hr | 46.25 |
| 4/26/2007 | CS | Discussion with DCPS staff (Ugoji) re Hamilton Center program description and parent's visit | 0.50 185.00/hr | 92.50 |
| | CS | Phone call from Dr. Peaglar | 0.17 185.00/hr | 31.45 |
| | CS | Conference with parent re her visit to DCPS's proposed placement | 0.50 185.00/hr | 92.50 |
| 5/7/2007 | BDL | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing; includes copying and mailed. | 0.58 115.00/hr | 66.70 |
| 5/8/2007 | CFC | Phone call to k McAuliffe re  Community  Academy as party | 0.17 365.00/hr | 62.05 |
| | CFC | Discussion with R Neloms re Dalton's permission for SPEd coordiantor to testify re placement | 0.50 365.00/hr | 182.50 |

Tavon Lee

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/9/2007 BC | File Review and sent letter to parent/student | | 0.17<br>130.00/hr | 22.10 |
| 5/15/2007 BDL | Drafted letter to parent with copy of letter received from Kathryn T.<br>McAuliffe, Esq. | | 0.50<br>115.00/hr | 57.50 |
| CFC | Discussion with R Neloms | | 0.50<br>365.00/hr | 182.50 |
| 5/16/2007 CFC | Draft letter to SHO re dismissal of Community as party | | 0.42<br>365.00/hr | 153.30 |
| CFC | Phone call to K McAuliffe re dismisssal Ni/Lm | | 0.08<br>365.00/hr | 29.20 |
| BDL | Assisted attorney with preparing fax coversheet and faxed it to Sharon<br>Newsome. | | 0.08<br>115.00/hr | 9.20 |
| 5/17/2007 BDL | Drafted letter to parent with copy of letter sent to Ms. Sharon Newsome. | | 0.33<br>115.00/hr | 37.95 |
| 5/18/2007 CFC | Discussion with the advocate re possibly rescheduling of hearing | | 0.25<br>365.00/hr | 91.25 |
| CS | Discussion with the child's attorney re possibly rescheduling of hearing | | 0.25<br>185.00/hr | 46.25 |
| 5/22/2007 CFC | Prepare disclosure to DCPS | | 1.42<br>365.00/hr | 518.30 |
| 5/23/2007 BDL | Review and draft letter to parent with a copy of the due process hearing<br>notice date sent by the Student Hearing Office for due process hearing;<br>includes copying and mailed. | | 0.50<br>115.00/hr | 57.50 |
| BDL | Assisted attorney to prepare disclosure to DCPS; includes reviewing<br>hearing request, discussion with attorney; retreived documents that are<br>relevant; includes researching witnesses information; draft 5-day<br>disclosure letter, tab documents, make copies and package for courier. | | 1.50<br>115.00/hr | 172.50 |
| 5/24/2007 BDL | Drafted letter to parent with copy of MDT notes 4-13-07. | | 0.50<br>115.00/hr | 57.50 |
| 5/29/2007 CFC | Discussion with D Hill re stay put and continuance | | 0.17<br>365.00/hr | 62.05 |
| CFC | Discussion with Blanca re continuance and call parent to explain effect on<br>stay put | | 0.25<br>365.00/hr | 91.25 |
| BDL | Contacted parent re, HR sent memo to attorney. | | 0.25<br>115.00/hr | 28.75 |

Tavon Lee                                                                                          Page    7

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/30/2007 | CFC | Phone calls to and from T Puckett re continuance and drafting and filing continunace | 0.50 365.00/hr | 182.50 |
| 5/31/2007 | CFC | Appearance to 825 North Capital for due process hearing for continunace | 1.17 365.00/hr | 427.05 |
| 6/13/2007 | BDL | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing; includes copying and mailed. | 0.50 115.00/hr | 57.50 |
| 6/18/2007 | CS | Discussion with the child's attorney re upcoming due process hearing | 0.33 185.00/hr | 61.05 |
| | KG | Prepared for Due Process Hearing | 2.00 365.00/hr | 730.00 |
| | KG | Reviewed file | 1.00 365.00/hr | 365.00 |
| | KG | Discussion with Cheron re: due process complaint | 0.33 365.00/hr | 120.45 |
| 6/19/2007 | KG | Prepared for Due Process Hearing - reviewed disclosures, prepared opening statement, questions for witnesses | 2.50 365.00/hr | 912.50 |
| 6/20/2007 | KG | Phone call to Ms. Lee re: Hearing and witness preparation | 0.25 365.00/hr | 91.25 |
| 6/21/2007 | CS | Discussion with the child's attorney re hearing and my testimony | 0.25 185.00/hr | 46.25 |
| | KG | Discussion with Cheron re: upcoming hearing | 0.67 365.00/hr | 244.55 |
| | KG | Prepared for Due Process Hearing | 0.75 365.00/hr | 273.75 |
| 6/22/2007 | KG | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
| | KG | Phone call to parent to review hearing testimony | 0.75 365.00/hr | 273.75 |
| | HR | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing on 6/29/07; includes copying and mailed | 0.33 115.00/hr | 37.95 |
| | KG | Discussion with Roxanne in preparation for hearing | 0.50 365.00/hr | 182.50 |

Tavon Lee

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/22/2007 | HR | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 0.33 115.00/hr | 37.95 |
| 6/25/2007 | KG | Reviewed disclosures for hearing provided by DCPS | 0.50 365.00/hr | 182.50 |
| | KG | Prepared for Due Process Hearing - prepare opening statement, questions for parent and DCPS | 0.50 365.00/hr | 182.50 |
| | KG | Prepared for Due Process Hearing (with Mr. Hill) | 1.00 365.00/hr | 365.00 |
| 6/26/2007 | KG | Phone call to Ms. Lee to confirm attendance at hearing | 0.08 365.00/hr | 29.20 |
| | KG | Reviewed case law re: resolution meetings/hearings | 0.42 365.00/hr | 153.30 |
| 6/27/2007 | CS | Drafted letter to parent re litigation team change | 0.42 185.00/hr | 77.70 |
| 6/28/2007 | KG | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
| 6/29/2007 | KG | Appearance at Van Ness ES for due process hearing | 2.50 365.00/hr | 912.50 |
| | SD | Appearance at Van Ness ES for due process hearing | 2.50 185.00/hr | 462.50 |
| | | For professional services rendered | 67.46 | $17,645.20 |

Additional Charges :

| | | Amount |
|---|---|---|
| 11/29/2006 | Copied; Intake paperwork for parent | 2.25 |
| | copied intake documents | 17.00 |
| 11/30/2006 | copied letter to parent | 0.50 |
| | Postage; letter to parent. | 0.39 |
| 12/1/2006 | Faxed doc to OSE re: (records + eval req) | 7.00 |
| | Faxed doc to Community Academy re: (records + eval req) | 7.00 |
| | Copied letter to parent | 1.25 |

Tavon Lee                                                                                          Page      9

|  |  | Amount |
|---|---|---|
| 12/1/2006 | Faxed doc to OGC re: (records + eval req) | 7.00 |
|  | Postage; letter to parent re: records and reevaluations request. | 0.87 |
| 12/12/2006 | Copied; Records for parent. | 32.50 |
|  | Rec'd faxed IEp from Community Academy | 10.00 |
| 12/13/2006 | Postage; Records to parent. | 4.20 |
| 12/14/2006 | Rec'd fax from OSE; certificate of No Records | 2.00 |
| 1/22/2007 | copied letter with mtg notes | 0.50 |
| 1/23/2007 | copied letter to parent re: ltr sent to SEC | 1.00 |
|  | Postage; Letter to parent. | 0.39 |
| 1/26/2007 | Faxed doc to CAPCS-Rand re: ltr | 1.00 |
|  | Received fax from Community PCS re: ltr | 4.00 |
| 1/31/2007 | Postage; Letter to parent re: Meeting notice. | 0.39 |
|  | copied letter to parent re: confirmation meeting notice | 1.25 |
|  | Postage; letter to parent | 0.39 |
|  | copied IEP and evals. for advocate | 14.25 |
| 2/5/2007 | copied IEP notes | 4.25 |
| 3/26/2007 | copied HR | 7.00 |
|  | Faxed HR to SHO | 8.00 |
| 3/27/2007 | Copied letter to parent | 0.50 |
|  | postage HR to parent | 0.63 |
| 3/28/2007 | Copied doc for parent re: LOI | 0.50 |
|  | Rec'd faxed letter of invitation from Community PCS | 2.00 |
|  | Copied doc for adv re: LOI | 0.50 |
| 3/30/2007 | copied schedule memorandum for parent | 1.00 |
|  | postage | 0.39 |

Tavon Lee                                                                                    Page    10

|  |  | Amount |
|---|---|---|
| 4/4/2007 | Faxed doc to DCPS  re: mtg confirmation | 2.00 |
|  | Faxed doc to CAPCS  re: mtg confirmation | 2.00 |
| 4/16/2007 | Postage; Letter to parent re: Meeting notes. | 1.35 |
|  | copied mtg notes for parent and attorney | 7.00 |
| 4/17/2007 | Postage; Letter to parent. | 0.63 |
| 4/18/2007 | copied letter to parent | 1.50 |
|  | Facsimile; Stay put to OSE. | 1.00 |
| 5/4/2007 | copied letter to parent and advocate re: hearing notice | 0.75 |
| 5/7/2007 | Postage; Letter to parent. | 0.39 |
|  | Copied; HN for parent. | 0.50 |
| 5/9/2007 | Postage; Letter to parent re: Case status. | 0.39 |
| 5/11/2007 | Facsimile; Letter from Dalton, Dalton & Houston. | 10.00 |
| 5/15/2007 | Copied; Letter for parent. | 1.00 |
|  | Postage; Letter to parent. | 0.58 |
| 5/16/2007 | Faxed letter to SHO/OGC/Attorney | 12.00 |
| 5/17/2007 | Postage; Letter to parent. | 0.58 |
|  | copied letter to parent | 2.50 |
| 5/22/2007 | copied 5 day disclosures | 99.00 |
| 5/23/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | copied 5 day disclosures | 48.50 |
|  | Postage; Letter to parent re: HN | 0.41 |
|  | copied letter to parent re: HN | 0.50 |
| 5/24/2007 | copied letter to parent re: MDT notes | 4.00 |
|  | Postage; Letter to parent re: MDT Meeting notes | 0.92 |
|  | Facsimile; Disclosure from OGC. | 2.00 |

Tavon Lee                                                          Page    11

|  |  | Amount |
|---|---|---|
| 5/30/2007 | Faxed motion for cont. to SHO, OGC, T. Puckett | 6.00 |
| | copied continuance motion for attorney | 1.25 |
| 5/31/2007 | taxi from DCPS | 8.00 |
| 6/13/2007 | copied letter to parent | 1.00 |
| | Postage; Letter to parent re: HN | 0.41 |
| 6/22/2007 | copied letter to parent re: HR notice | 1.25 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Incoming Fax from OGC - 5 Day | 40.00 |
| | Postage; Letter to parent. | 0.41 |
| | Postage; Letter to parent. | 0.58 |
| | Copy for SHO/OGC Disclosure | 4.00 |
| 6/27/2007 | copied letter to parent | 0.50 |
| | copied letter to parent | 1.00 |
| 6/29/2007 | Transportation service to and from  Van Ness ES for hearing | 16.00 |
| | File review preparation of bill and invoice audit | 96.88 |

Total additional charges                                          $556.68

Total amount of this bill                                        $18,201.88

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.17 | 130.00 | $22.10 |
| Blanca De La Sancha, Paralegal | 12.05 | 115.00 | $1,385.75 |
| Cheron Sutton-Brock, Advocate | 17.54 | 185.00 | $3,244.90 |
| Christie Fontaine-Covington, Attorney | 15.88 | 365.00 | $5,796.20 |
| Heidi Romero, Paralegal | 0.66 | 115.00 | $75.90 |
| James E. Brown, Attorney | 0.58 | 405.00 | $234.90 |
| Kimberly Glassman, Esq. | 16.75 | 365.00 | $6,113.75 |
| Michele Torry, Paralegal | 0.75 | 130.00 | $97.50 |
| Roxanne Neloms, Attorney | 0.58 | 365.00 | $211.70 |
| Stephanie Denzel, Advocate | 2.50 | 185.00 | $462.50 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS
# COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  __Tavon Lee__   Date of Birth: May 4, 1999

Address: 931 Longfellow Street NW, Washington, DC 20011

Present School of Attendance: Community Academy

Parent/Guardian of the Student:  Ms. Natasha Lee

**B.** **Legal Representative/Attorney (if applicable):**
Name: ___Christie Fontaine-Covington, Esq.___

Address: 1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__ (e-mail) _____

Will attorney / legal representative attend the resolution session?   **X** Yes       ☐ No

**C.** **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)
**XX**Charter school (name of the charter school if different from page one) _
Community Academy CAPCS-Rand which is its own LEA_____
☐Non-public       school       or       residential       treatment       facility       (name)
_____
☐ Parent

**D.** **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.** **Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.** **Facts and Reasons for the Complaint:**

### I. Nature of the Problem.

1. Tavon Lee (hereinafter, Tavon, T.L. or the student) is a seven year old first grade student at Community Academy Public Charter School- Rand Tech. He began school at Truesdale Elementary where he remained for pre-k and kindergarten.

2. He was retained in kindergarten but transferred to Ideal Academy where he completed a second year of kindergarten. While he was at Ideal he was evaluated and determined as eligible for special education services with a developmentally disabled classification.

3. He has had an IEP for two years. He is classified as MD, ED, LD, OHI, and SLI. He receives 30.5 hours of special education services each week.

4. Student has had a functional behavioral assessment and currently has a behavioral intervention program in place. Tavon struggles to keep up in his classes and his behavior is very disruptive in class.

2

5. An MDT meeting was held on February 1, 2007. The purpose of the meeting was to review the IEP and to discuss placement. The IEP was revised with an increase in service hours from 27 to 30.5. The parent and the MDT team agreed that the current placement was not appropriate and that the student needed an appropriate placement. The DCPS placement specialist, Dr. Peagler was not at the meeting. CAPCS said that they would forward the new IEP to Dr. Peagler the next morning so that a meeting with a DCPS placement specialist present could be held. Nearly two months later Dr. Peagler's office has failed to propose meeting dates to discuss placement or to even offer a notice of placement.

## II. Specific Allegations

### 1. DCPS' failure to propose an appropriate educational placement in a timely manner is a violation of DCMR, the IDEIA and a denial of FAPE which entitles the student to compensatory education

Title 5, 3013.1 DCMR reads: The LEA shall ensure that the educational placement decision for a child with a disability is (a) made by a group of persons, including the parent and the other persons, knowledgeable about the child, the meaning of the evaluation data, and the placement options, made in conformity with the Least Restrictive Environment (LRE) provision of the Act and section 3011 of this chapter; (c) made within timelines consistent with applicable local and Federal law;..."

Tavon was evaluated and the assessments were completed in November 2006. The IEP was completed in November 2006 and revised February 2007. The DCPS placement specialist did not attend the MDT meeting held to discuss placement. A placement should have been proposed by DCPS before the end of February 2007. However, as of this date DCPS has not proposed an adequate placement for the student.

20 U.S.C. 1414(7) (e) states that "Each local educational agency or State educational agency shall ensure that the parents of each child with a disability are members of any group that makes decisions on the educational placement of their child." The parent has requested placement meetings but DCPS has not cooperated and has not fulfilled its obligation. DCPS must hold a meeting with the parent's participation to agree on the IEP goals and decide on a proposed appropriate placement for the student.

T.L... is being denied FAPE because his assessments show that his current placement is inappropriate but DCPS will not meet with the parent and propose an appropriate placement for the student. Each day that T.L. remains in an inappropriate placement results in a loss of educational benefits for the student. This loss of educational benefit then triggers the need for compensatory education to remedy and

3

compensate the student for the time he has lost when he was made to remain in an inappropriate placement.

### 2. DCPS current placement for the student is inappropriate and can not accommodate student's IEP

The student's most recent IEP's state that the placement for him would be out of general education. General Education placement was rejected as not restrictive enough as was the combination of resource and general placement. According to Section V on his IEP he is supposed to spend 100% of his time in specialized instruction and related services and 0% of time in the regular education setting. Crystal Patterson the special education coordinator and the MDT team completed a prior notice requesting a change in placement because Community Academy Rand Campus is not restrictive enough and can not address the student's multiple needs.

### III. Issues presented.

**1. Whether DCPS' failure to propose an appropriate educational placement in a timely is a violation of DCMR, the IDEIA and is a denial of FAPE that entitles the student to compensatory education?**
**2. Whether student's current placement is inappropriate and unable to address the student's IEP and his multiple needs**

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS violated the IDEIA when it failed to have a placement specialist attend the meeting held to review the IEP goals and to propose an appropriate placement for the student

2. A finding that that student is entitled to compensatory education for the loss of educational benefit caused by DCPS failure to propose an appropriate placement.

3. A finding that the student's current placement is inappropriate and can not implement his IEP.

3. DCPS, within ten (10) calendar days of the issuance of the HOD to convene the student's MDT/IEP meeting to review the student's evaluations and develop the student's IEP, and discuss and determine appropriate placement and compensatory education.

4

4. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

5. In the event that the DCPS shall fail to comply with the terms herein, then the parents shall have the authority to use self help  without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

6. DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities</u>, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

7. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

8. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c) (2) (B), provide the parents' representative, Christie Fontaine-Covington, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the   following:  1) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

9. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

10. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

11. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

12. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f) (1) (B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

14. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f) (1) (B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receives a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

15. DCPS ordered to pay reasonable attorney fees and costs

**G.**    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session
Meeting/Mediation Conference/Due Process Hearing.

**H.**    **Signature:**

_____    _____
Legal Representative / Advocate (if applicable)        Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

7

# Exhibit F



Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                       James Brown & Assoc., PLLC
    Attorney:                       James Brown
    Federal Tax ID No:              52-1500760
    D.C. Bar No:                    61622

2.  Student Information
    Name:                           Porter, Brandon
    DOB:                            4/27/94
    Date Hearing Request Filed:     5/30/06
    Date(s) of Hearing:             7/31/06
    Date of Determination (HOD/SA): 7/18/07
    Parent/Guardian Name:           Evelyn Porter
    Parent/Guardian Address:        4020 First St., SE, #204
                                    Washington, DC 20036

3.  Invoice Information
    Invoice Number:                 07-231
    Date Request Submitted:         7/30/07
    Date(s) of Services Rendered:   8/17/06 to 7/18/07
    Attorney Hourly Rate:           $    365.00
    Total Attorney Fees:            $  1,406.40
    Total Attorney Costs:           $    209.18
    Total Experts:                  $    384.80
    Total Invoice:                  $  2,000.38

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    • All services listed on the enclosed invoices were actually performed;
    • The entire amount requested on the enclosed invoice for payment of costs and expenses represents
      the actual amount of costs and expenses incurred;
    • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
      and expenses itemized on the enclosed invoice is requested;
    • No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
      benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
      interest, either through an attorney, officer, or employee of the firm, in any special education
      diagnostic services, schools, or other special education service providers;
    • I understand that the making of a false statement to an agency of the D.C. Government is
      punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _James Brown_ signature          7/30/07
    Signature                        Date

    *Revised Nov. 2004*

# District of Columbia Public Schools

**Office of Management Services**
Tonya M. Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

## Confidential

| | | |
|---|---|---|
| BRANDON PORTER, STUDENT | ) | |
| | ) | |
| Date of Birth: April 27, 1994 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: July 31, 2006* |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |

### FINAL AFTER INTERIM HEARING OFFICER'S DECISION

**Parents:**                    Ms. Evelyn Porter, Mother
                                4020 First Street, SE.
                                Washington, D.C. 20032

**Counsel for Petitioner:**     Domiento C. R. Hill, Esquire
                                James E. Brown & Associates
                                1220 L Street, N.W.
                                Suite 700
                                Washington, D.C. 20005
                                (202) 742-2000; Fax: (202) 742-2098

**Counsel for DCPS:**           Tiffany Puckett, Esquire
                                Office of the General Counsel, DCPS
                                825 North Capitol Street, N.E.; 9th Floor
                                Washington, D.C. 20002

*In the Matter of B.P.*

## I.    JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to Public Law 108-446, the *Individuals with Disabilities Education Improvement Act of 1997 (I.D.E.I.A.)*, 20 U.S.C.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURE

Petitioner: Presented a Disclosures Letter and untabbed disclosures. The disclosure letter states that the packet contains disclosures labeled BP1-BP12. Petitioner presented Evelyn Porter, Petitioner's mother, as a witness.

Respondent: Presented a disclosure letter and untabbed disclosures labeled DCPS01-DCPS02.

## IV.    STATEMENT OF THE CASE

The Student Hearing Office of DCPS received a hearing request on May 30, 2006 and, scheduled a Due Process Hearing for July 31, 2006 at 3:00pm at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. The Hearing convened as scheduled. Petitioner alleges that DCPS failed to adhere to a hearing officer's determination dated March 6, 2006 ordering that a MDT meeting be convened to review Petitioner's evaluations and discuss and determine placement. Attorney Advisor Tiffany Puckett appeared in person for DCPS. Attorney Domiento Hill appeared in person on behalf of Petitioner.

## V.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

Respondent DCPS does not refute Petitioner's allegation that the MDT team which convened on June 1, 2006 failed to identify a placement or agree on the appropriateness of compensatory education. The team redefined Petitioner's disability classification and that redefinition may have further obscured the identification of a placement. While it is probable that the team planned to reconvene at some time in order to complete compliance with the hearing officer's determination, DCPS has failed to meet the timeline for complete performance. Hence, DCPS has not complied with the March 6, 2006 hearing officer's determination and further relief is warranted.

*In the Matter of B.P.*

Since the 2006-2007 school year begins within three weeks, placement must be expeditiously identified. Petitioner's counsel proffers that Petitioner has an application pending at Prospect Academy and has also been accepted at High Roads. Petitioner's mother provided unrefuted testimony that after touring both High Roads and Prospect Academy she felt that Prospect Academy was a better academic environment for her son in which her son could achieve educational benefit. On August 10, 2006, it was held by this hearing officer that DCPS should:

1.  place and fund Petitioner at Prospect Academy for the 2006-2007 school year contingent upon acceptance. The placement shall include transportation; and,

2.  convene a placement meeting to determine placement and if the Petitioner is not accepted at Prospect Academy

**IT IS FURTHER ORDERED,** that since the Petitioner has now begun Prospect Learning Center, a Final Order is now appropriate.

**IT IS FURTHER ORDERED,** that DCPS shall assure that an MDT meeting is convened to review all of Petitioner's evaluations and update the Petitioner's IEP, discuss and determine placement and determine if any compensatory education is warranted. If this meeting is not convened by August 11, 2007, DCPS shall fund an interim placement at Prospect until the meeting is convened. The interim placement shall include transportation.

Tonya M. Butler Truesdale
Hearing Officer

Date: July 17, 2007
* Interim Order issued August 10, 2006. Proposed Findings of Fact provided 6/16/07.

Issued: 7/18/07

3

*In the Matter of B.P.*

Copies to:

Domiento C. R. Hill, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

4

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: July 18, 2007

To:  D. Hill

Re:  Porter, Brandon

Total Number of Pages Including Cover: 5

**CONFIDENTIALITY NOTICE:** The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |
| CDS | Crystal D. Spruill |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| CBS | Dr. Carolynn D. Shumate, Ed. D. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Brandon Porter
Evelyn Porter
4020 1st Street., SE
Apt # 204
Washington DC 20032

July 24, 2007
In Reference To:    Brandon Porter
                    DOB: 4/27/94
Invoice #12652

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/17/2006 | CMM | Draft letter to Prospect Learning Center with copy of HOD requesting funding | 0.58 115.00/hr | 66.70 |
| | CMM | Drafted letter to parent/enclosded copy of letter sent to Prospect Learning Center regarding placement funding | 0.58 115.00/hr | 66.70 |
| 8/18/2006 | DD | Reviewed the student's file to locate the student's most current IEP to provide to the principal at Prospect Learning Center. | 0.50 185.00/hr | 92.50 |
| | DD | Phone call from parent to check status of new school year placement | 0.50 185.00/hr | 92.50 |
| 8/21/2006 | DD | Phone call to Hart to get a copy of his most recent IEP | 1.00 185.00/hr | 185.00 |
| 8/29/2006 | CMM | Drafted letter to parent/enclosed advocate letter, IEP and resolution meeting notes | 0.58 115.00/hr | 66.70 |
| 9/1/2006 | KD | copies made of Status Report and Rqst for Final Determination for hand-delivery to DCPS (8th and 9th Floors)/filed confirmations in case file/added to case notes | 0.25 115.00/hr | 28.75 |
| 2/28/2007 | DD | Reviewed MDT invitation letter received from paralegal | 0.08 185.00/hr | 14.80 |
| 4/17/2007 | BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 6/6/2007 | DH | Draft and send letter to the impartial due process hearing officer requesting a status report on the student's final HOD. | 0.33 365.00/hr | 120.45 |

Brandon Porter                                                                                           Page    2

|            |     |                                                                                                                                                               | Hrs/Rate          | Amount     |
|------------|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------|------------|
| 6/16/2007  | DH  | Review the student's educational file, prepare Petitioner's Proposed Findings of Fact and Conclusions of Law for the impartial due process hearing officer.       | 2.00 365.00/hr    | 730.00     |
| 7/12/2007  | KD  | Drafted letter to parent/enclosed copy of Atty's 6-6-07 Ltr to DCPS rqstng final HOD decision/copy to advc and file/added to case notes                           | 0.58 115.00/hr    | 66.70      |
| 7/16/2007  | KD  | Reviewed case file for 2006 HN, Interim HOD, and HR-Complaint Notice; sent same via fax to SHO (Tonya Butler-Truesdale)/re-filed originals in case file and added to case notes | 0.33 115.00/hr    | 37.95      |
| 7/18/2007  | KD  | Drafted letter to parent/enclosed copy of the 7-18-07 HOD/copy to advc and file/added to case notes                                                              | 0.58 115.00/hr    | 66.70      |
|            | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent                                                                                          | 0.33 405.00/hr    | 133.65     |
|            |     | For professional services rendered                                                                                                                              | 8.39              | $1,791.20  |

Additional Charges :

| 8/17/2006 | Postage; letter to parent                                                                    | 0.39  |
|-----------|----------------------------------------------------------------------------------------------|-------|
|           | Facsimile; letter w/HOD from Prospect LC.                                                     | 5.00  |
| 8/20/2006 | Facsimile Received from Kano Hudson re: IEP                                                   | 8.00  |
| 8/21/2006 | Copied; IEP for parent and attorney.                                                          | 3.75  |
| 8/29/2006 | Postage; IEP and MDT w/letter to parent.                                                      | 1.11  |
| 9/1/2006  | Messenger Service to and from DCPS (Parent's Report)                                          | 20.00 |
|           | Copied; request for final determination to SHO and OGC.                                       | 12.50 |
| 4/17/2007 | Postage; Letter to parent re; case status.                                                    | 0.39  |
| 6/6/2007  | Faxed letter to OGC/SHO                                                                        | 26.00 |
| 6/16/2007 | Faxed motion to OGC                                                                            | 5.00  |
| 7/12/2007 | copied letter to parent re: atty's 6/6/07 ltr to DCPS requesting final HOD decision          | 4.25  |
|           | Postage; letter to parent                                                                     | 0.41  |
| 7/16/2007 | Faxed interim HOD, HN, HR to SHO                                                               | 14.00 |
| 7/18/2007 | copied letter to parent re: HOD                                                                | 1.50  |

Brandon Porter                                                                      Page    3

|  |  | Amount |
|---|---|---|
| 7/18/2007 | Rec'd faxed HOD from SHO | 5.00 |
|  | copied HOD | 5.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $209.18 |
|  | Total amount of this bill | $2,000.38 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.17 | 130.00 | $22.10 |
| Claudia M.Martinez, Paralegal | 1.74 | 115.00 | $200.10 |
| Domiento Hill, Attorney | 2.33 | 365.00 | $850.45 |
| Donte Davis, Advocate | 2.08 | 185.00 | $384.80 |
| James E. Brown, Attorney | 0.33 | 405.00 | $133.65 |
| Kelly Dau, Paralegal | 1.74 | 115.00 | $200.10 |

EXHIBIT
*BP-2*

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  _Brandon Porter_   Date of Birth: _April 27, 1994_

Address:  _4020 First Street, SE #204, Washington, DC 20032_

Present School of Attendance:  _Hart Middle School_

Is this a charter school? __No__     (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ___Ms. Evelyn Porter___

## B. Legal Representative/Attorney (if applicable):

Name: _Domiento C.R. Hill, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?     **X** Yes     ☐ No

## C. Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐Charter school (name of the charter school if different from page one)_____

☐Non-public school or residential treatment facility (name)_____

☐Parent

## D. Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E. Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

## F. Facts and Reasons for the Complaint:

### I. Nature of the Problem.

1. DCPS Denied the Student With a Free and Appropriate Public Education by Failing to Comply with the Hearing Officer's Decision of March 6, 2006, and do, *Inter Alia*, Reconvene the Student's MDT/IEP Meeting to Review the Student's Evaluations, Revise His Individualized Educational Program and Discuss and Determine Placement. An

administrative due process hearing was held for the student on or about February 13, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter issued an administrative due process order in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, fund the parent's independent social history, adaptive vineland assessment, and speech and language evaluations. See Order dated March 6, 2006. The Order went on to state that DCPS will convene an MDT/IEP Meeting within fifteen (15) days of receipt of the last of the evaluations. Id.

The student's speech and language evaluation was conducted on or about March 21, 2006. See Speech and Language Evaluation dated March 21, 2006.

The student's adaptive vineland assessment was completed on or about April 20, 2006. See Adaptive Vineland Assessment dated April 20, 2006.

Copies of the student's evaluation were provided to the special education coordinator at the student's current school on or about May 1, 2006. DCPS never responded.

Counsel for the parent, on or about May 12, 2006, wrote to the Director of Mediation and Compliance, informing them that DCPS had yet to make any attempts to comply with the Order of the independent hearing officer. DCPS, for a second time, failed to respond.

A third letter was sent to DCPS, by counsel for the parent, on or about May 17, 2005, requesting that the student's MDT/IEP Meeting be reconvened. DCPS, for a third time, failed to respond.

## II. Issues presented.

1. Whether or not DCPS denied the student a Free and Appropriate Public Education by failing to comply with the March 6, 2006, Order of the independent hearing officer.

## III.   Relief Sought.

**WHEREFORE**, the parent, by and through counsel, pursuant to the Conciliation Agreement entered into on May 12th, 1981 between the U.S. Department of Education and the District of Columbia Public Schools, hereby requests the following relief:

1. A finding that DCPS denied the student a Free and Appropriate Public Education by failing to comply with the March 6, 2006 Order of the independent hearing officer;

2. DCPS agrees to place and fund the student, at the Phillips School of Laurel, the Chelsea School, the Monroe School, the Lab School, or any other appropriate program the parent locates, with transportation;

3. DCPS, within five (5) business days of their receipt of the evaluation(s) agrees to convene the student's BLMDT/IEP Eligibility Meeting, to review all outstanding evaluations, revise and update the student's IEP to reflect the need for a full-time special education program, discuss and determine if a change in placement is

necessary, and, and discuss and determine placement;

4. DCPS agrees to provide the student with four (4) hours of compensatory education services a week, in the form of one-on-one tutoring, for two (2) years;

5. DCPS agrees to pay counsel for the parent reasonable attorney's fees;

6. All meetings shall be scheduled through counsel for the parent, Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

7. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

11. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's regular education teacher, 2) the school counselor, 3) a special education teacher, 4) a representative of the local education agency with decision making authority, 5) a person who can interpret the data, 6) any person(s) who conducted any assessments on the student, and 7) any service providers for the student;

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

## G.   **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please                        specify                    the type)_____

- Special         Communication         (please         describe         the type)_____

5

- Special    Accommodations    for    Disability    (please    be
  specific)_____
- Other_____

**H.    Signature:**

_____    5/30/06
Legal Representative / Advocate (if applicable)    Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            4668
RECIPIENT ADDRESS   92024425556
DESTINATION ID
ST. TIME            05/30 07:38
TIME USE            00'52
PAGES SENT          7
RESULT              OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Ann Kreske* |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne D. Neloms |
| | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**TO:**    Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE**:    May 30, 2006

**FAX NO**: 202-442-5556

**SUBJECT:** B.P., DOB: 4/27/94

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 7

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000. and destroy all copies of this message and any attachments.

# Exhibit G



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

**Office of the Superintendent**
**Office of the General Counsel**
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                          James E. Brown & Assoc., PLLC
    Attorney:                          James E. Brown
    Federal Tax ID No:                 52-1500760
    D.C. Bar No:                       61622

2.  **Student Information**
    Name:                              Elvis, Dayvonne
    DOB:                               6/18/97
    Date Hearing Request Filed:        5/16/07
    Date(s) of Hearing:                7/19/07
    Date of Determination (HOD/SA):    7/26/07
    Parent/Guardian Name:              Joann Elvis
    Parent/Guardian Address:           2417 18th Place, SE
                                       Washington, D.C. 20020

3.  **Invoice Information**
    Invoice Number:                    07-244
    Date Request Submitted:            7/30/07
    Date(s) of Services Rendered:      10/20/06 to 7/27/07
    Attorney Hourly Rate:              $      365.00
    Total Attorney Fees:               $    7,245.30
    Total Attorney Costs:              $      483.16
    Total Experts:                     $    2,451.25
    Total Invoice:                     $   10,179.71

4.  **Certification (must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          _____ 7/30/07
    Signature                                 Date

    *Revised Nov. 2004*

# District of Columbia Public Schools
## State Enforcement and Investigation Division
### Kimm H. Massey, Esq., Due Process Hearing Officer
1150 5th Street, S.E., Washington, DC 20003
Facsimile:  (202) 689-3825
Phone:  (202) 698-3819

## Confidential

| | | |
|---|---|---|
| ELVIS, DAYVONNE, Student | ) | |
| Date of Birth:  06/18/1997 | ) | |
| | ) | |
| Petitioner, | ) | **IMPARTIAL DUE** |
| | ) | **PROCESS HEARING** |
| vs. | ) | **OFFICER'S DECISION** |
| | ) | |
| The District of Columbia Public Schools, | ) | Complaint Date: May 16, 2007 |
| Attending:  Moten Elementary School | ) | |
| | ) | Hearing Date: July 19, 2007 |
| Respondent. | ) | |
| | ) | Hearing Held: 1150 5th St., S.E. |
| | | Washington, DC 20003 |

| | |
|---|---|
| Parent: | Ms. JoAnn Elvis<br>2417 18th Place, S.E.,<br>Washington, DC  20020 |
| Counsel for the Parent/Student: | John Straus, Esq.<br>James E. Brown and Assoc., PLLC<br>1220 L Street, NW, Suite 700<br>Washington, D.C.  20005 |
| District of Columbia Public Schools: | Stephanie Ramjohn Moore, Esq.<br>Attorney-Advisor<br>Office of the General Counsel<br>825 North Capitol Street, NE,<br>9th Floor<br>Washington, D.C.  20002 |

1

**JURISDICTION**

The Due Process hearing was convened and this Decision and accompanying Order written pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §§ 1400 et. seq., the implementing regulations for IDEIA, 34 C.F.R. Part 300, and Title V, Chapter 30 of the District of Columbia Municipal Regulations ("D.C.M.R.").

**INTRODUCTION**

Student is ten years old, and he attends Moten Elementary School ("Moten"). On May 16, 2007, counsel for Parent and Student ("Petitioner's counsel") filed a Due Process Complaint ("Complaint") against the District of Columbia Public Schools ("DCPS"), alleging that DCPS denied Student a free appropriate public education ("FAPE") by failing to conduct an educational achievement assessment for Student in violation of 34 C.F.R. §§ 300.303(a), 300.304(c)(4) and (6). As relief for DCPS's alleged violation of IDEIA, Petitioner requested, *inter alia*, a finding that Student had been denied a FAPE, the funding of an independent reevaluation of Student, and an IEP meeting to be convened after completion of the reevaluation.

DCPS did not respond to the Complaint. On May 30, 2007, Petitioner filed a Motion for Default Judgment ("Default Motion"), which was based upon DCPS's violation of 34 C.F.R. § 300.508(e) as a result of its failure to respond to the Complaint within ten days of receipt of same. By Order issued June 11, 2007, the chief hearing officer denied Petitioner's Default Motion as a pre-hearing matter.

The Student Hearing Office scheduled a Due Process Hearing for July 19, 2007 at 11:00 a.m. By letter dated July 12, 2007, Petitioner's Counsel disclosed four potential witnesses and fifteen documents labeled DE-1 through DE-15. DCPS did not submit a Five-Day Disclosure.

The due process hearing was convened on July 19, 2007. As preliminary matters, (1) Petitioner renewed its Default Motion, or in the alternative, requested that the burden of persuasion be shifted to DCPS due to its failure to respond to the Complaint, and (2) DCPS made an oral motion to dismiss, for a finding that the complaint was frivolous, and for sanctions. DCPS asserted in support of its motion that DCPS had been under the impression that Petitioner was going to withdraw its Complaint prior to the due process hearing because the Complaint concerned an educational evaluation that had been completed on April 27, 2007, which was prior to the filing of the Complaint on May 16, 2007. Petitioner's counsel responded that Parent was unaware that the evaluation had already been completed when the Complaint was filed, because Petitioner's counsel did not receive the evaluation report until June 7, 2007, when it was faxed to him by a staff member at Moten. Parent's counsel further represented that Student's current IEP does not reflect the results of the evaluation because the evaluation was completed after the IEP was prepared on March 7, 2007, that DCPS's letter offering to hold a resolution

2

session to review evaluations had been faxed to the wrong attorney in Plaintiff's office, with the result that Petitioner's counsel did not timely receive the letter, and that Petitioner's counsel later responded to DCPS, suggesting new dates for holding the resolution session, but never heard anything back.

Upon consideration of the arguments and representations of counsel, the hearing officer denied Petitioner's Default Motion, ruling that DCPS had withstood the motion by directing the hearing officer to evidence sufficient to support its belief that the Complaint was going to be withdrawn because the assessment at issue had already been completed. The hearing officer also denied DCPS's motion to dismiss, for a finding that the complaint was frivolous, and for sanctions, on the ground that Petitioner had withstood the motion by presenting evidence sufficient to demonstrate that Petitioner's counsel did not receive the evaluation report until after the Complaint had been filed.

Thereafter, Petitioner requested an IEP meeting to review the evaluation and revise Student's IEP, as appropriate, to address the recommendations included in the evaluation report, and DCPS requested a finding that there had been no denial of a FAPE in this case. The hearing officer agreed to order an IEP meeting to review the evaluation and revise Student's IEP, as appropriate. With respect to the issue of whether Student had been denied a FAPE, the hearing officer deferred ruling until issuance of the instant Decision and Order so as to ensure sufficient time to thoroughly review the record.


## WITNESSES

**For Petitioner:**
None

**For DCPS:**
None


## FINDINGS OF FACT

1. Student is ten years old, and he attends Moten Elementary School.[1]

2. In the evaluation report for a clinical evaluation of Student that was conducted on December 14, 2006 and January 15, 2007, the evaluator recommended updated testing to determine Student's current academic functioning levels, including an evaluation of his cognitive processing abilities.[2]

3. At a March 7, 2007 MDT/IEP meeting, the MDT team recommended an updated academic evaluation for Student and prepared a Student Evaluation Plan so indicating,

---

[1] See Complaint.
[2] Petitioner's Exhibit DE-12.

Parent signed a Consent for Evaluation form, and the MDT team recommended an extended school year ("ESY") program for Student to prevent him from regressing during the summer.[3]

4. By letter to DCPS dated April 11, 2007, Petitioner's counsel requested a status report on the educational evaluation of Student, along with any completed assessment reports.[4]

5. On May 16, 2007, Petitioner's counsel filed the Complaint that initiated this case.

6. On May 25, 2007, DCPS sent a letter to Petitioner's counsel's law firm, but addressed the letter to an attorney other than Petitioner's counsel. In the letter, DCPS suggested May 29, 30 or 31, 2007 as potential dates for a resolution session to review Student's completed evaluations and address other outstanding issues.[5]

7. By letter dated May 30, 2007, Petitioner's counsel advised DCPS that its May 25, 2007 letter offering to hold a resolution session had been sent to the wrong attorney, and Petitioner's counsel proposed alternative dates for the resolution session.[6]

6. By letter to DCPS dated May 31, 2007, Petitioner's counsel sent a follow-up to its April 11, 2007 letter to DCPS, noting that it had not received a response to the previous letter, and once again requesting a status report regarding the educational evaluation along with any completed assessment reports.[7]

7. On June 7, 2007, DCPS faxed a copy of Student's educational evaluation report to Petitioner's counsel. The report revealed that the evaluation had been conducted on April 27, 2007.[8]

8. By letter dated June 8, 2007, Petitioner's counsel once again advised DCPS that its letter offering to hold a resolution session had been sent to the wrong attorney and proposed alternative dates for the resolution session.[9]

9. To date, no meeting has been convened to review Student's completed educational evaluation and to revise, if appropriate, his IEP.

## CONCLUSIONS OF LAW

The only issue remaining for decision is whether Student has been denied a FAPE. At the due process hearing, DCPS maintained that there has been no denial of a FAPE. Petitioner's counsel asserted, however, that DCPS's conduct in this case deprived Parent

---

[3] Petitioner's Exhibit DE-13.
[4] Petitioner's Exhibit DE-14.
[5] Petitioner's Exhibit DE-7.
[6] Petitioner's Exhibit DE-9.
[7] Petitioner's Exhibit DE-8.
[8] Petitioner's Exhibit DE-15.
[9] Petitioner's Exhibit DE-6.

of an opportunity to participate in the decision-making regarding Student's education, which constituted a denial of a FAPE.

IDEIA provides that in matters alleging a procedural violation, a hearing officer may find that a child did not receive a FAPE only if the procedural inadequacies impeded the child's right to a FAPE, significantly impeded the parent's opportunity to participate in the decision-making process regarding the provision of a FAPE to the child, or caused a deprivation of educational benefits. 34 C.F.R. § 300.513

The evidence in this case demonstrates that DCPS conducted the educational evaluation of Student approximately thirty-seven school days after the MDT team requested the evaluation, but failed to timely forward the evaluation report to Petitioner's counsel. The evidence further demonstrates that although DCPS attempted to convene a resolution session in May of 2007 to review Student's evaluation, the resolution session was never held because DCPS inadvertently sent its letter to the wrong attorney at Petitioner's counsel's firm. The hearing officer concludes that DCPS's procedural missteps in this case did not rise to the level of a denial of a FAPE in light of the standard set forth at 34 C.F.R. § 300.513. However, because it has been determined that Student is eligible for ESY services, the hearing officer further concludes that DCPS must promptly convene an MDT/IEP meeting to review Student's educational evaluation report and revise his IEP, as appropriate.

In consideration of the foregoing, the hearing officer makes the following

## ORDER

1. Within five business days of the issuance of this Decision and Order, DCPS shall convene an MDT/IEP meeting to review the results of Student's April 27, 2007 educational evaluation and to revise, as appropriate, Student's IEP.

2. All communications made in connection with the execution of this Order shall be made through Petitioner's counsel.

This is the FINAL ADMINISTRATIVE DECISION in this matter. Any party
aggrieved by the findings and decision may APPEAL to a State court of competent
jurisdiction or a district court of the United States, without regard to the amount in
controversy, within 90 days from the date of the decision pursuant to 20 U.S.C. §
1415(i)(2).

Kimm H. Massey, Esq.
Impartial Hearing Officer

7/24/2007
Date

Issued: 7/26/07
Student Hearing Office, DCPS

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: July 26, 2007


To: John, Straus


Re: Elvis, Dayvonne


Total Number of Pages Including Cover: 7


**CONFIDENTIALITY NOTICE:** The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |
| CDS | Crystal D. Spruill |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| CBS | Dr. Carolynn D. Shumate, Ed. D. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

7/20/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Dayvonne Elvis




July 31, 2007

In Reference To:   Dayvonne Elvis
                   DOB: 6/18/97
Invoice #12694


        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/20/2006 | JS | Reviewed letter to parent | 0.08<br>365.00/hr | 29.20 |
| 10/25/2006 | JS | Draft letter to Moten Center, Office of General Counsel and parent | 0.33<br>365.00/hr | 120.45 |
| 11/6/2006 | JS | Reviewed letter to Mediation and Compliance, Lenore Verra, Dr. Quinn, Moten and parent | 0.08<br>365.00/hr | 29.20 |
| 11/13/2006 | DP | Phone call to Dr. Mack regarding phone number to the parent so that she can contact her regarding Evaluation of the student. | 0.25<br>115.00/hr | 28.75 |
| 11/15/2006 | JS | Reviewed letter to parent | 0.08<br>365.00/hr | 29.20 |
|  | DP | Drafted letter to parent regarding letter drafted to DCPS by this office. Providing her with a copy for record. | 0.58<br>115.00/hr | 66.70 |
| 2/2/2007 | DP | Drafted letter to DCPS / Attorney notifying of the completed independent evaluations and requesting a meeting pursuant to the HOD. | 0.58<br>115.00/hr | 66.70 |
|  | DP | Drafted letter to parent regarding completion of the independent evaluations. | 0.58<br>115.00/hr | 66.70 |
|  | JS | Reviewed letter to Mediation and Compliance, Moten Elementary School, Office of General Counsel and parent | 0.08<br>365.00/hr | 29.20 |

Dayvonne Elvis

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 2/28/2007 JS | Review the student's educational file, phone call to parent, conduct educational research to determine remedies available to the parent, draft and file administrative due process complaint notice alleging DCPS denied the student FAPE by failing to implement the IEP | 2.00 365.00/hr | 730.00 |
| 3/5/2007 WD | Reviewed file. Called parent. Left message. | 0.33 185.00/hr | 61.05 |
| 3/6/2007 WD | Reviewed file and prepared for meeting. | 1.00 185.00/hr | 185.00 |
| 3/7/2007 WD | Attended MDT/IEP @ Moten ES. | 4.50 185.00/hr | 832.50 |
| 3/27/2007 WD | Reviewed hearing request. | 0.17 185.00/hr | 31.45 |
| 3/30/2007 DP | Prepared placement packet to Chelsea School, Kingsbury, High Road, Pathways, Potomac Ridge; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; copied and mailed documents. | 2.00 115.00/hr | 230.00 |
| WD | Reviewed file. Called parent and school meeting notice.   Left message. | 0.75 185.00/hr | 138.75 |
| JS | Reviewed letter to Potomac Ridge, High Roads, Kingsbury, Pathways | 0.08 365.00/hr | 29.20 |
| 4/6/2007 WD | Reviewed file. | 0.50 185.00/hr | 92.50 |
| 4/11/2007 JS | Reviewed letter from SHO | 0.08 365.00/hr | 29.20 |
| 5/1/2007 DP | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing on May 10, 2007; includes copying and mailed. | 0.50 115.00/hr | 57.50 |
| 5/3/2007 DP | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier. | 1.75 115.00/hr | 201.25 |
| JS | Reviewed the student's educational file.  Prepare disclosure documents for Office of General Counsel and Student Hearing Office in preparation for the student's administrative due process complaint hearing.  Provided instructions to paralegal regarding filing documents.  Send five-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.00 365.00/hr | 365.00 |
| 5/7/2007 JS | Draft answer to motion to dismiss | 2.00 365.00/hr | 730.00 |

Dayvonne Elvis                                                                                          Page    3

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 5/9/2007 WD | Prepared for Due Process Hearing | 1.00 185.00/hr | 185.00 |
| 5/10/2007 WD | Appearance to 825 North Capital for due process hearing | 1.25 185.00/hr | 231.25 |
| JS | Conduct final review of the parent's and DCPS' five-day disclosures and student's educational file, review questions for direct examination of parent witnesses, possible redirect, possible cross examination of DCPS witnesses, and conduct final witness preparation with the parent and educational advocate, review opening and closing statements, conduct last minute educational research and appearance at the student's administrative due process complaint notice hearing | 2.00 365.00/hr | 730.00 |
| 5/15/2007 JS | Prepared and filed request for due process hearing to address DCPS' failure to conduct a reevaluation; failure to provide an appropriate IEP; and request for compensatory education services | 2.00 365.00/hr | 730.00 |
| 5/16/2007 JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| JS | Filed due process hearing request | 0.08 365.00/hr | 29.20 |
| WD | Reviewed hearing request. | 0.25 185.00/hr | 46.25 |
| 5/30/2007 JS | Draft motion for default decision | 0.33 365.00/hr | 120.45 |
| 5/31/2007 JS | Reviewed letter to Moten Elementary School, Office of General Counsel and parent | 0.08 365.00/hr | 29.20 |
| DP | Drafted letter to DCPS / Attorney requesting status reports on DCPS progress in completed evaluations requested by the parent. | 0.58 115.00/hr | 66.70 |
| 6/15/2007 CMM | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on 6-8-07; includes copying and mailed | 0.58 115.00/hr | 66.70 |
| 7/6/2007 DP | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing on July 19, 2007; includes copying and mailed | 0.50 115.00/hr | 57.50 |
| 7/12/2007 DP | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier. | 1.75 115.00/hr | 201.25 |
| JS | Reviewed the student's educational file.  Prepare disclosure documents for Office of General Counsel and Student Hearing Office in preparation for the student's administrative due process complaint hearing.  Provided instructions to paralegal regarding filing documents.  Send five-day | 1.50 365.00/hr | 547.50 |

Dayvonne Elvis                                                                          Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. |  |  |
| 7/18/2007 | WD | Prepared for Due Process Hearing | 1.50 185.00/hr | 277.50 |
|  | JS | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
| 7/19/2007 | WD | Appearance at Van Ness ES for due process hearing | 2.00 185.00/hr | 370.00 |
|  | JS | Conduct final review of the parent's and DCPS' five-day disclosures and student's educational file, review questions for direct examination of parent witnesses, possible redirect, possible cross examination of DCPS witnesses, and conduct final witness preparation with the parent and educational advocate, review opening and closing statements, conduct last minute educational research and appearance at the student's administrative due process complaint notice hearing before Hearing Officer Massey | 2.50 365.00/hr | 912.50 |
| 7/26/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
|  |  | For professional services rendered | 39.61 | $9,696.55 |
|  |  | Additional Charges : |  |  |
| 11/6/2006 |  | Postage; Letter to parent re: evaluation request. |  | 0.39 |
| 11/15/2006 |  | Postage; Letter to parent. |  | 0.39 |
| 2/2/2007 |  | Postage; letter to parent (independent evals) |  | 0.87 |
|  |  | copied letter to parent |  | 0.50 |
| 3/30/2007 |  | postage placement packs to High Road |  | 3.75 |
|  |  | postage placement packs to Kingsberry |  | 3.75 |
|  |  | postage placement  packs Pathways |  | 3.75 |
|  |  | postage placement packs to Potomac Ridge |  | 3.75 |
|  |  | copied placement packet to Potomac Ridge |  | 25.75 |
|  |  | copied placement packet to Pathways |  | 25.75 |
|  |  | copied placement packet to Kingsberry |  | 25.75 |

Dayvonne Elvis                                                                    Page    5

|  |  | Amount |
|---|---|---|
| 3/30/2007 | copied placement packet to High Road | 25.75 |
| 4/11/2007 | Rec'd faxed notice from SHO | 1.00 |
| 4/13/2007 | Facsimile; Letter from Potomac Ridge. | 2.00 |
| 5/1/2007 | copied letter to parent | 0.50 |
|  | Postage; Letter to parent. | 0.39 |
| 5/3/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied; Disclosure for SHO, OGC and attorney. | 80.25 |
| 5/10/2007 | Taxi service to and from DCPS for hearing | 17.00 |
| 5/16/2007 | Faxed HR to SHO | 7.00 |
|  | copied HR | 6.00 |
| 5/25/2007 | Facsimile; Letter from Wilkinson. | 4.00 |
| 6/15/2007 | Postage; Letter to parent re: HOD. | 0.58 |
|  | copied letter to parent re: HOD | 2.25 |
| 7/6/2007 | Postage; letter to parent. | 0.41 |
|  | copied letter to parent | 0.50 |
| 7/12/2007 | copied disclosures | 74.25 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | -20.00 |
| 7/19/2007 | Transportation service to and from Van Ness ES for hearing | 16.00 |
| 7/26/2007 | copied HOD | 7.00 |
|  | Rec'd faxed HOD from SHO | 7.00 |
| 7/27/2007 | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $483.16 |
|  | Total amount of this bill | $10,179.71 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Claudia M.Martinez, Paralegal | 0.58 | 115.00 | $66.70 |

Dayvonne Elvis                                                                 Page     6

| Name | Hours | Rate | Amount |
|---|---|---|---|
| David Proctor, Paralegal | 9.07 | 115.00 | $1,043.05 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| John Straus, Attorney | 15.80 | 365.00 | $5,767.00 |
| Williams Daywalt Jr., Advocate | 13.25 | 185.00 | $2,451.25 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    **INFORMATION ABOUT THE STUDENT:**

Name of the Student: _Dayvonne Elvis_ Date of Birth: June 18, 1997

Address: _2417 18th Place, S.E., Washington D.C. 20020_

Present School of Attendance: _Moten Elementary School_

Parent/Guardian of the Student: __Joann Elvis__

**B.**     **Legal Representative/Attorney (if applicable):**

Name: _____John Straus, Esq._____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_        (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**C.**     **Complaint Made Against (check all that apply):**

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.**     **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**PLEASE SCHEDULE AN EXPEDITED HEARING FOR THIS MATTER**

**E.**     **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing _only_ at this time.**

**F.**     **Facts and Reasons for the Complaint:**

**I.  Nature of the Problem.**

1. On May 13, 2005, the student received a Clinical/Psychoeducational evaluation. The evaluation report states, in part, "Dayvonne should…receive special education services under 'Other Health Impaired'." *See* Clinical/Psycho-educational evaluation, dated May 17, 2005.

2.  On May 31, 2005, the IEP team convened and determined that Dayvonne is a student with a disability under the Individuals with Disabilities Education Act.

3.  On December 14, 2006 and January 15, 2007, the student received a Clinical Psychological assessment. Te evaluator reviewed the May 2005 Psychoeducational assessment and recommended updated testing to determine the student current academic functioning levels, including an evaluation of the student cognitive processing abilities. *See* Clinical Evaluation, dated December 14, 2006 and January 15, 2007.

4.  On March 7, 2007 the team convened to review the Clinical Psychological Evaluation and Social History. The team determined the student requires an educational achievement assessment based on the recommendation in the clinical evaluation. *See* IEP and meeting notes, dated March 7, 2007.

5.  On April 11, 2007, the parent, through counsel requested a status report regarding the student's educational evaluation. *See* correspondence, dated April 11, 2007.

6.  To date, to the best of the parent's knowledge an understanding, DCPS has yet to complete the educational achievement assessment.

## II. Issue presented

**DCPS failed to provide a free and appropriate public education by failing to complete a reevaluation of the student.**

Pursuant to 34 C.F.R. § 300.303 (a), DCPS "must ensure that a reevaluation of each child with a disability is conducted…if [DCPS] determines that the educational or related services needs, including improved academic achievement and functional performance, of the child warrant a reevaluation; or if the child's parent or teacher requests a reevaluation." Pursuant to 34 C.F.R. § 300.304(c)(4) and (6), DCPS shall ensure that "the child is assessed in all areas related to the suspected disability…[and] in evaluating each child with a disability…the evaluation is sufficiently comprehensive to identify all of the child's special education and related services needs, whether or not commonly linked to the disability category in which the child has been classified."

On March 7, 2007, the IEP team determined the student requires an educational achievement assessment. There is nothing in the record that indicates DCPS completed an educational achievement assessment.

## III.    Relief Sought.

1.  A finding that DCPS denied the student a free and appropriate public education by failing to complete a reevaluation of the student.

2. DCPS shall fund an independent reevaluation of the student; including an educational achievement assessment and any other assessments determined necessary by the evaluator.

3. DCPS shall convene an IEP Meeting within five days of receipt of the evaluations, to review the assessments, revise the IEP consistent with the assessments and determine an appropriate placement for the student where the IEP may be implemented. If the student is placed outside of the District of Columbia, DCPS shall complete the interstate compact and level of care within five days. All issues with respect to compensatory services are reserved.

4. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

5. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6. DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

7. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

8. In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

9. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

10. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

11. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the

complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

12. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

13. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

14. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

15. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that BP's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

16. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

5

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

**H.    Signature:**

_John Sha____ May 16, 2007_____

Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

# Exhibit H



DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                               James Brown & Assoc., PLLC
    Attorney:                               James Brown
    Federal Tax ID No:                      52-1500760
    D.C. Bar No:                            61622

2.  **Student Information**
    Name:                                   Mafuz, Raphael
    DOB:                                    12/16/97
    Date Hearing Request Filed:             5/25/07
    Date(s) of Hearing:                     7/26/07
    Date of Determination (HOD/SA)          7/31/07
    Parent/Guardian Name:                   Cheryl Mafuz
    Parent/Guardian Address:                2633 Stanton Rd., SE, #302
                                            Washington, DC 20020

3.  **Invoice Information**
    Invoice Number:                         07-264
    Date Request Submitted:                 3/16/07
    Date(s) of Services Rendered:           2/21/07 to 8/6/07
    Attorney Hourly Rate:                   $    365.00
    Total Attorney Fees:                    $  4,631.90
    Total Attorney Costs:                   $    238.03
    Total Experts:                          $  1,418.95
    Total Invoice:                          $  6,288.88

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents
      the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
      and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
      benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
      interest, either through an attorney, officer, or employee of the firm, in any special education
      diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is
      punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____        8/16/07
    Signature                              Date

                                                            Revised Nov. 2004

# District of Columbia Public Schools
## State Enforcement and Investigative Division

## CONFIDENTIAL

**Marsha Epps Edwards, Esquire**
*Due Process Hearing Officer*
**1150 5th Street, S.E.**
**Washington, D.C. 20003**
**(202) 698-3819 (telephone)**
**(202) 698-3825 (facsimile)**

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | HEARING OFFICER'S DECISION |
| **Raphael Mafuz, Student** | ) | |
| Date of Birth:  16 December 1994 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Request Date: 25 May 2007 |
| | ) | Resolution Session Date:11 June 2007 |
| v. | ) | Hearing Date: 26 July 2007 |
| | ) | |
| District of Columbia Public Schools | ) | Held at:  1150 5th Street, S.E. |
| Home School:  Kendall Elementary | ) | Washington, D.C.  20003 |
| *Kimball Ptg* | ) | |
| Respondent. | ) | |

Parent:

Ms. Cheryl Mafuz
123 Name of Street
Washington, D.C.

Parent's Counsel:

John Straus, Esquire
James E. Brown & Associates PLLC
1229 L Street, N.W., Suite 700
Washington, D.C. 20005

Counsel for District of Columbia Public Schools:

Tiffany Puckett, Esquire
Office of the General Counsel
DCPS
825 North Capitol Street, N.E.
Washington, D.C.  20002

# District of Columbia Public Schools
## State Enforcement and Investigative Division
### INDEX OF NAMES
**Raphael Mafuz**
**26 July 2007**

| | |
|---|---|
| Assistant superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Student and Student's DCPS ID# or SSN | |
| Parent/Guardian (specific relationship) | |
| Student's/Parent's Representative | John Straus, Esquire |
| DCPS Representative | Tiffany Puckett, Esquire |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## INTRODUCTION

This hearing was held on Thursday, 26 July 2007 at 1150 5th Street, S.E., Washington, D.C. 20003. John Straus, Esquire represented the parent, who was present. Tiffany Puckett, Esquire represented DCPS. The educational advocate, Mr. William Daywalt, testified by telephone. The parent waived review of due process rights.

## JURISDICTION

This hearing was held and this decision was written pursuant to P.L. 108-446, the *Individuals with Disabilities Education Improvement Act of 2004* ("IDEA"), Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT OF THE CASE AND BACKGROUND INFORMATION

The child, who is nine years old and has been classified with multiple disabilities, is enrolled at Kimball Elementary School. He lives with his maternal grandmother. The Complaint alleges that on or about 9 June 2006, the IEP team determined that the student required psychological, speech-language and occupational therapy assessments.

The Complaint further alleges that on or about 21 September 2006, a psycho-educational assessment was completed by DCPS [RM-06]. The evaluator noted that the student was hospitalized at Children's Hospital in 2005 due to head trauma and that the student may be a student with Traumatic Brain Injury. The assessment recommended that the student be referred for a neurological assessment and potentially for neuropsychological testing. The same psycho-educational evaluation suggested that an occupational therapy evaluation may be useful.

On or about 28 November 2006, the Complaint alleges that the parent, through counsel, requested that DCPS conduct a neurological assessment, a neuropsychological assessment, and an occupational therapy assessment. To date, the Complaint states, DCPS has failed to conduct a neurological evaluation or a neuropsychological evaluation, and to convene an IEP meeting to review the evaluations.

## PRELIMINARY MATTERS

Parent's counsel made an oral motion for a default determination based on the notes from the Resolution Meeting, at which it is alleged that DCPS refused to conduct the requested evaluations. The refusal, counsel stated, prejudiced the parent's case, as does DCPS's failure to provide a timely response. The suspected disability that precipitated parent's request for the evaluations is Traumatic Brain Injury, which is recognized by *IDEA* as a disability.

DCPS's counsel opposed the motion, stating that it was not timely in that it was not filed five days prior to the hearing, as required by the Standard Operating Procedures. There is

1

no prejudice to the child, DCPS argued, because the parent already was aware of DCPS's position, since several meetings have been held and the parent has been notified of the agency's reason for not providing all of the requested evaluations. There has been nothing presented by the parent to establish a need for neurological or neuropsychological evaluations, counsel stated.

Ruling was reserved until the final Determination is issued.

## DUE PROCESS RIGHTS

Reading of due process rights was waived.

## DOCUMENTS

*Parent's counsel timely produced the following documents:*

Documents identified as RM-01 through RM-11 were listed in parent's disclosure, and that index is incorporated herein by reference.

*DCPS's counsel produced the following documents following the disclosure deadline:*

Documents identified as DCPS-01 through DCPS-02 were listed in DCPS's disclosure, and that index is incorporated herein by reference.

DCPS-001 is the same as RM-01. DCPS-02 is a computer generated version of the student's most recent IEP, which lacks the handwritten notes.

*The Hearing Officer requested and hereby takes administrative notice of the following:*

IEP dated 14 June 2007.

## ISSUES AND CONTENTIONS

*The parent, through counsel, raised the following issues:*

1.    Whether DCPS denied the student a free appropriate public education ("FAPE") by failing to provide neurological and neuropsychological evaluations;

2.    Whether DCPS denied the student FAPE by refusing to review the evaluations.

*DCPS, through counsel raised the following defense:*

1.    DCPS conducted a neuropsychological evaluation of the student in August of 2005 and reviewed the evaluation at an October 2006 IEP meeting;

2

2.    An independent psycho-educational evaluation was completed in October of 2006.

## TESTIMONY

Ms. Cheryl Mafuz, the maternal grandmother and guardian of the child, testified that the child spent his first two and a half years in foster care before coming to live with her in 2001. She began the evaluation process after his behaviors began manifesting.

The student was found eligible for special education services while enrolled at Payne Elementary and Savoy Elementary Schools, before coming to Kimball. DCPS referred the child to Children's Hospital.

Ms. Mafuz testified that around the spring of 2006, the child had a flashback while being bathed and began screaming that he'd been hit on the head by the foster mother in his previous placement. Ms. Mafuz testified that she became aware of the head injury after the 2005 neuropsychological assessment.

Ms. Mafuz stated that she wants additional evaluations conducted because the child has a difficult time remembering and gets frustrated because he can't remember.

She is unaware of occupational therapy assessments having been done, although she state on cross examination that she recalled DCPS stating during the February 2007 meeting that she attended by telephone. that it would fund an occupational therapy evaluation

Ms. Mafuz was present at the 14 June 2007 IEP meeting. She was accompanied by her educational advocate, and signed off on the IEP.

Mr. William Daywalt, educational advocate, has been to several meetings at Kimball Elementary School regarding the student. He mentioned the February 2007 and June 2007 meetings in particular.    In February, the student's current IEP and current placement were reviewed.    The independent psycho-educational evaluation was not reviewed because the parent had failed to ensure that the evaluation was presented on the evaluator's letterhead. He did not recall whether the psycho-educational assessment recommended any additional assessments, although there was a discussion concerning an outstanding occupational therapy assessment that was subsequently completed and reviewed at the June 2007 meeting. He verified that the IEP was adjusted in May 2007 to reflect the occupational therapist's findings and recommendations, and recalled a discussion about an existing and current neuropsychological evaluation

## FINDINGS OF FACT

The child has been in the legal custody of his guardian and maternal grandmother since April of 2001, when he was three years old [RM-06]. From birth until age three, the child was in foster care. *Id.* The child has attended DCPS since enrolling in kindergarten at age five. He was determined eligible for special education services on 18 May 2005

3

RM-05]. He has been diagnosed as OHI (Other Health Impaired) with Educational Disability, Emotional Disturbance.

He was living with his grandmother at the time he was hospitalized at Children's Hospital during 2005 due to head trauma. *Id.* The psycho-educational evaluation completed is September of 2006 indicated that "further testing for neurological indicators is likely to be beneficial." [RM-06] The parent requested additional evaluations under the belief that the child may possibly suffer from Traumatic Brain Injury in addition to the existing classifications of OHI with Educational Disability and Emotional Disturbance.

The neuropsychological evaluation was first requested in November of 2006 [RM-07]. However, a hearing was requested on this matter in February of 2007, and a Resolution Meeting held [RM-08]. Although the meeting notes do not indicate whether the evaluations that had been recommended in the psycho-educational evaluation were to be provided or funded by DCPS, the parent later notified the agency that the parent had obtained independent comprehensive occupational therapy and psycho-educational evaluations [RM-10], which begs the question as to why the parent chose not to obtain the other evaluations independently.

The Hearing Officer did not find the parent to be a particularly credible witness, and has heavily relied on the record, such as it is, in reaching a Determination in this matter.

## CONCLUSIONS OF LAW

*IDEA* requires that a child be evaluated in all areas of suspected disability. 34 C.F.R. § 300.301. It also states that a child with a disability must be reevaluated if the agency determines that circumstances warrant, or if the parent or teacher requests a reevaluation. 34 C.F.R. § 300.303 (a) (1), (2). Assuming that DCPS had provided a neuropsychological evaluation in 2005, the parent requested a new one after a 2006 psycho-educational evaluation recommended further evaluations as a result of the head trauma that the child experienced. DCPS, however, provided no documentary or testimonial evidence to support a finding that DCPS conducted evaluations after the student suffered the head trauma. The agency could have opted to request a due process hearing to prove that the evaluations were unnecessary, but it failed to do that as well.

DCPS has failed to establish that it has complied with the requirements of *IDEA* by evaluating the student in all areas of suspected disability.

## DECISION AND ORDER

DCPS shall immediately fund independent neuropsychological and neurological evaluations;

The parent shall provide DCPS with copies of the evaluations within 48 hours of receipt;

4

DCPS shall schedule a meeting within 10 business days of the receipt of the last evaluation, convene a meeting to discuss the findings, and adjust the student's IEP and placement, if warranted.

## APPEAL PROCESS

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

*Marsha Epps Edwards*

Marsha Epps Edwards, Esquire
Independent Hearing Officer

Date:   31 July 2007
Issued: 7/31/07

5

# District of Columbia Public Schools
### State Enforcement & Investigation Division

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| **Raphael Mafuz** | ) | |
| Petitioner, | ) | **IMPARTIAL** |
| v. | ) | **DUE PROCESS HEARING** |
| | ) | |
| **District of Columbia Public Schools,** | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEA) 20 U.S.C. §§ 1400 et seq.

**Case Information:**   **Hearing Request Date:** 25 May 2007
**Hearing Date:** 26 July 2007
**Held at:**   1150 5th Street, S.E.
             Washington, D.C. 20003
**Student's Birth Date:**  16 December 1997
**Attending School:** Kimball Elementary

## CERTIFICATION OF RECORD

I, **Marsha Epps Edwards**, Impartial Due Process Hearing Officer in this matter, do hereby certify that I have returned the entire record to the Student Hearing Office in the above captioned matter consisting of all:

 a.  documents and tangible things submitted to the Hearing Officer during the hearing, whether or not formally admitted into evidence, along with an index of exhibits admitted;
 b.  correspondence and pleadings filed with the Student Hearing Office (exhibits, letters, pleadings, files or orders); and
 c.  Interim Orders and the Hearing Officer's Determinations.

I further certify that the materials included in the SHO file for this student are either the original or true copy of the original documents submitted in this matter.

Executed this 31st day of July, 2007.              *Marsha Epps Edwards*

Marsha Epps Edwards, Esquire
Due Process Hearing Officer

6

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: July 31, 2007

To:   J. Straus

Re:   Mafuz, Raphael

Total Number of Pages Including Cover: 9

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |
| CDS | Crystal D. Spruill |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| CBS | Dr. Carolynn D. Shumate, Ed. D. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Mafuz, Rapheal
Cheryl Mafuz
2633 Stanton Road, SE
#302
Washington DC 20020

August 08, 2007

In Reference To:   Rapheal Mafuz
DOB: 12/16/97

Invoice #12710

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/21/2007 | JS | Reviewed letter to Kimball Elementary School, Office of General Counsel and parent | 0.08 365.00/hr | 29.20 |
|  | DP | Drafted letter to DCPS / Attorney requesting a copy of the evaluations requested or a status report regarding the evaluations. | 0.58 115.00/hr | 66.70 |
| 2/28/2007 | DP | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on February 15, 2007; includes copying and mailed | 0.58 115.00/hr | 66.70 |
|  | JS | Reviewed letter to parent | 0.08 365.00/hr | 29.20 |
| 3/2/2007 | DP | Drafted letter to DCPS / Attorney notifying them of the intent of this office to secure independent evaluations of the student. | 0.58 115.00/hr | 66.70 |
|  | DP | Prepared independent evaluations/assessments referral packet to Cohn & Associates/etc; includes reviewing file, retrieving evaluations, IEP, school records and draft letter; fax. | 1.00 115.00/hr | 115.00 |
| 3/12/2007 | WD | Attended MDT/IEP @ Kimball ES | 3.00 185.00/hr | 555.00 |
| 4/5/2007 | WD | Discussion with the child's attorney. | 0.17 185.00/hr | 31.45 |
|  | JS | Discussion with advocate | 0.17 365.00/hr | 62.05 |

Mafuz, Rapheal

Page     2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/16/2007 DP | Drafted letter to DCPS / Attorney notifying of the completion of the independent evaluations recieved by this office. | | 0.50 115.00/hr | 57.50 |
| DP | Drafted letter to parent providing her with a copy of the independent evaluations recieved by this office.  Also provided her with a copy of the letter sent to DCPS. | | 0.50 115.00/hr | 57.50 |
| 4/17/2007 WD | Reviewed file. | | 0.50 185.00/hr | 92.50 |
| 5/22/2007 JS | Prepared and filed request for due process hearing to address DCPS' failure to conduct reevaluations; failure to provide an appropriate IEP; and request for compensatory education services | | 2.00 365.00/hr | 730.00 |
| 5/25/2007 JEB | Examined and certified hearing request filed by attorney | | 0.50 405.00/hr | 202.50 |
| JS | Filed due process hearing request | | 0.08 365.00/hr | 29.20 |
| 6/8/2007 WD | Reviewed file and prepared for meeting | | 1.00 185.00/hr | 185.00 |
| 6/11/2007 WD | Attended MDT/IEP @ Kimball ES | | 3.00 185.00/hr | 555.00 |
| 7/19/2007 JS | Reviewed the student's educational file.  Prepare disclosure documents for Office of General Counsel and Student Hearing Office in preparation for the student's administrative due process complaint hearing.  Provided instructions to paralegal regarding filing documents.  Send five-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | | 1.50 365.00/hr | 547.50 |
| DP | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier. | | 2.00 115.00/hr | 230.00 |
| DP | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office for due process hearing on July 27, 2007; includes copying and mailed. | | 0.50 115.00/hr | 57.50 |
| 7/26/2007 JS | Conduct final review of the parent's and DCPS' five-day disclosures and student's educational file, review questions for direct examination of parent witnesses, possible redirect, possible cross examination of DCPS witnesses, and conduct final witness preparation with the parent and educational advocate, review opening and closing statements, conduct last minute educational research and appearance at the student's administrative due process complaint notice hearing before Hearing Officer Edwards | | 4.00 365.00/hr | 1,460.00 |

Mafuz, Rapheal                                                                                  Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/1/2007 | DP | Prepared independent evaluations/assessments referral packet to Interdynamics; includes reviewing file, retrieving evaluations, IEP, school records and draft letter; copied documents and faxed. | 1.00 115.00/hr | 115.00 |
|  | DP | Drafted letter to DCPS / Attorney notifying them of the referral for independent evaluations sent by this office pursuant to the HOD. | 0.58 115.00/hr | 66.70 |
|  | DP | Drafted letter to parent regarding independent evaluation referral sent by this office. | 0.58 115.00/hr | 66.70 |
|  | DP | Prepared independent evaluations/assessments referral packet to Interdynamics; includes reviewing file, retrieving evaluations, IEP, school records and draft letter; copied documents and faxed. | 1.00 115.00/hr | 115.00 |
|  | JS | Reviewed letter to Mediation and Compliance, Office of General Counsel, Kimball Elementary School and parent | 0.08 365.00/hr | 29.20 |
|  | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| 8/2/2007 | JS | Phone call from parent regarding HOD | 0.33 365.00/hr | 120.45 |
| 8/3/2007 | DP | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on July 31, 2007; includes copying and mailed. | 0.50 115.00/hr | 57.50 |
| 8/6/2007 | JS | Phone call from parent regarding Interdynamics | 0.33 365.00/hr | 120.45 |

|  |  |  |  |  |
|---|---|---|---|---|
|  | For professional services rendered |  | 27.05 | $6,050.85 |

Additional Charges :

| 2/28/2007 | Postage; Letter to parent re: HOD. | 0.63 |
|---|---|---|
|  | copied letter to parent | 0.50 |
| 4/9/2007 | Rec'd faxed OT from Conaboy | 10.00 |
| 4/16/2007 | Postage; Evalautions to parent. | 1.11 |
|  | copied letter to parent | 0.50 |
| 5/25/2007 | copied hearing request | 6.00 |
|  | Faxed hearing request to SHO | 7.00 |
| 7/19/2007 | copied disclosures | 60.50 |

Mafuz, Rapheal                                                                    Page    4

|  |  | Amount |
|---|---|---|
| 7/19/2007 | copied letter to parent | 0.50 |
|  | Postage; letter to parent | 0.41 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/26/2007 | Transportation service to and from Van Ness ES for hearing | 16.00 |
| 7/31/2007 | Rec'd faxed HOD from SHO | 9.00 |
|  | copied HOD | 9.00 |
| 8/6/2007 | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $238.03 |
|  | Total amount of this bill | $6,288.88 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| David Proctor, Paralegal | 9.90 | 115.00 | $1,138.50 |
| James E. Brown, Attorney | 0.83 | 405.00 | $336.15 |
| John Straus, Attorney | 8.65 | 365.00 | $3,157.25 |
| Williams Daywalt Jr., Advocate | 7.67 | 185.00 | $1,418.95 |

*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# _Due Process Complaint Notice_

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   **INFORMATION ABOUT THE STUDENT:**

Name of the Student: <u>Raphael Mafuz</u> Date of Birth: December 16, 1997

Address: 2633 Stanton Road, S.E., Apartment #302, Washington, DC 20020

Present School of Attendance: Kimball Elementary School

Parent/Guardian of the Student: Cheryl Mafuz

## B.   **Legal Representative/Attorney:**

Name: John Straus, Esq.

Address: 1220 L Street, N.W., Suite 700

Washington, DC 20002

Phone: (w) (202) 742-2000 (Fax) (202) 742-2098

Will attorney / legal representative attend the resolution session?   <u>X</u> Yes          ☐ No

## C.     <u>Complaint Made Against (check all that apply)</u>:

**X** DCPS school (name of the school if different from page one)_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.     <u>Resolution Session Meeting Between Parent/Representative and LEA</u>:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

## E.     <u>Mediation Process</u>:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

## F.     <u>Facts and Reasons for the Complaint</u>:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I. <u>Nature of the problem</u>.**

1. On June 9, 2006, the IEP team determined that the student required a Psychological Assessment, Speech and Language assessment and an Educational assessment. *See* IEP and meeting notes, dated June 9, 2006.

2. On September 21, 2006, the student received a psychoeducational assessment from DCPS. The evaluator noted the student was hospitalized at Children's Hospital, Washington, DC in 2005 due to head trauma and that the student may be a student with a Traumatic Brain Injury. The assessment recommended the student be referred for neurological assessment and potentially neuropsychological testing. An occupational

2

therapy evaluation may be used in order to determine benefits from therapy within the student's educational program. *See* Psychoeducational Evaluation, dated October 5, 2006.

3.  On November 28, 2006, the parent, through counsel, requested DCPS conduct a Neurological assessment, Neuropsychological assessment and an Occupational Therapy assessment. *See* correspondence, dated November 28, 2006.

4.  On February 26, 2007, the IEP team determined that DCPS will fund an independent Occupational Therapy evaluation. The team agreed to determine the need for a Neurological assessment and a Neuropsychological assessment after the team reviews the October 5, 2006 Psychoeducational assessment. *See* resolution meeting notes, dated February 26, 2007. *See* Resolution meeting notes, dated February 26, 2007.

5.  On March 22, 2007, the student received an independent Occupational Therapy evaluation. The evaluator recommended the student receive thirty minutes of Occupational Therapy per week and provided specific recommendations regarding occupational therapy services and classroom accommodations. *See* Comprehensive Occupational Therapy Evaluation, dated March 22, 2007.

6.  On April 16, 2007, the parent, through counsel, sent a copy of the October 5, 2006 psychoeducational assessment and the March 22, 2007 Occupational Therapy assessment and requested an IEP team meeting. *See* correspondence, dated April 16, 2007.

7.  To date, to the best of the parent's knowledge, DCPS has not conducted Neurological assessment or a Neuropsychological assessment of the student or convened an IEP team to review the assessments.

**II. Issues presented.**

>  1.  **DCPS failed to evaluate the student in all areas of suspected disability to determine the student's special education and related services needs.**

Pursuant to 34 C.F.R. § 300.304(c)(4) and (6), DCPS shall ensure that "the child is assessed in all areas related to the suspected disability...[and] in evaluating each child with a disability...the evaluation is sufficiently comprehensive to identify all of the child's special education and related services needs, whether or not commonly linked to the disability category in which the child has been classified." Pursuant to 34 C.F.R. § 300.303(a)(2), DCPS shall ensure "a reevaluation of each child with a disability is conducted...if the child's *parent* or teacher requests a reevaluation. [emphasis added]"

The psychoeducational evaluation recommends that the student receive a Neurological assessment and a Neuropsychological assessment to rule out Traumatic Brain Injury. The parent, through counsel, requested a Neurological assessment and Neuropsychological assessment. DCPS failed to conduct any of the assessments.

>  2.  **DCPS failed to provide a free and appropriate public education by failing to review the student's independent evaluations.**

3

Pursuant to 34 C.F.R. 1826 "as part of any reevaluation...the IEP Team and other
qualified professionals, as appropriate, must review existing data on the child, including
evaluations and information provided by the parents of the child...and on the basis of that
review, and input from the child's parents...determine...the educational needs of the
child..." Further, pursuant to 34 C.F.R. § 300.502(c)(1),

> If the parent obtains an independent educational evaluation at public expense
> or shares with the public agency an evaluation obtained at private expense, the
> results of the evaluation must be considered by the public agency, if it meets
> agency criteria, in any decision made with respect to the provision of FAPE to
> the child.

The parent provided DCPS a copy of the psycho-educational evaluation that states the
student may be a student with a traumatic brain injury and a copy of the occupational therapy
evaluation that states the student needs occupational therapy services. The IEP team has not
reviewed the independent evaluations.

III. **To the extent known to you at this time, how can this problem be resolved?**

1.  The hearing officer shall find that DCPS denied the student a free and appropriate
    public education by failing to evaluate the student in all areas of suspected disability
    to determine the student's special education and related services needs.

2.  The hearing officer shall find that DCPS denied the student a free and appropriate
    public education by failing to review the student's independent evaluations

3.  DCPS shall fund an independent neurological assessment and neuropsychological
    assessment.

4.  DCPS shall convene an IEP Meeting within five school days, to review the
    assessments, revise the IEP consistent with the assessments and determine an
    appropriate placement for the student where the IEP may be implemented. All issues
    with respect to compensatory education are reserved.

5.  DCPS agrees to pay counsel for the parent reasonable attorney's fees and related
    costs incurred in the matter.

6.  All meetings shall be scheduled through counsel for the complainant in writing, via
    facsimile, at 202-742-2098.

7.  DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS.
    tit. 3021.8 (2003), of all evaluation reports and all educational records on the student
    no later than sixteen (16) business hours prior to the convening of any meeting.

8.  DCPS shall send all notices to counsel for the parent with copies of such to the parent
    and in the parent's native language.

9.  DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34
    C.F.R. § 300.508(e), shall provide the complainant's representative, through John
    Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS
    proposed or refused to take the action raised in the complaint; ii) a description of

4

rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

10. In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

11. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

12. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

13. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

14. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

15. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

16. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the complainant with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations

5

programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

17. Pursuant to D.C. Mun. Regs. tit. 5 § 3000 et. seq., DCPS shall ensure that the student's rights and the complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

18. The hearing officer shall find that the parent is the prevailing party in this action.

## G.   Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.   Signature:

_____   May 25, 2007
Legal Representative / Advocate (if applicable)         Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

6

# Exhibit I



Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. Attorney Information
   Law Firm:             James Brown & Assoc., PLLC
   Attorney:             James Brown
   Federal Tax ID No:    52-1500760
   D.C. Bar No:          61622

2. Student Information
   Name:                          Rowe, Vernon
   DOB:                           5/23/95
   Date Hearing Request Filed:    5/21/07
   Date(s) of Hearing:            7/24/07
   Date of Determination (HOD/SA): 8/3/07
   Parent/Guardian Name:          Edna McManus
   Parent/Guardian Address:       3010 22nd St., SE
                                  Washington, DC 20020

3. Invoice Information
   Invoice Number:               07-265
   Date Request Submitted:       8/16/07
   Date(s) of Services Rendered: 4/5/07 to 8/6/07
   Attorney Hourly Rate:         $    365.00
   Total Attorney Fees:          $ 15,113.30
   Total Attorney Costs:         $    428.09
   Total Experts:                $  5,192.95
   Total Invoice:                $ 20,734.34

4. Certification (must be signed by principal attorney)

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____    8/16/07
   Signature                          Date

   Revised Nov. 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>
## Charles R. Jones, Jr., Esq., Due Process Hearing Officer
## Van Ness Elementary School
## 1150 5th Street, S.E.
## Washington, D.C.  20003
## Facsimile:  (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| VERNON ROWE,          Student, | ) | HEARING OFFICER'S DECISION |
| Date of Birth:  05-23-95 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: July 24, 2007 |
| | ) | |
| vs. | ) | |
| | ) | Held at:  Van Ness Elementary School |
| The District of Columbia Public Schools, | ) | 1150 5th Street, SE |
| Attending: Phillips School of Laurel | ) | Washington, D.C. 20003 |
| | ) | |
| Respondent. | ) | |

## <u>DECISION AND ORDER</u>

RECEIVED
JUL 3 1 2007
STUDENT HEARING OFFICE

**Parent:**                          Ms. Edna McManus
                                     3010 22nd Street, SE
                                     Washington, DC 20020

**Counsel for Parent:**              Jani Tillery, Esq.
                                     James Brown and Associates, PLLC
                                     1220 L Street, N.W.
                                     Suite 700
                                     Washington, D.C.  20005

**Counsel for School:**              Saurabh Gupta. Attorney- Advisor
                                     Office of the Attorney General
                                     825 North Capitol Street, NE
                                     Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I.  INTRODUCTION

On May 21, 2007 an initial Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Jani Tillery, Esq. The request alleges, *inter alia*, that DCPS failed to provide triennial evaluations for the student.

A Due Process Hearing was convened on July 24, 2007, at the District of Columbia Public Schools, ("DCPS"), 1150 5th Street, S.E., 1st Floor, Washington, D.C. 20002. Saurabh Gupta, Esq., Attorney-Advisor, represented DCPS. Jani Tillery, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated July 16, 2007: VR-1 through VR-10. On behalf of DCPS: Disclosure Letter dated July 17, 2007: Exhibit-1 and Exhibit-2 was entered into the record. Parent's counsel waived a formal reading of the Due Process Rights. Counsel for the parties did not call any witnesses in this matter.

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004*, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

1.     Whether DCPS denied the student FAPE by failing to provide triennial evaluations for the student?

2.

## IV.     SUMMARY OF RELEVANT EVIDENCE

In this case, petitioner by and through parent's counsel alleges that the District of Columbia Public Schools (hereinafter "DCPS") failed to provide the student a free and appropriate public education (FAPE). According to parent's counsel, it is alleged that the student is presently attending a private placement at the Phillips School of Laurel, Maryland. Notwithstanding, it is alleged that the student has not receive current evaluations. Specifically, it is alleged that the student's Clinical Psychological Evaluation is outdated, as the last Clinical Psychological Evaluation was performed in 2001. DCPS asserts that the student has not been denied a free and appropriate public education, as the student's placement at the private school is providing educational benefit and any new services warranted by a new Clinical Psychological Evaluation could be resolved by a compensatory education plan. It is further alleged that there is no showing education injury; consequently, this complaint should be dismissed.

At the outset of the due process hearing, counsel for the petitioner entered a motion for default judgment due to DCPS' failure to file a response to the complaint. While it is noted that the 2004 amendment to IDEA clearly enunciates the responsibility of the LEA to prepare a written response to the complaint pursuant to 34 C.F.R. § 300.508 (e), the new amendment (IDEIA) does not expressly authorize a hearing officer to enter a default judgment against a LEA. Absent the express authority to provide this relief, this hearing officer shall allow the respondent to provide evidence to rebut the allegations of the petitioner, as there is no substantive evidence presented by parent's counsel to show how this failure is a denial of FAPE. Parent's counsel motion for default judgment is denied.

## V.     FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.     V.R. is a fourteen - (14) year old District of Columbia resident and a student presently enrolled at the Phillips School of Laurel, Maryland for the 2006-2007 school years.[1]

3.

---

[1] Exhibit: VR-7.

2.      V.R. is eligible for special education and related services.  According to the student's most recent Individualized Educational Program ("IEP") dated May 8, 2007, the student's disability classification is Emotional Disturbance (ED).[2]

3.      The student's present private placement at the Phillips School is an appropriate educational placement and the student is receiving educational benefit, as the student has progressed in several areas.[3]

4.      The Clinical Psychological Evaluation for V.R. is not current, as the last evaluation was conducted in the year 2000.  A new Clinical Psychological is warranted, as the MDT/ IEP team requested this new reevaluation to determine if the student required a less restrictive educational environment.[4]  This fact was not disputed.

## VI.    DISCUSSION AND CONCLUSION OF LAW

In this matter, petitioner by and through parent's counsel has failed to satisfy the burden of proof concerning the issue of whether DCPS' failure to conduct a Clinical Psychological Evaluation is a denial of FAPE, as there is undisputed evidence in the record that the student has made substantial educational progress at the student's present private educational placement.  Moreover, parent's counsel failed to provide evidence on the issue of educational harm.  Notwithstanding, the MDT/IEP clearly stated in the MDT meeting notes that the evaluation was warranted to determine if the student could benefit from a less restrictive education environment.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Petitioner's request for relief is GRANTED in part and DENIED in part.**

2) **Petitioner is the prevailing party.**

4.

---

[2] Exhibit: JB-14.
[3] Exhibit: JB-14 —IEP meeting notes.
[4] Exhibit: JB-10.

3) Petitioner's request to find a denial of FAPE for DCPS' failure to conduct a Clinical Psychological Evaluation is DENIED.

4) Petitioner's request to have a Clinical Psychological Evaluation performed *is* GRANTED.

5) The parent is authorized to obtain a Clinical Psychological Evaluation at DCPS expense pursuant to the Superintendent's Directive on the cost of outside consultant fees.

6) The Phillips School in conjunction with DCPS shall, within fifteen- (15) business days of the issuance of the HOD, convene a MDT/IEP to review all current evaluations and to review and revise the student's IEP as warranted. DCPS shall participate in this meeting,

## VII.     APPEAL PROCESS

    This is the FINAL ADMINISTRATIVE DECISION.  Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

_____          Date Filed: _07-31-07_____
Charles R. Jones, Esq., Hearing Officer


Date Issued: _8/3/07_____

5.

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



### *FACSIMILE SHEET*

Date: August 3, 2007

To: Jani, Tillery

Re: Rowe, Vernon

Total Number of Pages Including Cover: 6

CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |
| CDS | Crystal D. Spruill |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| CBS | Dr. Carolynn D. Shumate, Ed. D. |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

7/20/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Rowe, Vernon
DOB: 5/23/95

August 13, 2007

In Reference To:   Vernon Rowe
Invoice #12719

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/5/2007 | DH | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
|  | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
| 4/6/2007 | JT | Records review | 1.00 365.00/hr | 365.00 |
|  | BC | Drafted letter to parent, prepared file jacket, disseminated information to various members of the legal team. | 0.58 130.00/hr | 75.40 |
|  | CSH | Discussion with attorney + Dom | 0.25 130.00/hr | 32.50 |
| 4/9/2007 | JT | Telephone call to private school-Phillips | 0.17 365.00/hr | 62.05 |
|  | JT | Telephone call to private school-Phillips (2nd time) | 0.03 365.00/hr | 10.95 |
|  | JT | Reviewed the student's file, conduct educational research. | 1.33 365.00/hr | 485.45 |
|  | JT | Discussion with paralegal | 0.17 365.00/hr | 62.05 |

Rowe, Vernon

Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/9/2007 | CSH | Draft letter requesting records to student's school, DCPS' Special Education Supervisor, Records Department, and Office of General Counsel; includes research of student's school information, gathering General Authorization and TAT form; fax to parties | 0.75 130.00/hr | 97.50 |
| | CSH | Draft letter requesting evaluations to student's school, DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request, gathered General Authorization and TAT form; fax to parties | 0.75 130.00/hr | 97.50 |
| 4/10/2007 | JT | Phone call to parent, Ms. McManus and reviewed notes | 0.75 365.00/hr | 273.75 |
| | JT | Phone call to Ms. Thompson at Phillips | 0.08 365.00/hr | 29.20 |
| | JT | Records review | 1.00 365.00/hr | 365.00 |
| | JT | Phone call from Ms. Thompson | 0.08 365.00/hr | 29.20 |
| | JT | Discussion with Mr. Hill regarding records request | 0.08 365.00/hr | 29.20 |
| | CSH | Discussion with attorney | 0.08 130.00/hr | 10.40 |
| | JT | Phone call to Ms. McManus | 0.08 365.00/hr | 29.20 |
| | JT | Phone call to Ms. Lee regarding complaint | 0.08 365.00/hr | 29.20 |
| | JT | Drafted letter to private school-Phillips | 0.42 365.00/hr | 153.30 |
| | JT | Phone call to Ms. Braswell | 0.08 365.00/hr | 29.20 |
| | JT | Phone call to Ms. McManus | 0.08 365.00/hr | 29.20 |
| | JT | Telephone call to private school | 0.05 365.00/hr | 18.25 |
| | JT | Discussion with paralegal | 0.08 365.00/hr | 29.20 |
| 4/11/2007 | CSH | Filing for parent | 0.08 130.00/hr | 10.40 |

Rowe, Vernon

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/11/2007 | JT | Discussion with paralegal | 0.08 365.00/hr | 29.20 |
| | JT | Phone call to Ms. McManus | 0.17 365.00/hr | 62.05 |
| | JT | Phone call to parent, Ms. McManus | 0.05 365.00/hr | 18.25 |
| | JT | Records review | 1.50 365.00/hr | 547.50 |
| | JT | Drafted letter to private school-Phillips | 0.50 365.00/hr | 182.50 |
| | CSH | Letter to school requesting evaluations, sent request via fax | 0.50 130.00/hr | 65.00 |
| | CSH | Draft letter to the school requesting educational records, sent the request via fax | 0.58 130.00/hr | 75.40 |
| 4/12/2007 | JT | Draft letter to Ms. Braswell at Phillips School | 0.50 365.00/hr | 182.50 |
| | JT | Discussion with paralegal (2X) | 0.17 365.00/hr | 62.05 |
| | CSH | Discussion with attorney | 0.08 130.00/hr | 10.40 |
| | JT | Phone call from Ms. Braswell at Phillips | 0.03 365.00/hr | 10.95 |
| | JT | Records review | 1.00 365.00/hr | 365.00 |
| | CSH | Phone call from Ms Braswell from Phillips | 0.08 130.00/hr | 10.40 |
| 4/13/2007 | JT | Reviewed more records recently received. | 1.00 365.00/hr | 365.00 |
| | CSH | Drafted letter to private school | 0.25 130.00/hr | 32.50 |
| 4/18/2007 | JT | Draft letter to LEA Moses Roberts | 0.42 365.00/hr | 153.30 |
| 4/19/2007 | JT | Discussion with paralegal | 0.08 365.00/hr | 29.20 |

Rowe, Vernon

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/19/2007 | CSH | Phone call from parent (case status) | 0.08 130.00/hr | 10.40 |
| | CSH | Phone call to parent (IEP mtg) | 0.08 130.00/hr | 10.40 |
| | CSH | Asst atty with ltr on MDT meeting | 0.33 130.00/hr | 42.90 |
| | JT | Prepared and drafted due process hearing request to DCPS | 3.00 365.00/hr | 1,095.00 |
| 5/2/2007 | KC | Record reviewed and discussion with D. Pinckney (advocate) regarding upcoming MDT/IEP meeting at Phillips School of Laurel, Maryland. | 0.58 185.00/hr | 107.30 |
| | JT | Discussion with advocate | 0.50 365.00/hr | 182.50 |
| | JT | Phone call from parent | 0.08 365.00/hr | 29.20 |
| | DC | Discussion with attorney | 0.50 185.00/hr | 92.50 |
| 5/7/2007 | KC | Reviewed client's file in preparation for MDT/IEP meeting at Phillips School | 1.00 185.00/hr | 185.00 |
| | DC | Reviewed records in preparation for upcoming meeting | 1.00 185.00/hr | 185.00 |
| 5/8/2007 | DC | Attended IEP at Phillips School | 3.50 185.00/hr | 647.50 |
| | JT | Case review and discussion with advocate | 0.50 365.00/hr | 182.50 |
| | KC | Attended MDT/IEP @ Phillips School | 3.50 185.00/hr | 647.50 |
| | KC | Reviewed client file in preparation for MDT/IEP meeting at Phillips School. | 0.75 185.00/hr | 138.75 |
| 5/9/2007 | JT | Discussion with Dom regarding most recent meeting | 0.08 365.00/hr | 29.20 |
| 5/10/2007 | DC | Records review | 2.00 185.00/hr | 370.00 |
| 5/11/2007 | CSH | Draft letter to OSE | 0.75 130.00/hr | 97.50 |

Rowe, Vernon                                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/11/2007 | JT | Draft letter to LEA regarding evals | 0.42 365.00/hr | 153.30 |
|  | CSH | Draft letter to parent | 0.75 130.00/hr | 97.50 |
| 5/15/2007 | DC | Reviewed school records received | 2.00 185.00/hr | 370.00 |
| 5/16/2007 | CSH | Draft letter to LEA Monitor | 0.75 130.00/hr | 97.50 |
| 5/17/2007 | JT | Records review and started drafting complaint | 0.50 365.00/hr | 182.50 |
| 5/18/2007 | JT | Prepared and drafted due process hearing request to DCPS | 3.00 365.00/hr | 1,095.00 |
| 5/21/2007 | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
|  | CSH | Asst atty w/complaint | 1.00 130.00/hr | 130.00 |
|  | CSH | Drafted letter to parent | 0.75 130.00/hr | 97.50 |
|  | JT | Reviewed final draft of hearing request to DCPS | 0.17 365.00/hr | 62.05 |
| 5/22/2007 | BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 6/6/2007 | CSH | Draft motion for default | 0.75 130.00/hr | 97.50 |
|  | CSH | Drafted letter to parent | 0.75 130.00/hr | 97.50 |
| 6/8/2007 | CSH | Draft letter to school | 0.42 130.00/hr | 54.60 |
| 6/12/2007 | DC | Team Meeting: Discussion with attorney over complaint and scheduling resolution mtg. | 0.33 185.00/hr | 61.05 |
|  | JT | Team Meeting: Discussion with advocate about resolution mtg. | 0.33 365.00/hr | 120.45 |
| 6/13/2007 | DC | Phone call to vernon rowe's mom to set up resolution mtg | 0.42 185.00/hr | 77.70 |

Rowe, Vernon                                                                                    Page     6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/13/2007 | DC | Records review files for Vernon Rowe | 2.00<br>185.00/hr | 370.00 |
| 6/28/2007 | DC | Records review for vernon rowe | 2.00<br>185.00/hr | 370.00 |
|  | DC | Phone call to ms mcmanus for vernon rowe's resolution mtg | 0.50<br>185.00/hr | 92.50 |
|  | DC | Conference with attorney for vernon rowe to prepare for upcoming meeting | 0.50<br>185.00/hr | 92.50 |
|  | JT | Conference with advocate | 0.50<br>365.00/hr | 182.50 |
| 6/29/2007 | DC | Attended resolution mtg for vernon rowe | 3.00<br>185.00/hr | 555.00 |
| 7/11/2007 | CSH | Drafted letter to parent | 0.75<br>130.00/hr | 97.50 |
| 7/16/2007 | CSH | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50<br>130.00/hr | 195.00 |
|  | JT | Discussion with paralegal over disclosure | 0.17<br>365.00/hr | 62.05 |
|  | JT | Reviewed the student's disclosure in prep for hearing | 0.50<br>365.00/hr | 182.50 |
| 7/17/2007 | CSH | Drafted letter to parent | 0.33<br>130.00/hr | 42.90 |
|  | CSH | Draft letter to school | 0.33<br>130.00/hr | 42.90 |
| 7/18/2007 | CSH | Drafted letter to parent | 0.42<br>130.00/hr | 54.60 |
|  | CSH | Draft letter to school | 0.42<br>130.00/hr | 54.60 |
| 7/23/2007 | JT | Discussion with advocate regarding upcoming hearing | 0.33<br>365.00/hr | 120.45 |
|  | JT | Phone call to parent in prep for hearing | 0.33<br>365.00/hr | 120.45 |

Rowe, Vernon

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/23/2007 | JT | Prepared for Due Process Hearing-prepare questions for testimony parent/advocate | 0.67 365.00/hr | 244.55 |
| | JT | Prepared for Due Process Hearing-research/read case law | 2.00 365.00/hr | 730.00 |
| | JT | Prepared for Due Process Hearing-draft opening/closing-reviewed ideia | 3.50 365.00/hr | 1,277.50 |
| 7/24/2007 | DC | Prepared for Due Process Hearing | 1.33 185.00/hr | 246.05 |
| | DC | Appearance at Van Ness ES for due process hearing for vernon rowe | 2.50 185.00/hr | 462.50 |
| | CSH | Phone call from OSE | 0.08 130.00/hr | 10.40 |
| | JT | Appearance at Van Ness ES for due process hearing | 2.50 365.00/hr | 912.50 |
| | JT | Prepared for Due Process Hearing-redrafted and revised opening | 2.00 365.00/hr | 730.00 |
| 8/1/2007 | JT | Phone call to parent | 0.33 365.00/hr | 120.45 |
| | JT | Phone call from school | 0.17 365.00/hr | 62.05 |
| 8/2/2007 | DC | Phone call to ms hedley to try to schedule mtg for vernon rowe | 0.33 185.00/hr | 61.05 |
| | DC | Phone call to ms mcmanus to set up mtg with school | 0.33 185.00/hr | 61.05 |
| 8/3/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| 8/6/2007 | JT | review HOD | 0.33 365.00/hr | 120.45 |
| | CSH | Drafted letter to parent | 0.75 130.00/hr | 97.50 |
| | | For professional services rendered | 80.09 | $20,306.25 |

Rowe, Vernon                                                                          Page      8

Additional Charges :

|  |  | Amount |
|---|---|---|
| 4/5/2007 | Copied documents; intake documents | 5.50 |
| 4/6/2007 | Postage; letter to parent | 0.39 |
|  | Copied documents, letter to parent | 0.50 |
| 4/9/2007 | Fax request for records and reevals. to Anacostia SHS, OSE, OGC | 24.00 |
|  | Fax request for records to Phillips School | 5.00 |
|  | Fax request for reeval. to Moses Robert | 6.00 |
| 4/10/2007 | Facsimile Phillips MDT proposed date | 2.00 |
| 4/11/2007 | Rec'd faxed records from Phillips | 40.00 |
|  | Postage: letter to parent re case status | 0.39 |
|  | Facsimile to Winston Educational Center re request of records and evals | 8.00 |
|  | Facsimile to Phillips re letter | 2.00 |
|  | copied letter to parent | 1.25 |
| 4/12/2007 | Facsimile; Records from Phillips. | 21.00 |
|  | Facsimile; Records from Phillips. | 60.00 |
| 4/13/2007 | Facsimile; Letter to Phillips. | 2.00 |
| 4/17/2007 | Rec'd faxed letter of invitation from Phillips | 2.00 |
| 5/7/2007 | copied IEP and notes | 17.00 |
| 5/11/2007 | Postage; Letter to parent. | 0.39 |
|  | copied letter to parent | 0.50 |
|  | Facsimile; Letter to Phillips School. | 4.00 |
|  | Facsimile; Letter to Moses Robert. | 2.00 |
| 5/21/2007 | copied hearing request | 7.00 |
|  | copied letter to parent | 0.50 |
|  | Facsimile; Complaint to SHO. | 8.00 |

Rowe, Vernon                                                                Page    9

|  |  | Amount |
|---|---|---|
| 5/21/2007 | Postage; Letter to parent. | 0.58 |
| 5/22/2007 | Rec'd faxed scheduling memorandum from DCPS | 3.00 |
|  | Postage; letter to parent | 0.41 |
| 6/6/2007 | Faxed motion for default to SHO | 3.00 |
|  | Postage;  Letter to parent. | 0.41 |
|  | copied letter to parent with copy of motion | 0.75 |
| 6/8/2007 | Faxed letter to Moses Robert/OSC/OSE | 6.00 |
| 7/11/2007 | Postage; letter to parent | 0.41 |
|  | copied letter to parent | 0.50 |
| 7/16/2007 | copied disclosures | 53.00 |
| 7/17/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | copied letter to parent | 0.50 |
|  | Postage; letter to parent | 0.41 |
| 7/18/2007 | Postage; letter to parent | 0.41 |
|  | copied letter to parent | 0.50 |
| 7/24/2007 | Transportation service to  Van Ness ES for hearing | 8.00 |
| 8/3/2007 | copied HOD | 6.00 |
|  | Rec'd faxed HOD from SHO | 6.00 |
| 8/6/2007 | File review preparation of bill and invoice audit | 96.88 |
|  | copied letter to parent w/HOD | 1.50 |
|  | Postage; letter to parent | 0.41 |

Total additional charges                                              $428.09

Total amount of this bill                                             $20,734.34

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 2.25 | 130.00 | $292.50 |

Rowe, Vernon

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Clarence S. Hayes, Paralegal | 14.39 | 130.00 | $1,870.70 |
| Diane Crews-Pinkney, Advocate | 22.24 | 185.00 | $4,114.40 |
| Domiento Hill, Attorney | 1.50 | 365.00 | $547.50 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| Jani S. Tillery, Attorney | 32.97 | 365.00 | $12,034.05 |
| Kevin Carter, Advocate | 5.83 | 185.00 | $1,078.55 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA)** and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   <u>INFORMATION ABOUT THE STUDENT:</u>

Name of the Student:  _Vernon Rowe_   Date of Birth:  _May 23, 1995_

Address:  _3010 22nd Street, SE Washington, D.C.  20020_

Present School of Attendance:  _Phillips-Laurel_

Parent/Guardian of the Student: __Ms. Edna McManus__

## B.    Legal Representative/Attorney (if applicable):

Name: _____Jani S. Tillery, Esq._____

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2098/97_      (e-mail) _____

Will attorney / legal representative attend the resolution session?     **X** Yes        ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**PLEASE SCHEDULE AN EXPEDITED HEARING FOR THIS MATTER**

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.   Background

1.  The student's name is Vernon Rowe (hereinafter "student" or "V.R").

2.  The student's address is 3010 22nd Street, SE Washington D.C. 20020.

3.  On July 25, 2002, a Hearing Officer Determination was issued wherein it was ordered that V.R. be placed at an interim placement until a new placement was agreed upon. (See Hearing Officer Determination, issued July 25, 2002.)

4.  On September 13, 2002, an IEP meeting was held the student. The MDT team agreed to place V.R. at Phillips of Laurel Maryland. (See IEP and IEP/MDT Meeting Notes dated September 13, 2002.)

5.  The student is currently attending Phillips School of Laurel, Maryland at DCPS expense.

6.  On October 25, 2006, an MDT/SEP meeting was held and the MDT team agreed to complete clinical psychological evaluation for the student. The last psychological evaluation was completed in 2001. (See MDT Meeting Notes and SEP, dated October 25, 2006.)

7.  On October 25, 2006, the parent signed the Consent for Reevaluation form. (See DCPS Parental Consent to Evaluate, dated October 25, 2006.)

8.  On May 8, 2007, an IEP meeting was held for the student. The student is identified as Emotionally Disturbed. According to the IEP the student counseling services were reduced from one (1) hour to forty-five (45) minutes a week. The team considered Learning Disability programs for the student. (See IEP and MDT Meeting Notes dated, May 8, 2007.)

9.  It was determined at the May 8, 2007 IEP that V.R. had "grown behaviorally and emotionally" and did not need the "behavioral component". (See IEP and MDT Meeting Notes dated, May 8, 2007.)

10.  As of the May 8, 2007, IEP meeting, the clinical psychological evaluation had not been completed for the student. (See IEP and MDT Meeting Notes dated, May 8, 2007.)

11.  On May 11, 2007, parent's counsel sent a letter via facsimile to the LEA Monitor Moses Roberts. Parent's counsel requested that Mr. Roberts sent a copy of the clinical psychological evaluation by no later than May 15, 2007. (See Letter from Parent's Counsel to Moses Roberts, dated May 11, 2007.)

12.  To date, to the best of the parent's knowledge and understanding, there is nothing in the record to indicate that DCPS has completed the clinical psychological evaluation for the student.

## II. Issue presented

**DCPS Failed to Provide the Student with a Free and Appropriate Public Education by Failing to Timely Reevaluate the Student.**

Pursuant to 34 C.F.R. § 300.303(a), DCPS shall ensure "a reevaluation of each child with a disability is conducted...if the public agency determines that the educational or related services needs, including improved academic achievement and functional performance, of the child warrant a reevaluation; or if the child's parent or teacher requests a reevaluation..."

In this case, DCPS has failed to comply with IDEIA. V.R. is a student classified with the disability of Emotional Disturbance. The last clinical psychological evaluation was completed in 2001. On October 25, 2006, an MDT/SEP meeting was held wherein the MDT team agreed that a clinical psychological reevaluation was warranted due to V.R.'s growth since he was last tested. The parent signed the consent for reevaluation the same day. However, as of May 8, 2007, IEP meeting, a clinical psychological evaluation had not been completed. Although the MDT team agreed that V.R. has grown behaviorally and emotionally, he does not have a current psychological assessment on file to address his current social emotional level. Until a clinical psychological assessment is completed, V.R.'s social emotional goals on his IEP remain inappropriate because they are not based on current data.

At the May 8, 2007 meeting, the MDT Team felt that V.R. no longer needs a behavior component to his IEP. The team also considered Learning Disabled programs but DCPS has still failed to reevaluate the student. On May 11, 2007, parent's counsel sent a letter via facsimile to Moses Roberts requesting a copy of the evaluation by May 15, 2007. More than six months have passed since the MDT agreed to do the clinical evaluation. To date, there is nothing in the record to indicate that a clinical psychological evaluation has been completed for the student thus V.R. has been denied FAPE.

## III. Relief Sought.

1. The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to evaluate the student in all areas related to the suspected disability to identify all of the child's special education and related services needs.

2. DCPS shall fund an independent clinical psychological assessment and any other assessments recommended by the evaluators.

3. DCPS shall convene an IEP Meeting, to review the assessment and review and revise the student's IEP in accordance with findings of the assessment.

4. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

5.  All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6.  DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

7.  DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

8.  DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

9.  In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

10. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

11. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

12. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

13. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special

education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

14. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

15. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

16. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that V.R.'s rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

17. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.     Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.     Signature:

_____     S-21-07

Legal Representative / Advocate (if applicable)          Date

6

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

# Exhibit J



Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000     Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. Attorney Information
   Law Firm: **James Brown & Assoc., PLLC**
   Attorney: **James Brown**
   Federal Tax ID No: **52-1500760**
   D.C. Bar No: **61622**

2. Student Information
   Name: **Johnson, Antonio**
   DOB: **11/4/93**
   Date Hearing Request Filed: **6/29/07**
   Date(s) of Hearing: **8/29/07**
   Date of Determination (HOD/SA): **8/31/07**
   Parent/Guardian Name: **Hester Johnson**
   Parent/Guardian Address: **1326 Queen St., NE**
   **Washington, DC 20002**

3. Invoice Information
   Invoice Number: **07-297**
   Date Request Submitted: **9/17/07**
   Date(s) of Services Rendered: **5/29/07 to 8/31/07**
   Attorney Hourly Rate: $ **365.00**
   Total Attorney Fees: $ **8,534.75**
   Total Attorney Costs: $ **265.94**
   Total Experts: $ **2,003.55**
   Total Invoice: $ **10,804.24**

4. Certification (must be signed by principal attorney)

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____    9/17/07
   Signature                          Date

   Rev'd Nov 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division

### Kimm H. Massey, Esq., Due Process Hearing Officer
### 1150 5th Street, S.E., Washington, DC 20003
### Facsimile: (202) 698-3825
### Phone: (202) 698-3819

### Confidential

| | | |
|---|---|---|
| **JOHNSON, ANTONIO, Student** | ) | |
| **Date of Birth: 11/04/1993** | ) | |
| | ) | |
| Petitioner, | ) | **IMPARTIAL DUE** |
| | ) | **PROCESS HEARING** |
| vs. | ) | **OFFICER'S DECISION** |
| | ) | |
| **The District of Columbia Public Schools,** | ) | Complaint Date: June 29, 2007 |
| **Attending: Browne Junior High School** | ) | |
| | ) | Hearing Date: August 29, 2007 |
| Respondent. | ) | |
| | ) | Hearing Held: 1150 5th St., S.E. |
| | | Washington, DC 20003 |


Parent:

Ms. Hester Johnson
1326 Queen Street, N.E.
Washington, DC 20002

Counsel for the Parent/Student:

Jani S. Tillery, Esq.
James E. Brown and Assoc., PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005

District of Columbia Public Schools:

Daniel McCall, Esq.
Attorney-Advisor
Office of the General Counsel
825 North Capitol Street, NE,
9th Floor
Washington, D.C. 20002

1

## JURISDICTION

The Due Process hearing was convened and this Decision and accompanying Order written pursuant to the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA), 20 U.S.C. §§ 1400 et. seq., the implementing regulations for IDEIA, 34 C.F.R. Part 300, and Title V, Chapter 30, of the District of Columbia Municipal Regulations ("D.C.M.R.").

## INTRODUCTION

Student is thirteen years old, and he attends Browne Junior High School ("Browne"). On June 29, 2007, counsel for Parent and Student ("Petitioner's counsel") filed a Due Process Complaint ("Complaint") against the District of Columbia Public Schools ("DCPS"), alleging that DCPS improperly determined Student ineligible for special education and related services at a June 7, 2006 MDT/Eligibility meeting, thereby denying Student a FAPE and entitling him to compensatory education.

By notice dated August 1, 2007, the Student Hearing Office scheduled a Due Process Hearing for August 29, 2007 at 9:00 a.m. On August 20, 2007, Petitioner filed its Five-Day Disclosure, which listed four potential witnesses and included fourteen documents labeled AJ-1 through AJ-14.

On or about August 22, 2007, DCPS served Petitioner's counsel with District of Columbia Public School's Response to Parent's Administrative Due Process Complaint Notice ("Response"). In the Response, DCPS asserted, *inter alia*, that it had previously issued a Letter of Invitation to Parent, proposing September 6, 7, and 8 at 11:00 a.m. as possible dates for an MDT/IEP meeting, but Parent has failed to respond to the letter. Also on August 22, 2007, DCPS filed a Letter Motion for Continuance, seeking a continuance to allow the parties time to schedule an MDT/Resolution meeting, and its Five-Day Disclosure, which listed thirty-eight potential witness and included four documents labeled DCPS-1 through DCPS-4.

The due process hearing was convened at 9:00 a.m. on August 29, 2007, as scheduled. The parties' respective documents were admitted into evidence without objection, with the exception of DCPS-1, which the hearing officer admitted into evidence over objection by Petitioner's counsel.

As a preliminary matter, DCPS stated that its Letter of Invitation was still outstanding and Petitioner's counsel had not yet responded to the Letter. DCPS also pointed out that it had not received a ruling on its written Motion for Continuance, and DCPS made an oral Motion for a Ruling on Protraction, alleging that Petitioner's counsel was unnecessarily protracting the instant case by failing to respond to the Letter of Invitation.

With respect to DCPS's written Letter Motion for Continuance, Petitioner's counsel represented that it had not received the Motion and doubted that the Motion had actually

been served on Petitioner's counsel. The hearing officer stated that the Motion was contained in the file, without an accompanying ruling from the chief hearing officer, but the Motion had never been forwarded to the hearing officer for a pre-hearing ruling. The hearing officer then denied the Motion as moot, on the ground that the hearing had already been convened and all parties were in attendance.

With respect to DCPS's oral Motion for a Ruling on Protraction, Petitioner's counsel asserted that the Letter of Invitation was issued by DCPS at a resolution meeting that was unresolved, and there was no point of having an MDT meeting on something that was unresolved. Petitioner's counsel also pointed out that DCPS's Response is misleading and unsupported by DCPS's disclosure, because the Response states that the special education coordinator for Browne determined Student might be eligible for special education services upon Student's arrival at Browne and "immediately sent a letter of invitation" to schedule an MDT/IEP meeting, whereas the facts and documents reveal that Student arrived at Browne in September of 2006 and the Letter of Invitation was not given until the July 18, 2007 Resolution session.

The hearing officer asked DCPS's counsel to supply case law supporting its Motion for a Ruling on Protraction by the close of business on August 30, 2007, and the hearing officer thereafter deferred ruling on the Motion until issuance of the instant Hearing Officer Decision ("HOD").[1]

After opening statements, Petitioner's counsel attempted to present testimony from an educational advocate who had never met Student and had only read Student's file, including his evaluations, report cards and suspension notices. DCPS objected to the advocate's testimony on relevance grounds, pointing out that the documents speak for themselves. The hearing officer sustained the objection on the ground that the advocate had neither met with Student nor attended any of the meetings in this case, and therefore, could not add anything to documents which had already been admitted into evidence.

After the parties had presented their respective cases and Petitioner's counsel had made closing argument, the hearing officer stated an intention to order Parent and Student's educational advocate to attend the MDT meeting that DCPS offered to convene in its Letter of Invitation. Petitioner's counsel was afforded an opportunity to consult in private with her client and the educational advocate, and thereafter indicated that Parent and Student's educational advocate would be able to attend an MDT meeting on September 7, 2007, at 11:00 a.m., in accordance with DCPS's Letter of Invitation.

The hearing officer then stated that in the Order accompanying this Hearing Officer Decision ("HOD"), the parties would be ordered to convene an MDT/Eligibility meeting for Student on September 7, 2007 at 11:00 a.m. Shortly thereafter, the hearing was concluded.

---

[1] As far as the hearing officer is aware, DCPS's counsel has not provided the requested case law.

3

**WITNESSES**

**For Petitioner:**
Ms. Hester Johnson, Parent

**For DCPS:**
Ms. Tanisha Mason, Special Education Coordinator, Browne Junior High School (by telephone)


**FINDINGS OF FACT**

1. Student is thirteen years old. He resides with his grandmother ("Parent"), and he presently attends Browne Junior High School.[2]

2. For the 2005/2006 school year, Student attended sixth grade at Webb Elementary School. Student was suspended from Webb for behavioral problems on at least four occasions during the 2005/2006 school year. [3]

3. On March 1, 2006, Student received an independent psychoeducational evaluation. The resulting March 8, 2006 psychoeducational evaluation report stated that Student was functioning in the Borderline Range of intelligence, that there was an indication of a learning disability because Student's cognitive abilities were not commensurate with his academic achievement skills, and that Student's documented emotional lability appeared to impeded his academic performance.[4]

4. On March 1, 2006, an independent clinical evaluation was administered to Student. The resulting March 8, 2006 clinical evaluation report recommended, *inter alia*, a full-time therapeutic educational placement and counseling for Student.[5]

5. On June 7, 2006, DCPS conducted an MDT/Eligibility meeting and determined that Student was ineligible for special education and related services and did not meet the criteria for Emotional Disturbance or Learning Disability. The Meeting Notes reflect that the persons in attendance at the meeting included Parent, a special education teacher, Student's general education teacher, an LEA representative, the school Principal, the school psychologist, and Student's educational advocate.[6]

6. Student entered Browne Junior High School at the beginning of the 2006/2007 school year. Student's year-end report card from Browne, which was issued on June 14, 2007,

---

[2] Testimony of Parent; Complaint at pp. 1-2.
[3] *See* Petitioner's Exhibits AJ-8, AJ-9, AJ-10, AJ-12, AJ-13.
[4] Petitioner's Exhibit AJ-4.
[5] Petitioner's Exhibit AJ-5.
[6] Petitioner's Exhibit AJ-6.

4

reflected that Student had received four grades of "F," two grades of "D," one grade of "U," and grades of "B" and "C" in Health and Physical Education.[7]

7. On June 29, 2007, Petitioner filed the instant complaint. A resolution session concerning the Complaint was held on July 18, 2007, at which time DCPS issued a Letter of Invitation that proposed September 6, September 7, or September 10 as potential dates for convening another MDT/Eligibility meeting for Student. As of the date of the due process hearing in this case, Petitioner's counsel had failed to respond to the Letter of Invitation.[8]


## DISCUSSION AND CONCLUSIONS OF LAW

As the party seeking relief, Petitioner bears the burden of proof in this case. *See* 5 D.C.M.R. § 3030.3; *Schaffer v. Weast*, 546 U.S. 49, 126 S.Ct. 528 (2005). The hearing officer concludes that although Petitioner presented evidence tending to suggest that DCPS may have improperly determined at the June 7, 2006 MDT/Eligibility meeting that Student was ineligible for special education and related services, because DCPS has offered to conduct another MDT/Eligibility meeting for Student and to discuss compensatory education for him at that time, the appropriate course of action in this case is to require the parties to convene another MDT/Eligibility meeting for Student on Friday, September 7, 2007 at 11:00 a.m.


In consideration of the foregoing, the hearing officer makes the following


## ORDER


1. DCPS shall convene, and Parent and Student's educational advocate shall attend, an MDT/Eligibility meeting for Student on Friday, September 7, 2007 at 11:00 a.m. At this meeting, the persons present shall review Student's evaluations and other relevant data and determine whether Student is eligible for special education and related services pursuant to IDEIA. If it is determined that Student is eligible to receive special education and related services, an IEP shall be developed for him, and there shall be a discussion and determination of the form, amount and delivery of compensatory education to Student.

2. If Student is determined eligible for special education and related services, but the parties are unable to agree upon the proper form, amount and delivery of compensatory education to Student, Petitioner's counsel may bring the dispute before the instant hearing officer by means of a timely filed Motion for Reconsideration.

---

[7] Testimony of Ms. Mason; Petitioner's Exhibit AJ-7.
[8] Petitioner's Exhibit AJ-2; DCPS's Exhibits DCPS-1, DCPS-2.

3. DCPS's Letter Motion for Continuance is denied as moot.

4. DCPS's Motion for a Ruling on Protraction is hereby denied.

This is the **FINAL ADMINISTRATIVE DECISION** in this matter. Any party aggrieved by the findings and decision may APPEAL to a State court of competent jurisdiction or a district court of the United States, without regard to the amount in controversy, within 90 days from the date of the decision pursuant to 20 U.S.C. § 1415(i)(2).

Kimm H. Massey, Esq.                                 8/31/2007
Impartial Hearing Officer                            Date

Issued: ___8/31/07___
Student Hearing Office, DCPS

6

## District of Columbia Public Schools
### *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



### *FACSIMILE SHEET*

Date:  August 31, 2007


To:   J. Tillery


Re:  Johnson, Antonio


Total Number of Pages Including Cover: 7

**CONFIDENTIALITY NOTICE:** The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Antonio Johnson

September 11, 2007

In Reference To: Antonio Johnson
Invoice #12805

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/29/2007 | BC | Drafted letter to parent, prepared file jacket, disseminated information to varius members of the legal team | 0.58 130.00/hr | 75.40 |
| | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
| | JT | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
| 6/12/2007 | CSH | asst atty w/ltr to parent | 0.50 130.00/hr | 65.00 |
| | JT | Discussion with paralegal regarding letter for parent | 0.17 365.00/hr | 62.05 |
| 6/18/2007 | JT | Reviewed the student's file. | 1.00 365.00/hr | 365.00 |
| 6/20/2007 | JT | Phone call to parent | 0.17 365.00/hr | 62.05 |
| 6/27/2007 | JT | Phone call to parent | 0.08 365.00/hr | 29.20 |
| | CSH | Draft letter requesting records to student's school, DCPS' Special Education Supervisor, Records Department, and Office of General Counsel; includes research of student's school information, gathering General Authorization and TAT form; fax to parties | 0.75 130.00/hr | 97.50 |

Antonio Johnson

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/27/2007 | JT | Prepared 1st draft of due process hearing request to DCPS | 3.00 365.00/hr | 1,095.00 |
| 6/29/2007 | CSH | Drafted letter to parent | 0.75 130.00/hr | 97.50 |
| | CSH | Asst atty w/complaint | 0.50 130.00/hr | 65.00 |
| 7/9/2007 | DC | Phone call to ms jonson for antonio johnson | 0.50 185.00/hr | 92.50 |
| | DC | Draft letter to school for antonio johnson | 0.50 185.00/hr | 92.50 |
| 7/12/2007 | DC | Phone call to ms hester for antonio johnson | 0.33 185.00/hr | 61.05 |
| 7/13/2007 | CSH | Drafted motion to dismiss | 0.33 130.00/hr | 42.90 |
| | DC | Draft letter to ms johnson for antonio johnson. | 0.50 185.00/hr | 92.50 |
| | CSH | Drafted letter to parent | 0.33 130.00/hr | 42.90 |
| 7/17/2007 | DC | Phone call to ms johnson for antonio johnson | 0.50 185.00/hr | 92.50 |
| 7/18/2007 | JT | Team Meeting spoke with advocate about resolution mtg | 0.50 365.00/hr | 182.50 |
| | DC | Attended resolution mtg for antonio johnson @ browne. | 2.00 185.00/hr | 370.00 |
| | DC | Conference with parent and school concerning suspentions notices. | 0.50 185.00/hr | 92.50 |
| | DC | Draft letter for antonio johnson | 0.50 185.00/hr | 92.50 |
| 8/8/2007 | DC | Draft letter to school for antonio johnson for a MDT/IEP mtg | 0.50 185.00/hr | 92.50 |
| 8/16/2007 | JT | Phone call to parent | 0.17 365.00/hr | 62.05 |
| 8/17/2007 | JT | Reviewed disclosure materials | 1.00 365.00/hr | 365.00 |

Antonio Johnson

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/20/2007 | CSH | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50 130.00/hr | 195.00 |
|  | CSH | Asst atty w/motion | 0.50 130.00/hr | 65.00 |
| 8/21/2007 | JT | Reviewed the students disclosure materials | 0.67 365.00/hr | 244.55 |
| 8/22/2007 | JT | Prepared for Due Process Hearing | 2.00 365.00/hr | 730.00 |
|  | DC | Phone call to ms johnson for antonio johnson | 0.50 185.00/hr | 92.50 |
|  | CSH | Asst atty w/motion | 0.50 130.00/hr | 65.00 |
| 8/23/2007 | JT | Reviewed disclosure submitted by DCPS/review | 0.50 365.00/hr | 182.50 |
| 8/27/2007 | DC | Pre-hearing conference with attorney for antonio johnson | 1.00 185.00/hr | 185.00 |
|  | JT | Discussion with parent | 1.00 365.00/hr | 365.00 |
|  | JT | Prepared for Due Process Hearing | 2.50 365.00/hr | 912.50 |
| 8/28/2007 | JT | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
| 8/29/2007 | DC | Appearance at Van Ness ES for due process hearing | 3.00 185.00/hr | 555.00 |
|  | JT | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
|  | JT | Appearance at Van Ness ES for due process hearing | 3.00 365.00/hr | 1,095.00 |
|  | DC | Conference with atorney and parent for upcoming hearing | 0.50 185.00/hr | 92.50 |
| 8/31/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |

Antonio Johnson

|  | | Hours | Amount |
|---|---|---|---|
| For professional services rendered | | 39.16 | $10,538.30 |
| Additional Charges : | | | |
| 5/29/2007 | Postage; letter to parent | | 0.41 |
| | Copied; Intake paperwork for parent. | | 2.50 |
| | Copied; Letter for parent. | | 0.25 |
| 6/12/2007 | copied letter to parent | | 0.50 |
| | Postage; Letter to parent. | | 0.41 |
| 6/27/2007 | Faxed records request to Browne JHS/OGC/OSE | | 15.00 |
| 6/29/2007 | copied complaint | | 2.00 |
| | Postage; letter to parent | | 0.58 |
| | Faxed complaint to SHO/OGC | | 18.00 |
| | copied hearing request | | 6.00 |
| 7/10/2007 | Faxed letter response to IEP mtg to Browne Center | | 2.00 |
| 7/11/2007 | Faxed letter to Brown JHS | | 2.00 |
| 7/13/2007 | Postage; letter to parent | | 0.41 |
| | Faxed letter for res. to Browne JHS | | 2.00 |
| | copied letter to parent | | 0.50 |
| 7/18/2007 | Facsimile; Letter to Browne. | | 2.00 |
| 8/22/2007 | copied disclosures | | 60.50 |
| | Faxed motion to recuse to OGC | | 11.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | | 20.00 |
| 8/28/2007 | Copies: case law | | 9.00 |
| 8/31/2007 | copied HOD | | 7.00 |
| | Rec'd faxed HOD from SHO | | 7.00 |
| | File review preparation of bill and invoice audit | | 96.88 |
| | Total additional charges | | $265.94 |

Antonio Johnson

|  | Amount |
|---|---|
| Total amount of this bill | $10,804.24 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 2.08 | 130.00 | $270.40 |
| Clarence S. Hayes, Paralegal | 5.66 | 130.00 | $735.80 |
| Diane Crews-Pinkney, Advocate | 10.83 | 185.00 | $2,003.55 |
| James E. Brown, Attorney | 0.33 | 405.00 | $133.65 |
| Jani S. Tillery, Attorney | 20.26 | 365.00 | $7,394.90 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child.  <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: __Antonio Johnson__ Date of Birth: <u>11/04/1993</u>

Address: __1326 Queen Street, N.E. Washington, D.C. 20002__

Present School of Attendance: __Browne Junior High School__

Parent/Guardian of the Student:  __Ms. Hester Johnson____

**B.**    **Legal Representative/Attorney (if applicable):**

Name: ___ __Jani S. Tillery, Esq.__

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.**    **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

**F.**    **Facts and Reasons for the Complaint:**

### I. Background Information

1. The student's name is Antonio Johnson (hereinafter "Student" or "A.J.").

2. The student's date of birth is November 4, 1993.

3. The student's address is 1326 Queen Street, N.E., Washington, D.C. 20002.

4. The student currently attends Brown Junior High School in the District of Columbia.

5. The student is not currently in special education.

6. On March 1, 2006, an independent psycho-educational was completed by Interdynamics. He was referred to assess his current level of cognitive, academic and social-emotional functioning.

7. In the March 1, 2006, evaluation, the examiner stated that overall in reading and mathematics A.J. exhibited below average skills. The evaluation also stated that A.J. is functioning in the Borderline Range of intelligence and has achieved a Full Scale IQ of 78. The examiner also stated that there was an indication of the presence of a learning disability and that his emotional disability "appears to impede his academic performance."

8. In the March 1, 2006, psycho-educational evaluation, the examiner recommended that psychological counseling be addressed after the completion of the evaluations and that "a behavior management plan should be implemented after the completion of the Clinical Evaluation." Lastly, the evaluation stated that A.J. may "benefit from educational interventions using intensive one-on-one instruction and small groups in an environment suitable for a child who has learning issues complicated by emotional issues." (See Psycho-educational Evaluation, Report Dated March 8, 2006)

9. On March 1, 2006, an independent clinical psychological evaluation was completed by Interdynamics. A.J. was referred for testing to assess his current level of social an emotional functioning.

10. In the March 1, 2006, clinical psychological evaluation, the examiner stated that A.J. is "experiencing mild depression accompanied with low self-esteem." Further the evaluation states that A.J. "presents with significant emotional disabilities that are likely to make him mentally available for class instructions."

11. In the March 1, 2006, clinical psychological evaluation, the examiner also stated that A.J.'s "negative behavior interferes with his academic achievement." The examiner further stated that A.J. is "in need of academic remediation and psychological support…"

12. In the March 1, 2006, clinical psychological evaluation, the examiner recommended "full-time therapeutic placement in a school where his academic deficiencies can be addressed in a small class setting." The examiner goes on to say that "his current academic setting does not appear to be appropriately addressing his deficiencies, and are further contributing to his emotional difficulties."

13. In the March 1, 2006, clinical psychological evaluation, the examiner recommended that A.J. have counseling for 45 minutes twice a week to address his depression and low self-esteem, and his concerns about academic functioning.

3

14. On June 7, 2006, an Eligibility/MDT meeting was held for the student. The MDT team determined that the student was ineligible for special education because he did not meet the criteria for an Emotional Disturbance disability or for a Learning Disability. However, the notes go on to state that a behavior intervention plan should be developed and that A.J. needs a "school setting that is highly structured with consistent positive behavioral support…"

15. The MDT team agreed that A.J. is performing below expected grade level and stated that the team was concerned that A.J. had been suspended for three 10 day suspensions.

16. Although a clinical psychological evaluation was completed, and present for review, DCPS failed to have a clinical psychologist present at the meeting to review the evaluations.

17. To date, the student has not been determined eligible for special education.

## II. Issues presented.

### 1. Denial of a Free and Appropriate Public Education and Violation of 34 C.F.R. §300.306 by Failing to Appropriately Determine the Student's Eligibility for Special Education and Its Related Services.

Pursuant to 34 C.F.R. 300.306,

In interpreting evaluation data for the purpose of determining if a child is a child with a disability…each public agency must (i) draw upon information from a variety of sources…(ii) ensure that information obtained from all of these sources is documented and carefully considered. (2) If a determination is made that a child has a disability and needs special education and related services, an IEP must be developed for the child…"

Here, assessments were completed in February and March of 2006. The assessments clearly state that A.J. requires a full-time therapeutic placement and counseling services to address his negative social behavior. Furthermore, the assessments state that he is below level in his academics, that his behavior interferes with his academic achievement, and that a behavior intervention plan is necessary. However, at the June 7 2006, MDT/Eligibility meeting the team determined him ineligible for special education. In this case the school failed to find the student eligible for special education and related services although the evaluations indicated that he is a student with possible Multiple Disabilities, specifically a disability of Emotional Disturbance and Learning Disabled. Further at the MDT meeting on June 7, 2006, the team agreed that A.J. was performing below expected grade level. Further the MDT team noted that A.J. was suspended on

4

three 10 day suspension. Therefore, in addition to the results of the assessments the the team also was recognized his poor behavior and poor academics. Nevertheless, the team found him ineligible for special education services thereby denying him FAPE.

**2. DCPS failure to Determine the Student Eligible for Special Education and Related Services under IDEIA amounts to a denial of FAPE and entitles the student to compensatory education.**

*Harris v. District of Columbia* states that students with disabilities are entitled to compensatory services where they have been "deprived of special education in violation of the IDEA." Pursuant to *Reid v. District of Columbia*, "the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." *See also, School Committee of the Town of Burlington Massachusetts v. Department of Education of Massachusetts*, 471 U.S. 359 (1985) (In *Burlington*, the United States Supreme Court concluded that retroactive reimbursement is available to parents. This led to courts allowing compensatory services to parents as an equitable remedy.) *Reid v. District of Columbia*, No. 02cv01611 (2005) (In Reid, the Circuit Court for the District of Columbia Circuit determined that "courts and hearing officers may award 'educational services…to be provided prospectively to compensate for a past deficient program.'" *See Id.* at 9 (quoting G. *ex rel. RG v. Fort Bragg Dependent Schs.*, 343 F.3d 295, 308 (4th Cir. 2003).

A.J. has suffered a loss of educational benefit because he was not determined eligible for special education and related services. Due to DCPS failure to fulfill it's obligation under the IDEIA, the student has missed out on at least a year of specialized instruction and related services that he desperately needs. The student is entitled to compensatory education for the time and services he has lost.

### III.    Relief Sought.

1. The hearing officer shall find that DCPS violated 34 C.F.R. §300.306 by failing to determine if the student meets the criteria for special education eligibility.

2. The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to provide the student with an appropriate IEP.

3. DCPS shall within ten (10) days of the Hearing Officer's Determination convene an IEP meeting. DCPS shall develop an IEP reflecting his eligibility as a student with a Learning Disability and Emotional Disturbance.

4. DCPS shall fund the student's compensatory education plan.

√5. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

6. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

7. DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

8. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through Jani S. Tillery, Esq., via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

9. In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

10. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

11. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

12. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

13. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a

6

person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

14. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

15. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

16. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that the student's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

17. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.   **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.   **Signature:**

_____                    6-29-07
Legal Representative / Advocate (if applicable)                Date

7

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

# Exhibit K



Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000     Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                        James Brown & Assoc., PLLC
    Attorney:                        James Brown
    Federal Tax ID No:               52-1500760
    D.C. Bar No:                     61622

2.  Student Information
    Name:                            Martin, Khalil
    DOB:                             8/26/93
    Date Hearing Request Filed:      6/18/07
    Date(s) of Hearing:              8/16/07
    Date of Determination (HOD/SA)   8/30/07
    Parent/Guardian Name:            Jayelynn Martin
    Parent/Guardian Address:         449 Warner St., NW, #4
                                     Washington, DC 20001

3.  Invoice Information
    Invoice Number:                  07-298
    Date Request Submitted:          9/17/07
    Date(s) of Services Rendered:    4/15/07 to 8/30/07
    Attorney Hourly Rate:            $    365.00
    Total Attorney Fees:             $  6,154.55
    Total Attorney Costs:            $    548.69
    Total Experts:                   $  2,573.35
    Total Invoice:                   $  9,276.59

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    *   All services listed on the enclosed invoices were actually performed;
    *   The entire amount requested on the enclosed invoice for payment of costs and expenses represents
        the actual amount of costs and expenses incurred;
    *   The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
        and expenses itemized on the enclosed invoice is requested;
    *   No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
        benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
        interest, either through an attorney, officer, or employee of the firm, in any special education
        diagnostic services, schools, or other special education service providers;
    *   I understand that the making of a false statement to an agency of the D.C. Government is
        punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          9/17/07
    Signature                                Date

                                                            Revised Nov. 2004

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
State Enforcement and Investigative Division
Cherylen M. Long, Esq.
Independent Due Process Hearing Officer
1150 5th Street, SE
Washington DC 20003
Phone (202) 518-6867
Fax (202) 442-5556

## CONFIDENTIAL

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL DUE PROCESS** |
| ) | **HEARING** |
| ) | |
| KHALIL MARTIN, Student ) | |
| Date of Birth: 8/26/1993 ) | **DECISION AND ORDER** |
| ) | |
| Petitioner, ) | |
| ) | Hearing Date: August 16, 2007 |
| vs. ) | |
| ) | Held at: 1150 5th Street, SE |
| The District of Columbia Public Schools ) | Washington DC 20003 |
| ) | Room 4A |
| Respondent ) | |
| ) | |
| Home School: Meyers Elementary ) | |
| ) | |

## DECISION AND ORDER

Counsel for Parent:     Domiento C.R. Hill, Esq.
                        James Brown & Associates
                        1220 L Street, NW
                        Suite 700
                        Washington DC 20005

Counsel for DCPS:       Tiffany Puckett, Esq.
                        Attorney Advisor
                        Office of the Attorney General
                        825 North Capitol Street, NE
                        9th Floor
                        Washington DC 20002

## INTRODUCTION

A hearing was held at the 1150 5th Street, SE, Washington, DC on August 16, 2007 at the request of D. Hill, counsel for the parent and the student. DCPS was represented by Tiffany Puckett, Esq.

## JURISDICTION

The hearing was held and this decision was written pursuant to the *Indiv. With Disab. Act* (IDEA) (P.L. 101-476), reauthorized as the *IDEA Improvement Act of 1997*(IDEIA) (P.L. 105-17) 20 U.S.C. 1400 Et. Seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the *IDEA Improvement Act of 2004* (P.L. 108-446) and Title 5 of the DCMR and section 145 of the D.C Appropriations Act, effective October 21, 1998.

## DUE PROCESS RIGHTS

Parent's counsel waived formal reading of the due process rights.

## 5 DAY DISCLOSURE

Petitioner presented and called the following witnesses:

1.    Kevin Carter, Advocate
2.    Jayelynn Martin, Parent
3.    Julia Oaks, Accotink Alternative Acadamy

Respondent presented and called the following witnesses:

1.    Tara King-Jackson, Asst. Principal Village Academy

## ISSUES PRESENTED

Whether DCPS denied the student FAPE by:

1.    Failing to provide appropriate placement for student;
2.    Failure to provide parent meaningful participation in determining student's IEP.

## PRELIMINARY MATTER

Petitioner filed a Motion for Default Judgment on August 9, 2007, on the basis that DCPS failed to file a timely response to the Complaint. Undersigned denied the Petitioner's motion however, finding no procedural violation that warranted a default or a finding that FAPE was denied under 20 USC 1415(f)(3)(E)(ii).

2

FINDINGS OF FACT

The hearing Officer makes the following findings of fact:

1.    Khalil Martin was born 8/26/1993.
2.    K.M. has been diagnosed with learning disability, and is eligible for services under IDEA.
3.    K.M.'s IEP meeting notes of 1/10/07 (KM 9) indicate that he needs one on one attention at a separate full time setting at a school for students with learning disabilities.
4.    MDT meeting notes of 6/11/07 (KM 10) indicate that K.M. needs alternate placement outside of the general educating setting.
5.    DCPS offered two options for K.M.'s placement, Hardy Middle School or Village Learning Academy. (KM 10)
6.    Parent was present at the MDT meeting, and rejected both placements indicating that she wanted an opportunity to visit the schools. *(Testimony of Carter)*
7.    Parent did visit Village Learning Academy, but only looked around. She did not speak with any administrators, teachers or students, and did not request a tour of the school or otherwise make her presence known. *(Testimony of J. Martin)*
8.    DCPS conceded that Hardy Middle School allows routine interactions with regular students, making it an inappropriate placement for K.M.
9.    Village Learning Academy is a non-public day school in which L.D. students are housed in the same building with other students on different floors. *(Testimony of King-Jackson)*
10.   Non disabled students do not generally co-mingle with disabled students at Village Learning Academy. They have separate building entrances. However, students may co-mingle occasionally with other students during certain joint functions. *(Testimony of King-Jackson)*
11.   K.M. has been accepted at Accotink Alternative Academy, a school exclusively for children with disabilities. *(Testimony of Oaks)*

DECISION AND CONCLUSIONS OF LAW

Petitioner asserts that DCPS failed to provide K.M. with a "continuum of alternative placements" as required under *34 CFR 300.115(a),* by offering only two options for placement. Hardy Middle School, the first option, allows for routine interaction with general education students, and hence DCPS conceded was inappropriate. Hence, the only real option to be considered in K.M.'s placement was Village Learning Academy.

By definition, the word continuum means range or variety. Clearly offering one option that both parties recognize is not an appropriate placement and only one additional option for placement does not satisfy the requirement set forth in *34 CFR 300.115(a).* I find that parent is entitled to at least one additional option for placement of her child at a

school that offers a separate full time placement for students with learning disabilities, per K.M.'s IEP.

As to the Petitioner's claim that parent was denied meaningful participation in determining her child's IEP, I find that while parent disagreed with the placement options provided, there is no evidence that she disagreed at all with the IEP itself. She did not indicate that she felt the educational plan set forth was inappropriate, or that her son was improperly evaluated, nor was any evidence presented to that effect. The issue presented was solely a matter of the lack of placement options offered by DCPS. Where the IEP offers student a FAPE, parent is not entitled to reimbursement for private placement. Paoella v. D.C, 46 IDELR 271 (US Court of Appeals, DC Circuit (2006)). Hence, I do not find that the parent was denied meaningful participation in the development of her child's IEP.

While DCPS violated the IDEA procedural safeguards by making a "de facto" placement, the record facts show that DCPS made a strong showing that it could provide K.M. with the special education and related services that he was entitled to at the Village Academy. As to whether this violation rises to the level of a FAPE denial, IDEA states:

> "[i]n matters alleging a procedural violation, a hearing officer may find that a child did not receive a free appropriate public education only if the procedural inadequacies -- (I) impeded the child's right to a free appropriate public education; (II) significantly impeded the parents' opportunity to participate in the decision making process regarding the provision of a free appropriate public education to the parents' child; or (III) caused a deprivation of educational benefits." 20 U.S.C. § 1415(f)(3)(E)(ii) (2005 supp.) (2004 amendment).

In the instant matter, the most recent MDT meeting was held in June. Hence, the child's placement determination was being made for the following school year. At this point, there has been no substantial deprivation of educational benefits to K.M., nor has the procedural violation by DCPS resulted in any of the consequences indicated above. Hence, there has been no denial of FAPE.

Based upon the foregoing, it is hereby ORDERED:

1. Petitioner has met its burden of proof as to DCPS failure to provide appropriate placement options to the child, as required under *34 CFR 300.15*.

2. However, Petitioner has not met its burden as to its claim that student was denied FAPE by DCPS' de-facto placement, nor that parent was not provided a meaningful opportunity to participate in determining the student's IEP.

3. A new IEP meeting is to be set within 20 school days of this Order to determine other alternative schools that would provide the services indicated in student's IEP.

4. Should DCPS fail to provide two alternative schools, besides Village Academy, where the IEP can successfully be implemented (where a separate full time setting at a school for students with learning disabilities is offered), parent will be entitled to place K.M. in the Accotink Alternative Academy, where he has already been accepted, at the expense of DCPS.

## APPEAL PROCESS

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.


_____                  ____8-30-07_____
CHERYLEN LONG                                   Date Filed
Impartial Hearing Officer


_____
Date Issued

5

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Khalil Martin

September 16, 2007

In Reference To:  Khalil Martin
                  DOB: 8/26/93

Invoice #12819

Professional Services

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/15/2007 | DH | Draft and file notice of withdrawal with DCPS after receiving and executing settlement agreement with the parent and DCPS. | 0.33 365.00/hr | 120.45 |
| 4/27/2007 | KD | Drafted letter to parent/enclosed copy of IEP Mtng Cnfrmtn/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 5/14/2007 | KC | Reviewed most recent IEP and evaluations. | 0.75 185.00/hr | 138.75 |
|  | KC | Attended MDT/IEP @ 825 North Capital St., N.E. D.C. (Met with Dr. Peagler who informed writer that MDT/Placement will be scheduled to occur before end of the school year but isn't going to occur today. | 1.50 185.00/hr | 277.50 |
|  | KC | Conference with parent , Ms. Martin. Ms. Martin and Khalil arrived at 825 40 minutes after scheduled meeting time and were informed that meeting wouldn't proceed. Writer subsequently met with parent and discussed schools that parent has visited to date. Parent says that she isnt' interested in Rock Creek but would like to visit Accotinck Academy. | 0.58 185.00/hr | 107.30 |
|  | KC | Draft letter to Ms. Martin re: proposal of an admissions interview date and time for Khalil at Accotink Academy. Ms. Oaks is receptive to visit being any weekday at 10:00 a.m.  School will provide van transportation to and from nearest subway station (Springfield/Franconial) once Ms. Martin calls from the station. (Once parent informs writer of time, writer will apprise school of day of visit. Mail and file letter. | 0.83 185.00/hr | 153.55 |
| 5/15/2007 | DH | Review the student's educational file to determine DCPS compliance with the expressed written terms of the settlement agreement, discussion with the parent and educational advocate to determine compliance, conduct educational research to determine remedies available to the parent in the | 2.50 365.00/hr | 912.50 |

Khalil Martin    Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | event of a breach by DCPS, draft and file administrative due process complaint notice. | | |
| 5/18/2007 | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 6/1/2007 | KC | Draft letter to Ms. Martin re: visit to Accotink Academy on Tuesday, June 5, 2007 at 10:00 a.m. School staff will meet parent at Springfield/Franconia subway station at 9:30 a.m. Mail and file letter. | 0.75 185.00/hr | 138.75 |
| | KD | Drafted letter to parent/enclosed copy of IEP Mtng Cnfrmtn/copy to advc and file/added to case notes/posted same to desk calendar | 0.42 115.00/hr | 48.30 |
| 6/7/2007 | KC | Phone call from parent informing writer that visit to Accotink had to be postponed. When parent arrived at Springfield subway station with student and her twins, Accotink sent a van and informed parent that they didn't have a baby seat. Visit is being rescheduled for next week. Parent will leave the twins at home. | 0.42 185.00/hr | 77.70 |
| 6/11/2007 | KC | Reviewed client file in preparation for placement meeting at DCPS Admin. Offices. | 0.75 185.00/hr | 138.75 |
| | KC | Attended MDT/IEP/Placement meeting @ 825 North Capital St., N.E> (DCPS) | 2.00 185.00/hr | 370.00 |
| | KC | Research educational needs/prepared meeting summary for D. Hill, Esq. | 0.67 185.00/hr | 123.95 |
| 6/18/2007 | KD | Drafted letter to parent/enclosed copies of Plcmnt Ref Ltrs to Katherine Thomas School, Commonwealth Academy, Ivymount School, Noble School, Palavin Academy, and to the Lab School/copy to advc and file/added to case notes | 0.25 115.00/hr | 28.75 |
| | KD | Prepared and sent placement package to the Lab School (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.25 115.00/hr | 28.75 |
| | KD | Prepared and sent placement package to Palavin Academy @ Chesterbrook Academy in Chantilly, VA (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.33 115.00/hr | 37.95 |
| | DH | Review the student's educational file, draft and file notice of stay-put. | 0.33 365.00/hr | 120.45 |
| | DH | Review the student's educational file and the MDT Meeting Notes, review advocates meeting notes, discussion with the parent and educational advocate regarding the outcome of the recent MDT Meeting, conduct educational research regarding issues in the case, specifically, as to whether or not DCPS' failure to place the student in an appropriate special education program and failing to give the parent meaningful | 3.00 365.00/hr | 1,095.00 |

Khalil Martin                                                                                    Page    3

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | participation in the placement decision for her minor child, draft and file administrative due process complaint notice. |  |  |
| 6/18/2007 | KD | Prepared and sent placement package to Noble School (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.33 115.00/hr | 37.95 |
|  | KD | Prepared and sent placement package to Ivymount School (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.42 115.00/hr | 48.30 |
|  | KD | Prepared and sent placement package to Commonwealth Academy (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.33 115.00/hr | 37.95 |
|  | KD | Prepared and sent placement package to Katherine Thomas School (includes reviewing case file and pulling most current IEP and evaluation reports; making copies of same)/re-filed originals in case file and added to case notes | 0.33 115.00/hr | 37.95 |
| 6/19/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 6-18-07 Ltr to DCPS rqstng Stay-Put/copy to advc and file/added to case notes | 0.17 115.00/hr | 19.55 |
|  | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.17 115.00/hr | 19.55 |
| 6/28/2007 | KD | Phone call to parent re upcoming Resolution Session Meeting | 0.08 115.00/hr | 9.20 |
| 7/9/2007 | KC | Phone call from Ms Martin inquiring about whether student will be funded at Accotink in time to attend ESY. Parent advised that student won't be funded at Accotink or another placement until hearing occurs on July 20, 2007. Student likely won't begin new placement until the fall of SY 2007-08. | 0.50 185.00/hr | 92.50 |
| 7/16/2007 | KD | Drafted letter to parent/enclosed copy of Interim Order re hearing on 7-31-07 @ 1:00 p.m./copy to advc and file/added to case notes | 0.25 115.00/hr | 28.75 |
|  | KD | Drafted letter to parent/enclosed copy of Plcmnt Accptnc from Accotink/copy to advc and file/added to case notes | 0.17 115.00/hr | 19.55 |
|  | KD | Drafted letter to parent/enclosed copy of Plcmnt Denial from Commonwealth/copy to advc and file/added to case notes | 0.17 115.00/hr | 19.55 |
|  | KD | Drafted letter to parent/enclosed copy of Atty's 7-3-07 Ltr to DCPS rqstng continuance/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |

Khalil Martin                                                                                          Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/17/2007 | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process complaint notice hearing. Give to paralegal for completion. | 1.00 365.00/hr | 365.00 |
| 7/18/2007 | DH | Discussion with the parent regarding the status of the student's case. | 0.25 365.00/hr | 91.25 |
|  | DH | Review the student's educational file to determine whether or not DCPS filed a response to the parent's administrative due process complaint notice, draft and file motion for default judgment. | 0.25 365.00/hr | 91.25 |
| 7/24/2007 | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 2.00 115.00/hr | 230.00 |
| 7/27/2007 | KD | Drafted letter to parent/enclosed copy of Hearing Notice and DCPS' Notice re new location/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
|  | KD | Drafted letter to parent/enclosed copy of Placement Denial from Katherine Thomas School/copy to advc and file/added to case notes | 0.25 115.00/hr | 28.75 |
| 8/9/2007 | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.58 115.00/hr | 181.70 |
|  | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing. | 1.00 365.00/hr | 365.00 |
| 8/15/2007 | KC | Prepared for Due Process Hearing/prep with D. Hill | 0.50 185.00/hr | 92.50 |
|  | DH | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
| 8/16/2007 | KC | Prepared for Due Process Hearing/case review with D. Hill. | 0.50 185.00/hr | 92.50 |
|  | KC | Appearance at Van Ness ES for due process hearing | 2.50 185.00/hr | 462.50 |
|  | DH | Conduct last minute preparation for hearing and appearance at the student's administrative due process hearing | 3.50 365.00/hr | 1,277.50 |
| 8/24/2007 | KC | Phone call from Ms. Martin inquiring about whether HOD had been issued. | 0.33 185.00/hr | 61.05 |
| 8/28/2007 | KC | Phone call from Ms. Martin inquiring about whether firm has received the HOD. | 0.25 185.00/hr | 46.25 |

Khalil Martin

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/29/2007 | KC | Phone call from Ms. Martin. Parent is again inquiring about whether HOD has been issued. | 0.25 185.00/hr | 46.25 |
| 8/30/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| 8/31/2007 | KC | 2nd phone call from Ms. Martin regarding inquiry about receipt of the HOD | 0.25 185.00/hr | 46.25 |
| 9/7/2007 | KC | Conference with parent . Parent unexpectedly stopped by office to discuss HOD. | 0.58 185.00/hr | 107.30 |
| | | For professional services rendered | 36.90 | $8,727.90 |

Additional Charges :

| | | |
|---|---|---|
| 4/18/2007 | copied HR and SA auth form | 2.00 |
| 4/23/2007 | Postage; Letter to parent re: Attorney's letter. | 0.87 |
| | copied letter to parent re: SA | 1.75 |
| | copied letter to parent re: Atty's ltr to DCPS | 1.25 |
| 4/27/2007 | Postage; Letter to parent. | 0.39 |
| | copied letter to parent | 0.50 |
| 5/14/2007 | Postage; Letter to parent. | 0.41 |
| | Facsimile; E-mail correspondence from SAIL. | 2.00 |
| | copied letter to parent | 0.50 |
| 5/18/2007 | copied letter to parent | 0.50 |
| | Faxed HR to SHO | 8.00 |
| | copied HR | 2.25 |
| | Postage; Letter to parent re: HR-Complaint Notice. | 0.58 |
| 5/31/2007 | Rec'd faxed notice from OSE | 1.00 |
| 6/1/2007 | Postage; Letter to parent re: meeting confirmation. | 0.41 |
| | Postage; Letter to parent. | 0.41 |
| | copied letter to attorney and file | 0.50 |

|  |  | Amount |
|---|---|---|
| 6/1/2007 | copied letter to parent re: IEP conf. | 0.50 |
| 6/18/2007 | copied hearing request | 8.00 |
|  | Faxed HR to SHO | 9.00 |
|  | Copied; Letter for parent re: Placement. | 1.75 |
|  | Copied; Placement package for Palavin. | 14.50 |
|  | Copied; Placement package for Noble School. | 14.50 |
|  | Copied; Placement package for Katherine Thomas. | 14.50 |
|  | Copied; Placement package for Lab School. | 14.50 |
|  | Postage; Placement package to Lab School. | 2.50 |
|  | Postage; Placement package to Katherine Thomas. | 2.50 |
|  | Postage; Placement package to Ivymount. | 2.50 |
|  | Postage; Placement package to Commonwealth. | 2.50 |
|  | Copied; Placement package for Ivymount. | 14.50 |
|  | Postage; Letter to parent. | 0.58 |
|  | Postage; Placement package to Palavin Academy. | 2.50 |
|  | Postage; Placement package to Noble School. | 2.50 |
|  | Copied; Placement package for Commonwealth. | 14.50 |
| 6/19/2007 | copied letter to parent re: HR | 2.50 |
|  | Postage; Letter to parent re: HR-Complaint notice. | 0.75 |
|  | copied letter to parent re: stay put | 2.50 |
| 7/16/2007 | copied letter to parent re: interim order | 1.00 |
|  | copied letter to parent re: placement acceptance | 1.00 |
|  | copied letter to parent re: placement denial | 0.50 |
|  | copied letter to parent re: atty's 7/3/07 ltr to DCPS | 1.25 |
|  | Postage; letter to parent | 0.75 |

Khalil Martin                                                                    Page     7

|  | | Amount |
|---|---|---|
| 7/24/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | copied disclosures | 48.00 |
| 7/27/2007 | Copied; HN for parent. | 0.50 |
| | Postage: letter to parent | 0.41 |
| 7/31/2007 | Copied; Disclosure for advocate | 52.00 |
| 8/9/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied; 5 Day Disclosure | 50.50 |
| 8/10/2007 | Copied; 5 Day Disclosure | 47.50 |
| | Copied; 5 Day Disclosure | 47.50 |
| 8/30/2007 | Rec'd faxed HOD from SHO | 5.00 |
| | copied HOD | 5.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total additional charges | $548.69 |
| | Total amount of this bill | $9,276.59 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Domiento Hill, Attorney | 13.66 | 365.00 | $4,985.90 |
| James E. Brown, Attorney | 0.33 | 405.00 | $133.65 |
| Kelly Dau, Paralegal | 9.00 | 115.00 | $1,035.00 |
| Kevin Carter, Advocate | 13.91 | 185.00 | $2,573.35 |

EXHIBIT

KM-3

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202-442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  **INFORMATION ABOUT THE STUDENT:**

Name of the Student:  Khalil Martin  Date of Birth: August 26, 1993

Address:  449 Warner Street, NW #4, Washington, DC 20001

Present School of Attendance: SAIL Public Charter School

Parent/Guardian of the Student: ___Ms. Jayelynn Martin__

## B.  Legal Representative/Attorney (if applicable):

Name: __Domiento C.R. Hill, Esq.____

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes         ⊐ No

## C.  Complaint Made Against (check all that apply):

**X** DCPS

⊐ Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

⊐ Non-public        school        or        residential        treatment        facility        (name)

⊐ Parent

## D.  Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.  Mediation Process:

**I am requesting an administrative due process hearing only at this time.**

## F.  Facts and Reasons for the Complaint:

### I.  Nature of the Problem.

1.  The student's name is Khalil Martin (hereinafter "K.M." or "student").

2.  The student's date of birth is August 26, 1993.

3.  The student's address is 449 Warner Street, NW #4, Washington, DC 20001.

4.  Jayelynn Martin is the parent of L.W. (hereinafter "Parent" or "Complainant").

5.  The parent and the student reside at the same address.

6.  The student currently attends Sail Public Charter School located in the District of Columbia.

7. The student is eligible to receive special education and its related services as a result of his learning disability. See Individualized Educational Program dated January 10, 2007.

8. An MDT/EP Meeting was held for the student on or about January 10, 2007. Id.

9. At the MDT/IEP Meeting, the MDT Team determined that the student required a move to a more restrictive full-time, separate, special education program for students with a learning disability because he is significantly behind in his reading and math. *Id.*

10. On or about January 25, 2007, counsel for the parent, forwarded to DCPS a copy of the student's IEP along with a letter requesting that the student's MDT Meeting be reconvened to locate and appropriate special education program. *See* Correspondence dated January 25, 2007. DCPS did not respond. As a result, an administrative due process complaint notice was filed.

11. On or about April 13th, 2007, a settlement agreement was executed between the parent and the District of Columbia Public Schools ("DCPS") in which DCPS agreed to do, inter alia, convene a multidisciplinary team meeting on or before May 15th, 2007 for the purpose of discussing a Placement for the upcoming school year. See Settlement Agreement dated April 13th, 2007.

12. An MDT Meeting was scheduled to take place for the student on or about May 14th, 2007. *See* Email Correspondence dated April 25th, 2007.

13. The day of the meeting, the parent and her educational advocate appeared for the student's MDT Meeting at the stated time, however, DCPS stated that they were unaware of the MDT Meeting despite their earlier confirmation. To date, DCPS has yet to comply with the settlement agreement and reconvene the student's MDT Meeting to determine placement for the upcoming school year.

14. An MDT Meeting was held for the student on or about June 11, 2007.

15. Specifically, the student requires twenty-six (26) hours of specialized instruction as a student with a learning disability, the MDT Team also agreed that the student would receive a half hour a week of psychological counseling. *Id.*

16. The MDT Team further reiterated its determination that SAIL Public Charter School could not implement the student's IEP as written, and that the student was in need of a new placement.

17. At that point, during this meeting, DCPS informed the parent and her educational advocate that the student could be placed at the Hardy Middle School, a regular education school/program, or the Village Learning Academy.

18. The parent and her educational advocate rejected the program at Hardy Middle School because Hardy Middle School is a regular education program and not a separate, special education, full-time day program as his IEP requires.

19. The parent and her educational advocate rejected the placement at the Village Learning Academy because the student would interact with children emotionally disturbed, is housed in a regular education school, thereby providing interaction with nondisabled peers, and further the representative from the Village Learning Academy had reviewed no information on the student prior to stating they could implement the student's IEP.

## II. Issues presented.

### 1. DCPS failed to provide a free and appropriate public education by failing to provide an appropriate placement.

DCPS, as the local and state education agency, is to make certain that the educational placement, for each child with a disability within its jurisdiction, is able to implement the student's Individualized Educational Program. Pursuant to 34 C.F.R. § 300.17,

> Free appropriate public education or FAPE means special education and related services that are provided at public expense, under public supervision and direction, and without charge; meet the standards of the SEA...include an appropriate preschool, elementary school, or secondary school education in the State involved; and are provided in conformity with the individualized education program (IEP)..."

DCPS shall implement an IEP for each student with a disability. *See id.* at § 614(d)(2). Pursuant to D.C. MUN. REGS. tit. 5, § 3010.2 (2003), DCPS "shall implement an IEP as soon as possible after the meeting where the IEP is developed..." Pursuant to 34 C.F.R. § 300.115(a). DCPS "must ensure that a continuum of alternative placements is available to meet the needs of children with disabilities for special education and related services."

On June 15, 2007, the MDT Team continued to state that the student requires placement in a separate, full-time, special education program. DCPS, at the MDT Meeting only offered the parent placement at Hardy Middle School, a regular education school/program, and placement at the Village Learning Academy where the student, in addition to his interacting with nondisabled peers, would be housed with children who are emotionally disturbed. Neither of these programs, based on the foregoing, is appropriate for this student.

  

**2. DCPS failed to provide a free and appropriate public education by failing to follow proper procedures in determining the student's educational placement and program by failing the provide the parent with meaningful participation in determining the student's educational placement and program.**

According to 34 C.F.R. Sec. 300.116(a)(1), "in determining the educational placement of a child with a disability…each public agency must ensure that the placement decision is made by a group of persons, including the parents, and other persons *knowledgeable about the child*, the meaning of the evaluation data, and the placement options." [emphasis added]  DCPS is to make certain that the parent's or complainants are a part of the decision making process when it comes to the student's educational placement. See also Hoing v. Doe, 484 U.S. 305, 327 (1988) (In Hoing the Supreme Court of the United States concluded that the clear intent of Congress was to make parental involvement the cornerstone of the placement process under the IDEA. In so finding, the Court stressed the importance of a parent's right to be not only notified of each step of a child's educational development, but also involved in the placement decision making process: "Envisioning the IEP as the centerpiece of the statute's education system for disabled children, and aware that schools had all too often denied such children appropriate educations without in any way consulting the parents; Congress repeatedly emphasized through the Act the importance and indeed the necessity of parental participation in both the development of the IEP and any subsequent assessments of its effectiveness. Accordingly, the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate." Id. at 311-12; Burlington School Comm. v. Massachusetts Dept. of Education, 471 U.S. 359, 373 (1985); Zvl D. By Shirley D. v. District of Columbia Public Schools, 828 F. Supp. at 88-89; and Nikita Petties, et. al. v. The District of Columbia Public Schools, Civil Action No. 95-0148.

DCPS denied the parent a meaningful opportunity to participate in the placement process by offering the student placement in a regular education school, which is not what the student's IEP requires, or, placement in a program for children who are emotionally disturbed, which the child is not, or in a program where the student would have interaction with children who are emotionally disturbed, and non-disabled, and indeed, had never met the student, had not reviewed any assessments. These actions by DCPS denied the parent the right to have meaningful participation in the decision making process for her minor child.

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to provide an appropriate placement.

2. The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to follow proper procedures in determining the student's educational placement and program by failing the provide the parent with meaningful participation in determining the student's educational placement and program.

3. DCPS shall issue prior notice to a school of the parent's choice, thereby funding the student's placement and transportation.

4. DCPS agrees to pay counsel for the parent reasonable attorney's fees and related costs incurred in the matter.

5. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6. DCPS shall provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

7. DCPS shall send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

8. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through Domiento C.R. Hill, via facsimile, at 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

9. In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

10. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

11. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

12. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

13. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

14. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

15. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the complainant with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

16. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that Brian's rights and the complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST

INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

17. The hearing officer shall find that the parent is the prevailing party in this action.

18. All issues with regards to compensatory education are reserved to the parent.

## G.  **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

<u>5. Signature:</u>

_____        6/18/07
Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
            **********************
            ***   TX REPORT   ***
            **********************


   TRANSMISSION OK

   TX/RX NO             2549
   RECIPIENT ADDRESS    92026983825
   DESTINATION ID
   ST. TIME             06/18 18:52
   TIME USE             01'18
   PAGES SENT           9
   RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, D.C. 20005 | Christie Fontaine-Covington |
| Christopher L. West | Telephone: (202) 742-2000 | Jani Tillery |
| John A. Straus | Facsimile: (202) 742-2098 | Kimberly Glassman |
| Omar Karram | | |

e-mail: Admin@Jeblaw.biz

! DC Bar Special Legal Consultant
+ Admitted in Bolivia Only

# *FAX COVER SHEET*

**DATE:**     June 18, 2007

**TO:**       Office of Student Hearings, DCPS

**FAX NO:**   202-698-3825

**FROM:**     Domiento C.R. Hill, Esq.

**SUBJECT:**  K.M., DOB: 8/26/93

**NUMBER OF PAGES INCLUDING COVER SHEET:** 9

**COMMENTS:**  Administrative due process complaint notice. Thank you for your assistance with this matter.

# Exhibit L

Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                           James Brown & Assoc., PLLC
    Attorney:                           James Brown
    Federal Tax ID No:                  52-1500760
    D.C. Bar No:                        61622

2.  Student Information
    Name:                               Peterson, Ronald
    DOB:                                8/7/97
    Date Hearing Request Filed:         5/22/07
    Date(s) of Hearing:                 7/25/07 to 8/24/07
    Date of Determination (HOD/SA)      9/4/07
    Parent/Guardian Name:               Joanne Peterson
    Parent/Guardian Address:            537 27th St., NE, Apt. A
                                        Washington, DC 20002

3.  Invoice Information
    Invoice Number:                     07-299
    Date Request Submitted:             9/17/07
    Date(s) of Services Rendered:       12/28/06 to 8/24/07
    Attorney Hourly Rate:               $      365.00
    Total Attorney Fees:                $   10,959.20
    Total Attorney Costs:               $      304.89
    Total Experts:                      $        0.00
    Total Invoice:                      $   11,264.09

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    *   All services listed on the enclosed invoices were actually performed;
    *   The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    *   The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    *   No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    *   I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _signature_                         9/17/07
    Signature                           Date

                                        Revised Nov. 2004

# District of Columbia Public Schools

## State Enforcement & Investigation Division
### _Confidential_

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
Van Ness Elementary School
1150 5th Street, S.E.
Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Ronald Peterson (RP)** | ) | |
| Date of Birth: 08/07/97 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: May 22, 2007 |
| | ) | **Cont. Hearing Date: August 24, 2007** |
| **The District of Columbia Public Schools,** | ) | Held at: Van Ness Elementary School |
| **Home School: Gibbs Elementary School** | ) | 1150 5th Street, S.E., 1st Floor |
| **Attending: Birney Elementary School** | ) | Washington, D.C. 20003 |
| | ) | |
| Respondent. | ) | |

| | |
|---|---|
| Parent/Student: | JoAnne Peterson, Mother |
| | 537 27th Street, N.E. |
| | Washington, D.C. 20002 |
| | |
| Counsel for the Parent/Student: | Miguel A. Hull, Esq. |
| | James E. Brown & Associates, PLLC |
| | Attorneys at Law |
| | 1220 L Street N.W., Suite 700 |
| | Washington, D.C. 20005 |
| | |
| District of Columbia Public Schools: | Aaron E. Price, Sr., Esq. |
| | Assistant Attorney General |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E., 9th Floor |
| | Washington, D.C. 20002 |

1

## I.    JURISDICTION

This Decision and Order is written pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Public Law No. 108-446, codified at 20 U.S.C. §§ 1400 – 1482, 118 Stat 2647; implementing regulations codified at 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 327 of the D.C. Appropriations Act of 2005.

## II.    DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed on 07/18/07 that lists five witnesses and attached eleven exhibits sequentially labeled RP-01 through RP-11. Two witnesses were called to testify: (1) R.P.'s mother; and (2) Juan Fernandez, educational advocate.

Respondent:    Admitted, without objection, a disclosure letter filed on 07/18/07 that lists ten witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify. DCPS rested its case on the testimony of parent's witnesses and the admitted exhibits.

## IV.    STATEMENT OF THE CASE

R.P., born 08/07/97, age 10, is a student with a disability receiving a special education and related services, as a Multiple Disabled (MD)—Emotional Disturbed (ED) and Specific Learning Disabled (SLD) student who attended Birney Elementary School (Birney ES) in the District of Columbia for the 2006-07 school year. (R. at RP-01, 10)

Parent's counsel Miguel A. Hull alleged in the student's 05/22/07 Due Process Hearing Request that DCPS violated the IDEIA and denied R.P. a Free Appropriate Public Education (FAPE) by failing to complete his Educational Assessment as part of his 05/08/07 Psycho-Education Assessment. (R. at RP-01, 10) The parties' agreed that all other issues in the parent's 05/22/07 hearing request were no longer at issue so they are dismissed. (R. at RP-01)

The DCPS Student Hearing Office scheduled the Due Process Hearing for 9:00 a.m., Wednesday, July 24, 2007 that the parties' continued until Friday, August 24, 2007, at 11:00 a.m. The hearings convened as scheduled at Van Ness Elementary School, 1150 5th Street, S.E., 1st Floor, Washington, D.C. 20003.

2

Attorney Advisor Aaron E. Price, Sr., appeared in-person for DCPS. Attorney Miguel A. Hull appeared in-person representing R.P. and his mother who were both present.

## V.    SUMMARY OF THE EVIDENCE

The parent's five-day disclosure exhibits and the testimony of two (2) witnesses are relied upon in reaching the decision.

### Two Witnesses:

(1) R.P.'s Mother; and
(2) Juan Fernandez, education advocate.

### Five Exhibits:

| | | |
|---|---|---|
| 1. | RP-01 | The 05/22/07 Parent's Due Process Hearing Request |
| 2. | RP-05 | The 01//08/07 Counsel Ltr. To DCPS Requesting Revals |
| 3. | RP-07 | The 03/20/07 R.P. Social History Evaluation Report |
| 4. | RP-08 | The 03/21/07 R.P. Speech-Language Evaluation Report |
| 5. | RP-10 | The 05/08/07 R.P. Psychological Evaluation Report |

### Issue

Did DCPS violate the Individuals with Disabilities Education Improvement Act (IDEIA) codified at 20 U.S.C. §§ 1400 - 1482 and deny R.P. a Free Appropriate Public Education (FAPE) by failing to perform his Educational Assessment as part of his 05/08/07 Psychological Assessment?

### Answer

No. Although DCPS has not performed the Education Assessment there was no evidence presented about how the delayed evaluation, a procedural violation of the IDEIA, resulted in a FAPE denial as required by the IDEIA.

## VI.    FINDINGS OF FACT

1.      R.P., born 08/07/97, age 10, is a student with a disability who was receiving a special education and related services, as a Multiple Disabled (MD)—Emotional Disturbed (ED) and Specific Learning Disabled (SLD) student at Birney Elementary School (Birney ES) in the District of Columbia during the 2006-07 school year. (R. at RP-01)

2.     On 01/08/07, the parent through counsel sent a letter to the Birney ES Principal requesting a reevaluation and these four (4) assessments:

   a.  Clinical,
   b.  Speech-Language,
   c.  Social History, and
   d.  Occupational Therapy (OT).

3.     The following assessments are completed and admitted as evidence in this hearing record:

   a.  The 05/08/07 Psychological Reevaluation Report:
   b.  The 03/21/07 Speech-Language Report: and
   c.  The 03/20/07 Social History Report.
   (R. at RP-07, 08, 10)

4.     There was no evidence presented about the need for an OT Assessment so that claim is dismissed.

5.     The parent's only claim is that although DCPS performed R.P.'s Psychological Assessment on 05/08/07 it did not complete the Educational part of that assessment. In fact that assessment report states that "the educational assessment will be performed by the special education teacher." (R. at RP-10)

6.     There is no evidence that the Educational Assessment has been performed. Nor any evidence that it was requested by the parent in the parent's 01/08/07 letter to DCPS requesting reevaluations. (R. at RP-05)

7.     According to this credited testimony of R.P.'s mother whose testimony was found credible because of her direct, thoughtful, measured responses to all question asked; and because of her calm demeanor throughout her testimony, she said that —

   a.  R.P. attended Birney ES during the 2006-07 school year where he had problems with his school work and behavior.

   b.  In October 2006 R.P. was admitted to PIW. After his discharge on October 30, 2006, he returned to school; took medication; and did fine in school during November and December 2006.

   c.  In January 2007, he was not doing his work and got into fights at school and on the school bus. And she, via counsel, requested that he be reevaluated [on January 8, 2007].

    d.  From February to June 2007, R.P. got better; continued to take his medicine; and some of his grades improved.

    e.  She believes the missing test [the Educational Assessment] "will tell about his SLD and if the school can meet his needs [for the 2007-08] school year."

8.    There was no credible evidence offered by the parent about how the delay in performing the Educational Assessment impacted R.P.'s education for the 2007-08 school year that had not started at the time of the due process hearing.

9.    So there is a finding that the delayed Educational Assessment is a procedural violation of the IDEIA but there is no denial of a FAPE because there is no evidence that demonstrates how the unperformed Educational Assessment affected R.P. for the 2007-08 school year, now only one week old, as required by the IDEIA and D.C. common law.

## VII.  DISCUSSION and CONCLUSIONS OF LAW:
### I
**DCPS is required to make a FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

The IDEIA at 20 U.S.C. §§ 1400 - 1482 and 5 D.C.M.R. § 3000.1 (2003) requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

1.  Pursuant to 5 D.C.M.R. § 3002.1, LEA Responsibility, "[t]he services provided to the child must address all of the child's identified special education and related services needs and must be based on the child's unique needs and not on the child's disability."

2.  Pursuant to 5 D.C.M.R. § 3013.1(c), Placement, "[t]he LEA shall ensure that the educational placement decision for a child with a disability is ...based on the child's IEP."

3.  Pursuant to 5 D.C.M.R. § 3025, Procedural Safeguards—Prior Written Notice, DCPS shall provide written notice to the parent of a child with a disability before it proposes...an educational placement of the child.

4.  Pursuant to the IDEIA at 20 U.S.C. § 1414 (d) (A), (B) Requirement that Program be in Effect—

1. At the beginning of each school year, each local educational agency ... shall have in effect for each child with a disability in the agency's jurisdiction an IEP.

5. DCPS complied, in-part, with these cited IDEIA obligations based on the parents 05/22/07 hearing request because R.P.'s BLMDT/IEPT agreed to perform specified assessments; those assessments were performed except the Educational Assessment as part of the Psychological Assessment. (R. at RP-07, 08, 10)

6. Pursuant to 34 C.F.R. §§ 300.303(a)(1), (b)(2) Reevaluations, "[a] public agency must ensure that a reevaluation of each child with a disability is conducted ... if the public agency determines that the educational or related services needs of the child ... warrant a reevaluation. A reevaluation under this section must occur once every three years unless the parent and public agency agree that a reevaluation is unnecessary."

7. On January 8, 2007, the parent requested a reevaluation. Unhelpful is the parties' provided no evidence about when R.P.'s BLMDT/SEP Meeting convened; who attended that meeting; what the team agreed to perform; and when the parent signed a Parental Consent to Evaluate. All assessments requested in parent's 01/08/07 letter to DCPS requesting reevaluations were performed. (R. at RP-05, 07, 08, 10)

8. Although the requested Psychological Assessment was performed on 05/08/07, it did not contain an Educational Assessment. (R. at RP-10) So there is a procedural violation of the IDEIA. But that did not rise to a denial of a FAPE. Here is why.

9. Pursuant to the IDEIA at 20 U.S.C. § 1414 (E) (ii), and 34 C.F.R. § 300.513 (a) Decision of hearing officer on procedural issues, states that, "[i]n matters alleging a procedural violation, a hearing officer may find that a child did not receive a free appropriate public education [FAPE] only if the procedural inadequacies—

      (I)     impeded the child's right to a free appropriate public education;

      (II)    significantly impeded the parent's opportunity to participate in the decision making process regarding the provisions of a FAPE to the parent's child; or the

> (III)  caused a deprivation of educational benefits."

10. And pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions, "[n]othing in paragraph (a) of this section shall be construed to preclude a hearing officer from ordering an LEA to comply with procedural requirements."

11. R.P. was not denied a FAPE because the alleged procedural inadequacy did impede his right to a FAPE nor deprive him of educational benefit since the parent made no effort to demonstrate—much less demonstrated—that R.P.'s education was affected by any procedural violation that DCPS may have committed.

12. And the D.C. Circuit held that: "only those procedural violations of the IDEIA which result in a loss of educational opportunity or seriously deprive parents of their participation rights are actionable." Lesesne v. District of Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006) (*citing* Kruvant v. District of Columbia, 99 F. App'x 232, 233 (D.C. Cir. 2004) (*holding* that although DCPS admits it failed to satisfy its responsibility to assesses the student within 120 days of the parents' request, the parents have not shown harm resulted from that error).

13. So based on this hearing record, there does not exist evidence supporting the parent's claim that R.P. was denied a FAPE because a delayed evaluation does not alone result in a denial of a FAPE—which is precisely the claim the parent presented at the due process hearing.

14. Pursuant to 5 D.C.M.R. § 3030.3, "The burden of proof shall be the responsibility of the party seeking relief; either the parent/guardian of the child or the LEA. Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student a Free Appropriate Public Education (FAPE)."

15. The parent, who filed the hearing request, had and did not meet their burden of proof in this case because the parent:

   a. Proved DCPS did not perform R.P.'s Educational Assessment as part of his reevaluation Psychological Assessment.

   b. But failed to prove harm resulted from that error.

So in consideration of the hearing record, there is no finding that R.P. was denied a FAPE based on a delayed evaluation because the parent did not meet their burden of proof under the IDEIA by proving that the procedural violation of the IDEIA rose to the

7

level of a FAPE denial. But R.P. still needs DCPS to conduct his Education Assessment. Therefore, based on the findings of facts and the governing law the hearing officer issues this—

## ORDER

1. The parent's 05/22/07, due process hearing request is dismissed, with prejudice.

2. There is no finding that R.P. was denied a FAPE.

3. DCPS shall, however, pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions complete R.P.'s Educational Assessment on or before September 21, 2007. After which the parties shall mutually agree to a date and time to participate in an IEPT Meeting to review the assessment results.

4. If DCPS fails to comply with paragraph three, the parent shall obtain an independent Educational Assessment on or before November 22, 2007.

5. Schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel written notice of all meetings by facsimile at (202) 742-2098.

6. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

7. The 45-day time limit, from filing the Due Process Hearing Request after the expiration of the 30-day period under § 300.510(b)—receipt of the final Hearing Officer's Decision (HOD), pursuant 34 C.F.R. §§ 300.515(a) (1), (2) was waived by the parents; and the time for disposition was extended, in accord with this Order, to accommodate the one continuance.

8. And the hearing officer made no additional findings.

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90)-days from the date of this Decision and Order pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B); 34 C.F.R. § 300.516 (b).**

Frederick E. Woods                                    9/4/07
**Frederick E. Woods**                                **Date**
**Hearing Officer**
Issued: _9/4/07_
**DCPS Student Hearing Office**

# District of Columbia Public Schools
### *State Enforcement & Investigation Division*

In the Matter of              )

                                  )

R.P.                          )

           Petitioner,         )        **IMPARTIAL**

           vs.                  )   **DUE PROCESS HEARING**

                                    )

The District of Columbia Public Schools,  )

**Birney Elementary School**            )

           Respondent.      )

---

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 – 1482.

Case Information:       Hearing Request Date: May 22, 2007
                          **Continued Hearing Date: August 24, 2007**
                          Held at:  Van Ness Elementary School
                                       1150 5th Street, S.E., 1st Floor
                                       Washington, D.C. 20003
                          SETS Case Number: _____
                          Student's Birth Date: August 7, 1997
                          Attending School: Birney Elementary School
                          Managing School: Birney Elementary School

## CERTIFICATION OF RECORD

     I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and tapes.

     I further certify that the materials placed in the SHO file for this student are either the original or true copy of the original documents submitted in this matter.

     Executed this ___4th___ day of ___September___, 2007.

                                           Due Process Hearing Officer

9

Re: MATTER OF
R.P. v. DCPS, BIRNEY ELEMENTARY SCHOOL

# RECORD OF PROCEEDINGS

## DATE:          DESCRIPTION:

05/22/07          Due Process Hearing Request Filed By Parent

07/10/07          Notice of Due Process Hearing Date Sent to Parties

07/25/07          Due Process Hearing Scheduled to Convene; Did not
                  Convene; and the Cases was Continued until Aug. 24,
                  2007.

07/25/07          Hearing Officer's Interim Decision Filed with the SHO

07/25/07          Hearing Officer's Interim Decision Issued by the SHO

08/24/07          Due Process Hearing Convened; Completed; Recorded
                  in HR-4A Start Time 11:00 a.m. and End Time 1:15
                  p.m.

09/04/07          Hearing Officer's Decision Filed with the SHO

09/04/07          Hearing Officer's Decision Issued by the SHO


Frederick E. Woods                              9/4/07
Due Process Hearing Officer                     Date

10

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE

1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: September 4, 2007

To: Miguel Hull

Re: Peterson, Ronald

Total Number of Pages Including Cover: 11

CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Ronald Peterson
DOB: 8/7/97



September 11, 2007

In Reference To:   Ronald Peterson
                   DOB: 8/7/97

Invoice #12806


        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/28/2006 MH | Consultation with parent and legal assistant, research and case preparation. | | 1.50 365.00/hr | 547.50 |
| | BC | Drafted letter to parent, prepared file jacket, disseminated information to various members of the legal team. | 0.58 130.00/hr | 75.40 |
| | BDL | Conference with parent to discuss opening case and child's educational needs. | 1.50 115.00/hr | 172.50 |
| 1/8/2007 HR | Draft letter requesting reevaluations to student's school, DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request, gathered General Authorization and TAT form; (faxed to parties, called the school to confirm receipt of fax, and added to case notes. | | 0.83 115.00/hr | 95.45 |
| | HR | Draft letter requesting educational documents to student's school, DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request, gathered General Authorization and TAT form; (faxed to parties, called the school to confirm receipt of fax, and added to case notes. | 0.67 115.00/hr | 77.05 |
| 1/9/2007 HR | Draft case status letter to parent regarding records/evaluations requested. Copied/mailed and added to case notes. | | 0.50 115.00/hr | 57.50 |
| 2/8/2007 HR | Draft letter to Birney Elementary School requesting status of evaluations requested January 8, 2007. Sent letter via facsimile to the school, Office of Special Education, and Office of the General Counsel. Called the school to confirm receipt of fax and added to case notes. | | 0.67 115.00/hr | 77.05 |

Ronald Peterson                                                                                    Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 2/8/2007 HR | Draft case status letter to parent regarding letter sent to DCPS requesting status of evaluations requested. Copied/mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| 4/16/2007 MH | Reviewed social history report received from DCPS this week. Developed case strategy and made notes to file regarding findings in the report. | 0.42 365.00/hr | 153.30 |
| 4/17/2007 HR | Draft case status letter to parent regarding Social History Evaluation. Copied/mailed and added to case notes. | 0.33 115.00/hr | 37.95 |
| 5/15/2007 MH | Reviewed psychological-educational evaluation report | 0.83 365.00/hr | 302.95 |
| 5/17/2007 MH | Prepared draft due process hearing request to DCPS.  Includes research on issues raised, discussion with parent, and drafting of claims. | 2.17 365.00/hr | 792.05 |
| 5/18/2007 RN | Review of hearing request under quality assurance review. Made edits and suggestions to attorney. Provided feedback and reviewed documents mentioned in case file. | 1.33 365.00/hr | 485.45 |
| 5/22/2007 MH | Revised and filed due process hearing request | 0.50 365.00/hr | 182.50 |
| HR | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on May 22, 2007; includes copying complaint, mailed, and added to case notes | 0.50 115.00/hr | 57.50 |
| 5/31/2007 MH | Reviewed file to determine status and researched student's educational needs | 0.25 365.00/hr | 91.25 |
| 6/5/2007 HR | Draft letter to parent regarding confirmation of meeting notice. Copied, mailed, added to calendar and case notes. | 0.50 115.00/hr | 57.50 |
| 6/7/2007 JF | Attended MDT/IEP @ Birney ES with parent | 3.83 365.00/hr | 1,397.95 |
| 6/14/2007 JF | School visit; classroom observation Birney ES | 2.33 365.00/hr | 850.45 |
| 7/12/2007 HR | Review and draft letter to parent with a copy of the due process hearing notice date sent on July 10, 2007 by the Student Hearing Office for due process hearing on July 25, 2007; includes copying and mailed and added to case notes. | 0.50 115.00/hr | 57.50 |
| 7/18/2007 MH | Prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information | 1.50 365.00/hr | 547.50 |
| HR | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived all exhibit documents that are relevant from file; includes researching witnesses information; searching for missing documents, drafting 5-day disclosure letter, tab | 1.50 115.00/hr | 172.50 |

Ronald Peterson                                                              Page     3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | documents for Hearing Officer's and attorney, making copies and package for courier. | | |
| 7/24/2007 | JF | Prepared for due process hearing by reviewing all educational data available in file, contacted parent and child's attorney to discuss case and strategy | 1.50 365.00/hr | 547.50 |
| | MH | Prepared for Due Process Hearing.  Reviewed DCPS' and parent's disclosure materials, discussion with parent, conducted research on issues raised, and prepared possible witness questions and legal arguments for hearing. | 1.08 365.00/hr | 394.20 |
| 7/25/2007 | MH | Appearance at Van Ness ES for part one of due process hearing. | 0.58 365.00/hr | 211.70 |
| 7/31/2007 | HR | Review and draft letter to parent with a copy of the due process hearing notice date sent on July 30, 2007 by the Student Hearing Office for due process hearing on August 24, 2007; includes copying and mailed | 0.50 115.00/hr | 57.50 |
| 8/10/2007 | BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 8/16/2007 | JF | Assisted attorney to prepare disclosure to DCPS | 1.50 365.00/hr | 547.50 |
| 8/23/2007 | MH | Prepared for Due Process Hearing.  Reviewed DCPS and parent's disclosure materials; conducted research on issues raised; discussed case with parent; and prepared possible witness questions and legal arguments. | 1.42 365.00/hr | 518.30 |
| 8/24/2007 | JF | Appearance at Van Ness ES for due process hearing | 3.17 365.00/hr | 1,157.05 |
| | MH | Appearance at Van Ness ES for part two of due process hearing. | 3.17 365.00/hr | 1,157.05 |
| | | For professional services rendered | 36.33 | $10,959.20 |
| | | Additional Charges : | | |
| 12/28/2006 | | Copied documents, letter | | 0.50 |
| | | Postage; letter to parent | | 0.39 |
| | | Made copies for file; documents brought in by parent | | 17.75 |
| | | copied intake documents | | 3.00 |
| 1/8/2007 | | Faxed doc to Birney ES re: records + reeval rqst | | 8.00 |

Ronald Peterson                                                                                                Page    4

|  |  | Amount |
|---|---|---|
| 1/8/2007 | Faxed doc to OSE re: records + reeval rqst | 8.00 |
|  | Faxed doc to OGC re: records + reeval rqst | 8.00 |
| 1/9/2007 | Copied; Records and evaluation request w/letter for parent. | 1.25 |
| 1/10/2007 | Postage; letter to parent. | 0.39 |
| 2/8/2007 | Fax letter requesting status of evals. requested to Birney ES, OSE, OGC | 6.00 |
|  | copied letter to parent with case status | 0.50 |
|  | Postage; letter to parent. | 0.39 |
| 4/17/2007 | Postage; Letter to parent. | 0.63 |
|  | copied letter to parent | 1.75 |
| 5/22/2007 | Faxed HR to SHO | 9.00 |
|  | copied letter to parent re: due process hearing | 2.25 |
|  | Postage; Letter to parent re: DPH-Complaint. | 0.58 |
|  | copied hearing request | 6.00 |
| 6/4/2007 | Rec'd faxed mtg notice from Birney ES | 6.00 |
| 6/5/2007 | Copied; letter for parent. | 0.75 |
|  | Postage; Letter to parent. | 1.65 |
| 7/12/2007 | Postage; letter to parent | 0.41 |
|  | copied letter to parent re: NOH | 0.50 |
| 7/18/2007 | copied disclosures | 61.50 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/23/2007 | copied letters | 1.50 |
| 7/25/2007 | Rec'd Faxed order to SHO | 2.00 |
|  | Rec'd order from SHO | 2.00 |
|  | Transportation service to Van Ness ES for hearing | 12.00 |
| 7/31/2007 | copied; NOH w/ltr | 0.50 |

Ronald Peterson                                                                    Page      5

|            |                                                              | Amount |
|------------|--------------------------------------------------------------|--------|
| 7/31/2007  | Postage; letter to parent                                    | 0.41   |
| 8/10/2007  | Postage; letter to parent                                    | 0.41   |
| 8/24/2007  | Transportation service to and from  Van Ness ES for hearing  | 24.00  |
|            | File review preparation of bill and invoice audit            | 96.88  |
|            | Total additional charges                                     | $304.89 |
|            | Total amount of this bill                                    | $11,264.09 |

## User Summary

| Name                          | Hours | Rate   | Amount     |
|-------------------------------|-------|--------|------------|
| Blair Copeland, Paralegal     | 0.75  | 130.00 | $97.50     |
| Blanca De La Sancha, Paralegal| 1.50  | 115.00 | $172.50    |
| Heidi Romero, Paralegal       | 7.00  | 115.00 | $805.00    |
| Juan Fernandez, Attorney      | 12.33 | 365.00 | $4,500.45  |
| Miguel Hull, Attorney         | 13.42 | 365.00 | $4,898.30  |
| Roxanne Neloms, Attorney      | 1.33  | 365.00 | $485.45    |

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child.  **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Student Name:  _Ronald Peterson_          DOB:  _August 7, 1997_

Address:     _537 27th St., NE, Apt. A, Washington, D.C. 20002_

Present School of Attendance: _Birney Elementary School_

Home School:          _Gibbs Elementary School_

(Neighborhood school where child is registered)

Parent/Guardian of the Student: __Joanne Peterson___

## B.    Legal Representative/Attorney (if applicable):

Name: _Miguel A. Hull, Esq.___    Phone: (W) _202 742-2015_    (Fax) _202 742-2098_

Address: 1220 L St., NW, #700, Washington, D.C. 20005_____

Will attorney / legal representative attend the resolution session?    X Yes    ☐ No

## C.    Complaint Made Against (check all that apply):

__X__ DCPS
___Charter school (name of the charter school if different from page one)_____
☐Non-public school or residential treatment facility (name) _____
☐Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.    Relevant Facts

1. Ronald Peterson is a nine-year-old special education student in the fourth grade at Birney Elementary School in the District of Columbia. His home school is Gibbs Elementary.

2. Joanne Peterson is Ronald's mother and the person bringing this claim.

3. According to his most recent Individualized Educational Program ("IEP"), dated June 1, 2005, Ronald is classified as learning disabled and entitled to receive 15 hours of specialized

2

instruction per week in the special education setting, and one hour of counseling per week.

4. At Birney, Ronald has had behavioral problems that consist of his running out of his classroom trying to escape from the school.

5. In October 2006, Ronald was hospitalized for psychiatric reasons at the Psychiatric Institute of Washington. While there, he was diagnosed with ADHD and Oppositional Defiance Disorder among other things.

6. On January 8, 2007, the parent through counsel, made a formal written request and consent form to the administration at Birney ES and District of Columbia Public Schools ("DCPS") for comprehensive re-evaluations pursuant to the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1400 et. seq. The request included a specific request for, among other things:

    a. a psychological-educational, to address academic concerns;
    b. a clinical-psychological, to address concerns regarding behavior;
    c. a speech and language, to address concerns regarding communication;
    d. a social history, to address concerns regarding behavior; and
    e. and occupational therapy assessment, to address concerns regarding fine motor skills.

7. On February 8, 2007, the parent, through counsel, sent a letter to DCPS requesting a status of the re-evaluations requested.

8. On March 20, 2007, DCPS completed a Social History assessment for Ronald.

9. On March 21, 2007, DCPS completed a Speech and Language assessment for Ronald. That assessment recommended classroom intervention, but not direct therapy. The report also found the following scores:

    a. Core Language:              84, borderline range;
    b. Receptive Language Index:   76, low range;
    c. Expressive Language Index:  92, average range;
    d. Language Content Index:     78, borderline range;
    e. Language Memory Index:      84, borderline range

10. On May 8, 2007, DCPS completed a so-called "Psychological Reevaluation" that found the following scores:

    a. On the Behavior Assessment System for Children 2nd Edition, the evaluator found Ronald to be "at risk" with regards to depression, school problems, study skills, overall adaptability, overall externalizing skills, attention problems, anxiety, social skills, ad activities of daily living.

    b. On the Scale for Assessing Emotional Disturbance, the evaluator found no significant concerns.

3

    c.  On the Developmental Test of Visual-Motor Integration, the evaluator found standard score of 80 "which indicates below average ability in this area. (Percentile rank = 9)"

    d.  On the Woodcock-Johnson Test of Cognitive Abilities, 3rd Edition:

|  |  | Age Equiv | Stand Score | Grade Equiv |
|---|---|---|---|---|
| i. | GIA | 7-5 | 79 | 2-0 |
| ii. | Verbal Ability | 7-10 | 87 | 2-5 |
| iii. | Thinking Ability | 7-3 | 81 | 1-8 |
| iv. | Cognitive Efficiency | 7-6 | 80 | 2-2 |

11. The May 8, 2007 psychological assessment states that "[t]he educational assessment will be done by the special education teacher."

12. To date, it has been more than a 120 days since the parent's request for reevaluation assessments and DCPS has yet to complete the educational and occupational therapy assessments that where requested by the parent, nor has DCPS convened an MDT meeting to review any assessments.

## II.    DCPS Has Failed To Conduct All Re-evaluation Assessments Requested By The Parent

13. DCPS has failed to complete the educational and occupational therapy assessments as requested by the parent.

14. A public agency is required to conduct reevaluation assessments if requested to do so by the child's parents.  20 U.S.C. § 1414 (a) (2); 34 C.F.R. § 300.303 (a) (2); D.C. Mun. Regs. tit. 5 § 3004 and 3005; Cartwright v. District of Columbia, 267 F. Supp.2d 83, 87 (D.D.C. 2003) (Court found that the language of the regulation was unambiguous and required that DCPS conduct assessments upon parental request without any other conditions); Herbin vs. District of Columbia, 362 F. Supp2d. 254 (D. D.C. 2005) (Court overturned hearing officer's determination affirming reasoning Cartwright); and Kingsberry v. District of Columbia.CA No.: 03-2378 (2005) (Court overturned another hearing officer and again affirmed reasoning in Cartwright).

15. A public agency must ensure that the student being evaluated is assessed in all areas of suspected disability, that the evaluation is sufficiently comprehensive to identify all of the student's special education needs, and that the evaluation includes all assessment tools that may assist in determining the content of the IEP.  20 U.S.C. § 1414 (b) (1)-(3); § 1414 (a) (6) (B); § 1414 (b) (3) (C) ("each local education agency shall ensure that assessment tools and strategies that provide relevant information that directly assists persons in determining the educational needs of the child are provided."); § 1412 (a) (3) (state must have procedures in place to ensure that all students in the school district who may need special education services are identified, located, and **evaluated**); 34 C.F.R. Sec. 300.304 (b) and (c); 34 C.F.R. § 300.301 ("Each public shall ensure that a full and individual evaluation is conducted for each child being considered for special education"); 34 C.F.R. Sec. 300.111 (public agency

4

must identify, locate and evaluate all students in the school district who may need special education services); D.C. Mun. Regs. tit. 5 § 3005.9 (g) ("The LEA shall ensure that: the child is assessed in all areas related to the suspected disability [ . . . ]"); D.C. Mun. Regs. tit. 5 § 3005.9 (h) (The LEA shall ensure that: in evaluating a child with a disability, the evaluation is sufficiently comprehensive to identify all of the child's special education and services needs, whether or not commonly linked to the disability category in which the child has been classified.").

16. Evaluation assessments are to be completed within a reasonable of the parent's request consistent with Federal Law and D.C. Code § 38-2501(a). D.C. Mun. Regs. tit. 5 § 3004.1 (parent can make referral for evaluations); D.C. Mun. Regs. tit. 5 § 3005.2 ("The IEP team **shall** conduct an initial evaluation of a child within a reasonable time of receiving a **written referral and parental consent** to proceed and within timelines consistent with Federal Law and D.C. Code § 38-2501(a)"); and D.C. Code § 38-2501 (initial evaluations to be completed within 120 days of referral).

17. Also, even if the public agency determines that certain assessments are not necessary, the public agency must still do them if requested to do so by the parents. 20 U.S.C. § 1414 (c) (4) (B) ("if local education agency determines that assessments are not needed, the local education agency "shall not be required to conduct such an assessment unless requested to by the child's parents."); 34 C.F.R. § 300.305 (d) (2); ("The public agency is not required to conduct the assessment [ . . . ] unless requested to do so by the child's parents."). See also Cartwright; Herbin; and Kingsberry.

18. In this case, DCPS has violated the parent and student's rights by failing to conduct re-evaluation assessments within a timely manner. The parent made a formal request to DCPS for re-evaluation assessments pursuant to the IDEA on January 8, 2007. To date, DCPS has failed to complete the educational and occupational therapy assessments requested by the parent and has failed to convene an MDT meeting to review all assessments requested. The student's low cognitive and visual integration scores in the psychological report indicate a pressing need for these other two assessments that have yet to be completed and much less reviewed.

## III.    **Relief Sought**

19. a finding in the parent and student's favor as to each of the issues raised above;

20. that DCPS be ordered, or agree, to:

   a. complete a: 1) **educational;** 2) **occupational therapy;** and 3) **any other evaluations recommended by those specified** within 15 days or else fund these evaluations independently.

   b. convene an MDT meeting within 10 business days of receiving or completing the evaluations specified above to: review the re-evaluations revise the IEP, and determine appropriate placement with placement to be made within 5 days if for a public school, or 30 days if for a non-public school;

5

    c.  that DCPS provide any other relief deemed appropriate and relating to the violations committed here; and

    d.  pay parent's reasonable attorney's fees and costs.

21. All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

22. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

23. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

24. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. Tit. 5 § 3000.3, and other related services as are defined at 34 C.F.R. § 300.34 designed to meet this student's unique needs and preparation for employment and independent living;

25. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. Tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

26. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (c) (2) (B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

27. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

28. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (c) (2) (C), respond to the parent's request alleging any insufficiency of notice;

29. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (c) (2) (C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

30. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting**.

31. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons:** 1) the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

32. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1415 (f) (1) (B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

33. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    Signature:

_____        May 22, 2007
Legal Representative / Advocate (if applicable)        Date


**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

8

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              0080
CONNECTION TEL                      94425556
CONNECTION ID
ST. TIME             05/22 08:49
USAGE T              01'25
PGS. SENT               9
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Christie Fontaine-Covington |
| Christopher L. West | Telephone: (202) 742-2000 | Jani Tillery |
| John A. Straus | Facsimile: (202) 742-2098 | Kimberly Glassman |
| Omar Karram | e-mail: Admin@Jeblaw.biz | |

------------------------------                                        ------------------------------
! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:       May 22, 2007

TO:         Student Hearing Office
            District of Columbia Public Schools

FROM:       Miguel A. Hull, Esq.

PHONE:      (202) 442-5432

FAX NO:     (202) 442-5556

SUBJECT:    **Ronald Peterson, DOB: 8/7/97 –Due Process Complaint**

NUMBER OF PAGES INCLUDING COVER SHEET: <u>NINE</u>

COMMENTS:

# Exhibit M



DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                         James Brown & Assoc., PLLC
    Attorney:                         James Brown
    Federal Tax ID No:                52-1500760
    D.C. Bar No:                      61622

2.  Student Information
    Name:                             Williams, Kenneth
    DOB:                              10/3/94
    Date Hearing Request Filed:       7/10/07
    Date(s) of Hearing:               9/6/07
    Date of Determination (HOD/SA)    9/13/07
    Parent/Guardian Name:             Jeanette Williams
    Parent/Guardian Address:          1440 Eastern Ave., NE
                                      Washington, DC 20019

3.  Invoice Information
    Invoice Number:                   07-305
    Date Request Submitted:           9/17/07
    Date(s) of Services Rendered:     7/8/07 to 9/13/07
    Attorney Hourly Rate:             $      365.00
    Total Attorney Fees:              $    3,890.42
    Total Attorney Costs:             $      245.28
    Total Experts:                    $      462.50
    Total Invoice:                    $    4,598.20

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _James E. Brown_                          9/17/07
    Signature                                 Date

    Revised Nov. 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
1150 Fifth Street, SE, Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **KENNETH WILLIAMS**, student | ) | |
| Date of Birth: October 3, 1994 | ) | |
| | ) | **DECISION & ORDER** |
| Petitioner, | ) | |
| | ) | |
| versus | ) | Request Date:  July 10, 2007 |
| | ) | Hearing Date:  September 6, 2007 |
| **The District of Columbia Public Schools,** | ) | |
| Attending:  Phillips School, Laurel, Md., | ) | Held at:  Student Hearing Office, DCPS |
| | ) | 1150 Fifth Street, SE |
| Respondent. | ) | First Floor- Hearing Room 5A |
| | ) | Washington, D.C. 20003 |

**Parent:**  Jeannette Williams
1440 Eastern Avenue, NE
Washington, D.C. 20019

**Counsel for the Parent/Student:**  Domiento C.R. Hill, Esq.
**JAMES E. BROWN & Associates**
1220 L Street, NW    Suite 700
Washington, D.C. 20005

**District of Columbia Public Schools:**  Christal Mims Williams, Esq., Attorney-Advisor
Aaron E. Price, Jr., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE - 9th Floor
Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

i

## INDEX of NAMES for Kenneth Williams

**Hearing Date:** September 6, 2007

Appearing on behalf of the parent/student:

1. Kevin Carter, educational advocate

Appearing on behalf of DCPS: None.

No testimony was received.

ii

## STATEMENT of the CASE

On July 10, 2007, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of violation on the part of DCPS of the Hearing Officer's Determination/Decision (HOD) issued in this matter June 28, 2007 wherein DCPS was ordered to reimburse the parent for the cost of student transportation in the amount of $194.93.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 3:00 P.M., Thursday, September 6, 2007 at the Student Hearing Office, DCPS, 1150 Fifth Street, SE- First Floor, Hearing Room 5A, Washington, D.C. 20003. The hearing convened as scheduled.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

**ISSUE:**   **Did DCPS violate the June 28, 2007 HOD by not paying the parent $194.93?**

## SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated August 29, 2007, the parent disclosed 8 witnesses and 14 documents.

The parent's documents were placed into the record and are referenced/footnoted herein where relevant.

Counsel for the Parent referenced the five (5) previous HODs[1] ordering DCPS to pay the parent $194.93 and complained that, to date, DCPS had not paid the parent $194.93.

The Attorney-Advisor referenced paragraph 1 of the ORDER in the February 28, 2006 HOD[2], the first HOD:

> "1. DCPS shall immediately reimburse the parent for the student's transportation cost based on the requirement reimbursement documentation submitted by the parent."

The Attorney-Advisor represented that the parent had not submitted " . . . required reimbursement documentation . . ." and argued that DCPS had not violated the HOD.

The hearing officer noted paragraph 3 under the FINDINGS OF FACT in the

1 of 2 pages

---

[1] Parent Documents Nos 5, 6, 9, 10 & 11
[2] page 3, Parent Document No 11

February 28, 2006 HOD where it reads, "The parent's counsel has submitted the required documentation to DCPS but the parent has yet to be reimbursed. (DCPS 2)." With the Finding of Fact, the hearing officer determined that the "required documentation defense" had merged into the February 28, 2006 HOD and, consequently, was no longer available to DCPS for the herein 194.93 student transportation cost.

In consideration of the documents and arguments herein, the hearing officer found that DCPS had not reimbursed the parent $194.93 as ordered in 4 previous HODs, and that, as complained by the parent herein, DCPS had violated the fifth and latest HOD, the June 28, 2007 HOD, again, by failing to pay the parent $194.93 as ordered.

In consideration of the foregoing, the hearing officer made the following

## ORDER

Within 30 days hereof, DCPS will pay the $194.93
to the parent with 6% interest accruing from July 3, 2006[3].

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**

Date: _September 13, 2007_
_____
H. St. Clair, Esq., Hearing Officer

Issued: ___9|13|07___
_____
Student Hearing Office, DCPS

2 of 2 pages

---

[3]  At paragraph 4 of the ORDER in the June 28, 2007 HOD, Parent Document No 5, 6% interest from July 3, 2006 was added to the $194.93.  The July 3, 2006 Discharge Summary, Parent Document No 13, showed July 3, 2006 as the discharge date for the student.

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: September 13, 2007


To: D. Hill


Re: Willaims, Kenneth


Total Number of Pages Including Cover: 5


**CONFIDENTIALITY NOTICE:** The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Kenneth Williams

September 16, 2007

In Reference To:   Kenneth Williams
Invoice #12835

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/8/2007 | DH | Draft and send letter to DCPS notifying them of their noncompliance. | 0.25 365.00/hr | 91.25 |
|  | DH | Review the student's educational file to determine whether or not DCPS complied with the previous order issued by the impartial due process hearing officer, call to the parent to see if she received the check, conduct educational research, draft and file administrative due process complaint notice. | 2.00 365.00/hr | 730.00 |
| 7/10/2007 | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 236.25 |
| 7/12/2007 | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.50 115.00/hr | 57.50 |
| 7/17/2007 | KD | Drafted letter to parent/enclosed copy of the 6-28-07 HOD/copy to advc and file/added to case notes | 0.50 115.00/hr | 57.50 |
|  | KD | Drafted letter to parent/enclosed copy of Atty's 7-8-07 Ltr to DCPS rqstng reimbursement per HOD/copy to advc and file/added to case notes | 0.50 115.00/hr | 57.50 |
| 8/29/2007 | WB | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.75 115.00/hr | 201.25 |
|  | WB | Conference with parent re: upcoming hearing on 9/6/07 @ 3:00 PM | 0.17 115.00/hr | 19.17 |

Kenneth Williams                                                                                          Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/29/2007 | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing. | 1.00<br>365.00/hr | 365.00 |
| 8/31/2007 | WB | Review and draft letter to parent with a copy of the hearing notice date sent on 8/23/07 by the Student Hearing Office for due process on 9/6/07 @ 3:00 PM; includes copying and mailing | 0.50<br>115.00/hr | 57.50 |
| 9/4/2007 | KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes/posted same to Desk Calendar | 0.50<br>115.00/hr | 57.50 |
| 9/5/2007 | DH | Conduct preparation for the student's administrative due process complaint notice hearing by conducting educational research, conduct review of the student's educational file, review DCPS' five-day disclosures, review the parent's five-day disclosures, prepare questions for direct, prepare questions for possible cross examination of DCPS witnesses, prepare opening and closing statements, and conduct witness preparation with the parent and her identified witnesses. | 2.00<br>365.00/hr | 730.00 |
| 9/6/2007 | KC | Reviewed the students file for upcoming hearing | 1.00<br>185.00/hr | 185.00 |
|  | KC | Appearance at Van Ness ES for due process hearing | 1.50<br>185.00/hr | 277.50 |
|  | DH | Appearance at Van Ness ES for due process hearing | 1.50<br>365.00/hr | 547.50 |
|  | DH | Prepared for Due Process Hearing | 1.50<br>365.00/hr | 547.50 |
| 9/13/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33<br>405.00/hr | 135.00 |
|  |  | For professional services rendered | 16.08 | $4,352.92 |

Additional Charges :

| | | |
|---|---|---|
| 6/28/2007 | copied HOD | 6.00 |
|  | Rec'd faxed HOD from SHO | 6.00 |
| 7/6/2007 | copied HR complaint | 2.00 |
| 7/10/2007 | copied HR | 6.00 |
|  | Outgoing Fax to SHO, Hearing Request | 7.00 |
|  | Faxed HR to SHO | 7.00 |

Kenneth Williams

| | | Amount |
|---|---|---|
| 7/12/2007 | copied HR complaint | 2.00 |
| | Postage; letter to parent | 0.58 |
| 7/16/2007 | Postage; ltr to parent | 0.75 |
| 7/17/2007 | Postage; Atty's 7-8-07 ltr to DCPS rqstng reimbursment & 6-28-07 HOD to parent | 0.75 |
| | copied letter to parent | 1.75 |
| | copied letter to parent | 2.25 |
| 8/24/2007 | Rec'd faxed HN from SHO | 1.00 |
| 8/29/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | copied disclosures | 61.50 |
| 8/31/2007 | Postage; letter and HDN | 0.41 |
| | copied letter to parent | 0.50 |
| 9/4/2007 | Copied; Hn and ltr | 0.50 |
| | Postage; ltr to parent | 0.41 |
| 9/6/2007 | Transportation service from Van Ness ES for hearing | 12.00 |
| 9/13/2007 | File review preparation of bill and invoice audit | 96.88 |
| | Rec'd faxed HOD from SHO | 5.00 |
| | copied HOD | 5.00 |
| | Total additional charges | $245.28 |
| | Total amount of this bill | $4,598.20 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Domiento Hill, Attorney | 8.25 | 365.00 | $3,011.25 |
| James E. Brown, Attorney | 0.91 | 405.00 | $371.25 |
| Kelly Dau, Paralegal | 2.00 | 115.00 | $230.00 |
| Kevin Carter, Advocate | 2.50 | 185.00 | $462.50 |
| Williams Bautista, Paralegal | 2.42 | 115.00 | $277.92 |

# Exhibit N

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   **INFORMATION ABOUT THE STUDENT:**

Name of the Student:   Kenneth Williams   Date of Birth:  October 3rd, 1994

Address:   1440 Eastern Avenue, NE, Washington, DC 20019

Present School of Attendance:    The Phillps School of Contemporary Education - Laurel

Is this a charter school? ___No___      (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ___Ms. Jeanette Williams___

## B.   Legal Representative/Attorney (if applicable):

Name: ___Domiento C.R. Hill, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?   **X** Yes    ❏ No

## C.   Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

❏ Charter school (name of the charter school if different from page one) _____

❏ Non-public school or residential treatment facility (name) _____

❏ Parent

## D.   Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.   Mediation Process:

**I am requesting an administrative due process hearing only at this time.**

## F.   Facts and Reasons for the Complaint:

### I.  Nature of the Problem.

1. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the terms of the June 28, 2007 Order of the Impartial Due Process Hearing Officer and Reimburse the Parent.</u> The student, at all relevant times prior to the filing of this complaint, was a resident of the District of Columbia, and eligible to receive special education and its related services due to his emotional disturbance and a learning disability. The student currently attends the Phillips School of Contemporary Education in Laurel, Maryland.

An administrative due process hearing was held for the student on or about June 4, 2007. As a result of that hearing, the impartial due process hearing officer presiding over the matter, on or about June 28, 2007, issued a hearing officer's decision in

2

which DCPS was ordered to do, among other things, reimburse the parent $194.93 cents within five (5) business days of the issuance of the HOD, for cost incurred for travel to the Pines Residential Treatment Program (hereinafter "Pines"). See Order dated June 28, 2007.

The order went on to require DCPS to do, inter alia, in the event the parent was not timely reimbursed by DCPS, that a rate of 6% interest will begin accruing from the date of the student's discharge from Pines. Id. The student's was discharged from the Pines on or about June 2, 2006.

On or about July 8, 2007, the parent, by and through counsel, wrote to DCPS informing them that DCPS had yet to make any attempts to comply with the order and reimburse the parent. See Correspondence dated July 8, 2007. Counsel for the parent, in that same letter, wrote to DCPS notifying them of the parent's intent to file a due process compliant notice in the event payment was not received. Id. DCPS did not respond.

To date, over five (5) business days have passed and DCPS has yet to reimburse the parent the monies. DCPS' failure to comply with the order of June 28, 2007 Order amounts to a denial of a free and appropriate public education.

## II. Issues presented.

1. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the June 28, 2007 Order of the impartial due process hearing officer.

### IV.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS denied the student a Free and Appropriate Public Education by failing to Comply with the expressed written terms of the June 28, 2007 Order of the impartial due process hearing officer;

2. DCPS, within five (5) business days, agrees to reimburse the parent $210.00, plus .03 cents a day in interest payments from the date of the parent's filing this complaint until the check is received by the parent;

3. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

4. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use

3

self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

5.  The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

6.  Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

7.  That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

9.  That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

10. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

11. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

12. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

14. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

15. A finding that the parent is the prevailing party in this action.

## G.  **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please                    specify                    the type)_____
- Special          Communication          (please          describe          the type)_____
- Special          Accommodations          for          Disability          (please          be specific)_____
- Other_____

## H.  **Signature:**

_____

5

Legal Representative / Advocate (if applicable)          Date

Mail, fax or deliver this complaint notice to:
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            0564
RECIPIENT ADDRESS   92026983825
DESTINATION ID
ST. TIME            07/09 19:20
TIME USE            00'58
PAGES SENT          7
RESULT              OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus
Omar Karram

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, D.C. 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!+
Tilman L. Gerald
Roxanne D. Neloms
Christie Fontaine-Covington
Jani Tillery
Kimberly Glassman

e-mail: Admin@Jeblaw.biz

! DC Bar Special Legal Consultant
+ Admitted in Bolivia Only

# FAX COVER SHEET

**DATE:**     July 10th, 2007

**TO:**     Office of Student Hearings, DCPS

**FAX NO:**     202-698-3825

**FROM:**     Domiento C.R. Hill, Esq.

**SUBJECT:**     K.W., DOB: 10/3/94

## NUMBER OF PAGES INCLUDING COVER SHEET: 7

**COMMENTS:**  Administrative due process complaint notice. Thank you for your assistance with this matter.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Office of the Superintendent

Case 1:07-cv-01826-RWR    Document 1-21    Filed 10/10/2007    Page 303 of 383

Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                            James Brown & Assoc., PLLC
    Attorney:                            James Brown
    Federal Tax ID No:                   52-1500760
    D.C. Bar No:                         61622

2.  Student Information
    Name:                                Yancey, Keihmanie
    DOB:                                 12/30/95
    Date Hearing Request Filed:          6/25/07
    Date(s) of Hearing:                  8/23/07
    Date of Determination (HOD/SA)       8/31/07
    Parent/Guardian Name:                Felicia Champion
    Parent/Guardian Address:             1211 Eaton Rd., SE
                                         Washington, DC 20020

3.  Invoice Information
    Invoice Number:                      07-302
    Date Request Submitted:              9/17/07
    Date(s) of Services Rendered:        6/5/07 to 8/23/07
    Attorney Hourly Rate:                $    365.00
    Total Attorney Fees:                 $  4,175.65
    Total Attorney Costs:                $    284.02
    Total Experts:                       $  1,666.85
    Total Invoice:                       $  6,126.52

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    • All services listed on the enclosed invoices were actually performed;
    • The entire amount requested on the enclosed invoice for payment of costs and expenses represents
      the actual amount of costs and expenses incurred;
    • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
      and expenses itemized on the enclosed invoice is requested;
    • No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
      benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
      interest, either through an attorney, officer, or employee of the firm, in any special education
      diagnostic services, schools, or other special education service providers;
    I understand that the making of a false statement to an agency of the D.C. Government is
    punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____        9/17/07
    Signature                              Date

    Revised Nov 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division

### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
1150 Fifth Street, SE, Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **KEIHMANIE YANCEY**, student | ) | |
| Date of Birth: December 30, 1995 | ) | |
| | ) | |
| | ) | **DECISION & ORDER** |
| Petitioner, | ) | |
| | ) | |
| versus | ) | Request Date:  June 26, 2007 |
| | ) | Hearing Date:  August 23, 2007 |
| **The District of Columbia Public Schools,** | ) | |
| Attending:  Birney Elementary School, | ) | Held at:  Student Hearing Office, DCPS |
| | ) | 1150 Fifth Street, SE |
| Respondent. | ) | First Floor- Hearing Room 4A |
| | ) | Washington, D.C. 20003 |

**Parent:**                     Felicia Champion
                                      1211 Easton Road, SE
                                      Washington, D.C. 20020

**Counsel for the Parent/Student:**    Omar Z. Karram, Esq.
                                      **JAMES E. BROWN & Associates**
                                      1220  L  Street, NW    Suite 700
                                      Washington, D.C. 20005

**District of Columbia Public Schools:** Stephanie Ramjohn Moore, Esq., Asst. Atty Gen'l
                                      **Office of the General Counsel, DCPS**
                                      825 North Capitol Street, NE - 9th Floor
                                      Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties.  The index will permit the
parties to identify specific witnesses and other relevant witnesses.  The index will be detached before
release of this DECISION & ORDER as a public record.

## **INDEX of NAMES** for **Keihmanie Yancey**
**Hearing Date:** August 23, 2007

Appearing on behalf of the parent/student:

1. Felicia Champion, parent (via telephone)
2. Cheron Sutton-Brock, educational advocate  *

Appearing on behalf of DCPS:

1. Aaron E. Price, Jr., Assistant Attorney General
2. Christal Mims Williams, Assistant Attorney General
3. Deborah Lyons, Special Education Coordinator, Birney Ele. School  **

 *  Gave testimony.
 **  Gave testimony via telephone.

ii

## STATEMENT of the CASE

On June 26, 2007, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of violation on the part of DCPS of the Hearing Officer's Determination/Decision (HOD) issued in this matter May 31, 2007.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 11:00 A.M., Thursday, August 23, 2007 at the Student Hearing Office, DCPS, 1150 Fifth Street, SE- First Floor, Hearing Room 4A, Washington, D.C. 20003. The hearing convened as scheduled.

At the hearing, Counsel for the Parent pointed out that DCPS had not filed a response to the complaint as required by *IDEIA 2004* and moved for a default. The motion was taken under advisement.

Here, the hearing officer notes that nowhere in *IDEIA 2004* is a Due Process hearing officer granted authority to enter defaults, and further notes at 34 CFR 300.513(a)(2) that a procedural violation is to become a Denial of FAPE only if the violation impeded the child's right to a FAPE, impeded the parent's opportunity to participate in FAPE decisions or caused a deprivation of educational benefit. Counsel for the Parent's motion is DENIED.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

**ISSUE:**     **Did DCPS violate the May 31, 2007 HOD by not convening an MDT meeting for the student as was ordered in Paragraph 1 of the ORDER in the said HOD?**

## SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated August 16, 2007, the parent disclosed 4 witnesses and 12 documents.

By facsimile dated August 16, 2007, DCPS disclosed 5 witnesses.

The documents were placed into the record and are referenced/footnoted herein where relevant.

The Educational Advocate referenced the July 9, 2007 letter[1] from the Special Education

1 of 4 pages

---
[1] Parent Document No 5

Coordinator (SEC) at Birney Elementary School and testified that by letter dated July 9, 2007,[2] July 24, 2007 at 10:00 A.M. was selected as the MDT meeting date for the student. The Advocate went on to testify that she went to Birney ES at 10:00 A.M. on July 24, 2007 and could not find anyone concerning the agreed upon meeting; that she spoke with someone from Birney ES about the meeting about noon on July 24, 2007 and received an apology for the failure of the MDT to convene.

The parent rested.

The SEC testified via telephone that she sent a facsimile to the Counsel for the Parent on May 16, 2007. The SEC testified that June 13, 2007 was the last date she offered to Counsel for the Parent as a possible MDT meeting date but that July 24, 2007 was confirmed as an MDT meeting date; that she did not later hear anything about the scheduled July 24, 2007 MDT meeting. In response to a question from the hearing officer, the SEC testified that she confirmed an MDT meeting for the student at 10:00 A.M., June 13, 2007. The SEC testified that she was testifying from her calendar, not the student's file. (No document concerning the June 13, 2007 meeting was in the record.)

DCPS rested.

Argument.

In consideration of the testimony, documents and arguments herein, the hearing officer found the following facts:

1. The May 31, 2007 HOD required DCPS to have convened an MDT meeting for the student within 15 schooldays or by June 22, 2007. The May 31, 2007 HOD was based on a violation on the part of DCPS of the February 15, 2007 HOD wherein DCPS had been ordered to convene the same MDT meeting for the student.

2. To date, the February 15, 2007 HOD and May 31, 2007 HOD ordered MDT meeting for the student had not convened.

3. The first attempt by Birney ES to arrange an MDT meeting for the student pursuant to the May 31, 2007 HOD was July 9, 2007.

4. On July 9, 2007, Counsel for the Parent accepted 10:00 A.M., July 24, 2007 as date for the MDT meeting. Per the SEC, Birney ES accepted July 24, 2007 as the date for the MDT meeting for the student.

5. When the Educational Advocate arrived at Birney ES for the MDT meeting at 10:00 A.M., July 24, 2007, no one from DCPS to convene the MDT meeting was present at Birney ES.

2 of 4 pages

---

[2] *ibid*

# DISCUSSION and CONCLUSIONS of LAW

### DCPS violated the May 31, 2007 HOD.

HODs ordering DCPS to complete procedures under *IDEIA 2004* are routinely issued. Moreover, failure on the part of DCPS to comply with an order constitutes a Denial of FAPE to the concerned student.

Herein, DCPS was twice ordered to convene an MDT meeting for the student and twice failed to comply. The documentary record showed that DCPS did not attempt to convene the MDT meeting for the student until July 9, 2007, 16 days after June 22, 2007.

In consideration of the foregoing, the hearing officer made the following

# ORDER

1. Within 30 days hereof, DCPS will convene an MDT/IEP/Placement meeting during which evaluations will be reviewed, the IEP reviewed and revised as appropriate and placement discussed and determined. If a DCPS placement is recommended, a Notice of Placement will be issued within 5 school days of the said meeting; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

2. At the said MDT/IEP/Placement meeting, the form, amount and delivery of compensatory education from February 15, 2007 until the end of the 2006-07 School Year, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

3. For the said MDT/IEP/Placement meeting scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph,

documentation of the parties will be relied upon to
determine the good faith of each party.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of
competent jurisdiction within ninety (90) days of the issue date of this decision.**

Date: _August 31, 2007_

H. St. Clair, Esq., Hearing Officer

Issued: _8|31|07_
Student Hearing Office, DCPS

4 of 4 pages

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: August 31, 2007

To:   Omar Karram

Re:  Yancey, Keihmanie

Total Number of Pages Including Cover: 7

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Keihmanie Yancey
DOB: 12/30/95




September 11, 2007

In Reference To:  Keihmanie Yancey
                  DOB: 12/30/95

Invoice #12802


        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/5/2007 | OK | drafting of letter re: MDT meeting and review of HOD | 0.75 365.00/hr | 273.75 |
| 6/8/2007 | WB | Drafted letter to parent with an enclosed copy of the HOD issued on 5/31/07 | 0.58 115.00/hr | 66.70 |
| 6/19/2007 | WB | Drafted letter to parent with an enclosed copy of the correspondence sent on 6/19/07 to Deborah Lyons, Special Education Coordinator, Birney Elementary School | 0.58 115.00/hr | 66.70 |
|  | OK | drafting of due process complaint re: violation of HOD and review and revision | 2.50 365.00/hr | 912.50 |
| 6/25/2007 | WB | Review and draft letter to parent regarding the due process complaint notice that was filed by the attorney on 6/25/07; includes copying complaint and mailed | 0.58 115.00/hr | 66.70 |
|  | OK | Filed due process hearing request | 0.08 365.00/hr | 29.20 |
|  | WB | Conference with parent re: Administrative Due Process Complaint Notice filed on 6/25/07 | 0.25 115.00/hr | 28.75 |
| 7/9/2007 | WB | Drafted letter to parent with an enclosed copy of the correspondence sent on 7/9/07 to Ms. Deborah Lyons, Special Education Coordinator, Birney Elementary School responding to MDT Meeting Notice Letter of Invitation | 0.58 115.00/hr | 66.70 |
|  | WB | Drafted letter to Ms. Deborah Lyons, Special Education Coordinator, Birney Elementary School responding to MDT Meeting Notice Letter of Invitation | 0.50 115.00/hr | 57.50 |

Keihmanie Yancey

Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/23/2007 | CS | Phone call from mother | 0.17 185.00/hr | 31.45 |
| | CS | Prepared for upcoming MDT/IEP meeting | 0.67 185.00/hr | 123.95 |
| 7/24/2007 | CS | Discussion with DCPS staff (Gloster) | 0.33 185.00/hr | 61.05 |
| | CS | Draft letter to DCPS re meeting | 0.42 185.00/hr | 77.70 |
| | CS | Attended MDT/IEP @ Birney ES (team not available) | 2.25 185.00/hr | 416.25 |
| 7/31/2007 | WB | Review and draft letter to parent with a copy of the hearing notice date sent on 7/31/07 by the Student Hearing Office for due process hearing on 8/23/07 @ 11:00 AM; includes copying and mailing | 0.58 115.00/hr | 66.70 |
| 8/1/2007 | WB | Telephone call (TWICE) from DCPS staff Ms. Lyons re: receipt of correspondence and possible meeting scheduling | 0.33 115.00/hr | 37.95 |
| 8/14/2007 | CS | Prepared for Due Process Hearing | 1.00 185.00/hr | 185.00 |
| 8/16/2007 | WB | Conference with parent re: upcoming hearing on 8/23/07 @ 11:00 AM | 0.17 115.00/hr | 19.55 |
| | OK | prepartion of 5 day disclosure and review of doucemtements and drafting of motion for default judgement | 1.33 365.00/hr | 485.45 |
| | WB | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50 115.00/hr | 172.50 |
| 8/23/2007 | OK | preparation for due process hearing and and drafting of opening and closing and preparation with advocate and review of documents | 2.00 365.00/hr | 730.00 |
| | OK | attended due process hearing | 3.00 365.00/hr | 1,095.00 |
| | CS | Pre-hearing conference with attorney | 0.67 185.00/hr | 123.95 |
| | CS | Appearance at Van Ness ES for due process hearing | 3.00 185.00/hr | 555.00 |
| | CS | Discussion with the child's attorney after the due process hearing | 0.50 185.00/hr | 92.50 |

Keihmanie Yancey

Page     3

| | | Hours | Amount |
|---|---|---|---|
| | For professional services rendered | 24.32 | $5,842.50 |
| | Additional Charges : | | |
| 6/8/2007 | copied letter to parent | | 0.50 |
| | Postage; Letter to parent. | | 0.41 |
| 6/19/2007 | Postage; Letter to parent. | | 0.41 |
| | Faxed letter to Birney ES and OGC | | 4.00 |
| | copied letter to parent | | 0.50 |
| 6/25/2007 | Faxed HR to SHO/OGC | | 16.00 |
| | copied HR | | 7.00 |
| 6/26/2007 | Postage; Letter to parent. | | 0.58 |
| 7/9/2007 | Postage; letter to parent | | 0.58 |
| | Faxed MDT mtg response to Birney ES | | 7.00 |
| | copied letter to parent | | 0.50 |
| 7/23/2007 | copied records | | 15.75 |
| 7/24/2007 | Faxed letter to School | | 1.00 |
| 7/31/2007 | copied letter to parent | | 0.50 |
| | Postage; Letter to parent. | | 0.41 |
| 8/16/2007 | copied disclosures | | 78.00 |
| | Faxed motion for default to SHO | | 5.00 |
| | Faxed motion for default to OGC | | 5.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | | 20.00 |
| 8/23/2007 | File review preparation of bill and invoice audit | | 96.88 |
| | Transportation service to and from  Van Ness ES for hearing | | 24.00 |
| | Total additional charges | | $284.02 |
| | Total amount of this bill | | $6,126.52 |

Keihmanie Yancey                                                                    Page    4

User Summary

| Name | Hours | Rate | Amount |
|------|------:|-----:|-------:|
| Cheron Sutton-Brock, Advocate | 9.01 | 185.00 | $1,666.85 |
| Omar Karram, Attorney | 9.66 | 365.00 | $3,525.90 |
| Williams Bautista, Paralegal | 5.65 | 115.00 | $649.75 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



EXHIBIT
KY-2

### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

**A.**   **INFORMATION ABOUT THE STUDENT:**

Name of the Student: <u>Keihmanie Yancey</u>    Date of Birth: <u>12/30/95</u>

Address: <u>1211 Eaton Road, SE, Washington, DC 20020</u>

Present School of Attendance: <u>Birney Elementary School</u>

Is this a charter school? <u>No</u>.    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Felicia Champion

Address (if different from the student's above): <u>Same as above</u>

**B.**    <u>**Legal Representative/Attorney**</u>:

Name: <u>Omar Karram, Esq.</u>

Address: <u>James E. Brown and Associates</u>

<u>1220 L. Street NW, #700, Washington, DC 20005</u>

Phone: (w) <u>202.742.2098</u>  (Fax) <u>202.742.2098</u>    (e-mail) _____

Will attorney / legal representative attend the resolution session?    <u>**X**</u> Yes        ☐ No

**C.**    <u>**Complaint Made Against (check all that apply)**</u>:

**X**    DCPS    school    (name    of    the    school    if    different    from    page one)_____

☐Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐Non-public    school    or    residential    treatment    facility    (name) _____

☐Parent

**D.**    <u>**Resolution Session Meeting Between Parent/Representative and LEA**</u>:

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.**    <u>**Mediation Process**</u>:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**    <u>**Facts and Reasons for the Complaint**</u>:

2

SEID DPCN Rev'd. 7/01/05

In accordance with the Ind. ..uals with Disabilities Education Im⌐ .ement Act (IDEIA), please complete the following questions (attach additional pages if needed):

## I. Nature of the problem.

### I. Denial of a Free and Appropriate Public Education - Failure to Convene a MDT Meeting within 15 School Days and update the Child's IEP and allow the Parent to Participate and Determine Placement.

1) Keihmanie Yancey (hereinafter K.Y.) is a 12-year-old student who Birney Elementary School in the District of Columbia. She is in special education.

2) Keihmanie Yancey (K.Y.) is classified as Other Health Impaired (OHI) on the May 6, 2006 IEP. She is supposed to receive 12.50 hours of specialized instruction and 1 hour of psychological services.

3) A due process hearing was held on January 25, 2006. Subsequent to this hearing, and on February 15, 2007, Hearing Officer Ruff order was issued requiring that DCPS convene a meeting within fifteen (15) school days of the issuance of hearing officer's determination (HOD).

4) Over fifteen (15) days have lapsed and DCPS has not held a MDT meeting. DCPS has not made any effort to procure the parent or her counsel's participation prior to the lapse of the fifteen (15) days.

5) On March 13, 2007, parent's counsel requested that the Special Education Coordinator produce any attempts to convene a MDT meeting. The Special education coordinator has not made any attempt and has not produced any documents showing attempts were made.

6) On April 4, 2007 a due process hearing was held where Hearing Officer Smith determined that DCPS denied the student FAPE by failing to convene an MDT meeting as ordered from the old February 15, 2007. Hearing Officer Smith again ordered on May 31, 2007 for DCPS to convene "an MDT meeting within 15 school days of the issuance of this Order to update the Student's IEP as appropriate; discuss and determine placement options and discuss and determine entitlement to compensatory education, if any, from February 15, 2007 up to and including the date of the holding of the MDT meeting."

7) On June 12, 2007, parent's counsel requested a meeting and for DCPS to respond by the close of business on June 13, 2007. DCPS has not responded to parent's counsel June 12, 2007 letter and DCPS has not convene a MDT meeting.

8) Over 15 school days have passed and for a second time, DCPS has failed to convene an MDT meeting.

### II. Denial of a Free and Appropriate Public Education – Failure to Comply with the Hearing Officer Determination and do, *inter alia*, Develop an appropriate Individualized Educational Program.

3

9) The Complainant re[    ]ges paragraphs 1-8.

10) Pursuant to the *Blackman/Jones Consent Decree*, it stands for the proposition that untimely or failure to fully comply with a hearing officer's determination is a direct denial of FAPE.

11) Keihmanie Yancey (hereinafter K.Y.) is a 12-year-old student who Birney Elementary School in the District of Columbia. She is in special education.

12) A due process hearing was held on January 25, 2006. Subsequent to this hearing, and on February 15, 2007, Hearing Officer Ruff order was issued requiring that DCPS convene a meeting within fifteen (15) school days of the issuance of hearing officer's determination (HOD).

13) Over fifteen (15) days have lapsed and DCPS has not held a MDT meeting. DCPS has not made any effort to procure the parent or her counsel's participation prior to the lapse of the fifteen (15) days.

14) On March 13, 2007, parent's counsel requested that the Special Education Coordinator produce any attempts to convene a MDT meeting. The Special education coordinator has not made any attempt and has not produced any documents showing attempts were made.

15) On April 4, 2007 a due process hearing was held where Hearing Officer Smith determined that DCPS denied the student FAPE by failing to convene an MDT meeting as ordered from the old February 15, 2007. Hearing Officer Smith again ordered on May 31, 2007 for DCPS to convene "an MDT meeting within 15 school days of the issuance of this Order to update the Student's IEP as appropriate; discuss and determine placement options and discuss and determine entitlement to compensatory education, if any, from February 15, 2007 up to and including the date of the holding of the MDT meeting."

16) On June 12, 2007, parent's counsel requested a meeting and for DCPS to respond by the close of business on June 13, 2007. DCPS has not responded to parent's counsel June 12, 2007 letter.

17) Over 15 school days have passed and for a second time, DCPS has failed to convene an MDT meeting.

## II.    Denial of a Free and Appropriate Public Education  - Failure to Provide The Student with His Necessary Special Education and Its Related Services.

18) The Complainant re-alleges paragraphs 1-17.

19) Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under

4

20 U.S.C. § 1415 (I)...(B)(ii) to "grant such relief as the court...determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21 IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985). Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

20) The child is entitled to compensatory education because of DCPS' failure to timely act and convene a meeting and comply with the May 31, 2007 HOD, for a second time and since the child was not receiving special educational instruction and services.

### III. Issues presented.

1) DCPS failed / refused to convene a MDT/IEP meeting in a timely manner; and

2) DCPS denied the student with a Free and Appropriate Public Education by failing to comply, for a second time with the May 31, 2007 HOD and provide the child with special educational instruction and related services.

### IV. Relief Sought

1) A finding that DCPS failed / refused to comply the HOD dated May 31, 2007 and convene a MDT/IEP meeting in a timely manner;

2) DCPS failed / refused to convene a MDT/IEP meeting in a timely manner;

3) A finding that DCPS failed to provide the child provide the child with special educational instruction and related services;

4) Convene an MDT meeting within five (5) business days of receiving the last of the parent's independent evaluations to:
   i) Review the assessments;
   ii) Develop an IEP, determine compensatory education, and determine appropriate placement with placement to be made within five business days if for a public school or within 30 calendar days if for a non-public school.

5) That DCPS shall provide or fund compensatory education for all denials of a

FAPE by timely an'  ully complying with Hearing Office.    HOD and any other
relief, the hearing officer may deem appropriate.

6) DCPS, agrees to reconvene the student's MDT/IEP Meeting within seven (7) calendar
days. DCPS further agrees to schedule all meetings through the parent's counsel,
Omar Karram, Esq., via facsimile, at 202-742-2097 or 2098;

7) Provide the student with a due process hearing within 20 calendar days of a
request on any issue arising out of the noncompliance with the DCPS'
obligation hereunder, or any disagreement with the assessment, programming or
placement the parent may have;

8) In the event that the DCPS shall fail to comply with the terms herein, then
under the Conciliation Agreement, the parents shall have the authority to use self-help
without further notice to the DCPS, and initiate an IEP with the DCPS' invited
participation, and unilateral placement in an interim school or educational program
until such time the DCPS can come into compliance and properly assess, program
and/or participate;

9) The DCPS shall ensure that this student has available a Free and Appropriate
Public Education, including special education, transportation and other related
services as defined at 34 C.F.R. § 300.7; Assistance to States for the Education of
Children with Disabilities;

10) Send all notices to counsel for the parent with copies of such to the parent and
in the parent's native language;

11) That DCPS within ten (10) calendar days of the filing of this complaint,
pursuant to the Individuals with Disabilities Education Improvement Act of 2004 and
34 C.F.R. 300.508 (e) , provide the parents' representative, Omar Karram Esq., via
facsimile, at 202-742-2000 or 202-742-2016, the following an explanation of why
DCPS (i)proposed or refused to take the action raised in the complaint; ii) a
description of other options that the IEP team considered and the reasons why those
options were rejected, iii) a description of each evaluation procedure, assessment,
record, or report the agency used as the basis for the proposed or refused action, and
iv) a description of the other factors that are relevant to the agency's proposed or
refused action;

12) That DCPS, in the event they fail to answer/respond to the issues alleged in
the parent's administrative due process hearing complaint, within ten (10) calendar
days, the arguments and facts as averred by the parent in this administrative due
process complaint will be deemed true and accurate and act as a waiver, on the part of
DCPS, for their desire to have a Resolution Session Meeting, and the parent's
administrative due process hearing will be scheduled pursuant to the applicable
timelines contained in the IDEIA. Furthermore, DCPS' failure to provide a response
or prior written notice as required will result in the parent's being awarded a default
judgment;

13) That DCPS, within fifteen (15) calendar days of receiving the parent's
complaint, pursuant to the Individuals with Disabilities Education

6

Improvement Act of   04, respond to the parent's request all_  _g any insufficiency of notice;

14) That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004 and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 34 C.F.R. 300.508 (d) within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2000 or 202-742-2016, to schedule and convene a Resolution Session Meeting;

16) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004 and 34 C.F.R. 300.508 (d) convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

17) That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, 34 C.F.R. 300.508 (d ) constitutes joint waiver between DCPS and the parent to have such meeting, and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel;

18) A finding that the parent is the prevailing party in this action.

## H. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

## I. **Signature:**

_____     June 25, 2007
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0566 |
| CONNECTION TEL | 96983825 |
| CONNECTION ID | |
| ST. TIME | 06/25 17:24 |
| USAGE T | 01'28 |
| PGS. SENT | 8 |
| RESULT | OK |

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | **Attorneys at Law** | Omar Karram |
| Domiento C.R. Hill | 1220 L Street, NW | Juan J. Fernandez!+ |
| Roberta Gambale | Suite 700 | Tilman L. Gerald |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Jani Tillery |
| John A. Straus | Facsimile: (202) 742-2098 | Kimberly Glassman |
| | e-mail: Admin@Jeblaw.biz | |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:           June 25, 2007

TO:             Sharon Newsome, Hearing Coordinator, DCPS Student Hearing Office

FAX NO.:        202-698-3825

FROM:           Williams Bautista

SUBJECT:        **Keihmanie Yancey / DOB: 12-30-95**

NUMBER OF PAGES INCLUDING COVER SHEET:     **8**

COMMENTS:       **DUE PROCESS COMPLAINT NOTICE**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            0567
CONNECTION TEL                    94425098
CONNECTION ID
ST. TIME            06/25 17:26
USAGE T             01'22
PGS. SENT               8
RESULT              OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Omar Karram |
| Domiento C.R. Hill | 1220 L Street, NW | Juan J. Fernandez!+ |
| Roberta Gambale | Suite 700 | Tilman L. Gerald |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Jani Tillery |
| John A. Straus | Facsimile: (202) 742-2098 | Kimberly Glassman |
| | e-mail: Admin@Jeblaw.biz | |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:            June 25, 2007

TO:              Office of the General Counsel

FAX NO.:         202-442-5097 / 202-442-5098

FROM:            Williams Bautista

SUBJECT:         **Keihmanie Yancey / DOB: 12-30-95**

NUMBER OF PAGES INCLUDING COVER SHEET:       **8**

COMMENTS:        **DUE PROCESS COMPLAINT NOTICE**

# Exhibit O

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000     Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                           James Brown & Assoc., PLLC
    Attorney:                           James Brown
    Federal Tax ID No:                  52-1500760
    D.C. Bar No:                        61622

2.  Student Information
    Name:                               Williams, Diamond
    DOB:                                1/31/01
    Date Hearing Request Filed:         6/29/07
    Date(s) of Hearing:                 8/30/07
    Date of Determination (HOD/SA):     9/9/07
    Parent/Guardian Name:               Sharna Williams
    Parent/Guardian Address:            1302 Saratoga Ave., NE
                                        Washington, DC 20018

3.  Invoice Information
    Invoice Number:                     07-306
    Date Request Submitted:             9/17/07
    Date(s) of Services Rendered:       6/21/07 to 8/30/07
    Attorney Hourly Rate:               $      365.00
    Total Attorney Fees:                $    4,762.00
    Total Attorney Costs:               $      242.53
    Total Experts:                      $    1,171.05
    Total Invoice:                      $    6,175.58

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          9/17/07
    Signature                                Date

                                                        Revised Nov. 2004

# District of Columbia Public Schools

## State Enforcement & Investigation Division

### Confidential

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
Van Ness Elementary School
1150 5th Street, S.E., 1st Floor
Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Diamond Williams (DW)** | ) | |
| **Date of Birth: 01/31/01** | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: June 29, 2007 |
| | ) | **Hearing Date: August 30, 2007** |
| **The District of Columbia Public Schools,** | ) | Held at: Van Ness Elementary School |
| **Home School: Not Stated** | ) | 1150 5th Street, S.E., 1st Floor |
| **Attending: The William E. Doar, Jr. PCS** | ) | Washington, D.C. 20003 |
| | ) | |
| Respondent. | ) | |

| | |
|---|---|
| **Parent:** | **Sharna Williams, Mother** |
| | **1302 Saratoga Ave., N.E.** |
| | **Washington, D.C. 20018** |
| | |
| **Counsel for the Parent/Student:** | **Jani Tillery, Esq.** |
| | **James E. Brown & Associates, PLLC** |
| | **Attorneys at Law** |
| | **1220 L Street N.W., Suite 700** |
| | **Washington, D.C. 20005** |
| | |
| **District of Columbia Public Schools:** | **Crystal Williams, Esq.** |
| | **Asst. Attorney General** |
| | **Office of the General Counsel, DCPS** |
| | **825 North Capitol Street, N.E., 9th Floor** |
| | **Washington, D.C. 20002** |

1

## I.    JURISDICTION

This Decision and Order is written pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Public Law No. 108-446, codified at 20 U.S.C. §§ 1400 -1482, 118 Stat 2647; implementing regulations codified at 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 327 of the D.C. Appropriations Act of 2005.

## II.    DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed on 08/23/07 that lists four witnesses and attached nine exhibits sequentially labeled and tabbed DW-01 through DW-09. One witness was present and called to testify: (1) D.W.'s mother.

Respondent:    Admitted, without objection, a disclosure letter filed on 08/21/07 that lists forty-one witnesses. No exhibits were offered into evidence. One witness was present and called to testify: Maia McKinney, The William E. Doar, Jr., P.C.S.' Special Education Coordinator.

## IV.    STATEMENT OF THE CASE

D.W., born 01/31/01, age 6-years 8-months, is a first grade, general education student at The William E. Doar, Jr. Public Charter School (Doar P.C.S.) located in the District of Columbia. (R. at DW-02, 09) DCPS is the LEA for Doar P.C.S.

Parent's counsel Jani Tillery alleged in the student's 06/29/07 Due Process Hearing Request that DCPS violated the IDEIA and denied D.W. a Free Appropriate Public Education (FAPE) by failing to perform specified assessment pursuant to D.W.'s 06/14/07 Hearing Officer's Determination (HOD). (R. at DW-02, 04) As relief, the parent wants D.W. to receive an initial evaluation to determine her eligibility for special education services; and a finding that DCPS' failure to comply with D.W.'s 06/14/07 HOD is a denial of a FAPE. (R. at DW-02)

The DCPS Student Hearing Office scheduled the Due Process Hearing for 9:00 a.m., Thursday, August 30, 2007 at Van Ness Elementary School, 1150 5th Street, S.E., 1st Floor, Washington, D.C. 20003.

Assistant Attorney General Crystal Williams, appeared in-person for DCPS. Attorney Jani Tillery appeared in-person representing D.W. and her mother who were both present.

2

## V.    SUMMARY OF THE EVIDENCE

The parties' five-day disclosure exhibits and the testimony of two (2) witnesses are relied upon in reaching the decision.

### Two Witnesses:

(1) D.W.'s Mother; and
(2) Maia McKinney, William E. Doar P.C.S.' Special Education Coordinator.

### Five Exhibits:

| | | |
|---|---|---|
| 1. | DW-02 | The 06/29/07 Parent's Due Process Hearing Request |
| 2. | DW-04 | The 06/14/07 HOD |
| 3. | DW-08 | The 02/27/07 Signed Parental Consent to Evaluate |
| 4. | DW-09 | The 02/05/07 2006-2007 Mid-Trimester Report |
| 5. | HO-01 | The 08/27/07 HOD Denying Petitioner's Mot. To Recuse Hearing Officer |

## PRELIMINARY MATTER

On August 23, 2007, parent's counsel filed a Motion to Recuse Hearing Officer Woods.  On August 27, 2007 an HOD was issued denying the Motion with prejudice because, inter alia, parent's counsel gave no reasons why or how this hearing officer was biased or prejudiced against D.W., D.W.'s parent, or the factual issues raised in D.W.'s case since none of those things were ever discussed in the Motion. (R. at HO-01)

That 08/27/07 HOD is incorporated, in its entirety, into this order by reference as if it was part of this decision and order. (R. at HO-01.)

And when the due process hearing convened, neither parent nor parent's counsel raised any objection to this hearing officer presiding. So this hearing officer took and completed the evidence in this case and issued this HOD.

3

## Issue

Did DCPS violate the Individuals with Disabilities Education Improvement Act
(IDEIA) codified at 20 U.S.C. §§ 1400 - 1482 and deny D.W. a Free Appropriate
Public Education (FAPE) by failing to perform the specified educational
assessment ordered in D.W.'s 06/14/07 HOD?

## Answer

No. Although DCPS has not performed the ordered assessment, a procedural
violation of the IDEIA, there was no evidence presented about how the delayed
evaluation resulted in a FAPE denial as required by the IDEIA.

## VI.    FINDINGS OF FACT

1.      D.W., born 01/31/01, age 6-years 8-months, is a first grade, general
        education student at The William E. Doar, Jr. Public Charter School
        (Doar P.C.S.) located in the District of Columbia. (R. at DW-02, 09)
        DCPS is the LEA for Doar P.C.S.

2.      On 06/14/07, another hearing officer issued an HOD ordering DCPS to
        perform these assessments by June 27, 2007, with a finding that DCPS
        had not denied D.W. a FAPE:

        a.  Psycho-Educational,
        b.  Speech-Language, and
        c.  Social History.
        (R. at DW-04)

3.      On June 29, 2007, two days after the June 27, 2007 deadline for DCPS
        to perform the assessments, the parent filed a second due process
        hearing request on the exact same issue.

4.      There is, however, no evidence proffered that DCPS performed the
        assessments.

5.      According to the credited testimony of D.W.'s mother, whose calm
        demeanor while testifying and throughout the hearing was noted by this
        hearing officer albeit she was only asked about a few things. And here's
        what she said:

        a.  D.W. is in the first grade, not reading and writing well.

        b.  D.W. was to attend 2007 summer school.

        c.  She has not received D.W.'s assessment reports.

4

6.  According to the credited and unrebutted testimony of Maia McKinney, The William E. Doar, Jr., P.C.S.' Special Education Coordinator (Doar SEC):

    a.  She has been the Doar SEC since March 2007.

    b.  D.W. is behind in Reading and Math.

    c.  D.W. was to attend the six-week 2007 summer school but she only attended two-weeks. No reason was given about why she attended only two weeks.

    d.  D.W. had excessive absences and that impacts her ability to build a foundation for learning.

    e.  D.W. [Kindergarten] attendance record is as follows—she had 51-tardies; 8-days when she left school before dismissal time; and 28-unexcused absence.

    f.  The school has not refused to assess D.W.

7.  D.W.'s 02/05/07, Doar P.C.S.' 2006-2007 Mid-Trimester Report says, in sum, "in English, Math, Science, and Social Studies D.W. is making progress and with some extra support she will be ready for first grade." (R. at DW-09)

8.  There is absolutely no evidence about what D.W.'s suspected disability may be, if any—keeping in mind she's only a 6-year old first grader who missed a significant amount of her Kindergarten class time.

9.  And there was absolutely no evidence proffered by the parent about how the delayed assessments caused educational harm.

10.  So there is a finding that the delayed assessment of D.W. is a procedural violation of the IDEIA but there is no denial of a FAPE because there is no evidence that demonstrates how the unperformed initial assessments affected D.W. for the 2007-08 school year, now only two weeks old, as required by the IDEIA and D.C. common law.

## VII.  DISCUSSION and CONCLUSIONS OF LAW:
### I
**DCPS is required to make a FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

The IDEIA at 20 U.S.C. §§ 1400 - 1482 and 5 D.C.M.R. § 3000.1 (2003) requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

1. Pursuant to 5 D.C.M.R. § 3002.1, LEA Responsibility, "[t]he services provided to the child must address all of the child's identified special education and related services needs and must be based on the child's unique needs and not on the child's disability."

2. Pursuant to 5 D.C.M.R. § 3013.1(e), Placement, "[t]he LEA shall ensure that the educational placement decision for a child with a disability is ...based on the child's IEP."

3. Pursuant to 5 D.C.M.R. § 3025, Procedural Safeguards—Prior Written Notice, DCPS shall provide written notice to the parent of a child with a disability before it proposes...an educational placement of the child.

4. Pursuant to the IDEIA at 20 U.S.C. § 1414 (d) (A), (B) Requirement that Program be in Effect—

1. At the beginning of each school year, each local educational agency ... shall have in effect for each child with a disability in the agency's jurisdiction an IEP.

5. D.W. has not been found eligible for special education services so she has no IEP or related services.

6. The only issue is that on June 14, 2007, another hearing officer issued an HOD ordering specified assessment by June 27, 2007; and there is no evidence they were performed. So two days later, on June 29th, parent's counsel filed another hearing request seeking the same relief—getting D.W. evaluated for an eligibility determination. (R. at DW-02, 04) That failure results in a FAPE denial, according to parent's counsel. (R. at DW-02)

7. However, although the ordered assessments were not performed by 06/27/07, that is a procedural violation of the IDEIA. But it did not rise to a denial of a FAPE. Here is why.

8. Pursuant to the IDEIA at 20 U.S.C. § 1414 (E) (ii), and 34 C.F.R. § 300.513 (a) Decision of hearing officer on procedural issues, states that, "[i]n matters alleging a procedural violation, a hearing officer may find that a child did not receive a free appropriate public education [FAPE] only if the procedural inadequacies—

6

<ul>
<li>(I)    impeded the child's right to a free appropriate public education;</li>
<li>(II)   significantly impeded the parent's opportunity to participate in the decision making process regarding the provisions of a FAPE to the parent's child; or</li>
<li>(III)  caused a deprivation of educational benefits."</li>
</ul>

9. And pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions, "[n]othing in paragraph (a) of this section shall be construed to preclude a hearing officer from ordering an LEA to comply with procedural requirements."

10. D.W. was not denied a FAPE because the alleged procedural inadequacy did not impede her right to a FAPE nor deprive her of educational benefit since parent's counsel made no effort to demonstrate—much-less demonstrated—that D.W.'s education was affected by any procedural violation that DCPS may have committed. Particularly in light of D.W.'s attendance record; not attending four weeks of 2007 summer school yet still passing to the first grade; and the 2007-08 school year is now only two weeks old.

11. And the D.C. Circuit held that: "only those procedural violations of the IDEIA which result in a loss of educational opportunity or seriously deprive parents of their participation rights are actionable." Lesesne v. District of Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006) (*citing* Kruvant v. District of Columbia, 99 F. App'x 232, 233 (D.C. Cir. 2004) (*holding* that although DCPS admits it failed to satisfy its responsibility to assesses the student within 120 days of the parents' request, the parents have not shown harm resulted from that error). That's exactly D.W.'s case facts.

12. So based on this hearing record, there does not exist evidence supporting the parent's claim that D.W. was denied a FAPE because a delayed evaluation does not alone result in a denial of a FAPE—which is precisely the claim the parent's counsel presented at the due process hearing.

13. Pursuant to 5 D.C.M.R. § 3030.3, "The burden of proof shall be the responsibility of the party seeking relief; either the parent/guardian of the child or the LEA. Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student a Free Appropriate Public Education (FAPE)."

14. The parent, who filed the hearing request, had and did not meet their burden of proof in this case because the parent:

    a.  Proved DCPS did not perform D.W.'s assessment ordered in her 06/14/07 HOD.

    b.  But failed to prove harm resulted from that error.

So in consideration of the hearing record, there is no finding that D.W. was denied a FAPE based on a delayed evaluation because the parent did not meet their burden of proof under the IDEIA by proving that the procedural violation of the IDEIA rose to the level of a FAPE denial. But D.W. still needs DCPS to conduct her initial assessment. Therefore, based on the findings of facts and the governing law the hearing officer issues this—

## ORDER

1.  The parent's 06/29/07, due process hearing request is dismissed, with prejudice.

2.  There is no finding that D.W. was denied a FAPE.

3.  DCPS shall, however, pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions complete on or before September 25, 2007, these assessments ordered in her 06/14/07 HOD:

    a.  Psycho-Educational,
    b.  Speech-Language, and
    c.  Social History.
    (R. at DW-04)

4.  After which the parties shall mutually agree to a date and time to participate in an IEPT Meeting to review the assessment results.

5.  If DCPS fails to comply with paragraph three, the parent shall obtain an Independent Educational Evaluations (IEEs) on or before November 27, 2007. After which the parties shall mutually agree to a date and time to participate in an IEPT Meeting to review the assessment results.

6.  DCPS shall schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel written notice of all meetings by facsimile at (202) 742-2098.

7.  Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

8.  And the hearing officer made no additional findings.

This is the FINAL ADMINISTRATIVE DECISION.  An Appeal can be made to a court of competent jurisdiction within ninety (90)-days from the date of this Decision and Order pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B); 34 C.F.R. § 300.516 (b).

_____                    _____
Frederick E. Woods                                  Date
Hearing Officer

Issued: _____

DCPS Student Hearing Office

9

# District of Columbia Public Schools

## *State Enforcement & Investigation Division*

In the Matter of )
)
D.W. )
      Petitioner, )      **IMPARTIAL**
      vs. )    **DUE PROCESS HEARING**
)
The District of Columbia Public Schools, )
The William E. Doar, Jr. P.C.S. )
      Respondent. )

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C.
§§ 1400 – 1482.

**Case Information:**      Hearing Request Date: June 29, 2007
                 **Hearing Date: August 30, 2007**
                 Held at:  Van Ness Elementary School
                           1150 5th Street, S.E., 1st Floor
                           Washington, D.C. 20003
                 SETS Case Number: _____
                 Student's Birth Date: January 31, 2001
                 Attending School: The William E. Doar, Jr. PCS
                 Managing School: The William E. Doar, Jr. PCS

## **CERTIFICATION OF RECORD**

      I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do

hereby certify that the referenced Record of Proceedings and Index of Exhibits itemizes

the entire record in the above captioned matter as of this date, consisting of all letters,

pleadings, orders, exhibits, depositions, and audio recordings.

      I further certify that the materials placed in the SHO file for this student are

either the original or true copy of the original documents submitted in this matter.

      Executed this __9th__ day of __September__, 2007.

                                  Fred E. Woods
                             Due Process Hearing Officer

Re: MATTER OF
D.W. v. DCPS, THE WILLIAM E. DOAR, JR. P.C.S.

# RECORD OF PROCEEDINGS

## DATE:          DESCRIPTION:

| | |
|---|---|
| 06/29/07 | Due Process Hearing Request Filed By Parent |
| 08/11/07 | Notice of Due Process Hearing Date Sent to Parties |
| 08/30/07 | Due Process Hearing Convened; Completed; Recorded in HR-5A Start Time 9:00 a.m. and End Time 11:00 a.m. |
| 09/10/07 | Hearing Officer's Decision Filed with the SHO |
| 09/10/07 | Hearing Officer's Decision Issued by the SHO |

Frederick E. Woods                      9/9/07
Due Process Hearing Officer             Date

11

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



## *FACSIMILE SHEET*

Date: September 10, 2007

To: Jani Tillery

Re: Williams, Diamond

Total Number of Pages Including Cover: 12

CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Diamond Williams
DOB: 1/31/01


September 16, 2007

In Reference To:   Diamond Williams
                   DOB: 1/31/01

Invoice #12828


        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/21/2007 CSH | Request for HOD | | 0.33 130.00/hr | 42.90 |
| 6/25/2007 CSH | Draft letter to school | | 0.42 130.00/hr | 54.60 |
| | JT | Phone call to parent regarding HOD | 0.17 365.00/hr | 62.05 |
| | JT | Draft letter to school requesting evals | 0.42 365.00/hr | 153.30 |
| 6/27/2007 JT | Prepared 1st draft due process hearing request to DCPS | | 2.00 365.00/hr | 730.00 |
| 6/29/2007 CSH | Asst atty w/complaint | | 0.50 130.00/hr | 65.00 |
| | CSH | Drafted letter to parent | 0.75 130.00/hr | 97.50 |
| | CSH | Drafted letter to parent | 0.50 130.00/hr | 65.00 |
| 7/13/2007 CSH | Drafted letter to parent | | 0.33 130.00/hr | 42.90 |
| | CSH | Drafted motion to dismiss | 0.33 130.00/hr | 42.90 |

Diamond Williams                                                                                          Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 8/6/2007 DC | Records review for Diamond Williams | 2.00 185.00/hr | 370.00 |
| 8/16/2007 JT | Phone call to parent | 0.17 365.00/hr | 62.05 |
| 8/20/2007 JT | Phone call to parent | 0.17 365.00/hr | 62.05 |
| 8/21/2007 JT | Reviewed the student's file for disclosure documents | 1.00 365.00/hr | 365.00 |
| 8/22/2007 DC | Phone call to ms williams for Diamond williams | 0.50 185.00/hr | 92.50 |
| 8/23/2007 CSH | Draft motion to recuse | 0.67 130.00/hr | 87.10 |
| CSH | Asst atty w/motion | 0.42 130.00/hr | 54.60 |
| DC | Phone call to schedule office visits for upcoming hearing | 0.33 185.00/hr | 61.05 |
| CSH | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50 130.00/hr | 195.00 |
| 8/24/2007 CSH | Drafted letter to parent | 0.67 130.00/hr | 87.10 |
| 8/27/2007 DC | Pre-hearing conference with attorney and parent for Diamond Williams | 0.50 185.00/hr | 92.50 |
| JT | Prepared for Due Process Hearing with advocate and parent | 1.50 365.00/hr | 547.50 |
| 8/28/2007 JT | Draft letter to Director of SHO | 0.58 365.00/hr | 211.70 |
| JT | Discussion with Director of SHO | 0.25 365.00/hr | 91.25 |
| 8/30/2007 DC | Appearance at Van Ness ES for due process hearing | 3.00 185.00/hr | 555.00 |
| JT | Appearance at Van Ness ES for due process hearing | 3.00 365.00/hr | 1,095.00 |

Diamond Williams                                                                 Page    3

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 8/30/2007 JT | Prepared for Due Process Hearing | 1.50<br>365.00/hr | 547.50 |
|  | For professional services rendered | 23.51 | $5,933.05 |
|  | Additional Charges : |  |  |
| 6/21/2007 | Faxed request for HOD to SHO/OGC |  | 3.00 |
| 6/25/2007 | copied letter to parent re: HOD |  | 1.50 |
|  | Faxed letter to Doar PCS, OMC |  | 4.00 |
|  | Postage; Letter to parent. |  | 0.58 |
| 6/29/2007 | Postage; letter to parent |  | 0.41 |
|  | Postage; letter to parent |  | 0.58 |
|  | copied letter to parent re: complaint |  | 1.75 |
|  | Faxed complaint to SHO/OGC |  | 14.00 |
|  | copied letter to parent |  | 0.50 |
|  | copied hearing request |  | 13.00 |
| 7/13/2007 | copied letter to parent |  | 1.00 |
|  | Faxed motion for default to SHO/OGC |  | 8.00 |
|  | Postage; letter to parent |  | 0.41 |
| 8/23/2007 | Messenger Service to and from DCPS (5-day Disclosures) |  | 20.00 |
|  | Copied; Disclosures to SHO, OSC |  | 29.25 |
|  | Faxes; motion to recuse |  | 12.76 |
| 8/24/2007 | Postage; ltr |  | 0.41 |
|  | copied letter to parent |  | 0.50 |
| 8/28/2007 | Faxes; ltr to sho |  | 22.00 |
| 8/30/2007 | Transportation service to  Van Ness ES for hearing |  | 12.00 |
|  | File review preparation of bill and invoice audit |  | 96.88 |
|  | Total additional charges |  | $242.53 |

Diamond Williams                                                                    Page    4

|  | Amount |
|---|---|
| Total amount of this bill | $6,175.58 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Clarence S. Hayes, Paralegal | 6.42 | 130.00 | $834.60 |
| Diane Crews-Pinkney, Advocate | 6.33 | 185.00 | $1,171.05 |
| Jani S. Tillery, Attorney | 10.76 | 365.00 | $3,927.40 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:   Diamond Williams Date of Birth: January 31, 2001

Address:   1302 Saratoga Avenue, N.E. Washington, D.C. 20018

Present School of Attendance:   William E Doar PCS

Parent/Guardian of the Student:  __Ms. Sharna Williams____

**B.**  **Legal Representative/Attorney (if applicable):**

Name:  ___ _Jani S. Tillery, Esq. ___ _

Address:  ____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ _ (e-mail) _____

Will attorney / legal representative attend the resolution session?     **X** Yes        ☐ No

**C.**  **Complaint Made Against (check all that apply):**

**X** DCPS

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

**D.**  **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.**  **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing _only_ at this time.**

**F.**  **Facts and Reasons for the Complaint:**

### I.  Background Information

1.  The student's name is Diamond Williams (hereinafter "D.W." or "student".)

2.  The student's date of birth is January 31, 2001.

3.  On May 16, 2007, an Administrative Due Process Complaint Notice was filed.

4.  In the Due Process Complaint, the parent alleged the following:

2

      i.      DCPS violated the "child find" provisions of IDEIA when it failed to identify, locate and evaluate the student for special education services thereby causing a loss of educational benefit and denial of FAPE; and

      ii.     DCPS failed to evaluate the student in a timely manner after repeated requests from the parent.

5. On June 4, 2007, an Impartial Due Process Hearing was held on behalf of D.W.

6. At the hearing the Hearing Officer ordered *inter alia*, DCPS to conduct a speech-language, psycho-educational, social history and comprehensive evaluations of the student by June 27, 2007.

7. On June 25, 2007, parent, by and through counsel, requested a copy of the evaluations to by close of business June 27, 2007. DCPS failed to respond.

8. To date, DCPS has failed to provide a copy of the evaluations and further the parent has stated, to the best of her knowledge and belief, that the evaluations have yet to be conducted.

## II. Issues presented.

### 1. DCPS Denied the Student FAPE by Failing to Comply With the June 14, 2007, Hearing Officer's Determination.

On June 4, 2007, an Impartial Due Process Hearing was held on behalf of D.W. At the hearing the Hearing Officer ordered *inter alia*, DCPS to conduct a speech-language, psycho-educational, social history and comprehensive evaluations of the student by June 27, 2007. On June 25, 2007, parent, by and through counsel, requested a copy of the evaluations to by close of business June 27, 2007. DCPS failed to respond. Further the parent has stated that DCPS has not contacted her to conduct the evaluations. Therefore, DCPS has failed to Comply with the Hearing Officer's Determination denying D.W. FAPE.

## III.     Relief Sought.

1. The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to comply with the Hearing Officer's Determination issued June 14, 2007.

2. DCPS shall fund independent evaluations, specifically a speech and language, psycho-educational, social history and any other evaluations deemed necessary by evaluators.

3.  DPCS shall within ten (10) business days of receipt of the last evaluation, convene an MDT/IEP meeting to review and revise the IEP. DCPS shall then determine an appropriate placement for the student where the IEP may be implemented. The issue of compensatory education is reserved.

4.  DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

5.  All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6.  DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

7.  DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through Jani S. Tillery, Esq., via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

8.  In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

9.  DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

10. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

11. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

12. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all

4

necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

13. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

14. D.C. Mun. Regs. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

15. Pursuant to D.C. Mun. Regs. tit. 5 § 3000 et. seq., DCPS shall ensure that the student's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

16. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.     **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

**H.**    **Signature:**

_____          6-29-07
Legal Representative / Advocate (if applicable)          Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

6

# Exhibit P



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000        Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. Attorney Information
   Law Firm: **James Brown & Assoc., PLLC**
   Attorney: **James Brown**
   Federal Tax ID No: **52-1500760**
   D.C Bar No: **61622**

2. Student Information
   Name: **Flanagan, Byron**
   DOB: **5/2/93**
   Date Hearing Request Filed: **6/29/07**
   Date(s) of Hearing: **8/30/07**
   Date of Determination (HOD/SA): **9/11/07**
   Parent/Guardian Name: **Tamara Flanagan**
   Parent/Guardian Address: **3672 Hayes St., NE, #102**
   **Washington, DC 20019**

3. Invoice Information
   Invoice Number: **07-307**
   Date Request Submitted: **9/17/07**
   Date(s) of Services Rendered: **4/25/07 to 8/30/07**
   Attorney Hourly Rate: $ **365.00**
   Total Attorney Fees: $ **12,517.70**
   Total Attorney Costs: $ **352.91**
   Total Experts: $ **3,698.15**
   Total Invoice: $ **16,568.76**

4. Certification (must be signed by principal attorney)

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____    9/17/07
   Signature                           Date

   Revised Nov. 2004

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### Confidential

**FREDERICK E. WOODS,** Esq., Due Process Hearing Officer
Van Ness Elementary School
1150 5th Street, S.E., 1st Floor
Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Byron Flanagan (BF)** | ) | |
| Date of Birth: 05/02/93 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: July 2, 2007 |
| | ) | **Hearing Date: August 30, 2007** |
| **The District of Columbia Public Schools,** | ) | Held at: Van Ness Elementary School |
| **Home School: Not Stated In Hr'g Request)** | | 1150 5th Street, S.E., 1st Floor |
| **Attending: Cesar Chavez P.C.S.** | ) | Washington, D.C. 20003 |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Parent:**  　　　　　　　　　　**Tamara Flanagan, Mother**
　　　　　　　　　　　　　　　　**3672 Hayes Street, N.E.**
　　　　　　　　　　　　　　　　**Apt. # 102**
　　　　　　　　　　　　　　　　**Washington, D.C. 20019**

**Counsel for the Parent/Student:**　**Jani Tillery, Esq.**
　　　　　　　　　　　　　　　　**James E. Brown & Associates, PLLC**
　　　　　　　　　　　　　　　　**Attorneys at Law**
　　　　　　　　　　　　　　　　**1220 L Street N.W., Suite 700**
　　　　　　　　　　　　　　　　**Washington, D.C. 20005**

**District of Columbia Public Schools:**　**Daniel McCall, Esq.**
　　　　　　　　　　　　　　　　**Asst. Attorney General**
　　　　　　　　　　　　　　　　**Office of the General Counsel, DCPS**
　　　　　　　　　　　　　　　　**825 North Capitol Street, N.E., 9th Floor**
　　　　　　　　　　　　　　　　**Washington, D.C. 20002**

1

## I.    JURISDICTION

This Decision and Order is written pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Public Law No. 108-446, codified at 20 U.S.C. §§ 1400 -1482, 118 Stat 2647; implementing regulations codified at 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 327 of the D.C. Appropriations Act of 2005.

## II.    DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed on 08/23/07 that lists four witnesses and attached fourteen exhibits sequentially labeled and tabbed BF-01 through BF-14. One witness was present and called to testify: (1) B.F.'s mother.

Respondent:    Admitted, without objection, a disclosure letter filed on 08/23/07 that lists forty-four witnesses and attached one exhibit labeled DCPS-01. No witnesses were present or called to testify. DCPS rested its case on the admitted exhibits and the parent's testimony.

## IV.    STATEMENT OF THE CASE

B.F., born 05/02/93, age 14-years 4-months, is a sixth grade, general education student with a Section 504 Plan at Cesar Chavez Public Charter School (Chavez P.C.S.) located in the District of Columbia. (R. at BF-02, 08) DCPS is the LEA for Chavez P.C.S.

Parent's counsel Jani Tillery alleged in the student's 07/02/07 Due Process Hearing Request that DCPS violated the IDEIA and denied B.F. a Free Appropriate Public Education (FAPE) by failing to identify, locate, and evaluate him pursuant to its child find obligations codified at 34 C.F.R. § 300.111. No time period, however, is specified in the hearing request as to when B.F. should have been identified. (R. at BF-02)

As relief the parent wants B.F. evaluated to determine his eligibility for special education services; and a finding that B.F. was denied a FAPE based on DCPS' failure to comply with its child find obligation. (R. at BF-02)

The DCPS Student Hearing Office scheduled the Due Process Hearing for 11:00 a.m., Thursday, August 30, 2007 at Van Ness Elementary School, 1150 5th Street, S.E., 1st Floor, Washington, D.C. 20003.

2

Assistant Attorney General Daniel McCall, appeared in-person for DCPS. Attorney Jani Tillery appeared in-person representing B.F. who was not present; and his mother who was present.

## V.    SUMMARY OF THE EVIDENCE

The parties' five-day disclosure exhibits and the testimony of one (1) witness is relied upon in reaching the decision.

### One Witness:

(1) B.F.'s Mother.

### Eight Exhibits:

| 1. | BF-02 | The 07/02/07 Parent's Due Process Hearing Request |
| 2. | BF-07 | The 05/26/05 TAT Referral Form |
| 3. | BF-08 | The 05/26/05 Section 504 Plan |
| 4. | BF-09 | The 2005-06 School Year Report Card |
| 5. | BF-10 | The 2006-07 School Year Report Card |
| 6. | BF-11 | The 02/00/06 Suspension Notice |
| 7. | BF-13 | The 04/30/07 Chavez P.C.S.' Expulsion Letter to Parent |
| 8. | HO-01 | The 08/28/07 HOD Denying Petitioner's Mot. To Recuse Hearing Officer |

## PRELIMINARY MATTER

On August 23, 2007, parent's counsel filed a Motion to Recuse Hearing Officer Woods. On August 28, 2007 an HOD was issued denying the Motion with prejudice because, inter alia, parent's counsel gave no reasons why or how this hearing officer was biased or prejudiced against B.F., B.F.'s parent, or the factual issues raised in B.F.'s case since none of those things were ever discussed in the Motion. (R. at HO-01)

That 08/28/07 HOD is incorporated, in its entirety, into this order by reference as if it was part of this decision. (R. at HO-01.)

And when the due process hearing convened, neither parent nor parent's counsel raised any objection to this hearing officer presiding. So this hearing officer took and completed the evidence in this case and issued this HOD.

3

## Issue

Did DCPS violate the Individuals with Disabilities Education Improvement Act (IDEIA) codified at 20 U.S.C. §§ 1400 - 1482 and deny B.F. a Free Appropriate Public Education (FAPE) by failing to identify, locate, and evaluate him pursuant to its child find obligations codified at 34 C.F.R. § 300.111 (a)(1) when no time period, is specified in the hearing request as to when B.F. should have been identified?

## Answer

No. DCPS had identified B.F. for evaluation and assessment. Even if did not, that would be a procedural violation of the IDEIA. And there was no evidence presented about when the evaluation and assessment should have occurred and how the delayed evaluation resulted in a FAPE denial as required by the IDEIA.

## VI.    FINDINGS OF FACT

1.  B.F., born 05/02/93, age 14-years 4-months, is a sixth grade, general education student with a Section 504 Plan at Cesar Chavez Public Charter School (Chavez P.C.S.) located in the District of Columbia. (R. at BF-02, 08) DCPS is the LEA for Chavez P.C.S.

2.  The parent's 07/02/07 hearing request raised a child find violation but did not specify the precise school year (s) and time period within the school year (s) when the parent believes DCPS should have identified, located, and evaluated B.F. pursuant to its child find obligations. (R. at BF-02)

3.  According to the only witness in this case, B.F.'s mother, she said:

    a.  B.F. is unfocused, disruptive, and his school work is not up to par.

    b.  She expressed concerns to DCPS about it at the end of April 2007.

    c.  B.F. was retained twice in both the 5th and 6th grade.

    d.  B.F. received an in-school expulsion for carrying a pocket knife [on April 30, 2007.] (R. at BF-13)

    e.  And she is willing to participate in a Student Evaluation Plan (SEP) Meeting for B.F. to discuss her concerns.

4.  There is no record evidence that the parent provided DCPS with a signed a Parental Consent to Evaluate.

5.  The parties' agreed to an August 3, 2007, SEP Meeting, however, an SEP was not admitted into evidence; and there were conflicting reasons about why the August 3rd meeting was not held. (R. at BF-14; DCPS-01)

6.  B.F.'s 2006-07, 6th grade, Final Report Card shows he had seven (7)-classes—failed five of them, received a "C" grade in two, and was retained in the 6th grade for the 2007-08 school year. (R. at BF-10)

7.  The Teacher Comments on his third quarter Report Card state in sum, "B.F. is missing project grades; does not finish his assignments; talks or whispers all the time; and pretends to read while sometimes sleeping." (R. at BF-10)

8.  According to B.F.'s 05/26/05 TAT Referral From, it states that "B.F. has met the objectives set forth in his IEP and has been determined to not need special education services at this time but could benefit from counseling during his transition into a regular education setting." But also on 05/26/05 DCPS found him eligible for a Section 504 Plan and developed a 504 Plan.

9.  Neither parent's counsel nor DCPS presented any evidence whatsoever about the Section 504 Plan, its efficacy, and whether it's still in place.

10. There is absolutely no evidence about what B.F.'s suspected disability may be.

11. And there was absolutely no evidence proffered by the parent about how the delayed assessments caused educational harm.

12. So there is no child find violation; and even if there was, it's a procedural violation of the IDEIA. But there is no denial of a FAPE because there is no evidence that demonstrates how the unperformed assessments affected B.F. for the 2007-08 school year, now only two weeks old, as required by the IDEIA and D.C. common law.

## VII.  DISCUSSION and CONCLUSIONS OF LAW:
### I
**DCPS is required to make a FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

The IDEIA at 20 U.S.C. §§ 1400 - 1482 and 5 D.C.M.R. § 3000.1 requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the

District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

1. Pursuant to 5 D.C.M.R. § 3002.1, LEA Responsibility, "[t]he services provided to the child must address all of the child's identified special education and related services needs and must be based on the child's unique needs and not on the child's disability."

2. Pursuant to 5 D.C.M.R. § 3013.1(e), Placement, "[t]he LEA shall ensure that the educational placement decision for a child with a disability is …based on the child's IEP."

3. Pursuant to 5 D.C.M.R. § 3025, Procedural Safeguards—Prior Written Notice, DCPS shall provide written notice to the parent of a child with a disability before it proposes…an educational placement of the child.

4. Pursuant to the IDEIA at 20 U.S.C. § 1414 (d) (A), (B) Requirement that Program be in Effect—

    1. At the beginning of each school year, each local educational agency … shall have in effect for each child with a disability in the agency's jurisdiction an IEP.

5. Pursuant to 20 U.S.C. § 1412 (a) (3) (A), Child Find, states, in pertinent part, "[a] State must ensure that all children with disabilities residing in the State … who are in need of special education and related services are identified, located, and evaluated."

6. Pursuant to 34 C.F.R. § 300.111 (a)(1), Child Find, states, in pertinent part, that "[t]he State must have in effect policies and procedures to ensure that all children with disabilities residing in the State …who are in need of special education and related services are identified, located, and evaluated."

7. Pursuant to 5 D.C.M.R. § 3002.1(d), LEA Responsibility, states "[t]he LEA shall ensure procedures are implemented to identify, locate, and evaluate all children in the District of Columbia who are in need of special education and related services."

8. According to a sister state's case law cited here as informed persuasive guidance, "in order to establish that the school violated the identification requirements of IDEA, a [Petitioner] must show that the school officials overlooked clear signs of a disability and were negligent in ordering testing, or that that there was no rationale justification for deciding not to evaluate."

Clay T. v. Walton County School District, 952 F. Supp. 817, 823 (M. D. Ga. 1997).

9.  The record evidence supports a finding that DCPS did not overlook clear signs of a disability and was not negligent in ordering testing because:

a.  On 05/26/05, DCPS referred B.F. to the TAT process for academic and behavior interventions when he was in the 5th grade. DCPS found him eligible for a Section 504 Plan and determined he met his then IEP goals so he no longer needed special education services. (R. at BF-07)

b.  Also on 05/26/05, DCPS developed his Section 504 Plan. (R. at BF-08).

c.  To date based on this hearing record; the parent has not provided DCPS written Parental Consent to Evaluate B.F. for special education services.

10. It appears, therefore, B.F. had been found eligible for special education services at some point. And later those services were discontinued and replaced with a Section 504 Plan.

11. And though B.F. was retained in the 6th grade, there is no record evidence about why and if that reason is related to an IDEIA suspected disability. And if so, what is that disability; and what evaluation and assessments are required to determine if the suspected disability actually exists? This information would have been helpful in parent's case-in-chief.

12. So even when viewing the evidence and unanswered questions in a light if most favorable to the parent here is the sequence of events that mitigate against finding a child find violation.

a.  B.F. has been identified, located, and evaluated for special education services.

b.  In fact, according to his 05/26/05 TAT Referral Form he had an IEP, met his IEP goals, and was determined no longer in need of special education services. (R. at BF-07)

c.  But despite being exited from special education services, accommodations were put in place for B.F. under is 05/26/05 Section 504 Plan. (R. at BF-08)

13. Moreover, even if there was a child find violation it would be a procedural violation of the IDEIA that did not rise to a denial of a FAPE. Here is why.

7

14. Pursuant to the IDEIA at 20 U.S.C. § 1414 (E) (ii), and 34 C.F.R. § 300.513 (a) Decision of hearing officer on procedural issues, states that, "[i]n matters alleging a procedural violation, a hearing officer may find that a child did not receive a free appropriate public education [FAPE] only if the procedural inadequacies—

> (I)  impeded the child's right to a free appropriate public education;

> (II)  significantly impeded the parent's opportunity to participate in the decision making process regarding the provisions of a FAPE to the parent's child; or

> (III)  caused a deprivation of educational benefits."

15. And pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions, "[n]othing in paragraph (a) of this section shall be construed to preclude a hearing officer from ordering an LEA to comply with procedural requirements."

16. B.F. was not denied a FAPE because there was no evidence presented by the parent that the procedural inadequacy impeded B.F.'s right to a FAPE nor deprived him of educational benefit since parent's counsel made no effort to demonstrate—much-less demonstrated—that B.F.'s education was affected by any procedural violation that DCPS may have committed. Particularly in light of the teacher comments on B.F.'s 2006-07 Report Card stating why he was performing poorly in their class. (R. at BF-10).

17. And the D.C. Circuit held that: "only those procedural violations of the IDEIA which result in a loss of educational opportunity or seriously deprive parents of their participation rights are actionable." Lesesne v. District of Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006) (citing Kruvant v. District of Columbia, 99 F. App'x 232, 233 (D.C. Cir. 2004) (holding that although DCPS admits it failed to satisfy its responsibility to assesses the student within 120 days of the parents' request, the parents have not shown harm resulted from that error).

18. So based on this hearing record, there does not exist evidence supporting the parent's claim that B.F. was denied a FAPE because a delayed evaluation, if true, does not alone result in a denial of a FAPE—which is precisely the claim the parent's counsel presented at the due process hearing.

19. Pursuant to 5 D.C.M.R. § 3030.3, "The burden of proof shall be the responsibility of the party seeking relief; either the parent/guardian of the

8

child or the LEA. Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student a Free Appropriate Public Education (FAPE)."

20. The parent, who filed the hearing request, had and did not meet their burden of proof in this case because the parent:

   a. Failed to prove a child find violation.

   b. And failed to prove harm resulted from that error even if there was a child find violation.

So in consideration of the hearing record, there is no finding that B.F. was denied a FAPE based on a delayed evaluation because the parent did not meet their burden of proof under the IDEIA by proving that the procedural violation of the IDEIA rose to the level of a FAPE denial. But DCPS should afford that parent an SEP meeting that the parent is encouraged to pursue with DCPS to conduct a reevaluation of B.F. Therefore, based on the findings of facts and the governing law the hearing officer issues this—

## ORDER

1. The parent's 07/02/07, due process hearing request is dismissed, with prejudice.

2. There is no finding that B.F. was denied a FAPE.

3. DCPS shall, however, pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions schedule on or before September 25, 2007, reschedule B.F.'s Student Evaluation Plan (SEP) Meeting that the parties tried to convene on August 3, 2007. DCPS shall next convene the scheduled meeting at the parties' agreed to date and time with the parent's participation in-person to discuss the parent's concerns about B.F. and to develop a reevaluation plan specifying a date to complete the assessments.

4. After which the parties shall mutually agree to a date and time to participate in an IEPT Meeting to review the agreed to assessment results.

5. If DCPS fails to comply with paragraph three by performing the assessments within the parties' agreed time period, then the parent shall obtain an Independent Educational Evaluations (IEEs) of all assessments listed in the SEP within 75-days after the agreed time period for DCPS to perform the assessments expired. After which the parties shall mutually agree to a date and time to participate in an IEPT Meeting to review the parent's IEEs.

6. DCPS shall schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel written notice of all meetings by facsimile at (202) 742-2098.

7. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

8. And the hearing officer made no additional findings.

This is the **FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90)-days from the date of this Decision and Order pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B); 34 C.F.R. § 300.516 (b).**

**Frederick E. Woods**
**Hearing Officer**

9 / 10 / 07
**Date**

Issued: 9 11 07

**DCPS Student Hearing Office**

10

# District of Columbia Public Schools

## *State Enforcement & Investigation Division*

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| **B.F.** | ) | |
| Petitioner, | ) | **IMPARTIAL** |
| vs. | ) | **DUE PROCESS HEARING** |
| | ) | |
| The District of Columbia Public Schools, | ) | |
| Cesar Chavez Public Charter School | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 – 1482.

**Case Information:**    Hearing Request Date: July 2, 2007
**Hearing Date: August 30, 2007**
Held at:  Van Ness Elementary School
1150 5th Street, S.E., 1st Floor
Washington, D.C. 20003
SETS Case Number: _____
Student's Birth Date: May 2, 1993
Attending School: Cesar Chavez Public Charter School
Managing School: Cesar Chavez Public Charter School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the referenced Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and audio recordings.

I further certify that the materials placed in the SHO file for this student are either the original or true copy of the original documents submitted in this matter.

Executed this ___10 th___ day of ___September,___ 2007.

_Fred E. Woods_
Due Process Hearing Officer

Re: MATTER OF
### B.F. v. DCPS, CESAR CHAVEZ PUBLIC CHARTER SCHOOL

# RECORD OF PROCEEDINGS

## DATE:            DESCRIPTION:

| | |
|---|---|
| 07/02/07 | Due Process Hearing Request Filed By Parent |
| 08/13/07 | Notice of Due Process Hearing Date Sent to Parties |
| 08/30/07 | Due Process Hearing Convened; Completed; Recorded in HR-5A Start Time 11:00 a.m. and End Time 1:00 p.m. |
| 09/10/07 | Hearing Officer's Decision Filed with the SHO |
| 09/10/07 | Hearing Officer's Decision Issued by the SHO |

_____                    9/10/07
Frederick E. Woods
Due Process Hearing Officer                      Date

12

## District of Columbia Public Schools
### *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



### *FACSIMILE SHEET*

Date: September 11, 2007

To:   Jani Tillery

Re: Flanagan, Byron

Total Number of Pages Including Cover: 13

CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |
| JT | Jani Tillery, Esq. |
| KG | Kimberly Glassman, Esq. |
| MB | Maria Blaeuer, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| SD | Stephanie Denzel, M. Ed. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| DC | Diane Crews-Pinkney, MA |
| IL | Idalia Lopez, M. Ed. |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/4/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Byron Flanagan
DOB: 5/2/93



September 16, 2007

In Reference To:   Byron Flanagan
                   DOB: 5/2/93

Invoice #12827


          Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/25/2007 | RN | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
|  | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
| 4/26/2007 | BC | Drafted letter to parent | 0.17 130.00/hr | 22.10 |
| 4/27/2007 | BC | Prepared file jacket, disseminated information to various members of the legal team. | 0.42 130.00/hr | 54.60 |
| 4/30/2007 | CSH | Draft letter requesting records to student's school, DCPS' Special Education Supervisor, Records Department, and Office of General Counsel; includes research of student's school information, gathering General Authorization and TAT form; fax to parties | 0.75 130.00/hr | 97.50 |
|  | CSH | Draft letter requesting evaluations to student's school, DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request, gathered General Authorization and TAT form; fax to parties | 0.75 130.00/hr | 97.50 |
| 5/3/2007 | JT | Phone call to parent | 0.42 365.00/hr | 153.30 |
|  | JT | Records review | 1.00 365.00/hr | 365.00 |
| 5/4/2007 | JT | Records review | 1.00 365.00/hr | 365.00 |

Byron Flanagan

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/4/2007 | JT | Draft letter to scgiik | 0.33 365.00/hr | 120.45 |
| | JT | Phone call to parent | 0.17 365.00/hr | 62.05 |
| | JT | Conference with parent | 0.17 365.00/hr | 62.05 |
| 5/7/2007 | JT | Records/file review | 1.00 365.00/hr | 365.00 |
| | JT | Draft letter to school regarding expulsion hearing | 0.42 365.00/hr | 153.30 |
| | JT | Discussion with Atty D. Hill regarding case | 0.25 365.00/hr | 91.25 |
| 5/8/2007 | CSH | Assisted atty with expulsion hearing ltr | 0.50 130.00/hr | 65.00 |
| | CSH | Drafted letter to parent | 0.75 130.00/hr | 97.50 |
| 5/9/2007 | BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 5/14/2007 | CSH | Filing for parent | 0.08 130.00/hr | 10.40 |
| | CSH | Phone call to Mr Gonzalez (Hearing Commission) | 0.17 130.00/hr | 22.10 |
| | CSH | Draft letter to Hearing Commission (expulsion hearing status) | 0.75 130.00/hr | 97.50 |
| | JT | Reviewed correspondence regarding expulsion hearing | 0.17 365.00/hr | 62.05 |
| | JT | Discussion with paralegal regarding recently received correspondence on expulsion hearinig | 0.17 365.00/hr | 62.05 |
| 5/15/2007 | CSH | Phone call to parent | 0.17 130.00/hr | 22.10 |
| | CSH | Draft letter to school | 0.75 130.00/hr | 97.50 |
| | JT | Records review and research for expulsion hearing | 1.00 365.00/hr | 365.00 |

Byron Flanagan                                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/15/2007 | JT | Phone call to parent regarding upcoming hearing | 0.17 365.00/hr | 62.05 |
|  | JT | Discussion with paralegal about drafting letter to school regarding expulsion hearing-confirming attendance | 0.17 365.00/hr | 62.05 |
| 5/16/2007 | JT | Records review and research and prep for upcoming expulsion hearing | 2.83 365.00/hr | 1,032.95 |
| 5/17/2007 | JT | Appearance for expulsion hearing at school | 2.00 365.00/hr | 730.00 |
| 5/30/2007 | CSH | Draft letter to school | 0.42 130.00/hr | 54.60 |
|  | JT | Discussion with advocate regarding going to observe studen | 0.50 365.00/hr | 182.50 |
|  | DC | School visit; classroom observation attempt for Byron Flanagan at Cesar Chavez. | 0.50 185.00/hr | 92.50 |
| 6/5/2007 | CSH | Phone call to parent | 0.25 130.00/hr | 32.50 |
| 6/6/2007 | JT | Reviewed correspondence from school | 0.17 365.00/hr | 62.05 |
| 6/7/2007 | JT | Draft letter to school regarding SEP meeting and evaluations | 0.42 365.00/hr | 153.30 |
|  | DC | Phone call to ms Flanagan for Byron Flanagan | 0.33 185.00/hr | 61.05 |
|  | DC | Draft and faxed letter for Byron Flanagan. | 0.50 185.00/hr | 92.50 |
|  | CSH | Asst atty w/ltr to school | 0.33 130.00/hr | 42.90 |
| 6/13/2007 | DC | Records review for Byron Flanagan | 2.00 185.00/hr | 370.00 |
| 6/15/2007 | RN | Discussion with attorney. | 0.67 365.00/hr | 244.55 |
|  | JT | Discussion with RN | 0.50 365.00/hr | 182.50 |
|  | JT | Reviewed the student's file, conduct educational research. | 2.00 365.00/hr | 730.00 |

Byron Flanagan                                                                                      Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/18/2007 | DC | Phone call to to ms flanagan for byron flanagan | 0.42<br>185.00/hr | 77.70 |
| | CSH | Phone call from parent | 0.08<br>130.00/hr | 10.40 |
| 6/19/2007 | JT | Reviewed the student's file in preparation for drafting a complaint/discussed with advocate | 2.00<br>365.00/hr | 730.00 |
| | JT | Team Meeting: Discussion with advocate | 0.33<br>365.00/hr | 120.45 |
| | DC | Phone call to ms flanagan concerning meeting | 0.42<br>185.00/hr | 77.70 |
| | DC | Records review Byron Flanagan and discussion with attorney | 1.00<br>185.00/hr | 185.00 |
| | CSH | Draft letter to school | 0.75<br>130.00/hr | 97.50 |
| 6/20/2007 | DC | Draft letter to parent | 0.42<br>185.00/hr | 77.70 |
| 6/21/2007 | CSH | Asst adv w/ltr | 0.08<br>130.00/hr | 10.40 |
| 6/27/2007 | JT | Reviewed the student's file in prep for complaint | 0.58<br>365.00/hr | 211.70 |
| | CSH | Draft letter to OSE | 0.42<br>130.00/hr | 54.60 |
| 6/28/2007 | CSH | Drafted letter to parent | 0.75<br>130.00/hr | 97.50 |
| | DC | Draft letter to school for byron flanagan | 0.50<br>185.00/hr | 92.50 |
| 6/29/2007 | JT | Prepared and drafted due process hearing request to DCPS | 2.00<br>365.00/hr | 730.00 |
| | DC | Conference with attorney for byron flanagan | 1.00<br>185.00/hr | 185.00 |
| 7/2/2007 | DC | Phone call to ms flanagan for byron flanagan | 0.33<br>185.00/hr | 61.05 |
| 7/12/2007 | DC | Phone call to ms flanagan for byron flanagan | 0.33<br>185.00/hr | 61.05 |

Byron Flanagan                                                                                    Page    5

|            |     |                                                                                    | Hrs/Rate        | Amount  |
|------------|-----|------------------------------------------------------------------------------------|-----------------|---------|
| 7/13/2007  | CSH | Drafted motion to dismiss                                                          | 0.33<br>130.00/hr | 42.90 |
|            | DC  | Reviewed school records received for Byron flanagan.                               | 1.00<br>185.00/hr | 185.00 |
|            | CSH | Drafted letter to parent                                                           | 0.33<br>130.00/hr | 42.90 |
| 7/17/2007  | DC  | Phone call to ms flanagan for Byron flanagan                                       | 0.33<br>185.00/hr | 61.05 |
| 7/25/2007  | DC  | Phone call to ms flanagan concerning byron flanagan behavior and programs for him after summer school. | 0.58<br>185.00/hr | 107.30 |
| 7/26/2007  | CSH | Filing for parent                                                                  | 0.08<br>130.00/hr | 10.40 |
| 7/27/2007  | CSH | Draft letter to parent                                                             | 0.75<br>130.00/hr | 97.50 |
| 7/31/2007  | DC  | Records review for Byron Flanagan                                                  | 2.00<br>185.00/hr | 370.00 |
| 8/3/2007   | DC  | Attended MDT/IEP @ for byron flanagan                                              | 2.83<br>185.00/hr | 523.55 |
|            | DC  | phoned ms flanagan concerning mtg                                                  | 0.50<br>185.00/hr | 92.50 |
|            | DC  | Draft letter to school concerning mtg notification                                | 0.50<br>185.00/hr | 92.50 |
| 8/16/2007  | JT  | Phone call to parent                                                               | 0.17<br>365.00/hr | 62.05 |
| 8/22/2007  | DC  | Phone call to ms flanagan for byron flanagan                                       | 0.50<br>185.00/hr | 92.50 |
| 8/23/2007  | JT  | Reviewed the disclosure                                                            | 1.00<br>365.00/hr | 365.00 |
|            | JT  | Discussion with paralegal                                                          | 0.25<br>365.00/hr | 91.25 |
|            | CSH | Assist attorney prepare disclosure to DCPS                                         | 2.00<br>130.00/hr | 260.00 |
|            | CSH | Asst atty w/motion                                                                 | 0.42<br>130.00/hr | 54.60 |

Byron Flanagan                                                                                         Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/24/2007 CSH | | Draft motion to recuse | 0.67 130.00/hr | 87.10 |
| | CSH | Drafted letter to parent | 0.67 130.00/hr | 87.10 |
| 8/27/2007 DC | | Pre-hearing conference with attorney and parent for Byron Flanagan. | 1.00 185.00/hr | 185.00 |
| | JT | Discussion with parent and advocate in preparation for hearing | 1.00 365.00/hr | 365.00 |
| 8/30/2007 DC | | Appearance at Van Ness ES for due process hearing | 3.00 185.00/hr | 555.00 |
| | JT | Appearance at Van Ness ES for due process hearing | 3.00 365.00/hr | 1,095.00 |
| | JT | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
| | | For professional services rendered | 64.11 | $16,215.85 |
| | | Additional Charges : | | |
| 4/25/2007 | | copied intake documents | | 3.00 |
| 4/26/2007 | | Copied documents | | 34.25 |
| | | Postage; letter to parent | | 0.39 |
| 4/30/2007 | | Faxed request for records and evals. to Cesar Chavez, OGC, OSE | | 24.00 |
| 5/7/2007 | | copied letter to parent | | 0.50 |
| | | copied letter to parent | | 1.25 |
| 5/8/2007 | | Copied; Letter for parent. | | 0.50 |
| | | Postage; Letter to parent. | | 0.39 |
| 5/9/2007 | | Postage; Letter to parent. | | 0.39 |
| 5/10/2007 | | Postage; Letter to parent re: Case status. | | 0.39 |
| 5/14/2007 | | Facsimile; Letter to Cesar Chavez. | | 2.00 |
| 5/15/2007 | | Facsimile; Expulsion Hearing to Cesar Chavez. | | 4.00 |

Byron Flanagan

|  | | Amount |
|---|---|---|
| 5/24/2007 | Facsimile; Letter to Cesar Chavez. | 2.00 |
| 5/30/2007 | Faxed letter of status of eval. to Chavez, OGC, OSE | 6.00 |
| 6/1/2007 | Faxed obs. letter to Cesar Chavez | 2.00 |
| 6/7/2007 | copied letter to parent | 0.75 |
| | Postage;  Letter to parent. | 0.41 |
| | Facsimile; Letter to Cesar Chavez. | 3.00 |
| 6/19/2007 | Faxed letter from Cesar Chavez/OGC/OSE | 9.00 |
| 6/20/2007 | Postage; Letter to parent. | 0.41 |
| | copied letter to parent | 0.50 |
| 6/26/2007 | Faxed authorization form to OSE | 3.00 |
| 6/27/2007 | Faxed letter to Record Dept/Cesar Chavez | 12.00 |
| 6/28/2007 | copied letter to parent | 0.50 |
| | Postage; Letter to parent. | 0.41 |
| | Faxed letter of invitation to Cesar Chavez | 5.00 |
| 6/29/2007 | copied HR | 6.00 |
| | Faxed HR to SHO | 7.00 |
| | Faxed records and eval status to Cesar Chavez/OGC/OSE | 6.00 |
| 7/13/2007 | Postage; letter to parent | 0.41 |
| | Faxed motion for default to SHO/OGC | 6.00 |
| | Faxed letter of invitation to Cesar Chavez | 2.00 |
| | copied letter to parent | 1.00 |
| 7/27/2007 | copied letter to parent | 0.50 |
| | Postage; letter to parent | 0.41 |
| 8/3/2007 | Faxed letter regarding cancelled mtg to Cesar Chavez | 2.00 |
| 8/23/2007 | Faxes; motion to recuse | 12.76 |

Byron Flanagan                                                                    Page     8

|  |  | Amount |
|---|---|---|
| 8/23/2007 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | copied disclosures | 53.00 |
| 8/24/2007 | Postage; ltr | 0.41 |
|  | copied letter to parent | 0.50 |
| 8/28/2007 | Faxes; ltr to sho | 22.00 |
| 8/30/2007 | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $352.91 |
|  | Total amount of this bill | $16,568.76 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 2.26 | 130.00 | $293.80 |
| Clarence S. Hayes, Paralegal | 13.00 | 130.00 | $1,690.00 |
| Diane Crews-Pinkney, Advocate | 19.99 | 185.00 | $3,698.15 |
| Jani S. Tillery, Attorney | 26.69 | 365.00 | $9,741.85 |
| Roxanne Neloms, Attorney | 2.17 | 365.00 | $792.05 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  _Byron Flanagan_ Date of Birth: May 2, 1993

Address:  _3672 Hayes Street, Apt 102, NE., Washington D.C.  20019_

Present School of Attendance:  __Cesar Chavez Public Charter School__

Parent/Guardian of the Student:   Ms. Tamara Flanagan

**B.**    **Legal Representative/Attorney (if applicable):**

Name:   Jani S. Tillery, Esq.

Address:   1220 L Street, NW, Suite 700, Washington, DC 20005

Phone: (w)  202-742-2000  (Fax)  202-742-2097   (e-mail)

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X** DCPS
☐ Charter school (name of the charter school if different from page one)
☐ Non-public school or residential treatment facility (name)
☐ Parent

**D.**    **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

**F.**    **Facts and Reasons for the Complaint:**

### I. Background Information

1. The student's name is Byron Flanagan (hereinafter "Student" or "B.F.").

2. The student's date of birth is May 2, 1993.

3. The student's address is 3672 Hayes Street, NE, Apt 102 Washington, D.C. 20019

4.  The student currently attends Cesar Chavez Public Charter School in the District of Columbia.

5.  The student is not currently receiving specialized services.

6.  The student was below level in all his advisories and ultimately retained in 5th grade in 2003-2004 year.

7.  During the student's second time in 5th grade he received special education services based on an IEP. However, he was still below level in reading on his 5th grade report card for the 2004-2005 school year.

8.  On May 26, 2005, a Teacher Assistance Team Referral Form (TAT) was conducted. In that meeting it was determined that B.F. had met all his objective set forth in his IEP and therefore special education services were not needed. The team determined that B.F. "could benefit from counseling during his transition into regular education setting…"

9.  The student received poor grades in 6th grade specifically, receiving failing grades in mathematics and reading. In addition the student exhibited poor behavior in class. It should be noted that the teachers' comments stated that he is frequently out of his seat, and has disruptive behavior in class.

10. According to B.F's suspension notices, on February 2, 2006, the student was suspended until February 6, 2006.

11. According to B.F. suspension notices, on February 7, 2006, the student was suspended until February 12, 2006.

12. The student was retained in 6th grade for the 2006-2007 school year.

13. On April 30, 2007, the school proposed expulsion for B.F. for carrying a knife to school, however he was not expelled.

14. The student has been retained again for the 2007-2008 school year.

## II. Issues presented.

**DCPS failed to identify the student as a student eligible for special education pursuant to the "child find" provisions of IDEIA.**

Pursuant to 34 C.F.R. § 300.111, DCPS as the local and state education agency,

shall ensure all children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the State, and children with disabilities attending private schools, regardless of the severity of their disability, and who are in need of special education and related services, are identified, located and, evaluated.

The child find obligation is affirmative, and DCPS is not relieved of its duty by the parents' failure to request an identification or evaluation. *Lincoln County Sch. Dist. .A .A.*, 39 IDELR 185 (D.Or. 2003). *Wise vs. Ohio Dept of Education*, 80 F.3d. 177, 181 (6th Cir. 1996); *Robertson County School System vs. King*, 24 IDELR 1036 (6th Cir. 1996) (affirmative obligation on states and local school districts—not parents-to identify, locate and evaluate all children, including migrants and the homeless, with disabilities residing within the jurisdiction who have disabilities and are in need of special education or related services.) DCPS' unawareness of a student's possible disability and need for special education likewise will not relieve it of its obligation, if it should have suspected the student might have such a disability. *Reid vs. District of Columbia*, 310 F. Supp 2d 137 (D.D.C. 2004); 30 DCMR Sec. 3004.1(a) (child with a suspected disability to be referred to IEP team by school staff.) The regulation at 34 C.F.R. 300.111 restate the statutory requirement and make it applicable to all children who are "suspected of being a child with a disability under Section 300.8 and in need of special education, even though they are advancing from grade to grade." The IDEIA's sweeping child find requirement applies to all children residing in the District of Columbia regardless of:

(a) The severity of the disability.
(b) Whether the child is in the custody or under the jurisdiction of any public or private agency or institution.
(c) Whether the child has never attended or will  never attend public school;
(d) Whether the District of Columbia serves infants and toddlers under Part C or preschool children under Part B.

Here, DCPS failed to comply with its **affirmative obligation** to identify, locate and evaluate the student pursuant to the "child find" requirements of IDEIA.    As a result of the failure to timely evaluate this student continues to struggle academically and student has been denied a Free and Appropriate Public Education ("FAPE"). See *School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts*, 471 U.S. 359 (1985); *Diatta v. District of Columbia* 319 F. Supp.2d 57, 65 D.D.C. *2004 Kerkam I*, 862 F.2d 84 (D.C. Cir. 1991).

In this case, the student has been retained in the 5th grade and now twice in the 6th grade. Although he has been suspended several times, almost expelled and received failing grades this entire school year, DCPS has failed to comply with the "child find" statute. As a result, the student continues to be denied a Free and Appropriate Public Education.

### III.    Relief Sought.

1. A finding that DCPS failed to comply with its child find obligations and determine the student's eligibility for special education and its related services, thereby resulting in a denial of FAPE to this student.

2. DCPS shall fund an independent psycho-educational, clinical psychological, social history, and functional behavior assessment and any other assessments recommended by the evaluators.

3. DCPS shall within ten (10) business days of receipt of the last evaluation, convene an MDT meeting to review the evaluations, determine eligibility and if eligible, develop an appropriate IEP consistent with the evaluations, determine an appropriate placement for the student where the IEP may be implemented, and discuss developing a compensatory education plan if warranted.

4. That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child.

5. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

6. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through Jani S. Tillery, Esq., via facsimile, at 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.


7.  In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

8. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

9. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

10. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

11. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

12. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

13. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

14. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that the student's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

15. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    **Signature:**

Legal Representative / Advocate (if applicable)                Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

7

# Exhibit Q

# Invoices Denied

## James E. Brown & Associates, PLLC

| OGC Control | Date Received | Student First Name | Student Last Name | HOD Date | Type of Invoice | Attorney Invoice | Invoiced Amount | Date Process | Denial Reason | Prior HOD |
|---|---|---|---|---|---|---|---|---|---|---|
| 7385 | 7/31/2007 | Cole | | 7/16/2007 | HOD | 07-218 | $7,008.23 | 8/16/2007 | No Substantive Relief | |
| 7387 | 7/31/2007 | Davis | | 7/16/2007 | HOD | 07-220 | $6,421.16 | 8/16/2007 | No Substantive Change from Prior HOD | 9/7/2006 |
| 7391 | 7/31/2007 | Hickson | | 7/12/2007 | HOD | 07-224 | $5,435.11 | 8/16/2007 | No Substantive Change from Prior HOD | 3/20/2007 |
| 7393 | 7/31/2007 | Lawson | | 7/12/2007 | HOD | 07-226 | $12,401.92 | 8/16/2007 | No Prevailing Party | |
| 7394 | 7/31/2007 | Lee | | 7/9/2007 | HOD | 07-227 | $18,201.88 | 8/16/2007 | No Substantive Relief | |
| 7398 | 7/31/2007 | Porter | | 7/18/2007 | HOD | 07-231 | $2,000.38 | 8/16/2007 | No Substantive Change from Prior HOD | 8/10/2006 |
| • 7311 | 7/31/2007 | Elvis | | 7/26/2007 | HOD | 07-244 | $10,179.71 | 8/16/2007 | No FAPE Denial | |

# Invoices Denied

## James E. Brown & Associates, PLLC

| OGC Control | Date Received | Student First Name | Student Last Name | HOD Date | Type of Invoice | Attorney Invoice | Invoiced Amount | Date Processe | Denial Reason | Prior HOD |
|---|---|---|---|---|---|---|---|---|---|---|
| 7356 | 8/16/2007 | | Mafuz | 7/31/2007 | HOD | 07-264 | $6,288.88 | | No FAPE Denial | |
| 7357 | 8/16/2007 | | Rowe | 8/5/2007 | HOD | 07-265 | $20,734.34 | | No FAPE Denial | |
| 7354 | 9/17/2007 | | Johnson | 8/31/2007 | HOD | 07-297 | $10,804.24 | | No FAPE Denial | |
| 7355 | 9/17/2007 | | Martin | 8/30/2007 | HOD | 07-298 | $9,276.59 | | No FAPE Denial | |
| 7326 | 9/17/2007 | | Peterson | 9/4/2007 | HOD | 07-299 | $11,264.09 | | No FAPE Denial | |
| 7359 | 9/17/2007 | | Yancey | 8/31/2007 | HOD | 07-302 | $6,126.52 | | No Substantive Change from Prior HOD | 5/31/2007 |
| 7332 | 9/17/2007 | | Williams | 9/13/2007 | HOD | 07-305 | $4,598.20 | | No Substantive Change from Prior HOD | |
| 7333 | 9/17/2007 | | Williams | 9/9/2007 | HOD | 07-306 | $6,175.58 | | No FAPE Denial | 6/28/2007 |
| 7334 | 9/17/2007 | | Flanagan | 9/11/2007 | HOD | 07-307 | $16,568.76 | | No FAPE Denial | |